UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON          )
JIMENEZ,                        )
    Petitioner,                 )
                        )
v.                              )   C.A. No. 18-10225-MLW
                        )
KIRSTJEN M. NIELSEN, ET AL.,    )
    Respondents.                )

MEMORANDUM AND ORDER

WOLF, D.J.                                    February 7, 2018

Pursuant to 28 U.S.C. §2241, petitioner Lilian Pahola Calderon Jimenez seeks immediate release from detention by United States Immigration and Customs Enforcement ("ICE") and a stay of her removal from the United States until the issues concerning whether she should be allowed to remain in the United States permanently are finally determined. Therefore, "unless the court orders otherwise," there are limits to remote access to electronic filings in this case imposed by Federal Rule of Civil Procedure 5.2(c).

Under Rule 5.2(c)(1) the parties and their attorneys have remote electronic access to the complete record of the case. However, under Rule 5.2(c)(2), "[r]emote electronic access by non-parties is limited to the docket and the written dispositions of the court unless the court orders otherwise." Fed. R. Civ. P. 5.2, Advisory Committee Note to 2007 Amendment. Therefore, absent a

court order, non-parties are required to come to the courthouse to obtain access to the full record.  Id.

As the First Circuit has written:

> In Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978), the Supreme Court acknowledged that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Id. at 597 (footnotes omitted). The privilege extends, in the first instance, to "materials on which a court relies in determining the litigants' substantive rights." Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir. 1986).

F.T.C. v. Standard Financial Management, 830 F.2d 404, 408 (1st Cir. 1987).  The First Circuit explained:

> Public access to judicial records and documents allows the citizenry to "monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." In the Matter of Continental Illinois Securities Litigation, 732 F.2d 1302, 1308 (7th Cir. 1984). The appropriateness of making court files accessible is accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch.

Id. at 410.

Widespread public interest in this case, which was filed on February 5, 2018, is already manifest in articles in the national media, and in Rhode Island and Maine as well.[1]  In addition,

_____

[1] See, e.g., Christine Powell, Guatemalan Mom's Removal Barred During Detention Dispute, Law360.com (Feb. 6, 2018), available at https://www.law360.com/articles/1009773/guatemalan-mom-s-removal-barred-during-detention-dispute; Jennifer McDermott, Federal Judge Blocks Removal of Foreign Born Mother of 2 Young Children, Portland Press Herald (Feb. 6, 2018), available at

petitioner's lawyers from the American Civil Liberties Union of Massachusetts (the "ACLUM") have made her petition and one but not both of the court's orders available on its website. See ACLUM, ACLU Sues to Release Mother of Two from ICE Detention, ACLUM.org, available at https://aclum.org/uncategorized/aclu-sues-release-mother-two-ice-detention/. The foregoing documents are not sealed.

In view of the presumption of public access to documents on which judicial decisions are based, the heightened importance of making court files accessible where the government is a party, and the difficulty that some evidently interested individuals and organizations would have in coming to the courthouse in Boston, Massachusetts to obtain access to the record of this case, the court finds that it is appropriate to authorize all persons to have remote electronic access to the full record of this case, subject to appropriate redactions.

Accordingly, it is hereby ORDERED that:

1. The parties and their attorneys shall have remote electronic access to any part of the file in this case, including the administrative record. See Fed. R. Civ. P. 5.2(c)(1).

---

https://www.pressherald.com/2018/02/06/federal-judge-blocks-removal-of-foreign-born-mother-of-two/; G. Wayne Miller, Supporters Call for Humanitarian Release of R.I. Woman Held by ICE, Providence Journal (Jan. 30, 2018), available at http://www.providencejournal.com/news/20180130/supporters-call-for-humanitarian-release-of-ri-woman-held-by-ice.

2.   Any other person shall have remote electronic access to: (a) the docket in this case, see Fed. R. Civ. P. 5.2(c)(2)(A); (b) each opinion, order or judgment of the court, see Fed. R. Civ. P. 5.2(c)(2)(B); and (c) the public record of this case.

3.   If a submission includes information that a party believes should not be part of the public record, see, e.g., Fed. R. Civ. P. 5.2(a) and United States v. Kravetz, 706 F.3d 47, 61-64 (1st Cir. 2013), it may file the submission under seal with a motion to seal and a redacted version for the public record. See Fed. R. Civ. P. 5.2(d); Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts.

4.   Any motion for reconsideration of this Order shall be filed by February 12, 2018.


UNITED STATES DISTRICT JUDGE

4