UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON          )
JIMENEZ,                         )
    Petitioner,              )
                                 )
v.                               )     C.A. No. 18-10225-MLW
                                 )
KIRSTJEN M. NIELSEN, ET AL.,     )
    Respondents.             )

MEMORANDUM AND ORDER

WOLF, D.J.                                    February 15, 2018

On February 5, 2018, petitioner Lilian Pahola Calderon Jimenez brought this case, pursuant to 28 U.S.C. §2241, to challenge, among other things, her detention after being arrested at a United States Citizenship and Immigration Services ("CIS") office, by United States Immigration and Customs Enforcement ("ICE") officers, while she was in the process of seeking to become a permanent resident by virtue of her marriage to a United States citizen. As more fully explained below, the court ordered that the parties confer in an effort to resolve this matter, and established an expedited briefing schedule leading to a February 21, 2018 hearing if they could not reach an agreement. After the parties reported on February 12, 2018 that it would be necessary to litigate, on February 13, 2018 the court ordered respondents to provide petitioner certain information at 10:00 a.m. on February 14, 2018, as the memorandum in support of the petition was due later that day.

In the evening of February 13, 2018, respondents filed a motion to extend the deadline to respond to the February 13, 2018 Order. The Motion was filed before respondents' counsel conferred with petitioner's counsel as required by Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts. The Motion stated that the petitioner has been released from detention and that respondents expect to file a motion to dismiss the petition. The Motion indicated that respondents nevertheless assumed that petitioner would be required to address all of the implications of her release for her petition in the memorandum previously ordered to be filed on February 14, 2018. The court found that it would be unreasonable to do so.

Therefore, the court relieved the parties of the deadlines for filings established by the February 6, 2018 Order and the February 13, 2018 Order. See Feb. 14, 2018 Order. The court stated that this further Order would issue.

Calderon's release before a hearing previously scheduled for February 21, 2018 is part of a pattern that has emerged in related cases assigned to the court. In March 2017, Leandro Arriaga Gil was one of five undocumented aliens arrested by ICE at a CIS office while seeking permanent resident status by virtue of their marriages to United States citizens, among other things. Arriaga's petition pursuant to 28 U.S.C. §2241 challenged ICE's assertion that it had the unreviewable authority to detain an alien subject

to a final order of removal, issued many years before, without any duty to make an individualized determination concerning whether the alien should be released, including released on certain conditions, while challenging his or her removal and seeking authorization to remain in the United States with his or her American spouse and, often, children.

After hearing argument on May 5, 2017, the court expressed its inclination to decide that there was a reasonable likelihood that Arriaga would prove that he was entitled to a bail hearing, and to issue a temporary restraining order requiring his release while his motion for a preliminary injunction was being litigated. See Arriaga Gil v. Tomkins, C.A. No. 17-10743, May 5, 2017 Transcript (Docket No. 28) at 60-61, 75-76. However, during a break in the hearing, before the court issued its decision, ICE agreed to release Arriaga and also to stay his deportation until the legal process for determining whether he would be allowed to stay in the United States and become a lawful permanent resident was completed. Id. at 81; Stipulation of Settlement (Docket No. 24-1 in Arriaga).[1] Accordingly, Arriaga's case was dismissed.

---

[1] See also M. Valencia, "Immigration Officials Agree to Release Lawrence Immigrant who was Detained without Bail," Boston Globe (May 6, 2017)("In a sudden reversal, federal authorities agreed Friday to free a national of the Dominican Republic who was arrested by immigration authorities in March at a government office in Lawrence while filing paperwork to become a legal US resident. The decision was made as US District Judge Mark L. Wolf suggested he was willing to overrule immigration authorities and order the

The court has not been informed of whether the four similarly situated aliens who were arrested by ICE on the same day as Arriaga, but did not file petitions under §2241 (at least in the District of Massachusetts), ever received an individualized determination of whether they should be released or whether they, like Arriaga, should be provided an opportunity to attempt to obtain permanent resident status as the spouse of a United States citizen. In addition, the government did not, in its Stipulation of Settlement with Arriaga, disclaim its position that it is lawful, after the 90-day removal period specified in 8 U.S.C. §1231(a)(1), to detain an alien subject to a final order of deportation without following the procedures set forth in federal regulations. See 8 C.F.R. §241.4.

On January 26, 2018, Fabiano Mateus de Oliveira filed a petition in this District Court alleging that he was, like Arriaga, arrested by ICE at a CIS office while attempting to obtain permanent resident status based on his marriage to a United States citizen. See De Oliveira v. Moniz et al., C.A. No. 18-10150, Docket No. 1. This court ordered a briefing schedule. On February 12, 2018, the parties stipulated to dismissal of the case. The

---

man's release or order that he be entitled to a bond hearing, saying the man was deprived of due process rights when he was arrested and detained for close to 40 days.").

media reported that ICE had agreed to release de Oliveira. See A. Planas, "Brazilian Still Set on Getting Green Card After Being Detained," Boston Herald (Feb. 13, 2018).

