**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 18-cv-10225-MLW |
| ) | |
| KIRSTJEN M. NIELSEN, et al. ) | |
| ) | |
| Respondents. ) | |

## JOINT STATUS REPORT

1. On February 15, 2018, this Court entered an Order (Doc. 17) requiring the Respondents, by 12:00 pm on February 23, 2018, to report, jointly if possible, concerning:

    a. Whether they have reached an agreement to resolve this case;

    b. The issues to be litigated, including but not limited to whether Calderon's release moots the issue of ICE's authority to detain her; and

    c. A proposed schedule for briefing the issues identified.

2. The parties have conferred and report that they have not reached an agreement to resolve this case.

3. The parties have conferred and identified the following issues to be litigated. Respondents expect to present the following positions in their brief, to which Petitioner will respond in her brief:

    a. Whether Petitioner's release from detention moots her claims asserted in Counts 1-5 of the Petition.

      i. **Respondents' Position:** Petitioner's release from custody renders her Petition for Writ of Habeas Corpus moot as she has been granted the relief that she seeks and no exception to the mootness doctrine applies.

b. Whether 8 U.S.C. § 1252(g) and 8 U.S.C. § 1226(e) require dismissal of the Petition.

      i. **Respondents' Position:** This Court lacks jurisdiction to hear Petitioner's claims because 8 U.S.C. § 1252(g), which states in a Petition for Writ of Habeas Corpus under section 2241 of title 28, "or any other habeas corpus provision . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by [DHS] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act," precludes this Court from reviewing ICE's decision to execute Petitioner's removal order. 8 U.S.C. § 1252(g). Further, 8 U.S.C. § 1226(e), which states "no court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole," precludes this Court from setting aside ICE's decision to give Petitioner a temporary stay of three months. 8 U.S.C. § 1226(e).

c. Whether Petitioner was detained in violation of the Constitution or the laws or treaties of the United States.

       i. **Respondent's Position:** Petitioner's detention was lawful under 8 U.S.C. § 1231(a)(6) because she was ordered removed in 1999 and is inadmissible as an alien present in the United States without having been admitted or paroled. Petitioner's detention did not violate her due process rights because she received adequate process through the availability and adjudication of her Form I-246, Request for Administrative Stay. Petitioner was not entitled to the procedures in 8 C.F.R. § 241.4 because those procedures do not apply to aliens similarly-situated to Petitioner, who were not in custody at the expiration of the 90 day removal period.

   d. Whether Petitioner's removal would be unlawful under the Constitution or laws or treaties of the United States.

       i. **Respondents' Position:** Petitioner is subject to removal pursuant to her 2002 removal order. Any relief sought through U.S. Citizenship and Immigration Services (USCIS) is independent of ICE's authority to remove Petitioner from the United States. Petitioner does not have a fundamental right to adjudicate her Form I-601(a), Application for Waiver of Grounds of Inadmissibility waiver in the United States as made clear by 8 C.F.R. § 212.7 and the availability of the I-601 waiver abroad.

4. The parties propose the following briefing schedule:

   a. Respondents will move to dismiss or otherwise respond to the Petition by March 27, 2018.

      b. Petitioner may submit a response by April 10, 2018.

      c. Respondents may file a reply by April 20, 2018.

      d. The parties are available for a hearing during the week of April 30, 2018 or on a date convenient for the Court.

5. Petitioner interprets this Court's February 6, 2018 order to prevent Petitioner's removal from the United States until this litigation is resolved, or until further order of this Court. In addition, Immigration and Customs Enforcement has stayed Petitioner's removal through May 12, 2018. Petitioner may deem it necessary to file a motion for preliminary injunction at some time prior to its April 10, 2018 briefing deadline.

Respectfully submitted,

| *Counsel for Respondents* | *Counsel for the Petitioner* |
|---|---|
| CHAD READLER<br>Acting Assistant Attorney General | /s/ Adriana Lafaille (by MLL)<br>Matthew R. Segal (BBO # 654489)<br>Adriana Lafaille (BBO # 680210)<br>American Civil Liberties Union<br>Foundation of Massachusetts, Inc.<br>211 Congress Street<br>Boston, MA 02110<br>(617) 482-3170 |
| WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation | |
| Elianis N. Perez<br>Assistant Director | |
| Sarah L. Vuong<br>Senior Litigation Counsel | |

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov


/s/ Eve A. Piemonte  (by MLL)
Eve A. Piemonte (BBO # 628883)
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 920
Boston, MA  02210
(617) 748-3100
Eve.Piemonte@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: February 23, 2018

/s/ Mary L. Larakers  
Mary L. Larakers  
Trial Attorney