# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON
JIMENEZ,
     *Petitioner,*

v.

KIRSTJEN M. NIELSEN, *et. al..*
     *Respondents.*

Civil  Action No. 1:18-cv-10225-MLW

**RESPONDENTS' OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS, MOTION TO DISMISS, AND MEMORANDUM IN SUPPORT THEREOF**

# TABLE OF CONTENTS

I.  INTRODUCTION.........................................................................................1

II. STATEMENT OF THE FACTS ...............................................................3

III. ARGUMENT .............................................................................................4

    A. This Court lacks subject matter jurisdiction over Calderon's Petition because there is no live case or controversy. ............................................................................4

    B. Section 1252 of Title 8 requires dismissal of this Petition. ...................................5

    C. Calderon's Petition does not establish that her removal would be unlawful under the INA and applicable regulations. ...................................................................8

    D. Petitioner does not have a due process right to remain in the United States while her unlawful presence waiver is adjudicated. .......................................................9

    E. Calderon's Petition does not establish that she was detained in violation of the Constitution or the laws or treaties of the United States. ...................................11

        i.  Petitioner's detention was lawful under 8 U.S.C. § 1231(a)(6) and Supreme Court Precedent. ................................................................................11

        ii. Petitioner's claim under the Administrative Procedure Act is barred by section 1252(g) and because ICE has not engaged in any rulemaking......14

IV. CONCLUSION .........................................................................................14

## I.      INTRODUCTION

Petitioner, Lilian Pahola Calderon Jimenez ("Calderon" or "Petitioner"), is a citizen of Guatamala who has been subject to a final order of removal from the United States since 2002 as a result of her failure to voluntarily depart the United States. *See* ECF No. 1 ("Pet."), at ¶¶ 14-16. On January 17, 2018, Petitioner was detained by Immigration and Customs Enforcement ("ICE") pursuant to this final order of removal and because she is inadmissible as an alien present in the United States without being admitted or paroled. Exhibit A, (Declaration of Todd M. Lyons) at ¶ 5; 8 U.S.C. § 1182(a)(6)(A)(i). On January 30, 2018, Petitioner filed a Form I-246, Application for a Stay of Deportation or Removal, with ICE requesting an administrative stay of removal. Ex. A at ¶ 8. On February 12, 2018, ICE granted Petitioner's stay of removal for three months and released her from custody on February 13, 2018. *Id.* at ¶ 9, 11.

Calderon brings this action seeking release from detention and to enjoin her removal from the United States. However, due to her release from detention and approved Form I-246, her claims seeking release from detention are now moot, as no live case or controversy exists to confer jurisdiction on this Court. Moreover, the First Circuit has routinely held that 8 U.S.C. § 1252(g) bars jurisdiction to consider habeas petitions challenging DHS's authority to execute removal orders. The provision states that, in a Petition for Writ of Habeas Corpus under section 2241 of title 28, "or any other habeas corpus provision . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by [DHS] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act." 8 U.S.C. § 1252(g). Thus, the claims in Calderon's Petition seeking to enjoin her removal from the United States are precluded by 8 U.S.C. § 1252(g), and the Court has no jurisdiction to consider these claims.

2

Additionally, Petitioner's argument that her detention deprived her of procedural due process is without merit. As an inadmissible alien present in the United States without having been admitted or paroled, Petitioner received adequate process through the availability, adjudication, and approval of her Form I-246. [1] And Petitioner has no due process right to remain in the United States while awaiting adjudication of her unlawful presence waiver. The unlawful presence waiver is not a stay of removal; therefore, Petitioner does not have a legitimate expectation of entitlement to remain in the United States while the waiver is adjudicated.

