UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, et al., <br><br> Defendants-Respondents. | No. 1:18-cv-10225-MLW |

## MOTION FOR ORDER TO SHOW CAUSE AND FOR EMERGENCY RELIEF PRESERVING THIS COURT'S JURISDICTION

Pursuant to this Court's Order of April 4, 2018 (Dkt. No. 24), and in light of Petitioners'[1] filing of an Amended Class Action Complaint and Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Amended Complaint") on April 11, 2018, Petitioners respectfully submit this document to update the Court about the Petitioners' circumstances and to move for relief capable of preserving the Court's jurisdiction and addressing an immediate harm. Specifically, Petitioners seek (1) an order to show cause directing Respondents to promptly respond to that part of the Amended Complaint that seeks the release of petitioner Lucimar de Souza, and (2) an order preserving this Court's jurisdiction by barring ICE from removing any of the named Petitioners from the United States, and from removing Ms. de Souza from Massachusetts, until further order, and pending this Court's examination of the issues in this case.

---

[1] Plaintiffs-Petitioners are referred to herein as Petitioners; Defendants-Respondents are referred to as Respondents.

1

## BACKGROUND

Petitioner Lilian Calderon filed this case as a petition for writ of habeas corpus on February 5, 2018.  On February 6, 2018, the Court entered an order directing service of the petition.  Feb. 6, 2018 Order (Dkt. No. 6).  The Court further directed that "[i]n order to preserve the court's jurisdiction, to provide the parties an opportunity to attempt to resolve this case and, if necessary, to brief the issues properly, petitioner shall not be moved outside the District of Massachusetts, temporarily or permanently, during the pendency of this case." *Id.* at 2-3

On April 10, 2018, Petitioners filed an Amended Complaint, adding four new noncitizen Petitioners and adding, as Petitioners, the U.S. citizen spouses of each noncitizen Petitioner.  The Amended Complaint alleges that government officials have violated the rights of all Petitioners by arbitrarily denying noncitizen Petitioners their right to pursue stateside provisional waivers to adjust their immigration status while remaining in the United States with their U.S. citizen spouses.  Petitioners contend that Respondents have violated Petitioners' rights to due process and equal protection under the Fifth Amendment, the Immigration and Nationality Act and applicable regulations, and the Administrative Procedure Act.  Am. Compl (Dkt. No. 27), at ¶¶ 112-136.

As set forth in the Amended Complaint and declarations enclosed herein, there are numerous time-sensitive threats to the interests of both the named Petitioners and the broader affected class of Petitioners.  For example, Petitioner Sandro de Souza has been ordered to depart the United States no later than April 24, 2018.  Ex. 1 (Sandro de Souza Decl.) ¶ 6.  Similarly, Petitioner Oscar Rivas has been ordered to depart the United States no later than May 2, 2018, Ex. 2 (Rivas Decl.) ¶ 5, and Petitioner Lilian Calderon has a stay of removal that expires on May 12, 2018, Am. Compl. ¶ 60; Ex. 3 (Calderon Decl.) ¶ 9.  Petitioner Deng Gao is awaiting an I-130 interview, and fears that he could be detained. Ex. 4 (Gao Decl.) ¶¶ 3, 11. Finally, Petitioner

Lucimar de Souza was arrested on January 30, 2018, after she completed the first step in her application for a stateside provisional waiver, and she is currently detained at Suffolk County House of Correction in Boston and separated from her husband and 10-year-old son. Am. Compl. ¶ 66; Ex. 5 (Lucimar de Souza Decl.).

Petitioners intend to move for a class certification, and for preliminary injunctive relief, no later than April 20, 2018. But even more immediate action is necessary to preserve this Court's jurisdiction, and to resolve issues relating to Ms. Lucimar de Souza's liberty.

## ARGUMENT

**I.   This Court should order the government to promptly show cause why Petitioner Lucimar de Souza's detention is not unlawful.**

Although this case now involves the rights of a putative class, it is appropriate for the Court to first adjudicate issues that relate to the detention of Petitioner Lucimar de Souza. Ms. Lucimar de Souza was abruptly detained at her I-130 interview in January 2018, and is still in detention today, separated from her husband and 10-year-old son. The Court's adjudication of these issues will further its resolution of the claims of class members who are detained or may face detention in the future. *See, e.g.*, Dkt. Nos. 25, 47, *Gordon v. Napolitano*, No. 13-cv-30146-MAP (D. Mass. Sept. 11, 2013 & Oct. 23, 2013) (staying class certification briefing pending resolution of individual relief for detained named petitioner and underlying merits issue central to the case).

Petitioner Lucimar de Souza has been married to her husband since 2006. Ex. 5 (Lucimar de Souza Decl.) ¶ 1. She has been subject to a final order of removal since 2002. Am. Compl. ¶ 63. Ms. Lucimar de Souza was arrested by ICE officers on January 30, 2018, after she and her husband completed the interview for her husband's I-130 Petition for Alien Relative—the first step in her application for a stateside provisional waiver—and she is currently detained

at Suffolk County House of Correction in Boston. *Id.* ¶ 66. Her detention has also been particularly harmful for her husband, who has a history of significant health problems, and her son, who has suffered emotionally in his mother's absence. Ex. 5 (Lucimar de Souza Decl.) ¶¶ 2-6.

The timing of Ms. Lucimar de Souza's arrest and detention suggests that she was targeted solely because she and her husband were attempting to avail themselves of the procedures established for adjustment of status and stateside provisional waiver applications. As explained in the Amended Complaint, Petitioners seek Ms. Lucimar de Souza's release or a bond hearing based on their contention that her detention violates both the constitution and immigration law. Am. Compl. ¶ 128-136; *see also* 8 U.S.C. § 1231(a)(6); 8 C.F.R. § 241.4(d), (f), (h) & (k).

Petitioners respectfully request that the Court issue an order to show cause requiring Respondents to respond on an expedited basis to that portion of the Amended Complaint that seeks relief from Ms. Lucimar de Souza's detention. As part of its response, Respondents should be required to describe the circumstances and basis of Ms. Lucimar de Souza's detention, including whether ICE made an individualized determination of dangerousness and risk of flight. *See* Feb. 15, 2018 Memo. & Order (Dkt. No. 17) at 8-9.[2] Because of the urgency of this issue, Petitioners further agree that, after Petitioners have filed their motions for preliminary injunction

---

[2] On February 15, 2018, following ICE's detention and subsequent release of petitioner Lilian Calderon, the Court ordered that the respondents file an affidavit from an ICE representative describing, *inter alia*: "the official who made the original decision that Calderon should be detained"; "the legal basis for the decision, including whether ICE considered her detention mandatory or discretionary"; "the procedures followed in reaching the decision and, if any, the individualized reasons for it"; and "whether respondents assert that they had … the authority to detain Calderon without an individualized determination of dangerousness and risk of flight." Feb. 15, 2018 Memo. & Order (Dkt. No. 17). ICE representative Todd M. Lyons provided an affidavit, which was submitted by Respondents on February 21, 2018. Affidavit from ICE Representative (Dkt. No. 19).

and class certification, Respondents' responsive briefs may be held in abeyance pending briefing concerning Ms. Lucimar de Souza's detention.

**II.     The Court should bar ICE from removing any of the noncitizen Petitioners from the United States, and from moving Ms. de Souza from Massachusetts, until further order, and pending this Court's examination of the issues in this case.**

An order preventing removal of the named noncitizen Petitioners, and preventing Ms. Lucimar de Souza's transfer from Massachusetts, would preserve this Court's jurisdiction pending this Court's adjudication of the important legal issues in this case.

ICE has instructed Petitioners Sandro de Souza and Oscar Rivas to leave the United States no later than April 24 and May 2, 2018, respectively, even though they are presently pursuing stateside provisional waivers.  Ex. 1 (Sandro de Souza Decl.) ¶ 6; Ex. 2 (Rivas Decl.) ¶ 5.  Their removal from the U.S. would effectively destroy their claims and eliminate this Court's ability to provide an adequate remedy if it later concludes that their constitutional, statutory, and regulatory rights have been violated.  Indeed, on February 6, 2018, this Court ordered that Petitioner Lilian Calderon "not be moved not be moved outside the District of Massachusetts, temporarily or permanently, during the pendency of this case," including to preserve the Court's jurisdiction to hear the pending claims.  Feb. 6, 2018 Order (Dkt. No. 6) at 2-3 (citing 28 U.S.C. § 1651(a)).  Petitioners therefore request that the Court extend its February 6 Order to encompass all named Petitioners, such that ICE be barred from removing them or otherwise ordering them to leave the United States, and from transferring Ms. de Souza from Massachusetts.  *See, e.g.*, *Devitri v. Cronen*, – F.3d –, No. 17-cv-11842-PBS, 2018 WL 661518, at *9 (D. Mass. Feb. 1, 2018).

## CONCLUSION

Petitioners respectfully request that this Court enter: (1) an order to show cause, directing Respondents to promptly respond to that part of the Amended Complaint that seeks the release of

petitioner Lucimar de Souza, and (2) an order barring ICE from removing any of the named Petitioners from the United States, or moving Ms. Lucimar de Souza out of Massachusetts, until further order and pending this Court's resolution of the issues in this case.

Respectfully submitted this 11th day of April, 2018.

Matthew R. Segal (BBO # 654489)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283

*/s/ Kevin Prussia*

Kevin Prussia, Esq. (BBO # 666813)
Jonathan Cox, Esq. (BBO # 687810)
Stephen Provazza, Esq. (BBO # 691159)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000
kevin.prussia@wilmerhale.com
jonathan.cox@wilmerhale.com
stephen.provazza@wilmerhale.com

*Attorneys for Petitioners*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

I, Kevin Prussia hereby certify that in accordance with Local Rule 7.1(a)(2), counsel for Petitioners spoke with counsel on April 11, 2018, and were unable to resolve or narrow the issue at this time.

*/s/ Kevin Prussia*
Kevin Prussia

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2018, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

*/s/ Kevin Prussia*
Kevin Prussia