# EXHIBIT A

DECLARATION OF DEPUTY FIELD OFFICE DIRECTOR
JAMES L. RUTHERFORD

Pursuant to the authority of 28 U.S.C. § 1746, I, James L. Rutherford, a Deputy Field Office Director at the Burlington, Massachusetts, United States Immigration and Customs Enforcement office, Department of Homeland Security ("ICE"), declare as follows:

1. I am a Deputy Field Office Director at the Burlington, Massachusetts, United States Immigration and Customs Enforcement office, Department of Homeland Security.

2. Included in my official duties as a Deputy Field Office Director is the responsibility for oversight of the operations of the Boston, Massachusetts, Area of Responsibility ("AOR") Enforcement and Removal Operations ("ERO") component of ICE.

3. I am responding to the Court's Order dated April 16, 2018, issued in Calderon-Jimenez v. Nielsen, et al., 18cv10225-MLW (D. Mass. filed Feb. 5, 2018) directing a sworn statement responding to four inquiries. After my official inquiry into the circumstances relating the Court's questions, I report the following:

4. In response to the Court's question at ¶ 2(a) of the Court's ORDER (at pages 8-9) regarding "the official who made the original decision that De Souza be detained." That

1

official was Supervisory Detention and Deportation Officer Stephen W. Wells.

5. Responding to the Court's question at ¶ 2(b) (at page 9) regarding "the legal basis for the decision, including whether ICE considers De Souza's detention mandatory or discretionary." The legal bases were 8 U.S.C. §§ 1182(a)(6)(A)(i), the inadmissibility charge under which she was found removable from the United States, and 8 U.S.C. § 1231, which authorizes the detention of such aliens in order to implement the removal process. Detention during the removal period is mandatory for those classes of aliens specifically identified by Congress in 8 U.S.C. § 1231(a)(2) for the time period identified by the statute. All further post-order detention, such as De Souza's, is discretionary under 8 U.S.C § 1231(a)(6).

6. Responding to the Court's question at ¶ 2(c) (at page 9) regarding "the procedures followed in reaching [the detention decision] and the individualized reasons for it, if any." ERO's processing system, the Risk Classification Assessment ("RCA"), assists the agency in making detention determinations. The RCA is then reviewed by a Supervisory Detention and Deportation Officer ("SDDO"), who makes the discretionary detention decision. SDDO Stephen Wells considered De Souza's final order of removal and the fact that De Souza is not eligible for any immigration benefits

2

that would allow her to remain in the United States to be evidence of flight risk. SDDO Wells also considered the availability of bed space, her lack of health issues and her lack of dependent-care issues, (De Souza's child was in the care and custody of his father and there were no elderly or infirmed parents to care for) in making his discretionary detention determination.

7. Responding to the Court's question at ¶ 2(d) (at page 9) regarding "whether respondents assert that they had, and still have, the authority to detain De Souza without an individualized determination of dangerousness and risk of flight." Yes, ICE relies on the authorities indicated in paragraph 5 above in order to execute the order of removal.

Additionally, according to relevant records about De Souza's immigration history, she entered the United States illegally and was released on a bond. She failed to appear at her hearing before the immigration court, which resulted in an immigration judge ordering her removed *in absentia* on June 11, 2002. By failing to appear at her hearing, De Souza also breached her bond. On or about May 19, 2014, she filed the first of several motions to reopen her removal proceedings. All efforts to reopen those proceedings have been unsuccessful thus far.

ICE is active in its efforts to remove De Souza. A request for a travel document has been submitted to the

Consulate of Brazil.  As of April 20, 2018, my office does not have any record of De Souza applying for a stay of removal (Form I-246).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 23, 2018          Signature /s/, DFOD #658
             Date

                                     James L. Rutherford
                                     Deputy Field Office
                                     Director
                                     U.S. Immigration & Customs
                                     Enforcement
                                     Dept. Homeland Security
                                     Burlington, Massachusetts