# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al.,<br>　　　　Petitioners,<br><br>v.<br><br>KIRSTJEN M. NIELSEN, et al.,<br>　　　　Respondents. | C.A. No. 18-10225-MLW |
| EDUARDO RALPH JUNQUEIRA,<br>　　　　Petitioner,<br><br>v.<br><br>STEVEN SOUZA, et. al.,<br>　　　　Respondents. | C.A. No. 18-10307-MLW |
| EDJANN HENRIQUE DOS SANTOS,<br>　　　　Petitioner,<br><br>v.<br><br>KIRSTJEN NIELSEN, et al.,<br>　　　　Respondents. | C.A. No. 18-10310-MLW |
| MANUEL JESUS PINGUIL LOJA,<br>　　　　Petitioner,<br><br>v.<br><br>STEVEN SOUZA, et al.,<br>　　　　Respondents. | C.A. No. 18-10579-MLW |

**JOINT REPORT PURSUANT TO COURT ORDER**

In accordance with the Court's April 19, 2018 Order (ECF No. 35), the parties in C.A. Nos. 18-10225 ("*Calderon*"), 18-10307 ("*Junquiera*"), 18-10310 ("*Dos Santos*") and 18-10579 ("*Pinguil*") have conferred and report, jointly where possible, the following:

1. In response to this Court's order to "identify issues common to all or many of the cases." The parties report that the issues common to *Calderon*, *Junquiera*, and *Dos Santos*[1] are:

    a. Whether 8 U.S.C. § 1252 precludes this Court from staying the removal of the Petitioners;

    b. Whether and when DHS was required to provide the parties in *Calderon*, *Junquiera*, and *Dos Santos* with any of the procedures and protections described in 8 C.F.R. § 241.4; and

    c. Whether the Petitioners are entitled to a bond hearing.

2. In response to this Court's order to identify "issues unique to a particular case or cases." The parties report that all remaining issues are unique to each case, and more specifically report the following:

    a. **The issues unique to *Calderon*:**

        i. Whether there is a live case or controversy, as to the non-detained Petitioners, to confer jurisdiction on this Court.

        ii. Whether the Respondents' detention and removal of noncitizen Petitioners and putative class members who are eligible to avail themselves of the 2016 provisional waiver regulations violates the

---

[1] The parties agree that none of these issues apply to *Pinguil*. While Mr. Pinguil also argues that he is entitled to a bond hearing and that his detention is unconstitutional, Mr. Pinguil's pending withholding of removal proceedings make his case legally distinct. ECF No. 1 at 14.

2

       Immigration and Nationality Act and associated regulations, the Administrative Procedure Act, and/or the Fifth Amendment of the U.S. Constitution.

   iii. Petitioners additionally propose the following issue:

    1. Whether noncitizen Petitioners and class members who are detained at I-130 interviews or otherwise are entitled to an individual bond hearing or other relief.

b. **The issues unique to *Junqueira*:**

  i. Whether Junqueira has a due process right to remain in the United States despite being subject to a final order of removal and being ineligible to file a Form I-212 or Form I-601A from within the United States.[2]

  ii. Whether Junqueira can show there is no significant likelihood of removal in the reasonably foreseeable future as articulated in *Zadvydas v. Davis,* 533 U.S. 678 (2001).[3]

c. **The issues unique to *Dos Santos*:**

  i. Whether Dos Santos has a right to marry his fiancée while in ICE custody when he has failed to cooperate with ICE to secure a Brazilian travel document.

---

[2] The parties agree unlike the *Calderon* Petitioners, Junqueira is statutorily ineligible to apply for a Form I-601A from within the United States. *See* C.A. No. 18-10307, ECF No. 20 at 6-7; ECF No. 22 at ¶ 3. Therefore, his due process claim is legally distinct and should be heard separately from the *Calderon* Petitioners.

[3] Although the standard for whether there is a significant likelihood of removal in the reasonably foreseeable future is the same in any case, it is a fact-specific inquiry that should be heard separately as to each petitioner.

        ii.      Whether Dos Santos has a due process right to remain in the United States by virtue of his engagement to a U.S. citizen, despite being subject to a final order of removal.

        iii.     Whether Dos Santos can show there is no significant likelihood of removal in the reasonably foreseeable future as articulated in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

d. **The issues unique to *Pinguil*:**

        i.       Whether Pinguil is subject to detention under 8 U.S.C. § 1226 or 8 U.S.C. § 1231. [4]

        ii.      Whether, even if detained under § 1231(a), Pinguil is entitled to a bond hearing or to release due to the duration of his detention, his pending proceedings and applications for relief, the stay of his removal by ICE, and any other considerations.

3. In response to this Court's order to "propose a schedule for briefing the issues in these cases that are not yet briefed." The parties in *Calderon* are presently briefing issues relevant to the detention of Petitioner Lucimar de Souza, which will be argued on May 8, 2018. In addition, Respondents have filed a motion to dismiss, and Petitioners anticipate filing motions for class certification and for preliminary injunctive relief on April 30, 2018. Respondents' request that this Court hold in abeyance briefing on any Motion for Class

---

[4] Counsel for Pinguil and Respondents agree that the issues presented in *Pinguil* are not common to any of the other Petitioners and this Court should hear that case separately. Pinguil asserts that he is subject to 8 U.S.C. § 1226 detention, and thus entitled to a bond hearing, because he is currently in withholding of removal proceedings. C.A. 18-10579, ECF No. 1 at ¶ 4.  This is not an issue identified by any of the other Petitioners, including Junqueira. C.A. 18-10307, ECF No. 1 at ¶ 36 (conceding that Junqueira is detained pursuant to 8 U.S.C. § 1231).

4

Certification or Motion for Preliminary Injunction filed by the *Calderon* Petitioners until this Court resolves the threshold issues raised in Respondents' motion to dismiss. Petitioners propose that the motion to dismiss and motions for class certification and preliminary injunctive relief be heard in a consolidated hearing, following the following briefing schedule:

    a. **Proposed schedule for briefing in *Calderon*:**

        i. <u>With regard to the Detention of Lucimar de Souza, the parties propose the following briefing schedule:</u>

           1. <u>April 23, 2018</u>: Response to show-cause order filed (ECF No. 40-1).

           2. <u>April 30, 2018</u>: Petitioners shall file response to April 23 submission.

        ii. <u>With regard to Respondents' April 23, 2018 Motion to Dismiss, the parties propose the following briefing schedule:</u>

           1. <u>April 23, 2018</u>: Motion to dismiss filed (ECF No. 40).

           2. <u>May 14, 2018</u>: Petitioners' responsive brief due (30 pages).

           3. <u>May 21, 2018</u>: Respondents' reply due (15 pages)

        iii. <u>With regard to Petitioners' Motion for Preliminary Injunction, Petitioners propose the following briefing schedule:</u>

           1. Motion filed no later than <u>April 30, 2018</u> (30 pages).

           2. Responsive brief due no later than <u>21 days</u> after motion (30 pages).

        3.     Petitioners' reply brief filed no later than <u>10 days</u> after responsive brief (15 pages).

    iv.     <u>With regard to Petitioners' Motion for Class Certification, Petitioners propose the following briefing schedule:</u>

        1.     Motion filed no later than <u>April 30, 2018</u> (30 pages).

        2.     Responsive brief due no later than <u>21 days</u> after motion (30 pages).

        3.     Petitioners' reply brief due no later than <u>10 days</u> after responsive brief (15 pages).

b.     **Proposed schedule for briefing in *Junqueira*:**

    i.     Respondents filed a motion to dismiss on April 6, 2018.

    ii.     Petitioners failed to respond to the motion to dismiss on April 16, 2018, as ordered. ECF No. 17.

    iii.     Petitioners filed an amended habeas petition on April 26, 2018. ECF No. 22.

    iv.     The parties agree that no new claims were raised by the amended complaint and request that Respondents' Motion to Dismiss be heard as scheduled on May 8, 2018.

    v.     Petitioners will request leave of Court to file a response to Respondents' Motion to Dismiss by April 30, 2018.

c.     **Proposed schedule for briefing in *Dos Santos*:**

    i.     Respondents will file a motion to dismiss the amended complaint on April 27, 2018.

6

ii. Petitioners shall respond by May 3, 2018.

d. **Proposed schedule for briefing in *Pinguil*:**

   i. Respondents filed a motion to dismiss on April 16, 2018.

   ii. Petitioners' response is due on April 30, 2018.

   iii. Counsel for Mr. Pinguil is available on May 7, 2018, but proposes that Mr. Pinguil's case be heard the week of April 30, 2018, to provide the Court with the opportunity to decide the issues in Mr. Pinguil's case prior to the consolidated hearing in the other cases. Counsel for Mr. Pinguil has unmovable conflicts on the afternoon of May 3, 2018, but is otherwise available for a hearing between May 2 and May 4, 2018.

   iv. Respondents propose that argument on the motion to dismiss be heard on May 7, 2018.

4. In response to this Court's order to "propose an agenda for the May 8, 2018, hearing." The parties propose the following:

   a. Hearing on order to show cause with regard to Ms. de Souza's detention, and addressing the issue common to *Junqueira, Dos Santos,* and Ms. de Souza:

      i. Whether Ms. de Souza is lawfully detained under 8 U.S.C. § 1231(a)(6) and the Constitution.

      ii. Whether and when DHS was required to give Junqueira, Dos Santos, and Ms. de Souza the benefit of the procedures described in 8 C.F.R. § 241.4.

7

      b.      Hearing on the common issues presented in *Junqueira* and *Dos Santos*:

           i.      Whether 8 U.S.C. § 1252 precludes this Court from staying the removal of Junqueira and Dos Santos.[5]

      c.      Hearing on unique issues presented in *Junqueira*.

      d.      Hearing on the unique issues presented in *Dos Santos*.

5.      In response to this Court's order to "identify any other matters the court should consider to promote a just and efficient resolution of these cases," the parties propose the following:

      a.      As explained above, *Pinguil* is a distinct case which should be heard and considered by this Court separately. Petitioners request *Pinguil* be heard on May 3, 2018. Respondents request *Pinguil* be heard on May 7, 2018.

      b.      Petitioners in *Calderon* have a pending motion for clarification of this Court's April 13, 2018 Order, ECF No. 32.

---

[5] Because these issues impact the *Calderon* Petitioners, counsel for the *Calderon* Petitioners request that they may also be heard on 8 U.S.C. § 1252 and reserve the right to submit supplemental briefing on these jurisdictional issues after the hearing.

DATED:  April 26, 2018		Respectfully submitted,

CHAD READLER
Acting Assistant Attorney General

ANDREW E. LELLING
United States Attorney

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

T. MONIQUE PEOPLES
Senior Litigation Counsel

*/s/ Mary L. Larakers.*
MARY L. LARAKERS
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

*/s/ Eve A. Piemonte (By MLL)*
EVE A. PIEMONTE, BBO No. 628883
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100
Eve.Piemonte@usdoj.gov

*/s/ Thomas E. Kanwit (By MLL)*
Thomas E. Kanwit, BBO No. 547251
Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley Federal Courthouse
One Courthouse Way - Suite 9200
Boston, Massachusetts 02210
(617) 748-3271
thomas.kanwit@usdoj.gov

          */s/ Michael Sady (By MLL)*
Michael Sady
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
michael.sady@usdoj.gov

       ATTORNEYS FOR RESPONDENTS

*/s/ Adriana Lafaille*
Matthew R. Segal
Adriana Lafaille
American Civil Liberties Union
Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Kevin Prussia, Esq. (BBO # 666813)
Jonathan Cox, Esq. (BBO # 687810)
Stephen Provazza, Esq. (BBO # 691159)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
kevin.prussia@wilmerhale.com
jonathan.cox@wilmerhale.com
stephen.provazza@wilmerhale.com

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283

ATTORNEYS FOR CALDERON PETITIONERS

*/s/ Adriana Lafaille*
Matthew R. Segal
Adriana Lafaille
American Civil Liberties Union
Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Julio Cortes del Olmo
Del Olmo Law
251 Harvard Street, Suite 4
Brookline, MA 02446
Telephone: (617) 391-0110
Facsimile: (617) 336-3474
julio@delolmolaw.com
www.delolmolaw.com

ATTORNEYS FOR PINGUIL

*/s/ Todd C. Pomerleau*
Todd C. Pomerleau
Rubin Pomerleau PC
One Center Plaza
Suite 230
Boston, MA  02018
(617) 367-0077
tcp@rubinpom.com

ATTORNEYS FOR JUNQUEIRA AND DOS SANTOS

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Joint Report in Response to Court Order was electronically served via CM/ECF on the 26th day of April, 2018, to the following counsel of record for the Petitioners:

Matthew R. Segal
Adriana Lafaille
American Civil Liberties Union
Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Kevin Prussia, Esq. (BBO # 666813)
Jonathan Cox, Esq. (BBO # 687810)
Stephen Provazza, Esq. (BBO # 691159)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
kevin.prussia@wilmerhale.com
jonathan.cox@wilmerhale.com
stephen.provazza@wilmerhale.com

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283

Julio Cortes del Olmo
Del Olmo Law
251 Harvard Street, Suite 4
Brookline, MA 02446
Telephone: (617) 391-0110
Facsimile: (617) 336-3474
julio@delolmolaw.com
www.delolmolaw.com

Todd C. Pomerleau
Rubin Pomerleau PC

One Center Plaza
Suite 230
Boston, MA  02018
(617) 367-0077
tcp@rubinpom.com

/s/ *Mary L. Larakers*
MARY L. LARAKERS
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice