EXHIBIT A
USCIS Adjudicator's Field Manual Ch. 15



**U.S. Citizenship and
Immigration Services**

\ afm \ Adjudicator's Field Manual - Redacted Public Version \ Chapter 15 Interviewing. \ 15.1 Interview
Policies.

<u>Previous Document</u> | <u>Next Document</u>

---

## 15.1    Interview Policies.

(a)  <u>General</u> .

In accordance with   <u>**8 CFR 103.2(b)(9)**</u>   , an applicant, a petitioner, a sponsor, a beneficiary, or other individual residing in the United States at the time of filing an application or petition may be required to appear for an interview.

This chapter discusses policies and procedures to be followed in conducting interviews that involve immigration benefits. The basic principles for conducting interviews are outlined and defined below. The policies set forth below apply to all officers, and all personnel interviewing applicants for immigration benefits should be familiar with the contents of this chapter. No adjudicator should be assigned to conduct interviews until his/her first line supervisor is satisfied that the officer is fully competent to do so.

Interviews conducted by adjudication officers are non-adversarial in nature, as opposed to a court proceeding involving two attorneys where each advocates a particular position.

Developing the skills necessary to conduct such an interview takes time and practice, there are a number of reference guides that can be of assistance. Please see  <u>**Appendix 15-2**</u> .

(b)  <u>Scheduling Interviews and Evaluating Requests for the Rescheduling of Interviews</u> .

  (1)  <u>Scheduling Interviews</u> .

Local, regional or national priorities may set standards for the number of interviews scheduled for assigned officers on a daily or weekly basis. These standards relate to average interview times, rather than limiting individual interview times.

If some officers are on unscheduled sick or annual leave, the others in the office must pick up the slack. Likewise, if backlogs grow beyond acceptable limits there may be a need to increase the rate temporarily (usually in conjunction with other steps, such as details and overtime) in order to bring the backlog back under control.

In most instances, a single interview will resolve all issues. A second interview should be scheduled in exceptional circumstances, such as when additional information relevant to the case becomes known to the case officer after the initial interview. For this reason, interviews should not be scheduled until all other information, including background checks and relating files, have been reviewed.

Several options are available in organizing the work week to achieve the desired number of interviews per week, depending on the needs and preferences of the office and the officer.

- AWS options - Offices which allow adjudicators to work Alternate Work Schedules need to adjust the daily interview rate accordingly. Officers working 10 hour days in four day weeks should be scheduled for 25% more interviews per day than officers working 8 hour / 5 day workweeks.

- No-show rates - If the office regularly experiences a high number of applicants failing to appear for their scheduled interview, the office will need to schedule a higher number of cases in order to reach planned production goals.

- Preferences on write-up time - One officer may be more comfortable (and effective) preparing written decisions on the day of interview, another may prefer to wait until the end of the week. Generally speaking, the preferences of the adjudicator should be followed, provided the needs of the office are not adversely affected. However, regardless of when the cases are written-up, the interviewer must create an effective record (paper, audio, audio/visual or electronic) of the proceedings at the time of the interview.

- Availability of overtime - Additional time should result in a comparable amount of additional work produced. If overtime is authorized for the purpose of completing more interviews, the interview schedule must be increased accordingly.

Interviews should be conducted as close to the scheduled time as possible. As a general rule, the public should not be required to wait for more than 30 minutes beyond a scheduled interview time. Schedules should be adjusted if it is determined that waiting times regularly exceed this time frame.

(2)  Evaluating Requests for the Rescheduling of Interviews . (See  8 CFR 103.2(b)(9)  )

Prior to and at the date and time of the interview, an applicant or petitioner may (a) withdraw the application or petition; or (b) request, for good cause, that the interview be rescheduled.

In order to reschedule the interview, the adjudicator, in his or her discretion, must determine that the applicant, petitioner, beneficiary, or other individual is unable to appear at the scheduled date and time because of circumstances beyond the individual's control.

If the adjudicator determines that good cause exists for the applicant or petitioner's request, the adjudicator will reschedule the interview and mail a new interview notice. If the adjudicator determines that no good cause exists, the adjudicator will adjudicate the application or petition as instructed in *AFM* **Chapter 15.1(d)(2)** .

An attorney or representative authorized to act on behalf of the applicant or petitioner may also submit a good cause request for rescheduling the interview.

If an attorney or other representative is unable to attend an interview for good cause, the local office should make best efforts to accommodate a timely request to reschedule an interview. Such requests are considered to be for good cause when the attorney or other representative has notified the local office that he or she is unable to appear at the scheduled date and time because of circumstances beyond his or her control, including but not limited to, scheduling conflicts resulting from a requirement that the attorney or other representative appear in court, previously planned travel, and any situation where two interviews of clients represented by the same attorney or representative are scheduled at the same time.

When an attorney or other representative is unable to attend the interview for any reason, the individual being interviewed may elect to proceed with the interview without his or her representative. The applicant's or petitioner's decision to proceed without his or her attorney or accredited representative must be voluntary. If the individual wishes to proceed without his or her representative, the USCIS official should obtain a written statement from the individual. Written statements are to be filed in the record of proceedings. When possible, the attorney or accredited representative should communicate his or her consent to proceed without him or her present. The officer should still consider statements and submissions by the individual's attorney or other representative in his or her absence.

(c)　Arrest of an Alien During the Interview Process .

(1)　General .

As a general rule, any alien who appears for an interview before a USCIS officer in connection with an application or petition seeking benefits under the Act shall not be arrested during the course of the interview, even though the alien may be in the United States illegally.

If the alien is ineligible for the benefit being sought, the interviewing officer should advise the alien that he or she will receive a written decision on the application or petition by mail.

The officer may (at the officer's discretion) also verbally advise the alien of the anticipated nature of the decision, what the alien's available options might be (appeal the decision, renew the application in

proceedings before the Immigration Court, etc.), when the officer anticipates the decision will be mailed, etc. The alien will then be allowed to depart from the office.

---

**Note**

This general rule applies only to adjudication scenarios. It does not apply to inspection scenarios (at ports of entry or during proceedings involving deferred inspection or completion of parole), or enforcement scenarios.

---

    (2)  Exceptions to the General Rule .

In some cases, an illegal alien's actions or situation may be so egregious as to justify making an exception to the general rule that those who appear voluntarily for an interview should not be arrested during the course of that interview. Such actions and situations include, but are not limited to:

- An alien who is the subject of an outstanding warrant of arrest for criminal violations;

- An alien who during the course of the interview assaults another party, e.g., the interviewing officer, a government clerk, a government attorney, or a co- interviewee (such as a spouse or child);

- An alien, who during the course of the interview, willfully destroys government property or commits any other crimes of such nature and magnitude;

- The alien is a threat to the safety or well-being of another party;

- An alien who is the subject of a previously-issued warrant of deportation or warrant of removal, **UNLESS** the alien is seeking benefits under a provision of a law (e.g., NACARA or HRIFA) which specifically allows an alien under an order of deportation or removal to seek such benefits; or

- Any other similar action or situation, which in the view of district management, warrants placing the alien under arrest

    (3)  Procedure .

If an interviewing officer believes that an alien's situation or actions fall within the guidelines set forth in

Chapter 15.1(c)(2) above, he or she shall refer the matter (through his or her supervisory chain of command) to the local Investigation Branch in accordance with established local procedures.

The actual decision as to whether to place the alien under arrest shall be made by the appropriate Enforcement Branch personnel in accordance with established procedures.

(d)  Failure of an   Applicant, a Petitioner, a Sponsor, a Beneficiary, or Other Individual   to Appear for a Scheduled Interview .   **[Added on 11-23-2005]**

If  an applicant, a petitioner, a sponsor, a beneficiary, or other individual  fails to appear for a scheduled interview, the adjudicator is directed to comply immediately with the following instructions and either reschedule the interview or deny the related application or petition for abandonment.

(1)  Evidence of Request for Rescheduling of the Interview or Notification of Change of Address .

(A)  Request to Reschedule the Interview .

The adjudicator must verify whether the individual required to appear for an interview has requested rescheduling of the interview. If the adjudicator finds a request to reschedule the interview that was submitted prior to the date and time of the interview, the adjudicator should evaluate the request in accordance with the instructions listed in section  **Chapter 15.1(b)(2)**  of this chapter.

(B)  Notification of Change of Address .

The adjudicator must confirm whether the individual required to appear for an interview has submitted notification of a change of address. The adjudicator is required to:

(i) Check local pertinent electronic systems, such as CLAIMS, and pertinent physical records, particularly the file of the application or petition under consideration and any AR-11 (Change of Address) notices, to verify whether any change of address notification was received before or after the interview notice was sent.

(ii) Query the USCIS National Systems AR-11 (Change of Address) database by name and date of birth, A-number, and/or  I-94  admission number, if necessary, to confirm whether any changes of address have occurred after the interview notice was generated and mailed.

(iii) Contact the National Benefits Center (NBC) by e-mail at   NBC Failure to Appear Review  , if necessary, to determine  if the Service Request Management Tool (SRMT) contains a pending change of address notification.

When contacting the NBC, the adjudicator must use the  **SRMT Search Request Form**  , as found in  **Appendix 15-3**  . Where possible, each office should submit a   consolidated list of queries using one SRMT Search Request Form.

(iv) Reschedule the interview and mail a new interview notice to the new address, if a change of address notification is confirmed.

(2)  Effect of Failure to Appear for an Interview or to Respond to a Request for Appearance  . (See  **8 CFR 103.2(b)(13)**  )

(A)  Adjudication  .

Except as provided in subsection (B) below, a related application or petition under consideration is abandoned and the adjudicator will deny the related petition or application accordingly if:

(i) an individual fails to appear for a scheduled interview; and

(ii) USCIS does not receive the individual's request for rescheduling by the date of the interview, USCIS does not find notification of a change of address, or the applicant or petitioner has not withdrawn the application or petition.

(B)  Applicants for Naturalization  . (See  **8 CFR 335.6**  )

The regulations at 8 CFR 335.6 govern the denial of applications for naturalization when an individual fails to appear for his or her naturalization examination, as required. 8 CFR 335.6 provides that:

(i) An applicant for naturalization is deemed to have abandoned his or her application if he or she fails to appear for the examination pursuant to  **8 CFR 335.3**  and fails to notify USCIS of the reason for non-appearance within 30 days of the scheduled examination.

Such notification must be in writing and contain a request for rescheduling of the examination. In the absence of a timely notification, USCIS may administratively close the application without making a decision on the merits of the application.

      (ii) An applicant may reopen an administratively closed application by submitting a written request to USCIS within one (1) year from the date the application was closed. Such reopening shall be without additional fee. The date of the request for reopening will be the date of filing of the application for purposes of determining eligibility for naturalization.

      (iii) If the applicant does not request reopening of an administratively closed application within one year from the date the application was closed, the USCIS will consider that application abandoned and will dismiss the application without further notice to the applicant.

---

**Note**     **[Note added 04-15-2009]**

For specific processing instructions regarding Applications for Naturalization filed by members of the U.S. Armed Forces or veterans under sections **328** or **329** of the INA, please refer to **Appendix 15-4**, "Processing N-400s Filed under INA 328 and 329 When Applicant Fails to Respond to a Request for Evidence or for Appearance."

---

(3)   Effect of Withdrawal or Denial Due to Abandonment .

(A)   General .

      USCIS acknowledgement of a withdrawal may not be appealed. A denial due to abandonment may not be appealed, but an applicant or petitioner may file a motion to reopen under **8 CFR 103.5** . Withdrawal or denial due to abandonment does not preclude the filing of a new petition or application with a new fee. The priority or processing date of a withdrawn or abandoned application or petition, however, may not be applied to a later application or petition. (See **8 CFR 103.2(b)(15)** )

(B)   Rescheduling of Interviews .

      When an application or petition was denied based on an individual's failure to appear for a scheduled interview, the adjudicator may reopen the application or petition without charging an additional fee to the applicant or petitioner if the adjudicator confirms that:

      (i) a request demonstrating good cause for rescheduling the interview was postmarked, faxed, or received telephonically before the date and time of the scheduled interview but not processed and evaluated by USCIS prior to adjudication of the application or petition; or

(ii) a notification of a change of address was received prior to adjudication of the application or petition.

In these instances, the adjudicator should reschedule the interview and mail a new interview notice.

---

\ afm \ Adjudicator's Field Manual - Redacted Public Version \ Chapter 15 Interviewing. \ 15.1 Interview Policies.

Previous Document |

Next Document