# EXHIBIT B
# Affidavit of Ondine G. Sniffin

# AFFIDAVIT OF ONDINE G. SNIFFIN

1. I am an immigration attorney licensed to practice law in Massachusetts and New York. I have been practicing immigration law for the last twenty years.

2. I represent Oscar Amilcar Rivas-Duran and his U.S. citizen spouse, Celina Veronica Rivera Rivas, in their pending I-130 and I-212 applications before the United States Citizenship and Immigration Service (USCIS). I have also represented Oscar before the Immigration Court, the Board of Immigration Appeals (BIA), and Immigration and Customs Enforcement (ICE).

3. Oscar and Celina married in 2016. They have two U.S. citizen children together, a seven-year-old daughter and a five-year-old son.

4. Oscar was born in El Salvador. He is 29 years old.

5. As a young teenager, Oscar was approached on multiple occasions by members of MS-13, who tried to recruit him to join their gang. After being threatened, harassed, and shot at for his refusal to join the gang, Oscar fled to the United States.

6. On or about September 18, 2006, at the age of 18, Oscar and entered the United States without inspection. He was placed in removal proceedings and released on bond.

7. Within a year of his arrival, Oscar filed a timely application for asylum.

8. On November 3, 2009, the Immigration Judge (IJ) in Boston, Massachusetts denied Oscar's applications for relief and ordered him removed from the United States.

9. Oscar appealed the IJ's removal order, but the BIA dismissed his appeal on December 30, 2011. Oscar filed a Motion to Reconsider the denial of his appeal, but the BIA dismissed this motion on May 11, 2012.

10. After losing his appeal, Oscar surrendered to ICE. He applied for and was approved for a Stay of Removal (form I-246) in 2013.

11. His stay of removal was renewed annually based on the favorable equities in his case, including his U.S. citizen children.

12. Oscar and Celina were married on December 23, 2016, when Celina was still a lawful permanent resident.

13. On March 24, 2017, ICE denied Oscar his application for a stay of removal. Since then, Oscar has continued to check in with ICE on the Order of Supervision but without an administrative stay in place.

14. Oscar has consistently presented himself at ICE offices every time that he has been required.

15. On April 12, 2017, Celina filed an I-130 immediate relative visa for her husband. At the time, Celina was a lawful permanent resident of the United States.

16. On July 7, 2017, Oscar filed an I-212 Application for Permission to Reapply for Admission Into the United States with USCIS.

17. On July 11, 2017, invoking the agency's sua sponte authority to reopen proceedings, Oscar filed a motion to reopen his immigration removal proceedings with the BIA.

18. On September 22, 2017, Celina took the oath of citizenship and became a U.S. citizen. On or about October 16, 2017, Celina filed documents with USCIS to upgrade her I-130 visa petition to that of a petition for an immediate relative of a U.S. citizen.

19. On January 16, 2018, the BIA denied Oscar's sua sponte motion to reopen on the ground that having a pending I-130 visa petition through his U.S. citizen wife, two U.S. citizen children, and other strong equities did not constitute exceptional circumstances warranting sua sponte reopening. The BIA also cited 8 C.F.R. § 212.7(e)(4)(iv) for the proposition that an alien who is subject to an administratively final order of removal can apply for a provisional waiver under some circumstances. Attached hereto as Exhibit A is a true and accurate copy of the BIA's notice of denial dated January 16, 2018.

20. On March 1, 2018, at his check-in with ICE, Oscar was ordered to return to ICE on April 2, 2018 with airline tickets departing the U.S. by May 2, 2018. That day, ICE attached a GPS monitor to Oscar's leg and placed him in the Intensive Supervision Appearance Program.

21. Also on March 1, 2018, I sent a letter to the USCIS Field Office in Boston, Massachusetts seeking an update on Celina's I-130 visa petition and Oscar's pending I-212 application and requesting, given

      the time-sensitive nature of the matter, that both applications be processed as expeditiously as possible.

22. I have received no response to my March 1, 2018 letter. Both the I-130 and I-212 remain pending before USCIS.

23. On April 2, 2018, my client appeared as directed at his ICE check-in with tickets departing the United States.

24. On April 5, 2018, I spoke by telephone with the ICE officer in charge of Oscar's case. I asked the officer to exercise further discretion on behalf of Oscar. He declined, stating it was not ICE's fault that USCIS had not adjudicated the petition or the waiver.

25. If he is forced to depart the United States, Oscar will be have to await the processing of his I-130, his I-212, and an I-601 Application for Waiver of Grounds of Inadmissibility in El Salvador, where he still fears being killed. The I-601 can only be filed after the I-130 and I-212 are approved.

26. I know of I-130 petitions filed by U.S. citizen spouses that should be approved in a matter of months taking up to three years to ultimately be approved.

27. If Oscar is forced to depart the United States, it may take between one year and several years for these applications to be processed, and before Oscar can obtain an immigrant visa to rejoin his family as a lawful permanent resident. During this time, his children will be without their father and his wife will lose her partner and the household's primary breadwinner

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*/s/ Ondine G. Sniffin*                                        April 30, 2018
Ondine G. Sniffin                                             Date

# EXHIBIT A

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Sniffin, Ondine Galvez**
**The Law Office of Ondine G. Sniffin, Esq.**
**11 S. Angell St., Suite #495**
**Providence, RI 02906**

**DHS/ICE Office of Chief Counsel - BOS**
**P.O. Box 8728**
**Boston, MA 02114**

**Name: RIVAS-DURAN, OSCAR ALMICAR**    A ▮▮▮▮▮▮▮▮

**Date of this notice: 1/16/2018**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Kendall Clark, Molly

GilbeauR
Userteam: Docket

U.S. Department of Justice

Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

File: ▮▮▮▮▮▮▮▮▮▮▮  Date: JAN 16 2018

In re: Oscar Almicar RIVAS-DURAN

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Ondine Galvez Sniffin, Esquire

ON BEHALF OF DHS: Justine Bavaro
                   Assistant Chief Counsel

APPLICATION: Reopening

ORDER:

The motion is denied. This matter was before us on December 30, 2011, when we dismissed the respondent's appeal. On May 11, 2012, we denied the respondent's motion to reconsider. On July 11, 2017, the respondent filed this motion for sua sponte reopening. He seeks an opportunity to apply anew for voluntary departure so he can proceed with consular processing once the visa petition (Form I-130) filed on his behalf by his United States citizen wife is approved.[1] In support of this motion, the respondent emphasizes that he has two United States citizen children, 11 years of residency in the United States, steady employment, no criminal record, and a record of attending his court and immigration appointments. We acknowledge the respondent's equities but we are not persuaded that they are exceptional to justify sua sponte reopening, a limited form of discretion. *See Matter of J-J-,* 21 I&N Dec. 976, 984 (BIA 1997) (noting that sua sponte reopening may not be used as a general cure for filing defects or to otherwise circumvent the regulations, when enforcing them might result in hardship."); *see also Matter of G-D-,* 22 I&N Dec. 1132, 1133-34 (BIA 1999) (holding that the Board's discretion to reopen a case sua sponte is "an extraordinary remedy reserved for truly exceptional situations"). *See also Matter of G-C-L,* 23 I&N Dec. 359 (BIA 2002) (noting the interest in finality in immigration proceedings).

_Molly Cudell Clark_
FOR THE BOARD

---

[1] Contrary to the respondent's belief, an alien who is subject to an administratively final order of removal can apply for a provisional waiver under some circumstances. See 8 C.F.R. § 212.7(e)(4)(iv).