# EXHIBIT D
# Affidavit of Marcela Ordonez

AFFIDAVIT OF MARCELA ORDOÑEZ

1. I am an immigration attorney licensed to practice law in Rhode Island and Massachusetts.

2. I represented Lilian P. Calderon Jimenez and her husband in a family immigration petition.

3. Ms. Calderon has had a final order of removal since 2002.

4. Regulations that became final in October 2016 made it possible for individuals like Ms. Calderon to apply for permanent residency without a lengthy absence from the United States, through a process termed the "stateside waiver" or "provisional waiver" process.

5. A noncitizen who, for example, overstays a tourist visa, and then marries a U.S. citizen, can "adjust" his status to that of a United States citizen. 8 U.S.C. § 1255.

6. Ms. Calderon was not eligible for adjustment of status because she entered the United States without inspection, i.e., by crossing the United States-Mexico border. Ms. Calderon was three years old at the time of her entry.

7. Instead of adjusting her status, Ms. Calderon would have to "consular process"—that is, apply for an immigrant visa and be processed at a United States consulate abroad.

8. Before being able to obtain an immigrant visa, however, she would have to obtain waivers of grounds of "inadmissibility" codified under 8 U.S.C. § 1182.

9. Upon leaving the United States to apply for an immigrant visa, Ms. Calderon would be subject to inadmissibility for 10 years under 8 U.S.C. § 1182(a)(9)(B)(i)(II) for having been unlawfully present in the United States for more than one year. She would also be subject to inadmissibility for 10 years under 8 U.S.C. § 1182(a)(9)(ii)(II) for being an alien who "departed the United States while an order of removal was outstanding."

10. Waivers exist for both of these deportability grounds. Under 8 U.S.C. § 1182(a)(9)(B)(v), the executive branch may waive inadmissibility under § 1182(a)(9)(B)(i) to prevent "extreme hardship" to a noncitizen's U.S. citizen or permanent resident spouse or parent. Similarly, under 8 U.S.C.

§ 1182(a)(9)(A)(iii), the executive branch may "consent" to an alien's reapplying for admission despite his having been deported or having departed the United States with an outstanding order of removal.

11. Prior to 2013, a noncitizen who had entered without inspection, and then married a U.S. citizen, had to apply for a waiver of § 1182(a)(9)(B)(i)(II) abroad, and wait many months or even years while the waiver was being adjudicated. If the waiver was approved, the noncitizen could then complete her immigrant visa application at a U.S. consulate.

12. The stateside waiver process was created in 2013 to streamline this process and decrease family separation. Under the original regulations, the process was available only to individuals whose only inadmissibility ground was the unlawful presence ground under 8 U.S.C. § 1182(a)(9)(B). See Provisional Unlawful Presence Waivers of Inadmissibility for Certain Immediate Relatives; Final Rule, 78 Fed. Reg. 536 (Jan. 3, 2013).

13. For those eligible, the stateside waiver process created a means to apply for a provisional waiver of 8 U.S.C. § 1182(a)(9)(B) while still in the United States, and then—if it was approved—go abroad and complete the process at a U.S. consulate. The process shortened family separation from many months or years to approximately one month.

14. In 2016, the Department of Homeland Security expanded the stateside waiver process to more categories of people, including those living in the United States with final orders of removal. See Expansion of Provisional Unlawful Presence Waivers of Inadmissibility; Final Rule, 81 Fed. Reg. 50244, 50245 (July 29, 2016).

15. I represented Ms. Calderon and her husband, who began this process shortly after it became available.

16. I anticipated that their application would follow the usual steps. These steps are, generally speaking, as follows.

17. First, they would have to file an I-130, Petition for Alien Relative, to establish the existence of their marital relationship. An interview is often required as part of the adjudication of an I-130.

18. Second, after having that approved, they could file an I-212, Application for Permission to Reapply for Admission into the United States After

Deportation or Removal, in order to seek a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(A).

19. Third, after obtaining conditional approval of Ms. Calderon's I-212, they would have to file an I-601A, Application for Provisional Unlawful Presence Waiver, which would seek a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(B).

20. The stateside waiver process would have permitted them to complete these first three steps within the United States, thus avoiding a potentially lengthy family separation.

21. In the fourth step, after obtaining approval of her I-601A, Ms. Calderon would have to briefly depart the United States in order to complete her immigrant visa application by being interviewed at a United States consulate.

22. Fifth, if approved for an immigrant visa, Ms. Calderon could travel to the United States with that immigrant visa. Upon admission, she would become a lawful permanent resident.

23. Ms. Calderon and her husband began the first step of the process in November 2016 when he filed an I-130 seeking to establish his marital relationship to her.

24. They were initially called for an interview in November 2017. I helped the couple reschedule that interview because they were in the middle of moving, and the November 2017 date was the same as the date they were closing on the sale of their home.

25. Ms. Calderon and her husband were given a date of January 17, 2018 and asked to appear for an I-130 interview at the Johnston, RI offices of U.S. Citizenship and Immigration Services.

26. I did not attend this interview with them.

27. Their I-130 was approved, meaning that U.S. Citizenship and Immigration Services recognized their marriage as bona fide.

28. Unfortunately, Ms. Calderon was detained by Immigration and Customs Enforcement (ICE) officials upon completion of her interview. To my knowledge, she is still in ICE custody and facing imminent removal.

I declare under penalty of perjury that the foregoing is true and correct.

_____          __02_/_05_/_2018_
Marcela Ordoñez                                              Date