# EXHIBIT E
# Affidavit of Tiffany R. Andrade

## AFFIDAVIT OF TIFFANY R. ANDRADE

1.  I am an immigration attorney licensed to practice law in Massachusetts. I have been practicing immigration law since 2015. I am an associate attorney at Joyce & Associates, P.C. in Boston, Massachusetts.

2.  I represent Lucimar Gomes De Souza and her husband, Sergio Santos Francisco, in matters before the Executive Office of Immigration Review (EOIR), the Board of Immigration Appeals (BIA), U.S. Citizenship and Immigration Services (USCIS), and U.S. Immigration Customs and Enforcement (ICE), including Mr. Francisco's approved I-130 visa petition for his wife; Ms. De Souza's motion to reopen before EOIR and appeal of the denial by the BIA; her pending I-212 application before USCIS; a request for stay of removal (form I-246), which will be filed with ICE by April 30, 2018; and a post-order custody review, for which I will file documents on April 30, 2018. Ms. De Souza and her husband have been clients of Joyce & Associates, P.C. since August of 2015.

3.  Ms. De Souza married her husband, Sergio Santos Francisco, on August 22, 2006. The couple has an eleven-year-old son, who is a U.S. citizen. Ms. De Souza is the beneficiary of an approved I-130 Petition for Alien Relative filed by her husband Sergio. See I-130 Approval, **Exhibit A**. She is currently detained at South Bay House of Corrections, located at 20 Bradston Street, Boston, MA 02118.

4.  Ms. De Souza entered the United States on or around February 22, 2002 without inspection. She was apprehended upon entering the U.S. and was detained by immigration officials. While in detention, she provided to immigration officers the address of her friend in Waterbury, CT, where she would be staying. She remained with her friend for a short period of time and then traveled to Danbury, CT. Ms. De Souza's friend informed Ms. De Souza that he never received any notice about her immigration case. He lived at that same address for some time.

5.  Having received no notice of the time and date of her removal hearing, Ms. De Souza did not appear at her Master Calendar hearing in removal proceedings scheduled on June 11, 2002 before the Harlingen, Texas Immigration Court. She was ordered removed *in absentia* on that date.

6.  On May 16, 2014, Ms. De Souza's previous Attorney, Walter J. Gleason Jr. filed a Motion to Reopen Removal Proceedings to the Harlingen, TX Immigration Court. On June 23, 2014, Immigration Judge David Ayala denied the Motion to Reopen.

7.  On July 18, 2014, Attorney Gleason filed an appeal from Immigration Judge Ayala's denial of the Motion to Reopen with the BIA. On July 23, 2015, the BIA dismissed Ms. De Souza's appeal.

8.  In August of 2015, Ms. De Souza and her husband retained Joyce & Associates, P.C. to file an I-130 Petition for Alien Relative for Ms. De Souza.

9. Mr. Francisco's I-130 visa petition for his wife was filed with USCIS on September 29, 2016.

10. On January 30, 2018, Ms. De Souza and her husband attended an I-130 interview at USCIS in Boston, Massachusetts. See Interview Notice, **Exhibit B**. The visa petition was approved at the conclusion of this interview.

11. Right after the January 30, 2018 visa interview ended, Ms. De Souza was detained at the JFK Federal Building by five ICE officers. They had been standing outside the USCIS office where the I-130 visa interview was conducted waiting to arrest Ms. De Souza. I pleaded with the officers to not detain her; however, the officers said they were following orders. I informed the officers I would be filing a Motion to Reopen with the Board of Immigration Appeals that same day.

12. Later that same day, I filed an Emergency Motion to Reopen with the BIA highlighting that Ms. De Souza was detained by ICE just after her I-130 interview.

13. On February 1, 2018, I filed an Emergency Stay of Removal on behalf of Ms. De Souza with the BIA.

14. On February 6, 2018 I received the receipt notice from the Board of Immigration Appeals that the Emergency Motion to Reopen was received by the Board.

15. On February 9, 2018, I called the Board of Immigration Appeals to check on the Emergency Motion that was filed on January 30, 2018. The Clerk's Office informed me on the phone that in their system Ms. De Souza's custody was showing as "released." This was not correct as Ms. De Souza was detained. If the system did not change to show Ms. De Souza as "detained," then the Board of Immigration Appeals would not look at the Motion to Reopen as an "emergency." The clerk then transferred me to the person in charge of Ms. De Souza's case. She did not pick up the phone, so I left a voicemail asking her to call me back.

16. On February 12, 2018, after not receiving a phone call from the case manager of Ms. De Souza's case, I called the Board of Immigration Appeals to check on Ms. De Souza's case. The system was still showing Ms. De Souza as "released." The clerk told me to contact Immigration and Customs Enforcement to inquire about the custody.

17. That same day, on February 12, 2018, I called Immigration and Customs Enforcement in Burlington, MA to ask about Ms. De Souza's custody status. An officer I spoke with informed me that by Monday, February 19, 2018, within one week, the system should be updated. However, the following Tuesday, February 20, 2018, the system of the Board of Immigration Appeals was still showing Ms. De Souza's custody as "released."

18. From February 20, 2018 until March 8, 2018, I called the Board of Immigration Appeals six times and Immigration and Customs Enforcement seven times in order to try to get her custody status corrected so that the BIA might act on her emergency request for stay.

19. On March 8, 2018, the Board of Immigration Appeals' system was finally showing Ms. De Souza's custody as "detained."

20. On March 23, 2018, I filed a Request for Bond or Supervised Release with ICE. The request was hand-delivered while at a check-in at ICE by Kathryn Joyce from our office to be given to Officer Shepard. Officer Shepard was Ms. De Souza's Officer at the time. Her ICE officer is currently Officer Stuart. There is still no decision on this request. See Request for Release, **Exhibit C**.

21. On April 11, 2018, Ms. De Souza filed a Form I-212 Application for Permission to Reapply for Admission into the United States After Deportation or Removal with USCIS. As of April 27, 2018, that application is still pending.

22. On April 13, 2018, the BIA denied Ms. De Souza's motion to reopen, finding that she had not demonstrated an exceptional circumstance or situation supporting sua sponte reopening, and that the BIA has no discretionary authority to grant relief from removal solely on equitable or humanitarian grounds or as a matter of public policy. The BIA noted that Ms. De Souza "does not need to have her proceedings reopened prior to filing a request for a provisional unlawful presence waiver. Effective August 29, 2016, the final rule on provisional unlawful presence waivers permits individuals, such as the respondent, with final orders of removal, to apply for provisional waivers under certain circumstances. 8 C.F.R. § 212.7(e)(4)(iv)." The BIA further noted that Ms. De Souza "may request an administrative stay of deportation from the DHS while any waiver or provisional waiver applications are pending before the USCIS." See BIA Denial of the Motion to Reopen, **Exhibit D**.

23. On April 27, 2018, I received correspondence from Ms. De Souza containing a "Notice to Alien of File Custody Review" along with a "Warning for Failure to Depart", and an "Instruction Sheet to Detainee Regarding Requirements to Assist in Removal." These documents were signed by Officer William Chambers. I intend to file the requested documents in person to ICE on Monday, April 30, 2018. See Notice to Alien of File Custody Review, **Exhibit E**.

24. I am in the process of preparing a Form I-246 application for stay of removal for filing with ICE. I plan to file this formal request for stay with ICE on April 30, 2018.

I declare under penalty of perjury that the foregoing is true and correct.


_____                    04/27/2018
Tiffany R. Andrade                                   Date

# EXHIBIT A

Department of Homeland Security
U.S. Citizenship and Immigration Servic‾‾‾                                      ‾m I-797C, Notice of Action

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number | | Case Type |
|---|---|---|
| | | I130 - PETITION FOR ALIEN RELATIVE |
| **Received Date** 09/27/2016 | **Priority Date** 09/27/2016 | **Petitioner** FRANCISCO, SERGIO SANTOS |
| **Notice Date** 01/30/2018 | **Page** 1 of 1 | **Beneficiary** DE SOUZA, LUCIMAR GOMES |

SERGIO SANTOS FRANCISCO
c/o ANIELKA D SANCHEZ GODINEZ
JOYCE AND ASSOCIATES
205 PORTLAND STREET FLR 3
BOSTON MA 02114

**Notice Type:** Approval Notice
Section: Husband or wife of U.S. Citizen,
201(b) INA

We have mailed an official notice about this case (and any relevant documentation) according to the mailing preferences you chose on Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. **This is a courtesy copy, not the official notice.**

### What the Official Notice Said

The above petition has been approved. The petition indicates that the beneficiary is in the United States and wishes to apply for adjustment of status to that of a lawful permanent resident. The evidence indicates that he or she may not be eligible to file an adjustment of status application. This determination is based on the information submitted with the petition and any relating files. This is not a final determination on eligibility to adjust status and the beneficiary is not precluded from applying for adjustment of status if he or she chooses and believes he or she is eligible to adjust status.

Because the beneficiary does not appear eligible to adjust status in the United States, we have sent the approved petition to the **U.S. Department of State National Visa Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909.** The NVC processes all approved immigrant visa petitions that need consular action. It also determines which consular post is the appropriate consulate to complete visa processing. The NVC will then forward the approved petition to that consulate.

The NVC will contact the beneficiary of this petition with further information about immigrant visa processing steps.

This completes all USCIS action on this petition. You should allow a minimum of 30 days for U.S. Department of State processing before contacting the NVC. If you have not received any correspondence from the NVC within 30 days, you may contact the NVC by e-mail at NVCINQUIRY@state.gov. You will need to enter the USCIS receipt number from this approval notice in the subject line. In order to receive information about your petition, you will need to include in the body of the e-mail your name and date of birth, and the Applicant's (beneficiary's) name and date of birth.

### THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

**NOTICE:** Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

National Benefits Center
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 648004
Lee's Summit MO 64064



**Customer Service Telephone: 800-375-5283**

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.          Form I-797C  07/11/14  Y

EXHIBIT B



**Department of Homeland Security**
United States Citizenship and Immigration Services
John Fitzgerald Kennedy Building
Government Center
Boston, Massachusetts 02203

*PETITIONER & BNEFICIARY NAME & ADDRESS*

**SERGIO SANTOS FRANCISCO**
**LUCIMAR GOMES DE SOUZA**

Please refer to this File & Receipt Number:
A # ▮▮▮▮▮
Receipt # ▮▮▮▮▮

Date: December 28, 2017

Please come to the office shown below at the time and place indicated in connection with an official matter.

| | |
|---|---|
| **OFFICE LOCATION** | Room No. E-170     Floor No. Lowrise<br><br>John Fitzgerald Kennedy Building<br>Government Center, Boston, Massachusetts 02203 |
| **DATE AND HOUR** | Date: **JANUARY 30, 2018**<br>Time   **7:15 AM** |
| **ASK FOR** | Immigration Services Officer |
| **REASON FOR APPOINTMENT** | **Interview on petition for alien relative (I-130)** |
| **BRING WITH YOU** | Beneficiary and Petitioner: (1) Positive (picture) identification, all passports, birth certificates, and divorce decrees; (2) I-94 cards; (3) employment authorization card(s); (4) W-2's and IRS 1040 forms for the most recent three years; (5) verifiable clear and convincing evidence that you have been residing together in a bona fide marital relationship from date of marriage continuously to the present;  (6) any other relevant evidence; (7) and, if needed, a translator.  You may not translate for each other.  Bring original records for the foregoing, requested documentation *as well as a photocopied set of these records numbered in the foregoing order (1)-(7).* |

**IT IS IMPORTANT THAT YOU ARE PROMPT, KEEP THIS APPOINTMENT AND BRING THIS LETTER WITH YOU.  THIS INTERVIEW MAY BE VIDEO RECORDED.**

If you **both** (petitioner & beneficiary) are unable to keep this appointment, the interview will not be held. The petitioner must also   provide the reason this appointment could not be dept. sign below and return this letter to this office at once.

| I am unable to keep the appointment because: | |
|---|---|
| | Very truly yours, |
| | *Michael J. McCleary signature* |
| SIGNATURE                                    DATE: | **Michael J. McCleary**<br>**Field Office Director** |

CC:    **JOYCE AND ASSOCIATES**
         **ATTN: TIFFANY RACHEL ANDRADE**
         **205 PORTLAND STREET FL 3**
         **BOSTON, MA 02114**

Form G-56
(Rev. S 1 83) V

# EXHIBIT C

# JOYCE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

WILLIAM P. JOYCE * **

\* Also admitted in Virginia
\*\* Also admitted in Washington, D.C.

TIFFANY R. ANDRADE
ALYSHA M. WELSH
LAURA C. JOYCE
KATE C. ROBINS
CAMILA R. VALENZUELA ARAYA
CAMERON M. ROSS

March 23, 2018

### *Sent via In-Hand Delivery*

ATTN: Officer Sheperd
U.S. Immigration Customs and Enforcement
U.S. Department of Homeland Security
1000 District Avenue
Burlington, MA 01803

**Re:    Lucimar Gomes DE SOUZA**
          **A#**
          **Request for Bond, or Supervised Release**

Dear Officer Sheperd:

I represent Mrs. Lucimar Gomes De Souza in her immigration matters (Form G-28 enclosed). Mrs. Gomes De Souza is being currently held at the South Bay House of Corrections in Boston, MA. At this time, we are requesting that Mrs. De Souza be released on Bond pursuant to INA §236(a)(2), or on supervised release by your agency. On January 31, 2018, Mrs. De Souza was detained by your agency after an I-130, Petition for Alien Relative interview. The Board of Immigration Appeals ("BIA") had listed Mrs. De Souza as "non-detained" or "released" up until March 8, 2018 because the BIA claimed they had not yet received Form I-830.

Mrs. De Souza is not a danger to the community and is not a flight risk; as such, we are respectfully asking that she be released on bond or supervised release. Mrs. De Souza is a wife to her U.S. Citizen husband Sergio, of twelve years, and mother to their eleven-year old U.S. Citizen son,          Sergio is retired, has a 17-year history of hyperthyroidism, is disabled, and as a history of panic attacks and medical complications.          is very attached to his mother and has been having a very difficult time without her while she has been detained.

Mrs. De Souza has no criminal record and has no reason to flee the state or the United States in general. Mrs. De Souza is not a danger to the community or a flight risk and would be amenable to wearing a GPS monitor while her Motion to Reopen is pending before the Board of Immigration Appeals. She would follow every rule set by your agency, will check in regularly, and wear a GPS monitored bracelet in the event of her release from custody.

Enclosed please find the following:

1. Form G-28;
2. MA CORI of Mrs. Lucimar Gomes De Souza showing no criminal record;
3. Certificate of Marriage of Lucimar and her U.S. Citizen husband Sergio;
4. Certificate of Naturalization of Sergio Francisco;
5. Birth Certificate of U.S. Citizen Anthony Francisco; and
6. Medical Records of Sergio Francisco detailing his medical conditions.


Please let me know if anything further is needed. Please process this request for Bond, or supervised release at your earliest convenience. Thank you for your time and assistance in this matter.


Sincerely,

Tiffany R. Andrade, Esq.


Enclosures
TRA/JP/6816



# Notice of Entry of Appearance
## as Attorney or Accredited Representative
### Department of Homeland Security

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 03/31/2018

---

## Part 1. Information About Attorney or Accredited Representative

1. USCIS ELIS Account Number *(if any)*
   ▶ [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

### Name and Address of Attorney or Accredited Representative

| | | |
|---|---|---|
| 2.a. | Family Name *(Last Name)* | Andrade |
| 2.b. | Given Name *(First Name)* | Tiffany |
| 2.c. | Middle Name | Rachel |
| 3.a. | Street Number and Name | 205 Portland Street |
| 3.b. | Apt. [ ]  Ste. [ ]  Flr. [X] | 3 |
| 3.c. | City or Town | Boston |
| 3.d. | State  MA | 3.e.  ZIP Code  02114 |
| 3.f. | Province | |
| 3.g. | Postal Code | |
| 3.h. | Country | USA |

4. Daytime Telephone Number
   6175231500

5. Fax Number
   6175232400

6. E-Mail Address *(if any)*
   tandrade@joyceassociates.com

7. Mobile Telephone Number *(if any)*

## Part 2. Notice of Appearance as Attorney or Accredited Representative

This appearance relates to immigration matters before *(Select only one box):*

1.a. [ ] USCIS

1.b. List the form numbers

2.a. [X] ICE

2.b. List the specific matter in which appearance is entered
     All Matters

3.a. [ ] CBP

3.b. List the specific matter in which appearance is entered

I enter my appearance as attorney or accredited representative at the request of:

4. Select **only one** box:
   [ ] Applicant   [ ] Petitioner   [ ] Requestor
   [X] Respondent (ICE, CBP)

### Information About Applicant, Petitioner, Requestor, or Respondent

| | | |
|---|---|---|
| 5.a. | Family Name *(Last Name)* | DE SOUZA |
| 5.b. | Given Name *(First Name)* | Lucimar |
| 5.c. | Middle Name | Gomes |

6. Name of Company or Organization *(if applicable)*



## Part 2.  Notice of Appearance as Attorney or Accredited Representative *(continued)*

### Information About Applicant, Petitioner, Requestor, or Respondent *(continued)*

7. USCIS ELIS Account Number *(if any)*

   ▶ [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

8. Alien Registration Number (A-Number) or Receipt Number

   [ ████████ ]

9. Daytime Telephone Number

   [ ████████ ]

10. Mobile Telephone Number *(if any)*

    [ ████████ ]

11. E-Mail Address *(if any)*

    [                    ]

### Mailing Address of Applicant, Petitioner, Requestor, or Respondent

**NOTE:**  Provide the mailing address of the applicant, petitioner, requestor, or respondent.  **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application, petition, or request being filed with this Form G-28.

**12.a.** Street Number and Name   [ 20 Bradston Street ]

**12.b.** Apt. ☐ Ste. ☐ Flr. ☐   [          ]

**12.c.** City or Town   [ Boston ]

**12.d.** State [ MA ]   **12.e.** ZIP Code [ 02118 ]

**12.f.** Province   [          ]

**12.g.** Postal Code   [          ]

**12.h.** Country

   [ USA ]

## Part 3.  Eligibility Information for Attorney or Accredited Representative

Select **all applicable** items.

**1.a.** ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia.  *(If you need additional space, use Part 6.)*

   Licensing Authority

   [ Massachusetts SJC ]

**1.b.** Bar Number *(if applicable)*

   [ 694053 ]

**1.c.** Name of Law Firm

   [ Joyce and Associates ]

**1.d.** I *(choose one)* ☒ **am not** ☐ **am**

   subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law.  If you are subject to any orders, explain in the space below.  *(If you need additional space, use Part 6.)*

   [                    ]

**2.a.** ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States, so recognized by the Department of Justice, Board of Immigration Appeals, in accordance with 8 CFR 292.2.  Provide the name of the organization and the expiration date of accreditation.

**2.b.** Name of Recognized Organization

   [                    ]

**2.c.** Date accreditation expires

   *(mm/dd/yyyy)* ▶ [          ]



## Part 3. Eligibility Information for Attorney or Accredited Representative *(continued)*

3. ☐ I am associated with

[                                    ],

the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative is at his or her request.

**NOTE:** If you select this item, also complete **Item Numbers 1.a. - 1.b.** or **Item Numbers 2.a. - 2.c.** in **Part 3.** *(whichever is appropriate).*

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2)(iv).

4.b. Name of Law Student or Law Graduate

[                                    ]

## Part 4. Applicant, Petitioner, Requestor, or Respondent Consent to Representation, Contact Information, and Signature

### Consent to Representation and Release of Information

1. I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and DHS policy, I also consent to the disclosure to the named attorney or accredited representative of any record pertaining to me that appears in any system of records of USCIS, ICE or CBP.

   When you (the applicant, petitioner, requestor, or respondent) are represented, DHS will send notices to both you and your attorney or accredited representative either through mail or electronic delivery.

   DHS will also send the Form I-94, Arrival Departure Record, to you **unless** you select **Item Number 2.a.** in **Part 4.** All secure identity documents and Travel Documents will be sent to you (the applicant, petitioner, requestor, or respondent) at your U.S. mailing address **unless** you ask us to send your secure identity documents to your attorney of record or accredited representative.

If you do not want to receive original notices or secure identity documents directly, but would rather have such notices and documents sent to your attorney of record or accredited representative, please select **all applicable** boxes below:

2.a. ☐ I request DHS send any notice (including Form I-94) on an application, petition, or request to the U.S. business address of my attorney of record or accredited representative as listed in this form. I understand that I may change this election at any future date through written notice to DHS.

2.b. ☐ I request that DHS send any secure identity document, such as a Permanent Resident Card, Employment Authorization Document, or Travel Document, that I am approved to receive and authorized to possess, to the U.S. business address of my attorney of record or accredited representative as listed in this form or to a designated military or diplomatic address for pickup in a foreign country (if permitted). I consent to having my secure identity document sent to my attorney of record or accredited representative's U.S. business address and understand that I may request, at any future date and through written notice to DHS, that DHS send any secure identity document to me directly.

3.a. Signature of Applicant, Petitioner, Requestor, or Respondent



3.b. Date of Signature *(mm/dd/yyyy)* ▶ [                    ]

## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before the Department of Homeland Security. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

1. Signature of Attorney or Accredited Representative

   [                    ]

2. Signature of Law Student or Law Graduate

   [                    ]

3. Date of Signature *(mm/dd/yyyy)* ▶ 01/30/2018

## Part 6.  Additional Information

Use the space provided below to provide additional information
pertaining to **Part 3., Item Numbers 1.a. - 1.d.** or to provide
your U.S. business address for purposes of receiving secure
identity documents for your client (if your client has consented
to your receipt of such documents under **Part 4.**)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____



Form G-28   05/05/16   Y

 

**.,.E COMMONWEALTH OF MASSACHUSET,** $
**EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY**
**Department of Criminal Justice Information Services**
200 Arlington Street, Suite 2200, Chelsea, MA 02150, MASS.GOV/CJIS
TEL: 617-660-4640 | TTY: 617-660-4606 | FAX: 617-660-5973

## Massachusetts Criminal Offender Record Information (CORI)

ANIELKA D SANCHEZ GODINEZ
205 PORTLAND STREET, 3RD FLOOR
Boston, MA 02114

To Whom It May Concern:

The Massachusetts Department of Criminal Justice Information Services (DCJIS) has conducted a computerized search of the Criminal Offender Record Information database.

The attached is a true copy of matching information from the CORI database for DE SOUZA, LUCIMAR G and date of birth

Signed under the penalties of perjury this 12th day of May 2016.

Norma Marquez
Massachusetts Department Criminal Justice Information Services

•••••• **DCJIS** Enhancing Public Safety Through Information Exchange



**THE COMMONWEALTH OF MASSACHUSETTS**
**EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY**
**Department of Criminal Justice Information Services**
200 Arlington Street, Suite 2200, Chelsea, MA 02150, MASS.GOV/CJIS
TEL: 617-660-4640 | TTY: 617-660-4606 | FAX: 617-660-5973



---

## Massachusetts Criminal Offender Record Information (CORI)

The information provided within this response contains only Massachusetts criminal offender record information and is based on the statutory access of the requestor. Unauthorized access, use or dissemination of this information is prohibited under Massachusetts General Law.

This information is not fingerprint-supported and may not actually relate to the person whose information you are seeking. Individuals who believe there may be a discrepancy within this record should contact the Department of Criminal Justice Information Services (DCJIS).

This Massachusetts CORI was generated on 05/12/2016 11:39 as the response to your request submitted on 05/12/2016 11:37 with the following details:

## Request Details

| | | |
|---|---|---|
| Request ID: | ███████ | Request Date/Time: **05/12/2016 11:37** |
| Name: | **DE SOUZA, LUCIMAR G** | |
| Former Last Name(s): | **DE SOUZA GOMES** | |
| Date of Birth: | ███████ | SSN: |
| PCF Number: | | |
| Sex: | | Race: |
| Father's Name: | ███████ | Mother's Name: ███████ |

## Response Summary

NO AVAILABLE CORI

This response is the result of a search of the iCORI database using the subject's name and date of birth as submitted by the requestor. To ensure accuracy, it is the responsibility of the requestor to compare the information shown in the Request Details Section above to the subject's personal identifying information.

The DCJIS is not liable for any errors or omissions in the CORI results based on a requestor's entry of inaccurate, incorrect, or incomplete subject information.

---

Request ID: **P16PER-00470278**
Requested By: SANCHEZ GODINEZ, ANIELKA D
On Behalf of: **DE SOUZA, LUCIMAR G**
Date Generated: **05/12/2016 11:39**



Page: 1 of 2

THE COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY
Department of Criminal Justice Information Services
200 Arlington Street, Suite 2200, Chelsea, MA 02150, MASS.GOV/CJIS
TEL: 617-660-4640 | TTY: 617-660-4606 | FAX: 617-660-5973



## Massachusetts Criminal Offender Record Information (CORI)

The information contained in this response is the result of an exact match of the subject's name, date of birth, and last six digits of his or her social security number (if applicable), as submitted by the requestor, to information contained in the Massachusetts CORI database. In its discretion, the DCJIS may use the information provided by the requestor to match to other fields on the iCORI report including, but not limited to, a former name or alias field. The requestor is responsible for verifying the subject's identifying information with an acceptable type of government-issued identification at the time of its submission to the DCJIS, as well as for verifying that the identifying information contained in this record relates to the subject.

This report contains only criminal offender record information that is maintained in the Massachusetts CORI database and does not contain criminal offender record information from other states or sources. This response contains only that CORI to which the requestor is statutorily entitled, based on information provided by the requestor at the time of request.

The information contained in this CORI report is created and provided by entities other than the DCJIS. The DCJIS is not responsible for incorrect or incomplete information contained herein, or for any omissions from the contributing entities.

This CORI report is confidential. Any unauthorized access to, or dissemination of this document or the information contained therein is subject to the civil penalties set forth in M.G.L. c. 6, §168, and the criminal penalties set forth in M.G.L. c. 6, §178. Civil penalties include suspension or revocation of CORI access and monetary fines up to $5,000 for each violation. Criminal penalties include monetary fines up to $50,000, incarceration in a house of correction for up to one year, or both a fine and incarceration.

Request ID: **P16PER-00470278**
Requested By: SANCHEZ GODINEZ, ANIELKA D
On Behalf of: DE SOUZA, LUCIMAR G
Date Generated: 05/12/2016 11:39

 *Enhancing Public Safety Through Information Exchange*

Page: 2 of 2

Remaining Portions of Record Contain
Sensitive Personal Information and Have
Been Omitted

EXHIBIT D

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Andrade, Tiffany R
Joyce & Associates, P.C.
205 Portland Street
3rd Floor
Boston, MA 02114

DHS/ICE Office of Chief Counsel - HLG
1717 Zoy Street
Harlingen, TX 78552

Name: DE SOUZA-GOMES, LUCIMAR          A

Date of this notice: 4/13/2018

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Kendall Clark, Molly

SmithK
Userteam: Docket

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: ███████████████                    Date:

In re: Lucimar DE SOUZA-GOMES                    APR 1 3 2018

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Tiffany R. Andrade, Esquire

APPLICATION:  Reopening

ORDER:

On January 31, 2018, the respondent submitted a motion to reopen proceedings in which on July 23, 2015, the Board dismissed her appeal of an Immigration Judge's denial of her motion to reopen proceedings wherein she was ordered removed to her native Brazil in absentia on June 11, 2002. The motion is denied.

The respondent's motion is untimely because it was filed more than 2 years after the Board's decision.  Section 240(c)(7) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).  However, she seeks sua sponte reopening to pursue a provisional unlawful presence waiver (Form I-601A). 8 C.F.R. § 1003.2(a). The respondent does not need to have her proceedings reopened prior to filing a request for a provisional unlawful presence waiver. Effective August 29, 2016, the final rule on provisional unlawful presence waivers permits individuals, such as the respondent, with final orders of removal, to apply for provisional waivers under certain circumstances.  8 C.F.R. § 212.7(e)(4)(iv).  The United States Citizenship and Immigration Services (USCIS) has exclusive jurisdiction over this matter. 8 C.F.R. § 212.7(e)(1); 81 Fed. Reg. at 50262. The respondent may request an administrative stay of deportation from the Department of Homeland Security while any waiver or provisional waiver applications are pending before the USCIS. 8 C.F.R. § 241.6(a).

Given the situation presented, the respondent has not met her burden of demonstrating an exceptional circumstance or situation supporting sua sponte reopening. *Matter of G-D-*, 22 I&N Dec. 1132, 1133-34 (BIA 1999) (discretion to reopen a case sua sponte is "an extraordinary remedy reserved for truly exceptional situations"); *Matter of J-J-*, 21 I&N Dec. 976, 984 (BIA 1997) (sua sponte reopening is limited to exceptional circumstances and is not meant to cure filing defects or circumvent the regulations).  We recognize that she has cited humanitarian factors in seeking reopening. While we are sympathetic to her situation, this Board has no discretionary authority to grant relief from removal solely on equitable or humanitarian grounds or as a matter of public policy. *See Matter of Silva-Rodriguez*, 20 I&N Dec. 448 (BIA 1992); *Matter of Medina*, 19 I&N Dec. 734, 742 (BIA 1988). Any request in this regard should be directed to the USCIS, which has sole authority over such requests.  As we find that reopening is not warranted, the motion is denied.

*Molly Kendall Clark*
FOR THE BOARD

EXHIBIT E

**U.S. Department of Homeland Security**
**Immigration and Customs Enforcement**

*1000 District Avenue*
*Burlington, MA 01803*

April 23, 2018

Lucimar De Souza Gomez

Suffolk County House of Correction
20 Bradston Street
Boston, MA

### Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Customs Enforcement Agency (ICE) and you are required to cooperate with ICE in effecting your removal from the United States. If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody, the ICE Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you **will not** pose a danger to the community and **will not** present a flight risk.

Your custody status will be reviewed on or about: ***4/30/2018.*** The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel documents;
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). You will be notified of the decision in your case when the custody review has been concluded. An attorney of other person may submit materials on your behalf. The Field Office Director will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case

**U.S. Department of Homeland Security**
Immigration and Customs Enforcement Agency
Attn: POCR Unit
1000 District Avenue
Burlington, MA 01803

METHOD OF SERVICE

I certify that this form was provided to the alien by:          (Hand)                    (Institution Mail)
( ) CC: Attorney of Record or Designated Representative
(X) CC: A-file

_____          William Chambers          4-23-2018
Signature of Officer                    Printed Name of Officer          Date

**U.S. Department of Justice**
Immigration and Naturalization Service

**Warning for Failure to Depart**

| Name: | District Office: | File #: |
|---|---|---|
| Lucimar De Souza Gomez | Boston | ▮▮▮▮▮ |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

    (A)   willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

    (B)   willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

    (C)   connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

    (D)   willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order, shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

*   Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| 06/11/2002 | 212(a)(6)(A)(i) |

### Record of Service
(Check method used)

| **Record of Personal Service** | |
|---|---|
| (   ) | |
| Served By: (Print Name and Title of Officer)   DO   William Chambers | Date: 4-23-18 |
| Officer's Signature:   W Chambers | Location of Service: Suffolk County HOC |
| Served On: (Alien's Signature)   X Refused to Sign | Date: 4-23-18 |

| (   )   **Warning administered in Court** | **Record of Personal Service (Cont.)** |
|---|---|
| (Copy of order attached) | |
| (   )    **Certified Mail Service** | Fingerprint of Alien  (Specify finger used) |
| **Attach certified mail receipts here.** | |

Form I-229(a)
(Revised 12/04/02)

## INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENTS TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order to comply with your obligations to assist in obtaining a travel document:

*<u>Mandatory requirements will be checked off by the ICE officer depending on the facts of each case.</u>*
*Failure to comply or provide sufficient evidence of your inability to comply may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

☐ Submit passports (current and expired) to ICE. If you have a copy of your passport you are to submit it.

☐ Apply for a travel document / passport from your embassy, or consulate or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

☐ Comply with all instructions from all embassies of consulates requiring completion of documentation for issuance of a travel document

☐ Submit to ICE: Birth Certificates, national identification cards and any other document issued by a foreign government indicating your citizenship, nationality, place of birth and place of residence prior to entering the United States.

☐ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States in order to facilitate the issuance of a travel document.

☐ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad to contact your government in reference to issuing a travel document.

☐ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

☐ Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.

☐ Provide ICE with written copies of responses from embassies or consulates regarding your requests.

☐ Solicit permission from another country, which may be able to accept you to enter that country to effect your removal from the United States.

☐ Other:_____.

Alien's Signature: X *Refused to Sign*      A Number: ██████
Served by: *William Chambers* _____ on *4-23-18* at *Suffolk County HOC*
             **(Officer's Name)**                      **(Date)**        **(Location)**

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 01/28/08)