# EXHIBIT F
# Affidavit of John Loscocco

## AFFIDAVIT OF JOHN LOSCOCCO

1. I am writing as Sandro José de Souza's immigration attorney to set for the facts of his case as I understand them.

2. I have been licensed to practice in Massachusetts since 1988, and have been practicing immigration law since that time.

3. Sandro José de Souza first lived in the United States from 1992 to 1995.

4. Mr. de Souza returned to the United States in 1997 after being harmed and threatened in Brazil. He applied for asylum and withholding of removal based on his fear of persecution. The immigration judge denied his application on June 18, 2010 but granted him voluntary departure.

5. On September 8, 2011, the BIA affirmed the judge's decision finding that Mr. de Souza failed to establish that the beating and kidnapping he suffered were on account of a protected ground recognized under asylum law. The BIA granted voluntary departure, giving Mr. de Souza sixty days to depart. Neither the immigration judge nor the BIA made any adverse credibility finding.

6. By then, Mr. de Souza had married his U.S. citizen wife, Carmen Sanchez. After their April 15, 2011 marriage, Ms. Sanchez filed an I-130 Petition for Alien Relative for Mr. de Souza on October 13, 2011.

7. On or about June 14, 2013, Mr. de Souza filed a motion to reopen his immigration proceedings before the BIA on the grounds of his wife's pending I-130 petition and his eligibility to seek to legalize his immigration status through a provisional unlawful presence waiver (I-601A) under regulations that had just gone into effect.

8. Represented by prior counsel, Mr. de Souza also asked to reschedule his I-130 interview, which was scheduled for June 13, 2013. The motion to reopen indicated that Mr. de Souza was seeking to reschedule the I-130 interview in the hopes of first reopening his immigration proceedings. I believe the prior counsel may have feared that Mr. de Souza would be detained at his I-130 interview, and/or may have believed that the BIA would readily exercise its sua sponte authority to reopen cases of individuals who might become eligible to seek lawful status under the 2013 provisional waiver regulations.

9. In a decision dated July 31, 2013, the BIA declined to reopen, citing the fact that the I-130 was still pending, and that Mr. de Souza would not be eligible for an I-601A waiver unless the I-130 was approved.

10. Mr. de Souza and Ms. Sanchez's first I-130 interview occurred around the fall of 2013. U.S. Citizenship and Immigration Services (USCIS) nevertheless failed to act on the I-130.

11. Since November 2013, Mr. de Souza has been checking in regularly with Immigration and Customs Enforcement (ICE) in Burlington, MA under an Order of Supervision while awaiting an adjudication of his I-130. Mr. de Souza initiated contact with ICE through prior counsel. Since that first check-in, he has been granted repeated stays of removal and complied with every reporting obligation.

12. On February 8, 2017, Mr. de Souza's application to renew his stay of removal was denied. At that point, his next check-in was January 9, 2018. He again applied for a stay of removal on January 9, 2018, but it was again denied.

13. Following the first stay denial, Mr. de Souza was told to report to ICE by February 9, 2018 with a ticket for travel to Brazil on or before March 9, 2018.

14. The I-130 that Ms. Sanchez filed for Mr. de Souza on October 13, 2011 remained pending in early 2018 despite numerous inquiries to USCIS, including through Senator Elizabeth Warren's office and the American Immigration Lawyers' Association. On two occasions, Mr. de Souza had even submitted additional evidence of his marriage, without being asked by the agency.

15. Based on progress on Mr. de Souza's I-130 in February 2018, I persuaded ICE to give Mr. de Souza a little bit more time. Rather than depart by March 9, 2018, Mr. de Souza was told to report to ICE on March 20, with tickets departing the United States on April 24, 2018.

16. Mr. de Souza and Ms. Sanchez were finally interviewed by USCIS in connection with their I-130 on February 16, 2018. After that interview, the I-130 was approved on March 1, 2018. The approval notice is attached to this declaration.

17. Unfortunately, during the time it took USCIS to adjudicate the I-130, Mr. de Souza's voluntary departure period had elapsed, and ICE was no longer amenable to supporting the efforts of deserving applicants like Mr. de Souza to legalize their status.

18. After his I-130 was approved, Mr. de Souza submitted a request to the Department of Homeland Security's Office of Chief Counsel, asking that office to join in a joint motion to reopen his removal proceedings. That request was denied on March 30, 2018.

19. Mr. de Souza appeared at his check in on March 20, 2018. Although his I-130 had now been approved, ICE did not reconsider its decision to force Mr. de Souza to depart the United States. Instead, Mr. de Souza was given instructions about how to depart the United States on April 24, 2018, and placed on electronic monitoring and intensive supervision.

20. The officer who handled Mr. de Souza's check-in that day stated that his boss was President Trump, and president Trump wanted Mr. de Souza gone. He stated he would only extend the date again if we demonstrated serious illness or death of an immediate family member—but nothing less compelling than that.

21. I filed an additional application for a stay of removal on March 20, 2018. That application was denied on April 2, 2018.

22. To my knowledge, only the April 13, 2018 Order of the federal district court stopped Mr. de Souza from having to depart the United States on April 24, 2018.

23. After the approval of Mr. de Souza's I-130 on March 1, 2018, he has been saving money for the $930 filing fee for the I-212, the Application for Permission to Reapply for Admission into the United States after Deportation or Removal. I have begun preparing his I-212 application, and anticipate that it will be filed by the end of April 2018.

24. Assuming his I-212 is granted and he is still in the United States, Mr. de Souza will file an I-601A.

25. In addition to his U.S. citizen wife, Mr. de Souza also supports his lawful permanent resident son, who is now 20 years old.

26. Mr. de Souza has no criminal history in any jurisdiction and there is no impediment to his legalization other than his final order and the time he has lived unlawfully in the United States—both of which can be addressed through provisional waivers.

I declare under penalty of perjury that the foregoing is true and correct.

_____
John Loscocco

# EXHIBIT A



# THE UNITED STATES OF AMERICA

## I-797 | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number | | Case Type |
|---|---|---|
| | | I130 - PETITION FOR ALIEN RELATIVE |
| Received Date 10/13/2011 | Priority Date 10/13/2011 | Petitioner SANCHEZ, CARMEN LUZ |
| Notice Date 03/01/2018 | Page 1 of 1 | Beneficiary DESOUZA, SANDRO JOSE |

CARMEN LUZ SANCHEZ

**Notice Type:** Approval Notice
Section: Husband or wife of U.S. Citizen, 201(b) INA

The above petition has been approved. The petition indicates that the beneficiary is in the United States and wishes to apply for adjustment of status to that of a lawful permanent resident. The evidence indicates that he or she may not be eligible to file an adjustment of status application. This determination is based on the information submitted with the petition and any relating files. This is not a final determination on eligibility to adjust status and the beneficiary is not precluded from applying for adjustment of status if he or she chooses and believes he or she is eligible to adjust status.

Because the beneficiary does not appear eligible to adjust status in the United States, we have sent the approved petition to the **U.S. Department of State National Visa Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909.** The NVC processes all approved immigrant visa petitions that need consular action. It also determines which consular post is the appropriate consulate to complete visa processing. The NVC will then forward the approved petition to that consulate.

The NVC will contact the beneficiary of this petition with further information about immigrant visa processing steps.

This completes all USCIS action on this petition. You should allow a minimum of 30 days for U.S. Department of State processing before contacting the NVC. If you have not received any correspondence from the NVC within 30 days, you may contact the NVC by e-mail at NVCINQUIRY@state.gov. You will need to enter the USCIS receipt number from this approval notice in the subject line. In order to receive information about your petition, you will need to include in the body of the e-mail your name and date of birth, and the Applicant's (beneficiary's) name and date of birth.

**THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

**NOTICE:** Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

National Benefits Center
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 648004
Lee's Summit MO 64064
Customer Service Telephone: 800-375-5283



FORM I-797 [REV. 08/01/16]