# EXHIBIT G
# Affidavit of Christina A. Corbaci

## AFFIDAVIT OF CHRISTINA A. CORBACI

1. My name is Christina Angelena Corbaci. I am an immigration attorney and have been practicing immigration law throughout the United States since my admission to the Massachusetts and New York bars in 2008.

2. I represent Deng Gao in matters pending before the Board of Immigration Appeals (BIA or Board), the U.S. Citizenship and Immigration Services (USCIS) and the Office of Chief Counsel of the Department of Homeland Security (DHS). I was retained to handle Mr. Deng's case in January 2016.

3. Mr. Gao is a native and citizen of the People's Republic of China. He met and married his first wife, a United States citizen, in China in 2004. His first wife filed an I-130 Alien Relative Petition on his behalf which was subsequently approved. Mr. Gao applied for a K-3 visa (a visa available to spouses of U.S. citizens with approved petitions who seek to enter the U.S. prior to obtaining the permanent resident visa).

4. While Mr. Gao awaited his visa processing in China, his wife had given birth to the couple's son in November 2004. His wife sent the child back to China to live with Mr. Gao and his parents. The child would remain living with Mr. Gao's parents for several years.

5. Mr. Gao's K-3 visa was approved and he entered the U.S. on September 8, 2005. After his entry, he was required to apply for adjustment of status in order to obtain his permanent residency. However, he learned that his wife and her family situation was not what he was expecting. He discovered that his wife and several of her family members had developmental delays and mental health issues and that her family had lured him to the U.S. to work to support her and her parents. They sent him to work long hours, forced him to use all his earnings to support the entire family, threatened if he were to leave that they would destroy his immigration case and bring shame on him and his family. His father-in-law controlled his immigration application process.

6. Mr. Gao was interviewed on his adjustment of status case by USCIS authorities in 2006, and again in 2007. Despite his attempts to explain why his wife had difficulty answering the officer's questions, USCIS ultimately denied Mr. Gao's adjustment of status application and revoked the prior I-130 petition approval in September 2007 on the basis that it determined the marriage had not been entered into in good faith. The USCIS record reflects that these notices were mailed to Mr. Gao but returned as undeliverable. Mr. Gao was unaware of the decisions.

7. By January 2008, Mr. Gao had built up the courage to leave the coercive family situation he was in and moved to the Boston, Massachusetts area. However, he had failed to change his address with USCIS, unaware of the requirement to do so.

8. Around three months later, on April 8, 2008, USCIS issued a Notice to Appear (NTA) to Mr. Gao and mailed it to his address on file. The NTA itself indicated that he would be

required to appear for a removal hearing on June 24, 2008 at the New York, New York Immigration Court. But Mr. Gao never received this notice. When he failed to appear at his hearing, the Court rescheduled the matter for hearing on September 10, 2008 and mailed notice to the same address. Again, Mr. Gao did not receive the notice. On September 10, 2008, when he failed to appear at his removal hearing, he was ordered removed *in absentia*.

9. Mr. Gao decided to remain in the U.S. despite his lack of a support network here because he wanted to be able to send money to his parents in China to care for his son. He settled in Massachusetts and worked for several years. His ex-wife, the child's mother, provided no support and had no contact with their child. Mr. Gao's parents informed him that his child also suffered from developmental delays, like his mother. Mr. Gao decided to bring his child back to the United States in 2012 so he could care for him and offer him a better life.

10. Mr. Gao obtained a divorce decree from his first wife in April of 2016. As part of the divorce proceeding, Mr. Gao's ex-wife provided an affidavit in which she indicated that she last saw her son in 2007 and was "knowingly and voluntarily waiving her rights to parenting time with him now and in the future", and not seeking legal or physical custody. Full custody was awarded to Mr. Gao.

11. Mr. Gao married his current wife, Amy Chen, a U.S. citizen, on May 20, 2016, in Braintree, Massachusetts.

12. Ms. Chen filed an I-130 Alien Relative Petition with USCIS on her husband's behalf on June 23, 2016. That visa petition remains pending.

13. I assisted Mr. Gao in filing a Motion to Reopen his removal proceedings with the New York, New York Immigration Court in June of 2017. The motion argued that Mr. Gao did not receive notice of his removal hearing through no fault of his own, that he had failed to appear due to exceptional circumstances, and that alternatively, the Court should exercise its *sua sponte* authority to reopen given the circumstances. This motion was denied on August 17, 2017.

14. On September 5, 2017, I filed an appeal of the Immigration Judge's decision with the Board on behalf of my client. I provided a brief in support of the appeal to the Board on December 28, 2017. The matter currently remains pending before the Board.

15. Meanwhile, USCIS has failed to take action on Ms. Chen's I-130 visa petition for her husband. The I-130 was filed with USCIS on June 20, 2016. In March 2017, Ms. Chen informed me that she attended an INFOPASS appointment at the Boston USCIS District Office to inquire about the status of her petition. She was told that the couple would be scheduled to appear for an interview and to wait to receive notice. She was unaccompanied by counsel and reports that she was asked extensive questions regarding her husband's entry, current status, and previous marriage, despite the fact that she was only inquiring on the status of the petition.

16. On May 25, 2017, I personally attended an INFOPASS appointment at the Boston USCIS district office. I was again told that the I-130 petition was in the queue for interview scheduling but could not be provided a timeline as to when the interview would be scheduled.

17. In January of 2018, I attended another INFOPASS appointment in Boston. The officer who assisted me during the appointment called me to follow up on January 24, 2018. I was told that as of December 22, 2017, the office had received the case and it was pending interview scheduling, that the case had just recently been transferred to their office and was now in the queue. I found this strange given the information I had previously been provided at INFOPASS.

18. Mr. Gao currently resides with his wife, Amy Chen, his 13-year old disabled son, Ms. Chen's two children (ages five and eight), and their newborn child, born in February 2018.

19. Mr. Gao's 13-year old son has been diagnosed with severe autism and requires intensive, direct, individual behavior therapy services and parent training. He also requires physical therapy due to problems with muscular development and will need long-term care his entire life. The couple owns a home together and Mr. Gao works hard to support his wife and children. Mr. Gao has no criminal history and has been paying his taxes since 2006.

20. Because Mr. Gao entered on a K-3 visa, he is prohibited from adjusting his status within the United States based on any other petition other than the one filed by his first wife. As such, he must pursue his visa through the consular processing of Ms. Chen's I-130 petition when it is approved. Once the I-130 is approved, he will need to file an I-212 Application for Permission to Reapply for Admission into the United States After Deportation or Removal with USCIS, and once that is granted, he will also need to file an I-601A application for provisional waiver with USCIS. I am assisting Mr. Gao in preparing these applications.

21. I fear that Mr. Gao will be interviewed on his I-130 petition and that because he is currently subject to a removal order, he may be detained at his interview.

I declare under pain and penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____                                   _4/27/2018_____
Christina A. Corbaci                                                                    Date