# EXHIBIT I
# Provisional Unlawful Presence Waivers Information



# Provisional Unlawful Presence Waivers

[Versión en español](#)

Since March 4, 2013, certain immigrant visa applicants who are immediate relatives (spouses, children and parents) of U.S. citizens can apply for provisional unlawful presence waivers before they leave the United States for their consular interview. On August 29, 2016, the provisional unlawful presence waiver process was expanded to all individuals statutorily eligible for an immigrant visa and a waiver of inadmissibility for unlawful presence in the United States.

Foreign nationals who are not eligible to adjust their status in the United States must travel abroad and obtain an immigrant visa. Individuals who have accrued more than 180 days of unlawful presence while in the United States must obtain a waiver of inadmissibility to overcome the unlawful presence bars under section 212(a)(9)(B) of the Immigration and Nationality Act before they can return. Typically, these foreign nationals cannot apply for a waiver until after they have appeared for their immigrant visa interview abroad, and a Department of State (DOS) consular officer has determined that they are inadmissible to the United States.

The provisional unlawful presence waiver process allows those individuals who are statutorily eligible for an immigrant visa (immediate relatives, family-sponsored or employment-based immigrants as well as Diversity Visa selectees); who only need a waiver of inadmissibility for unlawful presence to apply for that waiver in the United States before they depart for their immigrant visa interview.

This new process was developed to shorten the time that U.S. citizens and lawful permanent resident family members are separated from their relatives while those relatives are obtaining immigrant visas to become lawful permanent residents of the United States.

The expansion of the provisional unlawful presence waiver process does not affect the continued availability of the Form I-601 process: Individuals who do not wish to seek or do not qualify for a provisional unlawful presence waiver can still file [Form I-601, Application for Waiver of Grounds of Inadmissibility](#), after a DOS consular officer determines that they are inadmissible to the United States.

| What You Need to Know |
|---|

- The provisional waiver process does not change the immigrant visa process. Even if your provisional unlawful presence waiver is approved, you are still required to depart the United States to process your immigrant visa at a U.S. Embassy or U.S. Consulate abroad. The approval of a provisional unlawful presence waiver does not make you eligible for adjustment of status in the United States.
- If we approve your provisional unlawful presence waiver, it will only take effect after:

1. You depart the United States and appear for your immigrant visa interview; and
2. A DOS consular officer determines that you are otherwise admissible to the United States and eligible to receive an immigrant visa.

- DOS may cancel your immigrant visa application process if you fail to appear at your immigrant visa interview at a U.S. Embassy or U.S. Consulate.
- If you are in removal proceedings, you are ineligible for a provisional unlawful presence waiver unless, at the time you file your Form I-601A, your proceedings are administratively closed and have not been put back on the Department of Justice, Executive Office for Immigration Review (EOIR) calendar to continue your removal proceedings.
- While USCIS does not envision placing I-601A applicants in removal proceedings, we will follow current Department of Homeland Security (DHS) and USCIS Notice to Appear (NTA) guidance governing initiation of removal proceedings. For more information on USCIS NTA priorities, see USCIS Policy Memorandum, Revised Guidance for the Referral of Cases and Issuance of Notices to Appear (NTAs) in Cases Involving Inadmissible and Removable Aliens (PDF, 77 KB) (Nov. 7, 2011).

### Eligibility Requirements

To be eligible for a provisional unlawful presence waiver, you must meet ALL of the following conditions:

- Be physically present in the United States to file your application and provide biometrics.
- Be 17 years of age or older.
- Be in the process of obtaining your immigrant visa and have an immigrant visa case pending with Department of State (DOS) because you:
  - Are the principal beneficiary of an approved Form I-130, Petition for Alien Relative; an approved Form I-140, Petition for Alien Worker; or an approved Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant who has paid the immigrant visa processing fee;
  - Have been selected by DOS to participate in the Diversity Visa (DV) Program (that is, you are a DV Program selectee);
  - Are the spouse or child of a principal beneficiary of an approved immigrant visa petition who has paid the immigrant visa processing fee to DOS; or
  - Are the spouse or child of a DV Program selectee (that is, you are a DV Program derivative)
- Be able to demonstrate that refusal of your admission to the United States will cause extreme hardship to your U.S. citizen or Legal Permanent Resident spouse or parent.
- Believe you are or will be inadmissible only because of a period of unlawful presence in the United States that was:
  - More than 180 days, but less than 1 year, during a single stay (INA section 212(a)(9)(B)(i)(I)); or
  - 1 year or more during a single stay (INA section 212(a)(9)(B)(i)(II)).
- Meet all other requirements for the provisional unlawful presence waiver, as detailed in 8 CFR 212.7(e) and the Form I-601A and its instructions.

**You are not eligible for a provisional unlawful presence waiver if any of the following conditions apply to you:**

- You do not meet all of the conditions listed under eligibility mentioned above.
- You are in removal proceedings that have not been administratively closed.
- At the time of filing, you are in removal proceedings that have been administratively closed but have been placed back on the Executive Office for Immigration Review (EOIR) calendar to continue your removal proceedings.
- You have a final order of removal, exclusion, or deportation (including an in absentia order of removal under INA 240(b)(5)). If you have a final order of removal, exclusion, or deportation, you

- can only seek a provisional unlawful presence waiver if you have applied for, and we have already approved Form I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal at the time you file the Form I-601A.
- You do not meet one or more of the requirements outlined in the Form I-601A and its instructions.

### How to Apply

Follow the Form I-601A instructions and fully complete the application. We will reject any application that is not properly filed, does not have the correct biometric fees, or that does not meet the filing criteria specified in 8 CFR 212.7(e)(5). Use the checklist available on the last page of the form instructions to make sure your application is complete before filing.

**Do not** file Form I-601A with any other application or petition.

Please follow these steps to ensure we don't reject your application:

1. **Complete I-601A, Application for Provisional Unlawful Presence Waiver**. Please visit the Form I-601A webpage for specific filing instructions, filing fees, and special instructions.

   Read our Tips for Filing Forms with USCIS to ensure we will accept your application package. If you have questions, call 800-375-5283. Do not visit a USCIS field office.

2. **Mail your application to the USCIS Chicago Lockbox**.

   **U.S. Postal Service (USPS):**

   USCIS
   P.O. Box 4599
   Chicago, IL 60680

   **FedEx, UPS, and DHL deliveries:**

   USCIS
   Attn: I-601A
   131 S. Dearborn, 3rd Floor
   Chicago, IL 60603-5517

3. **Visit an Application Support Center (ASC) to provide biometrics**. After we receive your Form I-601A application and fees, we will send you an appointment notice to visit an ASC.

### Approval of Form I-601A

Having a pending application for a provisional unlawful presence waiver or an approval of such a waiver will NOT:

- Grant you any benefit or protect you from being removed from the United States.
- Allow you to apply for interim immigration benefits such as work authorization or advance parole.
- Guarantee DOS will issue you an immigrant visa.
- Guarantee U.S. Customs and Border Protection will admit you into the United States.
- Give you a legal immigration status.
- Change the requirement that you must depart the United States in order to obtain an immigrant visa.

You should be aware that we may reopen or reconsider our decision on the Form I-601A at any time.

### Reasons Your Provisional Unlawful Presence Waiver May Be Revoked

Your approved provisional unlawful presence waiver is automatically revoked if:

- DOS ends the immigrant visa application process.
- USCIS revokes the underlying approved immigrant visa petition.
- The consular officer at the U.S. Embassy or U.S. Consulate determines that you are ineligible for the visa, including that you are inadmissible on grounds other than unlawful presence.
- You reenter or attempt to reenter the United States without inspection and admission or parole:
  - While your application for a provisional unlawful presence waiver is pending with USCIS;
  - After USCIS approves your provisional unlawful presence waiver; or
  - Before DOS issues your immigrant visa

### If Your Approved Provisional Unlawful Presence Waiver is Revoked

If your provisional unlawful presence waiver is revoked, you may be able to file an application to waive certain grounds of inadmissibility. The Form I-601, Application for Waiver of Grounds of Inadmissibility, and instructions about which grounds of inadmissibility can be waived are available on the Form I-601 webpage.

### If You Are in Removal Proceedings

*Before You File Form I-601A*

If you are in removal proceedings, you may not seek a provisional unlawful presence waiver until the immigration judge (or the Board of Immigration Appeals if your case is pending on appeal) administratively closes your case. Administratively closing a case means your case is temporarily removed from the active calendar (which is also called a docket). A case that was administratively closed but put back onto the active calendar (also called re-calendaring) is no longer administratively closed.

The immigration judge (or the Board of Immigration Appeals) generally does not automatically administratively close your removal proceedings; if you, your legal representative, and/or U.S. Immigration and Customs Enforcement (ICE) want your removal proceedings to be administratively closed, you, your representative, or ICE have to ask the immigration judge (or the Board of Immigration Appeals) to do so. The immigration judge (or the Board of Immigration Appeals) determines whether the request for administrative closure should be granted.

If you believe that you may be eligible for a provisional unlawful presence waiver but your removal proceedings have not been administratively closed, you or your legal representative should contact the immigration court in which your removal proceedings are pending (or the Board of Immigration Appeals) to obtain information about how you can request administratively closure of your removal proceedings. Once your removal proceedings are administratively closed, you can apply for a provisional unlawful presence waiver by filing Form I-601A. You must submit a copy of the immigration judge's (or the Board of Immigration Appeals') administrative closure order with your Form I-601A.

*After We Approve Your Form I-601A*

If we approve your Form I-601A, you or your legal representative will need to resolve your removal proceedings. The immigration judge (or the Board of Immigration Appeals) will decide how to resolve your case. If you leave the United States before your removal proceedings are resolved, you may experience delays in processing your immigrant visa or risk becoming ineligible for an immigrant visa based on other grounds of inadmissibility.

After you receive the approval notice for your Form I-601A, you or your legal representative may contact ICE's Office of the Principal Legal Advisor to discuss how to resolve your removal proceedings. When you contact ICE, you should have a copy of the approval notice available for their review.

### If You Have a Final Order of Removal, Exclusion, or Deportation Including an in Absentia Order of Removal Under INA 240(b)(5)

If you have a final order of removal, exclusion, or deportation (including an in absentia order of removal under INA 240(b)(5)), you can only obtain a provisional unlawful presence waiver if you have applied for, and we have already approved, Form I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal, at the time you file Form I-601A.

Once we **have approv**ed your Form I-212, you can apply for a provisional unlawful presence waiver by filing Form I-601A. When you file Form I-601A, you must provide proof that we approved your Form I-212. Write the USCIS receipt number for your Form I-212 in **Part 1., Item Number 29.b.** on Form I-601A. You may also provide a copy of the Form I-212 approval notice.

### Denial of Form I-601A or Withdrawal of Form I-601A

If we deny your Form I-601A, you cannot file an administrative appeal or a motion to reopen or reconsider.

However, if we deny your Form I-601A or if you withdraw your application before we make a final decision, you may:

- File a new Form I-601A in accordance with the form instructions and with the required fees. Your immigrant visa case must also be pending with DOS. If you withdraw your Form I-601A, we will not refund the filing fees because we have already taken steps to adjudicate the case.

Apply for a waiver of inadmissibility outside the United States using Form I-601, Application for Waiver of Grounds of Inadmissibility, in accordance with its instructions and with the required fees. You cannot file Form I-601 until **after** you attend your immigrant visa interview and after DOS determines that you are subject to other grounds of inadmissibility.

### Avoid Immigration Scams

Unauthorized practitioners may try to take advantage of you by claiming they can file a provisional unlawful presence waiver. These same individuals may ask that you pay them to file such forms. To learn the facts about how to protect yourself and your family from scams, please visit uscis.gov/avoidscams.

Last Reviewed/Updated: 01/05/2018