UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ AND LUCIMAR DE SOUZA, ET AL. Petitioner-Plaintiffs, | ) ) ) ) | |
| v. | ) ) | C.A. No. 18-10225-MLW |
| CHRISTOPHER CRONEN, ET AL, Respondent-Defendants. | ) ) ) ) | |
| EDUARDO RALPH JUNQUEIRA, Petitioner, | ) ) ) ) | |
| v. | ) ) | C.A. No. 18-10307-MLW |
| STEVEN SOUZA, ET AL, Respondents. | ) ) ) ) | |
| EDJANN HENRIQUE DOS SANTOS, Petitioner, | ) ) ) ) | |
| v. | ) ) | C.A. No. 18-10310-MLW |
| KIRSTJEN NIELSEN, ET AL. Respondents. | ) ) ) ) ) ) | |

ORDER

WOLF, D.J.                                                                                                     May 2, 2018

As stated in court on May 1, 2018, it is hereby ORDERED that:

1. The parties shall, by May 3, 2018, submit any memoranda addressing the implications of the Immigration and Naturalization Service's (the "INS") December 21, 2000 explanation of 8 C.F.R. §241.4 for respondents' argument that the post-order custody review procedures in 8 C.F.R. §241.4 "do not apply to [Lucimar] De

1

Souza," Edjann Dos Santos, or Eduardo Junqueira because "only aliens currently detained at the expiration of the removal period are entitled to a [post-order custody review]." Calderon v. Cronen, C.A. No. 18-10225, Docket No. 40 at 12-13; see also Junqueira v. Souza, C.A. No. 18-10307, Docket No. 20 ("The purpose of the POCR regulations is to provide alien detainees with administrative review of their continued detention after they have already been detained for ninety days, otherwise known as the 'removal period'")[1]; Dos Santos v. Nielsen, C.A. No. 18-10310, Docket No. 30 at 11 n. 8 ("The regulatory sections cited by Petitioner clearly address only 'continued detention' of aliens already in

---

[1] The respondents in Junqueira, C.A. No. 18-10307, do not appear to take a position on when Junqueira's "removal period," during which his detention is required, see 8 U.S.C. §1231(a)(2), began running. The removal period ordinarily begins when the removal order becomes final. See 8 U.S.C. §1231(a)(1)(A). The parties agree that Junqueira's removal order became final in July 2004, that Junqueira departed the United States, then reentered in November 2004, and that the removal order was reinstated on February 1, 2018. See C.A. No. 18-10307, Docket No. 20 at 1. 8 U.S.C. §1231(a)(5) states that a "prior order of removal is reinstated from its original date." Therefore, it is not clear whether a second 90-day removal and mandatory detention period begins on the date a removal order is reinstated.
  It is not clear whether the respondents' position is that: (a) the removal and mandatory detention period elapsed in 2004, 8 C.F.R. §241.4 does not apply to aliens who were not arrested during the removal period, and therefore the Department of Homeland Security will never be required to give Junqueira a post-custody review; or (b) the removal and mandatory detention period renewed on February 1, 2018, and DHS is only required to provide a custody review if it seeks to continue Junqueira's detention beyond the expiration of the period on May 2, 2018; or (c) that regardless of when the removal period ran, 8 C.F.R. §241.4 permits DHS to detain an alien for 90 days without a custody review.

2

[Immigration and Customs Enforcement] custody pending removal, and do not purport to govern initial apprehension of final removal order."). As explained in court, the INS stated that the regulation "establishes a permanent review procedure applying to aliens who are detained following expiration of the 90-day removal period" and "governs <u>all</u> post-order custody reviews inclusive of aliens who are the subjects of a final order of removal, deportation, or exclusion, with the exception of inadmissible Mariel Cubans..." 65 F.R. 80281-01, at 80291 (2000)(emphasis added).

2. The parties shall, by May 3, 2018, report whether they request that petitioners be allowed to attend the May 8, 2018 hearing and will provide the necessary interpreter(s).

3. The parties in <u>Dos Santos</u>, C.A. No. 18-10310, shall, by May 3, 2018, submit a stipulation to any undisputed facts concerning whether De Souza is "fail[ing] or refus[ing] to make timely application in good faith for travel or other documents necessary to [his] departure or conspire[ing] or act[ing] to prevent [his] removal subject to an order of removal," 8 U.S.C. §1231(a)(1)(C), and whether DHS provided Dos Santos with a "Notice of Failure to Comply" under 8 C.F.R. §241.4(g)(1)(ii) and (g)(5)(ii).

4. The parties in <u>Calderon</u>, C.A. No. 18-10310 shall, by May 3, 2018, report concerning the status of Lucimar De Souza, including whether she has been released and, if not, the status of

3

any custody review. The parties shall state their respective positions concerning the implications of any release or pending custody review for De Souza's claims concerning her detention.

5.  The issues concerning the detention of De Souza, Junqueira, and Dos Santos will be addressed on May 8, 2018 in the following order:

    a.  Whether De Souza is lawfully detained under 8 U.S.C. §1231(A)(6) and the Constitution

    b.  Whether and when DHS was required to give Junqueira and De Souza the benefit of the procedures described in 8 C.F.R. §241.4, and if so, whether they are entitled to a bail hearing before this court or some other adjudicator, and if this court, whether they should be released.

    c.  Whether Dos Santos is "fail[ing] or refus[ing] to make timely application in good faith for travel or other documents necessary to [his] departure or conspire[ing] or act[ing] to prevent [his] removal," such that his removal period is extended and his detention is mandatory under 8 U.S.C. §1231(a)(1)(C). If he is not, the court will address whether Dos Santos is entitled to a bail hearing before this court or some other adjudicator, and if this court, whether he should be released.

    d.  Whether Dos Santos or Junqueira is in any event entitled to release because there is "no significant likelihood of

removal in the reasonably foreseeable future." Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

6. The schedule for briefing the remaining issues in Calderon, C.A. No. 18-10310, proposed in the April 26, 2018 Joint Report, Docket No. 28 at 5 - 6, is ADOPTED.

    a. Petitioners shall, by May 14, 2018, respond to Respondents' Motion to Dismiss (Docket No. 40). Respondents shall file any reply by May 21, 2018.

    b. Respondent shall, by May 21, 2018, respond to the Motion for a Temporary Restraining Order and Preliminary Injunctive Relief (Docket No. 49). Petitioners shall file any reply by May 31, 2018.

    c. Respondent shall, by May 21, 2018, respond to the Motion for Class Certification (Docket No. 46). Petitioners shall file any reply by May 31, 2018.

7. The parties in Calderon, C.A. No. 18-10310, shall confer and, by May 4, 2018, file a report identifying any issues to which the court should give priority.

8. The parties shall order the transcript of the May 1, 2018 status conference on an expedited basis.

                                        /s/ Charles P. Noy
                                        UNITED STATES DISTRICT JUDGE