# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al.,<br>　　　　Petitioners,<br><br>v.<br><br>KIRSTJEN M. NIELSEN, et al.,<br>　　　　Respondents.<br><br><br>EDUARDO RALPH JUNQUEIRA,<br>　　　　Petitioner,<br><br>v.<br><br>STEVEN SOUZA, et. al.,<br>　　　　Respondents. | C.A. No. 18-10225-MLW<br><br><br><br><br><br><br><br>C.A. No. 18-10307-MLW |

## RESPONDENTS' RESPONSE TO COURT'S MAY 2, 2018 ORDER

Pursuant to the Court's May 2, 2018 Order (ECF No. 52), Respondents submit this memoranda addressing the implications of legacy Immigration and Naturalization Service's ("INS")[1] December 21, 2000 explanation of 8 C.F.R. § 241.4 for Respondents' argument regarding the post order custody review (POCR) procedures. The comments in the Federal Register, in part cited by this Court in its May 2, 2018 order, reinforce Respondents position that the POCR procedures only apply to the continued detention of aliens beyond ninety days.

---

[1] Under the Homeland Security Act of 2002, Congress abolished the INS. *See* Pub. Law No. 107-296, § 471 (Nov. 25, 2002). Congress transferred the authority to adjudicate immigrant visa petitions from the Commissioner of INS (and the Attorney General) to United States Citizenship and Immigration Services, an agency within the Department of Homeland Security ("DHS"). *Id.* at § 451(b)(1).

## I. 8 C.F.R § 241.4 ONLY APPLIES TO DETAINED ALIENS

In December 2000, with the implementation of 8 C.F.R. § 241.4 – entitled "Continued detention of inadmissible, criminal, and other aliens beyond the removal period" – legacy INS amended its regulations by providing a uniform review process governing the *detention* of criminal, inadmissible, and other aliens, excluding Mariel Cubans, who have received a final administrative order of removal, deportation, or exclusion but whose departure has not been effected within the 90-day removal period." 65 Fed. Reg. 80294 (emphasis added).[2]

In 2001, after the Supreme Court decided *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), legacy INS promulgated regulations to implement the newly established constitutional constraints affecting immigration custody. *See* 8 C.F.R. § 241.4; 66 Fed.Reg. 56967, 56969 (Nov. 21, 2001) ("This rule amends the *custody* review process governing the *detention* of aliens who are the subject of a final order of removal, deportation or exclusion, in light of the decision of the U.S. Supreme Court in *Zadvydas*") (emphasis added). These amendments required the district director to conduct a post-order custody review ("POCR") before the 90-day removal period expires if the alien's removal cannot be accomplished during the removal period. *See* 8 C.F.R. § 241.4(k)(1)(i). In conducting the POCR, officials must review the alien's records and any and all documents submitted by the alien and must inform the alien of the decision. *See* 8 C.F.R. § 241.4(h)(1);

---

[2] In 1999, pending promulgation of more specific procedures by regulation, and to institute a more uniform process nationwide, the legacy INS issued a series of memoranda to provide specific guidance to field offices concerning implementation of interim procedures governing post-order custody cases. On June 30, 2000, the Department of Justice published in the Federal Register, at 65 Fed. Reg. 40540, a proposed rule with request for comments to implement a permanent, periodic custody review process for aliens whose removal has not been effected at the expiration of the 90-day removal period pursuant to 8 U.S.C. § 1231(a)(6). The initial comment period was for 30 days and expired on July 31, 2000, but was extended for 10 days until August 11, 2000.

*Bonitto v. Bureau of Immigration & Customs Enf't*, 547 F. Supp. 2d 747, 752 (S.D. Tex. 2008). Therefore, it is clear that Section 241.4, which proceeds section 241.3, entitled "Detention of aliens during removal period," was meant to specifically apply to detained aliens. The title – and the history of Section 241.4 – clearly informs the reader that these procedures should apply to aliens with two qualities: (1) currently detained and (2) after the removal period has ended. To interpret these procedures to apply to aliens prior to any detention requires ignoring the history and the explicit language of the regulation. Additionally, this conclusion is supported by the regulation's commentary, which states: "Who is Covered Under This Final Rule? … [The regulation] establishes a permanent review procedure applying to aliens who *are detained* following expiration of the 90-day removal period." 65 Fed. Reg. 80281-01 at 80291 (emphasis added). The use of the present tense "are" instead of using words such as "will be" or "going to be" demonstrates the regulation applies to aliens who are currently detained. The federal register comments therefore make clear that the regulations only apply to those who are detained because the POCR regulations provide an opportunity for an alien's release. Nothing in the language of the regulation or the federal registrar compels Petitioners' interpretation.

However, to the extent the Court determines that the regulation is somehow ambiguous, the Court should defer to DHS's interpretation of section 241.4, which is reinforced by the commentary in the Federal Register. An agency's interpretation of its own regulations "is to be given considerable weight." *McCuin v. Secretary of Health and Human Services,* 817 F.2d 161, 168 (1st Cir. 1987). A reasonable interpretation, even if it is not the only one permitted by the regulatory language, must be adopted. *Auer v. Robbins,* 519 U.S. 452, 457 (1997); *Udall v. Tallman,* 380 U.S. 1, 4 (1965). When interpreting a regulation, all words and phrases should be given effect. *Dantran, Inc. v. U.S. Dept. of Labor,* 171 F.3d 58, 63 (1999).

Here, because DHS's interpretation of this regulation is reasonable the Court "must therefore respect it." *See Udall*, 380 U.S. at 4. Thus, even if Petitioners' interpretation of the regulation was reasonable – which Respondents assert it is not – this Court could only disregard DHS's interpretation if it was "plainly erroneous or inconsistent" with the regulation. *See Auer,* 519 U.S. at 457. Accordingly, because DHS's interpretation is reasonable this Court must uphold the agency's interpretation. *See id.*

## II. THE PROCEDURES IN 8 C.F.R. § 241.4 APPLY TO PETITIONERS ONCE THEY HAVE BEEN DETAINED 90 DAYS

DHS's administration and interpretation of section 241.4 is always the same. Once an alien has been detained for 90 days under the post-order detention statute, they are entitled to a post-order custody review pursuant to 8 C.F.R. § 241.4. Thus, DHS applies section 241.4 to aliens who are detained for 90 days pursuant to 8 U.S.C. 1231(a)(6). Therefore, 8 C.F.R. 241.4 is triggered once two conditions are met: (1) the alien has been detained for a continuous 90 days and (2) the alien is currently subject to discretionary post-order detention under 8 U.S.C. 1231(a)(6). *See* 8 C.F.R. § 241.4(a)

This 90 day time period may or may not perfectly align with the alien's removal period. The removal period usually begins when the removal order becomes final. *See* 8 U.S.C. § 1231(a)(6). A reinstated order of removal ordinarily becomes administratively final on the day it is reinstated because that is the day which DHS has the authority to remove the alien from the United States. *See* 8 U.S.C. §§ 1231(a)(5), 1231(a)(1)(B)(i). Therefore, once the removal order is reinstated, the removal period begins, and that alien is subject to section 1231(a)(2), post-order detention for the 90 day removal period. 8 U.S.C. § 1231(a)(1)(B)(i), 1231(a)(2) ("During the removal period, the [Government] shall detain the alien.").

Here, Mr. Junqueira's order of became administratively final when it was reinstated on February 1, 2018. *See* 8 U.S.C. §§ 1231(a)(5), 1231(a)(1)(B)(i); C.A. No. 18-10307, ECF No. 20 at 1. Accordingly, Mr. Junqueira was subject to detention under 8 U.S.C. § 1231(a)(2) for the 90 day removal period which ended on May 1, 2018. Mr. Junqueira was entitled to the POCR procedures on May 2, 2018 because he had been continuously detained for over 90 days *and* his detention authority changed from section 1231(a)(2) to discretionary detention under 1231(a)(6). *See* 8 C.F.R. § 241.4(a) (requiring an alien be subject to 8 U.S.C. 1231(a)(6) detention).

All of the Calderon petitioners are subject to post-order detention under section 1231(a)(6) because their removal orders were issued years ago, but never executed. *See* ECF No. 27 at ¶¶ 40, 63, 75, 88, 96. Therefore, any petitioner, like Ms. de Souza, would be entitled to the POCR procedures after being continuously detained 90 days. *See* 8 C.F.R. § 241.4(a).

Respectfully submitted,

*Counsel for Respondents*

CHAD READLER
Acting Assistant Attorney General


WILLIAM C. PEACHEY
Director
Office of Immigration Litigation


Elianis N. Perez
Assistant Director

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station

Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                        /s/ Mary L. Larakers
                                                        Mary L. Larakers
Dated: May 3, 2018                                      Trial Attorney