# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., Petitioners, v. KIRSTJEN M. NIELSEN, et al., Respondents. | No. 18-10225-MLW |
| EDUARDO RALPH JUNQUEIRA, Petitioner, v. STEVEN SOUZA, et. al., Respondents. | No. 18-10307-MLW |
| EDJANN HENRIQUE DOS SANTOS, Petitioner, v. KIRSTJEN NIELSEN, et al., Respondents. | No. 18-10310-MLW |

**PETITIONERS' JOINT MEMORANDUM OF LAW
REGARDING DECEMBER 21, 2000 FINAL RULE**

Pursuant to the Court's May 2, 2018 Order (Dkt. No. 52), Petitioners in Nos. 18-10225 ("*Calderon*"), 18-10307 ("*Junqueira*"), and 18-10310 ("*Dos Santos*") hereby submit their memorandum regarding the implications of the language of the Immigration and Naturalization Service's (the "INS") December 21, 2000 Final Rule for their arguments concerning the scope of the protections afforded by 8 C.F.R. § 241.4. *See Detention of Aliens Ordered Removed*, Final Rule, 65 Fed. Reg. 80281-01 (Dec. 21, 2000) (hereinafter, "2000 Final Rule").

The 2000 Final Rule confirms that the permanent review procedure established at 8 C.F.R. § 241.4 applies even to individuals who were initially taken into custody more than 90 days after the administrative finalization of their order of removal. In its commentary accompanying the text of the final rule, the INS identified its purpose as "establish[ing] a permanent review procedure applying to aliens who are detained following expiration of the 90-day removal period"—"govern[ing] *all* post-order custody reviews inclusive of aliens who are the subjects of a final order of removal, deportation, or exclusion, with the exception of inadmissible Mariel Cubans." 2000 Final Rule, 65 Fed. Reg. at 80291 (emphasis added). This stated scope of the regulatory text is also consistent with related regulations. *See, e.g.*, 8 C.F.R. § 241.13 ("Section 241.4 shall continue to govern the detention of aliens under a final order of removal …."). Because it purports to respond to court rulings recognizing a constitutional right to periodic review of detention, the plain language of the 2000 Final Rule necessitates its application even to individuals who were first detained after the expiration of their 90-day removal period. 2000 Final Rule, 65 Fed. Reg. at 80283.

This interpretation of this 2000 Final Rule is not altered by references elsewhere to "continued detention" of detainees.[1] Neither the authorizing statute nor the 2000 Final Rule

---

[1] The language of "continued detention" in the 2000 Final Rule presumably alludes to the statutory directive that "[d]uring the removal period, the Attorney General **shall detain** the alien." 8 U.S.C. § 1231(a)(2) (emphasis added). But the lack of detention during the removal period does not alter the statutory framework for detention *after* the removal period. The fact that an individual with a final order of removal is not in custody does not toll the 90-day removal period absent the individual's effort to thwart removal. *See* 8 U.S.C. § 1231(a)(1)(C); *Farez-Espinoza v. Chertoff*, 600 F. Supp. 2d 488, 502 (S.D.N.Y. 2009) (tolling provision of 8 U.S.C. § 1231(a)(1)(C) not triggered where petitioner "committed no affirmative misleading act that prevented her return, nor did she refuse to cooperate with the removal order"). Indeed, Respondents in *Calderon* have conceded that Ms. de Souza's removal period lapsed **before** her detention began. *Calderon*, Dkt. No. 40-1, at ¶ 5 ("All *further* post-order detention [beyond removal period], **such as De Souza's**, is discretionary under 8 U.S.C. § 1231(a)(6)." (emphasis added)).

2

identifies any basis other than § 1231(a)(6) for *initiating* detention following expiration of the 90-day removal period.  Indeed, Respondents in *Calderon* have relied upon § 1231(a)(6) as the exclusive basis for Ms. de Souza's detention.  *Calderon*, Dkt. No. 40-1, at ¶ 5 ("***All further post-order detention*** [beyond removal period], ***such as De Souza's***, is discretionary under 8 U.S.C. § 1231(a)(6)." (emphasis added)).  By its explicit terms, the 2000 Final Rule was intended to comprehensively structure the exercise of discretion under § 1231(a)(6).  *See* 8 C.F.R. § 241.4(a) (defining scope of post-order review provisions and noting that "[t]he authority to continue an alien in custody or grant release or parole ***under sections 241(a)(6)*** [codified at 8 U.S.C. § 1231(a)(6)] and 212(d)(5)(A) of the Act shall be exercised … as follows"); 2000 Final Rule, 65 Fed. Reg. at 80283 (recognizing constitutional need for post-order detention procedures that "afforded [detainee] a periodic and meaningful opportunity to seek release from custody," and noting that "[t]he final rule is structured to afford this type of review.").  The 2000 Final Rule's stated application to "***all*** post-order custody reviews" under 8 U.S.C. § 1231(a)(6) makes clear that it does not apply only where a person is ***continued*** in detention under 8 U.S.C. § 1231(a)(6), but also when a person is first taken into custody outside the removal period.

Moreover, if Respondents were correct that post-order custody review under 8 C.F.R. § 241.4 applies only to individuals "currently detained at the expiration of the removal period," Dkt. No. 40 at 12-13, the plain language of the 2000 Final Rule would further imply that individuals ***not*** detained at the expiration of the removal period would have ***no*** access to post-order custody review—an outcome at odds with clear constitutional requirements.  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem.").  Although the 2000 Final Rule was issued before the Supreme Court's decision in *Zadvydas*, the rule purported to respond to the constitutional

3

requirement of that post-order detention procedures "afford[] a periodic and meaningful opportunity to seek release from custody." 2000 Final Rule, 65 Fed. Reg. at 80283. If the protections of 8 C.F.R. § 241.4 did not apply to those initially detained after the 90-day removal period, those petitioners would have no opportunity for post-custody review under the regulation—an outcome that the 2000 Final Rule expressly disclaimed.

For these reasons, while Petitioners do not concede that the procedures of 8 C.F.R. § 241.4 are constitutionally adequate as applied to them, Petitioners submit that the 2000 Final Rules reinforce their position that Ms. de Souza and similarly situated detainees should, at a minimum, be afforded the procedural protections of 8 C.F.R. § 214.4.[2]

---

[2] Furthermore, to the extent that Respondents maintain their position that 8 C.F.R. § 241.4 does not apply to petitioners first taken into custody after the expiration of the 90-day removal period, such as Ms. de Souza, that position should not be accorded deference because it cannot be reconciled with the authorizing statute, the regulations themselves, constitutional requirements, or the explanatory text of the 2000 Final Rule. *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (agency's interpretation of its own regulation is not controlling when it is "plainly erroneous or inconsistent with the regulation")

Respectfully submitted this 3rd day of May, 2018.

| | |
|---|---|
| */s/ Todd C. Pomerleau* | */s/ Kevin S. Prussia* |
| | |
| Todd C. Pomerleau | Kevin S. Prussia (BBO # 666813) |
| RUBIN POMERLEAU PC | Michaela P. Sewall (BBO # 683182) |
| Three Center Plaza | Jonathan A. Cox (BBO # 687810) |
| Suite 400 | Stephen Provazza (BBO # 691159) |
| Boston, MA 02018 | WILMER CUTLER PICKERING |
| (617) 367-0077 |    HALE AND DORR LLP |
| tcp@rubinpom.com | 60 State Street |
| | Boston, MA 02109 |
| *Counsel for Junqueira and Dos Santos* | Telephone: (617) 526-6000 |
| | Facsimile:  (617) 526-5000 |
| | kevin.prussia@wilmerhale.com |
| | michaela.sewall@wilmerhale.com |
| | jonathan.cox@wilmerhale.com |
| | stephen.provazza@wilmerhale.com |
| | |
| | Matthew R. Segal (BBO # 654489) |
| | Adriana Lafaille (BBO # 680210) |
| | AMERICAN CIVIL LIBERTIES UNION |
| | FOUNDATION OF MASSACHUSETTS, INC. |
| | 211 Congress Street |
| | Boston, MA 02110 |
| | (617) 482-3170 |
| | |
| | Kathleen M. Gillespie (BBO # 661315) |
| | Attorney at Law |
| | 6 White Pine Lane |
| | Lexington, MA 02421 |
| | (339) 970-9283 |
| | |
| | *Counsel for Calderon Petitioners* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2018, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

                                                    */s/ Kevin S. Prussia*
                                                    Kevin S. Prussia