UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ<br>AND LUCIMAR DE SOUZA, ET AL.<br>    Petitioner-Plaintiffs,<br><br>v.<br><br>CHRISTOPHER CRONEN, ET AL,<br>    Respondent-Defendants. | C.A. No. 18-10225-MLW |
| EDUARDO RALPH JUNQUEIRA,<br>    Petitioner,<br><br>v.<br><br>STEVEN SOUZA, ET AL,<br>    Respondents. | C.A. No. 18-10307-MLW |
| EDJANN HENRIQUE DOS SANTOS,<br>    Petitioner,<br><br>v.<br><br>KIRSTJEN NIELSEN, ET AL.<br>    Respondents. | C.A. No. 18-10310-MLW |

ORDER

WOLF, D.J.                                                                                                  May 8, 2018

As stated in court on May 8, 2018, it is hereby ORDERED that:

1. Lucimar De Souza's and Eduardo Ralph Junqueira's Petitions for Writs of Habeas Corpus under 28 U.S.C. §2241 (C.A. No. 18-10225, Docket No. 27, and C.A. 18-10307, Docket No. 22) are ALLOWED to the extent that they seek bail hearings to determine whether they should be released from immigration detention. The

1

court will issue a written Memorandum and Order amplifying its explanation of the reasons stated in court for these decisions.

2. Respondents' Motion to Dismiss Junqueira's Petition (C.A No. 18-10307, Docket No. 20) is DENIED.

3. Unless otherwise ordered, a hearing shall be held on May 15, 2018, at 10:00 a.m., to determine whether Junqueira should be released on appropriate conditions.[1] Respondents shall, by May 9, 2018, report whether Immigration and Customs Enforcement ("ICE") has agreed to release Junqueira from custody. If not, the parties shall, by May 9, 2018, each propose conditions that will reasonably assure that, if released, Junqueira will appear as required in the future and not be a danger to any individual or the community.

4. If Junqueira is not released, the parties shall, by May 11, 2018, each file a memorandum regarding the burden of proof that should apply and the factors the court should consider at the May 15, 2018 bail hearing.

5. The parties shall confer and, by May 11, 2018, report whether they agree that ICE should set conditions for and supervise De Souza and Junqueira, if he is released, and if they do not agree, explain their respective positions.

---

[1] At the May 8, 2018 hearing, after the court announced its decisions that De Souza and Junqueira would receive bond hearings, but before it explained the reasons for the decisions, the government reported that Immigration and Customs Enforcement agreed to release De Souza on conditions.

2

6. In any event, ICE shall, by May 11, 2018, file an affidavit identifying the official(s) who: (a) decided that De Souza and Junqueira should be detained at offices of the United States Citizenship and Immigration Services; (b) decided that they should not be immediately released, and that their detention should continue; (c) decided that De Souza should be detained beyond April 30, 2018; (d) decided to schedule a new review of De Souza's custody to occur on or about June 3, 2018; (e) decided that Junqueira should be released or brought to the ICE office in Burlington, Massachusetts on May 3 and 4, 2018; (f) reversed any decision to release Junqueira on May 3 or 4, 2018; (g) decided to schedule a review of Junqueira's custody to occur on or about June 3, 2018.

7. The parties in <u>Calderon v. Nielsen</u>, C.A. No. 18-10225, shall confer and, by May 18, 2018, report whether they have agreed to resolve any issues or the case, and whether they seek a modification of the schedules for briefing the motions to dismiss, for a preliminary injunction, or for class certification.

8. The parties in <u>Dos Santos v. Nielsen</u>, C.A. No. 18-10310, shall confer and, by May 18, 2018, report whether they have resolved the issues concerning Dos Santos' detention and, if not, explain their respective positions with citations to their briefs concerning the motion to dismiss (C.A. No. 18-10310, Docket Nos. 30 and 41).

9. The parties shall order the transcript of the afternoon session of the May 8, 2018 hearing on an expedited basis, and shall also order the full transcript of the hearing.

_____
UNITED STATES DISTRICT JUDGE