UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ AND LUCIMAR DE SOUZA, ET AL. <br>     Petitioner-Plaintiffs, <br> <br> v. <br> <br> CHRISTOPHER CRONEN, ET AL. <br>     Defendant-Respondents. | C.A. No. 18-10225-MLW |
| EDJANN HENRIQUE DOS SANTOS, <br>     Petitioner, <br> <br> v. <br> <br> KIRSTJEN NIELSEN, ET AL. <br>     Respondents. | C.A. No. 18-10310-MLW |

ORDER

WOLF, D.J.                                             May 21, 2018

On May 8, 2018, the court ordered that "the parties in Dos Santos v. Nielsen, C.A. No. 18-10310...confer and, by May 18, 2018, report whether they have resolved the issues concerning Dos Santos' detention and, if not, explain their respective positions with citations to their briefs concerning the motion to dismiss." May 8, 2018 Order at ¶8. On May 18, 2018, the parties filed separate reports stating that they have not reached an agreement to resolve the remaining issues in Dos Santos' case.[1]

---

[1] On May 17, 2018, Dos Santos withdrew his Motion for a Preliminary Injunction ordering ICE to permit him to marry his fiancé in custody because respondents allowed the wedding to take place. See Docket No. 55.

Respondents argue that the removal period has been extended, pursuant to 8 U.S.C. §1231(a)(1)(C), because Dos Santos has refused to complete an application for travel documents that are necessary to effectuate his removal to Brazil since he was ordered to do so on July 14, 2017. See Parties' Stipulation (Docket No. 38); see also Declaration of Acting Assistant Field Office Director Marc McGee (Docket No. 19-1) at ¶8. They argue that, therefore, Dos Santos is not entitled to a post-order custody review under 8 C.F.R. §241.4 and must remain in detention. See Respondents' Status Report on Continued Detention (Docket No. 60).

Dos Santos asserts that Immigration and Customs Enforcement ("ICE") did not attempt to remove him during the 90 days following his May 29, 2014 final order of removal, and he did not act to prevent his removal within that period. See Am. Petition at ¶17. ICE did not detain him until June 14, 2017. Id. at ¶¶3, 18. He argues, in essence, that ICE cannot extend the removal period retroactively, and that he should have been afforded the process in 8 C.F.R. §241.4 and released on supervision. See Report (Docket No. 57) at ¶2.

In any event, Dos Santos stated that on May 17, 2018, he "attempted to sign travel documents, but ICE officers told him he would not be allowed to do so." Id. at ¶4. Respondents did not address this assertion or its implications for the legality of Dos

Santos' continued detention without an opportunity to be heard pursuant to §241.4.

Accordingly, it is hereby ORDERED that:

1. Acting Assistant Field Office Director Marc McGee shall attend the May 22, 2018 hearing and be prepared to testify if necessary.

2. Mr. McGee and Acting Field Office Director Thomas Brophy shall review Dos Santos' records and be prepared to testify regarding, among other things, whether "ICE officers told [Dos Santos] he would not be allowed to [sign travel documents]," and if so, why. Report (Docket No. 57) at ¶2.

3. Petitioner Edjann Dos Santos shall also be prepared to testify if necessary.

                                          /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE