

Office of Detention and Removal Operations
U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536

**U.S. Immigration and Customs Enforcement**

NOV 14 2007

MEMORANDUM FOR: Field Office Directors
Deputy Field Office Directors

FROM: Gary E. Mead
Assistant Director for Management

SUBJECT: Guidance Relating to 8 CFR § 241.4, Continued Detention of Aliens Beyond the Removal Period and New Procedures Relating to Case Transfers to the Custody Determination Unit (CDU)

Purpose

The purpose of this memorandum is to standardize the procedures relating to the Post Order Custody Review (POCR) process, as provided in 8 CFR § 241.4 and also to effect new procedures relating to case transfers to CDU.

Background

In our continuing efforts to ensure that the field offices maintain POCR case in compliance with current regulations and that Headquarters receives the required information it needs to make custody decision, we are implementing a new worksheet. The worksheet will replace the current process of preparing a memorandum for cases being transferred to HQ and for follow-up reviews. CDU currently receives many variations of the memorandums, some with too much information and others missing pertinent information. We believe that the worksheets will facilitate the process for both the field and HQ by collecting the information required to make custody decisions. In addition, the worksheet will allow HQ to make consistent decision.

Post Order Custody Reviews (POCRs)

Under 8 CFR § 241.4 field offices are required to conduct a POCR for all aliens with administratively final orders of removal detained 90 days beyond the removal period. As a reminder, the two factors that the field office should consider in the custody review process are: would the alien pose a danger to the community or is the alien a flight risk. Under 8 CFR § 241.4, an alien may be released on an Order of Supervision (OSUP) if it is determined that the alien would not pose a danger to the community or a flight risk, without regard to the likelihood of the alien's removal in the reasonably foreseeable future. The removal period stops when a stay is in effect or if the alien fails to cooperate (FTC) in effecting his removal, and the jurisdiction remains with the field office. Once the stay is lifted or the alien begins to cooperate with the removal process, the removal period restarts. The field will continue to prepare the 90-day worksheet, which is inclusive of all immigration history, criminal history, removal efforts, family history, etc. The worksheet will

Subject:  Guidance Relating to 8 CFR § 241.4, Continued Detention of Aliens Beyond the      Page 2
Removal Period and New Procedures Relating to Case Transfers to the Custody
Determination Unit (CDU)

continue to be reviewed and signed by the Supervisory Deportation Officer or Supervisory Detention and Deportation Officer.  The Field Office Director will then make the custody decision pursuant to 8 CFR § 241.4.  Authority to sign POCR reviews cannot be delegated to levels lower than the Deputy Field Office Director.  Once the decision is complete, the alien must be served a decision in accordance with the regulations.

Case Transfers to CDU

After the 90-day removal period, if the alien is not released from custody, or has not been removed and removal is not eminent, the case should be transferred to CDU immediately.  Historically, cases have been transferred to CDU with a follow up memorandum that addressed events that occurred after the POCR has been completed.  In order to standardize the decision making process and ensure CDU receives all relevant information, effective immediately, the attached HQ POCR Checklist will be used in lieu of a follow up memorandum.  Unless a stay is in effect or the alien is a FTC, at day 180 the case must immediately be transferred to CDU with a completed POCR worksheet and a completed HQ POCR Checklist.  The POCR worksheet, decisions served, and HQ Checklist should be scanned and sent via e-mail to **ICE DRO-CDU@DHS.GOV**.  CDU will then make a custody determination pursuant to 8 CFR § 241.13. In addition, at all appropriate interval where subsequent field review is required, i.e. initial transfer of custody from the Field Office to HQ or subsequent, a new worksheet must be sent as outlined above.

After the case is transferred to CDU, the case officer must continue to pursue the issuance of a travel document, if applicable, and to communicate all information to CDU that would affect the custody decision. The case management responsibility is always with the field office for both POCR related follow-up actions and travel document request. Continuous and timely communication between the field offices and HQCDU is essential in the management of these cases.

Effective fifteen calendar days after the issuance of the memorandums, all cases transferred to CDU must be compliant with the above.

Any question regarding POCR issues should be forwarded to CDU Chief Marlen Piñeiro at 202-732-2785 or Marlen.Pineiro@DHS.GOV.

# *HQ POCR Checklist for 241.4 Reviews*

*To be completed for all cases transferred to CDU for a custody jurisdiction review under 8 CFR § 241.13.  List only actions that have occurred after the POCR (day 90) has been completed.*

A#: _____        Field Office: _____        DCO: _____

Aliens Name: _____

Date case transferred to HQ: _____    Date removal period began: _____

**<u>List only the actions taken after the initial POCR (after day 90) has been completed:</u>**

Date(s) served I-229(a)    1) _____        2) _____        3) _____

Date(s) served Instruction Sheet to Alien   1) _____     2) _____     3) _____

☐ Yes ☐ No    Is this a Failure to Comply (FTC) Case? *(If yes, the case remains with the field)*

☐ Yes ☐ No    If FTC, was the alien served with the I-229(a)?  Date(s) Served: 1) _____  2) _____  3) _____

☐ Yes ☐ No    Judicial Stay in effect? *(If yes, the case remains with the field)*    Date of Stay: _____

☐ Yes ☐ No    Habeas pending?    Court Venue: _____        Date filed: _____

☐ Yes ☐ No    Petition for Review pending?   Court Venue: _____    Date filed: _____

List all follow-up actions taken to obtain a TD *<u>after</u>* the initial (90-day) POCR was completed.  List the dates of the consulate/embassy follow-up contacts and the name of consular officer contacted.  Also list any indications that a TD will be issued (and timeframe) or denied.

    Date   Consular/Embassy Person Contacted   Results regarding likelihood of issuance
1) _____
2) _____
3) _____
4) _____

List all contact with HQ TDU, to include the initial request for assistance, which should have been sent after the 75th day post final order, if field efforts to obtain a TD have been unsuccessful.

    Date   HQ Officer Contacted        Results regarding likelihood of issuance
1) _____
2) _____
3) _____
4) _____

Based on any follow-up TD requests and request for assistance from HQ TDU, is there significant likelihood of removal in the reasonably foreseeable future? (Provide a brief synopsis)
_____

Officer's email in Outlook: _____    Officer's telephone: _____

DO Signature                     _____

Supervisor's email in Outlook: _____    Supervisor's telephone _____

SDDO Signature                   _____

Revised October 30, 2007