# EXHIBIT D

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

Harris, Martin D
Martin D. Harris, Esq, llc
132 Dorrance Street
Providence, RI 02903

**DHS/ICE Office of Chief Counsel - BOS**
**P.O. Box 8728**
**Boston, MA 02114**

**Name: CALDERON JIMENEZ, LILIAN P**

**Date of this notice: 5/16/2018**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Guendelsberger, John

Userteam: Docket

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File: ██████ – Boston, MA          Date: MAY 16 2018

In re: Lilian P. CALDERON JIMENEZ

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Martin D. Harris, Esquire

ON BEHALF OF DHS:    Bernard Menendez  
Deputy Chief Counsel

APPLICATION:   Reopening

---

This matter was last before the Board on November 17, 2008, when we denied the respondents' motion to reopen.[1] On January 31, 2018, the respondent filed another motion to reopen. The Department of Homeland Security (DHS) has opposed the motion. The respondent subsequently submitted supplements to the motion. The motion will be denied.

The respondent's motion to reopen is untimely and number-barred. Section 240(c)(7)(A), (C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). The respondent has not shown that her motion falls within any exception to the motion to reopen time and number limitations enumerated in section 240(c)(7)(C) of the Act and 8 C.F.R. § 1003.2(c)(3).[2] In the motion, the respondent requests that the Board reopen her proceedings under the sua sponte authority and remand her proceedings to allow her to pursue relief from removal, including adjustment of status, relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), asylum and related forms of relief, and possibly

---

[1] The Board's prior decision related to the respondent and her parents. The current motion was filed on behalf of this respondent only.

[2] The respondent raises the possibility of equitable tolling, although she admits that this is a "sparingly" invoked doctrine (First Supplemental Memorandum at 2; Second Supplemental Memorandum at 2-3). We note that the United States Court of Appeals for the First Circuit has not addressed in a published decision whether a motion to reopen time and number limitations may be subject to equitable tolling. However, assuming *arguendo* equitable tolling were applicable, the First Circuit has stated that it would apply in "extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own." *Neves v. Holder*, 613 F.3d 30, 36 (1st Cir. 2010); *Fustaguio Do Nascimento v. Mukasey*, 549 F.3d 12, 18-19 (1st Cir. 2008). Furthermore, a party seeking equitable tolling must have diligently pursued her rights for the entire period she seeks tolled, not merely once she discovers the underlying circumstances warranting tolling. *Neves v. Holder*, 613 F.3d at 36.

Deferred Action for Childhood Arrival ("DACA") (Motion at 7). The respondent argues that her personal, family, and other circumstances, including her arrival as a young child, presents exceptional circumstances warranting the exercise of the Board's sua sponte authority. 8 C.F.R. § 1003.2(a).

The respondent also seeks to apply for asylum and related forms of relief, based on a fear of "gender based violence being directed towards her as a female born in Guatemala but neither raised nor educated in the native country" (Second Supplemental Memorandum at 4; Motion Exhs. 12-14). She argues that this group qualifies as a cognizable particular social group (Second Supplemental Memorandum at 4-8). However, the respondent has not argued or shown that this aspect of the motion falls within any exception to motion to reopen time and number limitations, including an exception based on changed conditions or circumstances arising in the country of nationality. Section 240(c)(7)(C)(ii) of the Act; 8 C.F.R. § 1003.2(c)(3)(ii).

Based on the totality of circumstances presented, including the respondent's entry as a young child, period of residency in the United States, family circumstances, circumstances surrounding her family's removal proceedings, and community support, we do not find that the respondent's case presents an exceptional situation that would warrant the Board's exercise of its discretion to reopen sua sponte. *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997) (stating that the power to reopen sua sponte "is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship").[3] To the extent the respondent raises issues regarding her custody status, bond proceedings are separate and apart from removal proceedings, therefore this issue is not appropriately before the Board. *See* 8 C.F.R. § 1003.19(d); *Matter of R-S-H-*, 23 I&N Dec. 629, 630 n.7 (BIA 2003).

Based on the above, the respondent's motion will be denied.

ORDER: The motion to reopen is denied.

_____
FOR THE BOARD

---

[3] Although this is not a dispositive factor, we note that the respondent's former counsel admitted that the respondent is not eligible for adjustment of status based on an approved Form I-130 visa petition because she entered the United States without inspection or admission (Affidavit of Marcela Ordonez, at ¶ 6; *see also* Exh. 1).

2