# EXHIBIT E

U.S. Department of Justice                                Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File: ▮▮▮▮▮▮ - Boston, MA                         Date:      JUL 3 1 2013

In re: SANDRO J. DESOUZA

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Joseph L. Grimaldi, Esquire

ON BEHALF OF DHS:        Brandon L. Lowy
                         Assistant Chief Counsel

APPLICATION: Reopening

    This matter was last before the Board on September 8, 2011, when we dismissed the respondent's appeal from the Immigration Judge's decision denying the respondent's applications for asylum, withholding of removal, and protection under the Convention Against Torture. Our decision reinstated the respondent's 60-day period of voluntary departure.[1] The respondent did not comply with his voluntary departure order. On June 14, 2013, the respondent filed a motion to reopen. The Department of Homeland Security (DHS) has filed an opposition to the motion, which will be denied.

    With certain exceptions, an alien is entitled to file one motion to reopen and the motion must be filed not later than 90 days after the final administrative order. *See* section 240(c)(7) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). The respondent's motion was filed long after the 90-day filing period expired. Furthermore, the respondent does not assert that the motion falls within any exception to the filing requirements. Instead, the respondent seeks to have the Board reopen proceedings sua sponte. *See* 8 C.F.R. § 1003.2(a). He states that proceedings should be reopened and then administratively closed so that he may pursue a provisional unlawful presence waiver (Form I-601A), which is for aliens who must travel abroad to obtain an immigrant visa from the Department of State. The respondent explains that his United States citizen wife filed a visa petition on his behalf and that it is pending with the U.S. Citizenship and Immigration Services (USCIS).

    The respondent, however, is not eligible for a provisional unlawful presence waiver. First, he already has a final order of removal, and the waiver process was not expanded to include aliens with final orders. *See* 78 Fed. Reg. 536, 577 (Jan. 3, 2013) (to be codified at 8 C.F.R. § 212.7(e)(4)(vi)); *see also* 78 Fed. Reg. at 545 (explaining that the DHS considered and rejected suggestions to allow aliens with final orders of removal to participate in the waiver process). Furthermore, there is no provision in the regulations for proceedings to be reopened and then

---

[1] The Board's decision explained that if the respondent did not comply with his voluntary departure order, he would be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Immigration and Nationality Act.

administratively closed so that an alien who has a final order will qualify for the provisional waiver.

Additionally, the visa petition (Form I-130) filed on behalf of the respondent by his United States citizen wife is still pending (Mot. at 6). A provisional unlawful presence waiver is not available to an alien unless he is the beneficiary of an approved immediate relative petition. *See* 78 Fed. Reg. at 577 (to be codified at 8 C.F.R. § 212.7(e)(3)(iv)).[2]

For these reasons, the respondent's motion to reopen will be denied. Any request for a favorable exercise of prosecutorial discretion would have to be addressed to the DHS. The request for a stay of removal pending adjudication of this motion is now moot.

ORDER: The respondent's motion to reopen is denied.

_Molly Kendell Clark_
FOR THE BOARD

---

[2] The respondent's motion states that the respondent postponed his interview with USCIS regarding the visa petition so that his motion to reopen with the Board could be adjudicated first (Mot. at 6). However, the lack of an approved visa petition is one of the reasons the motion to reopen must be denied.

2



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**DESOUZA, SANDRO J.**

**DHS/ICE Office of Chief Counsel - BOS**
**P.O. Box 8728**
**Boston, MA 02114**

Name: DESOUZA, SANDRO J

Date of this notice: 7/31/2013

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Kendall-Clark, Molly

williame
Userteam: <u>Docket</u>