# EXHIBIT F

U.S. Department of Justice

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

Corbaci, Christina
The Law Offices of Christina Corbaci, LLC
1 Salem St
Ste 205
Malden, MA 02148

DHS/ICE Office of Chief Counsel - NYC
26 Federal Plaza, 11th Floor
New York, NY 10278

Name: GAO, DENG

Date of this notice: 5/10/2018

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Adkins-Blanch, Charles K.
Kelly, Edward F.
Snow, Thomas G

Userteam: Docket

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: [redacted] – New York, NY             Date: MAY 10 2018

In re: Deng GAO

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Christina Corbaci, Esquire

APPLICATION: Reopening

    The respondent, a native and citizen of the People's Republic of China, appeals from the August 17, 2017, Immigration Judge's decision denying the respondent's June 20, 2017, motion to reopen removal proceedings, which had been conducted in absentia on September 10, 2008. The Department of Homeland Security (DHS) has filed no reply to the appeal. The appeal will be dismissed.

    We review the findings of fact, including the determination of credibility, made by the Immigration Judge under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review all other issues, including issues of law, discretion, or judgment, under a de novo standard. 8 C.F.R. § 1003.1(d)(3)(ii).

    Due process was satisfied here because the method of service was reasonably calculated to ensure that notice reached the alien. *See Fuentes-Argueta v. INS*, 101 F.3d 867, 871-72 (2d Cir. 1996) (mailing notice to an alien's last known address satisfies the notice requirement, even if the notice is returned as unclaimed). Here, the respondent admits that the Notice to Appear (NTA) and notices of hearing were mailed to the last address he provided DHS. Mailing notice to either the alien or the alien's counsel of record satisfies the notice requirement and creates a presumption of receipt. *See Bhanot v. Chertoff*, 474 F.3d 71, 73 (2d Cir. 2007) (*citing Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir. 2006)).

    There is a receipt presumption, however, for notices sent by regular mail, which "is weaker than that accorded to notice sent by certified mail." *Matter of M-R-A-*, 24 I&N Dec. 665, 673 (BIA 2008). We consider "all relevant evidence, including circumstantial evidence, offered to rebut th[e] presumption." *Alrefae v. Chertoff*, 471 F.3d 353, 359 (2d Cir. 2006). Relevant factors include the following: "(1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice." *Matter of M-R-A*, 24 I&N Dec at 673-74.

Here, the respondent failed to rebut this presumption of receipt. Specifically, the respondent did not provide an affidavit from the friend who resided at the address to which notices were mailed; he did not show that he had an incentive to appear at his hearing since the approval of the visa petition his first wife filed for him was revoked; none of the notices were returned by the postal service; and he waited almost nine years, until after he became eligible for an alternative form of relief, to seek to file a motion to reopen. These factors outbalanced his affidavit stating that he did not receive any notices.

We find without merit the respondent's appellate contention that he was not informed of the change of address notification requirement, given his failure to rebut the presumption of the NTA receipt. The alien who evades notice cannot reopen the removal hearing. *See Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006) (for aliens who receive notice of their obligation to inform the immigration court of any change in address and of the consequences of failing to do so in a Notice to Appear, the requirement that an alien receive notice is constructively satisfied if notice is properly provided and the alien changes address without informing the agency).

Regarding reopening based upon exceptional circumstances, the motion was untimely filed, and the respondent did not establish exceptional circumstances (IJ at 2-3). *See* 8 C.F.R. § 1003.23(b)(4)(ii) (removal order entered in absentia may be rescinded only upon a motion to reopen filed within 180 days after the date of the order of removal if the respondent demonstrates that he failed to appear because of exceptional circumstances).

The respondent mentions consular processing, and may be eligible to do so under the new rules for a provisional unlawful presence waiver under 8 C.F.R. § 212.7(e)(3). However, we note that while the respondent provided a receipt showing his current wife filed a visa petition (Form I-130) on June 23, 2016, he has not shown that he has an approved visa petition.[1] Consequently, he has not established prima facie eligibility for relief. *See Matter of Coelho*, 20 I&N Dec. 464 (BIA 1992); *see also Matter of L-O-G-*, 21 I&N Dec. 413 (BIA 1996) (noting that reopening for new relief requires at least a prima facie showing of eligibility for the relief).

Finally, we agree with the Immigration Judge that the respondent has not established exceptional circumstances which would warrant sua sponte reopening in these proceedings (IJ at 4-5). Specifically, the respondent did not allege that he took any steps to inquire about his immigration status during the six-year period since discovering in 2011 that he had been ordered removed in absentia (Respondent's Affidavit, para. 31). Consequently, the respondent has not established that he exercised due diligence in looking into his immigration status. *See* 8 C.F.R. § 1003.23(b); *Matter of G-D-*, 22 I&N Dec. 1132, 1133-34 (BIA 1999) ("As a general matter, we invoke our sua sponte authority sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an

---

[1] The U.S. Citizenship and Immigration Services case status service website indicates the Form I-130 has not yet been adjudicated.

extraordinary remedy reserved for truly exceptional situations."); *Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997).

For the foregoing reasons, and those articulated by the Immigration Judge in her decision, we affirm the Immigration Judge's decision, pursuant to our authority at 8 C.F.R. § 1003.1(e)(5).

Accordingly, the following order will be entered.

ORDER: The appeal is dismissed.

_____
FOR THE BOARD