**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., | Civil Action No. 1:18-cv-10225-MLW |
| Petitioners, | |
| v. | **RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION FOR CLASS CERTIFICATION** |
| KIRSTJEN M. NIELSEN, et al., | |
| Respondents. | |

## TABLE OF CONTENTS

INTRODUCTION ..............................................................................................................1

FACTUAL AND PROCEDURAL HISTORY ...............................................................2

ARGUMENT....................................................................................................................2

    I.   THE PROPOSED CLASS FAILS TO MEET THE REQUIREMENTS OF RULE 23 .....2

        1.     The proposed class does not satisfy the numerosity requirement under Rule 23(a)(1). ..................................................................................................................3

        2.     The proposed class does not satisfy the commonality requirement under Rule 23(a)(2). ..................................................................................................................

        3.     The proposed class does not satisfy the commonality requirement under Rule 23(a)(2). ..................................................................................................................4

        4.     The proposed class does not satisfy the typicality requirement under Rule 23(a)(3). ..................................................................................................................8

        5.     The class representatives cannot fairly and adequately represent the interests of the class. ..................................................................................................................9

    II.   THIS COURT LACKS JURISDICTION TO GRANT CLASSWIDE INJUNCTIVE RELIEF AND PETITIONERS HAVE NO VALID CLAIM FOR CORRESPONDING CLASSWIDE DECLARATORY RELIEF. ...........................................................10

    III.   THE PROPOSED CLASS DOES NOT FALL WITHIN ONE OF THE THREE TYPES OF CLASS ACTIONS PERMITTED BY RULE 23(b)(2). ........................11

    IV.   THIS COURT SHOULD NOT CERTIFY THIS CASE AS A RESPRESENTATIVE HABEAS ACTION. ...............................................................................................13

    V.   IN THE ALTERNATIVE, THIS COURT SHOULD STAY RESOLUTION OF THIS MOTION FOR CLASS CERTIFICATION UNTIL AFTER IT RULES ON RESPONDENTS' PENDING MOTION TO DISMISS AND PETITIONERS' MOTION FOR PRELIMINARY INJUNCTION. ....................................................14

CONCLUSION................................................................................................................15

CERTIFICATE OF SERVICE .......................................................................................16

## INTRODUCTION

Petitioners allege that Respondents lack authority to execute the alien Petitioners' final orders of removal while their Form I-130, Form I-212, and Form I-601A are pending and that they are entitled to additional process prior to being detained. ECF No. 27. Petitioners argue that the INA, its regulations, and the Due Process clause support their claims. ECF No. 27. Petitioners seek to certify a class consisting of: "any U.S. citizen and his or her noncitizen spouse who (1) has a final order of removal and has not departed the U.S. under that order; (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative, filed by the U.S. citizen spouse; (3) is not "ineligible" for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is within the jurisdiction of the Boston ICE-ERO field office (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine)." ECF No. 47 at 5.

This Court should deny Petitioners' Motion for Class Certification because Petitioners fail to meet the Rule 23 requirements. Particularly, Petitioners cannot meet the numerosity requirement because they proffer mere speculation as to the number of people who fall into their proposed class. Petitioners' sweeping proposed class encompasses a broad range of dissimilarly situated individuals whose claims are not common, whose injuries are not typical, and who have different factual bases for their claims. *See* ECF No. 47. Further, the Supreme Court recently questioned in *Jennings,* whether Due Process claims are amenable to classwide resolution, given the flexibility that a Due Process clause analysis requires. *See Jennings v. Rodriguez,* 138 S. Ct. 830, 851 (2018). The named Petitioners are also inadequate class representatives because of the various factual differences that distinguish their claims from the claims of the proposed class. Additionally, Petitioners cannot satisfy Federal Rule of Civil Procedure 23(b)(2) because, under 8 U.S.C. § 1252(f)(1), this Court lacks subject-matter jurisdiction to grant classwide injunctive relief on

1

Petitioners' constitutional claims. *See generally Jennings* 138 S. Ct. at 851. Because the court lacks jurisdiction to grant classwide injunctive relief, it may not certify a Rule 23(b)(2) class to grant classwide *declaratory* relief either. *See id.* Ultimately, this lawsuit is a poor class action vehicle. Certification will do nothing more than undermine the judicial efficacy concerns that the class action device is meant to facilitate. Therefore, the Court should deny Petitioners' motion for class certification.

## FACTUAL AND PROCEDURAL HISTORY

Respondents incorporate by reference the statement of facts in their opposition to Petitioners' motion for a preliminary injunction. *See* ECF No. 78, 1-3. On April 30, 2018, Petitioners filed their Motion for Class Certification. ECF No. 47. On May 25, 2018, this Court adopted the parties' briefing schedule and ordered Respondents to respond to Petitioners' motion by June 19, 2018. ECF No. 87.

## ARGUMENT

The Petitioners' motion for class certification should be denied because (1) the proposed class fails to meet the requirements of Federal Rule of Civil Procedure 23, and (2) 8 U.S.C. § 1252(f)(1) removes jurisdiction from the court to grant classwide injunctive relief and, consequently, Petitioners have no valid claim for *corresponding* classwide declaratory relief. Alternatively, Respondents request that this Court stay resolution of this motion for class certification until after it rules on Respondents' motion to dismiss Petitioners' individual claims.

## I.     THE PROPOSED CLASS FAILS TO MEET THE REQUIREMENTS OF RULE 23

The class action proponent must satisfy Federal Rules of Civil Procedure 23(a) and 23(b). *Smilow v. Southwestern Bell Mobile Systems, Inc.,* 323 F.3d 32, 38 (1st Cir. 2003). A

petitioner must first show that the four requirements listed in Rule 23(a) have been satisfied —
namely: (1) a class so numerous that joinder of all members is impracticable (numerosity); (2)
common questions of law or fact to the class (commonality); (3) the claims or defenses of the
representative parties are typical of the claims or defenses of the class (typicality); and (4) the
representative will adequately protect the class (adequacy). Fed. R. Civ. P. 23(a)(1)-(4); *see
also Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 344 (2011). These four requirements, the
Supreme Court underscored, "effectively limit the class claims to those fairly encompassed by
the named plaintiff's class." *Wal-Mart Stores, Inc.,* 564 U.S. at 347. Further, even if a
proponent can satisfy Rule 23(a) he still must show that the claim comes within one of the
three types of class actions permitted by Rule 23(b)(1), (2) or (3). *See* Fed. R. Civ. P. 23(b);
*see also Smilow,* 323 F.3d at 38.

   The class proponent has the burden of proof. *Smilow,* 323 F.3d at 38. The district court
must undertake a "rigorous analysis" to determine if Rule 23 requirements have been met. *See
Wal-Mart Stores, Inc.,* 564 U.S. at 349. Even where the class certification requirements are
met, the court still has broad discretion to deny certification. *Id.*

   **1.  The proposed class does not satisfy the numerosity requirement under Rule
        23(a)(1).**

   Petitioners fail to satisfy their burden of showing that the class is so numerous that joinder
is impracticable under Rule 23(a)(1). The numerosity analysis "requires examination of the
specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. v. EEOC,* 446 U.S.
318, 330 (1980). While a plaintiff need not calculate the precise number of class members, mere
speculation as to numerosity does not satisfy Rule 23(a)(1). *Marcus v. BMW of North America,
LLC,* 687 F.3d 583, 596-97 (3d Cir. 2012); *Reed v. Bowen,* 849 F.2d 1307, 1309 (10th Cir. 1988);
*Reid v. Donelan,* 297 F.R.D. 185, 189 (D. Mass 2014). "[N]umbers alone do not determine

3

numerosity" and "[j]oinder is considered more practicable when all members of the class are from the same geographic area." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 132 (1st Cir. 1985).

Here, Petitioners rely on a spreadsheet produced by United States Citizenship and Immigration Services ("USCIS") that indicates the number of pending Form I-130 petitions. ECF No. 47, Ex. C. However, this datum requires the Court to engage in speculation concerning how many of these petitions meet the other criteria of the proposed class definition, namely: (1) that the petition was filed by a U.S. citizen spouse, (2) that the beneficiary is not ineligible for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi), and (3) that the alien spouse has a final order of removal who has not departed. *See id.* Petitioners also rely on affidavits from two attorneys who likewise cannot establish how many of the Form I-130 applicants identified in the spreadsheet would be disqualified from the class due to these two requirements. ECF No. 47, Ex. A, B. Therefore, Petitioners fail to demonstrate that the proposed class is numerous, much less that joinder is impracticable. Indeed, Petitioners' own class definition includes individuals from the *same geographic area*, which makes joinder much more practicable. *See Andrews,* 780 F.2d at 132; ECF No. 47 at 5. Accordingly, this Court should deny certification.

## 2.   The proposed class does not satisfy the commonality requirement under Rule 23(a)(2).

The "commonality" requirement mandates that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). More specifically, the putative class' "claims must depend upon a common contention" and "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc.*, 564 U.S. at 349. Although for purposes of Rule 23(a)(2) even a single common question will do, "[w]hat matters to class certification . . . is not the raising of common questions

4

— even in droves — but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* "Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* at 2551 (citation omitted).

Petitioners cannot satisfy the commonality requirement because there are clear dissimilarities between the named Petitioners and proposed class. The definition of the proposed class first requires that the alien have "a final order of removal and has not departed the U.S. under that order." ECF No. 47 at 5. However, there are many grounds of removability, ranging from criminal convictions to being present without lawful status. *See* 8 U.S.C. § 1227. Some of these grounds of removal carry penalties that would make the alien ineligible to immigrate or ineligible to even file for a provisional waiver, making the "provisional waiver process" a futile gesture. *See e.g.,* 8 U.S.C. § 212(h) (describing aliens who are ineligible for an inadmissibility waiver); 8 C.F.R. § 212.7(e)(4)(v) (providing that aliens with reinstated orders of removal may not apply for a provisional unlawful presence waiver). However, Petitioners fail to take into account the underlying basis of the removal order, even though the removability ground certainly factors into whether an alien has a due process right to apply for an unlawful presence waiver from within the United States.

Indeed, there are significant differences even among the named Petitioners, which affect the legal analysis of their claims. For example, both Ms. de Souza and Mr. Gao were ordered removed *in abstentia*, subjecting them to an *unwaivable,* five-year bar to immigrate, while the other named Petitioners are inadmissible on *waivable* grounds. *See* ECF No. 27 at ¶¶ 40, 63, 75,

87, 96; 8 U.S.C. § 1182(a)(6)(B).[1] This ground of inadmissibility also precludes their eligibility to apply for a provisional unlawful presence waiver because the regulations state that aliens are only eligible to apply for a provisional waiver if "upon departure, [the alien] would be inadmissible only under [the unlawful presence ground] of the Act at the time of the immigrant visa interview." *See* 8 C.F.R. § 212.7(e)(3)(iii). Therefore, case by case scrutiny would be required to scrub for additional, disqualifying, bases of inadmissibility of each putative class member. *See id.;* 8 U.S.C. §§ 1182(a)(1) –(9) (listing the grounds of inadmissibility).

The proposed class' second requirement is that the alien is "the beneficiary of a pending or approved I-130, Petition for Alien Relative, filed by the U.S. citizen spouse." ECF No. 47 at 5. However, USCIS does not make an initial prima facie eligibility determination when it receives an I-130 petition. Therefore, Petitioners' proposed class would encompass even an alien in a fraudulent marriage,[2] merely because an application filed on behalf of the alien is pending.

The proposed class' third requirement is that the alien is not "ineligible for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi)." ECF No. 47 at 5; *see* 8 C.F.R. § 212.7(e)(4)(i) (disqualifying individuals who are under the age of 17); *see* 8 C.F.R. § 212.7(e)(4)(vi) (disqualifying individuals who have a pending application with USCIS for lawful permanent resident status). Yet, Petitioners' proposed class seemingly would include aliens who are ineligible for a provisional waiver for reasons other than 8 C.F.R. § 212.7(e)(4)(i) or (vi) -- even though the

---

[1] While ultimately the consulate will decide whether Ms. de Souza and Mr. Gao are inadmissible for failing to attend their immigration proceedings *and* for their unlawful presence, the BIA has already denied Mr. Gao's motion to reopen where he argued  that he had reasonable cause for failing to appear. ECF No 98, Ex. F. Ms. de Souza and Mr. Gao carry the burden to prove reasonable cause for failing to appear.  *See* 8 U.S.C. § 1361.

[2] Even where the couple is currently in a *bona fide* marriage, if the alien spouse is the subject of a previously filed Form I-130 on the basis of a fraudulent marriage, USCIS may not approve any subsequent Form I-130 petitions filed on the alien's behalf. 8 U.S.C. § 1154(c).

purported basis of this lawsuit is to allow aliens to avail themselves of the waiver process. *See* 8 C.F.R. § 212.7(e)(4) (listing aliens who are ineligible for the provisional unlawful presence waiver); 8 C.F.R. § 212.7(e)(3)(iii) (stating that aliens are only eligible for the provisional unlawful presence waiver if, among other things, they are "inadmissible *only* under [the unlawful presence ground] of the Act at the time of the immigrant visa interview). This dissimilarity would *at least* preclude a common resolution regarding whether the government "is arbitrarily depriv[ing] families of the benefits of these regulations" because the government cannot arbitrarily deprive someone of a process for which they are not even facially eligible. *See* ECF No. 50 at 18.

Taken as a whole, these dissimilarities between the putative class members would prevent this Court from generating common answers to Petitioners' constitutional claims because "due process is flexible and calls for such procedural protections as the particular situation demands." *Matthews v. Eldridge,* 424 U.S. 319, 321 (1976); *see also Goss v. Lopez,* 419 U.S. 565, 577 (1975) ("[T]he interpretation and application of the Due Process Clause are intensely practical matters and [] the very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." (citation omitted)); *Planned Parenthood of Southeastern Pennsylvania v. Casey,* 505 U.S. 833, 834 (1992) ("Rather, the adjudication of substantive due process claims may require this Court to exercise its reasoned judgment in determining the boundaries between the individual's liberty and the demands of organized society."); *see also Herrera-Inirio v. INS*, 208 F.3d 299, 309 (1st Cir. 2000) (rejecting a substantive due process challenge to the Executive's immigration enforcement actions aimed at the petitioner's deportation, because "those actions were precisely aligned with the purpose of the statute and well within its fair intendment. *Executive actions that do no more than comport with valid statutory commands simply are not the stuff from which substantive due process violations can be*

*fashioned.*) (citing *Kleindienst v. Mandel,* 408 U.S. 753 (1972) (emphasis added). Indeed, the Supreme Court recently recognized in *Jennings v. Rodriguez,* -- U.S. --, 138 S. Ct. 830, 852 (2018), that a class action may not be the proper vehicle to resolve Due Process claims because of the flexibility inherent in a Due Process analysis. *Id.* (remanding to the Court of Appeals to consider this question). Because due process is a flexible concept, these dissimilarities would require this Court to delve into the specific facts of each alien's case, thereby rendering it impossible to dispose of the classwide claims in an efficient manner. *See id.* Accordingly, Petitioners' proposed class does not meet the commonality requirement under Rule 23(a)(2).

### 3. The proposed class does not satisfy the typicality requirement under Rule 23(a)(3).

The Petitioners also fail to demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement of Rule 23(a)(3) "derives its independent legal significance from its ability to screen out class actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present." *Marcus,* 687 F.3d at 598. Thus, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class member." *Gen. Tel. Co. of Southwest,* 457 U.S. at 156.

The proposed class lacks typicality for the same reasons it lacks commonality. Further, the claims of the named Petitioners are atypical of the claims of the proposed class. All of the named Petitioners will eventually have to attend a consular interview overseas if they are to become eligible to adjust status. The proposed class, on the other hand, includes aliens who are eligible to adjust status *without* having to travel outside the United States to attend a consular interview and, as a result, would not have to spend time away from their families. According to Petitioners logic,

this group of "adjustment eligible" aliens would have stronger due process claims than the named

Petitioners who must leave the United States to adjust status.[3] Moreover, the named Petitioners

have a markedly different legal and factual position from the "adjustment eligible" aliens, who

have not departed the United States since their initial admission, because, unlike the named

Petitioners, the "adjustment eligible" aliens would not even need to apply for the provisional

unlawful presence waiver.[4] Because typicality is plainly lacking, this Court should deny

Petitioners' motion for class certification.

### 4. The class representatives cannot fairly and adequately represent the interests of the class.

The proposed class cannot satisfy the adequacy requirement of Rule 23(a)(4). An adequate

representative is one who will "fairly and adequately protect the interests of the class." Fed. R.

Civ. P. 23(a)(4). Due process requires that absent class members have an adequate representative.

*See Hansberry v. Lee,* 311 U.S. 32, 43 (1940). The adequacy "inquiry under Rule 23(a)(4) serves

to uncover conflicts of interest between named parties and the class they seek to represent."

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 625 (1997).

---

[3] Respondents maintain that even if an alien is eligible to adjust status within the United States, it does not give the alien a due process right to remain in the United States to pursue adjustment. *See Silverman v. Rogers*, 437 F.2d 102, 107 (1st Cir. 1970); *Smith v. Immigration and Naturalization Service*, 684 F.Supp. 1113, 1118 n.2 (D. Mass 1988); *Ansong v. District Director*, 596 F. Supp. 882, 888 (D. Me. 1984); *Cf. Khalaj v. Cole*, 46 F.3d 828, 835 (8th Cir. 1995) (rejecting petitioner's view of due process that "would prohibit the INS from ever attempting to deport an alien pursuant to a valid deportation order if any further administrative relief, such as motions to reopen, were available") (*citing Bothyo v. Moyer*, 772 F.2d 353, 358 (7th Cir. 1985)). However, the Petitioners' due process argument is centered around family unity and therefore, under this logic, the "adjustment eligible" aliens would have a stronger claim. *See* ECF No. 50 at 18.

[4] The grounds of inadmissibility under 8 U.S.C. § 1182(a)(9)(B) and 8 U.S.C. § 1182(a)(9)(A) are not triggered until the alien leaves the United States. Accordingly, an "adjustment eligible" alien who has not departed would not need to file the Form I-212 or Form I-601A. Instead, they would move to reopen their immigration proceedings and then adjust status in front of an immigration judge. 8 C.F.R. § 1003.2, 1003.23; 8 C.F.R. § 1245(a)(1).

Here, the named Petitioners cannot adequately represent the interests of the putative class because their claims and interests are not aligned with those of the proposed class members. For instance, the named alien Petitioners all must leave the United States before becoming a legal permanent residents, while the "adjustment eligible" aliens may seek to adjust status in the United States. Therefore, the strategies used to litigate the named Petitioners' case and the putative class' case will likely differ. Accordingly, the Petitioners fail to satisfy the adequacy requirement of Rule 23(a).

## II. THIS COURT LACKS JURISDICTION TO GRANT CLASSWIDE INJUNCTIVE RELIEF AND PETITIONERS HAVE NO VALID CLAIM FOR CORRESPONDING CLASSWIDE DECLARATORY RELIEF.

Section 1252(f)(1) precludes Petitioners' class-wide claims. Under that section, no court (other than the Supreme Court) has jurisdiction to enjoin or restrain the operation of the provisions of 8 U.S.C. §§ 1221-1232 on a classwide basis.  Section 1252(f)(1) specifically states:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this sub-chapter [8 U.S.C. §§ 1221-1232], as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

8 U.S.C. § 1252(f)(1).

In *Rodriguez v. Hayes,* the Ninth Circuit held that § 1252(f)(1) did not affect its jurisdiction over certain statutory claims because the claims did not "seek to enjoin the operation of the immigration detention statutes, but to enjoin conduct . . . not authorized by the statues. 591 F.3d 1105, 1120 (9th Cir. 2010). In reference to this holding, the Supreme Court stated that the Ninth Circuit's reasoning "does not seem to apply to an order granting relief on constitutional grounds." *Jennings,* 138 S. Ct. at 851.

Here, ICE may currently detain the putative class members under 8 U.S.C. § 1231(a)(6) and, similarly, may remove putative class members under 8 U.S.C. § 1231(a) and (a)(3). *See* ECF No. 78 at 13. Thus, if the Court ordered the government to conduct bond hearings or to release the putative class members, it would "enjoin or restrain the operation of [§ 1231]." 8 U.S.C. § 1252(f)(1). Section 1252(f)(1) clearly prohibits this relief Petitioners seek. Accordingly, if this Court grants relief at all, it should only do so on an individual, not classwide, basis.

Moreover, when a court lacks jurisdiction to grant classwide injunctive relief, it may not certify a class pursuant to Rule 23(b)(2), even if the court has jurisdiction to grant classwide *declaratory* relief. *See Jennings,* 138 S. Ct. at 851 ("if the Court of Appeals concludes that it may issue only declaratory relief, then the Court of Appeals should decide whether that remedy can sustain the class on its own") (citing Rule 23(b)(2) (requiring "that final injunctive relief or *corresponding* declaratory relief [be] appropriate respecting the class as a whole")). Because Petitioners have no valid remedy to sustain a class action, their request for class certification should be denied.

### III.   THE PROPOSED CLASS DOES NOT FALL WITHIN ONE OF THE THREE TYPES OF CLASS ACTIONS PERMITTED BY RULE 23(b)(2).

Even if a class proponent can satisfy Rule 23(a), he still must show that his claim comes within one of the three types of class actions permitted by Rule 23(b)(1), (2), or (3). *See* Fed. R. Civ. P. 23(b); *see also Smilow,* 323 F.3d at 38. Here, Petitioners argue that they have satisfied Rule 23(b)(2).[5] This argument is unavailing.

---

[5] Petitioners raise no claim under Rule 23(b)(1) or (b)(3). Because they have proffered no legal analysis for either rule, they have waived those arguments. *See Igartua v. U.S.,* 626 F.3d 592, 603 (1st Cir. 2010); *see also DiMarco-Zappa v. Cabanillas,* 238.

Rule 23(b)(2) provides that a class action can be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted — the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores Inc.,* 564 U.S. at 360. "It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Id.*

Petitioners seek, in part, to "[e]njoin Respondents from subjecting noncitizen Petitioners and other noncitizen members of the proposed class to detention or removal on the basis of a final order of removal *without regard* to their efforts to pursue legalization under the provisional waiver regulations." ECF No. 27 at 31. Therefore, Petitioners seek to enjoin their detention or removal if Respondents have *failed to consider* the alien's efforts to pursue a provisional unlawful presence waiver. *See id.*; *see also* ECF No. 50 at 28-29 (outlining fact specific, preliminary injunctive relief). Petitioners have reiterated that "they do not seek an automatic stay of removal." ECF No. 97 at 8. Rather, they seek "recognition that noncitizens pursuing provisional waivers should not normally be detained or removed absent a threat to national security or public safety, or for other reasons unrelated to their eligibility to receive lawful status under the provisional waiver process." *Id.* However, as discussed, declaratory and injunctive relief of this kind are expressly prohibited by section 1252(f)(1) and Rule 23(b)(2). Additionally, deciding Petitioners' claims for relief would require the Court to inquire into the facts of each case to determine whether Respondents adequately took into consideration (1) whether the alien is a public safety or national security risk and (2) whether the alien is eligible to apply for a provisional unlawful presence waiver. *See id.*

12

Such a fact-specific exercise would defeat the cohesiveness required of a Rule 23(b)(2) class because "the relief sought would merely initiate a process through which highly individualized determinations of liability and remedy are made." *Jamie S. v. Milwaukee Public Schools,* 668 F.3d 481, 499 (7th Cir. 2012); *see Wal-Mart Stores Inc.,* 564 U.S. at 359 (denying certification where the Court would have to conduct a fact-specific inquiry as to monetary damages); *Vallario v. Vandehey,* 554 F.3d 129, 1268 (10th Cir. 2009) ("Under Rule 23(b)(2), the injuries sustained by the class must be sufficiently similar that they can be addressed in a single injunction that *need not differentiate* between class members." (emphasis added) (citation omitted)). Under these circumstances, Petitioners cannot demonstrate that certification under Rule 23(b)(2) is proper.

## IV.   THIS COURT SHOULD NOT CERTIFY THIS CASE AS A RESPRESENTATIVE HABEAS ACTION.

This Court should also reject Petitioners' assertion that the proposed habeas class should be certified pursuant to the analysis set forth in *United States ex rel. Sero v. Preiser,* 506 F.2d 1115 (2d Cir. 1974). First, *Sero* is a Second Circuit case and, therefore, not binding on this Court. Second, unlike the habeas petitioners in *Sero,* the class here includes groups of individuals whose legal interests differ from those of the named Petitioners. *See supra* 8-9. Thus, the nature and extent of the named Petitioners' purported injuries are significantly different from those of the proposed class members. Accordingly, this Court should reject Petitioners' argument that the proposed class should be certified under *Sero.*

## V.   IN THE ALTERNATIVE, THIS COURT SHOULD STAY RESOLUTION OF THIS MOTION FOR CLASS CERTIFICATION UNTIL AFTER IT RULES ON RESPONDENTS' PENDING MOTION TO DISMISS AND PETITIONERS' MOTION FOR PRELIMINARY INJUNCTION.

The Court's authority "to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power encompasses holding in abeyance or staying the merits phase of a case. *Id.* at 253-54. The Supreme Court has explained that this power grants the Court "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

With these principles in mind, the Court should stay resolution of this motion for class certification until after it rules on Respondents' pending motion to dismiss and, if necessary, Petitioners' motion for preliminary injunction. A favorable ruling on Respondents' motion would obviate the need for the Court to consider this motion for class certification because if the named petitioners have no meritorious claims, then neither do the putative class members. *See, e.g., Cruz v. Farquharson,* 252 F.3d 530, 533 (1st Cir. 2001) ("Despite the fact that a case is brought as a putative class action, it ordinarily must be dismissed as moot of no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved."); *Boulware v. Crossland Mortg. Corp.*, 291 F.3d 261, 268 n.4 (4th Cir. 2002) (affirming dismissal of complaint and denial of class certification because plaintiff "failed to state a claim as the purported named plaintiff, and because all other similarly situated plaintiffs would likewise fail to state a claim"); *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("A class of plaintiffs does not have standing to sue if the named plaintiff does not have standing."). Accordingly, this Court should stay resolution of this motion until after it rules on Respondents' pending motion to dismiss and, if necessary, Petitioners' motion for preliminary injunction.

**CONCLUSION**

For the foregoing reasons, this Court should deny Petitioners' motion for class certification. Alternatively, Respondents request that the Court stay resolution of this motion for class

certification until after it rules on Respondents' pending motion to dismiss and, if necessary,

Petitioners' motion for preliminary injunction.

DATED: June 19, 2018                      Respectfully submitted,

                                          CHAD READLER
                                          Acting Assistant Attorney General

                                          WILLIAM C. PEACHEY
                                          Director
                                          Office of Immigration Litigation

                                          T. MONIQUE PEOPLES
                                          Senior Litigation Counsel

                                          */s/ Mary L. Larakers.*
                                          MARY L. LARAKERS
                                          Trial Attorney
                                          U.S. Department of Justice, Civil Division
                                          Office of Immigration Litigation
                                          District Court Section
                                          P.O. Box 868, Ben Franklin Station
                                          Washington, DC 20044
                                          (202) 353-4419
                                          (202) 305-7000 (facsimile)
                                          mary.l.larakers@usdoj.gov

                                          ATTORNEYS FOR RESPONDENTS

## CERTIFICATE OF SERVICE

  I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Mary L. Larakers

Mary L. Larakers

Trial Attorney

Dated: June 19, 2018