UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br>Individually and on behalf of all others similarly situated, <br><br>          Plaintiffs-Petitioners, <br><br>     v. <br><br>KIRSTJEN M. NIELSEN, et al., <br><br>          Defendants-Respondents. | No. 1:18-cv-10225-MLW |

**PETITIONERS' MOTION FOR LEAVE TO DEPOSE
ICE DIRECTORS ADDUCCI, BROPHY, AND LYONS**

Pursuant to Rule 30(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, Petitioners seek leave to depose Interim Field Office Director ("FOD") Rebecca Adducci, former Acting FOD Thomas Brophy, and Deputy FOD Todd Lyons. While the named Petitioners and unnamed members of the putative class await resolution of this case and relief from the threat that they will be arrested, detained, and/or removed, Respondents' leadership and positions have been shifting. In light of this, depositions would help the parties answer questions remaining from the May 22 and 23 hearings and promote the efficient resolution of this case.

At the May 22 and 23 hearing, former Acting FOD Brophy testified that he had directed the Boston ICE office to cease making arrests at CIS offices. Hearing Tr. (May 22, 2018) at 22:15-23 (explaining "that we weren't going to CIS any longer to arrest people unless there was a direct threat to national security or public safety"). Further, Deputy Directors Rutherford and Lyons testified that they expected that Mr. Lyons would become Acting FOD on June 1, 2018

(Hearing Tr. (May 23, 2018) at 21:3-5 (Rutherford); 126:25-127:5 (Lyons)), and would continue Mr. Brophy's policy of not arresting noncitizens interviewing for benefits at CIS offices absent a clear public safety or national security reason for doing so. Hearing Tr. (May 23, 2018) at 135:8-25 (Lyons).

We now know that Mr. Lyons' term as Acting FOD lasted less than a week. Moreover, the previously-announced directive articulated by former Acting FOD Brophy has effectively been disavowed. On June 22, 2018, Respondents filed a Notice of Substituted Party, replacing Brophy with Interim FOD Adducci and addressing Mr. Brophy's prior directive with regard to arrests at USCIS. ECF No. 100. Ms. Adducci's declaration states, in part:

> I also understand that statements may have been made by prior local ERO leadership, which may have been interpreted as a commitment with regard to the prioritization of enforcement resources. As Interim FOD, I intend to prioritize enforcement resources consistent with Executive Order No. 13768, *Enhancing Public Safety in the Interior of the United States*, 82 Fed. Reg. 8799 (Jan. 25, 2017), and the February 20, 2017 memorandum from former Secretary of Homeland Security John Kelly, titled *Enforcement of the Immigration Laws to Serve the National Interest*. Consistent with these policies, although ERO Boston will continue to prioritize enforcement efforts toward the apprehension and removal of criminal aliens and those who pose a danger to the community or to the national security of the United States, **no classes or categories of removal aliens are exempt from enforcement, including detention**.

Adduci Decl. ¶ 5 (emphasis added).

Indeed, less than one week after Ms. Adducci took over in Boston, Petitioner Lucimar de Souza appeared at ICE for a routine check-in and was told by representatives at the Boston Field Office that she was required to depart the United States on August 12. *See* ECF No. 98 (Provazza Decl.) Ex. B (Letter Regarding Ms. de Souza's Removal). Petitioners do not know whether that action was directed by Acting FOD Adducci, but it is consistent with the statements in Ms. Adducci's declaration and her disavowal of former Acting FOD Brophy's testimony. It

was only after intervention by counsel that Respondents withdrew this notice. *Id.* at Ex. A (Emails Regarding Ms. de Souza's Removal).

These developments underscore that this case is ripe and presents pressing issues requiring preliminary injunctive relief. *See* ECF No. 50 (Pets. Br. for P.I.) at 20 n.5, 23-28; ECF No. 97 (Reply) at 2-4, 15. More importantly, Defendants' shifting positions since the hearing one month ago create a need to examine these positions under oath and answer critical questions about what happened after the May 22 and 23 hearings.

In view of the above, Petitioners request an order directing Respondents to: (i) produce Ms. Adducci, Mr. Brophy, and Mr. Lyons for deposition on or before July 31, 2018, or as soon thereafter as the parties' and witnesses' schedules permit; and (ii) no later than ten (10) days before any such deposition, produce all documents regarding (a) Ms. Adducci's appointment as Interim FOD at ERO Boston, (b) enforcement activities against persons presenting for I-130 interviews at CIS and/or otherwise pursuing the provisional waiver process, including documents sufficient to identify any such persons who have been arrested, detained, and/or deported, and (c) the June 12 decision to give Ms. De Souza a notice to depart the United States.

Respectfully submitted this 28th day of June, 2018.

/s/   Kevin S. Prussia

| | |
|---|---|
| Matthew R. Segal (BBO # 654489) | Kevin S. Prussia (BBO # 666813) |
| Adriana Lafaille (BBO # 680210) | Michaela P. Sewall (BBO # 683182) |
| AMERICAN CIVIL LIBERTIES UNION | Jonathan A. Cox (BBO # 687810) |
| FOUNDATION OF MASSACHUSETTS, INC. | Stephen Provazza (BBO # 691159) |
| 211 Congress Street | Colleen M. McCullough (BBO # 696455) |
| Boston, MA 02110 | WILMER CUTLER PICKERING |
| (617) 482-3170 |   HALE AND DORR LLP |
| | 60 State Street |
| Kathleen M. Gillespie (BBO # 661315) | Boston, MA 02109 |
| Attorney at Law | Telephone: (617) 526-6000 |
| 6 White Pine Lane | Facsimile:  (617) 526-5000 |
| Lexington, MA 02421 | kevin.prussia@wilmerhale.com |
| (339) 970-9283 | michaela.sewall@wilmerhale.com |
| | jonathan.cox@wilmerhale.com |
| | stephen.provazza@wilmerhale.com |
| | colleen.mccullough@wilmerhale.com |

*Attorneys for Petitioners*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

I, Kevin S. Prussia, hereby certify that in accordance with Local Rule 7.1(a)(2), counsel for Petitioners conferred with counsel for Respondents in a good faith attempt to narrow or resolve the issues in this motion. Counsel for Respondents were unable to agree at this time to provide any discovery. Petitioners file this motion in awareness of this Court's imminent departure for the month of July.

> */s/  Kevin S. Prussia*
> Kevin S. Prussia

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2018, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

> */s/  Kevin S. Prussia*
> Kevin S. Prussia