UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, et al., <br><br> Petitioner, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, et al., <br><br> Respondents. | No. 18-cv-10225-MLW <br><br> **LEAVE TO FILE GRANTED ON JUNE 25, 2018** |

## RESPONDENTS' SUR-REPLY IN SUPPORT OF THEIR OPPOSITION TO PETITIONERS' MOTION FOR PRELIMINARY INJUNCTION

On June 14, 2018, Petitioners filed their reply brief in support of their motion for preliminary injunctive relief. ECF No. 97. In their reply, Petitioners, for the first time, used evidence submitted at the May 22, 2018, and May 23, 2018, hearings (the "Evidentiary Hearings") to support their legal arguments. *Id.* at 1, 3, 6, 12, 13, 15. Respondents now submit this brief sur-reply to incorporate the evidence submitted at the Evidentiary Hearings into their prior brief in opposition to preliminary injunctive relief.

As an initial matter, the evidence submitted at the Evidentiary Hearings has no bearing on the mootness analysis in this case. *See* ECF No. 97 at 3. The named alien Petitioners are not currently detained, which moots their habeas claims.[1] And any future detention of the alien Petitioners is not only speculative, but also would not evade judicial review, as proven by this Court's ability to partially rule on Petitioners' habeas claims prior to any removal. *See* May 8,

---

[1] The Petitioners' remaining claims are not moot, but, rather, are jurisdictionally barred by 8 U.S.C. § 1252. Accordingly, the testimony regarding ICE's enforcement operations at I-130 interviews is not relevant to whether this Court has jurisdiction over Petitioners' claims relating to the provisional waiver process.

2018 Tr. at 12. Thus, this Court should dismiss Petitioners' habeas claims as moot even though this case was brought as a putative class action. *See Cruz v. Farquharson,* 252 F.3d 530, 533 (1st Cir. 2001) (citing *Arnold v. Panora,* 593 F.2d 161, 164 (1st Cir. 1979); *Cicchetti v. Lucey,* 514 F.2d 362, 365-66 (1st Cir. 1975)).

Moreover, the evidence submitted at the Evidentiary Hearings illustrates that DHS's interpretation of 8 C.F.R. § 241.4 is entitled to deference as the well-reasoned interpretation of the agency.[2] Contrary to Petitioners' contention, DHS's interpretation has *not* "been offered only in the context of litigation." ECF No. 97 at 14-15. Each witness at the Evidentiary Hearings testified under oath that, throughout their careers, ICE's interpretation of the Post Order Custody Review ("POCR") regulations in 8 C.F.R. § 241.4 has been consistent with the interpretation articulated in this litigation, namely: (1) the POCR clock starts running on the first day an alien comes into custody, regardless of when the alien's order of removal became final; (2) the alien and his or her attorney shall be given notice of the impending POCR around the sixtieth day of the alien's detention; and (3) the alien shall be given a POCR on or before the ninetieth day of the alien's detention. May 22, 2018 Tr. at 125-127 (Mr. Brophy testifying about the POCR regulations); May 23, 2018 Tr. at 117-118, 125-126 (Mr. Rutherford and Mr. Lyons testifying about the POCR regulations).

---

[2] Respondents' position regarding the POCR regulations has not "evolved" throughout this litigation. *See* ECF No. 97 at 14-15. Respondents' position has always been that an alien is *not* entitled to a post order custody review until *they have been in custody for a continuous period of 90 days*. In Respondents' Motion to Dismiss the First Amended Complaint, Respondents argued that aliens, like Ms. de Souza, are not entitled to a post order custody review "prior to their detention or before they have been detained 90 days." ECF No. 40 at 13. At the time Respondents' motion was filed, Ms. de Souza had been detained for less than ninety days and, accordingly, was not yet entitled to a post order custody review under DHS's interpretation of 8 C.F.R. § 241.4. *See id.* The same is true for Ms. Calderon. *See* ECF No. 22.

Furthermore, ICE's guidance on the POCR regulations illustrates that DHS's interpretation is not a post-hoc litigating position. The guidance recognizes that there may be aliens in custody with new *or* outstanding final orders of removal and dictates that the timeline for review is the same in either case. ECF No. 98-7. The guidance states the review shall be conducted "no later than 90 days after the issuance of a final order (if in custody when final order is issued) ***or no later than 90 days after coming into custody with an outstanding final order***." *Id.* (emphasis added). Finally, the "Notice to Alien of File Custody Review," marked as Exhibit 10, also states that ICE will review a "case for consideration of release" within 90 days of "entering ICE custody with a final order of removal, deportation or exclusion." ECF No. 83-4.

As a whole, the evidence taken at the Evidentiary Hearings establishes that DHS's interpretation of the POCR regulations was solidified well before this litigation and, as such, "there is simply no reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question." *See Auer v. Robbins,* 519 U.S. 452, 463 (1997). As Respondents espouse in their previous briefs, this interpretation should be afforded deference as a reasonable interpretation *even if* it is not the only one permitted by the regulatory language. *See id.* at 458; ECF No. 78 at 17-20; ECF No. 96 at 14. Accordingly, Petitioners are not likely to succeed on the merits of their challenge to DHS's interpretation of 8 C.F.R. § 241.4.

For these reasons, and the reasons set forth in Respondents' opposition (ECF No. 78), this Court should deny Petitioners' motion for preliminary injunctive relief.

Respectfully submitted,

CHAD READLER
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

J. MAX WEINTRAUB
Senior Litigation Counsel

T. MONIQUE PEOPLES
Senior Litigation Counsel

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov
*Counsel for Respondents*

**CERTIFICATE OF SERVICE**

    I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: July 6, 2018

/s/ Mary L. Larakers
Mary L. Larakers
Trial Attorney