## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, et al., <br><br> Defendants-Respondents. | No. 1:18-cv-10225-MLW |

### PETITIONERS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO DEPOSE ICE DIRECTORS ADDUCCI, BROPHY, AND LYONS

Petitioners filed in this Court in part to enjoin ICE's policy and practice of subjecting them, and those similarly situated, to arrest and detention while they pursue provisional waivers. *See* Dkt. No. 27 ¶¶ 140-141. During hearings before this Court on May 22 and 23, 2018 ("May hearings"), it was revealed that the ICE Boston office ("ICE Boston") began a policy and practice in 2017 of arresting noncitizens, like Petitioners, who were interviewing for immigration benefits at CIS offices. It was further revealed that the policy changed and the practice was ordered to be ceased in or around February 2018. Indeed, during the May hearings, multiple senior officials at ICE Boston testified under oath to that change of policy.

In part because of the changed policy, this Court did not continue the May hearings and instead ordered the parties to discuss the potential for settlement. Just one month later, however, ICE Boston appears to have disavowed its changed policy, noting in a "Notice of Substituted Party" that "no classes or categories of removal aliens are exempt from enforcement, including

detention." Dkt. No. 100 at 6-7 (Adduci Decl. ¶ 5). No further explanation or elaboration was offered.

Given this sudden turn of events, Petitioners seek leave to depose ICE officials in order to fully understand the changes to ICE's current policy and practice since the hearings in this case, and its consequences, if any, for this litigation. Allowing these depositions to occur now is an efficient way to close holes in the factual record and provide further factual context for the legal claims at issue in this case. Therefore, Petitioners seek leave to depose Interim Field Office Director ("FOD") Rebecca Adduci, former Acting FOD Thomas Brophy, and Deputy FOD Todd Lyons. Petitioners further request that Respondents be ordered to produce, in advance of those depositions, all documents regarding (a) Ms. Adduci's appointment as Interim FOD at ERO Boston, (b) enforcement activities against persons presenting for I-130 interviews at CIS and/or otherwise pursuing the provisional waiver process, including documents sufficient to identify any such persons who have been arrested, detained, and/or deported, and (c) the June 12 decision to give Ms. De Souza a notice to depart the United States.

I.  BACKGROUND

Petitioners filed an amended class action complaint on behalf of themselves and those similarly situated on April 10, 2018, seeking in part to enjoin Respondents' policy and practice of subjecting them to detention while they pursue lawful status through the provisional waiver process. Dkt. No. 27 ¶¶ 140-141. Petitioners stated that, on information and belief, it was ICE's policy to arrest Petitioners appearing at CIS offices in pursuit of provisional waivers. *See, e.g.*, *id.* ¶¶ 101-103. Petitioners thereafter filed a motion for preliminary injunction (Dkt. No. 49) and a motion for class certification (Dkt. No. 46).

On May 14, 2018, this Court ordered that certain ICE officials with information related to Petitioners' pending motions for preliminary injunction and class certification appear before the Court to testify. Dkt. No. 69 at 1-2. Hearings were conducted on May 22 and 23, 2018, and were adjourned mid-way through the testimony of Mr. Lyons.

At the May hearings, former Acting FOD Brophy testified that it had been the policy of his predecessor, Christopher Cronin, to target noncitizens for arrest at CIS offices. Hearing Tr. (May 22, 2018) at 22:15-23:13. He stated, however, that in February 2018, he put an end to this practice and directed that ICE Boston cease making arrests at CIS offices. *Id.* at 22:15-23 (explaining "that we weren't going to CIS any longer to arrest people unless there was a direct threat to national security or public safety"). Deputy Directors Rutherford and Lyons testified that Mr. Lyons would become Acting FOD on June 1, 2018 (Hearing Tr. (May 23, 2018) at 21:3-5 (Rutherford); 126:25-127:5 (Lyons)), and would continue Mr. Brophy's policy of not arresting noncitizens interviewing for benefits at CIS offices absent a clear public safety or national security reason for doing so. Hearing Tr. (May 23, 2018) at 135:8-25 (Lyons).

Given ICE's changed policy and practice, this Court saw a potential for common ground between the parties, and ordered them to discuss the possibility of settlement. *See*, *e.g.* Lobby Conference Tr. (May 23, 2018) at 6:5-17 ("Then I'm going to direct that the parties begin speaking. … It seems to me that it's possible that the dimensions of this Calderon case have changed a lot in the sense that … you were seeking an injunction in part to stop arrests at CIS offices, but they say there haven't been any recently, and Mr. Lyons says it will be his directive that there not be any in the foreseeable future."); *id.* at 17 (suggesting there may be a way to "monitor whether Mr. Lyons' policies are being followed and not generating the problems that

you would hope to get class-wide relief for"). In light of potential settlement discussions, the Court canceled further hearings. Dkt. No. 87.

Just one month after the May hearings, however, Respondents indicated that ICE Boston may have disavowed the changed policy, and reverted back to its former practice of arresting noncitizens appearing at CIS offices. On June 22, 2018, Respondents filed a Notice of Substituted Party, replacing Mr. Brophy not with Mr. Lyons, as could be expected, but instead with Rebecca Adducci, titled "Interim FOD." Dkt. No. 100. This Notice addresses Mr. Brophy's prior directive with regard to arrests at USCIS, implying that it had been reversed by Ms. Adducci. *See id.* ¶ 4. In a declaration in support of the notice, Ms. Adducci states:

> I also understand that statements may have been made by prior local ERO leadership, which may have been interpreted as a commitment with regard to the prioritization of enforcement resources. As Interim FOD, I intend to prioritize enforcement resources consistent with Executive Order No. 13768, *Enhancing Public Safety in the Interior of the United States*, 82 Fed. Reg. 8799 (Jan. 25, 2017), and the February 20, 2017 memorandum from former Secretary of Homeland Security John Kelly, titled *Enforcement of the Immigration Laws to Serve the National Interest*. Consistent with these policies, although ERO Boston will continue to prioritize enforcement efforts toward the apprehension and removal of criminal aliens and those who pose a danger to the community or to the national security of the United States, **no classes or categories of removal aliens are exempt from enforcement, including detention**.

*Id.* at 6-7 (Adduci Decl. ¶ 5) (emphasis added).

Less than one week after Ms. Adducci took over in Boston, Petitioner Lucimar de Souza appeared at ICE for a routine check-in and was told by representatives at the Boston Field Office that she was required to depart the United States on August 12. *See* Dkt. No. 98 (Provazza Decl.) Ex. B (Letter Regarding Ms. de Souza's Removal).[1] On July 2, 2018, a class member,

---

[1] It was only after intervention by counsel that Respondents withdrew this notice. *See* Dkt. No. 98 (Provazza Decl.) at Ex. A (Emails Regarding Ms. de Souza's Removal).

4

Godfrey Nkojo, was arrested at an ICE check-in. *See Nkojo v. Nielsen*, 1:18-cv-11401-MLW (filed July 3, 2018). These actions are consistent with the statements in Ms. Adducci's declaration and an apparent disavowal of former Acting FOD Brophy's policy. The record does not reflect whether any other class members have been ordered to leave the United States, or are in custody.

On June 28, 2018, Petitioners moved for leave to depose Ms. Adducci, Mr. Brophy, and Mr. Lyons, and for certain relevant documents to be produced in advance of those depositions. Dkt. No. 108. The Court ordered that the parties confer to see if they could reach agreement on discovery and further ordered that, if unable to reach agreement, Petitioners file a memorandum and affidavits in support of their motion. Dkt. No. 109. The parties conferred but were unable to reach agreement on Petitioners' request for discovery. Dkt. Nos. 110, 111. Petitioners therefore file the instant memorandum in support of their motion.[2]

Currently, a hearing on Petitioners' motion for preliminary injunction (Dkt. No. 49), Petitioners' motion for class certification (Dkt. No. 46), and Respondents' motion to dismiss (Dkt. No. 44), is scheduled for August 14, 2018.

## II.    LEGAL STANDARD

In the ordinary course, discovery proceeds after a Rule 26(f) scheduling conference. However, discovery may be expedited by leave of court. *See* Rule 30(a)(2)(A)(iii); *Momenta Pharm., Inc. v. Teva Pharm. Indus. Ltd.*, 765 F. Supp. 2d 87, 88–89 (D. Mass. 2011); *Bosque v. Wells Fargo Bank, N.A.*, 762 F. Supp. 2d 342, 355 (D. Mass. 2011). Courts in this district have applied a "reasonableness" standard to determine whether expedited discovery is justified.

---

[2] The Court's order directs Petitioners to file "affidavit(s) in support of" their motion. Dkt. No. 109 ¶ 2(a). Petitioners have included with their motion a Certificate of Compliance with L.R. 7.1(a)(2). Petitioners do not submit an affidavit under L.R. 7.1(b)(1) because the factual basis for this motion is provided by the existing factual record.

*Laughlin v. Orthofix Int'l, N.V.*, 293 F.R.D. 40, 41 (D. Mass. 2013). Under the reasonableness standard, courts consider factors including "the purpose for the discovery; the need for the discovery to prevent irreparable harm; the plaintiff's likelihood of success on the merits; the burden of discovery on the defendant; and the degree of prematurity." *Id.* at 42 (quoting *Momenta Pharm.*, 765 F. Supp. 2d at 89).

**III. ARGUMENT**

Petitioners' request for expedited depositions of Ms. Adducci, Mr. Lyons and Mr. Brophy, and for production of the limited categories of documents that are relevant thereto, is reasonable and should be allowed.

*First*, the requested discovery is not premature and would not impose an undue burden on Respondents. Petitioners' motion would allow the parties to effectively use the time between now and the scheduled hearing, and promote an efficient resolution of the issues in this case. This Court has already invested *two days* in hearings and ordered limited discovery on detention issues and ICE Boston's policy of arrests at CIS offices. The discovery that Petitioners now seek would keep that time and effort from going to waste and close gaps that have been left open in the record by the lack of time to complete Mr. Lyons' testimony, and, more importantly, by the Respondents' abrupt shift in policy since these hearings.

Respondents have provided one vaguely worded paragraph to announce a change to a policy that was the subject of extensive testimony over a two-day period. Because that paragraph raises more questions than it answers, Petitioners should be allowed to take limited discovery in order to efficiently and effectively close holes in the factual record.

*Second*, the requested discovery may assist the parties and the Court in understanding ICE's policy and practice regarding arrests of noncitizens at CIS and elsewhere, which is

relevant to Petitioners' pending motion for preliminary injunction and motion for class certification.  ICE's policy and practice has shifted repeatedly since February 2018, including just one month after two days of hearings and the sworn testimony of three senior ICE Boston officials before this Court.  What is more, Respondents' most recent articulation of ICE Boston's policy is cursory and unclear as to its actual practice.  *See* Dkt. No. 100 ¶ 4.

Without a full understanding of the current policy, the reasons for the changed circumstances, and the likelihood of further changes in the future, the parties and the Court may be hampered in their ability to consider and make use of the testimony elicited in May 2018 in evaluating the pending motions in this case.  What is more, a clearer understanding of the current policy, and the reasons for the underlying changes, may be beneficial to the parties and the Court in evaluating the likelihood of success on the merits and irreparable harm.

Petitioners' discovery motion is therefore warranted and narrowly tailored to address critical and time-sensitive issues.  *See Bosque*, 762 F. Supp. 2d at 355 (concluding "that good cause has been shown to order this [expedited deposition], which is relatively narrow and particularized and addresses issues related to possible class certification"); *see also Thai Le v. Diligence, Inc.*, 312 F.R.D. 245, 246 (D. Mass. 2015) ("Although the decision is discretionary, courts have generally allowed re-opening a deposition where, as here, new information is unearthed only after the initial deposition."); *A.J. Props., LLC v. Stanley Black & Decker, Inc.*, No. 11-cv-10835, 2013 WL 4046329, at *1 (D. Mass. Aug. 7, 2013) (noting in the context of a motion to amend that "the unexpected discovery of new evidence can amount to good cause").

## IV. CONCLUSION

Respondents' sudden change in policy regarding arrests of noncitizens at CIS office creates a need to examine these positions under oath and answer critical questions about what

happened after the May hearings. Given the change of circumstance, Petitioners respectfully request that this Court give Petitioners leave to depose Ms. Adducci, Mr. Brophy, and Mr. Lyons, and order Respondents to produce relevant documents Petitioners have requested in advance of those depositions.

Respectfully submitted this 9th day of July, 2018.

*/s/ Kevin S. Prussia*

| | |
|---|---|
| Matthew R. Segal (BBO # 654489) | Kevin S. Prussia (BBO # 666813) |
| Adriana Lafaille (BBO # 680210) | Michaela P. Sewall (BBO # 683182) |
| AMERICAN CIVIL LIBERTIES UNION | Jonathan A. Cox (BBO # 687810) |
| FOUNDATION OF MASSACHUSETTS, INC. | Stephen Provazza (BBO # 691159) |
| 211 Congress Street | Colleen M. McCullough (BBO # 696455) |
| Boston, MA 02110 | WILMER CUTLER PICKERING |
| (617) 482-3170 |   HALE AND DORR LLP |
| | 60 State Street |
| Kathleen M. Gillespie (BBO # 661315) | Boston, MA 02109 |
| Attorney at Law | Telephone: (617) 526-6000 |
| 6 White Pine Lane | Facsimile: (617) 526-5000 |
| Lexington, MA 02421 | kevin.prussia@wilmerhale.com |
| (339) 970-9283 | michaela.sewall@wilmerhale.com |
| | jonathan.cox@wilmerhale.com |
| | stephen.provazza@wilmerhale.com |
| | colleen.mccullough@wilmerhale.com |

*Attorneys for Petitioners*