UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, *et al.*, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, *et al.*, <br><br> Defendants-Respondents. | No. 1:18-cv-10225-MLW |

## RESPONDENTS' OPPOSITION TO MOTION FOR LEAVE TO DEPOSE

### INTRODUCTION

On June 28, 2018, Petitioners moved this Court for leave to depose ICE Interim Field Office Directors Adducci, and Deputy Field Office Directors Brophy, and Lyons. ECF No. 108. On July 9, Petitioners filed a memorandum in support of their motion. ECF No. 115. Petitioners' memorandum fails to establish, however, that they are entitled to expedited discovery under the applicable standard. *See id.* For instance, the memorandum declines to identify any irreparable harm Petitioners would suffer absent expedited discovery, conclusively states the "discovery is not premature and would not impose an undue burden," and neglects to address the likelihood of their success on the merits. *Id.* at 6.

Furthermore, the purpose of discovery, to ascertain ICE Boston's enforcement policies at USCIS offices, weighs against granting expedited discovery. Respondents argue that (1) this Court lacks jurisdiction under 8 U.S.C. § 1252 over the remaining live issues and (2) detaining and removing the alien Petitioners, and putative class members, is consistent with the governing

statutes, regulations, and the Constitution. The discovery Petitioners seek will shed no light on the merits of these arguments because Respondents have *never* argued that the testimony at the May 22-23, 2018 hearings moots Petitioners claims. Rather, Respondents' arguments are purely legal in nature. Accordingly, this court should deny Petitioners' motion for expedited discovery.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, parties may not engage in pre-conference discovery, otherwise known as expedited discovery, absent a court order. Fed. R. Civ. P. 26(d). "Expedited discovery is not the norm, particularly where defendants have filed a motion to dismiss." *Guttenberg v. Emery,* 26 F. Supp. 3d 88, 97 (D. D. C. 2014). Although the First Circuit has not articulated a standard for determining whether expedited discovery is warranted, courts in this district have applied a test analyzing the "reasonableness of the request in light of all the surrounding circumstances." *Momenta Pharmaceuticals, Inc. v. Teva Pharmaceuticals Industries Ltd.,* 765 F. Supp. 2d 87, 89 (D. Mass. 2011). In applying this test, courts consider "the purpose for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity." *Id.*

## ARGUMENT

**The Court should deny the motion because Petitioners utterly fail to meet any of the relevant prongs of the reasonable test that courts typically apply.**

   I.   **The purpose of Petitioners' request for expedited discovery does not support a departure from the normal discovery rules.**

Through expedited discovery, Petitioners intend to seek "a clearer understanding of the current policy, and the reasons for the underlying changes." ECF No. 115 at 7. Petitioners' stated purpose for discovery, however, is undermined by Respondents' argument that both 8 U.S.C.

§ 1231 and the Constitution authorize enforcing lawful final orders of removal, even if the individual is apprehended at USCIS. *See* ECF No. 78. The issues for the Court to resolve in the pending motions are pure questions of law for which no discovery is needed. Additionally, the policy position articulated by ICE is sufficiently clear for this Court to rule on Petitioners' motion for a preliminary injunction. *See* ECF No. 100. Interim Field Office Director Adducci's declaration states that she intends to enforce the immigration laws of this country in accordance with a 6-page memorandum implementing Executive Order 13768. *See* ECF No. 100 ¶ 5; ECF No. 101. This memorandum lays out, with specificity, DHS's enforcement priorities and how ICE should exercise prosecutorial discretion. ECF No. 101. This policy does not exempt any alien with a lawful final order of removal from enforcement, necessarily including the putative class members. *See id.* As a result, Petitioners cannot cloak what is nothing more than a fishing expedition as a purported imminent need for clarification. Accordingly, Petitioners' purpose for discovery does not support ordering expedited discovery and this Court should deny Petitioners motion. *See Momenta,* 765 F. Supp. 2d at 89.

> **II.  Petitioners will not suffer irreparable harm absent expedited discovery.**

First, Petitioners do not allege that denying their motion would cause irreparable harm. *See* ECF No. 115. Instead, Petitioners seem to confuse this factor with the Court's ability to assess the irreparable harm alleged in their motion for preliminary injunction. *See id.* at 7 (noting the discovery "may be beneficial to the parties and the Court in evaluating the likelihood of success on the merits and irreparable harm."). Generally, irreparable harm exists where expedited discovery is necessary to "protect the plaintiffs' ability to prosecute their claims." *Wilcox Industries Corp. v. Hansen,* 279 F.R.D. 64, 70 (D. N.H. 2012). Courts have found the irreparable harm factor satisfied where Plaintiffs had no other means of determining the identity of defendants,

*McMann v. Doe,* 460 F. Supp. 2d 259, 265 (D. Mass 2006), and when it was likely that essential evidence would have been lost. *Wilcox,* 279 F.R.D. at 70 (citing *Pod-Ners, LLC v. Northern Feed & bean of Lucerne Ltd. Liability Co.,* 204 F.R.D. 675, 676 (D. Colo. 2002)). Merely alleging that expedited discovery "will assist in developing the factual record for a preliminary injunction motion" is not sufficient to constitute irreparable harm. *Wilcox,* 279 F.R.D. at 70.

Here, Petitioners have identified no reason why expedited discovery would "protect their ability to prosecute their claims" sufficient to satisfy the irreparable harm factor. *See* ECF No. 115; *Wilcox,* 279 F.R.D. at 70. Much like the plaintiff in *Wilcox,* Petitioners allege that discovery will "keep that time and effort from going to waste and close gaps that have been left open in the record." ECF No. 115 at 6. However, judicial economy is not a factor to be considered under this standard and certainly does not rise to the level of irreparable harm.[1] *See id.* Moreover, the fact that Petitioners refused to negotiate their discovery requests invalidates their claim that expedited discovery is necessary. *See Momenta,* 765 F. Supp. 2d at 96 (stating that the fact that plaintiff rejected the opportunity to negotiate mutual expedited discovery "undermines its claim that Court-ordered expedited discovery is necessary"); ECF No. 110 ¶ 3 (describing Respondents' attempt to negotiate expedited discovery with Petitioners).

### III. Petitioners cannot show a likelihood of success on the merits.

The Court should further deny the motion, because Petitioners are not likely to succeed on the merits of their case.[2] Petitioners' detention claims are moot because they are no longer detained and Petitioners' remaining claims, based on the regulations in 8 C.F.R. § 212.7, are jurisdictionally

---

[1] Even if judicial economy were a factor in the analysis, taking depositions on issues prior to this Court's decision on the extent of its jurisdiction over Petitioners' immigration-related claims would be a waste of resources.

[2] Respondents' incorporate their arguments from their opposition to Petitioners' motion for preliminary injunctive relief. *See* ECF Nos. 78, 112.

barred by 8 U.S.C. § 1252. *See* ECF Nos. 78, 112. Alternatively, Petitioners are not likely to succeed on the merits of their claims because Petitioners may be lawfully removed pursuant to their final orders of removal under the applicable statues, regulations, and the Constitution. *See id.* Because Petitioners are not likely to succeed on the merits of this case, this factor does not weigh in favor of granting expedited discovery.

### IV. Petitioners' discovery requests place an undue burden on Respondents.

The discovery Petitioners request is exceptionally burdensome, especially at this stage of the proceedings. Petitioners' second discovery request, for instance, seeks all documents regarding "enforcement activities against persons presenting for I-130 interviews at CIS and/or otherwise pursuing the provisional waiver process, including documents sufficient to identify any such person who have been arrested, detained, and/or deported." This is a request for class-wide discovery where no class has been certified.[3] *See* ECF No. 114. Moreover, this request is not limited in time or geographic area, and the "provisional waiver process" begins, according to Petitioners, at the time a Form I-130 is filed. *See* ECF No. 50 at 6. Accordingly, their discovery request would require Respondents to identify *every* alien who has ever been arrested, detained, or removed while a Form I-130 was pending or approved since the provisional waiver regulations were promulgated. *See* Declaration of Rebecca Adducci, attached hereto as Exhibit A at ¶¶ 5-6. Further, because the first part of the request, regarding "enforcement activities against persons

---

[3] Petitioners' proposed class is actually subsumed by their request as their class admittedly has a few, if not many, qualifications. *See* ECF No. 47 (seeking to certify a class consisting of: "any U.S. citizen and his or her noncitizen spouse who (1) has a final order of removal and has not departed the U.S. under that order; (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative filed by the U.S. citizen spouse; (3) is not "ineligible" for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is within the jurisdiction of the Boston ICE-ERO field office (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine).").

presenting for I-130 interviews" is also not limited in time, geographic area, or even by eligibility for the provisional waiver process, ICE would have to identify each alien the agency arrested at I-130 interviews since the beginning of our modern immigration system. *See id.* ICE does not have a computer system with the ability to filter results based on applications pending with USCIS or by the location of the arrest. Ex. A at ¶¶ 6-8. Therefore, to identify the individuals Petitioners request, ICE would have to do a manual search through each individual alien file. *Id.*

Petitioners also seek to depose one field office directors and two deputy field office directors. ECF No. 114. Deputy Field Office Director Todd Lyons is scheduled to be out of the office from July 20, 2018 through July 29, 2018 and Deputy Field Office Director Thomas Brophy will be out of the office from July 26, 2018, until July 30, 2018. Ex. A at ¶ 9. Since arriving at the Boston Field Office, Rebecca Adducci has been responding to numerous habeas corpus petitions and other litigation related matters, as well as attending to the challenges of training and evaluating a newer staff. Preparing and attending for a deposition on such short notice would detract from her ability to continue those important efforts. Ex. A at ¶ 10.

**V.     Discovery while the motion to dismiss remains pending is especially premature.**

Discovery is premature at this juncture because "at the very least, reasonableness dictates that the Court consider [Respondents'] motion to dismiss." *Guttenberg,* 26 F. Supp. 3d at 99. Any limit on this Court's jurisdiction would certainly affect the scope of any potential depositions and discovery; therefore, conducting discovery before Respondents' motion to dismiss is decided would be especially premature. *See id.* ("Indeed, most important for the Court's reasonableness analysis is the pendency of defendants' motion to dismiss. This means that plaintiffs' request for expedited discovery comes well in advance of typical discovery.") (internal citations omitted).

## CONCLUSION

Petitioners' have failed to meet their burden to show that expedited discovery is necessary under the applicable reasonableness test. Therefore, this Court should deny Petitioners' expedited discovery motion.

Respectfully submitted,

CHAD READLER
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

J. MAX WEINTRAUB
Senior Litigation Counsel

T. MONIQUE PEOPLES
Senior Litigation Counsel

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov
*Counsel for Respondents*

## **CERTIFICATE OF SERVICE**

      I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

|  |  |
|---|---|
|  | /s/ Mary L. Larakers |
|  | Mary L. Larakers |
| Dated: July 13, 2018 | Trial Attorney |