UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ AND LUIS GORDILLO, ET AL., individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Petitioner-Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 18-10225-MLW |
| KIRSTJEN M. NIELSEN, ET AL., | ) ) | |
| Respondent-Defendants. | ) ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                      July 16, 2018

In this case, petitioners, who are undocumented aliens and their United States citizen spouses, seek to enjoin United States Immigration and Customs Enforcement ("ICE") from detaining and removing the alien petitioners and others similarly situated before they can complete a process for seeking provisional waivers of their inadmissibility and become lawful permanent residents. Petitioners have filed a Motion for Temporary Restraining Order and Preliminary Injunctive Relief, as well as a Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23(b)(2). Respondents have filed a Motion to Dismiss the First Amended Complaint for lack of jurisdiction and failure to state a claim. The court has scheduled a hearing on the motions to be held

1

August 14, 2018. See June 29, 2018 Order, ¶4. Petitioners subsequently filed a Motion for Leave to Depose ICE Deputy Field Office Directors Thomas Brophy [and] Todd Lyons, and [Interim Field Office Director] Rebecca Adducci, before the August 14, 2018 hearing, pursuant to Federal Rule of Civil Procedure 30(a)(2)(A), and for the production of certain documents.

The court is allowing the motion in part and denying it in part. The requested discovery is being narrowed and limited to information concerning the 2018 policies and practices of the ICE Boston Field Office concerning the arrest, detention, and removal of aliens who present for I-130 interviews at offices of the United States Citizenship and Immigration Services ("CIS") or who are otherwise applying for provisional waivers of inadmissibility as the spouses of United States citizens.[1] Discovery concerning individual putative class members is being limited to the identification and status of aliens arrested while at a CIS office for an I-130 interview in 2018, including: whether and for how long they have been detained; whether and when they received or will receive notice of a custody review and a custody review; whether and when ICE intends to deport them; whether they have received stays of removal; and whether ICE considered their

---

[1] The court understands that the ICE Boston Field Office is responsible for Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine. See Respondents' Opp. (Docket No. 116) at 5 n.3.

applications for provisional waivers when deciding whether to deport them. The court is allowing petitioners to depose Adducci for up to six hours, and Lyons and Brophy if necessary as well. However, the court is denying petitioners' request for documents relating to Adducci's appointment as Interim Field Office Director, as the reasons for her appointment do not appear relevant to the motions for preliminary injunction or class certification, and communications concerning her appointment may be privileged. See Judicial Watch, Inc. v. Consumer Fin. Prot. Bureau, 60 F. Supp. 3d 1, 10-13 (D.D.C. 2014); see also In re Pharma. Indus. Average Wholesale Price Litig., 254 F.R.D. 35, 39-40 (D. Mass. 2008).

On May 8, 2018, the court found that ICE was detaining petitioners Lucimar De Souza and Eduardo Junqueira in violation of a Department of Homeland Security ("DHS") regulation, 8 C.F.R. §241.4, and the Due Process Clause of the Fifth Amendment to the United States Constitution. See Jimenez v. Cronen, 2018 WL 2899733 (D. Mass. 2018). On May 22 and 23, 2018, the court began expedited discovery concerning the issues raised in the motions for a preliminary injunction and for class certification. See May 22, 2018 Tr. at 7. It took testimony from Brophy, Lyons, and ICE Deputy Field Office Director James Rutherford concerning the reasons ICE violated its regulations in detaining De Souza and Junqueira, and whether the violations were part of a policy or practice that would harm similarly situated individuals if not enjoined. They

3

testified that after the court issued its decisions regarding De Souza and Junqueira on May 8, 2018, the Boston ICE Field Office reviewed its files and found 30 to 40 other individuals were being detained in violation of DHS regulations. See May 22, 2018 Tr. at 86; May 23, 2018 Tr. at 138. ICE released 20 of those detainees. Id. at 51.

The court also took testimony to determine whether ICE has a practice of arresting and attempting to deport applicants seeking provisional waivers at CIS offices and elsewhere, and whether that practice is also likely to continue without judicial intervention. Brophy testified that in about February 2018, he directed that the ICE Boston Field Office stop arresting aliens at CIS offices if they did not pose a threat to the local community or national security. See May 22, 2018 Tr. at 22-23. Deputy Director Todd Lyons, who Rutherford and Lyons testified would become Acting Field Office Director on June 1, 2018, testified that he would continue Brophy's directive. See May 23, 2018 Tr. at 135.

Over petitioners' objection, see May 25, 2018 Joint Statement at 2, the court adjourned the hearings because Brophy's and Lyons' testimony suggested the detention and deportation of applicants for provisional waivers was not likely to continue in the immediate future, and to give the parties time to discuss settlement. See May 23, 2018 Lobby Conf. Tr. at 6; May 25, 2018 Order, ¶1. In doing so, the court considered respondents' position that adjourning the

hearings "would also allow [] Brophy and [] Lyons to use [then-] Director Brophy's last week in the Boston Field Office to effect a smooth transition of leadership and continue to effect the changes in their office in accordance with their testimony." May 25, 2018 Joint Statement at 3.

However, on June 22, 2018, respondents filed a Notice indicating that on June 7, 2018, Rebecca Adducci, rather than Todd Lyons, had become Interim Field Office Director. Adducci submitted a declaration stating that: "although [the] Boston [Field Office] will continue to prioritize enforcement efforts toward the apprehension and removal of criminal aliens and those who pose a danger to the community or to the national security of the United States, no classes or categories of removable aliens are exempt from enforcement, including detention." Adducci Decl. (Docket No. 100), ¶5. De Souza subsequently received notice that she must depart the United States by August 12, 2018.[2] In addition, another putative class member, Godfrey Nkojo, was arrested and detained at a check-in with the ICE Boston Field Office on July 2, 2018. See Nkojo v. Nielsen, C.A. No. 18-11401 (filed July 3, 2018). Therefore, according to petitioners, despite Brophy's and Lyons' testimony, the Boston Field Office has continued arresting

---

[2] The notice was subsequently withdrawn. See Docket No. 108 at 2-3.

provisional waiver applicants, detaining them, and pursuing their removal, and may have resumed arresting them at CIS offices.

In addition, since the May 22 and 23, 2018 hearings, the Boston Field Office has detained at least one other individual in violation of §241.4 and without due process. See Cleiton Alexander Matias v. Tomkins, C.A. No. 18-11056, Docket No. 26 at 1. Two others, Nkojo and David Kenneth Aligaweesa, filed related cases alleging that ICE had revoked their release and was detaining them without the opportunity to be heard required by §241.4. See Nkojo, C.A. No. 18-11401 (filed July 3, 2018); Aligaweesa v. Nielsen, C.A. No. 18-11388 (filed July 2, 2018).

In addition to depositions of Adducci, Lyons, and Brophy, petitioners seek all documents regarding: (a) Adducci's appointment as Interim Field Office Director; (b) enforcement activities against persons presenting for I-130 interviews at CIS or otherwise pursuing the provisional waiver process, including documents sufficient to identify aliens who have been arrested, detained, and/or deported; and (c) the June 12, 2018 decision to give De Souza a notice to depart the United States. Petitioners argue that the additional discovery is necessary to understand ICE's current policy regarding detaining and deporting provisional waiver applicants, which Adducci's June 22, 2018 affidavit did not clearly describe. Respondents argue that the issues raised in their motion to dismiss, including whether federal law authorizes

6

petitioners' deportations and authorizes the court to decide questions concerning them, are "pure questions of law" for which no discovery is needed. Opp. at 3. They assert that, in any event, petitioners would not be irreparably harmed if they were required to argue the motion on the existing record, and that the requested discovery would require unduly burdensome reviews of ICE's files; interfere with Lyons' and Brophy's plans to be away from July 20 to July 29, 2018 and July 26 to July 30, 2018, respectively; and divert Adducci from responding to other habeas corpus petitions, training new staff, and other duties. Adducci Aff. (Docket No. 116-1), ¶¶9-10.

This court, like others, would ordinarily defer discovery while a motion to dismiss is pending. See, e.g., Guttenberg v. Emery, 26 F. Supp. 3d 88, 97 (D.D.C. 2014). To obtain expedited discovery, a party must show good cause. See Fed. R. Civ. P. 26(d)(1); Fed. R. Civ. P. 30(a)(2)(A)(iii); see also Momenta Pharms., Inc. v. Teva Pharms. Indust. Ltd., 765 F. Supp. 2d 87, 88 (D. Mass. 2011) (Gorton, J.). Good cause exists if the request for expedited discovery is "reasonable[]...in light of all of the surrounding circumstances," including "the purpose for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity." Id. at 89; see also McMann v. Doe, 460 F. Supp.

7

2d 259, 265 (D. Mass. 2006) (Tauro, J.); cf. Laughlin v. Orthofix
Int'l, N.V., 293 F.R.D. 40, 41 (D. Mass. 2013) (Harrington, J.).
Therefore, "[w]ithout a risk of irreparable harm, expedited
discovery is unwarranted." Momenta, 765 F. Supp. 2d at 89-90; see
also Wilcox Indus. Corp. v. Hansen, 279 F.R.D. 64, 70 (D.N.H.
2012). Moreover, the requested discovery should be narrowly
tailored to address the immediate issues and asserted irreparable
harm. See Fed. R. Civ. P. 26(b)(1).

The merit of respondents' motion to dismiss is now uncertain.
The court initiated discovery with the hearings on May 22 and 23,
2018 because ICE's violations of §241.4 with respect to two
petitioners caused concern that ICE was detaining other aliens
pursuing provisional waivers without due process. See May 22, 2018
Hearing Tr. at 7. Unlawful detention causes irreparable harm to
petitioners and their families. See Jimenez, 2018 WL 2899733, *22.
Petitioners' deportation, which would separate them from their
families for months or years, see Affidavit of Elizabeth Cannon,
¶3, may be an "extreme hardship" for their family members who are
United States citizens. See Expansion of Provisional Unlawful
Presence Waivers of Inadmissibility; Final Rule, 81 Fed. Reg.
50244, 50244, 50246 (July 29, 2016); see also, e.g., Sanchez v.
Sessions, 857 F.3d 757, 759 (7th Cir. 2017); Leiva-Perez v. Holder,
640 F.3d 962, 969-70 (9th Cir. 2011). Despite the May 8, 2018
decision and respondents' representations that ICE would change

8

its practices regarding arrest and detention, there is evidence that the challenged practices, including violations of §241.4, are continuing. See Matias, C.A. No. 18-11056, Docket No. 26 at 1. Determining ICE's "current attitudes and conduct," including whether they have policies or practices that will cause more irreparable harm to the petitioners and putative class members, is critical to resolving petitioners' motions for a preliminary injunction and class certification. Farmer v. Brennan, 511 U.S. 825, 845 (1994); see also Fed. R. Civ. P. 23(a)(2), (b)(2)(requiring "questions of law or fact common to the class" and that respondents "ha[ve] acted or refused to act on grounds that apply generally to the class, so that final injunctive relief...is appropriate respecting the class as a whole"). Information concerning ICE's enforcement practices against provisional waiver applicants, including those presenting for interviews at CIS offices, and the reasons for the June 12, 2018 decision to give De Souza a notice to depart the United States, is relevant to these issues. Therefore, the limited additional discovery being ordered is appropriate to allow the court, if it denies the motion to dismiss, to proceed as promptly as possible to the motions for a preliminary injunction and class certification.[3]

_____

[3] It may also be appropriate to consolidate the motion for preliminary injunction with a trial on the merits. See Fed. R.

The limited discovery being ordered will not place an undue burden on respondents. Producing documents identifying the status of aliens arrested at CIS offices in 2018 will not "require Respondents to identify every alien who has ever been arrested, detained, or removed while a Form I-130 was pending or approved since the provisional waiver regulations were promulgated," which respondents asserted would require ICE to undertake a manual search of voluminous records. Opp. at 5 (citing Adducci Aff. at ¶¶5-6). The June 29, 2018 Order put respondents on notice that they might be ordered to produce such documents, among others, on July 17, 2018. Nevertheless, the court is extending the deadline to do so to July 18, 2018.

The court recognizes that Adducci has many responsibilities. However, as indicated earlier, her testimony is central to the motions for preliminary injunction and class certification, which should be addressed as promptly as possible if respondents' motion to dismiss is denied. In view of the importance of her testimony, the ignorance and indifference of officials in the ICE Boston Field Office to their legal obligations in detaining aliens, see Jimenez, 2018 WL 2899733, at *4, *22, and the evidence that such unlawful conduct is continuing under Adducci, see Matias, C.A. No. 18-

---

Civ. P. 65(a)(2). Continuing discovery now will enhance the potential of that option.

11056, Docket No. 26 at 1, it is justified and reasonable to allow petitioners to take her deposition for up to six hours.

Respondents did not explain the reasons Lyons and Brophy plan to be away from the Boston ICE office in late July 2018. If petitioners deem their continued testimony to be necessary, perhaps their depositions can be taken before their planned absences. In any event, interrupting what may be the family vacations of officials who were complicit in unlawfully separating aliens from their families, when such illegal conduct may be continuing, would not impose an unfair or undue burden on them.

Accordingly, it is hereby ORDERED that:

1. Petitioner's Motion for Leave to Depose ICE Directors Adducci, Brophy, and Lyons (Docket Nos. 108, 114) is ALLOWED in part and DENIED in part.

2. Respondents shall, by July 18, 2018, produce all documents concerning: (a) the 2018 policies and general practices of the ICE Boston Field Office concerning the arrest, detention, and removal of aliens presenting for I-130 interviews at CIS offices or otherwise pursuing the provisional waiver process; (b) the identity and status of all aliens arrested while at a CIS office in 2018 within the jurisdiction of the ICE Boston Field Office while appearing for an I-130 interview, including: whether and for how long they have been detained; whether and when they received or will receive notices of custody reviews and custody

reviews; whether and when ICE intends to deport them; whether they have received stays of removal; and whether ICE considered their applications for provisional waivers when deciding whether to deport them; and (c) the reasons for the decision to give De Souza a June 12, 2018 notice to depart the United States and to withdraw it, and the identity of the official(s) who made those decisions.

3.   Petitioners may take one six-hour deposition of Adducci. They shall confer concerning whether depositions of Brophy and Lyons remain necessary and, if so, petitioners may take one up to four-hour deposition of each. The depositions shall be taken by July 27, 2018.

4.   Petitioners shall by, August 1, 2018, supplement their submissions on the pending motions.

5.   Respondents shall, by August 7, 2018, supplement their submissions on the pending motions.

6.   A hearing on the pending motions shall commence on August 14, 2018, at 10:00 a.m., and may continue from day to day.


                                        /s/ Mark L. Wolf
                                        UNITED STATES DISTRICT JUDGE