# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, *et al.*,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>KIRSTJEN M. NIELSEN, *et al.*,<br><br>Defendants-Respondents. | No. 1:18-cv-10225-MLW |

## PROPOSED STIPULATED PROTECTIVE ORDER

### 1. PURPOSES AND LIMITATIONS

On July 16, 2018, this Court issued an order granting limited expedited discovery in this case.  ECF No. 117. ("Order").  Therefore, the parties seek a limited protective order regarding compliance with the Order.  The Court ordered Respondents to produce "all documents concerning: (a) the 2018 policies and general practices of the ICE Boston Field Office concerning the arrest, detention, and removal of aliens presenting for I-130 interviews at CIS offices or otherwise pursuing the provisional waiver process; (b) the identity and status of all aliens arrested while at a CIS office in 2018 within the jurisdiction of the ICE Boston Field Office while appearing for an I-130 interview, including: whether and for how long they have been detained; whether and when they received or will receive notices of custody reviews and custody reviews; whether and when ICE intends to deport them; whether they have received stays of removal; and whether ICE considered their applications for provisional waivers when deciding whether to deport them; and (c) the reasons for the decision to give De Souza a June 12, 2018 notice to depart the United States and to withdraw it, and the identity of the official(s) who made those decisions." *See id.* at 11-12.

Compliance with the Order may involve disclosure of sensitive, confidential, privileged, and/or private information for which special protection is warranted.

Accordingly, to adequately and reasonably protect and preserve the confidentiality of such information; to expedite the flow of information between the parties; and to serve the ends of justice, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  It does not confer blanket protection on all information provided by Respondents to Petitioners; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file information under seal.

## 2. **"CONFIDENTIAL INFORMATION"**

"Confidential Information" shall include any information that is not publicly available and qualifies for protection under applicable law, statutes or regulations, including, but not limited to: (1)  the names, addresses, and alien registration  number ("A  number") and any other personally identifiable information covered by the Privacy Act, 5 U.S.C § 552a and Federal Rule of Civil Procedure 5.2; (2) any personally identifiable information related to third parties other than the individual whose information is being sought; (3) federal law-enforcement-sensitive information, including but not limited to, investigative files and techniques; (4) names, phone numbers, and email addresses of federal employees unless subject to the law enforcement privilege;  and (5) any other information protected or restricted from disclosure by state or federal statute or regulation which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.[1]

---

[1] The existence of this Stipulated Protective Order does not necessarily authorize or require the disclosure of all or any information protected from disclosure by statute or regulation.  Further, this Stipulated Protective Order applies only to information necessary to comply with the Court's July 16, 2018, Order, and does not authorize or require broader disclosure to Petitioners.

3. **SCOPE**

This Stipulated Protective Order governs only disclosures undertaken to comply with the Court's Order in this case. *See* ECF No. 117. It does not apply to any other information or authorize or require any broader disclosure.

The protections conferred by this Stipulated Protective Order cover not only those portions of such documents containing Confidential Information (as defined above), but also (1) any information copied or extracted from those portions of documents containing Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by parties or counsel that might reveal Confidential Information.

However, the protections conferred by this Stipulated Protective Order do not cover information that is in the public domain or becomes part of the public domain. This Stipulated Protective Order binds the parties and their respective agents, successors, personal representatives and assignees.

4. **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1     Basic Principles.   Petitioners may use Confidential Information that is disclosed in connection with the Order in this case (subject to applicable rules of evidence and subject to the confidentiality of such information being maintained) only for purposes of litigating this action. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Confidential Information must be stored and maintained by Petitioners at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

Nothing in this Order shall preclude the disclosure of Confidential Information to the class member to whom the information pertains. This Order shall not preclude

Petitioners' Counsel from using the information obtained from Respondents through discovery production, or otherwise, to contact current or former class members, their attorneys or family members.

4.2     Disclosure of "Confidential" Information. Unless otherwise ordered by the Court or permitted in writing by the Respondents, Petitioners may disclose any Confidential Information only to:

(a)     Petitioners' Counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any of Petitioners' Counsel, support staff, or other employees cease to represent Petitioners' in this action for any reason, such individual shall no longer have access to or be authorized to receive any Confidential Information;

(b)     the Court, court personnel, and court reporters and their staff;

(c)     class members receiving their own individual A-files;

(d)     copy or data imaging services retained by counsel to assist in the duplication of Confidential Information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential Information and protect Confidential Information in accordance with provisions of this Stipulated Protective Order;

(e)     the author or recipient of a document containing the Confidential Information or a custodian who otherwise possessed or knew the Confidential Information;

(f)     any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know.

All persons listed in subparagraphs 4.2(d)-(f) to whom Confidential Information is disclosed shall first be required to read the terms of this Stipulated Protective Order and sign a

copy of the Acknowledgment and Agreement to be Bound, attached hereto as EXHIBIT A. Counsel for each party shall retain copies of the acknowledgment form for 120 days from the conclusion of the litigation (including any appeals). This requirement does not apply to the disclosure of Confidential Information to the Court and its personnel, including court reporters.

Nothing in this Stipulated Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, except as set forth above, and this Stipulated Protective Order does not prohibit or absolve the Parties from complying with such other obligations.  This Stipulated Protective Order is limited to compliance with the Court's Order.  *See* ECF No. 117.

4.3    <u>Filing Confidential Information.</u>  Before filing Confidential Information with the Court, or discussing or referencing such material in court filings, the filing party shall  confer with the Respondents' counsel (where practical, at least seven days prior to the intended filing date) to determine whether Respondents' counsel will remove the confidential designation, whether the document  can be redacted, or whether a motion to seal or stipulation and  proposed order is warranted.  Local Civil Rule 83.6.11 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  The Parties will attempt, to the extent possible, to minimize the volume of material that must be filed under seal.

4.4    <u>Use of Confidential Information in Court.</u> Nothing in this Stipulated Protective Order shall prevent a party from using Confidential Information at trial or during a hearing. However, any party using Confidential Information must provide sufficient advance notice such that Respondents may request (a) that the portion of the proceeding where use is made be in camera or protected from public disclosure to the maximum extent practicable, and (b) that the transcript of that portion of the proceeding be maintained

under seal, with access thereto limited to persons entitled to access under this Stipulated Protective Order.

4.5     Nothing in this Order precludes the disclosure of a document designated "Confidential," so long as the protected information is redacted.

## 5.  DESIGNATING PROTECTED INFORMATION

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Respondents must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

If it comes to Respondents' attention that information or items that they designated for protection do not qualify for protection, Respondents must promptly notify all other parties that they are withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before or when the material is disclosed.  The Respondents must affix the word "CONFIDENTIAL" to each page of paper or electronic document that contains Confidential Information or must provide Petitioners with a list identifying the documents that contain Confidential Information.

5.3     Inadvertent Failures to Designate.  If Respondents inadvertently fail to designate material as Confidential Information at the time of production, they shall take

reasonable steps to notify Petitioners' counsel of the failure within five business days of discovering the failure. Respondents shall promptly supply Petitioners with new copies of any documents bearing corrected confidentiality designations or a new list classifying the documents as containing Confidential Information, and Petitioners' counsel shall return or destroy the original materials, and certify in writing to the producing party that such information has been destroyed.  Production of such Confidential Information, in and of itself, shall not constitute waiver of any claim of confidentiality.

## 6.  <u>DEPOSITIONS</u>

6.1     For testimony given during a deposition, the Respondents may designate a deposition or portion thereof as "Confidential" by doing so on the record at the deposition or by serving written notice of the page and line of the confidential deposition portions. Such designations must be made within ten (10) business days of receiving the final transcript.  Until the aforesaid period to designate the deposition has passed, (1) the entire transcript shall be deemed as Confidential Information under the terms of this agreement and (2) any court filings including information derived from any deposition shall be filed under seal in accordance with the local rules.  The Respondents may also orally designate testimony during the course of a deposition by making a statement to that effect, on the record at the deposition.  In this case, the court reporter shall transcribe the designated pages in a separate volume marked with the appropriate designation.  Any individual attending the deposition must leave the room prior to discussion of whether material is designable if that person is not authorized to view Confidential Information under the terms of this Order.

## 7.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1    Timing of Challenges.  Any party may challenge a designation of confidentiality at

any time.  A party does not waive its right to challenge a confidentiality designation

by electing not to mount a challenge promptly after the original designation is

disclosed.

7.2    Meet and Confer.  The parties must make every attempt to resolve any dispute

regarding confidential designations without court involvement. Any motion regarding

confidential designations or for a protective order must include a certification, in the

motion or in a declaration or affidavit, that the movant has engaged in a good faith

meet and confer conference with other affected parties in an effort to resolve the

dispute without court action. The certification must list the date, manner, and

participants to the conference. A good faith effort to confer requires a face-to-face

meeting or a telephone conference.

7.3    Judicial Intervention.  If the parties cannot resolve a challenge without court

intervention, the Respondents may file and serve a motion to retain confidentiality

under Local Civil Rule 7.1 (and in compliance with Local Civil Rule 83.6.11, if

applicable).  The burden of persuasion in any such motion shall be on the

Respondents.  Frivolous challenges, and those made for an improper purpose (e.g., to

harass or impose unnecessary expenses and burdens on other parties) may expose the

challenging party to sanctions.  All parties shall continue to maintain the material in

question as confidential until the court rules on the challenge.

8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the Respondents in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this agreement;

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Respondents whose Confidential Information may be affected, including objecting and seeking a protective order in the litigation in which the subpoena or order issued; and

(d)     decline to produce the Confidential Information if an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity or organization who received Confidential Information shall abide by all terms and conditions set forth herein unless otherwise permitted by court order.

9.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If Petitioners' counsel learn that, by inadvertence or otherwise, they have disclosed Confidential Information to any person or in any circumstance not authorized under this agreement, Petitioners' counsel must immediately (a) notify in writing Respondents' counsel of the unauthorized disclosure(s), (b) use their best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made

of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When Respondents give notice to Petitioners that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Petitioners are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an order that provides for production without prior privilege review. The parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502(d), if deemed necessary.

11. **NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals and any monitoring agreed to or ordered, the Petitioners shall destroy all Confidential Information obtained and in their possession, custody, or control, except as this Court may otherwise order. The parties shall agree upon appropriate methods of destruction. Notwithstanding this provision, each entity serving as counsel is entitled to retain one archival copy of all Confidential Information. The confidentiality obligations imposed by this agreement shall remain in effect until Respondents agree otherwise in writing or a court orders otherwise.

### 12. <u>MISCELLANEOUS</u>

11.1    Enforceability Upon Signing.  By signing the Stipulated Protective Order, the parties agree to be bound by its terms and until those terms are modified by order of the Court.

11.2    Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any party to seek its modification by the Court in the future.

11.3    Right to Assert Other Objections.  By stipulating to entry of this Stipulated Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

IT IS SO ORDERED.


Dated: _____      _____
                                    Honorable Mark. L. Wolf
                                    United States District Judge

**IT IS SO STIPULATED.**

DATED:   July 19, 2018

Counsel for Petitioners

/s/ *Kevin S. Prussia*
Kevin S. Prussia (BBO # 666813)
Michaela P. Sewall (BBO # 683182)
Jonathan A. Cox (BBO # 687810)
Stephen N. Provazza (BBO # 691159)
Colleen M. McCullough (BBO # 696455)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
kevin.prussia@wilmerhale.com
michaela.sewall@wilmerhale.com
jonathan.cox@wilmerhale.com
stephen.provazza@wilmerhale.com
colleen.mccullough@wilmerhale.com

Matthew R. Segal (BBO # 654489)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283

DATED:

Counsel for Respondents

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

COLIN A. KISOR
Deputy Director

ELIANIS N. PEREZ
Assistant Director

J. MAX WEINTRAUB
Senior Litigation Counsel

/s/ *Mary L. Larakers*
MARY L. LARAKERS
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 353-4419
Facsimile: (202) 305-7000
Mary.l.larakers@usdoj.gov

# EXHIBIT A

**STIPULATION EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print    or    type    full    name],

of _____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued in the case of *Calderon, et al. v. Nielsen et al.,* pending in the District of Massachusetts

and bearing Case No. 1:18-cv-10225.  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that

I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Massachusetts for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____