# EXHIBIT D

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Pablo Antonio VILLAVICENCIO CALDERON,

                *Petitioner*,

    v.

Jefferson B. SESSIONS III, in his official capacity
as the Attorney General of the United States;
Kirstjen NIELSEN, in her official capacity as
Secretary of Homeland Security; Thomas DECKER,
in his official capacity as New York Field Office
Director for U.S. Immigration and Customs
Enforcement; and the U.S. DEPARTMENT OF
HOMELAND SECURITY,

                *Respondents*.
------------------------------------------------------------------X

18 Civ. 5222 (PAC)

**ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    This action is about an undocumented immigrant who has been detained by Immigration and Customs Enforcement ("ICE") pending deportation. Petitioner, Pablo Antonio Villavicencio Calderon, unlawfully entered the United States in 2008. Subsequently, at an immigration proceeding in March 2010, he agreed to voluntarily depart the country by July 15, 2010. But Petitioner overstayed his welcome. Petitioner has continued to reside in this country, and as a result, the order of voluntary departure has been converted into a final order of removal.

    Although he stayed in the United States unlawfully and is currently subject to a final order of removal, he has otherwise been a model citizen. Petitioner married Ms. Sandra Milena Carmona Chica, a United States citizen. He now has two children, both of whom are United States citizens. He has no criminal history. He has paid his taxes. And he has worked diligently to provide for his family.

1

Petitioner seeks to continue contributing to his family and community, and to that end, he commenced the process of regularizing his immigration status to become a lawful permanent resident. Specifically, he commenced the process of obtaining a provisional waiver of grounds of inadmissibility, which is an initial step toward immigration status adjustment. In February 2018, Ms. Carmona Chica filed, on Petitioner's behalf, with the U.S. Citizenship and Immigration Services ("USCIS"), a petition for alien relative ("Form I-130"), requesting that the Government recognize Petitioner as Ms. Carmona Chica's spouse. USCIS is currently processing the I-130 petition, and has scheduled an interview for Petitioner. Once Form I-130 is approved, Petitioner plans to apply for permission to reapply for admission into the United States ("Form I-212") and, subsequently, for a provisional unlawful presence waiver ("Form I-601A"), as outlined in regulations promulgated by the Department of Homeland Security. *See Expansion of Provisional Unlawful Presence Waivers of Inadmissibility; Final Rule*, 81 Fed. Reg. 50244, 50245 (July 29, 2016); *Provisional Unlawful Presence Waivers of Inadmissibility for Certain Immediate Relatives; Final Rule*, 78 Fed. Reg. 535, 536 (Jan. 3, 2013).

The prospect of regularizing his immigration status was set back when, on June 1, 2018, while making a pizza delivery at Fort Hamilton in Bay Ridge, Brooklyn, base security found that Petitioner had an outstanding warrant of deportation. He was held by base security until he was turned over to ICE, and since then, he has been detained by ICE at the Hudson County Correctional Facility in Kearny, New Jersey. ICE seeks to remove Petitioner to his country of origin, Ecuador.

On June 9, 2018, Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. §2241, requesting the Court to order Jefferson B. Sessions III, Kirstjen Nielsen, Thomas Decker, and the U.S. Department of Homeland Security ("Respondents") to: (1) release him from

2

custody; (2) enjoin Respondents from removing him from the New York City area; and (3) stay his removal from the United States pending resolution of this petition. ECF 1. That same day, pending consideration of the petition, Judge Nathan, sitting in part I, enjoined Respondents from transferring Petitioner from the New York City area and from transferring the Petitioner from the jurisdiction of the New York Field Office of the Office of Enforcement and Removal operations. ECF 6. This Court picked up where Judge Nathan had left off. On July 24, 2018, the Court heard oral argument from both parties and considered their submissions.

A formal opinion will be published, but the petition for a writ of habeas corpus is now **GRANTED**. Venue is proper in the Southern District of New York because, when a facility detains a petitioner pursuant to a service agreement with a governmental agency, proper respondents to a habeas petition are, as here, the governmental agency and its supervisory officials (*i.e.*, legal custodians). The Court also has jurisdiction to review the limited question of whether Petitioner has a right to complete the process of obtaining a provisional waiver of grounds of inadmissibility before his removal, and the jurisdiction is not stripped by 8 U.S.C. §1252. Moreover, the Court holds that he indeed does have a right to complete the process of obtaining a provisional waiver, and that the Government's deportation of Petitioner would contravene that right, in violation of the Administrative Procedure Act ("APA") and the Fifth Amendment.

Accordingly, the Court **ORDERS** Respondents to stay removal of Petitioner from the United States until Petitioner exhausts his right to complete the process of obtaining a provisional waiver of grounds of inadmissibility. Specifically, the Court orders Respondents to stay removal of Petitioner until the occurrence of any one of the following events:

(1) Denial of Petition for Alien Relative on his behalf ("Form I-130");

3

(2) Denial of his Application for Permission to Reapply for Admission ("Form I-212");

(3) Denial of his Application for Provisional Unlawful Presence Waiver ("Form I-601A"); *or*

(4) Approval of Forms I-130, I-212, *and* I-601A.

The Court further **ORDERS** Respondents to immediately release Petitioner from custody because removal is no longer reasonably foreseeable.

Dated: New York, New York
July 24, 2018

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge