# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., | ) ) ) ) | |
| Individually and on behalf of all others similarly situated, | ) ) ) ) | No. 1:18-cv-10225-MLW |
| Plaintiffs-Petitioners, | ) ) ) | **ORAL ARGUMENT REQUESTED** |
| v. | ) ) | |
| KIRSTJEN M. NIELSEN, et al., | ) ) ) | |
| Defendants-Respondents. | ) ) | |

## PETITIONERS' NOTICE OF SUBSEQUENT AUTHORITY

Petitioners submit this Notice of Subsequent Authority to alert the Court to three recent decisions relevant to the pending motions in this case. They are described below.

Petitioners also provide a contrary 2017 case that they had not previously seen or cited to the Court. *See infra* p.3 & n.1.

**I.** *Villavicencio Calderon v. Sessions* **(S.D.N.Y.)**

On August 1, 2018, the Honorable Paul A. Crotty of the Federal District Court in the Southern District of New York issued a decision in *Pablo Antonio Villavicencio Calderon v. Sessions*, No. 18-cv-5222 (PAC) ("*Villavicencio Calderon*"). The petitioner in *Villavicencio Calderon* is a noncitizen subject to a final order of removal. *Id.* at 1. He is married to a U.S. citizen and has two U.S. citizen children. *Id.* The petitioner had begun the provisional waiver process when he was detained by Immigrations and Customs Enforcement (ICE) while delivering a pizza to a military facility in Brooklyn, New York. *Id.* at 2. Specifically, the

petitioner was the beneficiary of a pending I-130 application with the United States Customs and Immigration Services (CIS). *Id.*

The petitioner contended that: "(1) he had a right to seek a provisional unlawful presence waiver; and (2) given that right, his detention and impending removal, notwithstanding such right, with no justification or explanation, violates his constitutional right and the APA," among other laws. *Id.* at 9.

The court granted *Villavicencio Calderon*'s petition. **First**, the court held that it has subject matter jurisdiction and that 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g) do not preclude judicial review of the petitioner's claims. *Id.* at 9-11. It held that Section 1252(g) does not apply because the petitioner "challenges ICE's *legal authority* to exercise [the government's] discretion when the subject of the removal order also has a right to seek relief made available by the DHS." *Id.* at 9-10. And Sections 1252(a)(5) and (b)(9) do not strip jurisdiction because the petitioner's "claims are neither direct nor indirect challenges to his order of removal." *Id.* at 11.

**Second**, the court held that the petitioner "has a right to engage in DHS's process for obtaining a provisional unlawful presence waiver" and "that the execution of an outstanding removal order without any explanation or justification, in preference to Petitioner's right to seek a provisional unlawful presence waiver, is arbitrary and unjustified, in violation of the APA and the Fifth Amendment." *Id.* at 12. The court granted the petitioner's writ of habeas corpus and has stayed the petitioner's removal until he exhausts his right to seek a provisional unlawful presence waiver. *Id.* at 17.

A true copy of this decision is attached as Exhibit A.

For the Court's convenience, Petitioners also attach as Exhibit B a true copy of *Achbani v. Homan*, No. 17-cv-1512 (JBA), 2017 WL 4227649 (D. Conn. Sept. 22, 2017), cited in *Villavicencio Calderon* at 12 n.11.[1]

## II.     *Martinez v. Nielsen* (D.N.J.)

On August 3, 2018, the Honorable Madeline Cox Arleo of the Federal District Court for the District of New Jersey issued an order in *Martinez v. Nielsen*, No. 18-10963.  The petitioner in *Martinez* is a noncitizen subject to a final order of removal.  *Id.* at 1.  He has no criminal record and was supporting his U.S. citizen wife and two young children when he was detained at an I-130 interview on April 27, 2018 as he pursued the provisional waiver process.  *Id.* at 2-3.  His arrest and detention were apparently part of a "new policy" announced through an internal memorandum a few weeks prior.  *Id.* at 2 & n.3.

In ordering his release and stay of removal, Judge Arleo held that the court

> has jurisdiction to review the limited question of whether Mr. Martinez has a right to complete the process of obtaining a provisional waiver of grounds of inadmissibility before his removal. The Court's jurisdiction is not stripped by 8 U.S.C. § 1252(g) because Mr. Martinez does not challenge ICE's prosecutorial discretion but rather its legal authority. It is also not stripped by § 1252(a)(5) or (b)(9) because the Court is not vacating or reviewing Mr. Martinez's order of removal.

*Id.* at 3 (citing *Villavicencio Calderon*, No. 18-5222 (S.D.N.Y. Aug. 1, 2018) (slip op.)).

Turning to the merits, the court held that the petitioner "has the right to complete the process that he lawfully began, and that the government's attempt to detain and deport Mr.

---

[1] *Achbani* involves a noncitizen who was the beneficiary of an approved I-130 petition filed by his lawful permanent resident spouse.  2017 WL 4227649 at *5.  The Court held that the Petitioner's challenges to his detention were "grounded in his claim of right to remain in the U.S. to apply for and have adjudicated an application for a provisional unlawful presence waiver." *Id.* The Court determined that this claim "necessarily indirectly challenges the final removal order" and that jurisdiction was barred by Second Circuit authority. *Id.*

Martinez before he could complete the process contravenes that right, in violation of the Administrative Procedure Act ('APA') and the Fifth Amendment." *Id.* A formal opinion in this matter is forthcoming.

A true copy of this opinion is attached as Exhibit C.

### III.   *You v. Nielsen* (S.D.N.Y.)

On August 2, 2018, the Honorable Analisa Torres of the Southern District of New York issued an opinion in *You v. Nielsen*, No. 18-cv-5392. The petitioner in *You* is a noncitizen subject to a final order of removal and applying to adjust his immigration status through his U.S. citizen wife. *Id.* at 1-3.[2] He was arrested at a CIS office after his I-130 interview and before his scheduled interview for his status adjustment application. *Id.* ICE detained him for approximately one month, until the court ordered his release on June 20, 2018. *Id.* at 1, 3-4. He challenged his detention as violating the post-order detention framework of 8 U.S.C. § 1231(a) and the Constitution, and as violative of the statutory and regulatory scheme permitting him to seek adjustment of status. He also challenged CIS's denial of his adjustment of status application.

The court issued its August 2nd order to explain its reasons for releasing the petitioner pending the resolution of his habeas petition. *Id.* at 1. **First**, the court rejected the government's arguments that 8 U.S.C. §§ 1252(g), (a)(5), and (b)(9) stripped the Court of jurisdiction over petitioner's challenge to his arrest and detention. *Id.* at 5-10. The court explained that these

---

[2] Unlike the Petitioners in *Calderon*, You filed to adjust his status and was eligible to have CIS adjudicate his adjustment of status application despite his final order of removal because he was an arriving alien paroled in at the border. *See id.* at 19; *see also* 8 C.F.R. § 1245.2(a)(ii) (preserving CIS jurisdiction to adjudicate adjustment of status for arriving aliens). Even if he had been located in the Boston area of responsibility, You would not have been a *Calderon* class member at the time of his detention because the *Calderon* class exempts individuals with pending applications for adjustment of status. *See* Dkt. No. 46 (citing 8 C.F.R. § 212(e)(4)(vi)).

4

provisions applied narrowly, in accordance with the Supreme Court's holdings in *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999) and *Jennings v. Rodriquez*, 138 S. Ct. 830 (2018). *Id.* at 5-10.

*Second*, on the merits, the court held that the petitioner was being detained outside the removal period specified in 8 U.S.C. § 1231(a)(6) of the Immigration and Nationality Act (INA), and that "the plain text of the statute does not provide ICE with the authority to detain Petitioner without a finding that his release posed a risk of danger or flight." *Id.* at 15. Having made no such findings, ICE's detention of the petitioner violated the INA. *Id.* at 15-17.

*Third*, the court held that the petitioner had shown a likelihood of success on the merits of his claim that his arrest and detention at his I-485 interview at CIS, while he attempted to follow regulations to legalize his status, violated the INA. *Id.* at 17-22. The court explained that:

> By inviting Petitioner to interview for his green card and arresting him at his interview appointment, Respondents deployed § 1255 [of the INA] to effectuate the opposite of its intended outcome for aliens like Petitioner. Respondents used the adjustment of status scheme as a sword when it was intended to be used as a shield. As such, Respondents' arrest and detention of Petitioner "upset[] the balance Congress created." *Succar* [*v. Aschroft*], 394 F.3d [8,] 10 [1st Cir. 2005)].
>
> The Court rejects arrest and detention practices predicated on manipulating the laws that Congress has passed. Congress did not intend its carefully considered adjustment of status process for a select group of aliens to become a mechanism for "gotcha" law enforcement. Nor could it, without raising serious constitutional concerns. These type of bait-and-switch tactics are not only a perversion of the statute, but also likely offensive to "the concept of ordered liberty." *Rochin v. California*, 342 U.S. 165, 169 (1952) (internal quotation marks omitted). [Footnote omitted.]

*Id.* at 21-22. A true copy of this opinion is attached as Exhibit D.

Respectfully submitted this 6th day of August, 2018.

                                                      /s/   Kevin S. Prussia

| | |
|---|---|
| Matthew R. Segal (BBO # 654489) | Kevin S. Prussia (BBO # 666813) |
| Adriana Lafaille (BBO # 680210) | Michaela P. Sewall (BBO # 683182) |
| AMERICAN CIVIL LIBERTIES UNION | Jonathan A. Cox (BBO # 687810) |
| FOUNDATION OF MASSACHUSETTS, INC. | Stephen Provazza (BBO # 691159) |
| 211 Congress Street | Colleen M. McCullough (BBO # 696455) |
| Boston, MA 02110 | WILMER CUTLER PICKERING |
| (617) 482-3170 |   HALE AND DORR LLP |
| | 60 State Street |
| Kathleen M. Gillespie (BBO # 661315) | Boston, MA 02109 |
| Attorney at Law | Telephone: (617) 526-6000 |
| 6 White Pine Lane | Facsimile:  (617) 526-5000 |
| Lexington, MA 02421 | kevin.prussia@wilmerhale.com |
| (339) 970-9283 | michaela.sewall@wilmerhale.com |
| | jonathan.cox@wilmerhale.com |
| | stephen.provazza@wilmerhale.com |
| | colleen.mccullough@wilmerhale.com |
| | |
| | *Attorneys for Petitioners* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 6, 2018, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

                                                                   */s/  Kevin S. Prussia*
                                                             Kevin S. Prussia