# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOUREDDINE ACHBANI, <br><br> *Plaintiff,* <br><br> v. <br><br> THOMAS D. HOMAN, *et al.*, <br><br> *Defendants.* | No. 3:17-cv-1512 (JBA) <br><br> September 22, 2017 |

**ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY INJUNCTION**

After consideration of the parties' briefing and oral arguments at the September 22, 2017 hearing, the Court denies Plaintiff's Amended Motion for Preliminary Injunction for the reasons that follow:

I. **Procedural History**

Plaintiff Noureddine Achbani filed the instant action on September 8, 2017 [Doc. #1], and moved simultaneously for a Temporary Restraining Order [Doc. #2] and Preliminary Injunction [Doc. #3]. In his Application for a Temporary Restraining Order, Plaintiff asked the Court to preserve the status quo and prevent irreparable harm from occurring to Plaintiff pending determination of Plaintiff's request for a preliminary injunction. [Doc. #2]. Plaintiff requested that Defendants be restrained and enjoined from unlawfully detaining Plaintiff and from removing Plaintiff to Morocco prior to the adjudication of his pending application for adjustment of status to Lawful Permanent Resident of the United States. *Id.* Plaintiff also requested that the Defendants

be directed to immediately release the Plaintiff from the Franklin County House of Corrections in Greenfield, Massachusetts pending the outcome of the application for adjustment of status. *Id.*

Also on September 8, 2017, the Court conducted a telephonic conference, [Doc. #10], at which the Parties consented to the terms of a Temporary Restraining Order that granted Plaintiff's application in part and with modification. Under the terms of that Consent Order, [Doc #8], Defendants were required to notify the Court upon receipt of travel documents from the Moroccan government required for the physical removal of Plaintiff from the United States. Upon receipt of this notification by the Court, a hearing would be scheduled, and Plaintiff would not be removed pending the outcome of the hearing. [Doc. #8]. The Court did not address Plaintiff's request that the Court direct Defendants to release Plaintiff, but instructed Defendants to "consider whether electronic monitoring or another alternative to Plaintiff's current detention could adequately serve Defendants' interests and [to] explain in writing the conclusions therein." *Id.*

On September 15, 2017, Defendants filed notice that they had obtained travel papers and that Plaintiff's removal had been scheduled for the week of September 25, 2017. [Doc. #11]. In response to the Court's direction that Defendants consider whether electronic monitoring or another alternative to Plaintiff's current detention could adequately serve Defendants' interests, Defendants provided the Declaration of Aldean R. Beaumont, Assistant Field Director of the Hartford Office of U.S. Immigration and Customs Enforcement, who opined that "electronic monitoring is not effective at ensuring surrender for physical removal[,]" and that no alternative to detention could adequately serve Defendants' interests in effectuating the final removal order. *Id.*

In light of Defendants' receipt of travel documents and scheduled removal of Plaintiff for the week of September 25, 2017, the Court set a hearing on Plaintiff's Motion for Preliminary

Injunction for September 22, 2017, with the Parties' briefing on the Motion to be submitted by September 20, 2017. [Doc. #13]. On September 19, 2017, Plaintiff filed an Amended Complaint, [Doc. #16], and an Amended Motion for Preliminary Injunction, [Doc. #17].

## II. Factual Allegations

Plaintiff Achbani is a native and citizen of Morocco. (Am. Compl. 10). Plaintiff entered the United States on a visitor's visa on April 20, 1999, and remained in the United States after the expiration of his visitor's visa. *Id.* Plaintiff first came to the attention of the Immigration and Naturalization Service "sometime after September 2002, when he voluntarily reported and registered with the government pursuant to the National Security Entry-Exit Registration System (NSEERS) or INS Special Registration." *Id.* Plaintiff "was placed in removal proceedings in New York before the immigration court following his voluntary registration." *Id.* Plaintiff's removal proceedings "concluded in immigration court in New York, New York on June 14, 2005[,]" and Plaintiff appealed the adverse decision of the immigration judge to the Board of Immigration Appeals ("BIA") and then to the Second Circuit. *Id.* at 10-11. Plaintiff's later motions to reopen, filed with the BIA, were denied. *Id.* at 11. Plaintiff and his wife, Soumia Sedki, are the parents of three young children, all of whom are U.S. citizens. *Id.* Ms. Sedki is a Lawful Permanent Resident of the United States. *Id.* The family lives together in Greenwich, Connecticut. *Id.*

Ms. Sedki filed an immigration visa petition (Form I-130, Petition for Alien Relative) on her husband's behalf. *Id.* The Department of Homeland Security approved this petition on April 29, 2016. *Id.* "Subsequent to the approval of the Form I-130 visa petition, the Plaintiff filed an Application for Permission to Reapply For Admission into the United States After Deportation or Removal on USCIS Form I-212." *Id.* Defendants "required that [Plaintiff] report to the Office of Enforcement and Removal in Hartford, Connecticut pursuant to his release on an order of

3

supervision." *Id.* Plaintiff "reported to this office with perfect attendance for a period of approximately ten years." *Id.* Over the course of this ten-year period, Plaintiff "reported to the Office . . . and was released without incident." *Id.* Plaintiff "made numerous attempts for over two years to obtain a valid Moroccan passport to provide to his supervision case officers at their request." *Id.* at 12.

"On numerous occasions over this approximate ten year period, the Defendants were advised and updated about the Plaintiff's pending applications for an immigrant visa." *Id.* Plaintiff "filed approximately three applications for a one-year stay of removal" and "[i]ncluded with this application were copies of the Plaintiff's receipt notices concerning the immigrant visa applications." *Id.* "Also included were birth certificates and medical records of his children and verification that the Plaintiff does not have a criminal record." *Id.*

On August 24, 2017, Plaintiff appeared for a "routine supervision appointment at the Office . . . as he had done for approximately ten years prior." *Id.* Plaintiff was "detained by Defendants Palumbo, Bates and Frye and was abruptly taken into custody by these Defendants." *Id.* "Handcuffs were placed on him and he was removed from the Enforcement and Removal Office to a different office located in the building at 450 Main Street in Hartford, Connecticut for processing to be moved to Franklin Country, Massachusetts for indefinite detention." *Id.* at 12-13.

"On this date, the Plaintiff's attorney advised Defendant Assistant Director Aldean Beaumont and Defendant Palumbo in writing that the Plaintiff had an approved I- 130 and a pending I-212 application." *Id.* at 12. "Furthermore, the Plaintiff's attorney provided the Defendants with email correspondence from a section chief from the Hartford USCIS office explaining that the Plaintiff was required to have the I-212 adjudicated by the local field office prior to filing for a provisional waiver." *Id.*

4

According to Plaintiff, "Defendants refused to acknowledge the significance of the change in the July 29, 2016 final rule that amended 8 CFR 212.7(e)(4)(iv) and its applicability to the Form I-212 despite the fact that their own agency had adopted this rule change." *Id.* at 13. "Defendant Palumbo claimed that the Form I-212 was 'meaningless' because it 'could only be approved in Morocco.'" *Id.*

"Defendant Palumbo stated to Plaintiff's counsel that he had checked his computer and learned that USCIS had recently granted the Plaintiff's Form I-212." *Id.* As Plaintiff notes, "[t]he granting of the Form I-212 clears the way for the Plaintiff to file for an unlawful presence provisional waiver." *Id.* Plaintiff "was taken into custody despite the knowledge of the existence of an approved I-212." *Id.*

Plaintiff alleges that "Defendant Bates, when questioned as to why the Plaintiff could not be released on an alternative monitoring system, such as a GPS monitoring bracelet, claimed that the Plaintiff's application for stay of removal was denied, that another ICE officer in Washington D.C. had obtained a 'travel document' for the Plaintiff, and that they had 'a small window' to remove the Plaintiff from the United States." *Id.* According to Plaintiff, both "Defendant Bates and Palumbo stated that it did not matter to ICE" that Plaintiff had an approved I-212 and was thus eligible under 8 CFR 212.7(e)(4)(ii) to apply for a provisional unlawful presence waiver while in the United States. *Id.* at 13-14.

Plaintiff remains in ICE custody and has not yet been removed to Morocco. *Id.* at 14. His removal has been scheduled for the week of September 25, 2017. [Doc. #11].

*Plaintiff's Amended Motion for Preliminary Injunction and Amended Complaint*

Plaintiff's Amended Motion for Preliminary Injunction requests that Defendants be enjoined from detaining Plaintiff, "from attempting to remove the Plaintiff from the United States

5

to Morocco, and from taking deliberate and illegal actions to deprive the Plaintiff of his due process rights, including arbitrarily detaining the Plaintiff, by deliberately and illegally violating the law by unlawfully detaining the Plaintiff, and by continuing to take actions to deny the Plaintiff the ability to complete his application for an unlawful presence waiver in the United States as part of his application for adjustment of status to that of Lawful Permanent Resident in the United States, to which he is lawfully entitled." [Doc. #17]. Plaintiff asserts that "[s]aid injunctive relief is necessary to prevent the Plaintiff from suffering from irreparable harm by and through the prevention of the Defendant from pursuing the unlawful presence provisional waiver in the United States and an immediate removal from his family in the United States , thereby depriving him of his due process rights and of the continuing eligibility to complete his application for adjustment of status to lawful permanent resident in the United States." *Id.*

Plaintiff's Amended Complaint, filed on the same day, names Defendants in both their official and individual capacities, and asserts five causes of action. [Doc. #16]. Plaintiff brings one claim directly under the Due Process Clause of the Fifth Amendment to the United States Constitution, and four claims under the Administrative Procedure Act, for "Violation of the Immigration and Nationality Act[,]" Violation of the Due Process Clause of the Fifth Amendment, "Violation of Regulations[,]" and "Arbitrary and Capricious." *Id.*

### III. Discussion

*Subject Matter Jurisdiction*

By its terms, the REAL ID Act of 2005 provides that federal district courts lack subject matter jurisdiction to review orders of removal. 8 U.S.C. 1252(a)(5). The Second Circuit has interpreted the Act to strip federal district courts of subject matter jurisdiction to hear claims that would "indirect[ly] challenge" an order of removal. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir.

6

2011). In *Delgado*, the Second Circuit upheld the district court's dismissal of a complaint for lack of jurisdiction where the plaintiff, who was subject to a reinstated expedited removal order, "brought [a] mandamus action to compel USCIS to make a determination on the merits of her I-212 application, alleging that USCIS denied her application in violation of the" APA, the Due Process Clause, and the Equal Protection Clause. *Id.* at 54. Under *Delgado*, "determining whether or not a court has jurisdiction over a suit brought against immigration authorities . . . 'will turn on the substance of the relief that a plaintiff is seeking.' " *Milardo v. Kerilikowske*, No. CV316MC00099VLB, 2016 WL 1305120, at *5 (D. Conn. Apr. 1, 2016) (quoting *Delgado*).

In his Amended Complaint, Plaintiff seeks (1) release from detention, (2) declaratory relief that his detention and planned removal are arbitrary and capricious, (3) attorneys' fees, and (4) other relief as the Court deems just, equitable, and appropriate. (Am. Compl. 21). In his Amended Motion for Preliminary Injunction, Plaintiff seeks (1) release from detention, (2) cessation of removal, and (3) an injunction preventing Defendants from "taking actions that deprive the Plaintiff of the legal right to pursue his application for an unlawful presence waiver." [Doc. #17]. At oral argument, Plaintiff's counsel clarified that removal is the subject of the hearing on preliminary injunction. He recognized, under 8 U.S.C. 1252(a)(5) and *Delgado*, that this Court lacks jurisdiction to grant Plaintiff a stay of the removal order, but narrowly construes the jurisdictional bar as limited to assertions of a flaw in the final order or efforts to reopen such final orders.

At oral argument, Plaintiff's counsel clarified that Plaintiff brings his claim for injunctive relief relating to his detention on the theory that the detention is preventing Plaintiff from exercising his rights under 8 CFR 212.7(e)(4)(iv). Specifically, Plaintiff claims that under this regulatory provision, as amended by the final rule published on July 29, 2016, he has the right to

7

be free from detention and removal during the pendency of his application for a provisional unlawful presence waiver and the filing of form I-601a. Plaintiff claims that Defendants' actions together "prohibit[] [him] from applying for the unlawful presence provisional waiver application while remaining with his family in the United States." [Doc. #19 at 14]. Plaintiff contends that the "continuing decision to detain and attempt to remove [him] to Morocco and to deny him the right to apply for the provisional unlawful presence waiver, as amended at 8 CFR 212.7(e)(4)(iv), are unlawful violations of the INA, APA and the Due Process Clause of the Fifth Amendment to the United States Constitution." *Id.*

8 CFR § 212.7 generally establishes the regulations that control eligibility and procedures for "[w]aiver[s] of certain grounds of inadmissibility." 8 CFR 212.7(e) controls eligibility and procedures for provisional unlawful presence waivers of inadmissibility, and applies to "certain aliens who are pursuing consular immigrant visa processing." 8 CFR 212.7(e)(1) provides that USCIS has "exclusive jurisdiction to grant a provisional unlawful presence waiver under this paragraph." 8 CFR 212.7(e)(2) governs provisional unlawful presence waivers generally, and 8 CFR 212.7(e)(3) and 8 CFR 212.7(e)(4) establish classes of "[e]ligible aliens" and "[i]neligible aliens[,]" respectively. 8 CFR 212.7(e)(4) explains which classes of individuals are ineligible for a provisional unlawful presence waiver. As relevant here, 8 CFR 212.7(e)(4)(iv) establishes that individuals "subject to an administratively final order of removal, deportation, or exclusion under any provision of law (including an in absentia order under section 240(b)(5) of the Act)" are ineligible for provisional unlawful presence waivers *unless* "the alien has already filed and USCIS has already granted, before the alien applies for a provisional unlawful presence waiver under 8 CFR 212.7(e), an application for consent to reapply for admission under section 212(a)(9)(A)(iii) of the Act and 8 CFR 212.2(j)[.]"

8

Plaintiff's application for consent to reapply for admission was approved on August 16, 2017, a fact of which he was notified on August 24, 2017, the day he was taken into ICE custody. Plaintiff claims that under the terms of 8 CFR 212.7(e)(4)(iv), he is entitled to apply from the United States for an unlawful presence waiver using form I-601a, and has a due process right not to be removed, or detained in order to effectuate removal, during the pendency of his application process. 8 CFR 212.7(e)(2)(i) provides, however, that "the decision whether to approve a provisional unlawful presence waiver application is discretionary" and that "[a] pending or approved provisional unlawful presence waiver does not constitute a grant of a lawful immigration status or a period of stay authorized by the Secretary."[1]

Under *Delgado*, while district courts have subject matter jurisdiction to review certain claims of unlawful detention brought against immigration authorities, Plaintiff's claim of unlawful detention is grounded in his claim of right to remain in the U.S. to apply for and have adjudicated an application for a provisional unlawful presence waiver.[2]

Plaintiff's request for an order releasing him from detention necessarily indirectly challenges the final removal order because he claims a right to remain in the U.S., which is interfered with by his ICE detention, whose purpose is to facilitate his physical removal from the

---

[1] Plaintiff has not yet filed an I-601a, and thus does not have a "pending or approved . . . waiver."

[2] Plaintiff seeks relief from his allegedly unlawful detention in each of his five claims brought under the APA and the Due Process Clause. (*See* Am. Compl. at 18) ("the detention of the Plaintiff is a direct action taken by the Defendants to prevent him from availing himself of the ability to apply for a provisional waiver in the United States"; "the unlawful detention of the Plaintiff, without permitting him to avail himself of the process set forth through agency rules, laws and regulations, violates the Due Process Clause."); *id.* at 19 ("The unnamed policy that the Defendants' claim permits them to detain the Plaintiff and prevent him from applying for the unlawful presence provisional waiver in the United States deviates from the Department of Homeland Security's own regulations, and is therefore arbitrary and capricious."); *id.* at 20 ("The current detention of the Plaintiff is an arbitrary and capricious means of enforcing the INA."; "The continuing detention and efforts to remove the Plaintiff from the United States, and thereby prevent him from availing himself of his right under the INA and 8 CFR 212.7 is unreasonable and is an attempt to deter the Plaintiff from remaining in the United States with his family while awaiting the legal process adopted by the agency to obtain a unlawful presence provisional waiver.").

United States. (*See* Beaumont Decl.) Given the substance of the relief Plaintiff seeks, the Court lacks subject matter jurisdiction under the reasoning of *Delgado*, 643 F.3d at 54.

### IV. Conclusion

Because the Court lacks subject matter jurisdiction to grant relief, Plaintiff's Amended Motion [Doc. #17] for Preliminary Injunction is denied.

                IT IS SO ORDERED.

                /s/
                Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of September 2017.