# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTONIO DE JESUS MARTINEZ, et al.,

    *Plaintiffs*,

    v.

KRISTJEN NIELSEN, et al.,

    *Defendants*.

Civil Action No. 18-10963

ORDER

**THIS MATTER** arises from an all-too-familiar story. Petitioner-Plaintiff, Antonio de Jesus Martinez, is a citizen of El Salvador who has lived in the United States for approximately the past 15 years.[1] Mr. Martinez is married to a United States citizen and with his wife, Petitioner-Plaintiff Vivian Martinez, is the father of two young children. Mr. Martinez is a Heating Ventilation and Air Conditioning (HVAC) technician and pays his taxes. He has no criminal history and has never been arrested. He taught himself English. He supports his immediate family, and provides for his mother and siblings.

Mr. Martinez entered the United States in 2003 when he was 19 years old, and was apprehended by border patrol. He was given notice to appear in court in immigration court in Texas. He moved to New York to live with his family. He hired a lawyer, attempted to transfer his case to New York, and appeared in immigration court in Manhattan on his appointed court date. He was unsuccessful in doing so and an immigration judge in Texas ordered him removed *in absentia*. Mr. Martinez has continued to live in the United States and does not dispute the validity of this removal order.

---

[1] This recitation of facts is taken from the Complaint and Petition for Habeas Corpus and attached exhibits, ECF No. 1.

1

Mr. Martinez seeks to legalize his immigration status through a process promulgated by the Department of Homeland Security.[2] Normally, once deported, a former undocumented immigrant must wait years to reapply for legal admission to the United States. The waiver process waives the lengthy period for spouses of U.S. citizens with no criminal history and allows the person to reenter the U.S. legally after a shortened period. A waiver applicant must file a Petition for Alien Relative ("Form I-130") with U.S. Citizenship and Immigration Services ("USCIS") to establish that the applicant and beneficiary have a bona fide relationship. The applicant and beneficiary are then scheduled for an interview with USCIS to determine the validity of that relationship. Once the Form I-130 is approved, the applicant files a Permission to Reapply for Admission to the United States form ("Form I-212") and then for a provisional "unlawful presence waiver" ("Form I-601A"). Ultimately, the applicant must deport, but is allowed to immediately apply for an immigration visa and reenter the U.S. lawfully.

Mr. and Ms. Martinez began the provisional waiver process in 2016. USCIS scheduled them for an interview on their I-130 application to confirm the bona fides of their marriage. On April 27, 2018, together with their lawyer, Mr. and Ms. Martinez appeared for an interview in Manhattan, New York. At the conclusion of the interview, two Immigration and Customs Enforcement ("ICE") agents entered the interview room and abruptly arrested Mr. Martinez, purportedly based on a "new policy" of detaining any individual with an outstanding order of removal at an interview.[3] ICE agents transported Mr. Martinez to Hudson County Correctional

---

[2] See Expansion of Provisional Unlawful Presence Waivers of Inadmissibility; Final Rule, 81 Fed. Reg. 50244, 50245 (July 29, 2016); Provisional Unlawful Presence Waivers of Inadmissibility for Certain Immediate Relatives; Final Rule 78 Fed. Reg. 535, 536 (Jan 3, 2013).
[3] An ICE agent told Ms. Martinez that this "new policy" was announced through an internal memo and that, had the couple been scheduled for an interview a few weeks earlier, Mr. Martinez would not have been detained. Compl. ¶ 31.

2

Facility in New Jersey where he has been detained since April 27, 2018. Less than one week later, USCIS approved the Martinez's I-130 application. Nevertheless, Mr. Martinez remains in custody.

On June 22, 2018, Mr. Martinez filed this petition for a writ of habeas corpus and an emergency motion for a temporary restraining order seeking, inter alia, his release from custody and to enjoin Respondent-Defendants from removing him from the United States while he is pursuing the provisional waiver process. ECF Nos. 1, 2. That same day, the Court stayed Mr. Martinez's removal pending further order of the Court. ECF No. 6. Pursuant to L. Civ. R. 78.1, this Order supplements the Court's prior Order with a formal opinion to follow.

Mr. Martinez's petition for a writ of habeas corpus and his motion for a temporary restraining order are hereby **GRANTED**. The Court finds that it has jurisdiction to review the limited question of whether Mr. Martinez has a right to complete the process of obtaining a provisional waiver of grounds of inadmissibility before his removal. The Court's jurisdiction is not stripped by 8 U.S.C. § 1252(g) because Mr. Martinez does not challenge ICE's prosecutorial discretion but rather its legal authority. It is also not stripped by § 1252(a)(5) or (b)(9) because the Court is not vacating or reviewing Mr. Martinez's order of removal. See Villavicencio Calderon v. Sessions, et al., No. 18-5222 (S.D.N.Y. Aug. 1, 2018) (slip op.). Rather, the Court holds that Mr. Martinez has the right to complete the process that he lawfully began, and that the government's attempt to detain and deport Mr. Martinez before he could complete the process contravenes that right, in violation of the Administrative Procedure Act ("APA") and the Fifth Amendment. Id.

Accordingly, Respondent-Defendants are **ORDERED** to stay removal of Petitioner-Plaintiff, Mr. Martinez, from the United States until he exhausts his right to complete the process of obtaining an unlawful presence waiver.[4]

Generally, detention is permitted to exceed the 90 days authorized by the Immigration and Nationality Act ("INA") for a "period reasonably necessary to secure removal." Zadvydas v. Davis, 533 U.S. 678, 699-700 (2001). But when removal is not "reasonably foreseeable," the continued detention is unreasonable and no longer permitted by the INA. Id. As Petitioner-Plaintiff's removal is no longer reasonably foreseeable, and any continued detention is also unreasonable if he is to continue with the waiver process, the Court **ORDERS** Respondent-Defendants to immediately release him from custody.

A formal opinion is forthcoming.

**August 3, 2018**

>  */s Madeline Cox Arleo*
>  **Hon. Madeline Cox Arleo**
>  **United States District Judge**

---

[4] The government argues that Mr. Martinez would be subject to a five-year bar from reentering the United States because of his in absentia order of final removal. Plaintiff-Petitioners counter that such a bar is inapplicable because Mr. Martinez had reasonable cause for missing his removal hearing. Under either scenario, Petitioner should be permitted to complete the waiver process. In the event Mr. Martinez is denied the waiver, the government shall immediately notify the Court.

4