# EXHIBIT F

## REDACTED

**Message**

**From:** Graham, Andrew [Confidential/PII]
**on behalf of** Graham, Andrew
**Sent:** 1/30/2018 3:40:37 PM
**To:** Rutherford, James L [Confidential/PII]; Lyons, Todd M [Confidential/PII]
**Subject:** RE: Media Inquiry: [Confidential/PII]

Also, FYSA, the Suffolk team arrested two at CIS in Boston this morning and the Essex team arrested one at Lawrence CIS.

Andy

---

**From:** Rutherford, James L
**Sent:** Tuesday, January 30, 2018 10:10 AM
**To:** Graham, Andrew; Lyons, Todd M
**Subject:** RE: Media Inquiry: [Confidential/PII]

Thanks Andy.

Regards,

*James L. Rutherford*
*Deputy Field Office Director*
*ICE/ERO – Boston Field Office*
[Confidential/PII] *– Desk*

*"A leader is one who knows the way, goes the way, and shows the way." ~ John C. Maxwell*

---

**From:** Graham, Andrew
**Sent:** Tuesday, January 30, 2018 10:06 AM
**To:** Lyons, Todd M; Rutherford, James L
**Subject:** RE: Media Inquiry: [Confidential/PII]

James/Todd:

Just to help you guys answer any questions on this CIS arrest topic, here is a brief overview of how we handle these cases.

- CIS typically sends us a list of pending I-130s that they need to adjudicate where the beneficiary is subject to a final order of removal, a re-entry, or an egregious criminal alien.
- When we receive the list of potential arrest targets, we vet each one for criminality, medical issues, likelihood of receiving an immigration benefit, likelihood of removal, and any other significant factor that would influence our decision to take the subject into custody.
- After vetting the cases, we reply to CIS with a list of which aliens we have interest in arresting.
- CIS schedules the interviews and spreads them out over a period of time so as not to overburden our ability to handle the workload.
- When the alien arrives for his/her interview, CIS notifies us that the subject has arrived and we send two officers from the Fugitive unit to the CIS office for the arrest.
- CIS completes the interview while our officers are enroute.
- At the completion of the interview, the DOs question the alien to determine if any other prosecutorial discretion issues exist and then take them into custody, if appropriate.

Some additional information that should be noted:

- The alien's attorneys are often present and aware of their clients' outstanding removal orders and that they are typically ineligible to adjust status.
- CIS is our sister agency and has an internal policy that allows them to notify ICE when removable aliens are encountered.

In my opinion, it makes sense for us to arrest aliens with final removal orders as they represent the end of the line in the removal process. They are typically the easiest to remove, they have the shortest average length of stay, and at the end of the day we are in the removal business and it's our job to locate and arrest them.

Andy

Andrew P. Graham
(a)AFOD – Field Enforcement
DHS/ICE/ERO-Boston Field Office
Confidential/PII

---

**From:** Lyons, Todd M
**Sent:** Tuesday, January 30, 2018 8:55 AM
**To:** Rutherford, Confidential/PII Confidential/PII John; Graham, Andrew
**Subject:** FW: Media Inquiry: Confidential/PII

Guys

See below – the subject had an active deportation order which was acted upon. We did not target this subject because he was illegally. He was ordered by an immigration judge to be removed from the US. for sure -- this type of story will keep away those who may be truly trying to adjust (that have an actual path to a benefit). This subject's attorney should have never advised him to attend this meeting. He has no path unless he leaves the country

Below is the PAO synopsis from the officer.

Thanks

Todd Michael Lyons
*Deputy Field Office Director*
ICE – Enforcement and Removal Operations
Department of Homeland Security
Boston Field Office
Confidential/PII Desk
Mobile

---

**From:** Graham, Andrew
**Sent:** Tuesday, January 30, 2018 8:50 AM
**To:** Lyons, Todd M
**Subject:** FW: Media Inquiry: Confidential/PII

Sent with BlackBerry Work
(www.blackberry.com)

Media inquiry – MATEUS DE OLIVEIRA, Fabiano – Brazil

- Correct name of alien (as known to ICE): [Confidential/PII]

- Known aliases- None

- [Confidential/PII]

- DOB : [Confidential/PII]

- COB: Brazil

- COC: Brazil

- Date of last entry: January 28, 2005

- Manner of last entry to US: Without Inspection

- Prior immigration encounters: Entered Without Inspection. Subject was arrested by the United States Border Patrol on January 28, 2005 and served a Warrant of Arrest and Notice to Appear under 212a6Ai, Alien Present Without Admission or Parole, under the INA.

- Current immigration status: Inadmissible. ICE Fugitive. Subject was ordered removed from the United States in absentia by a Baltimore Immigration Judge on March 15, 2005. Subject is the beneficiary of an approved I-130, Petition for an Alien Relative, filed with the service on January 4, 2017 and approved on January 9, 2018. No other pending applications for a benefit under the INA.

- Criminal History: No known criminal history

- Level of criminality for pending charges & convictions; felony or misdemeanor: n/a

- If subject is an LPR, provide the # of CIMTs and the timeframe associated  n/a

- I-213 arrest narrative *(cut & paste into the PAO email response)* or a brief description of the current/most recent encounter:

## I-213 Narrative
## Narrative 1 : Created Date: 01/09/2018 10:51 AM

- ARREST:

On January 9, 2018 I along with Deportation Officer [Confidential/PII] and Deportation Officer [Confidential/PII] went to the Citizenship and Immigration Services Office in Lawrence, MA and arrested ICE fugitive [Confidential/PII] (A98 [Confidential/PII]) [Confidential/PII] was at the office for an I-130 interview.

At approximately 8:45 AM we met with [Confidential/PII] in the CIS office. I identified us as ICE Officers and informed him of his outstanding warrant. We placed [Confidential/PII] into custody without incident. DO Pitts transported [Confidential/PII] to the ICE office in Burlington, MA to be booked into ICE custody.

ALIENAGE:

Subject is a native, national and citizen of Brazil. Subject stated that both of his parents are citizens of Brazil who never entered the United States.

ENTRY DATA:

Complete entry information is located on the initial event I-213.

IMMIGRATION HISTORY:

01/28/2005 - Subject made illegal entry into the U.S. at Hidalgo, TX as EWI.

01/29/2005- Subject was served NTA for violation of Section 212(a)(6)(A)(i) of the Act.
03/15/2005- IJ issued Removal Order in Absentia to Brazil.
01/09/2018- I-130 approved.

CRIMINAL RECORD:

None located.

GANG/TERRORIST AFFILIATION:
None claimed/none found.

CONSENT TO ENTER AND SEARCH:
Not applicable.

CREDIBLE/REASONABLE FEAR:
None claimed/none found.

MILITARY SERVICE:
No.

CHILD CARE/CUSTODY ISSUES:
Subject has one USC child who is in the care his mother [Confidential/PII]

MEDICAL HISTORY:
Subject claims to be in good health.

- You must state "Yes" or "No" to information indicating they are a Victim/Witness. If yes, provide specifics: No
- You must state "Yes" or "No" to information indicating they have pending applications for relief; particularly U, T, VAWA. If yes, provide specifics: No
- Any oddities in the case, such as if the subject is a high visibility/public interest matter for ICE or federal/state/local law enforcement: Media interest.