# Exhibit A



*Secretary*
**U.S. Department of Homeland Security**
Washington, DC 20528

February 20, 2017

MEMORANDUM FOR:  Kevin McAleenan
Acting Commissioner
U.S. Customs and Border Protection

Thomas D. Homan
Acting Director
U.S. Immigration and Customs Enforcement

Lori Scialabba
Acting Director
U.S. Citizenship and Immigration Services

Joseph B. Maher
Acting General Counsel

Dimple Shah
Acting Assistant Secretary for International Affairs

Chip Fulghum
Acting Undersecretary for Management

FROM:  John Kelly
Secretary

SUBJECT:  **Enforcement of the Immigration Laws to Serve the National Interest**

This memorandum implements the Executive Order entitled "Enhancing Public Safety in the Interior of the United States," issued by the President on January 25, 2017. It constitutes guidance for all Department personnel regarding the enforcement of the immigration laws of the United States, and is applicable to the activities of U.S. Immigration and Customs Enforcement (ICE), U.S. Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS). As such, it should inform enforcement and removal activities, detention decisions, administrative litigation, budget requests and execution, and strategic planning.

With the exception of the June 15, 2012, memorandum entitled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children," and the November 20, 2014 memorandum entitled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children and with Respect to Certain Individuals Who Are the Parents of U.S. Citizens or Permanent Residents,"[1] all existing conflicting directives, memoranda, or field guidance regarding the enforcement of our immigration laws and priorities for removal are hereby immediately rescinded—to the extent of the conflict—including, but not limited to, the November 20, 2014, memoranda entitled "Policies for the Apprehension, Detention and Removal of Undocumented Immigrants," and "Secure Communities."

## A. The Department's Enforcement Priorities

Congress has defined the Department's role and responsibilities regarding the enforcement of the immigration laws of the United States. Effective immediately, and consistent with Article II, Section 3 of the United States Constitution and Section 3331 of Title 5, United States Code, Department personnel shall faithfully execute the immigration laws of the United States against all removable aliens.

Except as specifically noted above, the Department no longer will exempt classes or categories of removable aliens from potential enforcement. In faithfully executing the immigration laws, Department personnel should take enforcement actions in accordance with applicable law. In order to achieve this goal, as noted below, I have directed ICE to hire 10,000 officers and agents expeditiously, subject to available resources, and to take enforcement actions consistent with available resources. However, in order to maximize the benefit to public safety, to stem unlawful migration and to prevent fraud and misrepresentation, Department personnel should prioritize for removal those aliens described by Congress in Sections 212(a)(2), (a)(3), and (a)(6)(C), 235(b) and (c), and 237(a)(2) and (4) of the Immigration and Nationality Act (INA).

Additionally, regardless of the basis of removability, Department personnel should prioritize removable aliens who: (1) have been convicted of any criminal offense; (2) have been charged with any criminal offense that has not been resolved; (3) have committed acts which constitute a chargeable criminal offense; (4) have engaged in fraud or willful misrepresentation in connection with any official matter before a governmental agency; (5) have abused any program related to receipt of public benefits; (6) are subject to a final order of removal but have not complied with their legal obligation to depart the United States; or (7) in the judgment of an immigration officer, otherwise pose a risk to public safety or national security. The Director of ICE, the Commissioner of CBP, and the Director of USCIS may, as they determine is appropriate, issue further guidance to allocate appropriate resources to prioritize enforcement activities within these categories—for example, by prioritizing enforcement activities against removable aliens who are convicted felons or who are involved in gang activity or drug trafficking.

---

[1] The November 20, 2014, memorandum will be addressed in future guidance.

2

**B. Strengthening Programs to Facilitate the Efficient and Faithful Execution of the Immigration Laws of the United States**

Facilitating the efficient and faithful execution of the immigration laws of the United States—and prioritizing the Department's resources—requires the use of all available systems and enforcement tools by Department personnel.

Through passage of the immigration laws, Congress established a comprehensive statutory regime to remove aliens expeditiously from the United States in accordance with all applicable due process of law. I determine that the faithful execution of our immigration laws is best achieved by using all these statutory authorities to the greatest extent practicable. Accordingly, Department personnel shall make full use of these authorities.

Criminal aliens have demonstrated their disregard for the rule of law and pose a threat to persons residing in the United States. As such, criminal aliens are a priority for removal. The Priority Enforcement Program failed to achieve its stated objectives, added an unnecessary layer of uncertainty for the Department's personnel, and hampered the Department's enforcement of the immigration laws in the interior of the United States. Effective immediately, the Priority Enforcement Program is terminated and the Secure Communities Program shall be restored. To protect our communities and better facilitate the identification, detention, and removal of criminal aliens within constitutional and statutory parameters, the Department shall eliminate the existing Forms I-247D, I-247N, and I-247X, and replace them with a new form to more effectively communicate with recipient law enforcement agencies. However, until such forms are updated they may be used as an interim measure to ensure that detainers may still be issued, as appropriate.

ICE's Criminal Alien Program is an effective tool to facilitate the removal of criminal aliens from the United States, while also protecting our communities and conserving the Department's detention resources. Accordingly, ICE should devote available resources to expanding the use of the Criminal Alien Program in any willing jurisdiction in the United States. To the maximum extent possible, in coordination with the Executive Office for Immigration Review (EOIR), removal proceedings shall be initiated against aliens incarcerated in federal, state, and local correctional facilities under the Institutional Hearing and Removal Program pursuant to section 238(a) of the INA, and administrative removal processes, such as those under section 238(b) of the INA, shall be used in all eligible cases.

The INA § 287(g) Program has been a highly successful force multiplier that allows a qualified state or local law enforcement officer to be designated as an "immigration officer" for purposes of enforcing federal immigration law. Such officers have the authority to perform all law enforcement functions specified in section 287(a) of the INA, including the authority to investigate, identify, apprehend, arrest, detain, and conduct searches authorized under the INA, under the direction and supervision of the Department.

There are currently 32 law enforcement agencies in 16 states participating in the 287(g)

Program. In previous years, there were significantly more law enforcement agencies participating in the 287(g) Program. To the greatest extent practicable, the Director of ICE and Commissioner of CBP shall expand the 287(g) Program to include all qualified law enforcement agencies that request to participate and meet all program requirements. In furtherance of this direction and the guidance memorandum, "Implementing the President's Border Security and Immigration Enforcement Improvements Policies" (Feb. 20, 2017), the Commissioner of CBP is authorized, in addition to the Director of ICE, to accept State services and take other actions as appropriate to carry out immigration enforcement pursuant to section 287(g) of the INA.

## C. Exercise of Prosecutorial Discretion

Unless otherwise directed, Department personnel may initiate enforcement actions against removable aliens encountered during the performance of their official duties and should act consistently with the President's enforcement priorities identified in his Executive Order and any further guidance issued pursuant to this memorandum. Department personnel have full authority to arrest or apprehend an alien whom an immigration officer has probable cause to believe is in violation of the immigration laws. They also have full authority to initiate removal proceedings against any alien who is subject to removal under any provision of the INA, and to refer appropriate cases for criminal prosecution. The Department shall prioritize aliens described in the Department's Enforcement Priorities (Section A) for arrest and removal. This is not intended to remove the individual, case-by-case decisions of immigration officers.

The exercise of prosecutorial discretion with regard to any alien who is subject to arrest, criminal prosecution, or removal in accordance with law shall be made on a case-by-case basis in consultation with the head of the field office component, where appropriate, of CBP, ICE, or USCIS that initiated or will initiate the enforcement action, regardless of which entity actually files any applicable charging documents: CBP Chief Patrol Agent, CBP Director of Field Operations, ICE Field Office Director, ICE Special Agent-in-Charge, or the USCIS Field Office Director, Asylum Office Director or Service Center Director.

Except as specifically provided in this memorandum, prosecutorial discretion shall not be exercised in a manner that exempts or excludes a specified class or category of aliens from enforcement of the immigration laws. The General Counsel shall issue guidance consistent with these principles to all attorneys involved in immigration proceedings.

## D. Establishing the Victims of Immigration Crime Engagement (VOICE) Office

Criminal aliens routinely victimize Americans and other legal residents. Often, these victims are not provided adequate information about the offender, the offender's immigration status, or any enforcement action taken by ICE against the offender. Efforts by ICE to engage these victims have been hampered by prior Department of Homeland Security (DHS) policy extending certain Privacy Act protections to persons other than U.S. citizens and lawful permanent residents, leaving victims feeling marginalized and without a voice. Accordingly, I am establishing the Victims of Immigration Crime Engagement (VOICE) Office within the Office of

the Director of ICE, which will create a programmatic liaison between ICE and the known victims of crimes committed by removable aliens. The liaison will facilitate engagement with the victims and their families to ensure, to the extent permitted by law, that they are provided information about the offender, including the offender's immigration status and custody status, and that their questions and concerns regarding immigration enforcement efforts are addressed.

To that end, I direct the Director of ICE to immediately reallocate any and all resources that are currently used to advocate on behalf of illegal aliens (except as necessary to comply with a judicial order) to the new VOICE Office, and to immediately terminate the provision of such outreach or advocacy services to illegal aliens.

Nothing herein may be construed to authorize disclosures that are prohibited by law or may relate to information that is Classified, Sensitive but Unclassified (SBU), Law Enforcement Sensitive (LES), For Official Use Only (FOUO), or similarly designated information that may relate to national security, law enforcement, or intelligence programs or operations, or disclosures that are reasonably likely to cause harm to any person.

### E. Hiring Additional ICE Officers and Agents

To enforce the immigration laws effectively in the interior of the United States in accordance with the President's directives, additional ICE agents and officers are necessary. The Director of ICE shall—while ensuring consistency in training and standards—take all appropriate action to expeditiously hire 10,000 agents and officers, as well as additional operational and mission support and legal staff necessary to hire and support their activities. Human Capital leadership in CBP and ICE, in coordination with the Under Secretary for Management and the Chief Human Capital Officer, shall develop hiring plans that balance growth and interagency attrition by integrating workforce shaping and career paths for incumbents and new hires.

### F. Establishment of Programs to Collect Authorized Civil Fines and Penalties

As soon as practicable, the Director of ICE, the Commissioner of CBP, and the Director of USCIS shall issue guidance and promulgate regulations, where required by law, to ensure the assessment and collection of all fines and penalties which the Department is authorized under the law to assess and collect from aliens and from those who facilitate their unlawful presence in the United States.

### G. Aligning the Department's Privacy Policies With the Law

The Department will no longer afford Privacy Act rights and protections to persons who are neither U.S. citizens nor lawful permanent residents. The DHS Privacy Office will rescind the DHS *Privacy Policy Guidance memorandum*, dated January 7, 2009, which implemented the DHS "mixed systems" policy of administratively treating all personal information contained in DHS record systems as being subject to the Privacy Act regardless of the subject's immigration status. The DHS Privacy Office, with the assistance of the Office of the General Counsel, will

develop new guidance specifying the appropriate treatment of personal information DHS maintains in its record systems.

## H. Collecting and Reporting Data on Alien Apprehensions and Releases

The collection of data regarding aliens apprehended by ICE and the disposition of their cases will assist in the development of agency performance metrics and provide transparency in the immigration enforcement mission. Accordingly, to the extent permitted by law, the Director of ICE shall develop a standardized method of reporting statistical data regarding aliens apprehended by ICE and, at the earliest practicable time, provide monthly reports of such data to the public without charge.

The reporting method shall include uniform terminology and shall utilize a format that is easily understandable by the public and a medium that can be readily accessed. At a minimum, in addition to statistical information currently being publicly reported regarding apprehended aliens, the following categories of information must be included: country of citizenship, convicted criminals and the nature of their offenses, gang members, prior immigration violators, custody status of aliens and, if released, the reason for release and location of their release, aliens ordered removed, and aliens physically removed or returned.

The ICE Director shall also develop and provide a weekly report to the public, utilizing a medium that can be readily accessed without charge, of non-Federal jurisdictions that release aliens from their custody, notwithstanding that such aliens are subject to a detainer or similar request for custody issued by ICE to that jurisdiction. In addition to other relevant information, to the extent that such information is readily available, the report shall reflect the name of the jurisdiction, the citizenship and immigration status of the alien, the arrest, charge, or conviction for which each alien was in the custody of that jurisdiction, the date on which the ICE detainer or similar request for custody was served on the jurisdiction by ICE, the date of the alien's release from the custody of that jurisdiction and the reason for the release, an explanation concerning why the detainer or similar request for custody was not honored, and all arrests, charges, or convictions occurring after the alien's release from the custody of that jurisdiction.

## I. No Private Right of Action

This document provides only internal DHS policy guidance, which may be modified, rescinded, or superseded at any time without notice. This guidance is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter. Likewise, no limitations are placed by this guidance on the otherwise lawful enforcement or litigation prerogatives of DHS.

In implementing these policies, I direct DHS Components to consult with legal counsel to ensure compliance with all applicable laws, including the Administrative Procedure Act.

**Exhibit B**

| Date of Referral | Name | A-number | Country of Birth | Location of Arrest (CIS Office, Residence, Traffic Stop) | Action Taken and Date | Criminal/Non-Criminal Status | Immigration Status (WD, ER, Re-entry, etc.) | Custody Status at Time of Arrest (Detained, OREC, OSUP, Bond) | Current Custody Status (Detained, OREC, OSUP, Bond) | Removed (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|
| October 7, 2017 | Confidential/PII | Confidential/PII | El Salvador | CIS Office | Arrest 1/23/18 | Non-criminal with pending criminal cases | WD | Detained | OSUP | N |
| October 9, 2017 | Confidential/PII | Confidential/PII | Dominican Republic | CIS Office | Arrest 1/18/18 | Non-criminal | WD | Detained | Removed | Y |
| October 10, 2017 | Confidential/PII | Confidential/PII | China | CIS Office | Arrest 1/30/18 | Non-criminal | WD | OSUP | OSUP | N |
| October 28, 2017 | Confidential/PII | Confidential/PII | Brazil | CIS Office | Arrest 1/9/18 | Non-criminal | WD | Detained | ATD-GPS | N |
| December 11, 2017 | Confidential/PII | Confidential/Cex | El Salvador | CIS Office Lawrence | Arrested 1/23/18 | Non-criminal | MTR granted-case re-opened | Detained | Bond | N |
| January 9, 2018 | Confidential/PII | Confidential/PII | Turkey | Lobby of Federal Building | Arrested 1/9/2018 | Non-criminal | WD | Detained | Removed on 1/31/2018 | Y |
| January 10, 2018 | Confidential/PII | Confidential/PII | El Salvador | CIS Office Lawrence | Arrested 1/11/18 | Non-criminal | WD | Detained | Bond | N |
| January 16, 2018 | Confidential/PII | Confidential/PII | Guatemala | CIS Office | Arrest, 1/17/2018 | Non-Criminal | WD | Detained | OSUP | N |
| January 30, 2018 | Confidential/PII | Confidential/Cex | Brazil | JFK Fed Bldg, Outside of CIS | Arrested 1/30/18 | Non-criminal | WD | Detained | ATD | N |
| January 30, 2018 | Confidential/PII | Confidential/PII | Tanzania | JFK Fed Bldg, Outside of CIS | Arrested 1/30/18 | Non-criminal | WD | Detained | ATD | N |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| January 30, 2018 | Confidential/PII | Confidential/PII | Guatemala | JFK FED BLD, Outside of CIS | Arrested 1/31/18 | Criminal | WD | Detained | Prosecuted for 1326, released by Judge Dein at Detention Hearing; currently monitored by USDC pretrial services | N |
| January 30, 2018 | Confidential/PII | Confidential/PII | Brazil | JFK Fed Bldg, Outside of CIS | Arrrested 1/31/18 | Non-criminal | WD | Detained | Removed | Y |
| January 30, 2018 | Confidential/PII | Confidential/PII | Colombia | outside CIS office | ARRESTED 01/30/2018 | non-criminal | WD | Detained | removed | y |
| January 30, 2018 | Confidential/PII | Confidential/PII | Brazil | JFK Fed Bldg, Outside of CIS | Arrested 1/31/18 | Non-criminal | WD | Detained | Bond | N |
| | Confidential/PII | Confidential/PII | Brazil | Outisde CIS office - Hartford, CT | Arrested 2/1/2018 | Non-crimnal | Re-entry but CIS processing I-130 | Detained | OSUP - Stay | N |
| February 14, 2018 | Confidential/PII | Confidential/PII | Ecuador | Lobby of Federal Building | Arrested 2/14/2018. Released same day on OSUP-ATD | Non-criminal | WD | OSUP-ATD | OSUP-ATD (MTR granted by IJ--Auto Stay in effect) | N |
| February 14, 2018 | Confidential/PII | Confidential/PII | India | outside CIS office | Arrested 02/14/18 | non-crimial | Final order | OSUP | osup | n |

# Exhibit C

**U.S. Department of Homeland Security**      Subject ID :  ▓▓▓▓      **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | | | |
|---|---|---|---|---|---|
| NKOJO, Godfrey | | | | | |

| | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|
| | | M | BLK | BRO | BLK |

| Country of Citizenship | Passport Number and Country of Issue | Case No ▓▓ File Number |
|---|---|---|
| UGANDA | | A▓▓▓▓ |

| Height | Weight | Occupation |
|---|---|---|
| 64 | 185 | |

Scars and Marks

| U.S. Address |
|---|
| ▓▓▓▓ MASSACHUSETTS, |

| F.B.I. Number | ☐ Single |
|---|---|
| | ☐ Divorced  ☐ Married |
| | ☐ Widower  ☐ Separated |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at |
|---|---|
| 8/6/1980, Unknown Time, At NYC | |

Method of Location/Apprehension
L 516.1

| Number, Street, City, Province (State) and Country of Permanent Residence |
|---|

| At/Near | Date/Hour |
|---|---|
| LOWELL, MA | 05/19/2010 2100 |

| Date of Birth | Date of Action | Location Code |
|---|---|---|
| ▓▓▓  Age: 50 | 05/20/2010 | BOS/BOS |

By
See Narrative

| City, Province (State) and Country of Birth | AR ☒ Form: (Type and No.) Lifted ☐ Not Lifted ☐ |
|---|---|
| UGANDA | |

| Status at Entry | Status When Found |
|---|---|
| Other | TRAVEL/SEEKING |

| NIV Issuing Post and NIV Number | Social Security Account Name |
|---|---|

| Date Visa Issued | Social Security Number |
|---|---|
| | ▓▓▓▓ |

Length of Time Illegally in U.S.
AT ENTRY

| Immigration Record | Criminal Record |
|---|---|
| POSITIVE - See Narrative | None Known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks See Narrative | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | R1C1 |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary $    Hr | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

Traffic - Other


ARRESTING AGENTS
-----------------
▓▓▓▓▓▓▓▓


RECORDS CHECKED
----------------
▓▓▓▓▓


Record of Deportable/Excludable Alien:

...(CONTINUED ON I-831)

▓▓▓▓▓▓▓

DEPORTATION OFFICER / FUG-OFS
(Signature and Title of Immigration Officer)

| Alien has been advised of communication privileges | (Date/Initials) |
|---|---|

Received: (Subject and Documents) (Report of Interview)

| Distribution: | Officer: ▓▓▓▓ |
|---|---|
| FILE | on May 20, 2010 at 0845                (time) |
| SDDO ▓▓ | Disposition: Bag and Baggage |
| DRA ▓▓ | Examining Officer: ▓▓▓▓ |

Form I-213 (Rev. 08/01/07)

U.S. Department of Homeland Security

Continuatic.. Page for Form __I213__

| Alien's Name | File Number | Date |
|---|---|---|
| NKOJO, Godfrey | A███████ | 05/20/2010 |
| | Event No: ███████ | |

## PREDICATION FOR ARREST

Boston Immigration and Customs Enforcement (ICE), Detention and Removal Operations (DRO), Fugitive Operations generated an investigative lead for ICE fugitive Godfrey NKOJO. Field Operations Worksheet (FOW and work folder was created. Target believed to be living in ███████ MA at ████████████████████

## ARREST

On May 19, 2010, at 2100 hours the aforementioned officers knocked on the door believed to be the residence of NKOJO. NKOJO answered the door and was immediately recognized as the ICE fugitive. I said "Godfrey", and NKOJO answered "yes". I identified myself and the other officers as "police" and then asked if we could come in and ask him a few questions regarding an on going investigation. NKOJO again stated "yes". Once inside the apartment I asked NKOJO his immigration status and he presented a fraudulent I-551, Resident Alien Card bearing his biographic information and his true alien registration number. I asked him if the card was "fake" and he stated "yes". NKOJO was advised of the outstanding Warrant of Removal/Deportation and arrested.

NKOJO was transported to Strafford County HOC without incident.

## HEALTH CONDITION

████████████████████████████████████████████

## IMMIGRATION HISTORY

NKOJO entered the United States 08/08/1980. ████████████████████████ At that time he was granted Voluntary Departure. NKOJO failed to depart the U.S. and an alternate order of deportation was entered. NKOJO was placed back into proceedings on or about 07/02/1990. The Immigration Judge ordered NKOJO deported on 07/21/1992. NKOJO appealed to the BIA on 10/16/1997 and the BIA Dismissed the Appeal and reaffirmed the decision of the Immigration Judge on 10/16/1997.

## CRIMINAL HISTORY

Traffic violation(s) only.

| Signature | Title |
|---|---|
| ████████ | DEPORTATION OFFICER / FUG-OPS |

Form I-831 Continuation Page (Rev. 08/01/07)

# Exhibit D

**U.S. Department of Homeland Security**

Immigration and Customs Enforcement

**Order of Supervision**

File No: ▮▮▮▮▮▮▮▮

Date: 9/09/2010

Name:  NKOJO, Godfrey

on ____10/16/1997____, you were ordered:
　　　(Date of final order)

    [ ] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
    [X] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Immigration and Customs Enforcement Office of Detention and Removal has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

[X] That you appear in person at the time and place specified, upon each and every request of the Immigration and Customs Enforcement Office of Detention and Removal, for identification and for deportation or removal.

[X] That upon request of the Immigration and Customs Enforcement Office of Detention and Removal, you appear for medical or psychiatric examination at the expense of the United States Government.

[X] That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Immigration and Customs Enforcement Office of Detention and Removal considers appropriate.

[X] That you do not travel outside ____New England____ for more than 48 hours without first having notified the Immigration
　　　　　　　　　　　　　　(Specify geographic limits, if any)
and Customs Enforcement Office of Detention and Removal office of the dates and places of such proposed travel.

[X] That you furnish written notice to Immigration and Customs Enforcement Office of Detention and Removal of any change of residence or employment within 48 hours of such change.

[X] That you report in person on the _December 13,2010 @11:40_ to this Service office at 10 New England Executive Park, Burlington, MA, unless you are granted written permission to report on another date.

[X] That you assist the Immigration and Customs Enforcement Office of Detention and Removal in obtaining any necessary travel documents.

[ ] Other: _____

[X]  See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____
(Signature of ICE Official)

_____▮▮▮▮▮ Deportation Officer

(Print name and title of INS official)

---

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the __english__ language) the contents of this order, a copy of which has been given to me.  I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮      X _Godfrey W. Nkojo_     09/09/2010___
(Signature of ICE Official serving order)        (Signature of alien)            Date

U.S. Department of Homeland Security
Immigration and Customs Enforcement

**Order of Supervision–Addendum**

File No: ███████

9-9-2010 Date:

Name: ███████████

[X] That you do not associate with known gang members, criminal associates, or be associated with any such activity.

[ ] That you register in a substance abuse program within 14 days and provide the ICE with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a program counselor.

[ ] That you register in a sexual deviancy counseling program within 14 days and provide the ICE with written proof of such within 30 days. You must provide the ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.

[ ] That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide the ICE with written proof of such within 10 days.

[X] That you do not commit any crimes while on this Order of Supervision.

[X] That you report to any parole or probation officer, if applicable, within 5 business days and provide the ICE with written verification of the officers name, address, telephone number, and reporting requirements.

[X] That you continue to follow any prescribed doctors orders whether medical or psychological including taking prescribed medications.

[X] That you provide the ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

[X] That you provide the ICE with written responses from the Embassy or Consulate regarding your request.

[X] Any violation of the above conditions will / may result in revocation of your employment authorization document.

[X] Any violation of these conditions may result in you being taken into ICE custody and you being criminally prosecuted.

[ X ] Appear at any future court hearings.

X _____

**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

Continuation Page for Form:  **I-220B**

| Alien's Name | File Number | Date |
|---|---|---|
| NKOJO, Godfrey | ████████ | 9/09/2010 |

X ████████

*Alien's Signature*

**Alien's Address**

████████████████████

M A   ████

**RIGHT INDEX PRINT**

Alien's Telephone Number (if any)

C  978 – ████████

C  781 – ████████        Grfvrno

PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| Report to the Burlington, MA on 12/13/2010 @11;40 | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Signature | Title |
|---|---|
| loov ████████ | D.O. |



# U.S. Immigration and Customs Enforcement

**U.S Department of Homeland Security**
Immigration and Customs Enforcement

**Order of Supervision**

File No: ▮▮▮▮▮▮
Date:  July 12, 2010

Name:  ALIGAWEESA, David Kenneth

On 03/29/10 you were ordered:

☐  Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
☒  Removed pursuant to proceedings commenced on or after April 1, 1997.

Because ICE has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒  That you appear in person at the time and place specified, upon each and every request of ICE, for identification and for deportation or removal.

☒  That you provide information under oath about your nationality, circumstances, habits, associations and activities and such other information as ICE considers appropriate.

☒  That you do not travel outside the New England area for more than 48 hours without first having notified this ICE office of the dates and places of such proposed travel.

☒  That you furnish written notice to this ICE office of any change of residence or employment within 48 hours of such change.

☒  That you report in person on  8/20/10  at  9AM  or as directed to ICE office at:  **10 New England Executive Park Burlington, MA  01803 781-359-7500**

☒  That you assist ICE in obtaining any necessary travel documents.

☒  Other:  That you obey all federal, state, and local laws or ordinances, and that you immediately notify ICE of any new arrests or convictions.

☒  See attached sheet containing other specified conditions (Continue on separate sheet if required.)

▮▮▮▮▮▮▮▮▮▮▮
_____
(Signature of ICE official)

▮▮▮▮▮▮  DO

## Alien's Acknowledgement of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the  English  language) the contents of this order, a copy of which has been given to me.  I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____        _____        _____
(Signature of ICE official serving order)                  (Signature of alien)                  (Date)

Form I-220B (NEW 5/99)

**U.S Department of Homeland Security**
Immigration and Customs Enforcement

Continuation Page for Form:

**I-220B**

| Alien's Name | File Number | Date |
|---|---|---|
| David Kenneth ALIGAWEESA | ███████ | JULY 12, 2010 |

_____
*Alien's Signature*

**Alien's Address**

_____
_____
_____

Alien's Telephone Number

**RIGHT INDEX PRINT**

PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| Signature | Title |
|---|---|
|  |  |

**U.S Department of Homeland Security**

Immigration and Customs Enforcement

**Order of Supervision-Addendum**

David Kenneth ALIGAWEESA

File ███████

Date: July 12, 2010

Name _____

[X  ] That you do not associate with known gang members, criminal associates, or be associated with  any such activity.

[X  ] That you do not commit any crimes while on this Order of Supervision.

[X  ] That you report to any parole or probation officer as required within 5 business days and provide the ICE with  written verification of the officers name, address, telephone number, and reporting requirements.

[X  ] That you provide the ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

[X  ] That you provide the ICE with written responses from the Embassy or Consulate regarding your request.

[X  ] Any violation of the above conditions will may result in revocation of your employment authorization document.

[X  ] Any violation of these conditions may result in you being taken into ICE custody and you being criminally prosecuted.

[  ] Other:

# Exhibit E

U.S. Department of Homeland Security          Subject ID :                    Record of Deportable/Inadmissible Alien

| Family Name (CAPS): | First | Middle | Sex | Hair | Eyes | Complexion |
|---|---|---|---|---|---|---|
| NKOJO, GODFREY WILLIAM | | | M | BLK | BRO | BLK |

| Country of Citizenship | Passport Number and Country of Issue | Height | Weight | Occupation |
|---|---|---|---|---|
| UGANDA | | 64 | 185 | |

| U.S. Address | | Scars and Marks |
|---|---|---|
| MASSACHUSETTS, | | |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | FBI Number | Single / Divorced / Married / Widower / Separated |
|---|---|---|---|

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| | NCA NA |

| Date of Birth | Age: 58 | Date of Action | Location Code | At Near | Date/Hour |
|---|---|---|---|---|---|
| | | 07/03/2018 | BOS/BOS | See I 831 | 07/02/2018 10.58 |

| City, Province (State) and Country of Birth | AR [X] | Form (Type and No.) Listed / Not Listed | By |
|---|---|---|---|
| UGANDA | | | TAHAR AHMED |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|

| Immigration Record | Criminal Record |
|---|---|
| POSITIVE - See Narrative | None Known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | None |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address if Known |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? [X] Yes [ ] No | Systems Checks | Charge Code Word(s) |
|---|---|---|---|
| None Claimed | | | See Narrative |

| Name and Address of (Last) Current U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

Left Index fingerprint          Right Index fingerprint

Subject Health Status
-----------------
The subject claims good health.

Current Criminal Charges
------------------------
07/02/2018 - 8 USC 1229a - ALIEN REMOVAL UNDER SECTION 212 AND 237


... (CONTINUED ON I-831)

| Alien has been advised of communication privileges | | Signature and Title of Immigration Officer |
|---|---|---|

| Distribution | Received (Subject and Documents) (Reports) (Clearances) |
|---|---|
| | Officer |
| | on   July 3, 2018 |
| | Disposition   Other |
| | Examined (Date) |

Form I-213 (Rev. 08/01/07)

U.S. Department of Homeland Security

Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| NKOJO, GODFREY WILLIAM | ████████████ | 07/03/2018 |

Current Administrative Charges
--------------------------------
07/02/2018 - 237a1B - NONIMMIGRANT OVERSTAY


Previous Criminal History
------------------------------------
Subject has no criminal history

At/Near
----------------------------------------
Burlington, ERO Office


Record of Deportable/Excludable Alien:
Godfrey William NKOJO, a citizen and national of Uganda, hence forth referred to as the
"Subject", appeared at the ERO Field Office in Burlington, MA on this date, July 02, 2018
per ICE Officers instruction.
The subject was taken into ICE custody by D.O. ████ and D.O. ████ without an incident.

Immigration History:

On June 29, 2018, the Board of Immigration Appeals dismissed the subject's MTR.  Subject is
a final order since 10/16/1997 who was on an order of supervision (OSUP). Subject was
instructed to provide a departure plan on 05/30/2018 and depart the US by 06/30/2018.
Subject provided an itinerary and reported on 06/30/2018 for departure. Upon his arrival at
Boston Logan Airport, he informed the officers that his ticket was never paid and therefore
it was cancelled. Subject was informed that he failed to depart the United States. As such,
he needed to report to the ERO office by 07/02/2018 with another airline ticket to depart by
07/02/18 or 07/03/2018. Subject appeared as he was instructed and did not provide another
itinerary as he was instructed. This failure of complying with ICE order resulted in his
OSUP revocation and as result he was taken into ICE custody to effectuate his removal.

Subject will be held in ICE custody pending his removal from the United States.


Other Identifying Numbers
--------------------------------------
ALIEN-████████
Driver's License (State and Country)-████████ (MASSACHUSETTS UNITED STATES)
   COMMENT: MA DL EXP ████████
 -
████████

| Signature | Title |
|---|---|
| ████████ | DO |

Form I-831 Continuation Page (Rev. 08-01-07)

| U.S. Department of Homeland Security | Subject ID : | | Record of Deportable/Inadmissible Alien | | | |
|---|---|---|---|---|---|---|

| Family Name (CAPS) | First | | Middle | Sex | Hair | Eyes | Complxn |
|---|---|---|---|---|---|---|---|
| ALIGAWEESA, DAVID KENNETH | | | | M | BLK | BRO | DRK |

| Country of Citizenship | Passport Number and Country of Issue | Height | Weight | Occupation |
|---|---|---|---|---|
| UGANDA | | 70 | 215 | Self-Employed |

| U.S. Address | Scars and Marks |
|---|---|
| MASSACHUSETTS, | |

| Date, Place, Time, and Manner of Last Entry | | Passenger Boarded at | F.B.I. Number | ☐ Single |
|---|---|---|---|---|
| | | | | ☐ Divorced  ☒ Married |
| | | | | ☐ Widower  ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| Kampala, UGANDA | L NA |

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| Age: 45 | | 05/17/2018 | BOS/BOS | Hudson, MA | 05/17/2018 10:16 |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| Kampala, UGANDA | | Kampala, UGANDA | See Narrative |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|

| Immigration Record | Criminal Record | Number and Nationality of Minor Children |
|---|---|---|
| NEGATIVE | See Narrative | None |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) |
|---|
| MASSACHUSETTS, UNITED STATES |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| NATIONALITY: UGANDA ADDRESS: , Kampala, UGANDA | NATIONALITY: UGANDA ADDRESS: , |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No  Systems Checks | Charge Code Words(s) |
|---|---|---|
| None Claimed | | See Narrative |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

Left Index fingerprint

Right Index fingerprint

OTHER ALIASES KNOWN BY:
----------------------------------------
ALIGAKIEESA, David

Subject Health Status
--------------------
The subject claims good health. Subject claims he has a sprained right shoulder.


... (CONTINUED ON I-831)

| Alien has been advised of communication privileges | Date/Initials | DEPORTATION OFFICER |
|---|---|---|
| | | (Signature and Title of Immigration Officer) |

| Distribution: | Received: (Subject and Documents)  (Report of Interview) |
|---|---|
| A-FILE | Officer: |
| EARM | on: May 17 2018 _____ (time) |
| | Disposition: Other |
| STATS | Examining Officer: |

Form I-213 (Rev. 08/01/07)

(                                    (

U.S. Department of Homeland Security            Continuation Page for Form  I-213 _____  __ __

| Alien's Name<br>ALIGAWEESA, DAVID KENNETH | File Number ▮▮▮▮ | Date<br>05/17/2018 |

Current Criminal Charges
------------------------
05/17/2018 - 8 USC 1251 - DEPORTATION ONLY


Previous Criminal History
--------------------------------------
No Crimes selected for inclusion on the I-213.
ARRESTING AGENTS
----------------------

▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮
▮

Record of Deportable/Excludable Alien:
SUBJECT:  ALIGAWEESA, David Kenneth AKA ALIGAKIEESA, David K

SYNOPSIS: ALIGAWEESA is a citizen and national of Uganda.  ALIGAWEESA is being processed as
an OSUP revocation, by the Burlington, MA Fugitive Operations Team (West) from a NCATC and
HQERO RIO referral.

A#: ▮▮▮▮▮▮▮
EVENT ID#: ▮▮▮▮▮▮▮▮▮▮▮
FINS#: ▮▮▮▮▮▮
DOB: ▮▮▮▮▮▮
FBI#: ▮▮▮▮▮▮
SID#: ▮▮▮▮▮▮
PCF#: ▮▮▮▮▮
IAR#: ▮▮▮▮▮
SS#: ▮▮▮▮▮
NCATC#: ▮▮▮▮▮▮▮

On 05/17/2018 at approximately 07:00 a.m., DO ▮▮▮▮, DO ▮▮▮▮, DO ▮▮▮▮ and DO ▮▮▮▮
of Fugitive Operations Team (West) approached the subject on the street in front of his
apartment building of ▮▮▮▮▮▮▮▮▮▮▮▮ MA ▮▮▮.  DO ▮▮▮▮ identified
officers as officers with Immigration and Customs Enforcement with "POLICE" and "ICE" badges
lowly visible on our top layer of clothing.  ALIGAWEESA was informed at this time that he
has a warrant of deportation and that he was under arrest by ICE.  The subject was arrested
without incident.  The subject's wife ▮▮▮▮▮▮▮▮ was called to come down and be with
two of their children.  DO ▮▮▮▮ spoke with the subject's wife and explained what was
going on.  The subject was handcuffed, double locked and belly chained and placed in the
back of the car, after his wife and children had departed the area.  A valid MA driver's
license was obtained as identity confirmation from the subject.  The subject was brought to
the ICE Burlington, MA office for processing.

IMMIGRATION HISTORY:

The subject claims to be a citizen and national of Uganda. The subject claims to have been
born in Kampala, Uganda on ▮▮▮▮▮▮▮▮  The subject is a citizen and national of Uganda,
who entered the United States on a B-1 Visitor visa on September 30, 2000 at New York, NY.
The subject was authorized to remain in the United States for a temporary period not to
exceed December 29, 2000.  The subject overstayed his visa.  The subject is married to

| Signature ▮▮▮▮▮▮▮ | Title<br><br>DEPORTATION OFFICER |

U.S. Department of Homeland Security                    Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| ALIGAWEESA, DAVID KENNETH | █████████ | 05/17/2018 |

████████████ who is a naturalized USC with A# ████████ The subject has four USC
children (see bottom of narrative). The subject claims that his father ████████ and
mother ████████ are both citizens and nationals of Uganda who are currently living in
Uganda. The subject claims that both his parents have no immigration status in the United
States and only that his father visited the United States one time, a while ago. Subject
claims that he does not know any other information about his parents.

████████████████████████████████████████████████████████████████

On October 3, 2003, you fraudulently married ████████████ in Toledo, Ohio for the purpose
of gaining an immigration benefit.

On October 10, 2003, USCIS received an Application to Register Permanent Residence or Adjust
Status, Form I-485. At the same time, USCIS received a Petition for Alien Relative, Form I-
130, filed by your wife ████████

████████████████████████████████████████████████████████████████

On January 29, 2004, USCIS served you a Notice to Appear, Form I-862 by regular mail,
charging you as being inadmissible pursuant to a violation of Section 237 (a) (1) (B) of the
Immigration and Nationality Act, as amended. USCIS ordered you to appear at the JFK Federal
Building in Boston, MA on March 30, 2004.

On September 9, 2005, the Immigration Judge ordered Voluntary Departure on your case and
ordered you to depart the United Sates on or before January 9, 2006. You did not depart the
United States as ordered.

On December 16, 2009, ICE arrested and detained you for removal.

On February 3, 2010, the Immigration Judge received a Motion to Reopen that you filed.

On February 8, 2010, the Immigration Judge granted you a Stay of Removal.

On March 29, 2010, the Immigration Judge denied your Motion to Reopen and lifted your Stay
of Removal dated February 8, 2010.

On April 27, 2010, the Board of Immigration Appeals received your motion of Appeal of
Immigration Judge Motion to Reopen dated March 29, 2010.

On August 19, 2010, the Board of Immigration Appeals dismissed your motion of Appeal of
Immigration Judge Motion to Reopen.

On July 12, 2010, ICE served your Post Order Custody Review.

On July 14, 2010, ICE served you with a release notification and released you on Order of
Supervision.

ICE scheduled you to report into the ICE office on the following dates and you complied:
08/20/2010, 02/10/2011, 06/06/2011, 01/06/2012, 03/21/2012, 09/19/2012, 03/12/2013,
03/12/2014, 08/13/2014, 09/17/2014, 11/17/2014, 04/27/2015, 06/30/2015, 08/31/2015,
02/29/2016, 10/24/2016 (on a G-56 request).
ICE scheduled to report into the ICE office on the following dates and you failed to do so
as required: 01/06/2015, 08/30/2016, 10/24/2017.

| Signature | | Title |
|---|---|---|
| ██████████ | | DEPORTATION OFFICER |

3   of   5   Pages

U.S. Department of Homeland Security

Continuation Page for Form ___ I-213 ___

| Alien's Name | File Number | Date |
|---|---|---|
| ALIGAWEESA, DAVID KENNETH | ███████ | 05/17/2018 |

On September 3, 2013, your spouse ███████████ (the petitioner) filed a Petition for Alien Relative, Form I-130 on behalf of David ALIGAWEESA (the beneficiary).

On September 4, 2013, USCIS received an Application to Register Permanent Residence or Adjust Status, Form I-485, that you filed.

On January 23, 2014, USCIS administratively closed your Application to Register Permanent Residence or Adjust Status, Form I-485. USCIS determined that they did not have jurisdiction to adjudicate your Form I-485.

On March 10, 2014, USCIS denied your Petition for Alien Relative, Form I-130.

On May 6, 2014, USCIS received an appeal, appealing the denial of your Petition for Alien Relative, Form I-130, filed by your attorney.

On July 7, 2014, USCIS denied your attorney's appeal on the denial of your Petition for Alien Relative, Form I-130.

On July 16, 2014, the BIA received an appeal, appealing the decision from USCIS denying the visa petition dated March 10, 2014, that your attorney filed.

On December 15, 2014, the BIA dismissed your appeal.

On May 17, 2018, ICE arrested you outside your apartment building at ████████████ ████████MA ███

The subject has NO pending applications and claims to have NEVER applied for any benefits with either Immigration & Customs Enforcement (ICE) or United States Citizenship and Immigration Services (USCIS).

No Further Immigration History.

CRIMINAL HISTORY:

On July 16, 2007, the Newton District Court, at Newton, MA arraigned you for the offenses of Operating After Suspend Reg & Compulsory Insurance Violation. Disposition: On September 17, 2008, the Newton District Court dismissed your charges.

On September 15, 2008, the Lowell District Court, at Lowell, MA arraigned you for the offenses of Kidnapping: Minor by Relative & Assault and Battery: Domestic. Disposition: On May 26, 2009 & May 17, 2010, respectively, the Lowell District Court dismissed your charges.

On April 16, 2010, the Lowell District Court notified ICE that there was an outstanding warrant within their district.

No Further Criminal History.

HEALTH AND HUMANITARIAN:

SUBJECT claims NO service in the US Military.
SUBJECT claims he was drafted into the Ugandan Military, but ran away from entering.
SUBJECT claims four USC children. The subjects two youngest children (███ years old)

| Signature | Title |
|---|---|
| ███████████ | DEPORTATION OFFICER |

4 of 5 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security

Continuation Page for Form __I-213__

| Alien's Name | File Number | Date |
|---|---|---|
| ALIGAWEESA, DAVID KENNETH | ███████ | 05/17/2018 |

were birthed by his current wife ███████ and reside with both parents.  The subjects two
oldest children (███████ years old) were birthed but the subject's ex wife ███████
The subject and his current wife ███████ share custody with the children's birth mother
███████

SUBJECT was offered a free 3-minute telephone call and called his wife ███████ @
857-███████   The subject was also allowed to call his friend ███████ @ 617-███████
so he could reschedule some of his photography appointments.
SUBJECT was advised of his right to contact his consulate and was provided with the Ugandan
New York City, NY and Washington D.C. telephone numbers and addresses.
SUBJECT claims to have NO serious medical problems and NO flu like symptoms.  The subject
claims that he has a sprained right shoulder and is takes Ibuprofen the pain.
SUBJECT claims NO gang affiliation.
SUBJECT entered ICE custody with $0.25 USD, black cell phone, black belt and a grey jacket.
I-77#:███████

RECOMMENDATION:

Subject will be detained in the custody of ICE while awaiting removal from the United
States.

Other Identifying Numbers
----------------------------------------
ALIEN-███████
BOP-███████
  COMMENT: MA PCF#
Driver's License (State and Country)-███████ (MASSACHUSETTS UNITED STATES)
National Criminal Analysis and Targeting Center-███████

| Signature | Title |
|---|---|
| ███████ | DEPORTATION OFFICER |

Form I-831 Continuation Page (Rev. 08/01/07)

**Exhibit F**

*Enforcement and Removal Operations*
*Boston Field Office*

**U.S. Department of Homeland Security**
1000 District Avenue
Burlington, MA 01803



U.S. Immigration
and Customs
Enforcement

A <span style="background:black">████████</span>

Godfrey William Nkojo
C/o Immigration and Customs Enforcement
1000 District Avenue
Burlington, MA 01803

## Notice of Revocation of Release

This letter is to inform you that your case has been reviewed, and it has been determined that you will be kept in the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview on account of changed circumstances in your case. ICE has determined that there is a significant likelihood of removal in the reasonably foreseeable future in your case.

On October 30, 1991, the Executive Office for Immigration Review (EOIR) ordered you removed in absentia from the United States, under Section 237(a)(1)(B) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted.

On October 16, 1997, the Board of Immigration Appeals (BIA) dismissed your appeal and affirmed the EOIR decision.

On June 29, 2018, the BIA denied your motion to reopen your case.

ICE is in possession of the necessary travel document to effectuate your removal.

Based on the above, and pursuant to 8 CFR 241.13, you are to remain in ICE custody at this time. You will promptly be afforded an informal interview at which you will be given an opportunity to respond to the reasons for the revocation. If you are not released after the informal interview, you will receive notification of a new review, which will occur within approximately three months of the service date of this notice.

You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with the ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

    **(a)**    I ___ █████████ Deportation Officer, ████████████████

certify that I served __Godfrey William Nkojo_____ with a copy of
                                        Name of detainee

this document at  ICE/ERO Burlingotn, MA__ on July 02, 2018_, at 11:00 am_.
                        Institution                    Date             Time

    **(b)**    I certify that I served the custodian _____N/A_____,
                                                 Name of Official

_____, at _____, on
           Title                                Institution

_____ with a copy of this document.
      Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

      I _____, _____, certify
                 Name of ICE Officer                   Title

that I served _____and the custodian _____,
                  Name of detainee                      Name of Official

with a copy of this document by certified mail at _____ on _____.
                                       Institution           Date

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

*Enforcement and Removal Operations*
*Boston Field Office*

**U.S. Department of Homeland Security**
1000 District Avenue
Burlington, MA 01803



U.S. Immigration
and Customs
Enforcement

David Kenneth ALIGAWEESA



A ▓▓▓▓▓▓▓

## Notice of Revocation of Release

This letter is to inform you that your case has been reviewed, and it has been determined that you will be kept in the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview on account of changed circumstances in your case. ICE has determined that there is a significant likelihood of removal in the reasonably foreseeable future in your case.

You are a citizen and national of Uganda, who entered into the United States on a B-1 Visitor visa on September 30, 2000 at New York, NY. You were authorized to remain in the United States for a temporary period not to exceed December 29, 2000.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

On October 3, 2003, you fraudulently married Angela Mallet in Toledo, Ohio for the purpose of gaining an immigration benefit.

On October 10, 2003, USCIS received an *Application to Register Permanent Residence or Adjust Status, Form I-485*. At the same time, USCIS received a *Petition for Alien Relative, Form I-130*, filed by your wife Ms. Mallet.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

On January 29, 2004, USCIS served you a *Notice to Appear, Form I-862* by regular mail, charging you as being inadmissible pursuant to a violation of Section 237 (a) (1) (B) of the Immigration and Nationality Act, as amended. USCIS ordered you to appear at the JFK Federal Building in Boston, MA on March 30, 2004.

On September 9, 2005, the Immigration Judge ordered Voluntary Departure on your case and ordered you to depart the United Sates on or before January 9, 2006. You did not depart the United States as ordered.

On July 16, 2007, the Newton District Court, at Newton, MA arraigned you for the offenses of *Operating After Suspend Reg & Compulsory Insurance Violation.* Disposition: On September 17, 2008, the Newton District Court dismissed your charges.

On September 15, 2008, the Lowell District Court, at Lowell, MA arraigned you for the offenses of *Kidnapping: Minor by Relative & Assault and Battery: Domestic.* Disposition: On May 26, 2009 & May 17, 2010, respectively, the Lowell District Court dismissed your charges.

On December 16, 2009, ICE arrested and detained you for removal.

On February 3, 2010, the Immigration Judge received a *Motion to Reopen* that you filed.

On February 8, 2010, the Immigration Judge granted you a *Stay of Removal.*

On March 29, 2010, the Immigration Judge denied your *Motion to Reopen* and lifted your *Stay of Removal* dated February 8, 2010.

On April 16, 2010, the Lowell District Court notified ICE that there was an outstanding warrant within their district.

On April 27, 2010, the Board of Immigration Appeals received your motion of *Appeal of Immigration Judge Motion to Reopen* dated March 29, 2010.

On August 19, 2010, the Board of Immigration Appeals dismissed your motion of *Appeal of Immigration Judge Motion to Reopen.*

On July 12, 2010, ICE served your Post Order Custody Review.

On July 14, 2010, ICE served you with a release notification and released you on Order of Supervision.

ICE scheduled you to report into the ICE office on the following dates and you complied: 08/20/2010, 02/10/2011, 06/06/2011, 01/06/2012, 03/21/2012, 09/19/2012, 03/12/2013, 03/12/2014, 08/13/2014, 09/17/2014, 11/17/2014, 04/27/2015, 06/30/2015, 08/31/2015, 02/29/2016, 10/24/2016 (on a G-56 request).

ICE scheduled to report into the ICE office on the following dates and you failed to do so as required: 01/06/2015, 08/30/2016, 10/24/2017.

On September 3, 2013, your spouse                          petitioner) filed a *Petition for Alien Relative, Form I-130* on behalf of David ALIGAWEESA (the beneficiary).

On September 4, 2013, USCIS received an *Application to Register Permanent Residence or Adjust Status, Form I-485,* that you filed.

**Notice of Revocation of Release**
David Kenneth ALIGAWEESA, A█████████                                    Page 3 of 4

On January 23, 2014, USCIS administratively closed your *Application to Register Permanent Residence or Adjust Status, Form I-485.* USCIS determined that they did not have jurisdiction to adjudicate your Form I-485.

On March 10, 2014, USCIS denied your *Petition for Alien Relative, Form I-130.*

On May 6, 2014, USCIS received an appeal, appealing the denial of your *Petition for Alien Relative, Form I-130,* filed by your attorney.

On July 7, 2014, USCIS denied your attorney's appeal on the denial of your *Petition for Alien Relative, Form I-130.*

On July 16, 2014, the BIA received an appeal, appealing the decision from USCIS denying the visa petition dated March 10, 2014, that your attorney filed.

On December 15, 2014, the BIA dismissed your appeal.

On May 17, 2018, ICE arrested you outside your apartment building at ████████████████
█████████ MA █████

Based on the above, and pursuant to 8 CFR 241.13, you are to remain in ICE custody at this time. You will promptly be afforded an informal interview at which you will be given an opportunity to respond to the reasons for the revocation. If you are not released after the informal interview, you will receive notification of a new review, which will occur within approximately three months of the date of this notice.

You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal.

You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

Thomas P. Brophy
Acting Field Office Director

Date  5/21/18

**Notice of Revocation of Release**
David Kenneth ALIGAWEESA, A ████████                               Page **4** of **4**

## PROOF OF SERVICE

(1) **Personal Service (Officer to complete both (a) and (b) below.)**

(a) I ████████████ , Deportation Officer,
        ICE Officer                Title

certify that I served <u>David Kenneth ALIGAWEESA</u> with a copy of

this document at <u>ERO Burlington, MA</u> on 05/25/2018, at 10:15 PM.
                              Institution              Date           Time

(b)

Detainee Signature: ████████████           Date: 05/25/2018

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

# Exhibit G

Event No: ▮▮▮▮▮▮▮

U.S. Department of Homeland Security          MEMORANDUM OF INVESTIGATION

| File Number | Title: | | | Control Office |
|---|---|---|---|---|
| ▮▮▮▮▮ | GODFREY WILLIAM NKOJO  X ▮▮▮▮▮ 7/6/18 | | | BOS/BOS |

Subject was transported to the Burlington ICE ERO office
in Burlington, MA to be served form I-229, I-229(a),
Notice of Custody Review (NOR) and to conduct an
informal interview for an opportunity to provide ICE with
any additional equities the subject may have.

NKOJO provided written response to equity questions on
the NOR continuation page. Deportation Officer ▮▮▮▮▮
asked if the subject had any additional information he
wanted to provide about his equities or anything that
may best assist a future custody determination. The
subject divulged additional information and it was
recorded on the equities sheet of the NOR.
The subject informed DO ▮▮▮▮ that he wanted copies
of all the forms sent via mail to attorney Jeanie Kane
at 6 Beacon St, Suite 400, Boston, MA 02108 rather than
the old attorney on record Mark T. Kenmore. The subject
was provided copies of the I-229, I-229a and NOR to
give to his lawyer if so desired as he retains responsibility
to inform his legal representative as well.

| Investigator | | Date |
|---|---|---|
| Deportation Officer ▮▮▮▮▮ | | 7/6/18 |

Form G-166C  (08/01/07)                    Page 1 of 1

Event No: ███████████

U.S. Department of Homeland Security          MEMORANDUM OF INVESTIGATION

| File Number | Title: | | Control Office |
|---|---|---|---|
| ██████████ | DAVID KENNETH ALIGAWEESA | | BOS/BOS |

Memorandum of Investigation
----------------------------

On July 5, 2018, an informal interview was conducted with David Aligaweesa at the Burlington office. During his interview, subject stated that he wanted to be released from ICE custody. Subject stated that he should be released from ICE custody because he has four children that were born in the United States (US) and he would like the opportunity to raise his children. He also stated that prior to being picked up by ICE, he was working and paying taxes. He further indicated that his release should be considered by ICE because his wife is a US citizen.

| Investigator | Date |
|---|---|
| ██████████ | 07/05/2018 |

Form G-166C  (08/01/07)                                         Page 1 of 1

**Exhibit H**

U.S. Department of Homeland Security      Subject ID :  ▮▮▮▮▮      Record of Deportable/Inadmissible Alien

| | | | | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|---|
| Family Name (CAPS)    First    Middle | | | | | M | BLK | BRO | DRK |
| ALEXANDRE-MATIAS,  CLEITON | | | | | | | | |
| Country of Citizenship    Passport Number and Country of Issue | | | | | Height | Weight | Occupation | |
| BRAZIL | ▮▮▮▮ | | | | 64 | 140 | | |
| U.S. Address | | | | | Scars and Marks | | | |
| Date, Place, Time, and Manner of Last Entry    Passenger Boarded at | | | | | F.B.I. Number | | ☐ Single | |
| | | | | | | | ☐ Divorced  ☐ Married | |
| 03/22/2005, HID | | | | | | | ☐ Widower  ☐ Separated | |
| Number, Street, City, Province (State) and Country of Permanent Residence | | | | | Method of Location/Apprehension | | | |
| | | | | | CLC  NA | | | |
| Date of Birth    Age: 31    Date of Action    Location Code | | | | | At/Near | | Date/Hour | |
| | | 08/07/2018 | BOS/BOS | | | | 03/19/2018 12:53 | |
| City, Province (State) and Country of Birth    AR ☒    Form  (Type and No.)  Lifted ☐  Not Lifted ☐ | | | | | By | | | |
| BRAZIL | | | | | See Narrative | | | |
| NIV Issuing Post and NIV Number    Social Security Account Name | | | | | Status at Entry | | Status When Found | |
| Date Visa Issued    Social Security Number | | | | | Length of Time Illegally in U.S. | | | |
| Immigration Record    Criminal Record | | | | | | | | |
| POSITIVE - See Narrative    See Narrative | | | | | | | | |
| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | | | | | Number and Nationality of Minor Children | | | |
| | | | | | None | | | |
| Father's Name, Nationality, and Address, if Known | | | | Mother's Present and Maiden Names, Nationality, and Address, if Known | | | | |
| Monies Due/Property in U.S. Not in Immediate Possession    Fingerprinted?  ☒ Yes  ☐ No    Systems Checks    Charge Code Word(s) | | | | | | | | |
| None Claimed | | | | | See Narrative | | | |
| Name and Address of (Last/Current) U.S. Employer    Type of Employment    Salary    Employed from/to | | | | | | | | |
| | | | | Hr. | | | | |

Narrative (Outline particulars under which alien was located/apprehended.  Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation.  Indicate means and route of travel to interior.)

FIN: ▮▮▮▮      Left Index fingerprint      Right Index fingerprint



Subject Health Status
-----------------
The subject claims good health.


Current Criminal Charges
------------------------
03/19/2018 - 8 USC 1251 - DEPORTATION ONLY


...(CONTINUED ON I-831)


                                    I
                                    Deportation Officer
Alien has been advised of communication privileges   8/7/18 ▮▮   (Date/Initials)    (Signature and Title of Immigration Officer)

| Distribution | Received  (Subject and Documents)   (Report of Interview) |
|---|---|
| | Officer |
| | on   August 7, 2018    (time) |
| | Disposition   Bag and Baggage |
| | Examining Officer  ▮▮▮▮ |

Form I-213 (Rev. 08/01/07)

U.S. Department of Homeland Security       Continuation Page for Form ___I-213___

| Alien's Name <br> **ALEXANDRE-MATIAS, CLEITON** | File Number <br> ███████████ | Date <br> 08/07/2018 |
|---|---|---|

**Previous Criminal History**
----------------------------------------
No Crimes selected for inclusion on the I-213.
**ARRESTING AGENTS**
------------------------

███████████

**Record of Deportable/Excludable Alien:**
**ENCOUNTER:**
On March 22, 20005 Border Patrol Agents ████████ and ████████████ were conducting immigration checks at the Valley International Airport in Harlingen, Texas. Agent █████ was positioned at the security entrance for TSA, when subjects Cleiton ALEXANDRE-Matias (███████████ and his girlfriend ████████████████ presented their boarding passes and Brazilian Passports for verification to TSA screeners. After the screener allowed them to proceed, Agents █████ and █████████ questioned them as to their citizenship and immigration status. Subjects presented their passports to Agents ████ and ████████ Agents reviewed the passports and asked the two subjects if they had an Immigration Visa and I-94 to go along with Brazilian Passport. The subjects freely stated that was all the documentation they had.

**ARREST INFO:**
Subject Cleiton ALEXANDRE-Matias (███████████ was arrested and taken to the Harlingen Border Patrol Sub-station for further processing. The subject was entered in the IAFIS system in the search and enroll mode. AFIS revealed the subject had no prior apprehensions without any lookouts. Subject was booked under TID # ██████████████

**ENTRY INTO THE US:**
Subject claim to have entered into the US near the Hidalgo, Texas POE on 03/21/05 by swimming across the Rio Grande River. Subject was then not inspected admitted or paroled into the US by an Immigration Officer.

**TRAVEL DATA:**
Subject states that he departed his home country of Brazil on March 16, 2005. He traveled by airplane and arrived in Mexico City on March 18, 2005. He then traveled by bus and arrived in Reynosa, Tamaulipas on March 21, 2005. That same day Subject waded the Rio Grande River into the U.S. illegally near Hidalgo, Texas with one other subject.

**RECORDS CHECKS:**
Subject had no prior Immigration record and no US criminal record.

**DISPOSITION:**
Subject was provided with a list of free legal services and necessary forms to affect The NTA. DHS certified interpreter ████████████████ assisted in the translation of the NTA paperwork. SIEA ████ denied camp space at PISPC. His court date was set for 10/13/2005 at 201 East Jackson St. Harlingen, Texas 78550 at 9:30 A.M. Subject will be traveling to ███ ████████████████ Everett, MA. 02149. Telephone Number: (857) ██████ subject is to reside with his cousin, ███████████.

**NOTE:**
Subject was advised of the EOIR-33 requirements to provide a valid address or change of address and telephone within 5 days of acquiring or moving so that notification of hearing or other correspondence may be mailed to the address provided by him. Failure to comply with this requirement or report for his upcoming immigration hearing at 201 East Jackson

| Signature <br> ███████████ | Title <br><br> Deportation Officer |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    Continuation Page for Form ___I-213___

| Alien's Name | File Number | Date |
|---|---|---|
| **ALEXANDRE-MATIAS, CLEITON** | ███████ | 08/07/2018 |

Street Harlingen, Texas on 10/13/2005 at 9:30 A.M. may result in his deportation in
absentia. Subject stated that he understood everything that was explained to him.

Other Identifying Numbers
----------------------------------
ALIEN-███████

| Signature | Title |
|---|---|
| ███████ | Deportation Officer |

Form I-831 Continuation Page (Rev. 08/01/07)

Event No: BOS1803000097

**U.S. Department of Homeland Security**          **MEMORANDUM OF INVESTIGATION**

| File Number | Title: CLEITON ALEXANDRE-MATIAS | Control Office BOS/BOS |
|---|---|---|

**Memorandum of Investigation**
----------------------------
Fug Ops Duty call from the Massachusetts State Police( Millbury Barracks) on March 16, 2018. WD arrested for driving w/out a license. SDDO ▆▆▆▆ notified MSP will not hold for more than 1 hour. Drive time more than 1 hour. Fug Ops/ SC will monitor. Subject expected in Milford District Court on March 19, 2018.

| Investigator | Date 03/17/2018 |
|---|---|

Event No: ███████████

U.S. Department of Homeland Security        **MEMORANDUM OF INVESTIGATION**

| File Number | Title: CLEITON ALEXANDRE-MATIAS | Control Office |
|---|---|---|
| ███████████ | | BOS/BOS |

**Memorandum of Investigation**
---------------------------

Subject was taken into custody on 3/19/2018 at Milford District Court in Milford, MA after a Secure Communites hit resulting from an arrest for unlicensed operation of a motor vehicle. Officers ███ ███████ and ████████ approached the subject and introduced themselves as Immigration and Customs Enforcment Officers and took him into custody. The subject was transported to the ICE office in Burlington, MA, and processed as a bag and baggage as the subject was ordered removed by an immigration judge on October 13, 2005, and there is no record of him ever leaving the county after that order.

| Investigator | Date |
|---|---|
| ███████████ | 03/19/2018 |

Form G-166C  (08/01/07)                                      Page 1  of 1

DS3 404


**U.S. Immigration
and Customs
Enforcement**

*Office of Detention and Removal Operations*

**U.S. Department of Homeland Security**
10 New England Executive Park
Burlington, MA 01803

**Name: Alexandrea Matias, Cleiton**
**A#:** ▮▮▮▮▮▮

C/O: Plymouth County HOC; 26 Long Pond Rd, Plymouth, MA 02360
## Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Naturalization Service (INS) and you are required to cooperate with the INS in effecting your removal from the United States. If the INS has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering INS custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in INS custody, the INS Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you will not pose a danger to the community and will not present a flight risk.

Your custody status will be reviewed on or about:    **6/17/2018**    The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel documents;
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The district director will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

> **U.S. Department of Homeland Security**
> Bureau of Immigration and Customs Enforcement
> Attn: POCR Unit
> 10 New England Executive Park
> Burlington, MA 01803

### METHOD OF SERVICE

I Certify that this form was provided to the alien by:          (Hand)          (Institution Mail)
( ) CC: Attorney of Record or Designated Representative
( ) CC: A-File

▮▮▮▮▮▮▮▮          ▮▮▮▮▮▮▮▮          04-27-18
Signature of Officer          Print Name of Officer          Date

53

| U.S. Department of Homeland Security | | I-229 (a) |
| Immigration and Customs Enforcement | | Warning for Failure to Depart |

| Name: | District Office: | File #: |
|---|---|---|
| **Alexandrea Matias, Cleiton** | NEW ENGLAND FIELD OFFICE | ▮▮▮▮▮ |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237 (a) who:

   (A)  willfully fails or refuses to depart from the United States within a period of 90 days from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

   (B)  willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

   (C)  connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

   (D)  willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237 (a)), or both.

Nothing in this section shall make a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action Immigration Custom Enforcement may take to obtain a travel document for your departure or to remove you will NOT relieve you off the liability for compliance with the provisions of law referred to in the first paragraph above.

Section 241 (a) (1) (C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: 212(a)(6)(A)(i); 8 USC 1229a |
|---|---|
| **10/13/2005** | |

Record of Service (check method used)
Record of Personal Service

| Served by: (Print Name and Title of Officer) ▮▮▮▮▮ DEPORTATION OFFICER | | Date: 04-27-18 |
|---|---|---|
| Officer's Signature: ▮▮▮▮▮ | Location of Service: NEW ENGLAND FIELD OFFICE | |
| Served on : (Alien's Signature) x REFUSED TO SIGN | | Date: 04-27-18 |

| | Warning administered in Court (copy of order attached) | Record of Personal Service (Cont.) |
|---|---|---|
| | Certified Mail Service | Fingerprint of Alien (Specify finger used) |
| | | Right Index Finger |
| Attach certified mail reciepts here. | | |

4/26/2018

U.S. Department of Homeland Security
Immigration and Customs Enforcement

I-229
Assist in Removal

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within thirty days of receiving this form, in order to comply with your obligation to assist in obtaining a travel document:

Mandatory requirements will be checked off by the ICE Officers depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply may result in the extension of the removal and subject you to further detenti

- Submit passports (current and expired) to ICE. If you have a copy of your passport, you are to submit.

- Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

- Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

- Submit to ICE birth certificates, national identification cards, and any other document issued by foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering United States.

- Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

- Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

- You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from United States.

- Provide ICE with written copies of request to embassies or consulates requesting issuance of a travel documents.

- Provide INS with written copies of requests to embassies or consulates requesting issuance of a travel document.

- Provide INS with written copies of responses from embassies or consulates regarding your requests.

- Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.
- Other:

| X REFUSED TO SIGN | | Alexandrea Matias, Cleiton |
|---|---|---|
| Alien's Signature | A Number | Printed Name |
| | 04-27-18 | BOSTON FIELD OFFICE |
| Served by Officer's Name | Date | Location |

To be served with I-229 (a) no later than 30 days after the final order

4/26/2018



_...orcement and Removal Operations_
_Boston Field Office_
U.S. Department of Homeland Security
1000 District Avenue
Burlington, MA 01803



## U.S. Immigration and Customs Enforcement

Alexandre Matias, Cleiton
C/o Suffolk House of Corrections
20 Bradston Street
Boston, MA 02118

A ███████████

### Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined as a matter of administrative discretion that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE reviewing officials.

You are a citizen of Brazil and national of Brazil, who entered the United States at Hidalgo, TX, on March 21, 2005, without being admitted or paroled by an immigration officer.

You are subject to a Final Order of Removal issued on October 13, 2005.

Upon review of the facts of your case, including your pending Traffic Offense, I have determined that you would pose as a flight risk if you were to be released from ICE custody.

Based upon the above in the exercise of administrative discretion, you will remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been removed or released from custody by September 15, 2018, jurisdiction of the custody decision in your case will be transferred to the Headquarters Removal and International Operations Unit (HQ RIO), Potomac Center North, 500 12th Street SW, Washington, DC 20536. HQ RIO will make a final determination regarding your custody.

DFOD #658

_____
Rebecca J. Adducci, Interim Field Office Director

6/12/18
Date

Decision of Post Order Custody Review – Detain
Alexandre Matias, Cleiton ███████
Page 2

---

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _____████████_____, __Deportation Officer__,
Name of ICE Officer                                    Title

certify that I served __Cleiton Alexandre–Matias_____ with a copy of
Name of detainee

this document at __Suffolk County ItCC__ on __06/14/18__, at __2:10 pm__.
Institution                           Date               Time

(b)    I certify that I served the custodian _____,
Name of Official

_____, at _____, on
Title                                      Institution

_____ with a copy of this document.
Date

## OR

**(2)    Service by certified mail, return receipt. (Attach copy of receipt)**

I _____, _____, certify
Name of ICE Officer                                    Title

that I served _____and the custodian _____,
Name of detainee                                   Name of Official

with a copy of this document by certified mail at _____ on _____.
Institution                           Date

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

# POST ORDER CUSTODY REVIEW WORKSHEET

## Detainee Identification

**A-Number:** ███

**Last Name:** Alexandre Matias     **First Name:** Cleiton

**AKA(s):**

**Date of Birth:** ███

**Review Date:** 06/01/2018     **COB:** Brazil     **COC:** Brazil

**Date of Last Arrival:** 03/21/2005     **Place of Arrival:** Hidalgo, TX

**Status at Last Entry:** PWA     **Most Recent Date Entered into ICE Custody:** 03/19/2018

**Entered ICE Custody from:** ☐ Local  ☐ State or  ☐ Federal Institution  ☑ Other: Border Patrol

**Deportation Case Officer Name:** ███     **Contact Phone #:** 781-███

**ICE Detention Location:** Bristol H.O.C     **DCO:** BOS

## Deportation/Exclusion/Removal Proceedings

**List all Applicable Charges:** ☐ Section 237 (a)
☑ Section 212 (a) (6)(A)(i)
☐ Section 241 (a)

☑ Under <u>Final Order?</u>   Final Order Date   Issued by: ☑ IJ  ☐ BIA  ☐ Other:
10/13/2005
☑ Appeal Waived/Appeal Time Elapsed

Habeas Filed: ☑ Yes  ☐ No   Date Filed:   Location filed
05/22/2018        MA District Court
Stay Issued in Case: ☐ Yes  ☑ No   Why:   Issued by:
48 notice requirement of transfer/removal from AUSA to District Court

## Legal Representative / Attorney

G-28 Filed? ☑ Yes ☐ No     Notification of Review Made? ☑ Yes ☐ No

Notification Date: 06/01/2018     Notified by Deportation Officer: DO Stewart

Name of Detainee's Representative /Attorney:     Mailing Address (Street, City, State, Zip Code):
**Eloa Celedon**     **277 Main Street, Suite 304, Marlborough, MA 01752**
Telephone Number: 978-███     Alien interviewed:     ☐ Yes ☑ No

Please attach any additional detainee/ attorney correspondence if pertinent

(Rev. Feb 2016)

## Immigration History

Prior ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.)

Subject claims to have entered into the US near the Hidalgo, Texas POE on 03/21/2005 by swimming across the Rio Grande River. Subject was then not inspected admitted or paroled into the US by an Immigration Officer.

03/22/2005 - Subject was encountered by Border Patrol at the Valley International Airport in Harlingen, TX without visa documentation.
03/22/2005 - I-862 charging document served
10/13/2005 - Warrant of Deportation - Issued
10/13/2005 - Immigration Judge ordered subject removed in absentia
11/04/2005 - Notice to Surrender (Demand) Served (I-66)
03/30/2018 - Alien filed Motion to Reopen
04/03/2018 - ICE requested a Travel Document from Brazil
04/12/2018 - Immigration Judge denied Motion to Reopen
04/26/2018 - Alien filed an appeal of the IJ's decision
05/22/2018 - Alien filed a Habeas Petition in MA District Court requiring 48 hour notice of transfer/removal to District Court
06/04/2018 - Travel packet resubmitted to travel for scheduling of removal

## Criminal History

List convictions, sentence, date, court, and include a summary of other NCIC arrests, etc.

**NCIC Checks:**          ☑ Criminal History          ☐ No record Found

**National Security Screening cleared**          ☑ Yes ☐ No

### (DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQ POCRU)

**ICE THREAT LEVELS:**
**Level 1 offenders**: aliens convicted of "aggravated felonies," as defined in § 101 (a)(43) of Immigration and Nationality Act, or two or more crimes each punishable by more than one year, commonly referred to as "felonies";
**Level 2 offenders**: aliens convicted of any felony or three or more crimes each punishable by less than one year, commonly referred to as "misdemeanors"; and
**Level 3 offenders**: aliens convicted of crimes punishable by less than one year

| Arrest Date | Offense Charged | Disposition Date | Offense Convicted Of | Sentence | Priority Level |
|---|---|---|---|---|---|
| 03/19/2018 | Traffic Offense | Pending | Pending | N/A | N/A |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

## Probation/Parole Information

**Probation:** ☐ Yes ☑ No                    **Parole:** ☐ Yes ☑ No

**Probation/Parole Officer:**          **Agency:**
N/A                                    N/A

**Reporting Address:**                 **Contact Phone #:**
N/A                                    N/A

**Reporting requirements (ex: once a month, every 6 months, etc.):**
N/A

## Institutional / Disciplinary Record

**Prior Disciplinary Reports** ☐ Yes ☑ No

If Yes, List & Describe:        Source: N/A

| N/A |
|---|
| |

**Disciplinary reports and incidents while in ICE Custody:** ☐ Yes ☑ No

If Yes, List & Describe:        Source: N/A

| N/A |
|---|
| |

(Rev. Feb 2016)

## Specifics of Review

If the Officer is unable to fully assess the detainee's history from the file, it is recommended that the detainee is interviewed.

**Date of File Review**: June 1, 2018

**Date of Detainee Interview**: None

**Location of Interview**:

**Reviewing/Interviewing Officer**  N/A

**Interpreter Used**:  ☐ Yes  ☑ No

**Interpreter's Name**:

---

List <u>aliens attempts</u> to get travel documents and status (to include any actions alien has taken to *prevent* removal, and date of service of I-229(a) and Instruction Sheet to Detainee):

04/27/2018 - I-229 and I-229(a) served on subject

04/77/2018 - Notice to Alien of File Custody Review served.

Subject has not taken any known actions to prevent removal at this time.

---

List <u>ICE's attempts</u> to obtain a travel document and status:

04/03/2018 - Travel Document requested from the Brazil

04/30/2018 - TD received

---

(Rev. Feb 2016)

## Biographical History:

| | | |
|---|---|---|
| **Does the detainee have a place to live in the United States?** <br> Describe: N/A | ☐ Yes | ☑ No |
| **Does the detainee have close family ties in the United States?** <br> Describe: N/A | ☐ Yes | ☑ No |
| **Does the detainee have community ties or non-government sponsors?** <br> Describe: N/A | ☐ Yes | ☑ No |
| **Does the detainee have any employment prospects?** <br> Describe: N/A | ☐ Yes | ☑ No |

**What is the detainee's employment history?**
Describe: Unknown

**What is the detainee's educational level?**
Describe: Unknown

| | | |
|---|---|---|
| **Does the detainee have any vocational training?** <br> Describe: N/A | ☐ Yes | ☑ No |
| **Has the detainee submitted any evidence of rehabilitation or courses taken while in prison, etc.?** <br> Describe: N/A | ☐ Yes | ☑ No |

**Additional Comments:**

N/A

## Medical/Disability Concerns

Is there any evidence that the detainee has a medical/disability concern? ☐ Yes ☑ No

If yes, description (to include date and treatment plan to include professional opinions):

N/A

## Psychological Concerns

Is there any evidence that the detainee has psychological issues:   ☐ Yes ☑ No

If yes, description (to include date and treatment plan to include professional opinions):

N/A

(Rev. Feb 2016)

## Special Circumstances

**Does the detainee appear to meet any of the criteria of 8 CFR § 241.14 for continued detention?**

☑ **No**      ☐ **Yes (indicate below):**

☐   Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐   Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐   Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐   Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)].  Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

If you believe the alien is subject to 241.14 (f) please notify HQ RIO immediately.  RIO will advise you of the "next steps" and necessary documentation needed. *(Be prepared to include Judgment and Conviction documents, arrest reports and/or probation reports of relevance)*

Before making such a determination, RIO shall arrange for a report, by a physician (psychiatrist), based on a full medical and psychiatric examination of the alien. The report shall include recommendations pertaining to whether, due to a mental condition or disorder, the alien is likely to engage in acts of violence in the future.

(Rev. Feb 2016)

# Review and Recommendations

**Reviewing Officer's Recommendation:**

Mr. Alexandre Matias (herein referred to Subject) is a citizen and national of Brazil, who entered the United States without admission on March 21, 2005 near Hidalgo, TX by swimming across the river. Subject's criminal history includes a pending Traffic Offense. The subject is Present Without Admission and has a valid Brazilian Travel Document with no legal impediments barring removal. With these factors being taken into consideration, it is my recommendation that the Subject remain in the custody of ICE while pending his removal from the United States. For awareness, when removal is imminent, the AUSA must be notified in order for them to give a 48 hour notice to the District Court. On June 4, 2018, Mr. Matias' travel packet was resubmitted to the travel unit for scheduling of his removal.

Christopher Stewart, Deportation Officer                06/04/2018

| Reviewing Officer | Date: |
| Printed Name/Title: | Signature: |

**Supervisor Detention and Deportation Officer Recommendation:**

Concur- Continue Detention
OFlight Risk - Valid TD removal
is being rescheduled
Due to 48 hr notice
requirement

████████ SDDO

| Supervisory Reviewing Officer | Date: 6/5/18 |
| Printed Name/Title: | Signature: ████████ |

**Assistant Field Office Director Recommendation:**

Continue detention -
Valid T/D in hand
Removal Scheduled 6/21/18

Alan Greenbaum, AFOD

| Supervisory Reviewing Officer | Date: 6/12/18 |
| Printed Name/Title: | Signature: |

(Rev. Feb 2016)

## **Special Circumstances**

**Does the detainee appear to meet any of the criteria of 8 CFR § 241.14 for continued detention?**

☑ **No**          ☐ **Yes (indicate below):**

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

If you believe the alien is subject to 241.14 (f) please notify HQ RIO immediately. RIO will advise you of the "next steps" and necessary documentation needed. *(Be prepared to include Judgment and Conviction documents, arrest reports and/or probation reports of relevance)*

Before making such a determination, RIO shall arrange for a report, by a physician (psychiatrist), based on a full medical and psychiatric examination of the alien. The report shall include recommendations pertaining to whether, due to a mental condition or disorder, the alien is likely to engage in acts of violence in the future.

(Rev. Feb 2016)

## Review and Recommendations

Reviewing Officer's Recommendation:

Mr. Alexandre Matias (herein referred to Subject) is a citizen and national of Brazil, who entered the United States without admission on March 21, 2005 near Hidalgo, TX by swimming across the river. Subject's criminal history includes a pending Traffic Offense. The subject is Present Without Admission and has a valid Brazilian Travel Document with no legal impediments barring removal. With these factors being taken into consideration, it is my recommendation that the Subject remain in the custody of ICE while pending his removal from the United States. For awareness, when removal is imminent, the AUSA must be notified in order for them to give a 48 hour notice to the District Court. On June 4, 2018, Mr. Matias' travel packet was resubmitted to the travel unit for scheduling of his removal.

Christopher Stewart, Deportation Officer                    06/04/2018

| Reviewing Officer Printed Name/Title: | Date: Signature: |
|---|---|

Supervisor Detention and Deportation Officer Recommendation:

Concur - Continue Detention
Flight Risk - Valid TD removal
is being rescheduled
Due to 48 hr notice
requirement

_____ SDDO

| Supervisory Reviewing Officer Printed Name/Title: | Date: 6/5/18 Signature: |
|---|---|

Assistant Field Office Director Recommendation:

Continue detention -
Valid T/D in hand
Removal Scheduled 6/21/18

Alan Greenbaum, AFOD

| Supervisory Reviewing Officer Printed Name/Title: | Date: 6/12/18 Signature: |
|---|---|

(Rev. Feb 2016)

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐   RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☒   CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐   CONTINUE IN CUSTODY - REFER TO HQ RIO (explain below)

Concur - Continue Detention/Removal
Scheduled For 6/21/18

J. Rutherford, DiFOD #658

Alexandre Matias #746

ICE Field Office: BOS

Field Office Director Name:  Rebecca J. Adducci   Interim FOD
                              Fv

Signature of Field Office Director: _____ DiFOD #658   Date: 6/12/18

(Rev. Feb 2016)

**Exhibit I**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# ORDER OF SUPERVISION

Event Number: ███████████

File No.: ███████████

Date: July 11, 2018

Name: NKOJO, GODFREY WILLIAM

On **April 22, 1987**                 , you were ordered:
       (Date of Final Order)

[X] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.

[ ] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the agency has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

[X] That you appear in person at the time and place specified, upon each and every request of the agency, for identification and for deportation or removal.

[X] That upon request of the agency, you appear for medical or psychiatric examination at the expense of the United States Government.

[X] That you provide information under oath about your nationality, circumstances, habits, associations and activities and such other information as the agency considers appropriate.

[X] That you do not travel outside New England                 for more than 48 hours without first having notified this
                                (Specify geographic limits, if any)
agency office of the dates and places, and obtaining approval from this agency office of such proposed travel.

[X] That you furnish written notice to this agency office of any change of residence or employment 48 hours prior to such change.

[X] That you report in person on          08/13/2018 08:00      to this agency office at:
                                           (Day/Date/Time)
ICE Burlington MA 01803

                                           (Reporting Address)

[X] That you assist U.S. Immigration and Customs Enforcement in obtaining any necessary travel documents.

[ ] Other: _____

[X] See attached sheet containing other specified conditions (Continue on separate sheet if required)

███████████████████                    ███████████████████
(Signature of ICE Official)                    (Print Name and Title of ICE Official)

## Alien's Acknowledgement of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the ___English___ language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to fine, detention, or prosecution.

███████████████████          ███████████████████          7/11/18
(Signature of ICE Official Serving Order)          (Signature of Alien)          Date

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION (Continuation Page)

| | | |
|---|---|---|
| Alien Name NKOJO, GODFREY WILLIAM | Picture | Right Index Print |
| File Number ██████ | | |
| Date July 11, 2018 | | |
| Alien's Signature ████████ | | |
| Alien's Telephone Number (if applicable) 978 - ████████ | | |
| Alien's Address ████████ MA ██████ | | |

### PERSONAL REPORT RECORD

| Date | Officer | Comment/Changes |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Signature ████████ | Title Deportation Officer |
|---|---|

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# ORDER OF SUPERVISION (Addendum)

File No.: ████████

Name: NKOJO, GODFREY WILLIAM

Date: July 11, 2018

[X] That you do not associate with know gang members, criminal associates, or be associated with any such activity.

[ ] That you register in a substance abuse program within 14 days and provide ICE with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a counselor.

[ ] That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.

[ ] That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide ICE with written proof of such within 10 days.

[X] That you do not commit any crimes while on this Order of Supervision.

[ ] That you report to any parole or probation officer as required within 5 business days and provide ICE with written verification of the officer's name, address, telephone number, and reporting requirements.

[ ] That you continue to follow any prescribed doctor's orders whether medical or psychological including taking prescribed medication.

[X] That you provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

[X] That you provide ICE with written responses from the Embassy or Consulate regarding your request.

[X] Any violation of the above conditions will result in revocation of your employment authorization document.

[X] Any violation of these conditions may result in you being taken into Service custody and you being criminally prosecuted.

[ ] Other:

X _____████████_____
             Alien's Signature

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# ORDER OF SUPERVISION

Event Number: ▓▓▓▓▓▓▓▓    File No.: ▓▓▓▓▓▓▓▓

Date: July 11, 2018

Name: NKOJO, GODFREY WILLIAM

On April 22, 1987 ____, you were ordered:
    (Date of Final Order)

[X] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.

[ ] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the agency has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

[X] That you appear in person at the time and place specified, upon each and every request of the agency, for identification and for deportation or removal.

[X] That upon request of the agency, you appear for medical or psychiatric examination at the expense of the United States Government.

[X] That you provide information under oath about your nationality, circumstances, habits, associations and activities and such other information as the agency considers appropriate.

[X] That you do not travel outside New England ____ for more than 48 hours without first having notified this
    (Specify geographic limits, if any)
agency office of the dates and places, and obtaining approval from this agency office of such proposed travel.

[X] That you furnish written notice to this agency office of any change of residence or employment 48 hours prior to such change.

[X] That you report in person on / 08/13/2018 08:00 ____ to this agency office at:
    (Day/Date/Time)

ICE Burlington MA 01803 ____

                    (Reporting Address)

[X] That you assist U.S. Immigration and Customs Enforcement in obtaining any necessary travel documents.

[ ] Other: ____

[X] See attached sheet containing other specified conditions (Continue on separate sheet if required)

▓▓▓▓▓▓▓▓▓▓▓            ▓▓▓▓▓▓▓▓▓▓
(Signature of ICE Official)             (Print Name and Title of ICE Official)

## Alien's Acknowledgement of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _English_ language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to fine, detention, or prosecution.

▓▓▓▓▓▓▓▓▓            ▓▓▓▓▓▓▓▓▓▓        7/11/18
(Signature of ICE Official Serving Order)     (Signature of Alien)         Date

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION (Continuation Page)

| Alien Name | NKOJO, GODFREY WILLIAM | Picture | Right Index Print |
|---|---|---|---|
| File Number | ████ | | |
| Date | July 11, 2018 | | |
| Alien's Signature | ████ | | |
| Alien's Telephone Number (if applicable) | 978 - ████ | | |
| Alien's Address | ████ MA ████ | | |

### PERSONAL REPORT RECORD

| Date | Officer | Comment/Changes |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Signature | ████ | Title | Deportation Officer |
|---|---|---|---|

ICE Form 20B (10/15)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# ORDER OF SUPERVISION (Addendum)

File No.: ███████████

Name: NKOJO, GODFREY WILLIAM

Date: July 11, 2018

[X] That you do not associate with know gang members, criminal associates, or be associated with any such activity.

[ ] That you register in a substance abuse program within 14 days and provide ICE with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a counselor.

[ ] That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.

[ ] That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide ICE with written proof of such within 10 days.

[X] That you do not commit any crimes while on this Order of Supervision.

[ ] That you report to any parole or probation officer as required within 5 business days and provide ICE with written verification of the officer's name, address, telephone number, and reporting requirements.

[ ] That you continue to follow any prescribed doctor's orders whether medical or psychological including taking prescribed medication.

[X] That you provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

[X] That you provide ICE with written responses from the Embassy or Consulate regarding your request.

[X] Any violation of the above conditions will result in revocation of your employment authorization document.

[X] Any violation of these conditions may result in you being taken into Service custody and you being criminally prosecuted.

[ ] Other:

X _____████████████_____
          Alien's Signature

ICE Form I-220B (10/15)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION

File No.: ██████████

Event Number: ██████████

Date: **July 10, 2018**

Name: **ALIGANHESA, DAVID KENNETH**

On **August 19, 2010**, you were ordered:
(Date of Final Order)

☐ Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.

☒ Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the agency has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of the agency, for identification and for deportation or removal.

☒ That upon request of the agency, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations and activities and such other information as the agency considers appropriate.

☒ That you do not travel outside **New England** for more than 48 hours without first having notified this
(Specify geographic limits, if any)
agency office of the dates and places, and obtaining approval from this agency office of such proposed travel.

☒ That you furnish written notice to this agency office of any change of residence or employment 48 hours prior to such change.

☒ That you report in person on **08/09/2018 08:30** to this agency office at:
(Day/Date/Time)

**ICE Burlington MA 01803**

(Reporting Address)

☒ That you assist U.S. Immigration and Customs Enforcement in obtaining any necessary travel documents.

☐ Other: _____

☒ See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____     ██████████ ADDO
(Signature of ICE Official)          (Print Name and Title of ICE Official)

---

### Alien's Acknowledgement of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the **English** language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to arise, detention, or prosecution.

██████████                          07/11/2018

_____     _____     Date
(Signature of ICE Official Serving Order)     (Signature of Alien)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION (Continuation Page)

| Alien Name | ALIGAWEESA, DAVID KENNETH | Picture | Right Index Print |
|---|---|---|---|
| File Number | | | |
| Date | July 10, 2018 | | |
| Alien's Signature | | | |
| Alien's Telephone Number (if applicable) | 78\ | | |
| Alien's Address | ,MA | | |

**PERSONAL REPORT RECORD**

| Date | Officer | Comment/Changes |
|---|---|---|
| 7-11-18 | | 8-09-2018 @ 8:30 AM |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Signature | | Title | Deportation Officer |
|---|---|---|---|

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION (Addendum)

File No.: █████████

Date: July 10, 2018

Name: ALIGAWEBSA, DAVID KENNETH

[X] That you do not associate with know gang members, criminal associates, or be associated with any such activity.

[ ] That you register in a substance abuse program within 14 days and provide ICE with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a counselor.

[ ] That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.

[ ] That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide ICE with written proof of such within 10 days.

[X] That you do not commit any crimes while on this Order of Supervision.

[ ] That you report to any parole or probation officer as required within 5 business days and provide ICE with written verification of the officer's name, address, telephone number, and reporting requirements.

[ ] That you continue to follow any prescribed doctor's orders whether medical or psychological including taking prescribed medication.

[X] That you provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

[X] That you provide ICE with written responses from the Embassy or Consulate regarding your request.

[X] Any violation of the above conditions will result in revocation of your employment authorization document.

[X] Any violation of these conditions may result in you being taken into Service custody and you being criminally prosecuted.

[ ] Other:

X _____
         Alien's Signature

ICE Form I-220B (10/15)

Page 3 of 4

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION (Outprocessing Checklist)

**All Aliens**

☐ Probation/Parole Officer Notified

☐ Obtain address where living and telephone number

☐ Enter into IDENT

☐ NCIC Check

☐ Travel Document Application

**Sex Offenders**

☐ Probation/Parole Officer Notified

☐ Registered as sex-offender as required by state statute within 7 days

☐ Victim/Witness Coordinator Notified

☐ Victim/Witness Notified

☐ Written Proof of Counseling

**Substance Abusers**

☐ Probation/Parole Officer Notified

☐ Written Proof of Counseling

| Completed By | | | |
|---|---|---|---|
| ICE Official | | Date | 07/10/2018 |

| Concurrence By | | | |
|---|---|---|---|
| Supervisory ICE Official | | Date | 07/10/2018 |

U.S. Department of Homeland Security

Continuation Page for Form I-220B

| Alien's Name ALIGAWEESA, DAVID KENNETH | File Number [redacted] Event No: [redacted] | Date 07/10/2018 |
|---|---|---|

ADDITIONAL CONDITIONS
--------------------
(1)
Your release is contingent upon your enrollment and successful participation in an Alternatives to Detention (ATD) Program as designated by the Department of Homeland Security.  As part of the ATD program, you will be subject to electronic monitoring and may be subject to a curfew.  Failure to comply with the requirements of the ATD program may result in a redetermination of your release conditions or your arrest and detention.  If fitted with a GPS tracking ankle bracelet, do not tamper with or remove the device. Tampering with or damaging the device may result in your arrest, detention, and prosecution under 18 U.S.C. 1361.

| Signature [redacted] | Title Deportation Officer |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

# EXHIBIT J

# CERTIFICATE OF VITAL RECORD

VERIFY PRESENCE OF WATERMARK     HOLD TO LIGHT TO VIEW

## The Commonwealth of Massachusetts

### CITY OF LOWELL

## CERTIFICATE OF MARRIAGE

CT 209984

Office of the City Clerk: **Michael Q. Geary**

Date of Marriage: **May 08, 2018**

Registration Number: **223-2018**

Place of Marriage: **Lowell, MA**

Date of Record: **May 29, 2018**

### PARTY A

Name: **CHRISTINE M. MAZZIOTTA**

Married Surname: **MAZZIOTTA**

Residence: **LOWELL, MA**

Birth Date: ▮▮▮▮▮   Sex: **Female**

Marriage #: **2nd, Divorced**

Occupation: **NURSE**

Birth Place: ▮▮▮▮▮

Father/Parent: ▮▮▮▮▮

Mother/Parent: ▮▮▮▮▮

### PARTY B

Name: **GODFREY WILLIAM NKOJO**

Married Surname: **NKOJO**

Residence: **LOWELL, MA**

Birth Date: ▮▮▮▮▮   Sex: **Male**

Marriage #: **1st**

Occupation: **NURSE AID**

Birth Place: ▮▮▮▮▮

Father/Parent: ▮▮▮▮▮

Mother/Parent: ▮▮▮▮▮

Married by: **CLERGY**

Residence: **LOWELL, MA**

I Certify the foregoing to be a true Copy from the Record of Marriages in the City of Lowell.

WITNESS my hand and the SEAL OF THE CITY OF LOWELL on this Thursday May 31, 2018.

*Michael Q. Geary*

Michael Q. Geary
CITY CLERK, LOWELL

VOID WITHOUT WATERMARK OR IF ALTERED OR ERASED

117

# EXHIBIT K

**U.S. Department of Justice**                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 20530

File: ▇▇▇▇▇▇ Lawrence, MA                    Date:        DEC 15 2014

In re: DAVID KENNETH ALIGAWEESA, Beneficiary of a visa petition filed by
       REBECCA CHRISTINE ALIGAWEESA, Petitioner

IN VISA PETITION PROCEEDINGS

APPEAL AND MOTION

ON BEHALF OF PETITIONER:    Christina Corbaci, Esquire

ON BEHALF OF DHS:       Mark A. Curley
                        Associate Counsel

APPLICATION:  Petition to classify status of alien relative for issuance of immigrant visa


        The petitioner has appealed the decision of the Field Office Director (Director) dated
March 10, 2014, denying the visa petition which was submitted on behalf of the beneficiary as
the spouse of a United States citizen. The Department of Homeland Security (DHS) opposes the
appeal. The appeal will be dismissed.

        A visa petition cannot be approved on behalf of an alien who has sought to be accorded
status through a marriage entered into for the purpose of evading the immigration laws (or who
has attempted or conspired to enter into such a marriage). Section 204(c) of the Immigration
and Nationality Act, 8 U.S.C. § 1154(c); 8 C.F.R. § 204.2(a)(1)(ii). In order for a visa petition to
be denied (or for approval of a visa petition to be revoked) on this basis, there must be
substantial and probative evidence in the alien's file that the prior marriage was entered into for
such a purpose. *See* 8 C.F.R. §§ 103.2(b)(16)(i), 204.2(a)(1)(ii); *Matter of Tawfik*, 20 I&N
Dec. 166 (BIA 1990); *Matter of Kahy*, 19 I&N Dec. 803 (BIA 1988).

        Marriage fraud can be found where the marriage was never consummated, where the
spouses never cohabited, and where the spouses never held themselves out to family and friends
as husband and wife. *See Matter of Phillis*, 15 I&N Dec. 385 (BIA 1975). Marriage fraud can
also be found where the former spouse was paid to marry the beneficiary. *See generally Ghaly v.
INS*, 48 F.3d 1426 (7th Cir. 1995). Marriage fraud can be found with an admission by the
beneficiary or the former spouse that they colluded to evade the immigration laws. *Id.; Salas-
Velazquez v. INS*, 34 F.2d 705 (8th Cir. 1994). Other circumstances may also support a finding of
marriage fraud, but the evidence must be substantial and probative.

        In this case, the Director denied the visa petition based on a determination that the
beneficiary had previously entered into a marriage for the purpose of evading the immigration
laws. The petitioner disputes this determination on appeal.

        We have reviewed the record, including the decision of the Director, the Notice of Intent
to Deny (NOID), the petitioner's response to the NOID, and her contentions on appeal. The
finding of marriage fraud here is consistent with the standards set forth in *Matter of Kahy, supra*.

In the NOID, the petitioner was advised that the record contains a signed affidavit from the beneficiary's prior spouse, which resulted from a site visit conducted on March 16, 2005, and contained her request to withdraw the visa petition that she had filed on behalf of the beneficiary. The petitioner was advised of the contents of the 2005 affidavit, including the prior spouse's admission that she did not know the beneficiary very well, that she had married the beneficiary as a favor to a friend "Gracie," that they never lived together, that they never consummated the marriage, and that she married him with the understanding that he would be helping to pay her bills in exchange for the marriage.

In response to the NOID, the petitioner submitted the beneficiary's affidavit concerning his prior marriage, in which he stated that his friend Gracie did set him up with his prior spouse, that they dated long-distance, and that theirs was a bona fide marriage. He further stated that he and his prior spouse had lived together and the relationship had been consummated. He stated that he moved to Michigan after he finished working in Boston around December 2003, but that the relationship began to have problems when he started working more and wanted to move to a better neighborhood, and that that she refused to move with him so he ended up moving to the ▮▮▮▮▮▮▮▮▮▮▮ by himself in 2005. He asserted that she never told him that she had withdrawn the visa petition. Along with the response, the petitioner also submitted some documentary evidence relating to the beneficiary's employment in Detroit in early 2005 and receipts for a ▮▮▮▮▮▮▮▮▮ rental dated in June 2005.

The Director concluded that insufficient evidence of the bona fides of the beneficiary's prior marriage had been presented so as to refute his prior spouse's affidavit. We agree. The petitioner's appellate argument that the beneficiary's prior spouse had an incentive to lie because her current partner was present when DHS officials interviewed her is unpersuasive, as it is based on speculation rather than evidence. Her statement was provided under oath and is very detailed. Under the circumstances, the Director could reasonably decline to give weight to the beneficiary's statement, which was unsupported by objective evidence. His prior spouse's admissions support a finding of marriage fraud. *See Ghaly v. INS, supra; Matter of Phillis, supra.*

The petitioner proffers evidence on appeal. Where, as here, a petitioner has been put on notice of a deficiency in the evidence and has been given an opportunity to respond to that deficiency, the Board will not accept evidence offered for the first time on appeal. *Matter of Soriano*, 19 I&N Dec. 764 (BIA 1988); *see also Matter of Obaigbena*, 19 I&N Dec. 533 (BIA 1988). Although she alleges that the evidence should have already been part of the record because it was previously submitted in connection with the prior visa petition, she has not explained why it was not submitted in response to the NOID. Nor has the petitioner shown the evidence is new or previously unavailable, such that a grant of her request to remand would be warranted. *See Matter of Coelho*, 20 I&N Dec. 464 (BIA 1992).

ORDER: The motion to reopen and remand is denied.

FURTHER ORDER: The appeal is dismissed.

_____
FOR THE BOARD