UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., | ) ) ) ) |  |
| Individually and on behalf of all others similarly situated, | ) ) ) ) | No. 1:18-cv-10225-MLW |
| Plaintiffs-Petitioners, | ) ) ) |  |
| v. | ) ) |  |
| KIRSTJEN M. NIELSEN, et al., | ) ) ) |  |
| Defendants-Respondents. | ) ) |  |

**PETITIONERS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Petitioners submit this Notice of Supplemental Authority to alert the Court to two decisions issued after the conclusion of briefing on the motion to dismiss that are relevant to Petitioners' equal protection claim. Both decisions discuss the implications of *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) to claims that racial animus was a motivating factor in the Department of Homeland Security's decision to terminate Temporary Protected Status (TPS) for nationals from particular countries who are residing in the United States.

The plaintiffs in *Centro Presente v. United States Department of Homeland Security*, 18-cv-10340, 2018 WL 3543535, *5, *11-14 (D. Mass. July 23, 2018) (Casper, J.) pointed to statements made by President Donald Trump as evidence that animus towards immigrants of color was a motivating factor behind a change in the standard the government uses to make TPS determinations. The Court held that the appropriate standard for reviewing these claims is the framework established by *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), and that plaintiffs plausibly alleged that President Trump's animus

was a motivating factor in the change in policy. *Id.* at 11-15. Accordingly, the Court denied the government's motion to dismiss the plaintiffs' equal protection claims. *Id.* at 15.

In *Ramos v. Nielsen*, 18-cv-01554, 2018 WL 3730429, at *24-32 (N.D. Cal. Aug. 6, 2018), the Court similarly applied the *Arlington Heights* standard, concluded that the plaintiffs had plausibly alleged that President Trump's animus was a motivating factor in the government's decision to terminate TPS for nationals of certain countries, and declined to dismiss plaintiffs' equal protection claim.

Respectfully submitted this 22nd day of August, 2018.

| | |
|---|---|
| /s/Adriana Lafaille | Kevin S. Prussia (BBO # 666813) |
| Matthew R. Segal (BBO # 654489) | Michaela P. Sewall (BBO # 683182) |
| Adriana Lafaille (BBO # 680210) | Jonathan A. Cox (BBO # 687810) |
| AMERICAN CIVIL LIBERTIES UNION | Stephen Provazza (BBO # 691159) |
| FOUNDATION OF MASSACHUSETTS, INC. | Colleen M. McCullough (BBO # 696455) |
| 211 Congress Street | WILMER CUTLER PICKERING |
| Boston, MA 02110 |    HALE AND DORR LLP |
| (617) 482-3170 | 60 State Street |
| | Boston, MA 02109 |
| Kathleen M. Gillespie (BBO # 661315) | Telephone: (617) 526-6000 |
| Attorney at Law | Facsimile:  (617) 526-5000 |
| 6 White Pine Lane | kevin.prussia@wilmerhale.com |
| Lexington, MA 02421 | michaela.sewall@wilmerhale.com |
| (339) 970-9283 | jonathan.cox@wilmerhale.com |
| | stephen.provazza@wilmerhale.com |
| | colleen.mccullough@wilmerhale.com |

*Attorneys for Petitioners*

### CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2018, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

/s/ Adriana Lafaille
Adriana Lafaille