**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., | ) ) ) ) | |
| Individually and on behalf of all others similarly situated, | ) ) ) ) | No. 1:18-cv-10225-MLW |
| Plaintiffs-Petitioners, | ) ) ) | |
| v. | ) ) | |
| KIRSTJEN M. NIELSEN, et al., | ) ) ) | |
| Defendants-Respondents. | ) ) ) | |

## JOINT REPORT

1.  This Court has ordered the parties to confer and report, by September 12, 2018, on (a) the actions respondents have taken and/or will take to ensure compliance with the legal obligations defined in the August 23, 2018 decision denying the Motion to Dismiss; (b) whether petitioners will seek to amend their complaint to add United States Citizenship and Immigration Services ("USCIS") to this case; (c) how the parties propose this case should proceed; and (d) whether they request more time to continue their discussions. ECF No. 152 ¶ 2.  The parties met and conferred on September 10 and 11, 2018, and have further communicated via email, to discuss these issues.

2.  **Respondents' Actions To Ensure Compliance With The August 23, 2018 Order:**

    a.  Respondents' Statement:

        i.  As detailed in Exhibit A, Respondents took immediate action to comply with the legal obligations defined in this Court's August 23, 2018 order denying Respondents' Motion to Dismiss (the "Decision"), including

increasing staffing within the units of ICE Enforcement and Removal

Operations ("ERO") that oversee the non-detained docket and providing

clear instruction to ERO personnel making enforcement decisions

regarding consideration of pending applications (which include, inter alia,

the provisional waiver process) when deciding whether to arrest, detain or

execute the removal order of an alien. *See* Ex. A.  ICE ERO is also

mandating training for its officers on the requirement that they consider

pending applications throughout the process of arrest, detention, and

removal decision making. *See* Ex. A at ¶ 3.

3. **USCIS:**

   a. Petitioners' Statement:

      i. So long as Respondents do not refuse discovery from USCIS on the basis

         that USCIS is not a named party, Petitioners do not see a need to formally

         add USCIS as a party at this time.  Respondents are considering their

         position on this point.  Petitioners will continue to meet and confer with

         Respondents.

   b. Respondents' Statement:

      i. Respondents do not consent to formally adding USCIS as a named party,

         especially while they consider whether there is a need to add USCIS as a

         party at all.  Respondents require some time to determine whether they

         would, in the absence of an amended petition adding USCIS as a party,

         refuse to produce discovery if Petitioners propound any on USCIS.

4. **How The Case Should Proceed**:

a.  Petitioners' Statement:

    i.  *Motion for Class Certification*:  Petitioners respectfully request that the Court schedule a hearing on the motion in October.  To the extent the Court deems it helpful, Petitioners propose supplemental briefing on the issue first raised by Respondents during oral argument on August 20, 2018, that is, when the rights associated with provisional waiver applications attach (upon the filing of an I-130 Petition, as Petitioners contend, or upon the approval of an I-212 application, as Respondents apparently contend).  Petitioners propose that Respondents file their supplemental brief on September 26, 2018 and Petitioners file their response 14 days later on October 10, 2018.

    ii.  *Motion for Temporary Restraining Order and Preliminary Injunctive Relief*:  In view of the August 23 Order, and the Court's directive regarding Respondents' compliance with the legal obligations defined in that Order, Petitioners agree to stay the Motion provided that the case proceed to discovery and Respondents provide Petitioners' counsel with information regarding, among other things: (i) how participation in the provisional waiver process (starting with the filing of an I-130 application) is being accounted for, i.e., what instruction or training is provided on how it should be assessed as a criterion; (ii) a list of the particular cases for which ICE took participation in the provisional waiver process into account (starting with the filing of an I-130 application); and (iii) the outcome of such cases.

iii. *Rule 16(b) Conference and Case Schedule*:  Petitioners respectfully request that the Court schedule a conference pursuant to Fed. R. Civ. P. 16(b) and L.R. 16.1(a) within 30 days of the filing of this status report so that the parties can participate in a Rule 26(f) conference and negotiate a case schedule.

b.  <u>Respondents' Statement</u>:

    i. *Motion for Class Certification:* Respondents request that this Court stay Petitioners' motion for class certification because (1) any decision on the entire merits of this case will necessarily affect briefing on class certification, just as the Decision made additional briefing on class certification necessary; and (2) ICE ERO's actions to comply with the legal obligations as defined in the Decision encompass the proposed class such that staying a decision on class certification will not cause putative class members irreparable harm.

    ii. *Motion for Preliminary Injunctive Relief:* Respondents request that this Court stay Petitioners' motion for preliminary injunctive relief to allow Respondents time to make the changes necessary to comply with the legal obligations stated in the Decision, and to consider whether any additional measures should be taken to ensure compliance.

iii. *Rule 16(b) Conference and Case Schedule:* Respondents agree with Petitioners and likewise request that the Court schedule a conference pursuant to Fed. R. Civ. P. 16(b) and L.R. 16.1(a) within 30 days of the filing of this status report so that the parties can participate in a Rule 26(f)

conference and negotiate a case schedule. However, Respondents oppose

any request by Petitioners to conduct further discovery as unnecessary to

resolve the purely legal issues presented in the motion for summary

judgment and because extensive expedited discovery has already been

conducted.

Respectfully submitted this 12th day of September 2018.

*Counsel for the Respondents*

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

J. MAX WEINTRAUB
Senior Litigation Counsel

/s/ *Mary L. Larakers*
MARY L. LARAKERS
(Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

EVE A. PIEMONTE, BBO No. 628883
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Eve.Piemonte@usdoj.gov

*Counsel for the Petitioners*

/s/ *Kevin S. Prussia*
Kevin S. Prussia (BBO # 666813)
Michaela P. Sewall (BBO # 683182)
Jonathan A. Cox (BBO # 687810)
Stephen Provazza (BBO # 691159)
Colleen M. McCullough (BBO # 696455)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000
kevin.prussia@wilmerhale.com
michaela.sewall@wilmerhale.com
jonathan.cox@wilmerhale.com
stephen.provazza@wilmerhale.com

Matthew R. Segal (BBO # 654489)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283

## CERTIFICATE OF SERVICE

I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Mary L. Larakers
Mary L. Larakers

Dated: September 12, 2018                    Trial Attorney