## DECLARATION OF TODD LYONS

Pursuant to 28 U.S.C. § 1746, I, Todd M. Lyons, declare as follows:

1. I am currently serving as the Acting Field Office Director (FOD) for the Boston Field Office of the Office of Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security. I have been serving in this position since August 19, 2018. I am stationed in Burlington, Massachusetts.

2. Prior to my current role, I was a Deputy Field Office Director in the Boston Field Office. My duties in that position included oversight of the operations in the Boston Field Office.

3. Among my official duties as the Acting FOD is the responsibility for managing and monitoring the scheduling and execution of removal orders for aliens detained in ICE custody or otherwise encountered within the Boston Field Office's area of responsibility.

4. I am writing this declaration to support the joint status report the Court ordered filed by September 12, 2018. By this declaration I seek to address the Court's request for an update on the efforts of the Boston Field Office to comply with the legal obligations articulated in the Court's August 27, 2018 oral decision denying the Respondents' Motion to Dismiss.

5. This declaration is based on personal knowledge and information made known to me in the course of my professional duties. The Boston Field Office will continue to consider the equities of an alien's case when determining whether to arrest, detain, or effectuate the removal of aliens with final orders of removal, including considering whether an alien has any pending petitions or applications for immigration benefits such as a Form I-130, Petition for Alien Relative, Form I-212, Application for Permission to Reapply for Admission, and Form I-601A, Application for Provisional Unlawful Presence Waiver. I plan to ensure officers are given the tools and guidance they need to make these informed discretionary determinations and have already taken steps to do

so. I have had several in-person and telephonic meetings with the Assistant Field Office Directors (AFODs) in the Boston Field Office to discuss measures I can take in that regard, and have sought legal guidance from the Boston Office of the Chief Counsel. Those measures are detailed below.

6. On August 27, 2018, the same day as the court's oral decision, I permanently assigned an additional deportation officer to the Non-Detained/Alternatives to Detention (ND/ATD) Unit in Burlington, Massachusetts, to increase staffing and assist with more effective case management.

7. On August 30, 2018, I assigned a ND/ATD duty officer to assist at the reporting window in Burlington, Massachusetts and to interview aliens and gather additional facts as appropriate in cases where pending petitions or applications are identified and the officer has questions as to the status of such petitions or applications. Officers at the other reporting windows within the Boston Field Office's area of responsibility have been instructed to further investigate and, if necessary, interview aliens when they learn there is a pending petition or application. These interviews also provide aliens the opportunity to inform ERO of any pending or approved petitions or applications that may confer an immigration benefit. While ERO personnel will utilize available electronic databases to determine whether an alien has a pending petition or application, these databases contain only limited information and will not reveal the details of such petition or application. Self-reporting by the alien is essential to ERO personnel's ability to fully consider all the equities in any given case. By self-reporting, aliens can inform ERO personnel of specific details underlying their applications and petitions that may not be readily available to ERO, such as the nature of their relationship to the petitioner, *e.g.*, spouse, parent, sibling, etc., and the petitioner's status, *e.g.* United States citizen, lawful permanent resident, etc.

8. On August 30, 2018, I discussed these changes at an in-person meeting with all the AFODs. At that meeting, I also re-emphasized the need to consider the totality of an alien's circumstances before taking enforcement actions.

9. On September 5, 2018, I took steps to ensure that an Acting Supervisory Detention and Deportation Officer would be assigned to ND/ATD Unit in Burlington, Massachusetts, to assist with the reporting-in process and ensure that pending petitions and applications are fully considered. This would bring the ND/ATD supervisory staff from 2 to a total of 3 available supervisors.

10. On September 6, 2018, I implemented changes to ensure that the ND/ATD duty officers had a proper area to conduct face to face interviews as needed.

11. On September 10, 2018, an additional deportation officer was added permanently to the ND/ATD Unit in Burlington, MA to increase staffing levels. This will reduce the number of cases per officer.

12. Additionally, steps are being taken to ensure that ERO personnel receive training to refresh them on how to consider the totality of the circumstances in each alien's case, including pending petitions or applications for immigration benefits, when taking enforcement actions. My office will record who has attended the training to ensure that all officers making these decisions have done so.

Executed this 12th day of September 2018 in Boston, Massachusetts.

_____
Todd M. Lyons
Acting Field Office Director
ICE Boston Field Office