UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, ET AL., <br> Petitioners, <br><br> v. <br><br> KRISTJEN M. NIELSEN, ET AL, <br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 18-10225-MLW <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                              September 21, 2018

The court has considered the parties' September 12, 2018 Joint Report (Docket No. 158). It will, as requested, conduct a scheduling conference soon. As they prepare for the scheduling conference, the parties should consider the following observations.

The court has found that petitioners have a right to have Immigration and Customs Enforcement ("ICE") consider the fact that they are pursuing provisional waivers to permit the alien spouses to remain in the United States, with their United States citizen spouses, while in effect seeking to have their orders of removal revoked, before ICE requires that the alien spouses leave the United States and lose their opportunity to obtain provisional waivers. See Aug. 23, 2018 Transcript (Docket No. 155); Sept. 21, 2018 Mem. & Order (Docket No. 159). At the August 20, 2018 hearing on their motion to dismiss, the respondents asserted for the first

1

time that any such right would only exist for a petitioner who had received an approved I-212 waiver of removal order-based bar and become eligible for a provisional unlawful presence waiver under 8 C.F.R. §212.7(e)(3) and (e)(4). Petitioners contend that the right the court has now found vests earlier in the provisional waiver process. Because respondents did not raise this issue in a timely or proper manner, the court did not decide it in denying the motion to dismiss. See Docket No. 159 at 39-40. However, the resolution of this issue will affect the definition of any class that may be certified. Therefore, it appears that the issue should be briefed, argued, and decided before petitioners' motion for class certification is briefed.

It is not now clear to the court whether additional discovery is necessary with regard to petitioners' motion for class certification. It is also not clear whether additional discovery is necessary for petitioners to decide whether to request that the court defer action on their motion for a preliminary injunction.[1]

It is, therefore, hereby ORDERED that:

1. The parties shall confer and, by October 3, 2018, jointly if possible but separately if necessary:

---

[1] In the Joint Report, Docket No. 158 at 5, respondents state that they oppose "any request by Petitioners to conduct further discovery as unnecessary to resolve the purely legal issues presented in the motion for summary judgment." There is, however, not a pending motion for summary judgment. Therefore, respondents' position should be clarified.

2

(a) Submit a Joint Report which updates their responses to the August 27, 2018 Order;

(b) Address the additional issues identified in this Memorandum;

(c) Propose a schedule to complete, by November 7, 2018, briefing of the issue of when a petitioner's right to have ICE consider the pursuit of a provisional waiver before ordering removal vests;

(d) Propose a schedule for other matters, including possible discovery, briefing of petitioners' motion for class certification, and, if necessary, their motion for preliminary injunction;

(e) Address any other issues the parties request be discussed at the scheduling conference.

2. A scheduling conference shall be held on October 9, 2018, at 11:00 a.m.

                                              /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE