# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br>Individually and on behalf of all others similarly situated, <br><br>Plaintiffs-Petitioners, <br><br>v. <br><br>KIRSTJEN M. NIELSEN, et al., <br><br>Defendants-Respondents. | No. 1:18-cv-10225-MLW |

## JOINT STATEMENT PURSUANT TO
## FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1(d)

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(d), Petitioners Lilian Calderon and Luis Gordillo, Lucimar De Souza and Sergio Francisco, Oscar Rivas and Celina Rivera Rivas, Sandro de Souza and Carmen Sanchez, and Deng Gao and Amy Chen (collectively, "Petitioners"), on behalf of themselves and all others similarly situated, and Respondents Kirstjen M. Nielsen, Thomas Homan, Todd M. Lyons,[1] Yolanda Smith, Stephen W. Tompkins, and Donald J. Trump (collectively, "Respondents"), in their official capacities, submit this Joint Statement. Pursuant to the Court's September 21, 2018 Order (ECF No. 160), a scheduling conference has been set for October 9, 2018.

---

[1] Mr. Lyons is being substituted pursuant to Federal Rule of Civil Procedure 25(d).

## I. SETTLEMENT PROPOSALS

The parties began discussing settlement on May 24, 2018. Petitioners further presented to Respondents a written settlement request on October 1, 2018. See Local Rule 16.1(c).[2]

## II. PROPOSED PRETRIAL SCHEDULE

Petitioners propose the following schedule:

| Event | Petitioners' Proposed Deadline |
|---|---|
| Respondents' supplemental briefing on class certification, including when a petitioner's right to have ICE consider the pursuit of a provisional waiver before ordering removal vests | October 24, 2018 |
| Petitioners' responsive supplemental briefing on class certification, including when a petitioner's right to have ICE consider the pursuit of a provisional waiver before ordering removal vests | November 7, 2018 |
| Hearing on class certification, including when a petitioner's right to have ICE consider the pursuit of a provisional waiver before ordering removal vests | At the Court's convenience |
| Amendments to the pleadings | January 21, 2019 |
| Close of fact discovery | February 5, 2019 (4 months after the Rule 26(f) Conference) |
| Status Conference | February 12, 2019. No Rule 56 motions are to be filed prior to the status conference without leave of court. |

---

[2] Petitioners presented the formal written offer required under L.R. 16.1(c) before the parties' scheduling conference. However, they were unable to present the written offer 14 days prior to the scheduling conference.

2

Respondents propose the following schedule, the reasons for which are stated in the October 3, 2018 Joint Report:

   A. **Answer:**

      a. October 16, 2018

   B. **Briefing on When the Right to Have the Provision Waiver Process Considered Vests ("Vesting Issue"):**

      a. **Respondents' Brief**: October 24, 2018

      b. **Petitioners' Brief:** November 7, 2018

      c. **Hearing:** At the Court's convenience.

   C. **Supplemental Briefing on the Motion for Class Certification:**

      a. **Petitioners' Brief:** Two weeks after the Vesting Issue is decided.

      b. **Respondents' Brief:** Two weeks after Petitioners' brief is submitted.

      c. **Petitioners' Reply:** One week after Respondents' brief is filed.

   D. **Discovery:** Respondents propose that the parties should meet and confer on whether they can agree on a targeted and limited scope of discovery and report to the Court by November 7, 2018, on whether the parties have reached agreement and, if necessary, propose a schedule to brief whether Petitioners can establish that there is good cause for additional discovery.

### III. SCOPE OF DISCOVERY

   A. **Subject on Which Discovery May Be Needed**

<u>Petitioners Statement</u>:

Petitioners received limited expedited discovery pursuant to this Court's July 16, 2018 Order regarding (i) certain policies of the ICE Boston Field Office in 2018, (ii) the identity and status of those arrested at I-130 interviews while pursuing provisional waivers in 2018, and (iii) the reasons Petitioner Lucimar De Souza was given a notice to depart on June 12, 2018.

ECF No. 117. On August 27, 2018, this Court denied Respondents' motion to dismiss. ECF Nos. 152 & 159. Petitioners now anticipate the need for the following discovery relevant to the claims in their Amended Class Action Complaint. ECF No. 27.

Petitioners intend to serve a first set of requests for production of documents and interrogatories seeking information regarding, among other things: (i) Respondents' targeting, arrest, detention, and/or removal of persons availing themselves of the provisional waiver process; (ii) the extent to which Respondents take into account the provisional waiver process in connection with the targeting, arrest, detention, and/or removal of noncitizens; (iii) what instruction or training is provided on how the provisional waiver is being assessed as a criterion for removal or detention determinations; (iv) the cases in which ICE took participation in the provisional waiver process into account for removal or detention determinations; and (v) the outcome of such cases.

Petitioners anticipate the need for further discovery regarding: (vi) Respondents' handling of individuals who were pursuing provisional waivers since the August 2016 provisional waiver regulations went into effect in, including the detention and removal of individuals seeking lawful status under the regulations; (vii) the reasons and impact of Respondents' conduct; (viii) the adjudicative process for I-130s, I-212s, and I-601s; and (ix) USCIS's involvement in arrests made at I-130 interviews or elsewhere. Petitioners do not anticipate that phased discovery would be helpful.

Respondents Statement:

As stated in the joint report, Respondents contend that additional discovery is not warranted in this habeas action. Nonetheless, Respondents submit that the parties should meet and confer on whether they can agree on a targeted and limited scope of discovery and report to

4

the Court by November 7, 2018, on whether the parties have reached agreement and, if necessary, propose a schedule to brief whether Petitioners can establish that there is good cause for additional discovery.

### B. Electronically Stored Information (ESI)

The parties agree to retain and preserve all electronically stored information relevant to Petitioners' claims, and represent that individuals likely to have relevant information have been instructed to preserve such information. The parties agree to discuss the form(s) in which electronically stored information should be produced, and to present any unresolved disagreements regarding ESI to the Court.

### C. Claims of Privilege/Confidentiality

The parties anticipate discussing claims of privilege or confidentiality, including the extent of the deliberative process protection. The parties intend to attempt to resolve such disagreements and seek court intervention only if necessary.

### D. Discovery Event Limitations

Petitioners agree to the number of discovery events and their scope as described in Local Rule 26.1(c), *i.e.*, 10 depositions, 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production. As noted above, Respondents contend that any additional discovery is not warranted in this habeas action and note that the broad discovery provisions of the Federal Rules of Civil Procedure are not applicable in habeas proceedings. Accordingly, to the extent the Court finds that Petitioners establish good cause for additional discovery in this case, Respondents request that the Court significantly narrow and limit the scope of such discovery.

### E. Protective Order

The Protective Order entered on July 18, 2018 (ECF No. 119) applied to the discovery Respondents produced in response to the Court's July 16, 2018 Order (ECF No. 117). Petitioners anticipate the further production of information, documents, and things that may contain sensitive, and/or confidential information. Before any such production, the parties will confer about the need for a stipulated Protective Order, to be filed with the Court, that will include procedures for filing documents under seal, if necessary.

**V.     SERVICE**

The parties have agreed that service of papers not filed with the Court may be accomplished by electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(E).

**VI.    CERTIFICATIONS**

Petitioners will file certifications pursuant to Local Rule 16.1(d)(3) prior to the October 9, 2018 scheduling conference.

Respectfully submitted this 3rd day of October, 2018.

| *Counsel for the Respondents* | *Counsel for the Petitioners* |
|---|---|
| JOSEPH H. HUNT<br>Assistant Attorney General | /s/ *Kevin S. Prussia*<br>Kevin S. Prussia (BBO # 666813)<br>Michaela P. Sewall (BBO # 683182) |
| WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation | Jonathan A. Cox (BBO # 687810)<br>Stephen Provazza (BBO # 691159)<br>Colleen M. McCullough (BBO # 696455)<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP |
| MONIQUE T. PEOPLES<br>Senior Litigation Counsel | 60 State Street<br>Boston, MA 02109 |
| /s/*Mary L. Larakers*<br>MARY L. LARAKERS<br>(Texas Bar # 24093943)<br>Trial Attorney<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation,<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 353-4419<br>(202) 305-7000 (facsimile)<br>mary.l.larakers@usdoj.gov | Telephone: (617) 526-6000<br>Facsimile:  (617) 526-5000<br>kevin.prussia@wilmerhale.com<br>michaela.sewall@wilmerhale.com<br>jonathan.cox@wilmerhale.com<br>stephen.provazza@wilmerhale.com<br><br>Matthew R. Segal (BBO # 654489)<br>Adriana Lafaille (BBO # 680210)<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF MASSACHUSETTS, INC.<br>211 Congress Street<br>Boston, MA 02110<br>(617) 482-3170 |
| EVE A. PIEMONTE, BBO No. 628883<br>Assistant United States Attorney<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>Eve.Piemonte@usdoj.gov | Kathleen M. Gillespie (BBO # 661315)<br>Attorney at Law<br>6 White Pine Lane<br>Lexington, MA 02421<br>(339) 970-9283 |