UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ AND LUIS GORDILLO, ET AL., individually and on behalf of all others similarly situated,<br><br>Petitioner-Plaintiffs,<br><br>v.<br><br>KIRSTJEN M. NIELSEN, ET AL.,<br><br>Respondent-Defendants. | C.A. No. 18-10225-MLW |

ORDER

WOLF, D.J.                                                                     October 11, 2018

For the reasons stated in court on October 9, 2018 and in the lobby conference that followed it, it is hereby ORDERED that:

1. The parties shall confer and, by October 15, 2018 at 12:00 noon, jointly if possible, but separately if necessary, report on the following issues, and for those issues on which they do not agree, propose a schedule for all briefing, including any replies and sur-replies, to be completed by November 20, 2018:

    (a) Whether they have reached an agreement to resolve or stay this case.

    (b) If not, what conduct petitioners allege Immigration and Customs Enforcement ("ICE") is performing or failing to perform that affects a whole class of persons. See Fed. R. Civ. P. 23(b)(2).

    (c) Whether the respondents contend that the court lacks jurisdiction to decide the issue(s) raised by such conduct pursuant to 8 U.S.C. §1252(f)(1).

    (d) If the court has jurisdiction concerning any such issue(s), whether discovery is required because "the facts relevant to any of the [class] certification requirements are disputed" or "the opposing party contends that proof of the claims or defenses unavoidably raises individual issues." See Manual for Complex Litigation, Fourth, §21.14; William B. Rubenstein, 3 Newberg on Class Actions §7:15 (5th ed.).

    (e) If the court has jurisdiction and petitioners' claims are eligible for class certification under Federal Rule of Civil Procedure 23(b)(2), whether any additional discovery should be conducted before the motion for class certification is decided, with a description of any such discovery.

    (f) Whether petitioners now request discovery concerning the merits of their individual claims.

    2. A hearing on any pending motion(s) will begin on December 6, 2018, and continue on December 7, 2018 if necessary.

    3. Respondents' request in the October 3, 2018 Joint Report (Docket No. 162 at 5-6) to file, by October 16, 2018, an answer to petitioners' Amended Complaint (Docket No. 27) is ALLOWED.

4. As agreed by the parties, petitioners' Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Docket No. 49) is STAYED until January 11, 2019. The parties shall confer and report, by December 20, 2018, whether they request an extension of the stay or whether it should be lifted.

5. Respondents need not respond to the October 5, 2018 requests for discovery. The parties shall not serve any additional requests for discovery unless a motion to do so is allowed.

6. The parties shall order the transcript of the October 9, 2018 hearing and lobby conference on an expedited basis.

_____
UNITED STATES DISTRICT JUDGE