## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al.,<br><br>Individually and on behalf of all others similarly situated,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>KIRSTJEN M. NIELSEN, et al.,<br><br>Defendants-Respondents. | No. 1:18-cv-10225-MLW |

## JOINT REPORT

This Court has ordered the parties to confer and report, by noon on October 15, 2018, on:

(a)     Whether they have reached an agreement to resolve or stay this case.

(b)     If not, what conduct petitioners allege Immigration and Customs Enforcement ("ICE") is performing or failing to perform that affects a whole class of persons.

(c)     Whether the respondents contend that the court lacks jurisdiction to decide the issue(s) raised by such conduct pursuant to 8 U.S.C. §1252(f)(1).

(d)     If the court has jurisdiction concerning any such issue(s), whether discovery is required because "the facts relevant to any of the [class] certification requirements are disputed" or "the opposing party contends that proof of the claims or defenses unavoidably raises individual issues."

(e)     If the court has jurisdiction and petitioners' claims are eligible for class certification under Federal Rule of Civil Procedure 23(b)(2), whether any additional discovery should be conducted before the motion for class certification is decided, with a description of any such discovery.

(f)     Whether petitioners now request discovery concerning the merits of their individual claims.

Oct. 11, 2018 Order (Dkt. No. 168) at 1-2 (citations omitted).  The Court further ordered that the

parties "propose a schedule for all briefing, including any replies and sur-replies, to be completed

by November 20, 2018."  *Id.* at 1.  The parties met and conferred on October 11, 2018 and have

further communicated via e-mail, to discuss these issues.

> **(a)**     **Whether the parties have reached an agreement to resolve or stay this case.**

The parties have discussed settlement and continue to do so, but they have not yet

reached any agreement.

> **(b)**     **What conduct petitioners allege Immigration and Customs Enforcement ("ICE") is performing or failing to perform that affects a whole class of persons.**

Petitioners' Statement:

When it expanded the provisional waiver process in 2016, the Department of Homeland

Security ("DHS") took action with regard to an entire class of people – it made certain

noncitizens with final orders of removal eligible to seek lawful status under that process.  By

rendering the provisional waiver process a nullity, ICE, too, "has acted or refused to act on

grounds that apply generally to the class …."  Fed. R. Civ. P. 23(b)(2).

Respondents' legal position is that ICE may detain and remove any final-order noncitizen

who is eligible to seek lawful status under the 2016 regulations without considering the

provisional waiver process at all, and that it may use applicants' efforts to gain legal status to

lure them in to a government office for arrest.  Consequently, ICE's practice has entailed

arresting, detaining, and removing (or attempting to remove) Petitioners and putative class

members without consideration of their pursuit of legal status through the provisional waiver

process.  The question in this case is whether ICE must, in the ordinary course, allow Petitioners

and putative class members to pursue the provisional waiver process within the United States

with their families.  Petitioners contend that ICE's class-wide conduct violated the provisional

waiver regulations, the APA, the Due Process Clause, and the Fifth Amendment, and therefore "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Id.*

> **(c)** **Whether the respondents contend that the court lacks jurisdiction to decide the issue(s) raised by such conduct pursuant to 8 U.S.C. §1252(f)(1).**

Respondents' Statement**:**

Because Petitioners seek to enjoin the operation of 8 U.S.C. § 1231 on a class wide basis, Respondents contend that this Court lacks jurisdiction to certify Petitioners' proposed class. *See generally Jennings v. Rodriguez,* 138 S. Ct. 830, 851 (2018). In *Rodriguez v. Hayes,* the Ninth Circuit held that § 1252(f)(1) did not affect its jurisdiction over certain statutory claims because the claims did not "seek to enjoin the operation of the immigration detention statutes, but to *enjoin conduct . . . not authorized by the statues.* 591 F.3d 1105, 1120 (9th Cir. 2010) (emphasis added). In reference to this holding, the Supreme Court stated that the Ninth Circuit's reasoning "does not seem to apply to an order granting relief on *constitutional* grounds." *Jennings,* 138 S. Ct. at 851 (emphasis added). Additionally, the Supreme Court questioned whether a district court, lacking jurisdiction under Section 1252(f)(1) to grant injunctive relief, could grant the *corresponding* declaratory relief under Rule 23(b)(2). *See Jennings,* 138 S. Ct. at 851 ("if the Court of Appeals concludes that it may issue only declaratory relief, then the Court of Appeals should decide whether that remedy can sustain the class on its own") (citing Rule 23(b)(2) (requiring "that final injunctive relief or *corresponding* declaratory relief [be] appropriate respecting the class as a whole")). Accordingly, while the direct question on Section 1252(f)(1) was remanded to the district court to decide in the first instance, the Supreme Court provided a persuasive framework for concluding that Petitioners' proposed class is not sustainable.

Petitioners' Statement:

At class certification, the Court need decide only whether *some* class-wide relief is consistent with § 1252(f)(1).  *See Rodriguez v. Hayes*, 591 F.3d 1105, 1119 (9th Cir. 2010) ("Section 1252(f) cannot bar certification of the class unless it bars the proposed class from receiving any class relief.  It is simply not the case that Section 1252(f) bars Petitioner from receiving declaratory relief on behalf of the class."), *rev'd on other grounds, sub nom Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).  Particularly because § 1252(f)(1) plainly does not apply to declaratory relief, the question whether particular injunctive relief is consistent with § 1252(f)(1) may be addressed at an appropriate time in the context of any specific injunction being contemplated.  Moreover, as stated in Petitioners' reply brief in support of class certification, § 1252(f)(1) does not bar class-wide injunctive relief in this case because: (1) it does not prevent the Court from enjoining the unlawful application of the Immigration and Nationality Act's detention and removal authority; and (2) it does not apply to habeas actions.  *See* Dkt. No. 113 at 10-14.

**(d)    If the court has jurisdiction concerning any such issue(s), whether discovery is required because "the facts relevant to any of the [class] certification requirements are disputed" or "the opposing party contends that proof of the claims or defenses unavoidably raises individual issues."**

Petitioners' Statement:

No discovery relevant to whether the putative class meets the requirements of Rule 23(a) or (b)(2) is required prior to a decision on class certification.  There is substantial factual evidence demonstrating, and no dispute regarding, ICE's practice of arresting, detaining, and removing class members without consideration of their pursuit of legal status through the provisional waiver process.  *See* Oct. 9, 2018 Hr'g Tr. at 17:3-15 (ICE was "not fully considering the provisional waiver process in every single case.").  As demonstrated in Respondents'

4

Opposition to Petitioners' Motion for Class Certification, there are no factual disputes regarding Rule 23's requirements; Respondents oppose the Motion on purely legal grounds. *See, e.g.*, Dkt. No. 99 at 6 (arguing that the likelihood of different outcomes in the provisional waiver process "prevent this Court from generating common answers").

Respondents' Position:

      Respondents agree that no precertification discovery is necessary.

**(e)**    **If the court has jurisdiction and petitioners' claims are eligible for class certification under Federal Rule of Civil Procedure 23(b)(2), whether any additional discovery should be conducted before the motion for class certification is decided, with a description of any such discovery.**

      For the reasons stated above in Section (d), the parties agree that no further discovery is required before the motion for class certification is decided.

**(f)**    **Whether petitioners now request discovery concerning the merits of their individual claims.**

      Petitioners anticipate that they may seek to proceed with discovery relevant to the individual Petitioners' claims, and they will discuss any requests with Respondents before notifying the Court.

**Proposed schedule for briefing**

The parties propose the following briefing schedule:

| Event | Petitioners' Proposed Deadline |
|---|---|
| Petitioners' updated memorandum in support of their Motion for Class Certification | October 24, 2018 |
| Respondents' updated memorandum in opposition to the Motion for Class Certification, including addressing the vesting issue | November 7, 2018 |

| Petitioners' reply memorandum, including responding with regard to the vesting issue | November 14, 2018 |
|---|---|
| Respondents' sur-reply | November 20, 2018 |

ActiveUS 170233031v.1

Respectfully submitted this 15th day of October, 2018.

*Counsel for the Respondents*

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

MONIQUE T. PEOPLES
Senior Litigation Counsel

/s/*Mary L. Larakers*
MARY L. LARAKERS
(Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

EVE A. PIEMONTE, BBO No. 628883
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Eve.Piemonte@usdoj.gov

*Counsel for the Petitioners*

/s/ *Kevin S. Prussia*
Kevin S. Prussia (BBO # 666813)
Michaela P. Sewall (BBO # 683182)
Jonathan A. Cox (BBO # 687810)
Stephen Provazza (BBO # 691159)
Colleen M. McCullough (BBO # 696455)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000
kevin.prussia@wilmerhale.com
michaela.sewall@wilmerhale.com
jonathan.cox@wilmerhale.com
stephen.provazza@wilmerhale.com

Matthew R. Segal (BBO # 654489)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283

ActiveUS 170233031v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 15, 2018, a true copy of the foregoing will be

electronically filed with the Clerk of Court using the CM/ECF system, which will then send a

notification of such filing (NEF).

*/s/ Mary L. Larakers*
Trial Attorney

ActiveUS 170233031v.1