# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Petitioners, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, et al., <br><br> Respondents. | Civil Action No. 1:18-cv-10225-MLW <br><br> **RESPONDENTS' ANSWER** |

## INTRODUCTION

1. This paragraph is a characterization of Petitioners' lawsuit to which no response is required. To the extent a response is required, Respondents admit the allegation that the Petitioners are married couples, each comprising one U.S. citizen and one noncitizen with a final order of removal; Respondents deny the remaining allegations in this paragraph.[1]

2. This paragraph is a characterization of Petitioners' lawsuit to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

3. This paragraph is a characterization of Petitioners' lawsuit and conclusions of law, to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

4. This paragraph is a characterization of Petitioners' lawsuit to which no response is required. To the extent a response is required, Respondents deny the allegations in this paragraph.

## PARTIES

5. Respondents admit the allegations in the first sentence of this paragraph. Respondents deny the allegations in the second sentence of this paragraph as Ms. Calderon Jimenez's stay of removal now expires on August 15, 2019. Respondents admit the remaining allegations in the paragraph.

6. Respondents deny the allegations in the first sentence of this paragraph. Respondents aver that Petitioner Lucimar de Souza was apprehended by ICE on January 30, 2018, not

---

[1] Footnote 1 in this paragraph contains Petitioners' characterization of the parties to which no response is required.

January 30, 2016 (as asserted in the Amended Complaint). Additionally, Lucimar de Souza is no longer detained at the Suffolk County House of Corrections, as ICE released her from immigration custody on May 8, 2018. Respondents admit the remaining allegations in this paragraph.

7. Respondents deny the allegation contained in the first sentence of this paragraph. Respondents aver that Petitioner Sandro de Souza is no longer subject to GPS monitoring. Respondents admit the allegations contained in the rest of the paragraph.

8. Respondents deny the allegation contained in the first sentence of this paragraph. Respondents aver that Petitioner Oscar Rivas is no longer subject to GPS monitoring. Respondents admit the allegations contained in the rest of the paragraph.

9. Respondents admit the allegations contained in this paragraph.

10. Respondents admit that Kirstjen M. Nielsen was sued in her official capacity as Secretary of Homeland Security. The remainder of paragraph 10 constitutes Petitioners' characterization of the Secretary's function and responsibility, to which no response is required. To the extent the Court requires a response, Respondents aver that the Secretary of Homeland Security is responsible for the administration and enforcement of the immigration laws of the United States except as to functions conferred by law upon other officials.

11. Respondents deny that Thomas D. Homan is currently the Acting Director for Immigration and Customs Enforcement ("ICE"), as Ronald D. Vitiello, is currently Acting Director for ICE. Respondents admit that Mr. Vitiello is sued in his official capacity.

12. Respondents deny that Thomas Brophy is the Acting Field Office Director for the ICE-ERO Boston, as Todd Lyons is currently the Field Office Director for the ICE-ERO Boston Field Office. Respondents admit that Mr. Lyons is sued on his official capacity.

13. Respondents admit that Yolanda Smith is the Superintendent of the Suffolk County House of Corrections and that Ms. Smith was Ms. Calderon's direct custodian until February 13, 2018. Respondents deny Ms. Smith is is Ms. Lucimar de Souza's direct custodian currently as she was released from immigration custody on May 8, 2018. Respondents admit that Ms. Smith is sued in her official capacity.

14. Respondents admit that Steven W. Tompkins is the Sheriff of Suffolk County and that he was Ms. Calderon's direct custodian until February 13, 2018. Respondents deny that Sheriff Tompkins is Lucimar de Souza's direct custodian currently as she was released from immigration custody on May 8, 2018. Respondents admit that Sheriff Tompkins is sued in his official capacity.

15. Respondents admit the allegations in this paragraph.

## JURISDICTION AND VENUE

16. This paragraph is a characterization of Petitioners' statement on jurisdiction to which no response is required.

17. This paragraph is a characterization of Petitioners' statement on venue to which no response is required.

## STATUTORY AND REGULATORY BACKGROUND

18. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Respondents deny all allegations in this paragraph.

19. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Respondents deny all allegations in this paragraph.

20. This paragraph consists of legal conclusions for which no response is required. The regulations referenced speak for themselves.

I. The 2013 Provisional Waiver Regulations

21. This paragraph consists of Petitioners' conclusions of law to which no response is required.[2] TThe statutes referenced speak for themselves.

22. This paragraph consists of Petitioners' conclusions of law to which no response is required. The regulations referenced speak for themselves.

23. This paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves.

24. This paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves.

25. This paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves.

II. The 2016 Provisional Waiver Regulations

26. This paragraph consists of conclusions of law to which no response is required. The statutes referenced speak for themselves.[3]

27. This paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves.

---

[2] Footnote 2 in this paragraph contains Petitioners' conclusions of law to which no response is required.
[3] Footnote 3 in this paragraph contains Petitioners' conclusions of law to which no response is required.

28. This paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves.

29. This paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves.

III. The Stateside Provisional Waiver Application Process

30. This paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves.

31. This paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves.

32. This paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves.

33. This paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves.[4]

34. This paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves.

35. This paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves.

36. The first sentence of this paragraph consists of conclusions of law to which no response is required. The regulations referenced speak for themselves. For the second sentence, Respondents are without sufficient knowledge or information to form a belief as to the

---

[4] Footnote 4 in this paragraph contains Petitioners' conclusions of law to which no response is required.

truth of the allegation that the period of time of separation from his family is approximately one month, and on that basis, denies this allegation.

## FACTUAL ALLEGATIONS

37. Respondents deny the allegations contained in this paragraph.

I. Petitioner Lilian Pahola Calderon Jimenez and Luis Alberto Gordillo

38. Respondent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, on that basis, denies them.

39. Respondents admit the allegations contained in this paragraph.

40. Respondents admit the allegations contained in this paragraph.[5]

41. Respondents admit the allegations contained in this paragraph.

42. Respondents admit the allegations contained in this paragraph.

43. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, on that basis, denies them.

44. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of this paragraph, and on that basis, deny them. Respondents admit the allegations contained in the rest of the paragraph.

45. Respondents admit the allegations contained in this paragraph.

46. Respondents admit the allegations contained in this paragraph.

47. Respondents admit the allegations contained in this paragraph.

48. This paragraph contains Petitioners' characterization of the I-130 interview, to which no response is required. Insofar as a response is required, Respondents admit that the

---

[5] Respondents admit the allegations contained in this footnote.

interview notice instructed Ms. Calderon and Mr. Gordillo to bring proof of their marital relationship, their children's birth certificates, and other documents.

49. Respondents admit the allegations contained in this paragraph.

50. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, on that basis, deny them.

51. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, on that basis, deny them.

52. Respondents deny the allegations in this paragraph.

53. This Paragraph contains Petitioners' characterization of USCIS's approval of Petitioners' Form I-130, to which no response is required. Insofar as a response is required, Respondents admit that USCIS approved Petitioners' Form I-130.

54. Respondents deny the allegations contained in this paragraph. Respondents aver ICE utilized the Risk Classification Assessment to assist in making Ms. Calderon's detention determination. Respondents further assert that the RCA determined Calderon was a flight risk based on an individualized assessment of the unique factors of her case, including but not limited to, her final order of removal, the BIA's dismissal of her appeal, and her failure to comply with the previous voluntary departure order.

55. Respondents deny the allegations in this paragraph. Respondents aver that ICE did consider "[t]he availability of bed space and lack of child-care issues . . . and determined to weigh in favor of detention."

56. Respondents admit the allegations contained in this paragraph.[6]

---

[6] Footnote 6 contains Petitioners' cite to the Executive Order 13768 of January 25, 2017, to which no response is required.

57. Respondents deny the allegations in this paragraph.

58. Respondents admit that Ms. Calderon was released without conditions on February 13, 2018, and granted a three-month stay of removal. The rest of this paragraph contains Petitioners' characterization of the decision to release Ms. Calderon, to which no response is required.

59. Respondents admit the allegations contained in this paragraph aside from the allegations contained in footnote 7.[7]

60. Respondents deny the allegations contained in this paragraph. While the first sentence was accurate at the time of the Amended Complaint, Ms. Calderon's stay of removal now expires on August 15, 2019.

II. Petitioners Lucimar de Souza and Sergio Francisco.

61. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny them.

62. Respondents admit that Ms. Lucimar de Souza is subject to a final order of removal and that she was detained at the time the Amended Complaint was filed. However, she is not currently detained. Respondents admit the remaining allegation in this paragraph.

63. Respondents admit the first sentence of this paragraph. Respondents deny the second sentence of this paragraph. The Respondents admit the third sentence of this paragraph.

64. Respondents admit the allegations contained in this paragraph.

65. Respondents admit the allegations contained in this paragraph.

---

[7] While footnote 7 was accurate at the time of the Amended Complaint, the Board of Immigration Appeals has now ruled on Ms. Calderon's motion to reopen – denying such motion on May 16, 2018. Accordingly, Respondents deny the allegations in this footnote.

66. Respondents admit the first sentence in this paragraph. While accurate at the time of the Amended Complaint, Ms. De Souza is not currently detained at the Suffolk County House of Corrections in Boston, and as such, Respondents deny the second sentence in this paragraph.

67. Respondents admit the first sentence in this paragraph. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second and third sentences of this paragraph, and on that basis, deny them. As to the last sentence, while accurate at the time of the Amended Complaint, the Board of Immigration Appeals has now ruled on Ms. De Souza's motion to reopen – denying such motion on April 13, 2018.

68. Respondents admit the first sentence in this paragraph. Respondents deny the second sentence as ICE released Ms. De Souza on an Order of Supervision on or about May 9, 2018.

69. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny them.

70. Respondents deny the allegations in this paragraph.

71. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny them.

III. Petitioners Sandor de Souza and Carmen Sanchez

72. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny them.

73. Respondents admit the allegations in this paragraph aside from the allegation that Mr. Sandro de Souza has been ordered to depart the United States by April 24, 2018. While

accurate at the time the Amended Complaint was filed, Mr. Sandro de Souza is no longer under an order to depart the United States by April 24, 2018.

74. Respondents admit the first sentence of this paragraph.  Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of this paragraph, and on that basis, deny them.

75. Respondents admit the allegations contained in this paragraph.

76. Respondents admit the allegations contained in this paragraph.

77. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of this paragraph, and on that basis, deny them.  Respondents admit the second sentence in this paragraph.

78. Respondents admit the allegations contained in the first sentence of this paragraph.  The Respondents deny the second allegation as the BIA declined to reopen Mr. Sandro de Souza's case for multiple reasons, not simply because Ms. Sanchez's I-130 was pending.

79. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of this paragraph, and on that basis, deny them. Respondents admit the allegations contained in the second sentence of this paragraph.

80. Respondents admit the allegations contained in this paragraph.

81. Respondents admit the allegations contained in this paragraph.

82. Respondents admit the allegations contained in the first three sentences of this paragraph.  The Respondents deny the allegations contained in the last sentence of this paragraph.

83. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny them.

IV. Petitioners Oscar Rivas and Celina Rivera Rivas

84. Respondents admit the allegations contained in this paragraph.

85. Respondents admit the allegations in this paragraph were accurate at the time the Amended Complaint was filed. However, Respondents aver that Mr. Rivas is no longer under instruction from ICE to depart by May 2, 2018.

86. Respondents admit the first sentence of this paragraph and admit that Mr. Rivas entered the United States in 2006 at the age of 18. Respondents are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis, deny them.

87. Respondents admit the allegations contained in this paragraph.

88. Respondents admit the allegations contained in this paragraph.

89. Respondents admit the allegations contained in this paragraph.

90. Respondents admit the allegations contained in this paragraph.

91. Respondents admit the allegations contained in the first three sentences in this paragraph. Respondents deny the allegations contained in the last sentence as Mr. Rivas' planned departure on May 2, 2018 was canceled by ICE, and therefore, he is not subject to detention and removal for failing to depart.

92. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny them.

V. Petitioners Deng Gao and Amy Chen

93. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny them.

94. Respondents admit that Mr. Gao is subject to a final order of removal and that Ms. Chen is a U.S. citizen. Respondent is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the rest of this paragraph, and on that basis, deny them.

95. Respondents admit that Mr. Gao is a native of China and arrived in the United States in 2005 on a K-3 visa but is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the rest of this paragraph, and on that basis, deny them.

96. Respondents admit that Mr. Gao missed a hearing before an immigration judge on September 10, 2008 and that he was ordered removed. However, Respondent's deny that Mr. Gao never received notice of the hearing. Specifically, an Immigration Judge in the New York, New York Immigration Court found on August 18, 2017 that Mr. Gao received proper notice of his June 24, 2008 and September 9, 2008 hearings and therefore was not entitled to a rescission of his *in absentia* removal order.

97. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny them.

98. Respondents admit the first sentence in this paragraph. Respondents acknowledge that Mr. Gao's appeal was pending at the time the Amended Complaint was filed, but aver that the Board of Immigration Appeals dismissed his appeal on May 10, 2018, and as such, deny the second sentence in the paragraph.

99. Respondents admit the allegations in this paragraph.

100. Respondents are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny them.

## CLASS ACTION ALLEGATIONS

101.     This paragraph contains Petitioners' characterization of their case, to which no response is required. Insofar as a response is required, Respondents deny the allegations contained in this paragraph.

102.     Respondents admit the allegations contained in this paragraph.

103.     Respondents admit the allegations contained in this paragraph.

104.     This paragraph consists of Petitioners' characterization of this case and legal arguments to which no response is required. To the extent a response is required, Respondents deny all allegations.

105.     This paragraph consists of legal arguments to which no response is required. To the extent a response is required, Respondents deny all allegations.

106.     This paragraph consists of legal arguments to which no response is required. To the extent a response is required, Respondents deny all allegations.

107.     This paragraph consists of legal arguments to which no response is required. To the extent a response is required, Respondents deny all allegations.

108.     This paragraph consists of legal arguments to which no response is required. To the extent a response is required, Respondents deny the allegations.

109.     This paragraph consists of legal arguments to which no response is required. To the extent a response is required, Respondents deny all allegations

## ALLEGATIONS RELATING TO [ALLEGED] ANIMUS

110.     Respondents deny the allegations contained in this paragraph.[8]

---

[8] Footnotes 8, 9, and 10 contain legal arguments to which no response is required. To the extent a response is required, Respondents deny these remaining allegations.

111.     Respondents deny the allegations in this paragraph.[9]

## [ALLEGED] CLAIMS FOR RELIEF

### Count 1- Immigration and Nationality Act and Applicable Regulations

112.     Respondents repeat and re-allege the answers to paragraphs 1 through

113.     111 of the Amended Complaint as if fully set forth herein. Paragraph 113 is a legal conclusion for which no response is required.  The statutes speak for themselves.

114.     Paragraph 114 is a legal conclusion to which no response is required.  The regulations speak for themselves.

115.     Respondents deny the allegations contained in this paragraph.

### Count 2 – Due Process and the U.S. Constitution

116.     Respondents repeat and re-allege the answers to paragraphs 1 through

117.     115 of the Amended Complaint as if fully set forth herein.  This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Respondents deny all allegations.

118.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Respondents deny all allegations.

119.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Respondents deny all allegations.

120.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Respondents deny the allegations contained in this paragraph.

### Count 3 – Equal Protection and the U.S. Constitution

---

[9] Respondents deny the allegations contained in footnotes 11 through 16.

121. Respondents repeat and re-allege the answers to paragraphs 1 through

122. 120 of the Amended Complaint as if fully set forth herein. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Respondents deny the allegations contained in this paragraph.

### Count 4 – Administrative Procedure Act

123. Respondents repeat and re-allege the answers to paragraphs 1 through

124. 122 of the Amended Complaint as if fully set forth herein. Paragraph 124 is a statement of law to which no response is required. To the extent a response is required, Respondents deny all allegations.

125. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Respondents deny the allegations contained in this paragraph.

126. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Respondents deny the allegations contained in this paragraph.

127. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Respondents deny the allegations contained in this paragraph.

### Count 5 – Immigration and Nationality Act and Applicable Regulations
### (as [allegedly] applied to individuals in detention)

128. Respondents repeat and re-allege the answers to paragraphs 1 through

129. 127 of the Amended Complaint as if fully set forth herein. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Respondents deny the allegations contained in this paragraph.

130.    This paragraph consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Respondents deny the allegations contained in this paragraph.

131.    This paragraph consists of legal argument to which no response is required. To the extent a response is required, Respondents deny the allegations contained in this paragraph.

### Count 6 – Due Process and the U.S. Constitution
### (as [allegedly] applied to individuals in detention)

132.    Respondents repeat and re-allege the answers to paragraphs 1 through

133.    131 of the Amended Complaint as if fully set forth herein. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Respondents deny the allegations contained in this paragraph.

134.    This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Respondents deny the allegations contained in this paragraph.

135.    This paragraph consists of legal argument to which no response is required. To the extent a response is required, Respondents deny the allegations contained in this paragraph.

136.    This paragraph consists of legal argument to which no response is required. To the extent a response is required, Respondents deny the allegations contained in this paragraph.

### REQUEST FOR ORAL ARGUMENT

137.    This paragraph contains Petitioner's request for argument to which no response is required. Respondents offer no objection to oral argument.

## [ALLEGED] PRAYER FOR RELIEF

The remainder of Petitioners' Amended Complaint is a prayer for various forms of relief. Respondents deny that Petitioners are entitled to any relief whatsoever.

WHEREFORE, the Court should enter judgment in favor of Respondents, and award Respondents such other relief as the Court deems proper.

## GENERAL DENIAL

Respondents deny each and every allegation contained in the Amended Complaint not specifically admitted in this Answer.  Respondents reserve the right to amend this Answer if further facts are developed or if errors in drafting this Answer are discovered.

## AFFIRMATIVE DEFENSES

Respondents reserve the right to raise any of the affirmative defenses set forth in Federal Rule of Civil Procedure 8, should any subsequent discovery disclose facts that support those defenses. Respondents reserve the right to prepare and plead any and all defenses which may become applicable during the course of this litigation.

DATED:  October 16, 2018         Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

ELIANIS N. PEREZ
Assistant Director

*/s/ Mary L. Larakers*.
MARY L. LARAKERS
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station

Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

ATTORNEYS FOR RESPONDENTS

## **CERTIFICATE OF SERVICE**

     I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: October 16, 2018

/s/ Mary L. Larakers
Mary L. Larakers
Trial Attorney