# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., | )<br>)<br>)<br>) |
| Plaintiffs-Petitioners, | )<br>)<br>) |
| v. | )<br>) |
| KIRSTJEN M. NIELSEN, et al., | )<br>)<br>) |
| Defendants-Respondents. | )<br>)<br>)<br>) |

No. 1:18-cv-10225-MLW

## RESPONDENTS' UPDATED MEMORANDUM IN FURTHER SUPPORT OF THEIR OPPOSITION TO PETITIONERS' MOTION FOR CLASS CERTIFICATION

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

FACTUAL AND PROCEDURAL HISTORY ....................................................3

ARGUMENT ........................................................................................................3

   I.   ALIENS HAVE AN ENTITLEMENT TO HAVE THE PROVISIONAL
       WAIVER PROCESS CONSIDERED ONLY IF THEY HAVE AN
       APPROVED I-212 AND ARE SUBJECT TO ONLY THE UNLAWFUL
       PRESENCE GROUND OF INADMISSIBILITY...................................3

   II.  SECTION 1252(f)(1) ELIMINATES THE COURT'S JURISDICTION
       TO ENJOIN THE NORMAL OPERATION OF SECTION 1231 ON A
       CLASS WIDE BASIS. .........................................................................9

       A.    Petitioners' requested relief would enjoin the
            "operation" of section 1231(a)(6). ...........................................10

       B.    Section 1252(f)(1) prohibits class wide injunctions and
            corresponding declaratory relief under Rule 23(b)(2). .............11

   III. THE PROPOSED CLASS DOES NOT MEET THE REQUIREMENTS
       UNDER RULE 23(a). ..........................................................................13

       A.    Petitioners' proposed class is overbroad because it includes
            members who have suffered no injury......................................14

       B.    Petitioners fails to establish commonality because their claims
            cannot be answered on a common basis. ..................................15

       C.    Petitioners' due process claims relating to detention and removal
            are not capable of a uniform disposition and uniform remedy. ................16

       D.    Petitioners' remaining claims are not capable of a uniform disposition
            and uniform remedy...............................................................21

       E.    The proposed class is not typical and the class representatives
            cannot fairly and adequately represent the interests of the class
            under Rule 23(a)(3) & (a)(4)...................................................23

   IV. THIS COURT SHOULD NOT CERTIFY THIS CASE AS A
       REPRESENTATIVE HABEAS ACTION. ..........................................24

CONCLUSION.....................................................................................................25

# TABLE OF AUTHORITIES

## CASES

*Accardi v. Shaughnessy,*
   347 U.S. 260 (1954) ......................................................................................... 5

*Aguilar v. ICE,*
   510 F.3d 1 (1st Cir. 2007) .................................................................... *passim*

*Anchem Prods., Inc. v. Windsor,*
   521 U.S. 591 (1997) ................................................................................. 23, 24

*Arevalo v. Ashcroft,*
   344 F.3d 1 (1st Cir. 2003) ............................................................................. 4

*Clark v. Martinez,*
   543 U.S. 371 (2005) ...................................................................................... 19

*Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.,*
   98 F.R.D. 254 (D. Del. 1983) ...................................................................... 11

*Gen. Tel. Co. of Southwest v. Falcon,*
   457 U.S 147 (1982) ...................................................................................... 23

*Goncalves v. Reno,*
   144 F.3d 110 (1st Cir. 1998) ......................................................................... 5

*Goss v. Lopez,*
   419 U.S. 565 (1975) ...................................................................................... 16

*Gratz v. Bollinger,*
   539 U.S. 244 (2003) ...................................................................................... 22

*In re TJX Companies Retail Sec. Breach Litig.,*
   246 F.R.D. 389 (D. Mass 2007) ................................................................... 14

*Jennings v. Rodriguez,*
   138 S. Ct. 838 (2018) ............................................................................ *passim*

*Kentucky Dept. of Corrections v. Thompson,*
   490 U.S. 454 (1989) ............................................................................... 4, 5, 6

*Landon v. Plasencia,*
   459 U.S. 21 (1982) ..................................................................... 17, 20, 21, 22

*Lujan v. Defenders of Wildlife,*
  504 U.S. 555 (1992) ........................................................................................... 14, 15

*Marcus v. BMW of North America, LLC,*
  687 F.3d 583 (3d. 2012) .......................................................................................... 23

*Matthews v. Eldridge,*
  424 U.S. 319 (1976) ................................................................................................ 16

*Monteferrante v. Williams-Sonoma, Inc.,*
  241 F. Supp. 3d 264 (D. Mass. 2017) ..................................................................... 14

*Pagan v. Dubois,*
  884 F. Supp. 25 (D. Mass. 1995) ...................................................................... 14, 15

*Planned Parenthood of Southeastern Pennsylvania v. Casey,*
  505 U.S. 833 (1992) ................................................................................................ 16

*Reid v. Donelan,*
  2018 WL 4000993 (1st Cir. 2018) .......................................................................... 12

*Reid v. Donelan,*
  2018 WL 5269992 (D. Mass. Oct. 23, 2018) .......................................................... 12

*Santana v. Holder,*
  731 F.3d 50 (1st Cir. 2013) ....................................................................................... 5

*Smilow v. Southwestern Bell Mobile Systems, Inc.,*
  323 F.3d 32 (1st Cir. 2003) ............................................................................... 13, 14

*United States ex rel. Sero v. Preiser,*
  506 F.2d 1115 (2d Cir. 1974) ............................................................................ 24, 25

*Wal-Mart Stores, Inc. v. Dukes,*
  564 U.S. 338 (2011) ................................................................................. 13, 14, 15, 16

*Zadvydas v Davis,*
  533 U.S. 678 (2001) ................................................................................. 18, 19, 20, 22

## ADMINISTRATIVE DECISIONS

*Matter of Martinez-Torres,*
  10 I&N Dec. 776 (BIA 1964) .................................................................................... 8

## STATUTES

8 U.S.C. § 1182(a) ............................................................................................... 8

8 U.S.C. § 1182(a)(6)(B) ..................................................................................... 8

8 U.S.C. § 1182(a)(9)(B) ..................................................................................... 4

8 U.S.C. § 1182(c) ............................................................................................... 5

8 U.S.C. § 1231 ................................................................................................. 10

8 U.S.C. § 1231(a)(6) ............................................................................. 10, 18, 20

8 U.S.C. § 1252(f)(1) ................................................................................. *passim*

## RULES

Fed. R. Civ. P. 23 ............................................................................................... 2

Fed. R. Civ. P. 23(a) ..................................................................................... 2, 13

Fed. R. Civ. P. 23(a)(2) ................................................................................... 15

Fed. R. Civ. P. 23(a)(3) ................................................................................... 23

Fed. R. Civ. P. 23(a)(4) ................................................................................... 23

Fed. R. Civ. P. 23(b) ................................................................................. 11, 13

Fed. R. Civ. P. 23(b)(2) ............................................................................. 11, 12

## REGULATIONS

8 C.F.R. § 212.7 ................................................................................................. 2

8 C.F.R. § 212.7(e) ......................................................................................... 1, 6

8 C.F.R. § 212.7(e)(3)(iii) ............................................................................... 6, 7

8 C.F.R. § 212.7(e)(4)(i) ................................................................................. 1, 3

8 C.F.R. § 212.7(e)(4)(iv) ................................................................................. 6

8 C.F.R. § 212.7(e)(4)(vi) ............................................................................... 1, 3

8 C.F.R. § 212.7(e)(14)(i) ................................................................................. 7

8 C.F.R. § 241.4 ................................................................................. 2, 20, 21, 23

## **OTHER AUTHORITIES**

7AA Charles Alan Wright & Arthur R. Miller,  Fed. Prac. & Proc. § 1775
  (3d. ed. 2008) ............................................................................................. 11

16B Am. Jur. 2d *Constitutional Law* § 957 ....................................................... 4

Expansion of Provisional Unlawful Presence Waivers of Inadmissibility
  81 Fed. Reg. 146 (July 29, 2016) .................................................................... 1

"Order," Webster's Third New International Dictionary (2002)....................................... 10

Provisinal Unlawful pressence Waivers of Inadmissibility for Certain Immediate
  Relatives
  81 Fed. Reg. 2 (January 3, 2013) ................................................................... 6

U.S. Department of State, Foreign Affairs Manuel,
  § 302.9-3(B)(2)(U) .........................................................................................8

**INTRODUCTION**

In its September 21, 2018, order, this Court held that "ICE may not order the removal of an alien pursuing a provisional waiver solely because he or she is subject to a final order of removal." ECF No. 159 at 37. However, any entitlement vests only if the alien: (1) has an approved Form I-212, Application for Permission to Reapply for Admission and (2) upon departure from the United States, will not be inadmissible under the INA other than for unlawful presence. Any entitlement must also be informed by and limited to the provisional waiver regulation's principal purpose, which is to help "individuals who are eligible for an immigrant visa *and otherwise admissible to the United States* but whose family members would experience extreme hardship due to application of certain unlawful presence grounds of inadmissibility." 81 Fed. Reg. 146, 50252 (July 29, 2016) (emphasis added). Only aliens who meet the above requirements fit within this principal purpose.

Despite § 212.7(e)'s clear limit on eligibility, Petitioners' proposed class is far broader than the regulation's scope and purpose. Petitioners seek to certify a class consisting of "any U.S. citizen and his or her noncitizen spouse who (1) has a final order of removal and has not departed the U.S. under that order; (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative, filed by the U.S. citizen spouse; (3) is not "ineligible" for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is within the jurisdiction of the Boston ICE-ERO field office (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine)." ECF No. 47 at 5. The Court should refuse to certify the proposed class for several reasons.

First, as a threshold matter, 8 U.S.C. § 1252(f)(1) precludes the Court from exercising jurisdiction to grant classwide injunctive relief and corresponding declaratory relief. *See generally Jennings v. Rodriguez*, 138 S. Ct. 838, 851 (2018). Second, Petitioners fail to meet Rule 23's express requirements. Particularly, Petitioners' proposed class is impermissibly overbroad because it contains individuals who do not have standing. Nor can they establish Rule 23(a)'s other requirements because Petitioners' sweeping proposed class definition encompasses a broad range of dissimilarly situated individuals whose claims are not common, whose injuries are not typical, and who have different factual bases for their claims. *See* ECF No. 47. The named Petitioners are also inadequate class representatives because some of the named Petitioners have much stronger claims than others. Third, in *Jennings*, the Supreme Court cast doubt on whether due process claims are even amenable to classwide resolution, given the flexibility and individualized inquiry inherent in a Due Process Clause analysis. *See Jennings*, 138 S. Ct. at 851. For these reasons, this Court should deny Petitioners' motion for class certification.

This Court has ruled in part and expressly found that Petitioners have stated claims regarding the interpretation of the Post Order Custody Review Regulations at 8 C.F.R. § 241.4, the interpretation of the Provisional Waiver Regulations at 8 C.F.R. § 212.7, and under the Due Process Clause concerning access to the provisional unlawful presence waiver. ECF Nos. 95, 159. However, this Court has not yet ruled on "the viability of petitioners' other claims regarding removal." ECF No. 159 at 28, 40. Consequently, any proposed class definition, as well as Respondents' arguments against certification, may change as the viability of these claims is determined by the Court, just as this Court's decision denying Respondents' Motion to Dismiss necessitated this supplemental briefing.

Therefore, regardless of whether Petitioners can meet Rule 23 requirements regarding the current proposed class (Respondents maintain that they cannot), this Court should decline to certify a class on the remaining claims[1] until the Court determines that it has jurisdiction over those claims and that those claims state plausible claims for relief.

**FACTUAL AND PROCEDURAL HISTORY**

On April 30, 2018, Petitioners moved to certify the following class: "any U.S. citizen and his or her noncitizen spouse who (1) has a final order of removal and has not departed the U.S. under that order; (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative, filed by the U.S. citizen spouse; (3) is not 'ineligible' for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is within the jurisdiction of the Boston ICE-ERO field office (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine)." ECF No. 47 at 5. Respondents opposed this motion on June 19, 2018. ECF No. 99. After the close of expedited discovery, the parties supplemented their briefing. ECF Nos. 127, 138. On September 21, 2018, this Court issued its written decision denying Respondents' Motion to Dismiss and on October 18, 2018, the Court adopted the parties' briefing schedule allowing this supplemental briefing. ECF Nos. 159, 174.

**ARGUMENT**

    **I. ALIENS HAVE AN ENTITLEMENT TO HAVE THE PROVISIONAL WAIVER PROCESS CONSIDERED ONLY IF THEY HAVE AN APPROVED I-212 AND ARE SUBJECT TO ONLY THE UNLAWFUL PRESENCE GROUND OF INADMISSIBILITY.**

---

[1] Respondents define these "remaining claims" as Count 1 (INA and applicable regulations) to the extent it includes detention claims, Count 3 (equal protection), Count 4 (APA), and Count 6 (due process as applied to individuals in detention).

Procedural due process claims consist of a two part analysis: "(1) whether the plaintiff has a liberty or a property interest that is entitled to procedural due process protection; and (2) if so, what process is due."[2] 16B Am. Jur. 2d Constitutional Law § 957; *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 460 (1989). The issue here concerns the first part of this analysis: when do the named petitioners and putative class members have a cognizable due process interest in applying for and receiving a decision on a provisional unlawful presence waiver application. Any procedural due process right implicated here vests when the alien: (1) has an approved I-212 and (2) upon departure from the United States, will not be inadmissible for any reason other than unlawful presence. *See* 8 U.S.C. § 1182(a)(9)(B).

The individual claiming a protected interest has the burden to show that they "have a legitimate claim of entitlement to it." *Kentucky Dept. of Corrections,* 490 U.S. at 460. To determine whether there is a legitimate claim of such entitlement, courts must "examine closely the language of the relevant statutes and regulations." *Id.* at 461. The Supreme Court requires that a regulation "contain explicitly mandatory language" in order to create a liberty interest. *Id.* at 463. However, when the liberty interest claimed is an interest in applying for available relief, not in receiving the relief itself, courts in the First Circuit have found that the right vests only where the applicant has at least been *eligible to apply* for the relief sought. *See e.g., Santana v. Holder,* 731 F.3d 50, 60 (1st Cir. 2013) (holding that the post-departure bar regulation conflicts with the motion to reopen statute but declining to

---

[2] Under this Court's analysis in its September 21, 2018 decision, the **liberty interest** here is an interest in applying for a provisional unlawful presence waiver and **the process due** is "ICE may only remove an alien who is pursuing a provisional waiver after considering that fact and the policy reasons for the provisional waiver regulations." ECF No. 159 at 28. The issue that must be decided is when does this liberty interest vest?

address, as not presented by the case's facts, whether the alien must timely file the motion to reopen for a right to exist); *Arevalo v. Ashcroft,* 344 F.3d 1, 15 (1st Cir. 2003) (declining to apply statutory relief repeal retroactively because "[d]iscarding her application now would deprive her both of a right that she once had and of the reasonable expectation that she would have had the opportunity to convince the Attorney General to grant her relief."); *Goncalves v. Reno,* 144 F.3d 110 (1st Cir. 1998) (holding that plaintiff's application for relief under former 8 U.S.C. § 1182(c) must be adjudicated where he had been statutorily eligible to and did apply for the relief prior to its statutory repeal and where the presumption against statutory retroactivity applied). This is consistent with the plaintiff in *Accardi* who had also applied for the relief sought. *Accardi v. Shaughnessy,* 347 U.S. 260, 501 (1954).

Importantly, Petitioners do not claim that the statutes and regulations governing the Form I-130 and Form I-212, the two applications required prior to applying for a provisional unlawful presence waiver, create separate liberty interests. *See* ECF No. 27 at ¶¶ 166-20. Rather, they contend the provisional waiver regulations, governing the Form I-601A, create an entitlement, which begins at the *filing* of a Form I-130. *See id.* Accordingly, the narrow question this Court must answer is: whether the *language* of the provisional waiver regulations *creates any legitimate claim of entitlement to apply* for *aliens who are not eligible* to apply for it. *See Kentucky Dept. of Corrections,* 490 U.S. at 461.

The language of the regulations and supporting comments mandate that any due process right must be limited to aliens who are eligible to apply. Any notion of entitlement to apply, as provided by the regulation, must be limited because DHS made clear when adopting the regulations that it did not intend to curtail ICE's authority to execute removal orders. 81 Fed. Reg. 2, 536 (January 3, 2013) ("[T]he filing or approval of a provisional

unlawful presence waiver will *not . . .* protect an alien from being placed in removal proceedings or removed from the United States in accordance with current DHS policies governing initiation of removal proceedings and the use of prosecutorial discretion.") (emphasis in original).[3] In fact, the comments expressly disclaim any "cognizable due process interest *in access to* or eligibility for a discretionary, provisional unlawful presence waiver of inadmissibility." *Id.* at 555 (emphasis added).

Therefore, any due process interest must be limited to those aliens the 2016 regulations were designed to help: "individuals who are eligible for an immigrant visa *and otherwise admissible*[4] *to the United States* but whose family members would experience extreme hardship due to application of certain unlawful presence grounds of inadmissibility." 81 Fed. Reg. 146, 50252. The plain text of the regulations underlines this purpose, requiring that final-order aliens[5] (1) have an approved Form I-212, Application for Permission to Reapply for Admission and (2) "[u]pon departure, would be inadmissible only under [the unlawful presence inadmissibility ground] of the Act" in order to be eligible for the waiver.[6] 8 C.F.R. § 212.7(e)(4)(iv) (requiring an approved I-212); 8 C.F.R. § 212.7(e)(3)(iii) (providing "an alien may be eligible to apply for" the waiver if they are

---

[3] This same phrase was repeated later in the comments. 81 Fed. Reg. 2, 555.

[4] Section 212.7(e) waives only an alien's inadmissibility for being unlawfully present in the United States. 8 C.F.R. § 212.7(e)(3)(iii). Accordingly, "otherwise admissible" in this sentence refers to the alien being inadmissible for no reason other than for unlawful presence.

[5] For the sake of brevity, Respondents' discussion of § 212.7's eligibility requirements is limited to the requirements that are relevant to the proposed class here.

[6] When USCIS adjudicates a provisional waiver application, it no longer determines whether the alien is or will be inadmissible for reasons other than unlawful presence. The reasons for the change are explained in the comments to the 2016 rule. Fed. Reg. Vol. 81, No. 146 at 50253 (noting the confusion that resulted from the reason-to-believe that an applicant may be subject to a different ground of inadmissibility standard).

exclusively inadmissible for unlawful presence). Finally, the regulation itself makes clear that only aliens who meet these eligibility requirements should receive the benefit of the waiver. *See* 8 C.F.R. § 212.7(e)(14)(i) (providing for automatic revocation if the alien is found to be inadmissible by the Department of State for any reason other than unlawful presence).

Limiting the due process interest to those who have an approved Form I-212 is consistent with this Court's September 21, 2018, decision, which cites the provisions of section 212.7 requiring the applicant to submit biometrics, to depart from the United States to obtain an immigrant visa, and requiring USCIS to adjudicate the application. *See* ECF No. 159 at 33. These provisions apply only to aliens who have an approved Form I-212 because only they can apply for a provisional unlawful presence waiver. *See* 8 C.F.R. § 212.7(e)(4)(iv).

Moreover, it makes no practical sense to extend the due process interest to aliens who are inadmissible for reasons other than unlawful presence. Aliens who are inadmissible under several sections of the INA do not ultimately benefit from a provisional waiver because they will be required to apply for waivers for each ground of inadmissibility, if such waive authority exists, from overseas. For these aliens, there is no practical benefit in applying for a provisional waiver because the time they must spend outside the country before seeking re-entry is not ameliorated by receiving a provisional waiver. *See* Exhibit B, Administrative Appeals Office Decision (noting that the applicant was ordered removed *in absentia* and concluding that she is inadmissible and must remain outside the country for five years). Ms. De Souza's and Mr. Gao's cases illustrate this point. Even if they both receive provisional waivers, because they were ordered removed *in*

*absentia*, they will be required to establish they had reasonable cause for failing to attend their removal proceedings to a consular officer in their visa interview. *See id.*; 9 FAM 302.9-3(B)(2)(U).[7] S*ee* ECF No. 98, Ex. F; Exhibit A; 8 U.S.C. § 1182(a)(6)(B). There is no waiver authority for this ground of inadmissibility. *See* 8 U.S.C. § 1182(a)(6)(B). If Ms. De Souza and Mr. Gao are unable to establish reasonable cause, then they must remain outside the United States for five years before immigrating, thereby making any provisional waiver adjudication and approval ineffective for its purposes. *See id.*; *see e.g.,* Exhibit B, Administrative Appeals Office Decision (holding that no purpose would be served in adjudicating an I-601 unlawful presence waiver because of the applicant's inadmissibility under section 212(a)(6)(B)). This analysis is equally applicable to aliens subject to any other grounds of inadmissibility in 8 U.S.C. § 1182(a), including criminal grounds. *Matter of Martinez-Torres,* 10 I&N Dec. 776 (BIA 1964) (holding that no purpose would be served in granting an application for permission to reapply for admission to the United States (Form I-212) because the applicant is inadmissible for trafficking marijuana).

The language of the provisional unlawful presence waiver regulations and supporting comments identify eligibility requirements and purposes that must be considered when determining when any due process interest should vest. That language, at best, only supports extending any due process interest to aliens who are eligible to apply and fall within the principal purpose of the regulations. Therefore, this Court should hold

---

[7] Petitioners' previous arguments on this point are unavailing. *See* ECF No. 113 at 5. Both Ms. De Souza and Mr. Gao failed to attend their removal proceedings and the BIA denied both of their motions to reopen, despite their assertion that they did not receive notice of their removal proceedings that would otherwise exempt them from this ground of inadmissibility. *See* ECF No. 98, Ex. F (the BIA's denial of Mr. Gao's motion to reopen); Exhibit A (the BIA's denial of Ms. De Souza's motion to reopen).

that any due process interest to have the provisional waiver process considered extends only to aliens with final orders of removal who (1) have an approved I-212 and (2) upon departure from the United States, will not be inadmissible for any reason other than unlawful presence.

## II. SECTION 1252(f)(1) ELIMINATES THE COURT'S JURISDICTION TO ENJOIN THE NORMAL OPERATION OF SECTION 1231 ON A CLASSWIDE BASIS.

Section 1252(f)(1) plainly eliminates the classwide relief Petitioners seek. Under that section, no court (other than the Supreme Court) has jurisdiction to enjoin or restrain the operation of the provisions of 8 U.S.C. §§ 1221-1254a on a classwide basis.  Section 1252(f)(1) specifically states:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this sub-chapter [8 U.S.C. §§ 1221-1254a], as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

8 U.S.C. § 1252(f)(1).

Petitioners request injunctive and corresponding declaratory relief, on a classwide basis, that would enjoin the normal operation of section 1231, which allows for the detention and removal of aliens with final orders of removal. *See* ECF No. 27 at ¶¶ 140-43. Accordingly, this relief is prohibited by section 1252(f)(1).[8]

### A. Petitioners' requested relief would enjoin the "operation" of section 1231(a)(6).

---

[8] Respondents do not argue that 8 U.S.C. § 1252(f)(1) precludes class certification. Rather, certifying a class would be futile here because section 1252(f)(1) prohibits granting the relief sought by the putative class.

Section 1252(f)(1) prohibits courts from issuing relief on a classwide basis that enjoins or restrains section 1231, "regardless of the nature of the action or claim or of the identity of the party or parties bringing the action." 8 U.S.C. § 1252(f)(1). Yet, Petitioners seek exactly what section 1252(f)(1) prohibits. In evaluating the applicability of section 1252, courts "must look through such easy evasions as creative labeling and consider the fundamental nature of the claims asserted." *Aguilar v. ICE,* 510 F.3d 1, 17 (1st Cir. 2007). This Court has already dismissed Petitioners' attempts to evade section 1252(g)'s prohibition by re-labeling their claims, and should likewise dismiss their new attempt at creative labeling to avoid section 1252(f)(1). *See* ECF No. 159 at 24.

The relief requested here would undoubtedly enjoin and restrain the operation of section 1231. An order enjoins the operation of a statute when it prevents "a doing or performing of a practical work or of something involving practical application of principles or processes" the statute requires. *Webster's Third New International Dictionary* 1581 (2002). Section 1231, when practically applied, allows the detention and removal of aliens with final orders of removal without regard to the provisional waiver process. The statutory text makes no exception for those who may have pending applications with USCIS. *See* 8 U.S.C. § 1231. In fact, the statutory text simply directs ICE to remove aliens with final orders of removal. *Id.* The relief requested here would prohibit ICE from removing aliens based solely on their final order of removal, thereby enjoining and restraining the normal operation of section 1231.

## B. Section 1252(f)(1) prohibits classwide injunctions and corresponding declaratory relief under Rule 23(b)(2).

Section 1252(f)(1)'s prohibition on injunctive relief applies with equal force to any corresponding declaratory relief. *See Jennings,* 138 S. Ct. at 851. Rule 23(b) allows

certification of classes that seek "final injunctive relief or *corresponding* declaratory relief." Fed. R. Civ. P. 23(b) (emphasis added).[9] The Advisory Committee defines "corresponding declaratory relief" as any remedy that "as a practical matter . . . affords injunctive relief or serves as a basis for later injunctive relief." Fed. R. Civ. P. 23(b)(2) Advisory Committee Note to 1996 Amendment; 7AA Fed. Prac. & Proc. Civ. § 1775 (3d ed.). The Advisory Committee's definition makes clear that the purpose of the Rule 23(b)(2) class was to enjoin certain action or inaction on a classwide basis and that any declaratory relief issued to a 23(b)(2) class should be equivalent to an injunction. *See id.*; *see also Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.,* 98 F.R.D. 254, 271 (D. Del. 1983) (refusing to certify a Rule 23(b)(2) class where "determination of these issues would not result in corresponding declaratory relief that would have the effect of enjoining the defendant from acting in the future"). Because Rule 23(b)(2) only allows declaratory relief that has the same practical effect as an injunction, and section 1252(f)(1) bars classwide injunctive relief, Petitioners cannot obtain either injunctive or declaratory relief.

The Supreme Court in *Jennings* acknowledged this point when it suggested that if section 1252(f)(1) prohibited classwide injunctive relief, then it would equally prohibit any *corresponding* declaratory relief. *See Jennings,* 138 S. Ct. at 851 ("if the Court of Appeals concludes that it may issue only declaratory relief, then the Court of Appeals should decide whether that remedy can sustain the class on its own") (citing Rule 23(b)(2) (requiring "that

---

[9] Respondents do not argue that section 1252(f)(1) would preclude declaratory relief if Petitioners were seeking class certification under Rule 23(b)(1) or (b)(3). Consistent with the Supreme Court's decision in *Jennings,* Respondents maintain that, because Petitioners seek to certify a class under Rule 23(b)(2), section 1252(f)(1) applies to both injunctive relief and the *corresponding* declaratory relief.

final injunctive relief or *corresponding* declaratory relief [be] appropriate respecting the

class as a whole") (emphasis in original)). Recognizing that *Jennings* changed the section

1252(f)(1) landscape, the First Circuit withdrew its opinion affirming class certification in

an immigration habeas class action, remanding to the district court to re-examine whether

section 1252(f)(1) precludes classwide relief. *See Reid v. Donelan,* 2018 WL 4000993 (1st

Cir. 2018).[10]

Petitioners request, in part, that this Court:

1. "*Enjoin* Respondents from subjecting noncitizen Petitioners and other noncitizen members of the proposed class to detention on the basis of a final order of removal, without regard to their efforts to pursue legalization under the provisional waiver regulations." ECF No. 27 at ¶ 141 (emphasis added).

2. "*Declare* that Respondents' policy and practice of subjecting noncitizen Petitioners and other noncitizen members of the proposed class for detention or removal on the basis of a final order of removal and thereby denying them the ability to avail themselves of the provisional waiver process is contrary to law." ECF No. 27 at ¶ 140 (emphasis added).

This declaratory relief is quintessential "corresponding declaratory relief" as defined by

the Advisory Committee because if the Court granted such relief and Respondents acted

contrary to it, Petitioners would likely contend that the violation serves as a basis for

enjoining the removal or detention of any member of the putative class. And any injunction

that issued from such a violation would likely be identical to the injunction Petitioners seek

in (1) above. Indeed, section 1252(f)(1) would have no practical effect if it were only

---

[10] Although, in *Reid,* Judge Saris recently stated on remand that section 1252(f)(1) does not preclude declaratory relief, Respondents' precise arguments here were not presented in the government's briefing in that case. *See Reid v. Donelan,* 2018 WL 5269992 at *7 (D. Mass. Oct. 23, 2018). As such, Judge Saris' opinion does not address each of Respondents arguments applying section 1252(f)(1). *See id.* Accordingly, Respondents urge the Court to adopt the arguments presented herein.

applied to Petitioners' requested injunctive relief. Consequently, section 1252(f)(1) must

be applied to bar Petitioners' requested injunctive *and* declaratory relief.

### III. THE PROPOSED CLASS DOES NOT MEET THE REQUIREMENTS UNDER RULE 23(A).

The class action proponent must satisfy Federal Rules of Civil Procedure 23(a) and

23(b). *Smilow v. Southwestern Bell Mobile Systems, Inc.,* 323 F.3d 32, 38 (1st Cir. 2003).

A petitioner must first show that the four requirements in Rule 23(a) have been satisfied

— namely: (1) a class so numerous that joinder of all members is impracticable

(numerosity); (2) common questions of law or fact to the class (commonality); (3) the

claims or defenses of the representative parties are typical of the claims or defenses of the

class (typicality); and (4) the representative will adequately protect the class (adequacy).

Fed. R. Civ. P. 23(a)(1)-(4); *see also Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 344

(2011). These four requirements, the Supreme Court underscored, "effectively limit the

class claims to those fairly encompassed by the named plaintiff's class." *Wal-Mart Stores,*

*Inc.,* 564 U.S. at 347. Further, even if a proponent can satisfy Rule 23(a), he still must show

that the class falls within one of the three types of class actions identified in Rule 23(b).

*See* Fed. R. Civ. P. 23(b); *see also Smilow,* 323 F.3d at 38.

The class proponent has the burden of proof. *Smilow,* 323 F.3d at 38. The district

court must undertake a "rigorous analysis" to determine if Rule 23 requirements have been

met. *See Wal-Mart Stores, Inc.,* 564 U.S. at 349. Even where the class certification

requirements are met, the court still has broad discretion to deny certification. *Id.*

### A. Petitioners' proposed class is overbroad because it includes members who have suffered no injury.

"It is well-established that members of a plaintiff class must all have the legal right to bring suit against the defendant on their own; inclusion of those without such standing renders the class overbroad." *In re TJX Companies Retail Sec. Breach Litig.,* 246 F.R.D. 389, 393 (D. Mass 2007). A court may strike class allegations that encompass individuals who cannot meet basic jurisdictional requirements. *Monteferrante v. Williams-Sonoma, Inc.,* 241 F. Supp. 3d 264, 269 (D. Mass. 2017) (Wolf, D.J.); *see also Pagan v. Dubois,* 884 F. Supp. 25, 28 (D. Mass. 1995) (holding plaintiffs' class definition as overbroad because it included those who did not have an injury).

Petitioners' proposed class is impermissibly overbroad because it includes those who have not suffered an injury.[11] A plaintiff invoking federal jurisdiction bears the burden of establishing he has suffered an "injury in fact." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). This injury must be both concrete and particularized and actual or imminent — not conjectural or hypothetical. *Id.* Petitioners' class definition includes aliens ultimately pursuing a provisional waiver, regardless of whether ICE has taken any enforcement action against them and irrespective of their eligibility for that waiver. ICE simply does not have the resources to take an enforcement action against every person pursuing a provisional waiver. Adducci Dep. 90:15 – 90:18 (stating that she would not generally use her resources to make arrests at USCIS offices). Therefore, Petitioners' class necessarily includes a vast number of individuals whose claimed injury is hypothetical and falls short of the requisite injury to confer standing. *See Lujan,* 504 U.S. at 560. Additionally, the discovery taken in this case further illustrates that the proposed class includes aliens who have not been injured, as ICE's enforcement focus is *not* on aliens who

---

[11] Because Petitioners' proposed class is impermissibly overbroad, it meets the numerosity requirement.

are merely applying for USCIS benefits and who do not have any criminal history. Lyons Dep. 116:9-116:11 ("I don't believe so. I still believe Ms. Adducci's focus is still on public safety."). Because Petitioners' proposed class is overbroad, this Court should deny their motion for class certification. *See Pagan*, 884 F. Supp. at 28.

### B. Petitioners fails to establish commonality because their claims cannot be answered on a common basis.

The "commonality" requirement mandates that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). More specifically, the putative class's "claims must depend upon a common contention" and "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc.,* 564 U.S. at 349. Although for purposes of Rule 23(a)(2) even a single common question will do, "[w]hat matters to class certification . . . is not the raising of common questions — even in droves — but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* "Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* at 350 (citation omitted). Petitioners have the burden of demonstrating that the factual differences in their proposed class are immaterial, and that their questions can be answered (and any violation remedied) the same way for every member of the class. *See id.* at 350.

Petitioners assert a variety of claims, but seek to certify only one proposed class. Therefore, the reasons that the proposed class fails to meet the commonality requirement are claim-specific. These dissimilarities among the proposed class prevent this Court from

generating common answers; therefore, Petitioners' proposed class plainly fails to meet the commonality requirement of Rule 23(a)(2).

### C. Petitioners' due process claims relating to detention and removal are not capable of a uniform disposition and uniform remedy.

The proposed class lacks commonality with regard to Petitioners' due process claims because a proper due process analysis requires an individualized fact-specific inquiry that is not, and cannot be, conducted in a class action. It is well established that "due process is flexible and calls for such procedural protections as the particular situation demands." *Matthews v. Eldridge,* 424 U.S. 319, 321 (1976). The Supreme Court's guidance is clear that due process claims are unsuitable for classwide resolution due to the fact specific analysis required in each individual case. *See id.*; *Goss v. Lopez,* 419 U.S. 565, 577 (1975) ("[T]he interpretation and application of the Due Process Clause are intensely practical matters and [] the very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." (citation omitted)); *Planned Parenthood of Southeastern Pennsylvania v. Casey,* 505 U.S. 833, 834 (1992) ("Rather, the adjudication of substantive due process claims may require this Court to exercise its reasoned judgment in determining the boundaries between the individual's liberty and the demands of organized society."). Among the factors that must be assessed in each individual alien's case are the "interest at stake for the individual, the risk of an erroneous deprivation of the interest through the procedures used as well as the probable value of additional or different procedural safeguards, and the interest of the government in using the current procedures rather than additional or different procedures." *Landon v. Plasencia,* 459 U.S. 21, 34 (1982). Indeed, the Supreme Court recently reiterated in

*Jennings* that a class action may not be the proper vehicle to resolve due process claims because of the flexibility inherent in a due process analysis. 138 S. Ct. at 852 (remanding to the Court of Appeals to consider this question).

Even though Petitioners have narrowed their requested relief to fall in line with this Court's September 21, 2018, decision,[12] there are still dissimilarities within the proposed class that preclude granting classwide relief on Petitioners' due process claims. *See* ECF No. 27 at ¶¶ 116-20. With regard to their removal claim, Petitioners' proposed class does not track those who are facially eligible *to apply for* a provisional waiver, namely having a Form I-212 approved. *See supra* at 4-8. Certainly, those who are facially ineligible to apply for a provisional waiver do not have a due process right to remain in the United States to seek that waiver. *See id.* This same logic applies to individuals who clearly fall outside the group of people that the provisional waiver was designed to help, but are nevertheless

---

[12] Petitioners present two legal questions: (1) whether arresting, detaining, and removing putative class members without *consideration* of their efforts to participate in the provisional waiver process violates due process, the INA and its applicable regulations, the APA, and equal protection (same and (2) whether detaining putative class members violates due process and the INA and its applicable regulations. *See* ECF No. 13-14. They request relief that would "bar Respondents from detaining or removing noncitizen class members based only on their final order of removal while they are seeking lawful status under the provisional waiver regulations." *Id.*

Petitioners' legal claims and requested relief seems to have changed over the course of this case. *Compare* ECF No. 27 at ¶¶ 138-45; ECF No. 50 at 30 ("[A] preliminary injunction should provide that class members who are pursuing legal status through the provisional waiver process with due diligence 'shall not be *removed*' except where his actions are 'so egregious' as to justify invoking one of the exceptions described in the Field Manual.) *with* ECF No. 175 at 13-14 (requesting relief "which would bar Respondents from detaining or removing noncitizen class members based *only* on their final order of removal . . ."). Respondents rely on the legal questions and requested relief presented in Petitioners' October 24, 2018, brief support of class certification. *See* ECF No. 175. Should Petitioners once again change their legal questions or requested relief in the future, Respondents reserve the right to modify their arguments in opposing class certification.

still within Petitioners' proposed class. *See id.* (listing those individuals with other grounds of inadmissibility). These dissimilarities among the putative class members preclude classwide relief because, at the very least, those putative class members who have no other potential grounds of inadmissibility and who are further along in the provisional waiver process have stronger due process claims than others, thereby preventing his Court from issuing the same relief for the entire class.[13]

Likewise, Petitioners' due process claim related to detention is incapable of classwide resolution. ECF No. 27 at ¶¶ 132-36. In *Zadvydas v Davis,* 533 U.S. 678 (2001), the Supreme Court established the framework under which courts must resolve due process challenges to section 1231(a)(6) detention. Under *Zadvydas's* construction of section 1231(a)(6), post-removal-order detention does not even "raise a serious constitutional problem," let alone violate the Due Process Clause, until (1) the length of an alien's detention exceeds the presumptively reasonable six-month period, and (2) the alien demonstrates that he is not significantly likely to be removed in the reasonably foreseeable future. *Id.* at 690, 701. Courts must interpret section 1231(a)(6) in accordance with *Zadvydas* (*i.e.,* in a manner that does not violate the Due Process Clause), irrespective of the "presence or absence of constitutional concerns in [an] individual case." *Clark v. Martinez,* 543 U.S. 371, 382 (2005). A contrary approach, such as the approach Petitioners advocate here, would render section 1231(a)(6) "a chameleon, its meaning subject to

---

[13] Petitioners previously argued that readily-discernable bars to obtaining lawful status, such as various grounds of inadmissibility, are the "type of objective and easily-applied criteria that could be made part of class-wide remedy." *See* ECF No. 113 at 8, n. 9. However, inadmissibility, while objective, is far from easily-applied, as illustrated by the massive amounts of litigation and publications on the subject, particularly addressing criminal grounds. *See* 168 A.L.R. Fed. 575 (2001). Therefore, Petitioners' proposed class can neither account for this particular difference nor be amenable to classwide relief.

change." *Id.* Because the same statutory text cannot properly be given "different meanings in different cases," courts must uniformly apply *Zadvydas'* construction of section 1231(a)(6) "in all cases." *Id.* at 383, 386; *see* ECF No. 27 at ¶ 132-36. It follows that a habeas court, regardless of its power to provide equitable relief in habeas actions, may not ignore statutory directives in issuing such relief[14]. *See Clark v. Martinez,* 543 U.S. at 372, 382 (originating as a habeas petition). If a statute raises constitutional concerns, the statute may be interpreted to avoid holding that the statute is unconstitutional. *See id.* And, in the case of section 1231(a)(6), the Supreme Court has already done so, thereby eliminating the approach Petitioners advocate. *See Jennings,* 138 S. Ct. at 843 ("*Zadvydas* represents a notably generous application of the constitutional-avoidance canon."); ECF No. 97 at 13 ("And Petitioners advance bond hearings not as a statutory requirement but as a remedy for Respondents' violations – one well within a habeas Court's equitable powers.").

Thus, under *Zadvydas's* construction of section 1231(a)(6), detention of the named Petitioners and putative class does not raise a serious constitutional problem, let alone violate the Due Process Clause, unless they can show that they are not significantly likely to be removed in the reasonably foreseeable future. *Zadyvdas,* 533 U.S. at 701. Or, as this Court has previously held, unless Petitioners can show they did not receive a proper Post Order Custody Review (POCR) under 8 C.F.R. § 241.4, required to satisfy procedural due process. *See* ECF No. 95 at 6. The traditional *Zadvydas* analysis requires a factual assessment of, among other things, whether the putative class member is detained under

---

[14] If this Court were to find that detaining putative class members is unlawful under *Zadvydas* or *Clark,* the only proper remedy under section 1231(a)(6) and the only remedy this Court has jurisdiction to issue, is release. *See Clark v. Martinez,* 543 U.S. at 382; *Zadvydas v Davis,* 533 U.S. at 701.

section 1231(a)(6), the length of detention, whether the government has obtained a travel document, and whether the petitioner is assisting with obtaining a travel document. As an initial matter, Petitioners' proposed class is impermissibly broad because it is not limited to individuals detained under section 1231(a)(6).  Additionally, commonality is clearly lacking because it is impossible to determine whether putative class members are likely to be removed in the reasonably foreseeable future on a classwide basis. Similarly, to conduct the procedural due process analysis set forth in this Court's June 11, 2018, decision, the Court would, at a minimum, need to have case-specific information for each alien such as whether the alien's removal period has run and whether the alien is detained. *See* ECF No. 95 at 10. Petitioners' proposed class is overbroad for purposes of this analysis as well because it is not limited to detained aliens whose removal periods have run.

Notwithstanding these hurdles, should this Court decide that Petitioners' due process claims are amenable to classwide relief, any class must be sufficiently narrow to ensure that the relief does not displace "congressional choices of policy." *See Plasencia,* 459 U.S. at 34-35. "The role of the judiciary is limited to determining whether the procedures meet the essential standard of fairness under the Due Process Clause." *Id.* at 35. The Court must only "determine what procedures would satisfy the *minimum requirements of due process.*" *Id.* (emphasis added). It follows that proposed classes seeking relief under the Due Process Clause must be so narrowly defined as to ensure each class member will receive only the *minimum* requirements of due process. *See id.* The class must therefore be limited to individuals who are entitled to the same amount of due process. *See id.* If the class includes individuals who, through the relief sought, would receive more due process protections than they are entitled to, then the proposed class is not common for purposes

of the due process claim. *See id.* The proposed class here misses this mark because it includes individuals who, assuming a due process right exists, are entitled to different levels of due process. *See supra* at 4-8 (explaining how these differences between class members that are relevant in a due process analysis). Petitioners therefore have not met their burden to show commonality—much less sufficiently define a class—and this Court should deny their motion for class certification.

**D.  Petitioners' remaining claims are not capable of a uniform disposition and uniform remedy.**

As a threshold matter, this Court should decline to certify a class relating to Petitioners' remaining claims, other than those concerning the interpretation of 8 C.F.R. § 241.4, because this Court has not yet assessed their viability and any decision on the merits of those claims will necessarily affect Respondents' arguments against class certification. Regardless, Petitioners' proposed class does not meet the commonality requirement as to these remaining claims.

Petitioners' proposed class fails the commonality requirement as to their equal protection claim in Count 3. *See* ECF No. 127 (alleging violations of equal protection based on racial animus and animus based on national origin); *see also* ECF No. 40 at 17 (arguing that Petitioners have failed to state an Equal Protection claim). Petitioners allege that Respondents have discriminated against members of the proposed class on the basis of race and national origin. ECF No. 27 at ¶¶ 121-22. However, Petitioners do not specify a particular race or national origin in their proposed class definition. ECF No. 46. Nor do Petitioners propose a subclass for this particular claim. *See id.* This Court cannot begin to issue common relief on an equal protection claim alleging race and national origin discrimination if the class is not limited to a particular race or national origin. *See e.g.,*

*Gratz v. Bollinger,* 539 U.S. 244 (2003) (conducting equal protection analysis of a class who "are members of racial or ethnic groups that respondents treated less favorably").

Petitioners' proposed class also lacks commonality as to their claims alleging that detaining and removing putative class members violates the APA, INA, and applicable regulations.[15]  Removing or detaining aliens who are not even facially eligible to apply for a provisional waiver or who clearly do not fit into the group of individuals the provisional waiver was designed to help cannot plausibly violate the provisional waiver regulations. *See supra* at 4-8. At the very least, the differences between such aliens and those, like Ms. Calderon, who have an approved I-212 with no other obvious inadmissibility issues, would preclude issuing classwide relief. Including such aliens in the proposed class renders this class impermissibly overbroad and uncommon for purposes of Petitioners' claims in Count 1 and Count 4.

In Count 5, Petitioners allege that detaining putative class members without a meaningful determination of flight risk and danger is a violation of the INA and applicable regulations, including 8 C.F.R. § 241.4. Their proposed class, however, is not limited to detained aliens and aliens whose removal period has or will run in the foreseeable future,[16] which are prerequisites to receiving a Post Order Custody Review under any plausible interpretation. *See* ECF No. 95 at 21. Therefore, Petitioners' class is overbroad and

---

[15] Petitioners' statutory claims are merely restatements of their constitutional claims. *See* ECF 96 at 13-14 (arguing Petitioners failed to state a claim under INA and applicable regulations); *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001). If they are truly statutory claims, their claims are severely detached from the statutory text. *See id.*

[16] Petitioners' proposed class includes any alien who "has a final order of removal and has not departed the U.S. under that order." ECF No. 27 at ¶ 104. This Court seem to agree that putative class members' removal periods must have run or are imminently running out in order for the Post Order Custody Review regulations to apply. *See* ECF No. 95 at 18.

uncommon as to their unlawful detention claims in Count 5. This provides yet another basis

for the Court to deny Petitioners' motion for class certification.

> ### E.   The proposed class is not typical and the class representatives cannot fairly and adequately represent the interests of the class under Rule 23(a)(3) & (a)(4).

The Petitioners also fail to demonstrate that "the claims or defenses of the

representative parties are typical of the claims or defenses of the class" and that the named

Petitioners can adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(3),

(a)(4). The typicality requirement of Rule 23(a)(3) "derives its independent legal

significance from its ability to screen out class actions in which the legal or factual position

of the representatives is markedly different from that of other members of the class even

though common issues of law or fact are present." *Marcus,* 687 F.3d at 598. Thus, "a class

representative must be part of the class and possess the same interest and suffer the same

injury as the class member." *Gen. Tel. Co. of Southwest,* 457 U.S. at 156. Similarly, the

adequacy requirement "serves to uncover conflicts of interest between the named plaintiffs

and the class they seek to represent," *Anchem Prods., Inc. v. Windsor,* 521 U.S. 591, 594

(1997), and often "merge[s] . . . with the commonality and typicality criteria of Rule 23(a),

which serve as guideposts for determining whether maintenance of a class action is

economical and whether the named plaintiff's claim and the class claims are so interrelated

that the interests of the class will be fairly and adequately protected in their absence." *Id.*

at 626 n.20.

Petitioners' proposed class lacks typicality and adequacy for the same reasons it

lacks commonality: the proffered class definition includes groups of aliens whose legal and

factual interests differ from the proposed class representatives. Petitioners' sweeping

proposed class encompasses a broad range of individuals: namely, those who are not eligible to apply for the waiver, have other grounds of inadmissibility, and who are not detained or even threatened with detention. *See supra* at 4-8. All of these factors significantly impact whether an alien has a constitutional right to have his participation in the provisional waiver process considered. For example, Ms. Calderon has stronger statutory and constitutional claims due to her approved Form I-212 and the fact that she lacks inadmissibility issues that the other named Petitioners and putative class members are confronted with. Because some of the named petitioners and putative class members have stronger claims than others, the claims and defenses of the named petitioners are not typical of the class and make the named petitioners inadequate class representatives. Accordingly, this Court should deny Petitioners' motion for class certification.

## IV. THIS COURT SHOULD NOT CERTIFY THIS CASE AS A REPRESENTATIVE HABEAS ACTION.

This Court should also reject Petitioners' assertion that the proposed habeas class should be certified pursuant to the analysis set forth in *United States ex rel. Sero v. Preiser*, 506 F.2d 1115 (2d Cir. 1974). First, *Sero*, a Second Circuit case, is not binding on this Court. Second, the proposed class here cannot meet the requirements of a representative habeas action as set forth in *Sero.* The standards in "deciding whether a habeas action presents substantial and common questions of law or fact" are "more stringent" than the Rule 23(a)(2) commonality requirement, not less. *Id.* at 1127. Because the proposed class here fails to satisfy the commonality requirement of Rule 23(a)(2), it certainly does not satisfy the more stringent standard for a representative habeas action under *Sero. See id.; supra* 8-9. Accordingly, this Court should reject Petitioners' argument that the proposed class should be certified under *Sero.*

**CONCLUSION**

For the foregoing reasons, this Court should deny Petitioners' motion for class certification. Alternatively, Respondents request that the Court stay resolution of this motion for class certification until after it rules on Respondents' pending motion to dismiss and, if necessary, Petitioners' motion for preliminary injunction.

DATED: November 7, 2018        Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

T. MONIQUE PEOPLES
Senior Litigation Counsel

*/s/ Mary L. Larakers.*
MARY L. LARAKERS
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

ATTORNEYS FOR RESPONDENTS

**CERTIFICATE OF SERVICE**

I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the

Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

|                              | /s/ Mary L. Larakers   |
| ---------------------------- | ---------------------- |
|                              | Mary L. Larakers       |
| Dated: November 7, 2018      | Trial Attorney         |