# EXHIBIT A



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 20530*

**Gleason, Walter Joseph**
**Law Office of Walter Gleason**
**183 State Street**
**2nd Floor**
**Boston, MA 02109**

**DHS/ICE Office of Chief Counsel - HLG**
**1717 Zoy Street**
**Harlingen, TX 78552**

**Name: DE SOUZA-GOMES, LUCIMAR** **A 078-974-256**

**Date of this notice: 7/23/2015**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Donna Carr

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Grant, Edward R

Userteam: Docket



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 20530*

**DE SOUZA-GOMES, LUCIMAR**

**DHS/ICE Office of Chief Counsel - HLG**
**1717 Zoy Street**
**Harlingen, TX 78552**

**Name: DE SOUZA-GOMES, LUCIMAR**

**Date of this notice: 7/23/2015**

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

Donna Carr

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Grant, Edward R

Userteam

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 20530

File: [redacted] - Harlingen, TX

Date: JUL 23 2015

In re: LUCIMAR DE SOUZA-GOMES

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Walter Gleason, Esquire

APPLICATION: Reopening

The respondent, a native and citizen of Brazil, has appealed the Immigration Judge's decision of June 23, 2014. In that decision, the Immigration Judge denied the respondent's motion to reopen proceedings in which she was ordered removed in absentia on June 11, 2002. The Department of Homeland Security (DHS) has not filed a brief in this appeal. The appeal will be dismissed.

Under 8 C.F.R. §§ 1003.1(d)(3)(i), (ii), the Board defers to the factual findings of an Immigration Judge, unless they are clearly erroneous, but it retains independent judgment and discretion, subject to applicable governing standards, regarding pure questions of law and the application of a particular standard of law to those facts.

We first note that contrary to the respondent's appellate contention, the respondent was personally served with a Notice to Appear (NTA), which placed her not in deportation proceedings but in removal proceedings pursuant to section 240 of the Immigration and Nationality Act, 8 U.S.C § 1229a (I.J. at 1; Exh. 1).

We agree with the Immigration Judge that the March 12, 2002, Notice of Hearing (NOH) was properly mailed to the last address provided by the respondent. Service by mail is sufficient if the record contains proof of attempted delivery to the last address provided by the alien in accordance with section 239(a)(1)(F) of the Act, 8 U.S.C. § 1229(a)(1)(F). Section 239(c) of the Act, 8 U.S.C. § 1229(c).

As the record contains proof that the NOH was mailed to the last address provided by the respondent, as reflected in the Form I-830, the respondent can be charged with receiving proper notice, regardless that the respondent may not have actually received the NOH.[1] Consequently, the NOH was properly mailed to the respondent at the address she provided in the Form I-830,

---

[1] The respondent cites to *Matter of Munoz-Santos,* 20 I&N Dec. 205, 208 (BIA 1990), but that case is inapposite because it is a deportation case and the facts are distinguishable from the case here. Likewise, as the Immigration Judge properly noted, the respondent's reliance upon the unpublished Board decision is also misplaced insofar as it is factually distinguishable from the facts herein.

and the respondent has not established that if there was non-delivery it was not due to her own fault. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

The respondent has not established that the June 11, 2002, order of removal should be rescinded on the basis of lack of notice. *See* section 240(b)(5)(C)(ii) of the Act; 8 C.F.R. § 1003.23(b)(4)(ii). There is a presumption that the Postal Service properly delivered the March 12, 2002, NOH, which was not returned as undeliverable, and it is the respondent's burden to overcome that presumption. *See Matter of M-R-A-*, 24 I&N Dec. 665 (BIA 2008). The respondent's and her friend's declarations were insufficiently persuasive to overcome the presumption that the NOH was properly delivered. *See Guerrero-Arias v. Holder*, 423 F.App'x. 358 (5th Cir. 2011) (recognizing that the Board was not required to find an alien's affidavit or the affidavit of his aunt to be credible). The respondent, who entered the United States without inspection by an immigration officer, does not claim that she previously appeared before an Immigration Judge for a scheduled removal hearing. She does not meaningfully articulate any incentive that she had for appearing at her June 2002 hearing. Additionally, even though the respondent was personally served with a NTA, which placed her on notice of the DHS's intent to remove her from this country, the respondent does not appear to have made any efforts to inquire into the status of her case until she filed her motion to reopen in May 2014. The respondent's lack of diligence strongly undermines her claims that she did not receive notice of her June 11, 2002, hearing. Considering the totality of these circumstances, we agree with the Immigration Judge that the respondent has not established that the order of removal entered against her should be rescinded on the basis of lack of notice (I.J. at 2-3). *See Matter of M-R-A-, supra.*

We reject the respondent's appellate argument that she was not properly advised, in her native language of Portuguese, of her duty to provide the immigration court with an address. The Act does not explicitly require that the NTA be in any language other than English. *See* Section 239 (a)(1) of the Act, § 1229(a)(1); 8 C.F.R. §§ 1003.26(c) and (d).

In *Matter of M-S-*, 22 I&N Dec. 349 (BIA 1998), the Board held that an alien may reopen for purposes of pursuing previously unavailable relief in circumstances where he was not given oral warnings in his native language of the consequences of failing to appear at a deportation hearing and where the motion complies with the general time limits governing motions to reopen. Neither condition is satisfied here, however, and thus reopening on this basis is not warranted.

For the foregoing reasons, and those articulated by the Immigration Judge in his decision, we affirm the Immigration Judge's decision, pursuant to our authority at 8 C.F.R. § 1003.1(e)(5).[2]

---

[2] The Immigration Judge found that the respondent failed to establish changed country conditions to allow reopening to present her asylum claim (I.J. at 4), and as she has not contested this denial on appeal, we deem the issue waived. *See Matter of Edwards*, 20 I&N Dec. 191, 196-197 n.4 (BIA 1990) (noting that issues not addressed on appeal are deemed waived).

ORDER: The respondent's appeal is dismissed.

FOR THE BOARD

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
2009 W. JEFFERSON AVE, STE 300
HARLINGEN, TX 78550

Law Office of Walter Gleason
Gleason, Walter Joseph
183 State Street 2nd Floor
Boston, MA 02109

IN THE MATTER OF
DE SOUZA-GOMES, LUCIMAR

DATE: Jun 24, 2014

__ UNABLE TO FORWARD - NO ADDRESS PROVIDED

✓ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE. THIS DECISION IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION. SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL. YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST MUST BE MAILED TO:

BOARD OF IMMIGRATION APPEALS
OFFICE OF THE CLERK
5107 Leesburg Pike, Suite 2000
FALLS CHURCH, VA 20530

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING. THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C. SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6), 8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS. IF YOU FILE A MOTION TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

IMMIGRATION COURT
2009 W. JEFFERSON AVE, STE 300
HARLINGEN, TX 78550

__ OTHER: ORDER OF IMMIGRATION JUDGE

P. Hinojos-Watkins
COURT CLERK
IMMIGRATION COURT FF

CC: ASSISTANT CHIEF COUNSEL
1717 ZOY ST.
HARLINGEN, TX, 785520000