# EXHIBIT B

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
Administrative Appeals Office (AAO)
20 Massachusetts Ave., N.W., MS 2090
Washington, DC 20529-2090

identifying data deleted to
prevent clearly unwarranted
invasion of personal privacy

**PUBLIC COPY**



**U.S. Citizenship
and Immigration
Services**

Date: JUL 1 6 2012　　　　Office: TEGUCIGALPA　　　　FILE:

IN RE:　　　Applicant:

APPLICATION:　　Application for Waiver of Grounds of Inadmissibility under section 212(a)(9)(B)(v) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1182(a)(9)(B)(v), and Application for Permission to Reapply for Admission Into the United States after Deportation or Removal under Section 212(a)(9)(A) of the Act, 8 U.S.C. § 1182(a)(9)(A).

ON BEHALF OF APPLICANT:

INSTRUCTIONS:

Enclosed please find the decision of the Administrative Appeals Office in your case. All of the documents related to this matter have been returned to the office that originally decided your case. Please be advised that any further inquiry that you might have concerning your case must be made to that office.

If you believe the AAO inappropriately applied the law in reaching its decision, or you have additional information that you wish to have considered, you may file a motion to reconsider or a motion to reopen in accordance with the instructions on Form I-290B, Notice of Appeal or Motion, with a fee of $630. The specific requirements for filing such a motion can be found at 8 C.F.R. § 103.5. **Do not file any motion directly with the AAO.** Please be aware that 8 C.F.R. § 103.5(a)(1)(i) requires any motion to be filed within 30 days of the decision that the motion seeks to reconsider or reopen.

Thank you,



Perry Rhew
Chief, Administrative Appeals Office

www.uscis.gov



Page 2

**DISCUSSION:**  The waiver application was denied by the Field Office Director, Tegucigalpa, Honduras.  The matter is now before the Administrative Appeals Office (AAO) on appeal.  The appeal will be dismissed.

The applicant, ███████████████, is a native and citizen of Honduras.  She was found to be inadmissible to the United States pursuant to section 212(a)(9)(B)(i)(II) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1182(a)(9)(B)(i)(II), for having been unlawfully present in the United States for more than one year and seeking admission within 10 years of her last departure from the United States; section 212(a)(9)(A)(ii) of the Act, 8 U.S.C. § 1182(a)(9)(A)(ii), as an alien previously removed; and section 212(a)(6)(B) of the Act, 8 U.S.C. § 1182(a)(6)(B), for failing to attend removal proceedings and seeking admission to the United States within five years of her subsequent departure.  The applicant seeks an inadmissibility waiver pursuant to section 212(a)(9)(B)(v) of the Act, 8 U.S.C. § 1182(a)(9)(B)(v), as well as permission to reapply for admission under section 212(a)(9)(A)(iii) of the Act, 8 U.S.C. § 1182(a)(9)(A)(iii).

The field office director denied the Application for Waiver of Grounds of Inadmissibility (Form I-601) based on a finding that the applicant is statutorily inadmissible to the United States for five years under section 212(a)(6)(B) of the Act due to her failure to attend removal proceedings on June 18, 2004.  The field office director also denied the applicant's Application for Permission to Reapply for Admission Into the United States after Deportation or Removal (Form I-212) as a matter of discretion stating that it would serve no purpose because she is not eligible for a waiver.

On appeal, counsel asserts that the applicant has demonstrated reasonable cause for her failure to attend removal proceedings.  Counsel contends that the director's determination of inadmissibility under section 212(a)(6)(B) of the Act used a more stringent "exceptional circumstances" standard than the "reasonable cause" standard in that section.  *See* Brief in Support of Appeal (Form I-290B), August 12, 2010.

Section 212(a)(6)(B) Failure to Attend Removal Proceeding states:

> Any alien who without reasonable cause fails or refuses to attend or remain in attendance at a proceeding to determine the alien's inadmissibility or deportability and who seeks admission to the United States within 5 years of such alien's subsequent departure or removal is inadmissible.

The record reflects that the applicant entered the United States without inspection on May 15, 2004.  On June 18, 2004, the applicant was ordered removed *in absentia* after she failed to appear at a removal hearing.  The applicant left the United States on October 28, 2009.  She does not contest these facts on appeal.  The applicant is, therefore, inadmissible to the United States under section 212(a)(6)(B) of the Act for seeking admission to the United States within five years of her departure.

There is no statutory waiver available for the ground of inadmissibility arising under section 212(a)(6)(B) of the Act.  However, an alien is not inadmissible under section 212(a)(6)(B) if the alien can establish "reasonable cause" for not attending her removal proceeding.  *See* Memorandum

Page 3

to Field Leadership from Donald Neufeld, Assoc. Dir., Dom. Ops., Lori Scialabba, Assoc. Dir., Refugee, Asylum and Int. Ops., Pearl Chang, Acting Chief, Off. of Policy and Strategy, U.S. Citizenship and Immigration Services, *Section 212(a)(6) of the Immigration and Nationality Act, Illegal Entrants and Immigration Violators*, p. 13 (March 3, 2009).

Counsel asserts that the applicant has demonstrated reasonable cause for her failure to attend removal proceedings. However, the instant appeal relates to a Form I-601 application for a waiver of inadmissibility arising under sections 212(g), (h), (i) and (a)(9)(B)(v) of the Act. Inadmissibility under section 212(a)(6)(B) of the Act and the "reasonable cause" exception thereto are not the subject of the Form I-601, and are not within the subject matter jurisdiction of the AAO to adjudicate with this appeal.

The AAO finds that the applicant's inadmissibility under section 212(a)(6)(B) of the Act can properly be used by the field office director as a basis for denying the applicant's Form I-601, as no purpose is served in adjudicating a waiver application where a visa application cannot be approved because of a separate, non-waivable ground of inadmissibility. The field office director found that the applicant failed to present a "reasonable cause" for her failure to appear in removal proceedings. Since the applicant did not satisfy the requirements of this exception, she remains inadmissible under section 212(a)(6)(B) of the Act until October 27, 2014. Because no purpose would be served at this time in adjudicating a waiver of the applicant's inadmissibility under section 212(a)(9)(B)(v), the applicant's Form I-601 was properly denied.

The AAO notes that the field office director denied the applicant's Form I-212 request for consent to reapply in the same decision. *Matter of Martinez-Torres*, 10 I&N Dec. 776 (reg. Comm. 1964) held that an application for permission to reapply for admission is denied, in the exercise of discretion, to an alien who is mandatorily inadmissible to the United States under another section of the Act, and no purpose would be served in granting the application. As the applicant is inadmissible under section 212(a)(6)(B), no purpose would be served in granting the applicant's Form I-212.

Section 291 of the Act, 8 U.S.C. § 1361, provides that the burden of proof is on the applicant to establish eligibility for the benefit sought. The applicant has failed to overcome the basis of denial of her Form I-601 waiver application. The appeal will therefore be dismissed.

**ORDER:** The appeal is dismissed.