# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, et al., <br><br> Defendants-Respondents. | No. 1:18-cv-10225-MLW <br><br> **ORAL ARGUMENT REQUESTED** |

## PETITIONERS' NOTICE OF SUBSEQUENT AUTHORITY

Petitioners submit this Notice of Subsequent Authority to alert the Court to two recent decisions relevant to their pending motion for class certification.

*First*, in *Wanrong Lin v. Nielsen*, No. GJH-18-3548, Dkt. 6 (D. Md. Nov. 19, 2018), the U.S. District Court for the District of Maryland held that a beneficiary of an I-130 Petition for Alien Relative who was pursuing provisional waivers was likely to succeed on his claim that his arrest, detention and removal violated the Administrative Procedure Act (APA). The petitioner in that case had a final order of removal and was married to a U.S. citizen. He was arrested by ICE immediately following an I-130 interview despite the fact that, at the interview, his I-130 application was approved by USCIS. He was detained for nearly three months and was deported to China on the same day that the court heard his motion for a temporary restraining order to prevent his deportation. The court held that the petitioner was likely to succeed on the merits of his claim that ICE's conduct was arbitrary and capricious in violation of the APA. *Id.* at 3. Specifically, the Court noted that DHS's policy of allowing provisional waiver applicants to

remain in the United States with their families is evidenced by the provisional waiver regulations and USCIS's field adjudication manual. *Id.* at 3-4. The Court stated that ICE had, without justification, engaged in enforcement conduct that undermined DHS's policy and "nullif[ied] its own rule without explanation." *Id.* at 3; *see also id.* at 4 ("[T]he very existence of the program is nullified if ICE agents can use the application process as a honeypot to trap undocumented immigrants who seek to take advantage of its protections."). The court therefore ordered DHS to return the petitioner to the United States and temporarily enjoined ICE from further removing him. *Id.* at 5. A copy of this opinion is attached as Exhibit A.

    ***Second***, in *Rodriguez v. Marin*, Nos. 13-56706, 13-56755, 2018 WL 6164602 (9th Cir. Nov. 19, 2018), the U.S. Court of Appeals for the Ninth Circuit issued an opinion on remand from the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), which is discussed in the parties' briefs. *See* Dkt. 178 (Resps.' Response) at 10-12, 17; Dkt. 184 (Pets.' Reply) at 3-5; Dkt. 187 (Resps.' Sur-Reply) at 2-3, 5-6. The remand addressed both merits and class certification issues. With regard to 8 U.S.C. § 1252(f)(1), the Ninth Circuit, like the two other courts to have considered this issue in light of *Jennings*, held that the provision "does not affect classwide declaratory relief." *Rodriguez*, 2018 WL 6164602, at *3; *see* Dkt. 184 (Pets.' Updated Mem. on Class Cert.) at 5 (citing *Reid v. Donelan*, 13-30125-PBS, 2018 WL 5269992, at *6 (D. Mass. Oct. 23, 2018); *Gonzalez v. Sessions*, No. 18-CV-01869-JSC, 2018 WL 2688569 at *7 (N.D. Cal. June 5, 2018)). The court also held that § 1251(f)(1) "does not bar the habeas class action because it lacks a clear statement repealing the court's habeas jurisdiction." *Rodriguez¸* 2018 WL 6164602, at *3 (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 298 (2001)). Thus, the Ninth Circuit did not remand "the question of jurisdiction over this habeas claim, as it is clear that we have jurisdiction over petitioners' claims, as does the district court." *Id.*

The court instructed the district court on remand to consider the availability of classwide injunctive relief. *Id.* at *4. In a footnote, the Ninth Circuit further instructed the district court to consider whether a particular type of declaratory relief—a declaration that the relevant detention statutes are unconstitutional wholesale "because they contain *no* process for seeking bail"— would be "an injunction or restraint on the operation of the detention statutes" under 8 U.S.C. § 1252(f)(1). *Id.* at *3 n.1.[1]  A copy of this opinion is attached as Exhibit B.

Respectfully submitted this 4th day of December, 2018.

|  |  |
|---|---|
|  | /s/   Kevin S. Prussia |
| Matthew R. Segal (BBO # 654489) | Kevin S. Prussia (BBO # 666813) |
| Adriana Lafaille (BBO # 680210) | Michaela P. Sewall (BBO # 683182) |
| AMERICAN CIVIL LIBERTIES UNION | Jonathan A. Cox (BBO # 687810) |
| FOUNDATION OF MASSACHUSETTS, INC. | Stephen Provazza (BBO # 691159) |
| 211 Congress Street | Colleen M. McCullough (BBO # 696455) |
| Boston, MA 02110 | WILMER CUTLER PICKERING |
| (617) 482-3170 |    HALE AND DORR LLP |
|  | 60 State Street |
| Kathleen M. Gillespie (BBO # 661315) | Boston, MA 02109 |
| Attorney at Law | Telephone: (617) 526-6000 |
| 6 White Pine Lane | Facsimile:  (617) 526-5000 |
| Lexington, MA 02421 | kevin.prussia@wilmerhale.com |
| (339) 970-9283 | michaela.sewall@wilmerhale.com |
|  | jonathan.cox@wilmerhale.com |
|  | stephen.provazza@wilmerhale.com |
|  | colleen.mccullough@wilmerhale.com |
|  | *Attorneys for Petitioners* |

---

[1] Petitioners here do not seek a declaration that any statute is unconstitutional. Petitioners claim only that Respondents' practice of detention and removal without appropriate consideration of an individual's pursuit of provisional waivers is unconstitutional.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2018, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

*/s/   Kevin S. Prussia*
Kevin S. Prussia
