# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **WANRONG LIN**, *et al.*,  | * |
| Plaintiffs, | * |
| v. | Case No.: GJH-18-3548 |
| | * |
| **KIRSTJEN NIELSEN**, *et al.*, | |
| | * |
| Defendants. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

Certain undocumented spouses of U.S. citizens are not eligible to apply for lawful permanent resident status while in the United States. *See* Provisional Unlawful Presence Waivers of Inadmissibility for Certain Immediate Relatives, 78 Fed. Reg. 536-01, 536 (Jan. 3, 3013) (hereinafter "Final Rule"). Instead, they must travel back to their home country and obtain an immigrant visa to return to the United States to begin the process of admission. *Id*. Because this is a lengthy process that "prolong[s] the separation of these immediate relatives from their U.S. citizen spouses, parents, and children," U.S. Citizenship and Immigration Services (USCIS), a component of the Department of Homeland Security (DHS), published a proposed rule to amend its regulations to allow these undocumented spouses to request provisional unlawful presence waivers that would allow them to remain in the United States while they await an appointment to attend an immigrant visa interview in their home country. *Id*. On January 3, 2013, after notice and comment, USCIS adopted the rule. *Id*. The final rule became effective on March 4, 2013. *Id*. Pursuant to another final rule promulgated by USCIS, these protections were extended to undocumented immigrants with final removal orders on August 29, 2016. *See* Expansion of

Provisional Unlawful Presence Waivers of Inadmissibility, 81 Fed. Reg. 50244-01, 50244 (July 29, 2016).

Petitioner Wanrong Lin, a resident of the state of Maryland, has been married to Petitioner Hui Fang Dong since May, 2004. ECF No. 1 ¶ 28. Ms. Dong became a naturalized U.S. Citizen on February 24, 2004. *Id*. ¶ 29. Mr. Lin is a citizen of the People's Republic of China and has had a removal order from the United States since his request for asylum and appeal were denied on March 10, 2008 and November 20, 2009, respectively. *Id*. In 2016, Ms. Dong and Mr. Lin began the provisional waiver application process. *Id*. ¶ 31. As part of this process, USCIS scheduled Ms. Dong and Mr. Lin for a mandatory interview on August 29, 2018, to determine that they were in a bona fide relationship prior to approval of Ms. Dong's I-130 Petition for Alien Relative. *Id*. Though the USCIS interviewer approved the petition, Immigration and Customs Enforcement (ICE) agents arrested Mr. Lin at the conclusion of the interview and transported him to Anne Arundel County Detention Center to be held until his deportation. *Id*. Petitioners filed a complaint alleging that his detention and deportation violate the Immigration and Nationality Act, the Due Process Clause of the Fourteenth Amendment, the Administrative Procedure Act ("APA"), and the Suspension Clause of the Constitution. Petitioners also filed a motion for a temporary restraining order staying Mr. Lin's deportation on November 19, 2018 at 9:35 AM EST. A flight carrying Mr. Lin departed from Newark, NJ for Shanghai, China at 9:54 AM that same day. A hearing was held at 3:00 PM that afternoon. ECF No. 4.

To succeed on a motion for a temporary restraining order, plaintiffs must establish (1) a likelihood of success on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an

injunction is in the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). All four factors weigh in favor of granting a temporary restraining order.

Plaintiffs have shown they are likely to succeed on the merits of their APA claim. The APA bars agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. 706(2)(A). An agency action is arbitrary and capricious when the agency disregards rules or regulations still in effect or departs from a prior policy without "articulat[ing] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *See Sierra Club v. Dep't of the Interior*, 899 F.3d 260, 293 (4th Cir. 2018). "[A]n agency changing its course must supply a reasoned analysis," and the court may not infer the agency's reasoning from mere silence. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 57 (1983).

Plaintiffs have made a strong showing that DHS has had a policy of generally allowing applicants for provisional waivers to remain in the United States. The most obvious justification is in the text and policy of the rules themselves. DHS and USCIS have promulgated rules for the express purpose of encouraging otherwise "reluctant" undocumented spouses of U.S. citizens to seek immigrant visas. Final Rule, 78 Fed. Reg. at 536. DHS and USCIS then expanded these protections to immigrants with final orders of removal, deportation, or exclusion. Expansion of Final Rule, 81 Fed. Reg. at 50262. The very thing sought by those applying for these provisional waivers is to stay in the United States legally with their families. To allow ICE—a federal agency under the jurisdiction of DHS—to arrest and deport those who seek this legal protection would be to allow DHS to nullify its own rule without explanation.

The Court finds further support for the existence of this policy in a publicly available field adjudication manual published by USCIS. This manual states that, "[a]s a general rule, any alien who appears for an interview before a USCIS officer in connection with an application or

petition seeking benefits under the Act shall not be arrested during the course of the interview, even though the alien may be in the United States illegally." Adjudicator's Field Manual § 15.1 (c)(2). To be sure, the Government accurately notes that this manual is not, alone, a regulation carrying the force of law. But it is further evidence of what is apparent on the face of the provisional waiver program: the very existence of the program is nullified if ICE agents can use the application process as a honeypot to trap undocumented immigrants who seek to take advantage of its protections. Such an action is arbitrary and capricious absent agency justification for the change in policy.

As to the second prong of the analysis, the Court finds Mr. Lin and Ms. Dong would both suffer irreparable harm in the absence of a temporary restraining order. Mr. Lin would be asked to fend for himself in a country he has not lived in since 2002. He has no family in Shanghai, and it is unclear how he will care for himself. He would be indefinitely separated from his wife and his three adolescent children. His wife would suffer both the emotional harm of being separated from her husband and raising their children alone, as well as the economic harm from losing her partner in their family-owned restaurant.

As to the third prong, the balance of the equities also tips in favor of Mr. Lin and Ms. Dong. Though the government will face administrative and bureaucratic challenges in returning Mr. Lin to the United States, no other concerns press on the Court to keep Mr. Lin out of the country. He has been accused of no crime or any other malfeasance. Though the Court recognizes the difficulty facing the government, it pales in comparison to the burdens faced by Mr. Lin, Ms. Dong, and their family.

Finally, this order is in the public interest, as it requires DHS to comport with its own rules and regulations, and bars arbitrary and capricious agency action towards vulnerable undocumented immigrants.

In accordance with the foregoing, it is hereby **ORDERED**, by the United States District Court for the District of Maryland, that:

1. Plaintiffs' Motion for Temporary Restraining Order and Stay of Removal, ECF No. 2, is **GRANTED in part and DENIED in part**;

2. Defendants-Respondents shall immediately cause Mr. Lin to be returned to the United States and to the jurisdiction of the Maryland Field Office of the Immigration and Customs Enforcement Office of Enforcement and Removal Operations. Mr. Lin shall remain in detention until further order of the Court;

3. Defendants-Respondents are hereby enjoined and prohibited from further removing or causing the removal from the United States of Mr. Lin;

4. This Temporary Restraining Order is in effect until further order of the Court, but no longer than fourteen days from this date;

5. The parties shall join a conference call at 3pm EST on November 20, 2018 to discuss further proceedings;


Dated: November   19  , 2018                                   /s/
                                                          GEORGE J. HAZEL
                                                          United States District Judge