# EXHIBIT B

2018 WL 6164602
United States Court of Appeals, Ninth Circuit.

Alejandro RODRIGUEZ, for Himself and on Behalf of a Class of Similarly-Situated Individuals; Abdirizak Aden Farah, for Himself and on Behalf of a Class of Similarly-Situated Individuals; Jose Farias Cornejo; Yussuf Abdikadir; Abel Perez Ruelas, Petitioners-Appellees/ Cross-Appellants, and Efren Orozco, Petitioner,
v.
David MARIN, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; Kirstjen Nielsen, Secretary, Homeland Security; Matthew G. Whitaker, Acting Attorney General; Wesley Lee, Assistant Field Office Director, Immigration and Customs Enforcement; Rodney Penner, Captain, Mira Loma Detention Center; Sandra Hutchens, Sheriff of Orange County; Nguyen, Officer Officer-in-Charge, Theo Lacy Facility; Davis Nighswonger, Captain, Commander, Theo Lacy Facility; Mike Kreuger, Captain, Operations Manager, James A. Musick Facility; Arthur Edwards, Officer-in-Charge, Santa Ana City Jail; Russell Davis, Jail Administrator, Santa Ana City Jail; James McHenry, Director, Executive Office for Immigration Review, Respondents-Appellants Cross-Appellees

Nos. 13-56706
|
13-56755
|
Argued and Submitted October 29, 2018 Pasadena, California
|
Filed November 19, 2018

**Synopsis**
**Background:** Alien filed petition for writ of habeas corpus, seeking declaratory and injunctive relief on behalf of himself and class of aliens detained during immigration proceedings for more than six months without bond hearing, asserting constitutional and statutory claims for individualized bond hearings. The United States District Court for the Central District of California, Terry J. Hatter, Jr., Senior District Judge, 2013 WL 5229795, entered summary judgment in plaintiffs' favor, and entered permanent injunction. Government appealed. The Court of Appeals, 804 F.3d 1060, affirmed in part, reversed in part, and remanded. Certiorari was granted. The United States Supreme Court, No. 2:07-cv-03239-TJH-RNB, 136 S.Ct. 2489, reversed and remanded.

On remand, the Court of Appeals held that it had habeas jurisdiction over action.

Remanded.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment; Motion for Permanent Injunction; Petition for Writ of Habeas Corpus.

**Attorneys and Law Firms**

Sarah Stevens Wilson (argued), Assistant United States Attorney; Erez Reuveni, Assistant Director; William C. Peachey, Director, District Court Section; Chad A. Readler, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Birmingham, Alabama; for Respondents-Appellants/Cross-Appellees.

Ahilan Thevanesan Arulanantham, Michael Kaufman, and Peter Jay Eliasberg, ACLU Foundation of Southern California, Los Angeles, California; Judy Rabinovitz and Michael K.T. Tan, ACLU Immigrants' Rights Project, New York, New York; Cecillia D. Wang, ACLU Immigrants' Rights Project, San Francisco, California; Jayashri Srikantiah, Stanford Law School Mills Legal Clinic, Stanford, California; Sean Ashley Commons, Wen Shen, and Sheri Porath Rockwell, Sidley Austin LLP, Los Angeles, California; Steven Andrew Ellis, Goodwin Procter LLP, Los Angeles, California, for Petitioners-Appellees/Cross-Appellants.

Nina Rabin, University of Arizona College of Law, Tucson, Arizona, for Amici Curiae Social Science Researchers and Professors.

James H. Moon, James J. Farrell, Nathan M. Saper, Latham & Watkins LLP, Los Angeles, California, for Amici Curiae National Association of Criminal Defense

Lawyers and the Judge David L. Bazelon Center for Mental Health Law.

Sarah H. Paoletti, University of Pennsylvania Law School Transnational Legal Clinic, Philadelphia, Pennsylvania, for Amici Curiae International Law Professors and Human Rights Clinicians and Clinical Programs.

Holly Stafford Cooper, University of California Davis Law School Immigration Law Clinic, Davis, California, for Amicus Curiae University of California Davis Law School Immigration Law Clinic.

Max Carter-Oberstone and Samuel P. Siegel, Associate Deputy Solicitors General; Michael J. Mongan, Deputy Solicitor General; Janill L. Richards, Principal Deputy Solicitor General; Edward C. DuMont, Solicitor General; Xavier Becerra, Attorney General; Office of the Attorney General, Sacramento, California; George Jepsen, Attorney General, Office of the Attorney General, Hartford, Connecticut; Janet T. Mills, Attorney General, Office of the Attorney General, Augusta, Maine; Maura Healey, Attorney General, Office of the Attorney General, Boston, Massachusetts; Barbara D. Underwood, Attorney General, Office of the Attorney General, New York, New York; Ellen F. Rosenblum, Attorney General, Office of the Attorney General, Salem, Oregon; Peter F. Kilmartin, Attorney General, Office of the Attorney General, Providence, Rhode Island; Thomas J. Donovan Jr., Attorney General, Office of the Attorney General, Montpelier, Vermont; Robert W. Ferguson, Attorney General, Office of the Attorney General, Olympia, Washington; for Amici Curiae States of California, Connecticut, Maine, Massachusetts, New York, Oregon, Rhode Island, Vermont, and Washington, and the District of Columbia.

Eugene M. Gelernter, Danielle C. Quinn, and Michael N. Fresco, Patterson Belknap Webb & Tyler LLP, New York, New York; Hardy Vieux, Human Rights First, Washington, D.C.; Eleni Bakst and Eleanor Acer, Human Rights First, New York, New York; Robyn Barnard, Human Rights First, Los Angeles, California; for Amicus Curiae Human Rights First.

David Lesser, Jessica Tsang, Adriel I. Cepeda Derieux, and Jamie Stephen Dycus, Wilmer Cutler Pickering Hale and Dorr LLP, New York, New York, for Amici Curiae Retired Immigration Judges and Board of Immigration Appeals Members.

Philip J. Levitz, Blake B. Hulnick, and Dennis B. Auerbach, Covington & Burling LLP, Washington, D.C.; Adam B. Cox and Robert A. Kinkler, Professor of Law, New York University School of Law, New York, New York; for Amici Curiae Professors of Constitutional, Immigration, and Administrative Law.

Elizabeth J. Cabraser, Lieff Cabraser Heimann & Bernstein LLP, San Francisco, California; Katherine I. McBride, Jason L. Lichtman, and Jonathan D. Selbin, Lieff Cabraser Heimann & Bernstein LLP, New York, New York; Andrew R. Kaufman, Lieff Cabraser Heimann & Bernstein LLP, Nashville, Tennessee; for Amici Curiae Administrative Law, Civil Procedure, and Federal Courts Professors.

Darren S. Teshima, Orrick Herrington & Sutcliffe LLP, San Francisco, California; Nina Rabin, Director, Immigrant Family Legal, Los Angeles, California; for Amici Curiae Scholars and Researchers in Sociology, Criminology, Anthropology, Psychology, Geography, Public Health, Medicine, Latin American Studies, and Law.

Lawrence J. Joseph, Washington, D.C.; Christopher J. Hajec, Director of Litigation, Immigration Reform Law Institute, Washington, D.C.; for Amicus Curiae Immigration Reform Law Institute.

On Remand From The United States Supreme Court, D.C. No. 2:07-cv-03239-TJH-RNB

Before: Kim McLane Wardlaw and Ronald M. Gould, Circuit Judges, and Sam E. Haddon,[*] District Judge.

## ORDER

In *Jennings v. Rodriguez*, ––– U.S. ––––, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court held that we misapplied the canon of constitutional avoidance to hold that certain immigration detention statutes, namely 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c), implicitly contain a reasonableness determination after which due process concerns require that persons in prolonged mandatory detention are entitled to individualized bond hearings and possibly, conditional release. Although the Court sought and received briefing on the straightforward constitutional question, i.e. without the implicit requirement of due process for

persons in arbitrary prolonged detention, whether these detention statutes are constitutional, it declined to reach the constitutional question. The Court instead chose to answer only the question whether the statutory text itself included a limit on prolonged detention or a requirement of individual bond hearings. In an opinion authored by Justice Alito, the Court concluded that as a matter of statutory construction, the only exceptions to indefinite detention were those expressly set forth in the statutes or related regulations. *See* 8 U.S.C. § 1182(d)(5)(A) (humanitarian parole); 8 U.S.C. § 1226(a)(2)(A) (bond); 8 U.S.C. § 1226(c)(2) (witness protection); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1) (bond hearing).

The Court then remanded the constitutional issues to our court, and we now, taking our cue from it, likewise remand this case to the district court, which

> had no occasion to consider [petitioners'] constitutional arguments on their merits. Consistent with our role as "a court of review, not of first view," we do not reach those arguments. Instead, we remand the case to the [district court] to consider them in the first instance.

*Rodriguez*, 138 S.Ct. at 851 (citation omitted).

The Court also decided to give us some homework on issues not raised by the parties, asking us to reexamine whether the class should remain certified for consideration of the constitutional issues and available class remedies and whether a Rule 23(b)(2) class action remains the appropriate vehicle in light of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), and as a means for resolving petitioners' due process clause claims. The composition of the various subclasses may also require reconsideration. Because district courts have vastly more experience with class litigation than appellate courts, we also remand these questions to the district court to be decided in the first instance.

For purposes of this analysis, the district court should determine "the minimum requirements of due process" for each subclass. *Morrissey v. Brewer*, 408 U.S. 471, 488–89, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (requiring specific procedural protections in the context of parole revocations). Although due process is a "flexible" concept, *id.* at 481, 92 S.Ct. 2593, certainly no process at all may be a common characteristic of each of the statutes at issue. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (internal quotation marks and citation omitted). The district court should also reassess and reconsider both the clear and convincing evidence standard and the six-month bond hearing requirement.

**\*3** We need not remand the question of jurisdiction over this habeas claim, as it is clear that we have jurisdiction over petitioners' claims, as does the district court. First, we have jurisdiction under 8 U.S.C. § 1252(f)(1), which states that "no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of [§§ 1221–1232], other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated." All of the individuals in the putative class are "individual[s] against whom proceedings under such part have been initiated" and are pursuing habeas claims, albeit as a class, which nowhere appear affected by § 1252(f)(1). The statute does not on its face bar class actions, and even if *Reno v. American-Arab Anti-Discrimination Committee* forecloses the argument that § 1252(f)(1) allows classwide injunctive relief, it does not affect classwide declaratory relief. 525 U.S. 471, 481, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999). Section 1252(f)(1) also does not bar the habeas class action because it lacks a clear statement repealing the court's habeas jurisdiction.[1] *I.N.S. v. St. Cyr*, 533 U.S. 289, 298, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (relying on "the longstanding rule requiring a clear statement of congressional intent to repeal habeas jurisdiction" (citation omitted) ).

Second, 8 U.S.C. § 1252(b)(9) does not preclude jurisdiction. Section 1252(b)(9) restricts "[j]udicial review of all questions of law and fact ... arising from any action taken or proceeding brought to remove an alien," except review of final orders of removal. Here, Petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined." *Rodriguez*, 138 S.Ct. at 841.

Finally, 8 U.S.C. § 1226(e) does not preclude jurisdiction. Section 1226(e) prohibits judicial review of the Attorney General's "discretionary judgment," "action," or "decision" regarding the apprehension,

detention, or release of a noncitizen. Here, "contesting the constitutionality of the entire statutory scheme under the Fifth Amendment ... is not a matter of discretionary judgment, action, or decision" and thus "falls outside of the scope of § 1226(e)." *Rodriguez*, 138 S.Ct. at 841 (internal quotation marks omitted).

Like the Supreme Court, we do not vacate the permanent injunction pending the consideration of these vital constitutional issues. We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) (internal quotation marks and citation omitted). As Justice Breyer wrote in *Rodriguez*,

> The Fifth Amendment says that "[n]o person shall be ... deprived of life, liberty, or property without due process of law." An alien is a "person." To hold him without bail is to deprive him of bodily "liberty." And, where there is no bail proceeding, there has been no bail-related "process" at all. The Due Process Clause—itself reflecting the language of the Magna Carta—prevents arbitrary detention.

**\*4** 138 S.Ct. at 861 (Breyer, J., dissenting) (alteration in original) (citations omitted). [2]

In conclusion, we therefore remand with instructions to the district court to consider and determine: (1) whether the class certified by the district court should remain certified for consideration of the constitutional issue and available class remedies; (2) whether classwide injunctive relief is available under 8 U.S.C. § 1252(f)(1); (3) whether a Rule 23(b)(2) class action (a) remains the appropriate vehicle in light of *Walmart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011), and (b) whether such a class action is appropriate for resolving Petitioners' due process claims; (4) whether composition of the previously identified subclasses should be reconsidered; (5) the minimum requirements of due process to be accorded to all claimants that will ensure a meaningful time and manner of opportunity to be heard; and (6) a reassessment and reconsideration of both the clear and convincing evidence standard and the six-month bond hearing requirement.

**REMANDED.**

**All Citations**

--- F.3d ----, 2018 WL 6164602, 18 Cal. Daily Op. Serv. 10,885

Footnotes

\*  The Honorable Sam E. Haddon, United States District Judge for the District of Montana, sitting by designation.

1  The district court must decide in the first instance whether § 1252(f)(1) precludes classwide injunctive relief, and if so, whether the availability of declaratory relief only can sustain the class. *Rodriguez*, 138 S.Ct. at 851. The district court must also consider whether a declaration that the detention statutes are unconstitutional because they contain *no* process for seeking bail is an injunction or restraint on the operation of the detention statutes. 8 U.S.C. § 1252(f)(1).

2  By referencing the issues spotted by the *Rodriguez* majority, we do not intend to restrict the district court from considering any other relevant issue, such as the scope of remedies available to the subclasses if the court should find a constitutional violation.

**End of Document**                                                © 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2018 Thomson Reuters. No claim to original U.S. Government Works.                4