UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON JIMENEZ )
AND LUIS GORDILLO, ET AL.,     )
individually and on behalf of all )
others similarly situated,      )
                                )
       Petitioner-Plaintiffs,   )
                                )
       v.                       )    C.A. No. 18-10225-MLW
                                )
KIRSTJEN M. NIELSEN, ET AL.,    )
                                )
       Respondent-Defendants.   )
                                )

MEMORANDUM AND ORDER

WOLF, D.J.                                          December 7, 2018

As stated in court on December 6, 2018, for the reasons explained in Alli v. Decker, 650 F.3d 1007, 1014-21 (3d Cir. 2011) and in Reid v. Donelan, 2018 WL 5269992 at *6-8 (D. Mass. Oct. 23, 2018), the court finds that 8 U.S.C. §1252(f)(1) does not prohibit the possible issuance of class-wide declaratory relief in this case. Among other things, as the Supreme Court has written:

> [E]ven though a declaratory judgment has 'the force and effect of a final judgment,' 28 U.S.C. §2201, it is a much milder form of relief than an injunction. Though it may be persuasive, it is not ultimately coercive; noncompliance with it may be inappropriate, but is not contempt.

Steffel v. Thompson, 415 U.S. 452, 471 (1974).

In addition, contrary to respondents' contention, conduct inconsistent with a declaratory judgment does not invariably lead

to the issuance of an injunction. To establish eligibility for an injunction restraining the conduct of a government official, a party must prove not only a violation of law, but also that it is likely to continue in the future. See Farmer v. Brennan, 511 U.S. 825, 845-47 (1994). The Supreme Court has indicated that district courts should use caution in issuing injunctive orders against government officials and that it may be appropriate to give those officials an opportunity to rectify violations of law before issuing an injunction. Id. at 846-47. In any event, a court may find that a declaratory judgment was and remains justified, but that an injunction is not necessary or appropriate because the government has represented that it will obey the law as declared by the court in the future. See e.g. South Boston Allied War Council v. City of Boston, 875 F. Supp. 891, 920 (D. Mass. 1995).

In view of the foregoing, §1252(f)(1) does not prohibit the possible issuance of class-wide declaratory relief in this case if the putative class is certified.

There is a question concerning whether class-wide injunctive relief for a violation of a pertinent provision, rather than the operation of that provision, is barred by §1252(f)(1). See e.g. Rodriguez v. Hayes, 591 F.3d 1105, 1119 (9th Cir. 2010), rev'd on other grounds sub nom. Jennings v. Rodriguez, 138 S. Ct. 830, 851 (2018). However, as agreed by petitioners, the resolution of that issue will not affect the definition of the putative class or

2

discovery in this case. Therefore, as the law on this issue may be clarified before it has practical significance in this case, the court is not now deciding it. See e.g. Reid, 2018 WL 5269992 at *6.

As also stated at the hearing on December 6, 2018, and in the lobby conference that followed it, it is hereby ORDERED that:

1.  The parties shall confer and by December 20, 2018:

(a) Report whether they have agreed to settle this case or to request jointly that it be stayed; and

(b) Present any request they may have for discovery.

2.  The parties shall, by January 11, 2019, each submit a memorandum addressing:

(a) Whether the statutes and regulations governing the Form I-130 ("Petition for an Alien Relative") and/or the Form I-212 ("Application for Permission to Reapply for Admission into the United States After Deportation or Removal") establish a right to apply for each and, therefore, alone create a liberty interest which entitles an alien to Due Process.

(b) If there is a right to apply for approval of an I-130 application or I-212 application, whether there is a right to receive a decision regarding those applications while still in the United States.

(c) Whether the statutes and regulations governing the provisional wavier process establish a right to apply for a provisional wavier beginning at the I-130 or I-212 stage.

(d) Explain their respective positions on the merits of the petitioners claims' concerning the Administrative Procedure Act, 5 U.S.C. §§553, 706(2)(A), and the Equal Protection Clause of the Fifth Amendment, and the relevance of those claims for certification of the proposed class.

(e) Any other issues that should be decided prior to further briefing and argument concerning class certification.

3. The parties shall, by January 25, 2019, file any replies.

4. A hearing on any pending motion(s) shall begin on February 14, 2019, at 9:30 a.m., and continue on February 15, 2019, if necessary.

5. The parties shall order a transcript of the December 6, 2018 hearing and lobby conference.

                                        /s/ *signature*
                                        UNITED STATES DISTRICT JUDGE