**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| LILIAN PAHOLA CALDERON JIMENEZ | ) | |
| and LUIS GORDILLO, et al., | ) | |
| | ) | |
| Individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | No. 1:18-cv-10225-MLW |
| Plaintiffs-Petitioners, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KIRSTJEN M. NIELSEN, et al., | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

**RESPONSE TO RESPONDENTS MOTION FOR**
**A STAY IN LIGHT OF LAPSE OF APPROPRIATIONS**

Respondents' Motion For A Stay In Light of Lapse of Appropriations ("Motion") states

that "Counsel for Petitioners have indicated that they oppose the relief sought in this motion."

Dkt. No. 204 at 2.  In fact, Petitioners are prepared to assent to a stay, on the condition that

Respondents provide reporting similar to that which has been ongoing as part of the stay of

Petitioners' request for a preliminary injunction.  *See* Dkt. No. 162 at 2.[1]  Specifically,

Petitioners request that any stay be conditioned on:

1. Continuation of monthly reporting described at Dkt. No. 162 at 2-3 (attached hereto
   as Exhibit A), regarding the outcome of cases at Boston ICE-ERO Order of
   Supervision check-ins involving individuals participating in the provisional waiver
   process (starting with the filing of an I-130 application), with the addition of a
   column for the attorney of record for putative class members.

---

[1] Petitioners believed they were in the process of conferring with the government about the possible terms of a stay
when the government filed its motion. Petitioners interpret Respondents' Motion to seek an extension of the stay of
Petitioners' Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Dkt. No. 49), which expires
January 11, 2019. *See* Dkt. No. 168 at 3. Petitioners assent to a continued stay of that motion, pursuant to the terms
described herein.

1

2.  Provision of similar monthly reporting with that same information for any Stay of Removal requests or detention determination for putative class members (beginning with a report for January 2019) for the duration of the shutdown.

3.  Provision to Counsel for the Petitioners of at least 5 business days' notice before any intended removal (including enforced departure) of a putative class member.

For two reasons, a stay is appropriate if subject to these conditions, but not otherwise.

First, limited reporting is not unduly burdensome, and is necessary to ensure that the government does not derive undue advantage from the shut-down by continuing to fund enforcement actions against putative class members while shielding these actions from judicial scrutiny.  Immigration and Customs Enforcement remains open and continues to take enforcement actions.[2]  It has not stipulated that it will refrain from taking such action against Petitioners or putative class members as a consequence of the shutdown.  Nor have Respondents asserted that attorneys cannot be made available to defend their actions.  The reporting Petitioners seek is an extension of reporting that the government has already been providing— including as recently as January 9, 2019—during the pendency of the present shutdown.  A stay under these conditions adequately balances Respondents' desire to preserve their self-limited resources while ensuring that Petitioners and putative class members have some minimal safeguard against potentially unlawful actions.

Second, without such safeguards, Respondents cannot demonstrate that good cause exists to stay the upcoming filing deadlines.  Fed. R. Civ. P. 6(b)(1).  Respondents cannot be discharged of their obligation to litigate this case, and therefore shield their actions from judicial scrutiny, because of an internal dispute over funding.  *See*, *e.g.*, *Colon-Morciglio v. United*

---

[2] *See* Lisa Riordan Seville & Hannah Rappleye, *Shutdown nearly shuts U.S. immigration courts, but deportations continue*, NBC News (Jan. 5, 2019, 7:07 AM), https://www.nbcnews.com/politics/immigration/shutdown-nearly-shuts-u-s-immigration-courts-deportations-continue-n954826; Franklin Foer, *The Shutdown Makes Trump's Priorities Painfully Clear*, The Atlantic (Jan. 8, 2019), https://www.theatlantic.com/ideas/archive/2019/01/despite-shutdown-trump-pays-deport-mauritanians/579778/.

*States*, No. 17-02312-WGY (D.P.R. Jan. 2, 2019) (Dkt. No. 20) (lack of appropriations does not

constitute "good cause" to stay proceedings) (Young, J.) (attached hereto as Exhibit B); *United*

*States v. Baltimore Police Dep't*, No. JKB-17-0099 (D. Md. Dec. 26, 2018) (Dkt. No. 173)

(attached hereto as Exhibit C) ("Federal Government's attorneys . . . are required to find the

means by which to continue their participation in this litigation on a timely basis regardless of

their client's internal issues.").  In short, if Respondents can find the funding necessary to

continue taking potentially unlawful actions, they can find the funding necessary to defend those

actions in this Court.

Petitioners thus assent to a stay of deadlines in this case subject to the limited reporting

described above.  In the absence of such reporting, because Respondents have not demonstrated

good cause to indefinitely stay future filing deadlines and the continued litigation of this case is

essential to protect Petitioners' rights, Respondents' Motion to Stay should be denied.

Respectfully submitted this 10th day of January, 2019.

/s/  Kevin S. Prussia

| | |
|---|---|
| Matthew R. Segal (BBO # 654489) | Kevin S. Prussia (BBO # 666813) |
| Adriana Lafaille (BBO # 680210) | Shirley X. Li Cantin (BBO # 675377) |
| AMERICAN CIVIL LIBERTIES UNION | Michaela P. Sewall (BBO # 683182) |
| FOUNDATION OF MASSACHUSETTS, INC. | Jonathan A. Cox (BBO # 687810) |
| 211 Congress Street | Stephen Provazza (BBO # 691159) |
| Boston, MA 02110 | Colleen M. McCullough (BBO # 696455) |
| (617) 482-3170 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| Kathleen M. Gillespie (BBO # 661315) | 60 State Street |
| Attorney at Law | Boston, MA 02109 |
| 6 White Pine Lane | Telephone: (617) 526-6000 |
| Lexington, MA 02421 | Facsimile:  (617) 526-5000 |
| (339) 970-9283 | kevin.prussia@wilmerhale.com |
| | shirley.cantin@wilmerhale.com |
| | michaela.sewall@wilmerhale.com |
| | jonathan.cox@wilmerhale.com |
| | stephen.provazza@wilmerhale.com |
| | colleen.mccullough@wilmerhale.com |

*Attorneys for Petitioners*