# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., | ) ) ) ) | |
| Individually and on behalf of all others similarly situated, | ) ) ) ) | No. 1:18-cv-10225-MLW |
| Plaintiffs-Petitioners, | ) ) ) | |
| v. | ) ) ) | |
| KIRSTJEN M. NIELSEN, et al., | ) ) ) | |
| Defendants-Respondents. | ) ) | |

## JOINT REPORT

1. This Court has ordered the parties to confer and report, by October 3, 2018, on: (a) updates to their responses to the August 27, 2018 Order; (b) additional issues identified in the Court's September 21, 2018 Memorandum; (c) a proposed schedule to complete, by November 7, 2018, briefing of the issue of when a petitioner's right to have ICE consider the pursuit of a provisional waiver before ordering removal vests; and (d) a proposed schedule for other matters, including possible discovery, briefing of petitioners' motion for class certification, and, if necessary, their motion for preliminary injunction; and (e) any other issues the parties request to be discussed at the scheduling conference. ECF No. 160 at 3. The parties met and conferred on October 1, 2018 and have further communicated via email, to discuss these issues.

2. **Updated Response to August 27, 2018 Order:**

    a. *USCIS*: Respondents will not object to discovery from or relating to USCIS on the basis that USCIS is not a named party, but Respondents reserve their right to

  object to such discovery on any other basis. Accordingly, Petitioners will not seek leave to amend their complaint to add USCIS as a party at this time.

b. ***Motion for Class Certification***: Petitioners and Respondents propose the briefing schedule outlined in Section 3 below.

c. ***Motion for Temporary Restraining Order and Preliminary Injunctive Relief***:

  i. <u>Petitioners' Statement</u>: Petitioners respectfully request that the Court stay their Motion for Temporary Restraining Order and Preliminary Injunctive Relief for an initial period of three months in light of Respondents' agreement to provide monthly reports during that period concerning the outcome of cases at Boston ICE-ERO Order of Supervision check-ins in which ICE took into account an individual's participation in the provisional waiver process (starting with the filing of an I-130 application). Petitioners also respectfully request that they be permitted to move to lift the stay if Respondents fail to provide comprehensive reports of those outcomes or if the reporting reveals that it is necessary to proceed with the motion.

  ii. <u>Respondents' Statement</u>: Respondents have offered to provide Petitioners with reporting, once a month, for an initial period of three months, in exchange for Petitioners' agreement to stay the motion for preliminary injunctive relief. Respondents would provide Petitioners with a PDF spreadsheet that identifies individuals who (1) have final orders of removal (2) have checked in with Boston ICE ERO in the past month and (3) whose deportation officers identify as having applications (Form I-130,

2

Form I-212, Form I-601A) pending with USCIS. This PDF will include, among other things, whether the alien has a criminal history and the instructions given to the alien at his/her check-in. Since there is no automated way to determine whether an alien reporting in has pending applications, the officer will manually conduct checks of USCIS systems to determine if there are any pending applications and then update the spreadsheet with this information. Because the information on the spreadsheet is manually inputted and not system generated, the reporting should not be relied upon for statistical reporting. Rather, its creation and use is intended solely to verify that ERO is considering provisional waiver eligibility when determining whether to detain aliens with final orders of removal.

3. **Proposed briefing schedule on when a petitioner's right to have ICE consider the pursuit of a provisional waiver before ordering removal vests:**

   a. The parties propose the following schedule:

      i. On or before October 24, 2018, Respondents shall submit a brief on the issue of when a petitioner's right to have ICE consider the pursuit of a provisional waiver before ordering removal vests ("the Vesting Issue").

      ii. On or before November 7, 2018, Petitioners shall submit a response to Respondents' brief.

      iii. The parties propose a hearing be held at the Court's convenience.

4. **Proposed case schedule**:

   a. *Petitioners' Statement:*

3

i. **Proposed Schedule**:

| Event | Petitioners' Proposed Deadline |
|---|---|
| Respondents' supplemental briefing on class certification, including the Vesting Issue | October 24, 2018 |
| Petitioners' responsive supplemental briefing on class certification, including the Vesting Issue | November 7, 2018 |
| Hearing on class certification, including the Vesting Issue | At the Court's convenience |
| Amendments to the pleadings | January 21, 2019 |
| Close of fact discovery | February 5, 2019 (4 months after the Rule 26(f) Conference) |
| Status Conference | February 12, 2019. No Rule 56 motions are to be filed prior to the status conference without leave of court. |

ii. **Motion for Class Certification**: Petitioners respectfully request that, at the conclusion of supplemental briefing on November 7, 2018, the Court proceed to oral argument on the Motion, including the Vesting Issue. Petitioners understand this request to be consistent with the Court's September 21, 2018 Order (ECF No. 160 at 2-3).

iii. **Discovery**: Petitioners anticipate the need for further discovery, as explained in Section III.A. of the parties' Joint Statement pursuant to Fed. R. Civ. P. 23(f) and Local Rule 16.1(d) (Exhibit A hereto). Contrary to Respondents' suggestion, the Court has already ruled that it is unlawful for ICE to remove aliens without regard to the provisional waiver process.

4

> *See, e.g.*, ECF No. 159 at 31. The scope of discovery requested by Petitioners is necessary for factual development of issues central to the claims in Petitioners' Amended Class Action Complaint (ECF No. 27). An affirmative showing of good cause is not required for discovery to proceed on these claims;[1] in any event, good cause exists for discovery to proceed so that Petitioners may establish their entitlement to relief. *See United States v. Djokich*, No. CR 08-10346-MLW, 2016 WL 927145, at *3 (D. Mass. Mar. 7, 2016) ("good cause" exists where there are "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief").

b. *Respondents' Statement:*

   i. **Answer:** Respondents have not yet formally answered the amended complaint and petition for writ of habeas corpus. *See* ECF No. 27. Respondents propose that they answer the amended complaint on or

---

[1] Although Respondents make the categorical assertion that "[d]iscovery is the exception, not the general rule in habeas actions" and cites the First Circuit's decision in *Teti v. Bender*, 507 F.3d 50 (1st Cir. 2007), Respondents' cases each rely on the procedural rules for § 2254 habeas petitions challenging state ***criminal*** custody. Although some courts have applied those rules to § 2241 cases, that application is discretionary. *Dillon v. Grondolsky*, C.A. No. 12-40082-TSH, 2012 WL 3139001, at *4 (D. Mass. July 31, 2012) ("[T]he rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions."). Respondents have not articulated any reason why those rules should be applied here. This is a civil case pursuant to the Federal Rules of Civil Procedure, which do not make any exception for habeas cases for purposes of depositions (Rule 30) or requests for interrogatories (Rule 33), production of documents (Rule 34), or admission (Rule 36). *Cf.* F. R. Civ. P. 26(a)(1)(B) (exempting habeas cases from the requirement of initial disclosures).

before October 16, 2018. Petitioners do not object to Respondents answering on this date.

ii. **Motion for Class Certification**: Respondents agree with the Court that the issue as to when the right to have the provisional waiver process considered vests ("Vesting Issue") "should be briefed, argued, and decided *before* class certification is briefed." ECF No. 160 at 2 (emphasis added). The Court's ruling on the Vesting Issue could affect the arguments for and against class certification. Accordingly, Respondents propose that Petitioners submit a supplemental memorandum supporting their motion for class certification two weeks after the Court rules on the Vesting Issue, Respondents submit their supplemental memorandum opposing class certification two weeks after Petitioners' supplemental memorandum is filed, and Petitioners' reply one week after Respondents' supplemental memorandum is filed.

iii. **Discovery**: Respondents oppose any additional discovery in this case because discovery is not necessary to decide the merits of Petitioners' claims nor is it normally available in a habeas action, such as this case.[2] Respondents' position, from the inception of this case, is that while ICE takes into account all facts in alien's case when taking enforcement actions,

---

[2] This case, at its core, is a habeas action challenging Respondents' authority to detain and remove the alien petitioners. *See* ECF No. 27. Discovery is the exception, not the general rule in habeas actions; therefore, Petitioners must show good cause for discovery. *See Teti v. Bender,* 507 F.3d 50, 60 (1st Cir. 2007) ('[T]here is no entitlement to discovery in habeas proceedings."); *Lunn v. Smith,* No 17-cv-10938-IT, 2018 WL 2849759 (applying the good cause standard and limiting discovery in an immigration habeas case); *Toolasprashad v. Tyron*, No. 12-cv-734, 2013 WL 1560176, *2 (W.D.N.Y. Apr. 11, 2013).

6

ICE may remove aliens based solely on their valid, enforceable final orders of removal, without regard to the provisional waiver process.[3] Accordingly, Petitioners cannot establish good cause to conduct discovery where no discovery is needed to determine the purely legal issue of whether removing or detaining aliens based solely on their final orders of removal is lawful. In fact, Petitioners' requested discovery is not relevant to whether there has been a violation of the law, but rather is related to the size of a putative class and compliance with Petitioners' claimed legal rights, which is not appropriate at this stage in the litigation *before* any class has been certified and *before* any final decision has been issued on Petitioners' claims.[4] Given that this case, at its foundation, is a habeas action, and that expedited discovery has already been conducted, Respondents submit that the parties should meet and confer on whether they can agree on a targeted and limited scope of discovery and report to the Court by November 7, 2018, on whether the parties have reached agreement and, if necessary, propose a schedule to brief whether Petitioners can establish that there is good cause for additional discovery.

---

[3] While this continues to be Respondents' primary legal argument, nevertheless Respondents have taken actions and are continuing to take actions to ensure adherence with the legal obligations articulated in the Court's August 23, 2018 Order. *See* ECF No. 158, Ex. A.
[4] Respondents anticipate that a final decision on the merits of Petitioners' claims will be decided via cross-motions for summary judgment. *See* ECF No. 160 at 2 (ordering Respondents to clarify their position).

7

5. **Any other issues**

   a. Petitioners have attached (as Exhibit A) a Joint Statement pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(d).[5]

---

[5] Consistent with the Court's September 21, 2018 Memorandum, Petitioners interpret the deadline for the filing of the Rule 26(f) and 16.1(d) Joint Statement (to the extent they are necessary) to be October 3.

Respectfully submitted this 3rd day of October, 2018.

| *Counsel for the Respondents* | *Counsel for the Petitioners* |
|---|---|
| JOSEPH H. HUNT<br>Assistant Attorney General | /s/ *Kevin S. Prussia*<br>Kevin S. Prussia (BBO # 666813)<br>Michaela P. Sewall (BBO # 683182) |
| WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation | Jonathan A. Cox (BBO # 687810)<br>Stephen Provazza (BBO # 691159)<br>Colleen M. McCullough (BBO # 696455)<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP |
| MONIQUE T. PEOPLES<br>Senior Litigation Counsel | 60 State Street<br>Boston, MA 02109 |
| /s/ *Mary L. Larakers*<br>MARY L. LARAKERS<br>(Texas Bar # 24093943)<br>Trial Attorney<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation,<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 353-4419<br>(202) 305-7000 (facsimile)<br>mary.l.larakers@usdoj.gov | Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br>kevin.prussia@wilmerhale.com<br>michaela.sewall@wilmerhale.com<br>jonathan.cox@wilmerhale.com<br>stephen.provazza@wilmerhale.com<br><br>Matthew R. Segal (BBO # 654489)<br>Adriana Lafaille (BBO # 680210)<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF MASSACHUSETTS, INC.<br>211 Congress Street<br>Boston, MA 02110<br>(617) 482-3170 |
| EVE A. PIEMONTE, BBO No. 628883<br>Assistant United States Attorney<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>Eve.Piemonte@usdoj.gov | Kathleen M. Gillespie (BBO # 661315)<br>Attorney at Law<br>6 White Pine Lane<br>Lexington, MA 02421<br>(339) 970-9283 |

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2018, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

                                                  */s/Mary L. Larakers*
                                                  Mary L. Larakers
                                                  Trial Attorney