UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., | ) ) ) ) ) ) | |
| Plaintiffs-Petitioners, | ) ) | No. 1:18-cv-10225-MLW |
| v. | ) ) | |
| KIRSTJEN M. NIELSEN, et al., | ) ) | |
| Defendants-Respondents. | ) ) ) ) ) | |

## RESPONDENTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Respondents respectfully notify the Court of a recent decision in *Tazu v. Barr*, No. 2:19-CV-7872-ES (D.N.J. Mar. 29, 2019), attached hereto as Exhibit A.  In *Tazu*, the court held that the alien-petitioner lacked a due process right to remain in the United States, even though he was the beneficiary of an approved Form I-130 and intended to pursue a provisional unlawful presence waiver.  Ex. A at 15.  That holding rested on two legal conclusions.

First, the regulation that governs provisional waivers, 8 C.F.R. § 212.7(e), "does not create . . . a legitimate claim of entitlement."  *Id.* at 13.  The Court stated that "when determining if a regulation creates a liberty or property due process interest, the Court must look at whether the regulation: 1) establishes substantive predicates to govern official decision-making, and 2) 'contains explicitly mandatory language' directing the decisionmaker to reach a particular outcome." Ex. A at 11-12 (citing *Ky. Dept. of Corrections v. Thompson,* 490 U.S. 454, 460 (1989) and *United States v. Torres,* 383 F.3d 92 (3d Cir. 2004)). The court explained that "[t]he regulatory history unambiguously shows that DHS purposefully added [certain quoted] language to clarify

that applicants for the provisional waiver would receive no interim benefits, including any protection from removal or law enforcement action." *Id.* (quoting 78 Fed. Reg. 536, 555).  The court also noted that in prior, analogous cases, including *De Jesus Martinez v. Nielsen*, 341 F. Supp. 3d 400 (D.N.J. 2018), and *Calderon v. Sessions*, 330 F. Supp. 3d 944 (S.D.N.Y. 2018), the courts "failed to analyze the underlying regulatory language and history." *Id.* at 10.

Second, "even assuming that that the regulation creates a legitimate entitlement to obtaining a decision on the provisional waiver application," the petitioner "d[id] not yet have a vested interest in that entitlement" because he did not meet the eligibility requirements. *Id.* at 15–16 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 60–61 (1999)).  The court relied on 8 C.F.R. § 212.7(e)(4)(iv), which "makes plain that in order for [an alien] to be entitled to any consideration for the provisional waiver he must first show he has an approved [Form] I-212." *Id.* at 16.  The court also found support in the regulatory history to the 2016 amendment:

> Particularly, commenters recommended that USCIS permit individuals subject to a final order of removal to file provisional waiver applications concurrently with Form I-212. 81 Federal Register at 50255. In declining this recommendation, DHS explained "that requiring the filing of separate Forms I-601A and I-212 simply reflects the fact that they are intended to address two separate grounds of inadmissibility, each with different waiver eligibility requirements." *Id.* At 50256. DHS further explained that "given that an applicant still has to demonstrate visa eligibility, including admissibility, at the time of the immigrant visa interview . . . , the Department believes the goals of the provisional waiver process are supported by making it available to those with final orders only if they already have conditionally approved a Form I-212 application." *Id.*

*Id.* at 16–17.

In an accompanying Order, the court denied the petitioner's habeas petition and request for a stay of removal.  *See id.* at 20.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

ELIANIS N. PEREZ
Assistant Director

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
United States Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov
*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Mary L. Larakers
Mary L. Larakers
Dated: April 15, 2019                                   Trial Attorney

3 / 2