```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

LILIAN PAHOLA CALDERON JIMENEZ          )
AND LUIS GORDILLO, ET AL.,              )
individually and on behalf of all       )
others similarly situated,              )
                                        )
        Petitioner-Plaintiffs,          )
                                        )
             v.                         )   C.A. No. 18-10225-MLW
                                        )
KIRSTJEN M. NIELSEN, ET AL.,            )
                                        )
        Respondent-Defendants.          )
                                        )

## ORDER

WOLF, D.J.                                              April 17, 2019

It is hereby ORDERED that:

1. A hearing shall be held on May 2, 2019, at 9:30 a.m., and continue on May 3, 2019, if necessary.

The court will hear argument concerning: (1) Respondents' Motion to Dismiss (Docket No. 40) as it relates to petitioners' claims under the Administrative Procedure Act, 5 U.S.C. §§553, 706(2)(A), the Equal Protection Clause of the Fifth Amendment, and the Immigration and Nationality Act, and claim that the United States citizen members of the putative class have a due process interest in living with their alien spouses in the United States; (2) whether there is a due process right to apply for and receive a decision regarding a Form I-130 "Petition for an Alien Relative"

and/or a Form I-212 "Application for Permission to Reapply for Admission into the United States After Deportation or Removal" while in the United States; and (3) any other matters related to Petitioners' Motion for Class Certification (Docket No. 46), including whether the Federal Rule of Civil Procedure 23 factors are satisfied.

2. In petitioners' reply memorandum, petitioners state that "[i]mportantly, the government does not raise arguments that seek to limit the class for purposes of Petitioners' APA, INA, and equal protection claims." Docket No. 224 at 17; see also id. at 19. Respondents shall, by April 26, 2019, file a memorandum stating whether this is a correct statement of their position. If it is not, respondents shall explain: (1) their position with respect to the scope of the putative class should those claims survive the motion to dismiss, and (2) why any such arguments should not be deemed waived under United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

                                                          _/s/ Mark L. Wolf_
                                                    UNITED STATES DISTRICT JUDGE