# Exhibit A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, et al., <br><br> Defendants-Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:18-cv-10225-MLW |

## PETITIONERS' FIRST SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Petitioners Lilian Calderon and Luis Gordillo, Lucimar de Souza and Sergio Francisco, Oscar Rivas and Celina Rivera Rivas, Sandro de Souza and Carmen Sanchez, and Deng Gao and Amy Chen (collectively, "Petitioners"), on behalf of themselves and all others similarly situated, request that Respondents Kirstjen M. Nielsen, Thomas Homan, Todd M. Lyons,[1] Yolanda Smith, Stephen W. Tompkins, and Donald J. Trump, in their official capacities (collectively, "Respondents"), produce the following documents and things within their possession, custody, or control to Wilmer Cutler Pickering Hale and Dorr, 60 State Street, Boston, MA, 02109, within thirty days.

## DEFINITIONS

1.  "Respondents," "You," or "Your" means Kirstjen M. Nielsen, Thomas Homan, Todd M. Lyons, Yolanda Smith, Stephen W. Tompkins, and Donald J. Trump, in their official

---

[1] Mr. Lyons is being substituted pursuant to Federal Rule of Civil Procedure 25(d).

1

capacities; the United States Department of Homeland Security ("DHS") and its subdivisions, including United States Immigration and Customs Enforcement ("ICE"), United States Citizens and Immigration Services ("USCIS"), and the Boston Field Office for ICE Enforcement and Removal Operations ("ERO"); and the Suffolk County House of Corrections.

2. "Boston ICE ERO" means the Boston Field Office for ICE Enforcement and Removal Operations, including all locations within its jurisdiction.

3. "Petitioners" means Lilian Calderon and Luis Gordillo, Lucimar de Souza and Sergio Francisco, Oscar Rivas and Celina Rivera Rivas, Sandro de Souza and Carmen Sanchez, and Deng Gao and Amy Chen.

4. "Document" shall be construed to have the broadest possible construction under the Federal Rules of Civil Procedure and includes all tangible Things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, e-mails, all other written, printed, electronic, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, regardless of the medium on which they are produced, reproduced, or stored (including, without limitation, electronically stored information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any Document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document.

5. "Thing" shall be given the broadest possible construction under the Federal Rules of Civil Procedure.

6. "Communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred, including, without limitation, persons seeing or hearing any information by any means and any Document memorializing or referring to the contact.

7. "All" means any and all, and shall be construed to include the term "each," and "each" shall be construed to include the term "all."

8. "Relate to," "related to, "relating to," and "regarding" mean in whole or in part concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

9. "Provisional Waiver Process" means the five-part process described in Petitioners' Amended Complaint, ECF No. 27 at ¶¶ 30-35, consisting of: 1) filing a Form I-130, Petition for Alien Relative; 2) filing a Form I-212, Permission to Reapply for Admission into the United States After Deportation or Removal; 3) filing a Form I-601A, Application for Provisional Unlawful Presence Waiver; 4) traveling abroad to appear for an immigrant visa interview at a U.S. consulate; 5) returning to the United States with an immigrant visa.

10. "Participation in the Provisional Waiver Process" means having taken the first or any subsequent steps in the Provisional Waiver Process.

11. "Enforcement Action(s)" means arrest, detention, removal, request or order to depart the United States, or increase in the amount or burden of a person's conditions of supervision.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of an Interrogatory that might otherwise be construed to be outside of its scope.

13. The word "including" shall be without limitation.

14. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

The following instructions apply to the Requests below and should be considered part of each such Request.

1. These Requests shall apply to all Documents and Things in Your possession, custody, or control at the present time or coming into Your possession, custody, or control prior to the date of production. If You know of the existence, past or present, of any Documents or Things requested below, but are unable to produce such Documents or Things because they are not presently in Your possession, custody, or control, You shall so state and shall identify such Documents or Things, and the person who has possession, custody, or control of the Documents or Things.

2. If no Documents or Things are responsive to a particular Request, You are to state that no responsive Documents or Things exist.

3. If You object to any Request or part of any Request, produce all responsive Documents or Things to which Your objection does not apply.

4. In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that Request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state

specifically the extent to which You have narrowed that Request for purposes of Your response and the factual basis for Your conclusion.

5. If You decline to produce any Document, Thing, or part thereof based on a claim of privilege or any other claim, describe the nature and basis of Your claim and the information withheld in a manner sufficient:

    a. to disclose the facts upon which You rely in asserting Your claim;

    b. to permit the grounds and reasons for withholding the information to be identified unambiguously; and

    c. to permit the information withheld to be identified unambiguously.

6. If, for reasons other than privilege, You refuse to produce Documents or Things or withhold Documents or Things sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

7. If in answering these Requests You claim any ambiguity in either the Request or an applicable definition or instruction, identify in Your response the language You consider ambiguous and state the interpretation You are using in responding.

8. These Requests seek all responsive Documents and Things in their original language and, if such original language is not English, these Requests also seek all English-language translations that may exist for any such Documents.

9. Each Document and Thing is to be produced along with all drafts, without abbreviation or redaction.

10. In the event that multiple copies of a Document or Thing exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

11. All Documents and Things requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a Document that is part of a file, docket, or other grouping should be physically produced together with all other Documents from said file, docket, or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each Document and Thing produced in response hereto, You shall identify the Request for Production and, where applicable, the interrogatory number in response to which the Document or Thing is being produced. Where a Document or Thing exists in hard copy and electronic format, You shall produce both the hard copy and the electronic copy.

12. The Documents and Things produced in response to these Requests shall be (i) organized and designated to correspond to the categories in this Request or (ii) produced as they are maintained in the normal course of business, and in either case:

   a. all associated file labels, file headings, and file folders shall be produced together with the responsive Documents from each file, and each file shall be identified as to its owner or custodian;

   b. all Documents that cannot be legibly copied shall be produced in their original form; otherwise, You may produce photocopies; and

   c. each page shall be given a discrete production number.

13. Nothing in these Requests, or in the Definitions set forth above, shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definition or Request.

14. For any responsive Documents or Things that have been lost, destroyed, or withheld from production based on any ground, You shall provide a written statement setting forth:

  a. the identity of the Document or Thing;

  b. the nature of the Document or Thing (*e.g.*, letter, memorandum, chart);

  c. the identity of the person(s) who received copies of the Document or Thing;

  d. the date of the Document or Thing;

  e. a brief description of the subject matter of the Document or Thing; and

  f. the circumstances of the loss and any fact, statute, rule, or decision upon which You rely in withholding the Document or Thing.

15. These Requests shall apply to all Documents in Your possession, custody, or control at the present time or coming into Your possession, custody, or control prior to the date of the production. If You know of the existence, past or present, of any Documents or Things requested below, but are unable to produce such Documents or Things because they are not presently in Your possession, custody, or control, You shall so state and shall identify such Documents or Things, and the person who has possession, custody, or control of the Documents or Things.

16. These Requests are continuous in nature, and You are under a duty to supplement or amend any prior response to these Requests.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

All Documents and Things concerning a) any Enforcement Action taken or considered by the Boston ICE ERO against any Petitioner, or b) any adjudication of a stay of removal (Form I-246). This includes Documents and Things related to any Risk Classification Assessments, stay adjudications, arrest or release decisions, and order of supervision notations.

### REQUEST FOR PRODUCTION NO. 2

All Documents and Things concerning any Petitioner and in the custody or control of United States Citizenship and Immigration Services, including internal communications and communication between USCIS and any other entity about the scheduling or adjudication of any application.

### REQUEST FOR PRODUCTION NO. 3

All DHS, ICE, or ERO headquarters' communications, including internal communications and communications with the Boston ERO, relating to Petitioners, arrests at USCIS offices in the Boston ERO, or consideration of the Provisional Waiver Process or its parts by the Boston ERO.

### REQUEST FOR PRODUCTION NO. 4

All Documents and Things concerning whether and how Respondents accounted or currently account for a person's Participation in the Provisional Waiver Process in considering whether to take Enforcement Action or adjudicating a stay of removal in the Boston ERO, including any Communications or Documents relating to the Provisional Waiver Process or its parts, how Participation in the Provisional Waiver Process was/is considered when determining whether to take Enforcement Action or adjudicate an application for a stay of removal, how an

8

officer came to know of an individual's Participation in the Provisional Waiver Process, and what information was/is available to that officer.

Dated:  December 20, 2018

*Counsel for the Petitioners*

*/s/ Kevin S. Prussia*
Kevin S. Prussia (BBO # 666813)
Michaela P. Sewall (BBO # 683182)
Jonathan A. Cox (BBO # 687810)
Stephen Provazza (BBO # 691159)
Colleen M. McCullough (BBO # 696455)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000
kevin.prussia@wilmerhale.com
michaela.sewall@wilmerhale.com
jonathan.cox@wilmerhale.com
stephen.provazza@wilmerhale.com

Matthew R. Segal (BBO # 654489)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 20, 2018, this document was sent via electronic mail and first class mail to the addresses below:

MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
mary.l.larakers@usdoj.gov

WILLIAN WEILAND, BBO No. 661433
U.S. Department of Justice
Office of Immigration Litigation - DCS
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 305-0770
william.h.weiland@usdoj.gov

EVE A. PIEMONTE, BBO No. 628883
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Eve.Piemonte@usdoj.gov

                                                  */s/ Stephen N. Provazza*
                                                  Stephen N. Provazza