UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, et al., <br><br> Defendants-Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:18-cv-10225-MLW |

**RESPONDENTS' MEMORANDUM IN RESPONSE TO APRIL 17, 2019 ORDER**

### I.     Procedural Background

In Petitioners' reply memorandum (ECF No. 224 at 17), Petitioners incorrectly assert that "the government does not raise arguments that seek to limit the class for purposes of Petitioners' APA, INA, and equal protection claims." *Id.* On April 17, 2019, this Court ordered Respondents to explain: "(1) their position with respect to the scope of the putative class should those claims survive the motion to dismiss, and (2) why any such arguments should not be deemed waived under *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)." ECF No. 227 ¶ 2.

In accordance with the Court's order, Respondents submit that as explained below, Petitioners' statement is not a correct statement of Respondents' position.[1] On numerous

---

[1] In this same briefing, Petitioners accused Respondents of failing to address whether Petitioners have stated a claim for a violation of the provisional waiver regulations. ECF No. 224 at 17. However, this assertion is patently false, as Respondents devoted two pages to this argument in Respondents' memorandum submitted 15 days earlier. . ECF No.220 at 13-15 (noting that Petitioners fail to state a claim for violation of the provisional waiver regulations); *see also* ECF No. 225 at n. 5, Additionally, Petitioners stated that the government does not contest that

occasions, Respondents made arguments seeking to limit Petitioners' putative class for purposes of Petitioners' APA, INA, and equal protection claims. ECF Nos. 99 at 4-8 ("Indeed, there are significant differences even among the named Petitioners, which affect the legal analysis of their claims."), 178 at 22-23 ("Petitioners' proposed class also lacks commonality as to their claims alleging that detaining and removing putative class members violates the APA, INA, and applicable regulations.").

In October 2018, the Court ordered the parties to propose a schedule for "briefing of petitioners' motion for class certification" in light of the denial of the motion to dismiss and new arguments relevant to class certification. ECF Nos. 160, 168, 172, 174. On October 24, 2018, Petitioners submitted their opening brief in support of class certification. ECF No. 175. On November 7, 2018, Respondents submitted their opposition and on November 15, 2018, Petitioners submitted their reply. Once again, Respondents argued that Petitioners' proposed class should be limited. ECF No. 178 at 21-23 (arguing that Petitioners' proposed class is overbroad for purposes of their INA, APA, and equal protection claims); *see also* ECF No. 183 at 15 ("Respondents make a similar claim about Petitioners' claims under the APA, and under the INA and its regulations.").

On December 6, 2018, this Court held a hearing where the parties presented argument on the applicability of 8 U.S.C. § 1252(f)(1) and whether putative class members with pending Form I-130s and Form I-212s had a due process interest. ECF No. 192. Recognizing that there were several "issues that should be decided prior to further briefing and argument concerning class

---

Petitioners "can derive no benefit from their I-130 and I-212 applications in the United States other than through the provisional waiver process." ECF No. 224 at 6-7. But, as Respondents explained in their reply memoranda, this is also a false assertion since both of these applications are required regardless of whether an alien seeks an unlawful presence waiver while present in the United States or abroad. ECF No. 225 at n.3; *see generally* 8 U.S.C. §§ 1182(a)(9)(A)(ii), 1182(a)(9)(B)(v).

certification," this Court ordered that the parties submit supplemental memoranda addressing those issues. ECF No. 193. Respondents did not reassert all of their arguments contained in the October 2018 class certification briefing in their recent supplemental memorandum (because the Court did not order Respondents to do so), as these arguments were already properly raised and pending before the Court. *See* ECF No. 178. Moreover, Petitioners have ***admitted*** that Respondents made such arguments and responded to each of those arguments in their November 2018 reply memorandum. ECF No. 183 at 15; 23.[2] Accordingly, despite Petitioners' assertions, Respondents have in fact made class arguments seeking to limit Petitioners' putative class for purposes of Petitioner's APA, INA, and equal protection claims.

## II. Respondents' have not waived arguments seeking to limit Petitioners' Removal-Based INA and APA claims.

Respondents have consistently argued that Petitioners' class should be limited with regard to their INA and APA claims. In the first round of briefing on class certification, Respondents argued that Petitioners' proposed class lacks commonality as to *all* of their claims for the same reasons articulated in the most recent briefing — namely, that putative class members who are ineligible to apply for a provisional waiver cannot plausibly assert a statutory or due process right to apply for such a waiver. ECF No. 99 at 4-8 (arguing that the class is not common because (1) not all putative class members are eligible to apply for a provisional waiver; and (2) due process

---

[2] In the November 2018 briefing on class certification, Petitioners stated: "Respondents' next effort to limit the size of the class . . .is its contention that applicants who seek provisional waivers but who are not yet eligible to file the final waiver application (Form I-601A) have no procedural due process interest in access to the provisional waiver process. ***Respondents make a similar claim about Petitioners' claims under the APA, and under the INA and its regulations.***" ECF No. 183 at 15. Petitioners go on to state that "Respondents fault Petitioners for not ***limiting*** their equal protection claim to class member of a particular race." *Id.* at 23.

claims are not suitable for class-wide resolution). Respondents reiterated this argument when the Court ordered the parties to re-brief class certification in October 2018:

> Petitioners' proposed class also lacks commonality as to their claims alleging that detaining and removing putative class members violates the APA, INA, and applicable regulations. Removing or detaining aliens **who are not even facially eligible to apply for a provisional waiver[,] or who clearly do not fit into the group of individuals the provisional waiver was designed to help[,] cannot plausibly violate the provisional waiver regulations** . . . . **Including such aliens in the proposed class renders this class impermissibly overbroad and uncommon for purposes of petitioners' claims in Count 1 and Count 4.**

ECF No. 178 at 22-23. Petitioners responded to these arguments in their reply memoranda. ECF No. 183 at 15. Thus, the fact that Respondents did not reiterate these arguments in their supplemental memoranda (ECF No. 220, 225) is of no consequence, as these arguments were, and remain, properly before the Court.

As explained in the excerpt above, Petitioners' proposed class is overbroad for purposes of their claim that Respondents are violating the APA, INA and the provisional waiver regulations. While the statutory and regulatory text does not place a limit on ICE's authority to remove Petitioners, the Court must at least limit any cognizable statutory and regulatory right to those who are eligible to apply for the waiver — aliens with an approved Form I-212. ECF No. 178 at 22-23. Thus, Petitioners' class is overbroad with regard to their INA claims for the same reasons[3] their class is overbroad for purposes of their due process claim.

---

[3] Respondents do not argue, nor concede that the legal standard for determining statutory or regulatory rights is the same as the standard for determining constitutional rights. *See Jennings v. Rodriguez,* 138 S. Ct. 830, 851 (2018) (drawing the distinction between the statutory claims and constitutional claims). Rather, Respondents argue that aliens without an approved Form I-212 have neither a regulatory right nor a due process interest in applying for a provisional waiver.

4

### III. Respondents have not waived their arguments seeking to limit Petitioners' detention-based INA, due process, and APA claims.

Furthermore, Respondents also argue that Petitioners' proposed class is overbroad for purposes of their detention based claims – including their claim that Respondents are violating the Post Order Custody Review ("POCR") regulations on a classwide basis. *See* 8 C.F.R. § 241.4; ECF No. 178 at 18-19, 22-23. In part, in previously addressing Petitioners' detention-based claims, Respondents have stated:

> In Count 5, Petitioners allege that detaining putative class members without a meaningful determination of flight risk and danger is a violation of the INA and applicable regulations, including 8 C.F.R. § 241.4. Their proposed class, however, is not limited to detained aliens and aliens whose removal period has or will run in the foreseeable future, which are prerequisites to receiving a Post Order Custody Review under any plausible interpretation. Therefore, Petitioners' class is overbroad and uncommon as to their unlawful detention claims in Count 5.

ECF No. 178 at 22-23.

Respondents did not include this argument in their supplemental memoranda (ECF Nos. 220, 225) because whether Petitioners' class is overbroad with regard to this claim does not turn on a disputed legal issue that must be decided "prior to further briefing on class certification" as this Court has ordered. *See* ECF No. 193. Rather, even under Petitioners' interpretation of the POCR regulations and detention statutes, their class is overbroad. Petitioners argue that aliens with old removal orders are immediately entitled to a POCR because their removal period has run for purposes of the POCR regulations and any detention authority is subject to 8 U.S.C. § 1231(a)(6). ECF Nos. 57 at 3, 97 at 11 (arguing that "due process entitles them to a more meaningful, individual determination of danger and flight risk than that provided under § 241.4 and that, in any event, § 241.4 must at least require a custody determination when detention under 8 U.S.C. § 1231(a)(6) begins, not 90 days later"). However, their proposed class includes aliens whose removal period has not yet expired and who are therefore subject to the *mandatory* detention

authority pursuant to 8 U.S.C. § 1231(a)(1) as opposed to § 1231(a)(6). Because their removal period has not yet expired, these putative class members are also not yet entitled to a POCR even under Petitioners' interpretation of the POCR regulations. Accordingly, as Respondents argued in prior briefing, the proposed class fails because a single injunction regarding their detention claims would not be appropriate for the putative class as a whole. ECF No. 178 at 18-19, 22; *see Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 360 (2011) ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.").

### IV. Respondents have not waived their arguments seeking to limit Petitioners' equal protection claim.

Respondents also argued in prior briefing that Petitioners' proposed class is uncommon as to their equal protection claim. ECF No. 178 at 21-22. Respondents explained:

> Petitioners' proposed class fails the commonality requirement as to their equal protection claim in Count 3. Petitioners allege that Respondents have discriminated against members of the proposed class on the basis of race and national origin. However, Petitioners do not specify a particular race or national origin in their proposed class definition. Nor do Petitioners propose a subclass for this particular claim. This Court cannot begin to issue common relief on an equal protection claim alleging race and national origin discrimination if the class is not limited to a particular race or national origin.

ECF No. 178 at 21 (citations omitted). Petitioners responded to this argument in their reply brief. ECF No. 183 at 23.

### V. Respondents have not waived these arguments under *Zannino*.

Despite Petitioners' assertion to the contrary, Respondents have indeed argued that Petitioners' proposed class is uncommon as to *all* of their claims several times. ECF Nos. 99 at 4-8, 178 at 22-23. Respondents did not waive these arguments merely because they were not included in a "supplemental memorandum." *See* ECF No. 224 at 18 (Petitioners describing the instant briefing as a "supplemental memorandum"). Furthermore, the Court did not order the parties to

6

reiterate *all* of their arguments presented in the October 2018 class certification briefing in the supplemental memoranda. *See* ECF No. 193. Indeed, the Court noted that it will hear argument on *more than* just the supplemental memoranda in its April 17, 2019 Order. ECF No. 227 (noting that the Court will hear argument on "matters related to Petitioners' Motion for Class Certification, including whether the Federal Rule of Civil Procedure 23 factors are satisfied")[4]. Unlike the litigant in *Zannino,* Respondents raised these issues several times in briefing before this Court and developed these arguments with substantial argumentation. *See Zannino,* 895 F.2d at 17. Further, these arguments were not raised in a perfunctory manner as illustrated by Petitioners' ability to substantively respond to them in their reply memoranda. *See* ECF No. 183 at 15, 23 (responding to Respondents' arguments to limit the class with regard to the INA, APA, and equal protection claims). Accordingly, Respondents have not waived these arguments.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

ELIANIS N. PEREZ
Assistant Director

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
United States Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419

---

[4] In fact, it is within the Rule 23 context that Respondents made the above arguments. *See* ECF No. 178.

(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov
*Counsel for Respondents*

## CERTIFICATE OF SERVICE

    I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

|  |  |
|---|---|
|  | /s/ Mary L. Larakers |
|  | Mary L. Larakers |
| Dated: April 26, 2019 | Trial Attorney |