# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON JIMENEZ
and LUIS GORDILLO, *et al.*,

    Plaintiffs-Petitioners,      No. 1:18-cv-10225-MLW

  v.

KEVIN K. McALEENAN[1], *et al.*,

    Defendants-Respondents.

## RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION TO OPEN DISCOVERY

## I. INTRODUCTION

This Court should deny Petitioners' motion to open discovery (ECF No. 229). Petitioners have not shown good cause for conducting additional discovery in this habeas case for four reasons. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."); *Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007); Fed. Hab. R. 6(a). First, additional factual development will not further demonstrate that Petitioners are entitled to the relief they seek. *Bracy*, 520 U.S. at 908-909; *Teti*, 507 F. 3d at 60. Second, Petitioners attempt to sneak in class wide discovery before a class has been certified, which they cannot do. ECF No. 166 at 22. ("When class certification is disputed, you don't get

---

[1] On April 10, 2019, Kevin K. McAleenan assumed responsibility as Acting Secretary of the Department of Homeland Security, automatically substituting for former Secretary Kirstjen M. Nielsen, as a party. Fed. R. Civ. P. 25(d).

class-wide discovery on the merits generally until a class is certified.")(citing *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455 (2013). Third, Petitioners' motion ignores the ample discovery that has already been provided. And fourth, motions currently pending before the Court will dramatically affect the scope of relevant discovery, such that Petitioners' motion is premature.

Additionally, without waiving Respondents' motion to dismiss Petitioners' APA claims, which remains pending before the Court, Respondents point out Petitioners are not entitled to discovery on this basis either. *City of Taunton, MA v, U.S. Environmental Protection Agency*, 895 F. 3d 120, 127 (1st Cir. 2018), cert. denied 139 S. Ct. 1240 (2019); *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

Finally, even if Petitioners could show good cause to open discovery at this stage, the Court should deny Petitioners' request that this Court compel production of discovery based upon the First Set of Requests for Production ("RFPs") sent to Respondents on December 20, 2018. First, these RFPs were not propounded in compliance with this Court's order of October 11, 2018.  ECF No. 168 at 3. Second, as Respondents were under no obligation to formally respond to these RFPs, Petitioners' request to compel production based upon them now is premature. Fed. R. Civ. P. 37(a)(3)(b)(iv). And third, the RFPs, as drafted, do not comply with Federal Rule of Civil Procedure 26(b)(1), in that they seek irrelevant information, are overbroad, are not proportional to the needs of the case, and the burdens of production outweighs the benefit of the information sought.

## II. PROCEDURAL HISTORY

Petitioners filed their Petition for Writ of Habeas Corpus on February 5, 2018. ECF No. 1. On April 10, 2018, Petitioners filed an Amended Complaint and Petition for Writ of

Habeas Corpus. ECF No 27. On July 16, 2018, this Court granted Petitioners' motion for

expedited discovery, in part, ordering production of all documents concerning:

> a.      the 2018 policies and general practices of the ICE Boston Field
> Office concerning the arrest, detention, and removal of aliens presenting for
> 1-130 interviews at CIS offices or otherwise pursuing the provisional
> waiver process;
>
> b.      the identity and status of all aliens arrested while at a CIS office in
> 2018 within the jurisdiction of the ICE Boston Field Office while appearing
> for an 1-130 interview, including: whether and for how long they have been
> detained; whether and when they received or will receive notices of custody
> reviews and custody reviews; whether and when ICE intends to deport
> them; whether they have received stays of removal; and whether ICE
> considered their applications for provisional waivers when deciding
> whether to deport them; and
>
> c.      the reasons for the decision to give [Petitioner] De Souza a June 12,
> 2018 notice to depart the United States and to withdraw it, and the identity
> of the official(s) who made those decisions.

ECF No. 117 at 11-12.

The Court also authorized Petitioners to take the depositions of then ICE Field

Office Boston Acting Director Rebecca Adduci, incoming Acting Field Office Director

Todd Lyons, and former Acting Field Office Director Thomas Brophy. ECF No. 117 at 12.

Respondents provided the discovery as ordered by the Court, and Petitioners deposed these

three individuals on July 27, 2018, July 28, 2018, and July 30, 2018, respectively. ECF

Nos. 137-3; 137-4; 137-5.

On September 23, 2018 the Court ruled, in part, on Respondents' motion to dismiss

Petitioners' complaint for a lack of jurisdiction. ECF No. 159. The Court found that the

jurisdiction-stripping statute of 8 U.S.C. § 1252(g) applied to the legal questions raised by

Petitioners' claims. ECF No. 159 at 22. However, the Court also found that the

administrative process leading to direct review in the court of appeals could not adequately

address Petitioners' challenge. ECF No. 159 at 16-20, 27. As a result, the Court found it had jurisdiction over Petitioner's claims under the Suspension Clause of the Constitution. ECF No. 159 at 24-28; U.S. Const. art. I, §9, cl. 2.

On October 5, 2018, Petitioners propounded their First Set of Interrogatories to Respondents. *See* ECF No. 166 at 34. Respondents raised Petitioners' improper discovery requests to the Court during a hearing on October 9, 2018. During that hearing, and in a subsequent order, the Court directed that "Respondents need not respond to the October 5, 2018 requests for discovery. *The parties shall not serve any additional requests for discovery unless a motion to do so is allowed*." ECF No. 166 at 34, 44 (emphasis added); ECF No. 168 at 3. On December 20, 2018, without first seeking leave of the Court as ordered, Petitioners propounded their First Set of Requests for Production of Documents ("RFPs"). *See* ECF No. 231-1. Respondents interpreted this as a means of facilitating informal discovery discussions, and Petitioners agreed. Thus, as noted in the December 20, 2018, Joint Report, Respondents were not obligated to formally respond to the RFPs under Fed. R. Civ. P. 34. ECF No. 200 at 2.

### III. ARGUMENT

A.     <u>Petitioners have not shown good cause to conduct additional discovery in this habeas case</u>.

As this Court recognized by finding that jurisdiction attached from U.S. Constitution Article I, § 9, clause 2, otherwise known as the Suspension Clause, this case is clearly a habeas case. ECF No. 159 at 24-28. As such, Petitioners are not entitled to discovery unless they show good cause. *See Bracy*, 520 U.S. at 904 ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). The Federal Rules of Civil Procedure apply to habeas cases only to the

extent that they do not conflict with the federal habeas statutes, 28 U.S.C. §§ 2241–2248, or the Rules Governing Section 2254 and 2255 Cases. Fed. R. Civ. P. 81(a)(4)(A). The federal habeas rules provide that a petitioner may not conduct discovery under the Federal Rules of Civil Procedure unless the petitioner seeks leave of court and shows good cause. Fed. Hab. R. 6(a); *Teti* 507 F.3d at 60 (1st Cir. 2007) ('[T]here is no entitlement to discovery in habeas proceedings.")(citing *Bracy,* 520 U.S. at 904; *Bader v. Warden*, 488 F.3d 483, 488 (1st Cir.2007); *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) ("Rather, discovery is available [in a habeas petition] only in the discretion of the court and for good cause shown.").

In habeas actions under 28 U.S.C. § 2241, courts routinely apply *Bracy* and Federal Habeas Rule 6(a) in requiring petitioners to show good cause in order to obtain leave of the court to conduct discovery. *See Toolasprashad v. Tyron*, No. 12-cv-734, 2013 WL 1560176, *2 (W.D.N.Y. Apr. 11, 2013) (applying Fed. Hab. R. 6(a) to detained alien's petition under 28 U.S.C. § 2241); *Lunn v. Smith*, No 17-cv-10938-IT, 2018 WL 2849759 (D. Mass. Jan. 22, 2018)(applying the good cause standard and limiting discovery in an immigration habeas case); *Sanchez-Alfonso v. Holder*, No. 12-CV-1923, 2012 U.S. Dist. LEXIS 182031, at *2-3 (W.D. Wash. Dec. 21, 2012) (denying discovery in 28 U.S.C. § 2241 challenge to immigration detention for lack of good cause shown); *Lopez-Virula v. Holder*, No. 10-CV-2652, 2011 U.S. Dist. LEXIS 17082, at *2 (S.D. Cal. Feb. 22, 2011) (citing failure of petitioner to meet the good cause requirements of *Bracy* and Fed. Hab. R. 6(a) in discovery demand during habeas challenge to immigration detention).

Good cause for discovery in habeas cases exists only if Petitioners present "specific allegations that give a court reason to believe that the petitioner may, if the facts are fully

developed, be able to demonstrate that he is entitled to relief." *Teti*, 507 F.3d at 60 (citing

*Bracy*, 520 U.S. at 908-09). "Undergirding this construct is our admonition that '[a] habeas

proceeding is not a fishing expedition.'" *Donald v. Spencer*, 656 F.3d 14, 16 (1st Cir. 2011)

(quoting *Teti*, 507 F.3d at 60). Instead, "the essence of habeas corpus is an attack by a

person in custody upon the legality of that custody," and the focus of inquiry should be

limited to such. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In this case, further factual development would not help Petitioners establish

entitlement to the relief they seek, namely that this Court:

a.      Order Ms. Lucimar de Souza's immediate release from custody, or,
in the alternative, require the government to provide her with a bond hearing
in front of an immigration judge;[2]

b.      Enjoin the removal of all the noncitizen Petitioners while they are
pursuing legalization by way of the provisional waiver process;

c.      Declare that Respondents' policy and practice of subjecting
noncitizen Petitioners and other noncitizen members of the proposed class
for detention or removal on the basis of a final order of removal and thereby
denying them the ability to avail themselves of the provisional waiver
process is contrary to law;

d.      Enjoin Respondents from subjecting noncitizen Petitioners and
other noncitizen members of the proposed class to detention or removal on
the basis of a final order of removal, without regard to their efforts to pursue
legalization under the provisional waiver regulations;

e.      Enjoin Respondents from detaining any Petitioner or class member
without notice and an opportunity to be heard, unless exigent circumstances
exist; [and]

f.      Enjoin Respondents from continuing to hold any Petitioner or class
member in detention without an individual bond hearing[.]

ECF No. 27 at 30-31, ¶¶ 138-143.

---

[2] Relief that has already been granted by the Court. ECF Nos. 66, 95.

Through their motion and associated RFPs, Petitioners attempt to smuggle in class-wide discovery under the rubric of the individual petitioner's claims for relief. Notably, RFP No. 4 does not limit itself to the Petitioners (unlike RFPs 1 – 3), but rather calls for sweeping discovery related to "persons" and "individuals." This distinction is important, as it illustrates the method through which Petitioners now surreptitiously seek class-wide discovery under the guise of the Petitioners' individual claims. Here, the Court has not yet certified a class, and, as noted previously by the Court, when class certification is disputed, Petitioners are not entitled to class-wide discovery on the merits. ECF No. 166 at 22. ("When class certification is disputed, you don't get class-wide discovery on the merits generally until a class is certified.")(citing *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455 (2013)). Petitioners should not be permitted to open a back door to class-wide discovery.[3]

Petitioners' motion to open discovery ignores the ample discovery this Court has already afforded Petitioners, and makes no attempt to show good cause for why more discovery is required to establish the *individual* habeas claims before the Court. *See*

---

[3] RFP No. 4 seeks:

> All Documents and Things concerning whether and how Respondents accounted or currently account for a person's Participation in the Provisional Waiver Process in considering whether to take Enforcement Action or adjudicating a stay of removal in the Boston ERO, including any Communications or Documents relating to the Provisional Waiver Process or its parts, how Participation in the Provisional Waiver Process was/is considered when determining whether to take Enforcement Action or adjudicate an application for a stay of removal, how an officer came to know of an individual's Participation in the Provisional Waiver Process, and what information was/is available to that officer.

ECF No. 231-1 at 8.

*generally* ECF No. 230. In response to this Court's July 16, 2018 order, ICE Field Office Boston provided hundreds of pages of documents from December, 2017, through July, 2018, including the internal and external communications, internal forms, and other responsive documents reflecting the practices or policies of ICE Field Office Boston pertaining broadly to the arrest, detention, and removal of aliens presenting for 1-130 interviews at CIS offices or otherwise pursuing the provisional waiver process. ECF Nos. 117, 120. This included pertinent e-mail chains (*see e.g.* ECF No. 137-7; 137-8; 137-10; 137-11; 137-12), as well as compilations of responsive enforcement actions taken during the relevant time frame (*see e.g.* ECF No. 137-9). More importantly, Petitioners also thoroughly deposed ICE Field Office Boston senior executive leadership, inquiring into the internal practices, procedures, training and operations of ERO Boston as it pertained to enforcement actions taken with regards to Petitioners and putative class members. *See* ECF No. 137-3 (deposition transcript of Acting Field Office Director Rebecca Adducci); ECF No. 137-4 (deposition transcript of subsequent Acting Field Office Director Todd Lyons); and ECF 137-5 (deposition transcript of former Acting Field Office Director Thomas Brophy). Respondents have updated the parties with actions subsequently taken by ICE Boston leadership (s*ee* ECF No. 158-1 (declaration of Acting Field Office Director Todd Lyons)) and have provided monthly reports since November 2018 detailing the application status of, and specific instructions given to, certain putative class members within the ICE Boston Field Office area of responsibility. *See* ECF No. 230 at 5. Petitioners make no effort

to explain to the court why this discovery, already provided on an expedited basis, is insufficient.[4]

Now, Petitioners submit RFPs that, if reasonably limited to the relevant timeframe for only the Petitioners' claims, essentially re-plows the same ground. For example, RFP 1 calls for:

> All Documents and Things concerning a) any Enforcement Action taken or considered by the Boston ICE ERO against any Petitioner, or b) any adjudication of a stay of removal (Form I-246). This includes Documents and Things related to any Risk Classification Assessments, stay adjudications, arrest or release decisions, and order of supervision notations.

ECF No. 231-1 at 9.

Similarly, RFP 3 calls for:

> All DHS, ICE, or ERO headquarters' communications, including internal communications and communications with the Boston ERO, relating to Petitioners, arrests at USCIS offices in the Boston ERO, or consideration of the Provisional Waiver Process or its parts by the Boston ERO.

ECF No. 231-1 at 9.

Absent a showing of good cause, Respondents aver that there is no need for this Court to order Respondents to provide discovery already reasonably provided.

Finally, motions currently pending before the Court will dramatically affect the scope of discovery relevant to this case. For example, this Court's decision on when an alien's due process interest vests will dramatically affect the scope of discovery. *See* ECF No. 166 at 38. Yet Petitioners now demand sweeping discovery on all stages of the provisional waiver process, *as they define it,* beginning at the filing of a Form I-130. ECF

---

[4] What's more, Petitioners fail to note the individual claims for relief for Ms. Calderon and her husband are now moot as the Ms. Calderon's I-601A provisional waiver was approved on February 27, 2019.

No. 231-1 at 4. ("'Provisional Waiver Process' means the five-part process described in Petitioners' Amended Complaint, ECF No. 27 at ¶¶ 30-35"). Referring back to RFPs 3 and 4, it is clear that Petitioners now move this Court to permit discovery on matters that may end up being far broader than relevant to the issues before this Court. As a result, Petitioners' motion to open discovery is premature.

In sum, since the Petitioners have not shown good cause to open discovery, this Court should deny their motion *at least* until this Court rules on Petitioners' motion for class certification and Respondents' motion to dismiss.

B.     <u>Discovery under the APA is unwarranted at this time</u>.

Respondents assert this Court's ruling regarding the limited nature of its jurisdiction precludes Petitioners' claim to relief under the Administrative Procedure Act ("APA"). This follows from the Court's finding that 8 U.S.C. § 1252(g) otherwise removes jurisdiction from the Court, but for invocation of the Suspension Clause of the Constitution, cabining this case entirely within 28 U.S.C. § 2241. ECF No. 159. However, as the Court has not yet dismissed Petitioners' APA claim, or denied Respondents' motion to dismiss it, Respondents additionally raise the impediments of the APA to Petitioners' request to conduct discovery, so as not to waive the issue under *United States v. Zannino*. 895 F.2d 1, 17 (1st Cir. 1990).

Petitioners APA claims necessarily reduce to the argument that DHS decision-making to execute a removal order against a putative class-member is reviewable under the APA. However, such decision-making is not reviewable under the APA because the Court has found that 8 U.S.C. § 1252(g) applies to the legal question presented in this case. ECF No. 159 at 22, and statutorily bars subject matter jurisdiction. As § 701(a)(1) of the APA

withdraws APA jurisdiction to the extent, inter alia, that "statutes preclude judicial review," application of 8 U.S.C. § 1252(g) therefore bars consideration of Petitioners' claims under the APA. *See e.g. Bernardo ex rel. M & K Engr., Inc. v. Johnson*, 814 F.3d 481, 484 (1st Cir. 2016) (APA jurisdiction to review immigration action barred by terms of 5 U.S.C. § 701(a) where underlying immigration statute at 8 U.S.C. § 1152(a)(2)(B) precluded judicial review).

Without waiving Respondents' motion to dismiss Petitioners' APA claims, Respondents assert that Petitioners are also not entitled to conduct discovery on this basis. In an APA action, district-court review generally is limited to the administrative record. *See City of Taunton* at 127, (reviewing a final agency determination under the APA "does not require fact finding," and is "limited to the administrative record"). When reviewing an agency's decision under the arbitrary and capricious standard, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *City of Taunton* 895 F. 3d at 127 (quoting *Camp,* 411 U.S. at 142*); see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("[I]f the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.")

Although the First Circuit recognizes two exceptions allowing a party to supplement the administrative record, Petitioners have not met their burden demonstrating the necessity of such. *City of Taunton* 895 F. 3d at 127. Under the first recognized exception, Petitioners must demonstrate the need for supplemental evidence "to facilitate […] comprehension of the record or the agency's decision." *Id.* "Examples of this include

agency decisions involving highly technical, environmental matters, or when we are faced with a 'failure to explain administrative action as to frustrate effective judicial review." *Id.* (internal quotations and citations omitted). No such showing of need has been demonstrated by Petitioners here. "Second, a 'strong showing of bad faith or improper behavior' may also provide occasion to 'order[ ] the supplementation of the administrative record.'" *Id.* (citing *Town of Norfolk v. U.S. Army Corps of Engineers*, 968 F.2d 1438, 1458-59 (1st Cir. 1992). Again, no such showing has been made here.

Consequently, Petitioners have not demonstrated the propriety of conducting discovery on their APA claim. To the extent to which Petitioners APA claim remains alive in this case, the Court should deny Petitioners motion to conduct discovery on that ground as they have not met their burden of demonstrating a need to do so. *See City of Taunton* 895 F. 3d at 127.

C.   <u>Assuming, *arguendo*, the Court finds good cause to permit additional discovery, Petitioners' request to compel production should be denied as the RFPs exceed the scope of discovery permitted by the Federal Rules of Civil Procedure.</u>

Although Petitioners have filed a motion to open discovery, they package within it a request that the Court compel production of discovery based upon the RFPs sent to Respondents on December 20, 2018. ECF No. 230 at 10-13. However, these RFPs were propounded in violation of this Court's order on October 11, 2018 that "Respondents need not respond to the October 5, 2018 requests for discovery. The parties *shall not* serve any additional requests for discovery unless a motion to do so is allowed." ECF No. 168 at 3. (emphasis added). As a result, Respondents were under no obligation to formally respond to the requests, which Petitioners readily admitted at the time the requests were served. Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 34(a); ECF No. 168 at 3. As Petitioners were not

permitted to propound a discovery demand by order of this Court, and Respondents had no obligation to respond thereto, Petitioners' concurrent request that this Court compel the requested discovery is baseless. Fed. R. Civ. P. 37(a)(3)(b)(iv).

Furthermore, without waiving either objection regarding the lack of good cause to conduct fact discovery in this habeas case, or the incorrectness of compelling production now, this Court should also deny Petitioners' request because their RFPs do not comply with clear limitations of Fed. R. Civ. P. 26(b)(1). Under that rule, "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Although the scope of discovery is broad, it is not unfettered. "[T]he court must limit the frequency or extent of discovery . . . if it determines that ... the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries, and ... the discovery rules are not an excursion ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." *Wai Feng Trading Co. Ltd v. Quick Fitting, Inc*., No. cv 13–33S, 2016 WL 4184014, at *7 (D.R.I. June 14, 2016) (internal quotations and citations omitted).

13

Without waiving Respondents' right to propound additional objections in due course, a quick review of Petitioners' RFPs demonstrates their failure to comply with Fed. R. Civ. P. 26(b)(1). While perfunctorily asserting the limited nature of their requests, Petitioners notably fail to discuss how their definitions and instructions affect the scope of their demands. *See* ECF No. 230 at 11. And for good reason, because these expansive definitions and instructions undermine Petitioners' assertions that their RFPs are reasonable.

For example, the first significant issue with Petitioners' RFPs is that they set no temporal limitation. *See* ECF No. 231 Additionally, Petitioners define "relate to", "related to," "relating to," and "regarding" as meaning:

> in whole or in part concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

ECF No. 231-1 at 4.

And "document" as meaning:

> all tangible Things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, e-mails, all other written, printed, electronic, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, regardless of the medium on which they are produced, reproduced, or stored (including, without limitation, electronically stored information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any Document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document.[5]

---

[5] Respondents note that Petitioners definition of "document" is broader than the Massachusetts L.R. Rule 26.5(c)(2) definition because it purports to include undesignated

ECF No. 231-1 at 3.

The objectionable over breadth of Petitioners' requests becomes readily apparent when this lack of timeframe and these expansive definitions are applied to the RFPs. Take RFP No. 2 for instance, which demands:

> All Documents and Things concerning any Petitioner and in the custody or control of United States Citizenship and Immigration Services, including internal communications and communication between USCIS and any other entity about the scheduling or adjudication of any application. ECF No. 231-1 at 9.

As propounded, RFP No. 2 would require USCIS to identify and gather all documents, paper and electronic, in USCIS's possession or control, reflecting the consideration and adjudication of any immigration benefit petitioners applied for, even if it is entirely unrelated to issues in this case.[6] Ostensibly, a provisional waiver is not the first immigration benefit the named petitioners have applied for or been associated with over the last many years. As a result, they would therefore be mentioned, alluded to, discussed, identified, or otherwise referenced in potentially-responsive manner in USCIS records regarding individuals outside of the scope of this case, including any immigrant

---

"tangible Things" within it. L.R. Rule 26.5(c)(2) defines "document" as "synonymous in meaning and equal in scope to the usage" at Fed R, Civ. P. 34(a). Fed. R. Civ. P. 34(a)(1)(B), however, provides separately for an RFP for "any designated tangible things." Petitioners' RFP No. 4 therefore imports an extraneous element into its definition of "document" -- namely "all tangible things" -- which is in contravention of the L.R. "documents" definition, and which would only be allowable under Fed R. Civ. P. 34(a)(1)(B) if the RFPS called for a "designated tangible thing," but no modifier designating any particular "tangible thing" is provided in the RFPs, nor is a "thing," -- undesignated -- defined elsewhere.

[6] Despite a lengthy definition section, Petitioners do not define "concerning" within their demand, and instead only include it as a subset of their definition of "relate to," etc. ECF No.231-1 at 4 ("Relate to" […] means in whole or in part concerning, […]"). Respondents believe it clear that Petitioners use these terms synonymously and analyze their RFPs as such.

benefit applications that may have been made by family members and relatives. All of those materials would need to be identified, collected, reviewed, and produced to respond to RFP2 as propounded.

In summary, because Petitioners had no authority to propound these RFPs, and because they do not comply with Fed. R. Civ. P. 26(b)(1), this Court should deny Petitioners' attempt to compel production within their motion to open discovery.

## IV. CONCLUSION

Petitioners' motion to open discovery in this as is both premature and unsupported by good cause. Furthermore, Petitioners' request for an order compelling production is contrary to this Court's orders, or the Federal Rules of Civil Procedure. Consequently, Petitioners' motion should be denied in its entirety.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General


WILLIAM C. PEACHEY
Director

ELIANIS N. PEREZ
Assistant Director

WILLIAM H. WEILAND (MA BBO # 661433)
Trial Attorney
United States Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 305-0770
(202) 305-7000 (facsimile)
william.h.weiland@usdoj.gov
*Counsel for Respondents*

## **CERTIFICATE OF SERVICE**

I, William H. Weiland, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

William H. Weiland
Trial Attorney

Dated: April 30, 2019