UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., Individually and on behalf of all others similarly situated,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>KIRSTJEN M. NIELSEN, et al.,<br><br>Defendants-Respondents. | No. 1:18-cv-10225-MLW |

## JOINT REPORT

This Court has ordered the parties to confer and report, by May 8, 2019, on their respective positions concerning discovery in view of the rulings rendered orally on May 3, 2019 and also to identify the motions and parts of motions that remain to be decided, and propose a schedule for any requested briefing. Dkt. No. 245. The parties report as follows:

1. **Respective positions concerning discovery in view of the rulings rendered orally on May 3, 2019.**

**Petitioners' Statement:**

In light of this Court's May 3, 2019 rulings, Petitioners are ready to begin discovery on the individual and class claims that this Court has determined will move forward. Petitioners negotiated for months over individual discovery requests, and filed a motion to open discovery after Respondents refused to produce even documents from Petitioners'

1

own files (Dkt. No. 229). Despite this Court's May 3, 2019 rulings, Respondents have still not agreed to produce any discovery absent a court order.

Accordingly, Petitioners respectfully request that the Court issue an order opening individual and class-wide discovery. Petitioners further request that the Court set a Scheduling Conference pursuant to Fed. R. Civ. P. 16 as soon as possible, prior to which the parties will file an updated Joint Statement Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(d). *See* Dkt. No. 162-1. In light of the Court's upcoming availability, Petitioners suggest that the Rule 16 scheduling conference could be held at the conclusion of the May 16, 2019 hearing or as soon as possible thereafter at the Court's convenience. The parties have already engaged in numerous discussions regarding discovery in this matter and Petitioners are prepared to meet and confer with Respondents at any time regarding a discovery plan and to file a Joint Report at the conclusion of those discussions.

Petitioners presented Respondents with five interrogatories on October 4, 2018, which were subsequently discussed during the October 9, 2018 proceedings, and four Requests for Production on December 2018, which are at issue in Petitioners' Motion to Open Discovery (Dkt. No. 230). Given the Court's May 3 rulings, these requests could provide a starting point for discovery.

Petitioners received the below legal arguments from Respondents shortly before the deadline for filing, and are prepared to address these arguments either at the May 16 hearing or as otherwise ordered by the Court.

**Respondents' Statement**:

Pursuant to the Court's ruling on September 21, 2018, this Court found jurisdiction over Petitioners Due Process claims through the exercise of the Suspension

2

Clause of the Constitution. ECF No. 159. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007). Petitioners have not shown good cause to open discovery on their individual *habeas corpus* due process claims. *See* ECF No. 240 at 4-10.

Similarly, on May 8, 2019, the Court orally held that it had jurisdiction over Petitioners' APA based rule-making claim (which subsumes Petitioners INA based claim). When a party seeks review of an agency action under the APA, the entire case on review is a question of law, and the complaint, properly read, actually presents no factual allegations, but rather only arguments about the legal conclusions to be drawn about the agency action. *See, e.g., Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court."); *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010).

Discovery of any kind outside the administrative record in an APA record-review case is inappropriate, since it is clearly established that judicial review of an agency decision is limited to the administrative record on which the agency based the challenged decision. *See e.g. Camp v. Pitts*, 411 U.S. 138, 142 (1973)) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *City of Taunton, MA v. U.S. Environmental Protection Agency*, 895 F. 3d 120, 127 (1st Cir. 2018), cert. denied 139 S. Ct. 1240 (2019) (same).

Moreover, the First Circuit permits expansion of the administrative record *only in two narrowly construed circumstances*: (1) in order to facilitate understanding of highly technical matters, or when the agency's failure to explain the administrative action as to frustrate effective judicial review; or (2) upon a "strong showing of bad faith or improper behavior." *City of Taunton*, 895 F. 3d at 127. Until such a showing has been made by Petitioners, opening discovery now on the Petitioners' APA based claims would be premature. Here, Petitioners have not made such showing.

Finally, should the Court order *limited* discovery to open, Respondents respectfully request the Court to articulate the narrow parameters of such discovery. By requesting a Rule 16 Scheduling Conference on May 16, 2019, Petitioners ignore the fact that the Court has not yet set the parameters of any discovery, making it difficult for the parties to meaningfully confer in the next 7 days. Additionally, if discovery is allowed by the Court, Respondents will need additional time to consult and coordinate with the different agencies about any electronically stored and physically information. Effectively and meaningfully conferring in this scenario would require multiple conversations between the parties in order to comprehensively and accurately provide this Court with an accurate Joint Statement regarding the discovery schedule. Accordingly, Respondents propose that the parties be ordered to complete their conference within 20 days of the Court's order opening discovery, so as to able provide the Court with an updated report and discovery plan no later than 31 days after the Court's order, in support of a subsequent scheduling conference that is convenient to the Court.

2. **Motions and parts of motions that remain to be decided and proposed schedule for any requested briefing.**

**Petitioners' Statement:**

Regarding Respondents' Motion to Dismiss, Dkt. No. 40, the only issue on which the Court has not ruled is Petitioners' Equal Protection claim (Count 3).  With respect to Petitioners' Due Process claim (Count 2), the Court has previously "deemed waived" Respondents' "vesting" argument for purposes of their motion to dismiss.  Dkt. No. 159 at 40.  Although Petitioners understand that the Court may soon be prepared to rule on the vesting argument, Petitioners contend, consistent with this Court's prior rulings, that such a ruling should affect at most "the definition of any class that may be certified" as to Count 2, Dkt. No. 160 at 2, as opposed to the validity of Petitioners' individual Due Process claims, which this Court has already held may proceed, Dkt. No. 159 at 35.

Regarding Petitioners' Motion for Class Certification, Dkt. No. 46, the remaining issues are: whether to certify a class with regard to Petitioners' Due Process (Count 2) and Equal Protection (Count 3) claims, and the scope of a class for purposes of the Due Process claim.  Petitioners also seek class certification relating to their detention-related claims (Counts 5 and 6), but are willing to defer consideration of that request until later in the case, when the scope of an appropriate class for detention-related claims might be considered alongside the form of any appropriate remedy for that claim.

Regarding Petitioners' Motion to Open Discovery for the Named Petitioners, Dkt. No. 230, Petitioners continue to seek the opening of merits discovery with respect to named Petitioners.  In light of the Court's ruling, Petitioners believe it is now appropriate to open discovery on a class-wide basis, with respect to their statutory claims,[1] and ask

---

[1] Petitioners do not believe that the Court's determination on the Due Process claims would impact the scope of discovery.  Because the Due Process claim arises from facts that are also at the center of the statutory claims, there is no discovery unique to the Due Process claims that would not also be at issue with respect to the APA or INA class claims.

the Court to set a Rule 16 conference. To the extent the Court believes a separate motion to that effect should be filed, Petitioners could file such motion within a week of the Court's order to do so.

Petitioners received the below legal arguments from Respondents shortly before the deadline for filing, and are prepared to address these arguments either at the May 16 hearing or as otherwise ordered by the Court.

**Respondents' Statement with regard outstanding motions:** The following decisions remain outstanding:

    A. <u>Respondents' motion to dismiss</u>

(1) whether Petitioners without an approved Form I-212 can state a claim under the Due Process Clause (ECF Nos. 220 at 4-10, 225 at 3-9);

(2) whether Petitioners have stated a claim for a violation of equal protection (ECF Nos. 220 at 15-16, 225 at 13-14); and

(3) whether the U.S. citizen Petitioners have a due process interest in residing with their alien spouse within the United States. (ECF Nos. 220 at 22-23, 225 at 14-15).

    B. <u>Petitioners' motion for class certification</u>

(1) whether Petitioners' proposed class meets the Rule 23 requirements regarding:

i. Petitioners' equal protection claim (ECF Nos. 178 at 21-22, 187 at 13);

ii. Petitioners' detention related claim, including their claim that Respondents are violating 8 C.F.R.§ 241.4 and depriving Petitioners of procedural due process on a class wide basis (ECF Nos. 178 at 16-20, 187 at 12-13); and

(2) whether this Court has subject matter jurisdiction over Petitioners proposed class, despite 8 U.S.C. § 1252(g), (b)(9), (a)(2)(D). (ECF Nos. 220 at 3, 225 at 2-3).

**Respondents' Statement with regard to additional briefing schedule:** During the December 6, 2019 hearing the Court inquired whether the Form I-130 or Form I-212 statutes and regulations independently create a due process right for the alien Petitioners to receive a decision on those applications from within the United States. Transcript of December 6, 2019 Hearing at 65:16-21. Petitioners responded "I think this where we turn to our arguments about the 601A process, which Your Honor labeled as policy arguments but are arguments about the intention and meaning of that regulation." Tr. at 65: 22-25. Respondents then presented several cases which they argued precluded the argument that the Form I-130 and Form I-212 statute and regulations independently create a due process interest. Tr. 75: 1-9. In response to this argument, the Court ordered the parties to brief "whether the statutes and regulations governing the Form I-130 . . . and/or Form I-212 . . . establish a right to apply for each and, therefore, alone create a liberty interest which entitles an alien to Due Process." ECF No. 193. In response to this question, Petitioners stated "Petitioners do not argue that this right derives from the I-130 and I-212 procedures themselves. Rather, as explained in response to (c), Petitioners contend their due process interest in receiving a decision on these applications while they are in the United States is a consequence of the procedure established by the I-601A regulations." ECF No. 218 at 3-4. Therefore, Petitioners conceded that the Form I-130 and Form I-212 do not independently create any due process interest relevant to this litigation, concerning the right of an alien to pursue a provisional waiver from within the United States. *See id.*

7

Petitioners did not present this argument for good reason as many courts have held that the Form I-130 and Form I-212 statutes and regulations do not create such a due process interest. [2]

Despite this concession, during the hearing on May 3, 2019, Petitioners made the argument that the Form I-130 statutes and regulations *do* create a due process interest and that the Court should consider the Form I-130 statute and regulations in determining whether Petitioners have a due process interest in pursuing a provisional unlawful presence waiver (Form I-601A). Because the Court expressly instructed Petitioners to brief this question, which they refused to brief (and later on conceded this point), Petitioners have waived this argument. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). However, should this Court deem that this argument has not been waived and that it is relevant to this Court's decision, Respondents propose that the parties brief this issue as articulated by this Court's order (ECF No. 193).

---

[2] *See e.g., Berrum-Garcia v. Comfort,* 390 F.3d 1158, 1163 (10th Cir. 2004) ("Petitioner's efforts to argue that his I-212 and adjustment of status applications had *to be considered* fully on their merits . . . . are similarly unavailing" because the Petitioner "is not eligible for relief."); *Morales de Soto v. Lynch,* 824 F.3d 822, 829 (9th Cir. 2016) (rejecting Petitioner's argument that the "government abused its discretion in not waiting to reinstate removal until the expiration of the period for her to appeal the I-212 denial and the exhaustion of the eventual appeal" because the "regulations do not require the government to postpone all other agency action while waiting for the [I-212] appeal, nor do they require that the removal be postponed once the appeal has been filed"); *United States v. Gonzalez-Roque,* 301 F.3d 39, 45-46 (2d Cir. 2002) (rejecting the alien's due process claim based on his pursuit of a Form I-130 because "no applicable statute, rule, or decision" required the relief the alien sought).

Respectfully submitted this 8th day of May, 2019.

| *Counsel for the Respondents* | *Counsel for the Petitioners* |
|---|---|
| JOSEPH H. HUNT<br>Assistant Attorney General | /s/ *Shirley X. Li Cantin*<br>Kevin S. Prussia (BBO # 666813)<br>Shirley X. Li Cantin (BBO # 675377) |
| WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation | Stephen Provazza (BBO # 691159)<br>Colleen M. McCullough (BBO # 696455)<br>Matthew W. Costello (BBO # 696384)<br>WILMER CUTLER PICKERING<br>　HALE AND DORR LLP |
| J. MAX WEINTRAUB<br>Senior Litigation Counsel | 60 State Street<br>Boston, MA 02109 |
| /s/ *William H. Weiland*<br>William H. Weiland<br>(BBO # 661433)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 305-0770<br>(202) 305-7000 (facsimile)<br>william.h.weiland@usdoj.gov | Telephone: (617) 526-6000<br>Facsimile:  (617) 526-5000<br>kevin.prussia@wilmerhale.com<br>shirley.cantin@wilmerhale.com<br>stephen.provazza@wilmerhale.com<br>colleen.mccullough@wilmerhale.com<br>matthew.costello@wilmerhale.com<br><br>Matthew R. Segal (BBO # 654489)<br>Adriana Lafaille (BBO # 680210)<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF MASSACHUSETTS, INC.<br>211 Congress Street<br>Boston, MA 02110<br>(617) 482-3170 |
| EVE A. PIEMONTE,<br>BBO No. 628883<br>Assistant United States Attorney<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>Eve.Piemonte@usdoj.gov | Kathleen M. Gillespie (BBO # 661315)<br>Attorney at Law<br>6 White Pine Lane<br>Lexington, MA 02421<br>(339) 970-9283 |