UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ AND LUIS GORDILLO, ET AL., individually and on behalf of all others similarly situated,<br><br>Petitioners-Plaintiffs,<br><br>v.<br><br>KEVIN McALEENAN, ET AL.,<br><br>Respondents-Defendants. | C.A. No. 18-10225-MLW |

ORDER

WOLF, D.J.                                                   May 17, 2019

For the reasons stated in court on May 3, 2019 and May 16, 2019, it is hereby ORDERED that:

1. Respondents' Motion to Dismiss (Docket Nos. 40 & 44) is DENIED with respect to Counts 1 (Immigration and Nationality Act and Applicable Regulations), 3 (Equal Protection under the United States Constitution), and 4 (Administrative Procedure Act) of Petitioners' Amended Complaint (Docket No. 27). The court reserves judgment on the contention that citizen spouses have a liberty interest in remaining in the United States with their alien spouses and, therefore, a right to Due Process before their alien spouses are removed.

2. Petitioners' Motion for Class Certification (Docket No. 46) is ALLOWED. More specifically, for the purposes of Counts 1 (Immigration and Nationality Act and Applicable Regulations), 3 (Equal Protection under the United States Constitution), and 4 (Administrative Procedure Act), the court certifies a class under Federal Rule of Civil Procedure 23(b)(2), defined as:

> [A]ny United States citizen and his or her noncitizen spouse who (1) has a final order of removal and has not departed the United States under that order; (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative, filed by the United States citizen spouse; (3) is not "ineligible" for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is within the jurisdiction of Boston Immigration and Customs Enforcement-Enforcement and Removal Operations ("ICE-ERO") field office (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine).

The representatives of the class are Oscar Rivas, Celina Rivera Rivas, Lucimar De Souza, Sergio Francisco, Deng Gao, and Amy Chen.

For the purposes of Count 2 (Due Process under the United States Constitution, other than detention), the court certifies a sub-class, defined as:

> [A]ny United States citizen and his or her noncitizen spouse who (1) has a final order of removal and has not departed the United States under that order; (2) is the beneficiary of an approved I-130, Petition for Alien Relative, and conditionally approved I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal; (3) is not "ineligible" for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is within the

jurisdiction of Boston ICE-ERO field office (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine).

3. The parties shall, by May 28, 2019, confer and report regarding whether they have agreed to settle this case or to request jointly that it be stayed. The parties may also request more time to confer.

If the case is to proceed, the parties shall address: whether notice should be directed to class members under Federal Rule of Civil Procedure 23(c)(2)(A) and, if so, how; when the court should decide the appropriate definition of a class with respect to petitioners' detention-related claims (Counts 5 and 6); and the nature of the limited discovery to be conducted by July 31, 2019. If there are disagreements concerning the scope of such limited discovery, the parties shall explain their respective positions.

4. The parties shall order the transcript of the May 16, 2019 hearing and lobby conference.

                              /s/ Mark L. Wolf
                              UNITED STATES DISTRICT JUDGE