UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*, <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KEVIN K. McALEENAN, *et al.*, <br><br> Defendants-Respondents. | No. 1:18-cv-10225-MLW |

**RESPONDENTS' STATUS REPORT**

On May 17, 2019, this Court ordered the parties to confer and report on: (1) whether they have agreed to settle this case or to request jointly that it be stayed; (2) whether the parties request more time to confer; (3) whether notice should be directed to class members under Federal Rule of civil Procedure 23(c)(2)(A) and, if so, how; and (4) the nature of the limited discovery to be conducted by July 31, 2019. ECF No. 253. The parties are still conferring about a proposed settlement framework. Additionally, the parties have not yet reached an agreement to stay this case. The parties report separately regarding class notice and the nature of the limited discovery to be conducted by July 31, 2019.

Given the length of the parties' input, which were exchanged shortly before the filing deadline, the parties file separately their status reports. The parties request 48 hours to address arguments raised in each report, or as otherwise directed by the Court.

**I.  Respondents' Position Regarding Discovery:**

On May 17, 2019, this Court ordered that the parties meet and confer about the "nature of ***limited discovery*** to be conducted by July 31, 2019." ECF No. 253 (emphasis added). This order comes against the back drop of several of the Court's previous rulings. The first is the Court's expedited discovery order of July 16, 2018, which directed Respondents to produce documents and testimony (via deposition) regarding the 2018 policies and general practices of the ICE Boston Field Office pertaining to the arrest, detention, and removal of aliens presenting for 1-130 interviews at CIS offices or otherwise pursuing the provisional waiver process. ECF No. 117 at 11-12.[1] The second is the Court's August 23, 2018, ruling denying the Respondents motion to dismiss, later reduced to a written ruling on September 21, 2018. ECF Nos. 155, 159. The third is the Court's August 27, 2018 order for Respondents' to report "the actions respondents have taken and/or will take to ensure compliance with the legal obligations defined in the August 23, 2018 decision denying the Motion to Dismiss." ECF No. 152. On September 12, 2018, Acting Field Office Directory Todd Lyons provided a declaration regarding such. ECF No. 158-1.

Against this back drop, Respondents understand that the purpose of this limited discovery is to determine whether ICE is continuing to comply with the legal obligations outlined in the Court's August 23, 2018, ruling by updating discovery consistent with the Court's July 16, 2018 expedited discovery order, so as to inform the Court's consideration of if, and to what extent, the Court should issue declaratory relief. Transcript of May 16, 2019 Hearing at 46. In accordance with this purpose, Respondents agree to produce the following discovery:

---

[1] The discovery provided included documents and testimony covering the period of November 2017 through July 30, 2018.

a. A deposition of Mr. Charles as a FRCP 30(b)(6) deponent for ICE ERO Boston, covering the following designated topic: Boston ICE ERO's current practice regarding the arrest, detention, and removal of class members from July 30, 2018 to present.

b. Non-privileged documents created after July 30, 2018, responsive to the "policies and practices of the ICE Boston Field Office concerning the arrest, detention, and removal of aliens who present for I-130 interviews at offices of [USCIS District 01], or who are otherwise applying for provisional waivers of inadmissibility as the spouses of United States Citizens." ECF No. 117 (order granting expedited discovery). Respondents also agree to produce non-privileged documents related to arrests of class members while at a USCIS office for an I-130 interview since July 30, 2018, if applicable.

c. Non-privileged documents from August 23, 2018, to present related to the measures Mr. Lyons, and his successor as Acting Field Office Director of ICE Boston, Mr. Charles, took to ensure compliance with the Court's ruling on August 23, 2018. ECF Nos. 155, 159.

d. Non-privileged responsive documents from ICE Boston relating to *Batista Ferreira v. Lyons*, (No. 19-cv-10258-MLW); and *Lima v. Lyons*, (No. 19-cv-10400-MLW), as these cases were filed after this Court's August 23, 2018 order. Respondents do not agree to produce communications protected by the attorney-client privilege (or any other privileged information), including internal agency counsel and/or counsel from the Department of Justice.

e. Respondents are continuing to identify and compile an appropriate certified administrative record, which Respondents will provide to Petitioners during this limited discovery period.

In accordance with the Court's May 17, 2019, Order (ECF No. 253), the Court should deny Petitioners' requests for discovery beyond what Respondents have offered above, as those requests

are not proportional to the needs of the case, overly burdensome for this limited discovery period, and not relevant to ICE Boston's current practice regarding the arrest, detention and removal of class members. *See* Transcript of May 16, 2019 Hearing at 46.

Additionally, Petitioners' discovery requests directed to USCIS District 01 are not warranted in this case. Petitioners' Amended Complaint does not allege it is unlawful for USCIS to notify ICE of aliens subject to final orders of removal. Furthermore USCIS does not, and cannot, determine when ICE Boston may choose to exercise ICE's discretion to enforce such. Thus, internal USCIS communications and documents are unrelated to any claim pertaining to ICE Boston's exercise of discretion to enforce a final removal order against a class member. Finally, any communications between USCIS District 01 and ICE Boston that are relevant to Petitioners claims are already included within discovery ICE Boston has provided already, and agreed to update (see above).

Relatedly, Plaintiffs' complaint fails to allege that USCIS is refusing to adjudicate (or is improperly adjudicating) class members' I-130 applications that would otherwise make internal USCIS discovery relevant. Moreover, Petitioners' statement during the May 16, 2019 hearing that "currently I-130 interviews are not being scheduled at CIS offices" is unrelated to and unsupported by any allegation or claim in the complaint.[2] Transcript of May 16, 2019 Hearing at 52; *see generally,* ECF No. 27. Therefore, any USCIS procedure for notifying ICE of applicants with final orders of removal is irrelevant to whether ICE's enforcement actions are lawful. Importantly, Petitioner's claims are unsupported by the facts of this case, as USCIS <u>adjudicated and approved</u>

---

[2] USCIS is not required to interview Form I-130 applicants and USCIS may approve a Form I-130 without an interview. *See* 8 C.F.R. § 204.2. Therefore, it is unclear from Petitioners' unsubstantiated statement what they believe is unlawful about "I-130 interviews not being scheduled." This Court should not grant Petitioners discovery based on conclusory allegations, made for the first time during a hearing, to which Respondents have had no opportunity to respond.

4

each of the named Petitioners' Form I-130s. For these reasons, this Court should deny Petitioners' request for discovery from USCIS during this limited discovery period.

However, should this Court determine that a USCIS deposition is appropriate, in accordance with the Court's limited discovery order, the scope of any USCIS Rule 30(b)(6) deposition should be limited to the following topic: the deponent's understanding of the practice in the USCIS District 01, and so much of USCIS District 02 at Hartford Connecticut and St. Albans, post-August 23, 2018, to present concerning the scheduling of and procedures for notification to ICE of interview appearances of class members in the I-130 adjudication process.

Petitioners' discovery requests also broadly seek documents relating to ICE Boston's use of petitions and applications filed with USCIS to gather information on aliens with final orders of removal. However, Petitioners' complaint does not allege that ICE's access to such information is somehow unlawful, likely because Petitioners recognized that such access is both authorized, lawful, and publicly noticed in the Department of Homeland Security System of Records Notice found at 82 FR 43556. ("Consistent with DHS's information sharing mission, information stored in the DHS/USCIS/ICE/CBP–001 Alien File, Index, and National File Tracking System of Records may be shared with other DHS components that have a need to know the information to carry out their national security, law enforcement, immigration, intelligence, or other homeland security functions.").[3] Thus, Petitioner's discovery request is not proportional or relevant to the claims before this Court, or the Court's limited discovery order. Fed. R. Civ. P. 26(b)(1).

Finally, this Court should also deny Petitioners' requests for discovery from ICE prior to this Court's decision denying Respondents' motion to dismiss on August, 23, 2018. Discovery

---

[3] In addition, this request incorrectly infers that ICE Boston does not already have access to matters contained within class members' A-files, and that having access to these files is somehow unlawful.

5

prior to that date would be unnecessarily duplicative of the expedited discovery this Court ordered and is broader than the limited discovery contemplated by this Court regarding the current policies and practice of ICE Boston. This includes the deposition of Mr. Charles Cronen.[4]

## II.     Respondents' Position Regarding Class Notice

In lieu of class notice, Respondents agree to provide the following reports to Petitioners' counsel:

a. ICE Boston will continue to provide the monthly check-in reports on class members without the identifying information redacted and will add a counsel of record column based on the most recent Form G-28 on file. If ICE Boston orders a class member to depart prior to the class member's initial inclusion on the next monthly check-in report, ICE Boston will notify Petitioners' counsel of the class members' impending removal.

b. ICE Boston will provide a monthly detention report of aliens who were class members at the time they were detained. This report will include information regarding: (1) the alien's identity; (2) whether the alien has previously applied for a stay of removal and the outcome of that application; (3) the alien's counsel of record based on the most recent Form G-28 on file; (4) date alien was detained. If ICE Boston schedules a detained class member for removal prior to the class member's initial inclusion on the next monthly report, ICE Boston will notify Petitioners' counsel of the class members' impending removal.

c. ICE Boston will also provide one detention report of class members currently detained.

---

[4] Respondents note Petitioners argument that Mr. Cronen improperly remained involved in ICE Boston operations based upon an e-mail of January 30, 2018 is fundamentally flawed, as his replacement, Mr. Thomas Brophy, did not assume responsibility as Acting Field Office Director of the ICE Boston Field Office until February 5, 2018. Transcript of May 22, 2018 Hearing at 10.

Respectfully submitted,

*Counsel for the Respondents*

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

WILLIAM H. WEILAND
Trial Attorney
Office of Immigration Litigation


/s/*William H. Weiland*
William H. Weiland
(BBO # 661433)
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 305-0770
(202) 305-7000 (facsimile)
william.h.weiland@usdoj.gov


EVE A. PIEMONTE, BBO No. 628883
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Eve.Piemonte@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I, William H. Weiland, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

|  |  |
|---|---|
|  | /s/ *William H. Weiland* |
|  | William H. Weiland |
| Dated: June 5, 2019 | Trial Attorney |