## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*, <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KEVIN K. McALEENAN, *et al.*, <br><br> Defendants-Respondents. | No. 1:18-cv-10225-MLW |

### RESPONDENTS' SUPPLEMENT TO JUNE 5, 2019 STATUS REPORT

On May 17, 2019, this Court ordered the parties to confer and report on: (1) whether they have agreed to settle this case or to request jointly that it be stayed; (2) whether the parties request more time to confer; (3) whether notice should be directed to class members under Federal Rule of Civil Procedure 23(c)(2)(A) and, if so, how; and (4) the nature of the limited discovery to be conducted by July 31, 2019. ECF No. 253. The parties are still conferring about a proposed settlement framework. Additionally, the parties have not yet reached an agreement to stay this case. The parties report separately regarding class notice and the nature of the limited discovery to be conducted by July 31, 2019.

Given the lengths of the parties' inputs, which were exchanged shortly before the filing deadline, the parties separately filed their status reports. The parties also requested 48 hours to address arguments raised in each report, or as otherwise directed by the Court. This memo supplements Respondents' June 5, 2019 submission in order to briefly address a few issues raised by Petitioners that merit clarification.

At the outset, Respondents agree with Petitioners that the parties have a fundamental disagreement on the scope of the limited discovery currently directed by this Court to occur over the next 60 days. Despite the Court's current focus on how ICE Boston's current practice informs the Court's exercise of its discretion to grant declaratory relief, Petitioners continue to press to expand the limited discovery envisioned by the Court. Petitioners also continue to seek expansion of the scope of discovery beyond the boundaries of their Amended Complaint. ECF No. 27. Rather than simply allow Respondents to state their own positions on discovery in the June 5, 2019 status report, Petitioners took it upon themselves to create overly simplified charts embodying their summary of what they perceived Respondents' positions to be. Respondents take this opportunity now to address Petitioners' assertions:

1.     <u>Reporting</u>. With regard to reporting in lieu of class notice, Petitioners allege that Respondents refuse to provide a monthly report on class-members I-246 applications for stays of removal. What Petitioners do not note in their chart is that Respondents *did agree* to include this information in the monthly detention report, and that the monthly check-in report includes the instructions given to each alien. Petitioners also abjectly fail to note that Respondents agreed to alert Petitioners via alternative means in any instance that someone might be removed before they would first appear on either report. In other words, through this reporting scheme, Petitioners will know all they need to know. Petitioners also blithely skip past the fact that this case is not about whether or not a stay of removal is granted – it is about whether or not ICE Boston considers an alien's eligibility for a provisional waiver when deciding whether to detain or remove that alien. Indeed, in this Court's oral decision on August 23, 2018 (recued to writing by the Court on September 21, 2018), this Court went to significant lengths to carefully explain the limits of the Court's analysis, stating specifically "this court's ruling on petitioners' motion to dismiss does not

exempt all aliens with final orders of removal who are seeking provisional waivers from being removed." ECF No. 155, 159 at 41. In the exercise of its discretion, ICE Boston may choose not to renew a stay of removal for any number of reasons – all of which are irrelevant if ICE Boston never acts to detain or remove the alien. Indeed, in some instances, the denial of a stay of removal might serve as a reasonable encouragement to ensure an otherwise dilatory alien to pursue the provisional waiver with due diligence. In short, ICE Boston's decisions on stays of removal matter not – ICE Boston's decisions to detain or remove do – and those decisions are more than adequately covered by the monthly reports ICE Boston has already agreed to provide.[1]

   2. <u>Document Production</u>. With regard to Petitioners' discovery demands, Petitioners attempt to expand this case beyond the scope of their amended complaint, and ignore the interplay of what ICE Boston has agreed to provide with its impact upon Petitioners' other requests. For example, with regard to Petitioners' request number 5, Petitioners state that Respondents refuse to provide reporting in USCIS standalone I-130 interviews. However, Petitioners ignore the fact that their complaint does not include any allegation that USCIS has been improperly processing I-130 applications. Indeed, USCIS has been adjudicating and approving I-130 applications as this case has unfolded from the very beginning.[2] What USCIS District 01 employees said to other USCIS District 01 employees, but not to ICE Boston, is not relevant to any claim in Petitioners Amended Complaint. What's more, any responsive communications between USCIS District 01and ICE Boston will necessarily be included in the documents ICE Boston has agreed to produce. Similarly,

---

[1] Respondents note that nothing prevents Petitioners from aggregating these reports, as they seem to desire. *See* ECF No. 261 at 7.

[2] Petitioners continue to make wildly unsupported allegations that USCIS District 01 is delaying the adjudication of I-130 petitions in order to circumvent the provisional waiver process. Respondents deny this, and note here Petitioners never made any such claim in their complaint. As such, it is beyond the scope of discovery under Fed. R. Civ. P 26(b)(1).

Petitioners demand internal USCIS communications about "the potential or actual detention, arrest, or removal of any class member," ignoring the fact that USCIS has no authority whatsoever on these decisions, and makes none of them. Again, to the extent that ICE Boston communicated an intention to arrest an alien at a USCIS office, that communication is necessarily bound up in the production ICE Boston has already agreed to provide.

3.      <u>Deposition and production of materials from Christopher Cronen</u>. Petitioners attempt to expand the scope of the limited discovery currently envisioned by the Court, and attempt to expand the scope of this case beyond the limits of their complaint against ICE Boston. Petitioners do so by demanding documents "created by" Christopher Cronen from January, 25, 2017 until present. Petitioners again ignore the focus of the Court in granting limited discovery – which is what ICE Boston has been doing since this Court ruled on August 23, 2018. Petitioners also incorrectly assert that Respondents have not agreed to provide any documents or communications related to Mr. Cronen at all. Obviously, if Mr. Cronen sent any directions or communications to ICE Boston, those documents and communications would necessarily be included in the materials agreed to be provided by ICE Boston. Any other communications Mr. Cronen may have had are simply not within the scope of discovery pertaining to Petitioners' complaint.

Respondents respectfully submit that this Court deny Petitioners' attempts to expand the scope of discovery beyond the bounds of what this Court, in the exercise of its discretion, believes to be important. Respondents request that the Court direct the parties to conduct only the limited discovery outlined in Respondents June 5, 2018 status report.

Respectfully submitted,


*Counsel for the Respondents*

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

WILLIAM H. WEILAND
Trial Attorney
Office of Immigration Litigation


/s/*William H. Weiland*
William H. Weiland
(BBO # 661433)
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 305-0770
(202) 305-7000 (facsimile)
william.h.weiland@usdoj.gov


EVE A. PIEMONTE, BBO No. 628883
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Eve.Piemonte@usdoj.gov

## **CERTIFICATE OF SERVICE**

       I, William H. Weiland, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                             /s/ *William H. Weiland*
                                           William H. Weiland
Dated: June 7, 2019                    Trial Attorney