UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KEVIN McALEENAN, et al., <br><br> Defendants-Respondents. | ) ) ) ) ) ) ) ) ) )  No. 1:18-cv-10225-MLW ) ) ) ) ) ) ) ) ) |

**PETITIONERS' SUPPLEMENT TO THEIR JUNE 5, 2019 REPORT**

On June 5, 2019, the parties filed reports regarding, among other things, their position on the nature of limited discovery to be conducted by July 31, 2019. Dkt. Nos. 261, 262. By agreement of the parties, Petitioners seek leave to supplement their status report to respond to Respondents' report.

1. **Discovery from USCIS**

Respondents' position that USCIS's conduct is irrelevant to class members' claims that the Department of Homeland Security (DHS) abandoned the provisional waiver process is inexplicable. Respondents do not deny that USCIS, a component of defendant DHS, facilitated the transformation of the provisional waiver process into a trap, nor do they argue that discovery from USCIS may be appropriate later. Instead, Respondents argue implausibly that the fact that USCIS does not make the final decision to enforce a removal order shields it from discovery. That is not so.

1

Rule 26(b)(1)(i) of the Federal Rules of Civil Procedure "generally permits liberal discovery of relevant information." *Baker v. Liggett Grp., Inc.*, 132 F.R.D. 123, 125 (D. Mass. 1990) (Wolf, J.). Understanding USCIS's intimate involvement in the unlawful conduct, which is crucial to moving this action forward, clearly meets this liberal standard. ICE itself acknowledged that changing USCIS's conduct might be relevant to changing ICE's conduct; in May, former Acting Field Office Director for the ICE Boston ERO Thomas Brophy testified that he asked USCIS to stop communicating to the Boston ERO about individuals showing up for interviews. May 22, 2018 Hr'g Tr. at 98:12-24. Mr. Brophy did not know whether his directive had been followed, and no other discovery has shed light on USCIS's current practice. *Id.*[1]

Further, in a joint status report on October 3, 2018, after an inquiry on the status of USCIS as a defendant in this action, Respondents stated that they

> *will not object to discovery from or relating to USCIS on the basis that USCIS is not a named party*, but . . . reserve their right to object to such discovery on any other basis. Accordingly, Petitioners will not seek leave to amend their complaint to add USCIS as a party at this time.

Dkt. 162 at 1-2 (emphasis added). Now, Respondents point to the absence of specific allegations regarding USCIS's involvement as the basis for their refusal to produce discovery. Dkt. 260 at 4. This is not a reason to refuse discovery of a deeply involved player in the actions giving rise to Petitioners' claims.

---

[1] Regarding discovery of whether USCIS has been delaying I-130 interviews or has ceased adjudicating applications, counsel for Respondents stated that he wanted "the chance to ask [his] clients whether or not that assertion has any merit to it." May 16, 2019 H'rg Tr. at 56. Having had that opportunity, Respondents do not deny it, but only fault Petitioners for not having proved the very thing that Petitioners wish to learn about in discovery.

2

## 2. Discovery Regarding ICE's Use of USCIS Applications

Respondents also contend that Petitioners should not be permitted to learn about whether ICE can and does use information from I-130 applications to arrest individuals at their home or workplace rather than at their interviews, on the grounds that the complaint does not allege that the use of such information is unlawful. Dkt. 260 at 4; *see also* Dkt. 262 at 6 (describing Petitioners' third document request). Respondents are correct that Petitioners do not allege all collaboration with USCIS or use of USCIS information is unlawful. What Petitioners contend is that DHS has violated the law in this case, that cooperation with USCIS was central to that violation, and that it is important to understand how DHS will likely treat class members' applications in the future.

## 3. Discovery from Christopher Cronen

Petitioners seek to depose Christopher Cronen regarding not only his implementation of the unlawful practices and policies in the Boston ERO in 2017, but any current involvement he may have in that office.[2] Contrary to Respondents' argument, the January 30, 2018 email that Petitioners cite supports this request. It shows that individuals at ICE headquarters were involved in the Boston ERO's arrest and detention of individuals at I-130 interviews. It includes David Jennings, head of the ICE office in San Francisco then temporarily assigned to Washington, D.C. and party to *Jennings v. Rodriquez*, 138 S. Ct. 830 (2018); Matthew Albence, the ICE Deputy Director; Nathalie Asher, ICE Executive Associate Director of Enforcement and

---

[2] Petitioners do not argue that Mr. Cronen's involvement in ICE Boston operations is "improper[]," as Respondents cast their argument, Dkt. 260 at 4 n.4, but simply seek discovery regarding the extent to which Mr. Cronen oversees the Boston office, including that office's execution of the illegal policies he put in place.

Removal Operations; Philip Miller, former ICE Deputy Executive Associate Director; and Thomas Homan, former ICE Acting Director. *See* ICE-0001645–ICE-0001647 (January 30, 2018 email chain where Mr. Cronen and others discuss an arrest of a potential class member at USCIS).[3] Respondents should not be permitted to refuse discovery of Christopher Cronen's current involvement given the past connection between Washington, D.C., and the Boston office on this issue. Further, given the turnover at the Field Office Director position, it would be unsurprising if Mr. Cronen remains involved in the running of his former office.

Respectfully submitted this 7th day of June, 2019.

*/s/ Kevin S. Prussia*

| | |
|---|---|
| Matthew R. Segal (BBO # 654489) | Kevin S. Prussia (BBO # 666813) |
| Adriana Lafaille (BBO # 680210) | Michaela P. Sewall (BBO # 683182) |
| AMERICAN CIVIL LIBERTIES UNION | Shirley X. Li Cantin (BBO # 675377) |
| FOUNDATION OF MASSACHUSETTS, INC. | Stephen Provazza (BBO # 691159) |
| 211 Congress Street | Colleen M. McCullough (BBO # 696455) |
| Boston, MA 02110 | Matthew W. Costello (BBO # 696384) |
| (617) 482-3170 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| Kathleen M. Gillespie (BBO # 661315) | 60 State Street |
| Attorney at Law | Boston, MA 02109 |
| 6 White Pine Lane | Telephone: (617) 526-6000 |
| Lexington, MA 02421 | Facsimile: (617) 526-5000 |
| (339) 970-9283 | kevin.prussia@wilmerhale.com |
| | michaela.sewall@wilmerhale.com |
| | shirley.cantin@wilmerhale.com |
| | stephen.provazza@wilmerhale.com |
| | colleen.mccullough@wilmerhale.com |
| | matthew.costello@wilmerhale.com |

*Attorneys for Petitioners*

---

[3] Certain redactions to Exhibit A to the Declaration of Stephen N. Provazza supporting Petitioners June 5, 2019 Status Report, Dkt. 262, have been removed in the Exhibit A attached to the Declaration of Colleen M. McCullough filed contemporaneously with this Report.