**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| LILIAN PAHOLA CALDERON JIMENEZ | ) | |
| and LUIS GORDILLO, et al., | ) | |
| | ) | |
| Individually and on behalf of all others | ) | No. 1:18-cv-10225-MLW |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs-Petitioners, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN McALEENAN, et al., | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

**PETITIONERS' MEMORANDUM IN SUPPORT OF THEIR EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER
AND STAY OF REMOVAL OF CLASS MEMBER MR. V**

## I.    INTRODUCTION

At 4:38 pm on June 13, 2019, Respondents notified Petitioners that Mr. V[1]—a member of the class that this Court certified on May 16, 2019—was detained on June 2, 2019, and has been scheduled for removal on June 18, 2019.  Mr. V does not have an attorney.  Class counsel for Petitioners have asked Respondents to explain their basis for Mr. V's detention and expected removal, and provide basic documents about his case.  The government states that ICE has "considered" that Mr. V is a class member but refuses to provide any documents or meaningful explanation.  Without any information about how Mr. V's effort to obtain lawful status was considered and what it has been weighed against, and with almost no information about Mr. V, Petitioners cannot meaningfully understand the government's action against him.  Petitioners respectfully request that the Court enter an order today barring ICE from removing Mr. V from the jurisdiction of ICE Boston Enforcement and Removal Operations until further order, and pending an examination of the issues by class counsel and, if necessary, the Court.  Petitioners also respectfully request that the Court issue an order compelling the government to provide an explanation that permits class counsel to understand the reasons for Mr. V's detention and intended removal.

## II.    FACTUAL BACKGROUND

### A.    Relevant Procedural History

Petitioners filed their Amended Class Complaint on April 10, 2018 alleging that Respondents' practices violate the Immigration and Nationality Act (INA), due process, equal protection, and the Administrative Procedure Act (APA). Dkt. 27.  On April 13, 2018 this Court

---

[1] By mutual agreement of the parties, Petitioners refer to the subject class member as Mr. V in their filings.  His name and other identifying information are included under seal in the contemporaneously filed Exhibit A to the June 17, 2019 Declaration of Shirley X. Li Cantin in Support of Petitioners' Emergency Motion for Temporary Restraining Order and Stay of Removal (hereinafter, "Cantin Decl.").

ordered that the named petitioners not be removed from the District of Massachusetts, "[i]n order to preserve the court's jurisdiction, to provide the parties an opportunity to attempt to resolve this case and, if necessary, to brief the issues properly[.]" Dkt. 32. On April 30, 2018, Petitioners filed a Motion for Class Certification, and a Motion for a Temporary Restraining Order and Preliminary Injunctive Relief ("PI Motion"). Dkt. 46, 49.

On October 11, 2018, at Petitioners' request, the Court stayed Petitioners' PI Motion and, in exchange, Respondents agreed to provide limited reporting regarding the outcome of cases at Boston ICE-ERO Order of Supervision check-ins in which ICE considered an individual's participation in the provisional waiver process. The limited reporting consists of a spreadsheet listing, for putative class members, the following categories of information: "Check In Date"; "Final Order"; "I-130"; I-212"; "I-601A"; "Petitioner"; "Criminal"; "Instructions to Aliens"; and "Additional Comments (if any)." Since the class was certified, the reporting also includes "A-Number"; "Last Name"; and "First Name" columns. Petitioners reserved the right to move to lift the stay if the reporting revealed that a preliminary injunction was necessary. Dkt. 162 at 2.

On August 27, 2018, the Court denied Respondents' Motion to Dismiss with respect to the due process claim, ruling that it would violate the Due Process Clause to remove a Petitioner unless Respondents make "an individualized decision to do so based on more than the mere fact that the alien is subject to a final order of removal." Dkt. 152 & 159 at 35. On May 17, 2019, the Court denied Respondents' Motion to Dismiss with respect to the INA, Equal Protection, and the APA claims. Dkt. 253 at 1. For these three claims, the Court also certified a class under Federal Rule of Civil Procedure 23(b)(2), defined as:

> [A]ny United States citizen and his or her noncitizen
> spouse who (1) has a final order of removal and has not
> departed the United States under that order; (2) is the
> beneficiary of a pending or approved 1-130, Petition for

3

Alien Relative, filed by the United States citizen
spouse; (3) is not "ineligible" for a provisional waiver
under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is
within the jurisdiction of Boston Immigration and
Customs Enforcement-Enforcement and Removal Operations
("ICE-ERG") field office (comprising Massachusetts,
Rhode Island, Connecticut, Vermont, New Hampshire, and
Maine).

Dkt. 253 at 2-3.

On June 5, 2019, the parties submitted separate status reports to the Court reporting on, among other issues, the parties' positions with respect to class notice. Dkt. 260 (Respondents' Status Report); Dkt. 261 (Petitioners' Status Report). The parties had not agreed on a reporting framework that would adequately protect class members from unlawful removal, and await adjudication or further instruction from the Court with regard to this issue.

Petitioners proposed a reporting framework that would provide class counsel with adequate notice of enforcement actions against class members and sufficient information to challenge them, if necessary. Dkt. 261 at 2-3. With respect to notice of imminent removals, Petitioners proposed that Respondents provide class counsel five business days' notice before removing or enforcing the removal of any class member, along with an explanation of the enforcement action. Petitioners' proposal was predicated on the assumption that notice of a class member's removal would be followed by dialogue with the Respondents and the ability to obtain more information about a particular case. Similar follow up had previously been possible with regard to check-in reports.

Respondents informed the Court that in lieu of class notice, the government would agree to provide reporting of detained class members and continue providing check-in reports. Dkt. 260 at 6. Specifically, the government stated that it would provide a "monthly detention report of aliens who were class members at the time they were detained." *Id.* The government further

4

proposed that "[i]f ICE Boston schedules a detained class member for removal prior to the class member's initial inclusion on the next monthly report, ICE Boston will notify Petitioners' counsel of the class members' impending removal." *Id.*

Petitioners informed the Court that Respondents' proposal was not tenable, and that a minimum time period for notice before a person's removal and an explanation of the reasons for an enforcement decision were essential. Dkt. 261 at 2-3. Respondents' position would leave class counsel with insufficient information to be able to protect class members. *Id.*

### B.    Class Member Mr. V

On June 13, 2019, at 4:38 pm ET, the government informed Petitioners' counsel that Mr. V, a member of the Calderon class, was detained on June 2, 2018, and scheduled for removal on Tuesday, June 18, 2019. *See* Cantin Decl. Ex. A. The report states that Mr. V is married to a U.S. citizen; has a final order of removal (entered October 31, 2018); has an approved I-130 (approved January 28, 2016), but has not filed a I-212 or I-601A. *Id.* Under the "criminal" column, the report states "yes," but with no additional information (e.g., the basis of the alleged criminal activity, the disposition of criminal charges (if any), or the timing of them). *Id.* The report reflects that Mr. V does not now have an attorney because his prior attorney "withdrew representation during removal proceedings," and states that he has not applied for a stay of removal. *Id.*

On June 14, 2019, Petitioners requested that the government immediately provide Mr. V's EARM printout and I-130 application as well as a record of the decision to remove him despite his being a class member, the identity of the person who made that decision, and the reasons for the decision. Cantin Decl. Ex. A. The EARM (ENFORCE Alien Removal Module) printout would provide information about Mr. V's immigration history, criminal record, detention by ICE, and potential removal. The I-130 would provide the contact information for

Mr. V's U.S. citizen spouse. The government refused Petitioners' request. The government argued that the Court's September 21, 2018 order only requires ICE to "consider an eligible alien's application for a provisional unlawful presence waiver before deciding to remove him or her from the United States." Cantin Decl. Ex. A, citing Dkt. 159 at 31. According to the government, "ICE considered the fact that Mr. [V] is a Calderon class member because [he] has an approved Form I-130, has an enforceable final order of removal, and has recent criminal history prior to seeking to effectuate his removal," and accordingly, "ICE [has] fully complied with the Court's order in Mr. [V's] case." Cantin Decl. Ex. A.

On June 14, 2019, Petitioners informed the government that its conclusory response was insufficient, having failed to articulate the basis, or provided any information, supporting its decision to remove Mr. V other than the conclusory assertion that it "considered" his status as a class member. Cantin Decl. Ex. A. Petitioners informed the government that if it continued to refuse to provide more information, Petitioners would need to raise this issue with the Court, both as to Mr. V, and as to class notification going forward. *Id*.

On June 15, 2019, the government again declined to provide further information. The government contended—for the first time—that the decision to remove Mr. V was "based on factors other than Mr. [V's] final order of removal," and argued that the mere fact that it asserted this to be true was "more than sufficient to show compliance with the Court's order." *Id*. The government stated that to the extent Petitioners believe they "are entitled to more information about Mr. [V] and each class member Respondents intend to remove in the future, [Petitioners] can raise that with the Court." Cantin Decl. Ex. A.

III.   **ARGUMENT**

      A.   **The Court Should Bar ICE From Removing Class Member Mr. V From The Jurisdiction of ICE Boston Enforcement and Removal Operations Pending**

**Examination Of His Case By Petitioners' Counsel, And, If Necessary, The Court.**

As the government acknowledges, Mr. V is a member of the Calderon class. As a class member, Mr. V is entitled to the legal protection afforded by the present litigation, and should not be removed from the United States without class counsel knowing the government's basis for his removal and having the ability to challenge it.

Currently, class counsel has extremely limited information regarding Mr. V, and the circumstances surrounding his detention and imminent removal. Notwithstanding Petitioners' numerous inquiries in the last four days, the government refuses to provide any meaningful information to allow class counsel to understand the basis for the detention and planned removal of Mr. V, stating that "the fact that Respondents notified you that they intend to remove Mr. [V], based on factors other than Mr. [V's] final order of removal, is more than sufficient to show compliance with the Court's order." Cantin Decl. Ex. A. But notification to class counsel about a class member's intended removal is meaningless if the government does not intend to allow for a dialogue that would inform class counsel about the reasons for the intended enforcement action. It is insufficient for the government to merely assert that a class member's effort to obtain lawful status has been "considered," without any information about how it has been considered, and what it has been weighed against. At this point, Petitioners have no way to understand the government's action against Mr. V or assess its legality.

Further, removal of Mr. V from the United States would thwart this Court's jurisdiction over a current class member before a final adjudication of his rights. The All Writs Act permits this Court to enter orders preserving its jurisdiction, including—as this Court found earlier in this litigation—for the purpose of ensuring that the parties have an opportunity to attempt to resolve the case and to brief the issues properly. Dkt. 32 (discussing 28 U.S.C. § 1651(a)). If

7

Respondents are permitted to remove individuals without an explanation for why they are doing so or giving Petitioners' the ability to challenge that decision, they could effectively eliminate this Court's jurisdiction over class members' claims.

For these reasons, Petitioners respectfully request that the Court issue an order barring ICE from removing Mr. V from the jurisdiction of ICE Boston Enforcement and Removal Operations pending an examination of his case by Petitioners' counsel and, if necessary, by the Court. Petitioners also respectfully request that the Court issue an order compelling the government to provide an explanation that permits class counsel to understand the reasons for Mr. V's detention and intended removal. Specifically, Respondents should be ordered to describe the circumstances and basis of Mr. V's detention and removal, including who made that decision, and the reasons for the decision. If the reasons were contemporaneously recorded, Respondents should be compelled to produce the document(s) where they were recorded. Finally, Respondents should be ordered to provide the EARM printout and I-130 application for Mr. V.

> **B.      When it Addresses the Parties' Proposals for Reporting in Lieu of Class Notice, the Court Should Adopt Class Reporting Requirements that Will Be Sufficient to Allow Petitioners' Counsel to Adequately Protect the Class.**

As Mr. V's case has demonstrated, Respondents' proposed reporting framework is insufficient. Indeed, even Petitioners' framework—because it was predicated on the assumption that collaboration and follow-up would be possible—may be insufficient. Accordingly, Petitioners ask the Court to order the reporting Petitioners' previously requested (Dkt. 261), and further specify that Respondents should honor reasonable requests by Petitioners' counsel for further information, including providing such information as EARM printouts and contact information available on the individual's applications, upon request.

The purpose of notice of imminent removals is to ensure that Petitioners have sufficient information and opportunity to assess whether the government is in compliance with its obligation to class members. A framework in which the government intends to provide names of class members slated for imminent removal, but not engage in any dialogue or follow-up, is all but useless. Further, this case has validated Petitioners' request that Respondents provide class counsel five business days' notice before removing or enforcing the removal of any class member, along with an explanation of the enforcement action. In this case, the government informed Petitioners of Mr. V's imminent removal late Thursday afternoon, effectively providing only two business days' notice. Even if the government had been willing to engage in a dialogue, the notice given would not have provided sufficient time for an informed dialogue to occur. For these reasons, Petitioners respectfully request that—when it addresses the parties' proposals for notice to class counsel—the Court adopt Petitioners' reporting framework, as presented in Petitioners' status report (Dkt. 261) and as further clarified above.

## IV.   CONCLUSION

For at least the reasons stated above, Petitioners respectfully request that the Court grant Petitioners' motion.

Respectfully  submitted  this  17th  day  of  June,  2019.

/s/  Shirley Cantin

| | |
|---|---|
| Matthew R. Segal (BBO # 654489) | Kevin S. Prussia (BBO # 666813) |
| Adriana Lafaille (BBO # 680210) | Shirley  X. Li Cantin (BBO # 675377) |
| AMERICAN CIVIL LIBERTIES UNION | Michaela  Sewall (BBO# 683182) |
| FOUNDATION OF MASSACHUSETTS, INC. | Stephen Provazza (BBO # 691159) |
| 211 Congress Street | Colleen M. McCullough  (BBO # 696455) |
| Boston, MA 02110 | Matthew W. Costello (BBO # 696384) |
| (617) 482-3170 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| Kathleen M. Gillespie  (BBO # 661315) | 60 State Street |
| Attorney at Law | Boston,  MA 02109 |
| 6 White  Pine Lane | Telephone: (617) 526-6000 |
| Lexington,  MA 02421 | Facsimile:  (617) 526-5000 |
| (339) 970-9283 | kevin.prussia@wilmerhale.com |
| | shirley.cantin@wilmerhale.com |
| | michaela.sewall@wilmerhale.com |
| | stephen.provazza@wilmerhale.com |
| | colleen.mccullough@wilmerhale.com |
| | matthew.costello@wilmerhale.com |
| | |
| | *Attorneys for Petitioners* |