# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KEVIN K. McALEENAN, et al., <br><br> Defendants-Respondents. | No. 1:18-cv-10225-MLW |

## RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION FOR TEMPORARY RESTRAINING ORDER

While cloaked as a motion for a temporary restraining order, Petitioners actually seek a preliminary injunction enjoining Respondents from removing Mr. V and other class members unless and until: (1) Petitioners deem that they have enough information about ICE's decision to remove the class member and (2) Petitioners receive five business days-notice prior to removing the class member. *See* ECF No. 268-1 ("If Respondents are permitted to remove individuals without an explanation for why they are doing so or giving Petitioners the ability to challenge that decision, they could effectively eliminate this Court's jurisdiction over class members' claims."). Petitioners' motion is a thinly veiled attack on ICE's discretionary authority to remove a class member *after* duly considering his or her pursuit of a provisional waiver. *See* 8 U.S.C. § 1252(g). Accordingly, this Court should deny Petitioners' motion because it improperly seeks to enjoin ICE from removing class members and seeks relief beyond this Court's jurisdiction.

On September 21, 2018, this Court declared "8 C.F.R. § 212.7 requires DHS, acting through ICE, to consider an eligible alien's application for a provisional unlawful presence waiver before deciding to remove him or her from the United States." ECF No. 159 at 31. In doing so, this Court held that its jurisdiction over Petitioners' claims is limited to determining whether ICE is "failing to exercise the discretion required by 8 C.F.R. § 212.7" and, further, that the Court "***could not*** review a discretionary decision for possible abuse if DHS's discretion was actually exercised." ECF No. 159 at 26 (emphasis added). This Court further held that ICE may lawfully remove class members as long as "it makes an individualized decision to do so based on more than the mere fact that the alien is subject to a final order of removal." ECF No. 159 at 35.

In response to the Court's order, former Acting Field Office Director, Todd Lyons, submitted a declaration stating that ICE Boston "will continue to consider the equities of an alien's case when determining whether to arrest, detain, or effectuate the removal of aliens with final orders of removal, including considering whether an alien has any pending petitions or applications for immigration benefits" such as a Form I-130, Form I-212, and Form I-601A. ECF No. 158-1 at ¶ 5. Since then, ICE Boston has acted in accordance with this declaration and this Court's order. ICE Boston has decided to remove class members only after considering their pursuit of a provisional waiver and other factors beyond their final order of removal. *See, e.g.,* Declaration of Marcos Charles, ECF No. 272; *Ferreira v. Lyons,* 1:19-cv-10258, ECF No. 11 (D. Mass. 2019); *Lima v. Lyons,* 1:19-cv-10400, ECF No. 7 (D. Mass 2019).

Respondents have also demonstrated their compliance with the Court's order by providing monthly reports on class members checking in with ICE. These reports illustrated that, when making enforcement decisions, ICE Boston was indeed considering whether an alien checking in with ICE had pending applications with USCIS. Further, ICE Boston recently agreed to provide a

monthly report on detained class members and agreed to notify Petitioners if ICE intended to remove a detained class member prior to the class member's inclusion on the next monthly report. ECF No. 260. This reporting further demonstrates that ICE Boston is making "individualized decision[s] to [enforce removal orders] based on more than the mere fact that the alien is subject to a final order of removal." ECF No. 159 at 35.

On June 13, 2019, Respondents notified Petitioners' counsel that ICE Boston planned to remove a class member, Mr. V. In doing so, Respondents told Petitioners' counsel that Mr. V had been ordered removed in October 2018, had an approved Form I-130 but no other pending applications, and had recent criminal history. ECF No. 268-3. Although it was patently obvious from this information that ICE Boston had made an individualized decision in Mr. V's case, Respondents explained that ICE "considered the fact that Mr. [V] is a Calderon class member because he has an approved Form I-130, has an enforceable final order of removal, and has recent criminal history prior to seeking to effectuate his removal." ECF No. 268-3.

Petitioners now file this motion seeking information far beyond what this Court has intimated they are entitled to. First, Petitioners seek a stay of removal for Mr. V but fail to show that he is entitled to such an extraordinary remedy by applying the preliminary injunction factors. *See Gonzales-Droz v. Gonzalez-Colon,* 573 F.3d 75, 79 (1st Cir. 2009) (listing the preliminary injunction factors). As explained to Petitioners via email and in Mr. Charles' declaration, ICE has considered more than just the fact that Mr. V had a final order of removal prior to seeking to effectuate his removal. *See* ECF No. 272. This Court has declared that it is without jurisdiction to examine whether this was "a wise discretionary decision." Transcript of August 20, 2018 Hearing at 47; *see* 8 U.S.C. § 1252(g). Accordingly, this Court lacks jurisdiction to issue any further relief and Petitioners cannot show that they are likely to succeed on the merits of their claim that ICE

has failed to comply with the Court's order. Therefore, this Court should deny Petitioners' motion and allow ICE to enforce Mr. V's removal order.

Second, Petitioners request that this Court order Respondents to engage in "a dialogue inform[ing] class counsel about the reasons for the intended enforcement action" and give Petitioners five-days notice prior to effectuating the removal of class members. Granting this request would enjoin ICE Boston from removing class members until they complied with this request. Therefore, Petitioners' request is nothing more than a motion for a preliminary injunction, relief which they have again failed to demonstrate they are entitled. They fail to point to a single class member whose pursuit of a provisional waiver has not been considered or establish that class members are entitled to any relief beyond such consideration. Accordingly, this Court should deny their request.

Regardless, "*how* [pursuit of lawful status] has been considered, and what it has been *weighed* against" is not relevant to the legal question this Court has jurisdiction to review. ECF No. 268-1 at 7. Petitioners admit that they do not seek this information to confirm that ICE considered a class member's pursuit of waivers, but rather so that they can "assess [the decision's] legality" and "challenge that decision." ECF No. 268-1 at 7-8. This is precisely the kind of discretionary decision this Court has held it lacks jurisdiction to review. *See* ECF No. 159 at 26. ICE Boston has illustrated, in Mr. V's case and others, that it is considering more than an individual's final order of removal prior to taking enforcement actions. **How** ICE Boston has considered the factors in an alien's case and the *weight* each factor has been given does not alter the fact that ICE Boston has duly considered each factor as required by this Court's order. Accordingly, this Court should deny Petitioners' motion for a temporary restraining order.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

T. MONIQUE PEOPLES
Senior Litigation Counsel

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
United States Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov
*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Mary L. Larakers
Mary L. Larakers
Trial Attorney

Dated: June 17, 2019