UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al.,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>KEVIN K. McALEENAN, et al.,<br><br>Defendants-Respondents. | No. 1:18-cv-10225-MLW |

# MEMORANDUM IN FURTHER SUPPORT OF RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION FOR TEMPORARY RESTRAINING ORDER

### I.   Procedural History

On June 18, 2019, this Court held a hearing on Petitioners' motion for a temporary restraining order. This Court ordered, "Mr. Charles amplify his affidavit with regard to Mr. V" and assert, if true, that the decision-maker considered all of the relevant information and concluded that Mr. V should nonetheless be removed. Transcript of June 18, 2019 Hearing at 42-43. The Court also ordered Respondents to file a separate declaration explaining: (1) "why five business days' notice of removal should not be ordered by the Court" including why "that would be burdensome or otherwise inappropriate"; (2) "why, when notice of removal is given to petitioners . . . there shouldn't be that representation that more than the outstanding order of deportation was considered"; and (3) "why there shouldn't be some brief indication of the reasons" why ICE decided to effectuate the removal of the class member, including why Respondents "shouldn't be required to give the record of the decision and if there's some law enforcement system that's

1

confidential and ordinarily wouldn't be accessible." *Id.* at 43. The Court ordered Respondents to submit these declarations by 6:00 pm on June 19, 2019, but stated that if Respondents would "like a little more time, until sometime on Thursday," the Court would consider such a request. *Id.* at 44.

Respondents now submit the attached declaration amplifying Mr. Charles' June 17, 2019, declaration with regard to Mr. V. *See* Declaration of Marcos Charles, attached hereto as Exhibit A.[1] Respondents respectfully request until 1:00 pm on Thursday, June 20, 2019, to submit the second declaration addressing the Court's additional questions because the this declaration requires Respondents to confer internally with Acting Field Office Director, Marcos Charles, who returns from official travel late in the afternoon on June 19, 2019.

**II.     Argument**

This Court should deny Petitioners' motion for a temporary restraining order because Mr. Charles' declarations illustrate that in seeking to effectuate Mr. V's removal, ICE considered more than Mr. V's final order of removal. Specifically, Mr. Charles stated that he considered the following additional factors about Mr. V:  (1) he is the beneficiary of a Form I-130 filed by is U.S. Citizen spouse; (2) he stated that he is separated from his U.S. Citizen wife; (3) he has not yet filed a Form I-212 or Form I-601A; (4), his criminal history. Ex. A at ¶ 3. Mr. Charles decided to effectuate the removal of Mr. V in light of these considerations and those set forth in his June 17, 2019 declaration. *Id.* ("I considered numerous factors beyond the existence of Mr. [V's] final order of removal."); *see also id* at ¶ 4. Thus, because Mr. Charles' declarations sufficiently states that ICE, acting through an agent authorized to make enforcement decisions, considered numerous

---

[1] Acting Field Office Director Marcos Charles was not able to sign Exhibit A until he arrived at ICE Office of Chief Counsel's Office in Boston, Massachusetts, at 5:55 pm on June 19, 2019, because he was traveling all day and there was substantial traffic traveling from the airport.

factors when seeking to effectuate Mr. V's removal, including Mr. V's ability to file for a provisional waiver (which he did not do), this Court should deny Petitioners' motion.

Thus, contrary to Petitioners' suggestions, this Court lacks jurisdiction to stay Mr. V's removal under the APA, INA, or Fifth Amendment. *See* June 19, 2019 Transcript at 40-41, 45. Indeed, this Court has held that "8 C.F.R. § 212.7 requires DHS, acting through ICE, to consider an eligible alien's application for a provisional unlawful presence waiver before deciding to remove him or her from the United States." ECF No. 159 at 31. This Court explained recently, in its decision denying Respondents' motion to dismiss, that "[b]y extending the benefits of the provisional waiver regulations to aliens with final removal orders in 2016, DHS allowed individuals pursuing an unlawful presence waiver, an I-601, to *be considered for the relief of a provisional waiver* while in the United States. Failure to give consideration to applications for this relief . . . effectively reverses that policy." Transcript of May 3, 2019 Hearing at 35. Further, the Court noted that Petitioners stated a plausible claim that "[R]espondents' failure to *consider participation* in the provisional waiver process in enforcement decisions is arbitrary, capricious and abuse of discretion or otherwise not in accordance with law." *Id.* at 36. In doing so, the Court stated that while "ICE maintains statutory authority to deport individuals, including individuals participating in the provisional waiver process, this Court has previously held that *ignoring the provisional waiver process entirely* does not accord with the prevailing purpose of the Immigration and Nationality Act or its regulations." *Id.* at 37.

Critically, the Court has **not** held that Petitioners have stated a plausible claim for relief when ICE decides to remove a class member *after* considering his or her pursuit of a provisional waiver, nor has the Court indicated that such removal is a violation of the law. Indeed, the Court has repeatedly stated that removing a class member *after* such consideration would be lawful and

that the Court lacks jurisdiction to review whether ICE's discretionary decision was "wise." ECF No. 159 at 26, 35. Therefore, based on what the Court has stated, Petitioners have no plausible basis to argue that Mr. V is entitled to relief *beyond* ICE's consideration of his potential eligibility for a provisional waiver. Accordingly, Petitioners are not likely to succeed on the merits of that claim.

### III.    Conclusion

Because ICE complied with this Court's September 21, 2018 Order and Petitioners cannot establish Mr. V is entitled to any further relief, this Court should deny Petitioners' motion for a temporary restraining order. *See Cablevision of Boston, Inc. v. Public Imp. Com'n of City of Boston,* 38 F. Supp. 2d 46, 53 (D. Mass. 1999) (Wolf, D.J.).

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

ELIANIS N. PEREZ
Assistant Director

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
United States Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov
*Counsel for Respondents*

**CERTIFICATE OF SERVICE**

      I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                            /s/ Mary L. Larakers  
                                            Mary L. Larakers  
Dated: June 19, 2019                        Trial Attorney