Like Arriaga and de Oliveira, Calderon was arrested by ICE while at a CIS office for an appointment concerning her effort to become a permanent resident based on her marriage to a United States citizen. She alleges that at least three other aliens similarly seeking permanent resident status as spouses of United States citizens were also arrested by ICE at a CIS office in January 2018. In her §2241 petition, Calderon seeks an individualized determination concerning whether she should be released and other relief, including an order that she shall not be removed from the United States until the legal process to determine whether she should be allowed to become a permanent resident is complete. The court ordered that the parties confer concerning whether they could reach an agreement to resolve this case. See Feb. 6, 2018 Order (Docket No. 6). It also established a schedule for expedited briefing on February 14 and 16, 2018, leading to a February 21, 2018 hearing if they could not agree. Id.

On February 12, 2018, the parties reported that they had not agreed on a settlement. On February 13, 2018, the court issued an Order requiring that respondents disclose, by 10:00 a.m. on February 14, 2018: "(a) the official who made the decision that

[Calderon] should be detained; (b) the legal basis for the decision, including whether ICE considered her detention mandatory or discretionary; and, if it was a discretionary decision, (c) the procedures followed in reaching it and the individualized reasons for it, if any." Feb. 13, 2018 Order (Docket No. 14).   In the evening of February 13, 2018, respondents reported that Calderon had been released, stated that they expect to file a motion to dismiss the petition, and requested an extension of time to respond to the February 13, 2018 Order.[2]   The court has not been informed of the procedures that led to Calderon's release, the reasons for it, or whether ICE asserts that it had lawfully detained Calderon and has the authority to do so again in the same manner.   Nor has the court been advised of the status of the aliens alleged to be similarly situated to Calderon, other than de Oliveira, who were also arrested at a CIS office in January 2018. See Petition at ¶40.

Although the Arriaga and de Oliveira cases were settled and dismissed by agreement of the parties, there is not a similar agreement in this case.   As respondents plan to file a motion to dismiss, the court notes that Calderon's release may not necessarily moot her claims concerning detention or her other claims.   See, e.g., Kingdomware Techs, Inc. v. United States, 136

---

[2] Respondents represented that the decision to release Calderon was made prior to the February 13, 2018 Order.

S. Ct. 1969, 1976 (2016) ("[T]his Court's precedents recognize an exception to the mootness doctrine for a controversy that is 'capable of repetition, yet evading review.'") (citation omitted); Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) ("A defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.") (citation omitted); United States v. W.T. Grant Co., 345 U.S. 629, 632-33 & n.5 (1953) ("It is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is probability of resumption."); Rosales-Garcia v. Holland, 322 F.3d 386, 395-97 (6th Cir. 2003) (release from immigration detention did not moot habeas petitioner's claims where government could, and made no promise that it would not, again revoke parole; in addition, because the government could release petitioner at any time once he was detained, "such detention can always evade review"); Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1173-74 (9th Cir. 2002) (finding challenged action "capable of repetition, yet evading review" where government "exhibit[ed] a pattern" of taking the actions requested by individual plaintiffs "shortly after suit is commenced" without conceding the illegality of the challenge

practice); A. Wright & A. Miller, 13C Fed. Prac. & Proc. Juris.,
§§3533.7, 3533.8 (3d ed.)(discussing these principles).

It is now important that certain relevant information be
provided to Calderon and the court, that the parties confer again,
and that any issue of mootness, among others, be properly briefed.

Accordingly, it is hereby ORDERED that:

1.  Respondents shall, by 12:00 noon on February 21, 2018,
file an affidavit from an ICE representative describing: (a) the
official who made the original decision that Calderon should be
detained; (b) the legal basis for the decision, including whether
ICE considered her detention mandatory or discretionary; (c) the
procedures followed in reaching the decision and, if any, the
individualized reasons for it; (d) the official who decided that
Calderon should be released; (e) the reason(s) for her release;
(f) the reason(s) why she was released on February 13, 2018, rather
than sooner or later; (g) whether respondents assert that they
had, and still have, the authority to detain Calderon without an
individualized determination of dangerousness and risk of flight;
(h) whether Calderon has been released for a defined period of
time and, therefore, may be detained again; (i) whether any
individuals other than Calderon and de Oliveira were arrested while
taking steps to seek permanent residency at a Massachusetts or
Rhode Island CIS office in January 2018; (j) if so, whether any of
those individuals have received individualized determinations of

dangerousness and risk of flight without filing petitions under §2241; and (k) whether any of them have also been released.

2.    The parties shall confer and, by 12:00 noon on February 23, 2018, report, jointly if possible, concerning: (a) whether they have reached an agreement to resolve this case; (b) the issues to be litigated, including but not limited to whether Calderon's release moots the issue of ICE's authority to detain her; and (c) a proposed schedule for briefing the issues identified.

UNITED STATES DISTRICT JUDGE