Moreover, Petitioner's detention was also presumptively lawful and reasonable under the Supreme Court's decision in *Zadvydas* because she was detained for less than six months, and Petitioner cannot show that there is no significant likelihood of removal in the reasonable foreseeable future. Similarly, because ICE released Petitioner, she is not entitled to the procedures in 8 C.F.R. § 241.4(d), (f), (h), and (k) because those procedures do not apply to aliens like Petitioner, who are not in immigration custody at the expiration of the 90 day removal period. Lastly, Petitioner's attempt to challenge her detention and removal under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq.*, is without merit because such an action is barred

---

[1] Additionally, Petitioner received adequate procedural due process while in removal proceedings. In 1999, Petitioner was ordered removed by an immigration judge after opportunity for a full hearing. *See Pet.*, Ex. 1 at ¶ 3-4. Additionally, her removal order was reviewed *de novo* in 2002 and affirmed by the Board of Immigration Appeals, who gave her an opportunity to voluntarily depart. *See id.* Petitioner's father later filed a motion to reopen before the Board of Immigration Appeals ("BIA"), on Petitioner's behalf, which was denied in 2008. *Id.* at ¶ 8. Apart from her removal proceedings, Petitioner applied for The Deferred Action for Childhood Arrivals ("DACA") in 2016 and was denied after being given an opportunity to submit additional evidence. *See id.* at ¶ 12; Ex. A at ¶ 9. Petitioner may still challenge her final order of removal via a Motion to Reopen with the BIA, and then a Petition for Review with the appropriate Court of Appeals if that Motion to Reopen is denied. 8 C.F.R. § 1003.23(b)(4)(i); *Kucana v. Holder*, 558 U.S. 233 (2010). Separate from this relief, she may also request an additional administrative stay of removal from ICE. *See* 8 C.F.R. § 241.6.

by section 1252(g) (prohibiting courts from hearing claims challenging ICE's authority to execute removal orders). For these reasons, this Court should dismiss the Petition in its entirety.

## II.    STATEMENT OF THE FACTS

Calderon is a citizen of Guatamala who entered the United States without inspection in 1991. Pet. at ¶ 14. In 1999, an immigration judge denied Petitioner's father's application for asylum, which she was a derivative on. *Id.* The Board of Immigration Appeals ("BIA") affirmed the immigration judge's order in 2002 and gave the family thirty days to voluntarily depart. *Id.* at ¶ 16. When Petitioner and her family did not depart as ordered, their voluntarily departure automatically converted to a final order of removal, which Petitioner remains subject to. *Id.*; *see* 8 C.F.R. § 1241.1(f).

Petitioner is the beneficiary of an approved Form I-130, Petition for Alien Relative, filed on her behalf by her U.S. Citizen husband. Pet., Ex. 5. On January 17, 2018, after Petitioner and her husband were interviewed in connection with the Form I-130, ICE took Petitioner into custody to execute her 2002 removal order. *Id.* at ¶ 32-33. Petitioner filed a Form I-246, Application for Stay of Deportation or Removal, with ICE on January 30, 2018. Exhibit A at ¶ 8. Petitioner filed the instant Petition for Writ of Habeas Corpus on February 5, 2018, seeking to enjoin her removal and detention. Pet. at ¶ 1. The next day, this Court set a briefing schedule and ordered that Petitioner not be removed from Massachusetts while the Petition is pending.[2] ECF No. 6. On February 13, 2018, ICE granted Petitioner's Form I-246 thereby staying her removal for three months and releasing her without conditions. *Id.*

---

[2] Although this habeas petition was filed in Massachusetts, Petitioner currently resides in Rhode Island, not in Massachusetts. Upon her release from detention in Massachusetts, she presumptively returned to Rhode Island.

On February 27, 2018, this Court adopted the parties' briefing schedule and ordered Respondents to file a motion to dismiss, by March 27, 2018. ECF No. 21 at ¶ 1.

## III.   ARGUMENT

### A.   This Court lacks subject matter jurisdiction over Calderon's Petition because there is no live case or controversy.

A federal court's jurisdiction is limited to cases and controversies. U.S. Const. art. III, § 2, cl. 1. At all stages in the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). "Even if an actual case or controversy exists at the inception of litigation, a case may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief." *Main School Administration District No. 35 v. Mr. R.,* 321 F.3d 9, 17 (1st Cir. 2003). In the immigration context, a habeas petition is moot once the Petitioner is released because it eliminates the possibility of the District Court granting any relief. *Omondiagbe v. McDonald,* No. 13-11182-MBB, 2014 WL 1413560 at *2 (D. Mass. April 10, 2014); *see also Hernandez v. Gonzales,* 424 F.3d 42 (1st Cir. 2005) (finding the district court lacks subject matter jurisdiction to consider immigration matters other than "challenges to detention that are independent of challenges to removal orders"). *C.f. Leitao v. Reno*, 311 F.3d 453, 455 (1st Cir. 2002) (remanding to the district court to assess "collateral consequences of the underlying proceeding" prior to the REAL ID Act which clearly stripped district courts of jurisdiction).[3]

---

[3] The First Circuit's decision in *Leitao*, decided prior to the REAL ID Act, was predicated on the belief that the District Court had jurisdiction to decide whether the alien was eligible for a discretionary waiver. *Leitao,* 311 F.3d at 455. Since then, Congress has clarified that the District Court is without jurisdiction to consider such a claim and other habeas petitions that challenge an underlying removal order. 8 U.S.C. § 1252(b)(9); *Hernandez,* 424 F.3d at 42. Therefore, the

Because ICE released Petitioner on February 13, 2018, her habeas petition is now moot. *See Leitao v. Reno,* 311 F.3d 453, 455 (1st Cir. 2002). Additionally, because Petitioner's detention stemmed from her lawful final removal order, her request that this Court declare any *future* detention unlawful is, in fact, an inappropriate challenge to her removal order, which this Court is without jurisdiction to hear. *See Hernandez,* 424 F.3d at 42. ICE released Petitioner pursuant to an administrative stay of removal for three months and Petitioner can apply for another stay of removal at the expiration of that time period. Exhibit A at ¶ 11. Thus, because Petitioner is not in immigration custody her habeas petition is moot. *See Mr. R.,* 321 F.3d at 17.

**B.  Section 1252 of Title 8 requires dismissal of this Petition.**

The claims in Calderon's Petition seeking to enjoin her removal from the United States are precluded by 8 U.S.C. § 1252(g). Congress enacted the REAL ID Act in 2005. *See* Pub. L. No. 119-13, Div. B, 119 Stat. 302 (May 11, 2005). The REAL ID Act added jurisdiction-stripping provisions to the Immigration and Nationality Act which spoke directly to the availability of habeas corpus relief for aliens. *See Ishak v. Gonzales,* 422 F.3d 22, 29 (1st Cir. 2005). Importantly, the REAL ID Act amended 8 U.S.C. § 1252(g) to make it clear that it "definitively eliminated any provision for [habeas] jurisdiction." *Id.* As amended by the REAL ID Act, 8 U.S.C. § 1252(g), provides:

> Except as provided in this section and notwithstanding any other provision of law, *(statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title*, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

---

collateral consequences analysis in *Leitao* has no bearing on whether Calderon's petition is now moot. *See id.*

8 U.S.C. § 1252(g) (emphasis added).

Thus, Congress unequivocally protected the government's authority to make "discretionary determinations" over whether and when to execute a removal order, *Reno v. Am.-Arab Anti-Discrimination Comm. ("AADC"),* 525 U.S. 471, 485 (1999). Additionally, Congress, through the REAL ID Act, has provided a specific statutory mechanism that expressly channels all claims relating to removal proceedings into a petition for review before the appropriate circuit court of appeals, after the alien has completed the administrative removal process and is the subject of a final order of removal. Specifically, 8 U.S.C. § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter *shall be available only in judicial review of a final order under this section."* Except as otherwise provided in this section, *no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision,* by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added).

Moreover, 8 U.S.C. § 1252(a)(2)(D) further clarifies that nothing in the statute "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section," making clear that an alien can raise any legal claim in the court of appeals as part of the petition for review process. *See generally Aguilar v. United States Immigration & Customs Enforcement Div. of the Dept. of Homeland Security,* 510 F.3d 1, 9-12 (1st Cir. 2007) (explaining REAL ID Act's exhaustion and claim-channeling requirements and observing that "Congress's purpose in enacting section 1252(b)(9) is evident. As its text makes manifest, that proviso was designed to consolidate and channel review of all legal and factual questions that arise from the removal of an alien into

the administrative process, with judicial review of those decisions vested exclusively in the courts of appeals" and that "[i]n enacting section 1252(b)(9), Congress plainly intended to put an end to the scattershot and piecemeal nature of the review process that previously had held sway in regard to removal proceedings."); accord H.R. Rep. No. 109-72, at 174 ("by channeling review to the courts of appeals, section 106 will eliminate the problems of bifurcated and piecemeal litigation."); *see also* 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory) . . . or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . "). This statute's "expanse is breathtaking" and is "not limited to challenges to singular orders of removal or to removal proceedings simpliciter." *Aguilar,* 510 F.3d at 9. Allowing Petitioner's habeas petition to move forward in this Court where Congress has provided ample administrative remedies as well as a petition for review process would "bely[] the statute's plain meaning and run[] contrary to Congress's discernible intent." *Id.*

Petitioner is requesting this Court to intervene in ICE's decision to *execute* her removal order, entered over a decade ago, which is explicitly prohibited by the statute and the Supreme Court's interpretation of it. *See* Pet. at ¶1. However, Section 1252(g) prohibits judicial review of the "decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders." *AADC,* 525 U.S. 482 (emphasis in original); *Foster v. Townsley,* 243 F.3d 210, 214 (5th Cir. 2001) (holding the district court had no jurisdiction even though DHS executed a removal order contrary to an automatic stay); *Tejada v. Cabral*, 424 F .Supp. 2d 296, 298 (D. Mass. 2006) ("Congress made it quite clear that all court orders regarding alien removal—*be they stays or permanent injunctions*—were to be issued by the appropriate court of appeals.") (emphasis added); *Cf. Aziz v. Chadbourne,* 2007 WL 3024010, *2 (D. Mass. Oct. 15, 2007) (acknowledging that 8 U.S.C. §

8

1252(g) bars granting of any stay of removal for alien admitted under Visa Waiver Program who had pending adjustment application).  Accordingly, this Court should dismiss Calderon's Petition which does nothing other than seek to stay her removal.

### C. Calderon's Petition does not establish that her removal would be unlawful under the INA and applicable regulations.

Petitioner cannot establish that her removal would be unlawful because the filing or approval of a provisional unlawful presence waiver has *no effect* on the immigration status of the applicant or ICE's authority to remove the applicant from the United States. 8 C.F.R. § 212.7(e)(2)(i) ("A pending or approved provisional unlawful presence waiver does not constitute a grant of a lawful immigration status or a *period of stay* authorized by the Secretary.") (emphasis added). To deter aliens from accruing unlawful presence in the United States, Congress adopted the three year and ten year bars of inadmissibility. 8 U.S.C. § 212(a)(9)(B). A person who accrues unlawful presence of more than one year and then leaves the United States is inadmissible from immigrating to the United States for a period of ten years. *See id.* USCIS, in its *sole discretion*, may waive this ten year bar through the "unlawful presence waiver" if the applicant can prove that the bar would result in "extreme hardship" to the applicant's citizen or permanent resident spouse or parent. 8 U.S.C. § 1182(a)(9)(B)(v). U.S. Citizen children are not relatives that would qualify an applicant for a this waiver. *Id.* In 2013, a rule was promulgated to allow aliens within the United States to provisionally apply for the Section 1182(a)(9)(B)(v), unlawful presence, waiver. 8 C.F.R. § 212.7(e)(2)(i). The provisional unlawful presence waiver process is described in 8 C.F.R. § 212.7(e). "The decision whether to approve a provisional unlawful presence waiver application is discretionary." 8 C.F.R. § 212.7(e)(2)(i).

However, the filing or approval of a provisional unlawful presence waiver has *no effect* on the immigration status of the applicant or ICE's authority to remove the applicant from the United States. 8 C.F.R. § 212.7(e)(2)(i) ("A pending or approved provisional unlawful presence waiver does not constitute a grant of a lawful immigration status or a *period of stay* authorized by the Secretary.") (emphasis added). Petitioner cannot use the mere availability of this stateside process as a means to stay her removal especially when the regulations expressly allow her removal. *See id.* Thus, this Court should dismiss Count three.

### D. Petitioner does not have a due process right to remain in the United States while her unlawful presence waiver is adjudicated.

Petitioner has no entitlement to remain in the United States while her unlawful presence waiver is adjudicated. The unlawful presence waiver Petitioner seeks is available to her regardless of whether she is inside the United States. *See* 8 U.S.C. § 1182(a)(9)(B)(v); 8 C.F.R. § 212.7(e)(2)(i). Here, Petitioner argues she has a due process right to *where* she waits for the waiver to be adjudicated or to have her waiver adjudicated during a certain period of time (while her stay of removal is in place). Pet. ¶ 58. This argument is without merit for two reasons. First, Petitioner no longer has a right to remain in the United States because she is subject to a lawful final order of removal. Second, whether an applicant for unlawful presence waiver has their application adjudicated from inside the United States is a purely discretionary decision not subject to Due Process.

As discussed above, Calderon is subject to a lawful order of removal. Because Petitioner has already been ordered removed in proceedings that are not at issue in this case, she no longer has a due process right to remain in the United States. *See Enwonwu v. Gonzales,* 438 F.3d 22, 30 (1st Cir. 2006) (refusing to find a due process right to remain in the United States where the alien

had been ordered removed); *Pena-Muriel v. Gonzales*, 489 F.3d 438, 433 (1st Cir. 2007) ("[T]he fact that a vacatur may be an "appropriate" basis for reopening a deportation order does not establish a due process right to such reopening after one has departed the country.").

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it." *Town of Castle Rock, Colo. V. Gonzales,* 545 U.S. 748, 756 (2005). The claimant must "have a legitimate claim of entitlement to it." *Id.* These entitlements are not created by the Constitution, but by independent source of law such as a statute. *Id.* Generally, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Clukey v. Town of Camden,* 717 F.3d 52, 56 (1st Cir. 2013); *see also Chun Xin Chi v. Holder,* 606 F.3d 6, 10 (1st Cir. 2010) ("Because an alien has *no* right or entitlement to a reopening, he or she has *no* protected liberty or property interest in that remedy."); *Juniper v. Ashcroft,* 396 F.3d 487, 492 (1st Cir. 2005) ("Adjustment of status is not an entitlement, but rather, a matter of administrative discretion.").

Petitioner has no entitlement to remain in the United States while her unlawful presence waiver is adjudicated. There can be no legitimate claim of entitlement to because the statutes and regulations governing the benefit make it available from *both* within and outside the United States. *See Town of Castle Rock,* 545 U.S. at 756; 8 U.S.C. § 1182(a)(9)(B)(v); 8 C.F.R. § 212.7(e)(2)(i) ("A pending or approved provisional unlawful presence waiver does not constitute a grant of a lawful immigration status or a period of stay authorized by the Secretary."). Petitioner's "need or desire" to stay with her family in the United States while her waiver is adjudicated is not sufficient to create a liberty or property interest where Petitioner has a lawful final order of removal and the law governing the waiver expressly denies such a right exists. *See id.; see also Silverman v. Rogers*, 437 F.2d 102, 107 (1st Cir. 1970); *Smith v. Immigration and Naturalization Service*, 684 F. Supp.

11

1113, 1118 n.2 (D. Mass 1988); *Ansong v. District Director*, 596 F. Supp. 882, 888 (D. Me. 1984);

*Cf. Khalaj v. Cole*, 46 F.3d 828, 835 (8th Cir. 1995) (rejecting petitioner's view of due process

that "would prohibit the INS from ever attempting to deport an alien pursuant to a valid deportation

order if any further administrative relief, such as motions to reopen, were available"), *citing Bothyo*

*v. Moyer*, 772 F.2d 353, 358 (7th Cir. 1985). Moreover, whether to grant a stay of removal pending

the waiver application process is within the agency's discretion. *See* 8 C.F.R. § 212.7(e)(2)(i);

241.6(a) (allowing for an administrative stay of removal). Therefore, Petitioner cannot meet the

threshold requirement of showing that she has a protected liberty or property interest in remaining

in the United States while her waiver is adjudicated and this Court should dismiss Count four.[4] *See*

*Chun Xin Chi* 606 F.3d at 10.

### E. Calderon's Petition does not establish that she was detained in violation of the Constitution or the laws or treaties of the United States.

i.   Petitioner's detention was lawful under 8 U.S.C. § 1231(a)(6) and Supreme Court Precedent.

To the extent that Calderon is challenging the lawfulness of her immigration detention, this

Court has no basis to grant any relief to Petitioner because her detention was lawful under 8 U.S.C.

§ 1231(a)(6) and as a matter of constitutional interpretation under *Zadvydas v. Davis,* 533 U.S.

678, 701 (2001). Section 1231(a)(6) authorizes detention of aliens with orders of removal beyond

---

[4] Even if such a due process right existed – which it does not – the availability and adjudication of Form I-246, administrative stay of removal, is a "fundamentally fair proceeding" where ICE may consider factors, such as community and family ties, in adjudicating the request. *See Matias v. Sessions,* 871 F.3d 65, 71 (1st Cir. 2017) ("Procedural due process protects a right to a fundamentally fair immigration proceeding; but few proceedings are perfect and one can have real errors, including ones that adversely affect the alien's interests, without automatically violating the Constitution."); 8 C.F.R. § 241.6 (identifying factors that may be considered when adjudicating an I-246). Thus, the availability and adjudication of the Form I-246 would satisfy any procedural due process protections due.

the 90 day removal period. 8 U.S.C. § 1231(a)(6). Detention pursuant to this section is presumptively reasonable for six-months thereby making habeas petitions filed prior to the six-month mark not ripe for adjudication. *Zadvydas,* 533 U.S. at 701; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (holding that the "six-month period . . . must have expired at the time [the petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*" ); *accord Hodel v. Aguirre*, 260 F. Supp. 2d 695, 699 (N.D. Ill. 2003) (*Zadvydas* not implicated where criminal alien held fewer than six months); *Lamotte v. Holder*, No. CIV.A. 13-10582-RGS, 2013 WL 1629135, at *1-2 (D. Mass. Apr. 9, 2013). After the expiration of the six-month period, if an alien provides good reason to believe that there is *no* significant likelihood of removal in the reasonably foreseeable future ("SLRRFF"), the government must respond with evidence sufficient to rebut that showing. *Zadvydas,* 533 U.S. at 701.

The Supreme Court's analysis in *Zadvydas* is the sole inquiry in cases like Petitioner's. *See Poeuv v. Smith,* 169 F.Supp.3d 297 (D. Mass. 2016); *Penate-Diaz v. Moniz*, No. 18-10156-NMG, 2018 WL 889217 at *2 (D. Mass February 12, 2018). At the time Petitioner filed this habeas, she had been detained for less than a month and under *Zadvydas*, her claim was premature. *See Lamotte v. Holder*, No. CIV.A. 13-10582-RGS, 2013 WL 1629135, at *1-2 (D. Mass. Apr. 9, 2013); Pet. at ¶ 1. Any future detention would be lawful under 1231(a)(6) because Petitioner is an inadmissible alien. *See* 8 U.S.C. § 1231(a)(6); 8 U.S.C. § 1182(a)(6). Even if Petitioner were to be detained again, she would fail to show a lack of significant likelihood of removal in the reasonably foreseeable future because she has a valid travel document, and the government can deport her to Guatemala. For these reasons, this Court should deny the instant petition.

    ii.    <u>The Post Order Custody Review regulations do not apply to Petitioner.</u>

As stated above, procedural due process claims concerning post order detention and removal are analyzed solely under the *Zadvydas* framework. Petitioner cannot attempt to skirt around this framework by asserting that Post Order Custody Review ("POCR") regulations apply to her *prior* to any detention. *See* Pet. At ¶ 46. This argument has no merit because the plain language of the regulations states that the POCR regulations apply only to currently detained aliens.

An agency's interpretation of its own regulations is controlling unless it is "plainly erroneous or inconsistent with the regulation." *Auer v. Robbins,* 519 U.S. 452, 461 (1997). The agency's interpretation is worthy of deference even if the interpretation is "in the form of a legal brief." *Id.* at 462. The purpose of the POCR regulations are to provide alien detainees with administrative review of their continued detention after they have already been detained for ninety days, otherwise known as the "removal period." *See* 8 C.F.R. § 241.4(a). These regulations apply when ICE decides to exercise its "authority to *continue* an alien in custody" and explains what procedures must be followed when ICE wants to "*continue* an alien in custody beyond the removal period." *Id.* (emphasis added). The regulations provide factors to be considered when deciding whether to "recommend *further* detention or release of detainee" and ICE must give 30 day "written notice to the *detainee*" of the pending record review. 8 C.F.R. § 241.4(f), (h)(2) (emphasis added). Any "decision to *retain custody*" must be provided to the "detained alien." 8 C.F.R. § 241.4(d) (emphasis added).

ICE interprets these regulations to mean that only aliens currently detained at the expiration of the removal period are entitled to a POCR and that these regulations do not apply to aliens prior to their detention. Because the agency's interpretation is consistent with the statutory language, it must be given deference. *See Auer,* 519 U.S. at 461. Petitioner's claim that these regulations should

have been applied to her prior to her detention is contrary to both the regulatory language and the agency's interpretation of it. *See* Pet. at ¶ 45. As a result, this Court should dismiss Count 1 and Count 2 of her petition.

**F.  Petitioner's claim under the Administrative Procedure Act is barred by section 1252(g) and because ICE has not engaged in any rulemaking.**

Petitioner's attempt to challenge her detention and removal under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq.*, fails as an initial matter because such an action is barred by section 1252(g) (prohibiting courts from hearing claims challenging ICE's authority to execute removal orders). *See supra,* at 10-11. Furthermore, ICE's decision to execute Petitioner's removal order is one of those "discretionary determinations" that are not the "bases for separate rounds of judicial intervention outside the streamlined process designed by Congress." *AADC*, 525 U.S. at 471. As a discretionary decision, it is absolutely precluded from review under the APA. *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); 5 U.S.C. § 701(a)(2) (noting that there is no APA review of agency action committed to agency discretion by law).

Additionally, Petitioner argues that ICE has changed a rule without engaging in proper rulemaking procedures under the APA, but fails to identify what rule changed. Pet. at ¶¶ 60-64. ICE's decision to execute Petitioner's removal order is not inconsistent with 8 C.F.R. § 212.7(e) which allows ICE to execute removal orders even if a provisional unlawful presence waiver is approved or pending. 8 C.F.R. § 212.7(e) ("A pending or approved provisional unlawful presence waiver does not constitute a grant of a lawful immigration status or a *period of stay* authorized by the Secretary."). Accordingly, this Court should dismiss Petitioner's Count Five.

**IV.     CONCLUSION**

This Court should dismiss Calderon's Petition for Writ of Habeas Corpus for lack of subject-matter jurisdiction. Alternatively, this Court should deny the Petition because Calderon has not established that her detention or removal is in violation of the Constitution or laws or treaties of the United States.

DATED:  March 27, 2018                    Respectfully  submitted,

                                          CHAD READLER
                                          Acting  Assistant  Attorney  General

                                          ANDREW  E. LELLING
                                          United  States  Attorney

                                          WILLIAM  C. PEACHEY
                                          Director
                                          Office of Immigration  Litigation

                                          ELIANIS  N. PEREZ
                                          Assistant  Director

                                          /s/ Mary L. Larakers._____
                                          MARY  L. LARAKERS
                                          Trial Attorney
                                          U.S. Department  of Justice,  Civil  Division
                                          Office of Immigration  Litigation,
                                          District  Court Section
                                          P.O. Box 868, Ben Franklin  Station
                                          Washington,  DC 20044
                                          (202) 353-4419
                                          (202) 305-7000  (facsimile)
                                          mary.l.larakers@usdoj.gov

                                          /s/ Eve A. Piemonte (By MLL)_____
                                          EVE A. PIEMONTE,  BBO No. 628883
                                          Assistant  United  States  Attorney
                                          United  States Attorney's  Office
                                          1 Courthouse  Way, Suite 9200
                                          Boston,  MA  02210
                                          (617) 748-3100
                                          Eve.Piemonte@usdoj.gov


                                          ATTORNEYS  FOR RESPONDENTS

## **PROOF OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Respondents' Opposition to Petition for Writ of Habeas Corpus, Motion to Dismiss, and Memorandum in Support Thereof was electronically served via CM/ECF on the 27th day of March, 2018, to the following counsel of record for the Plaintiff:

Matthew R. Segal
Adriana Lafaille
American Civil Liberties Union
Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170

/s/ *Mary L. Larakers*
MARY L. LARAKERS
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice