UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs-Petitioners,<br><br>　　v.<br><br>KEVIN K. McALEENAN, *et al.*,<br><br>　　　　　Defendants-Respondents. | No. 1:18-cv-10225-MLW |

**RESPONDENTS' REPORT IN RESPONSE TO JUNE 21, 2019 ORDER**

On June 21, 2019, this Court ordered the parties to confer and, by June 25, 2019, report: (1) whether the disputes concerning notice to class counsel of a class member's removal have been resolved or narrowed and; (2) whether the outstanding discovery disputes have been resolved or narrowed. ECF No. 288. The parties have been unable to resolve or narrow the disputes regarding notice and discovery. Accordingly, Respondents report as follows:

I.　　Notice of Removal

In lieu of class notice under Rule 23(c)(2), Respondents agree to continue to provide the monthly reports on class members checking in with ICE Boston. Respondents will no longer redact the class members' identifying information from the report. In addition, Respondents will add a counsel of record column based on the class member's most recent Form G-28 on file. Moreoverr, if ICE Boston decides to execute a class member's final order of removal prior to the class member's initial inclusion on the next montly check-in report, ICE Boston will notify Petitioners' counsel of the class members' impending removal.

ICE Boston will also provide a monthly detention report of aliens who were class members at the time they were detained. This report will include information regarding: (1) the alien's identity; (2) whether the alien has previously applied for a stay of removal and the outcome of that application; (3) the alien's counsel of record based on the most recent Form G-28 on file; (4) date alien was detained; (5) whether the alien has a pending or approved Form I-130, Form I-212, or Form I-601A; (6) whether the alien has criminal history; (7) whether the alien's potential eligibility for a Form I-601A was considered by ICE Boston; and (8) the title of the individual at ICE Boston who made the decision to effectuate the alien's removal (such as the Field Office Director or Deputy Field Office Director). If ICE Boston schedules a detained class member for removal prior to the class member's initial inclusion on the next monthly report, ICE Boston will notify Petitioners' counsel of the class members' impending removal. Additionally, ICE Boston will provide one detention report of class members currently detained.

The above information illustrates that ICE Boston considers a class member's potential eligibility for a provisional unlawful presence waiver prior to effectuating their removal. Therefore, this information is sufficient to demonstrate ICE Boston's compliance with this Court's September 21, 2018 order. *See* ECF No. 159. Despite this, Petitioners seek a Court order requiring Respondents to produce additional information[1] five business days *prior to* a class member's

---

[1] Petitioners request the following information in addition to the information Respondents have agreed to provide: (1) country of origin and contact information for the class member and their spouse; (2) date of final order of removal; (2) the filing date or decision date of any Form I-130, Form I-212, and Form I-601A; (3) a copy of any stay application filed within the last 6 months; (4) conditions of supervision for class members checking in with ICE; (5) date the class member was detained and the result of any custody reviews; (6) EARM printout of any class member ICE detains or orders to depart from the United States; (7) any notice of the revocation of release, release notice, risk classification assessment printout, post order custody review decision, or other similar detention decision for detained individuals; (8) a copy of any Form I-130, Form I-212, or Form I-601A submitted by or on behalf of any alien; and (9) the reasons for any determination to effectuate the removal of a class member including a description of the criminal record considered

removal. In the event that the class member is detained, Petitioners request that Respondents provide this information no later than two business days after the class member is detained. However, a Court order granting Petitioners' requests would effectively enjoin Respondents from removing a class member unless they have provided all the information Petitioners have requested. Accordingly, Petitioners' requests for additional information *prior to* the removal of a class member is the functional equivalent to a motion for a preliminary injunction seeking to stay the class member's removal. But, Petitioners cannot sustain their burden of proof entitling them to this relief.

In fact, while this Court has previously recognized the merits of Petitioners' claims, this Court has declared that any relief is limited to consideration of "an eligible alien's application for a provisional unlawful presence waiver before deciding to remove him or her from the United States." ECF No. 159 at 31. The Court made clear that it "***could not*** review a discretionary decision for possible abuse if DHS's discretion was actually exercised." ECF No. 159 at 26 (emphasis added). The monthly reporting that Respondents have agreed to provide is consistent with the Court's September 21, 2018 order, *see* ECF No. 159, and demonstrates that ICE Boston, through a Field Office Director or Deputy Field Office Director, considers a class member's potential eligibility to apply for a provisional waiver *prior to* effectuating their removal from the United States. Therefore, Petitioners cannot meet their burden to obtain the additional information they seek.

Accordingly, this Court should deny Petitioners' request for additional information. Alternatively, Respondents request that this Court consider Petitioners' request for additional

---

and any record of the decision, if one exists. Petitioners also request that ICE Boston provides a standard agreed-upon notice about this litigation to each class member ICE Boston interacts with.

3

information as a renewed motion for preliminary injunction and set a briefing schedule to allow the parties to brief the merits of their respective positions.

II.     Discovery

The parties fundamentally disagree about the scope of the limited discovery directed by the Court, as Petitioners continue to ignore the context of the Court's rulings. In granting limited discovery, the Court made clear that the order focused on ICE Boston's *current* detention and removal practices. ECF No. 253 (referencing the "nature of the limited discovery to be conducted by July 31, 2019"); Transcript of May 16, 2019 Hearing at 46. Thus, based on the Court's order, Respondents have agreed to provide the following discovery:

   a. A deposition of Mr. Charles as a 30(b)(6) deponent for ICE ERO Boston, covering the following designated topic: Boston ICE ERO's current practice regarding the arrest, detention, and removal of class members from July 30, 2018[2] to present.

   b. Non-privileged documents from ICE Boston created after July 30, 2018, responsive to the "policies and practices of the ICE Boston Field Office concerning the arrest, detention, and removal of aliens who present for I-130 interviews at offices of [USCIS District 01], or who are otherwise applying for provisional waivers of inadmissibility as the spouses of United States Citizens." ECF No. 117 (order granting expedited discovery). Respondents also agree to produce non-privileged documents from ICE Boston related to arrests of class members while at a USCIS office for an I-130 interview occurring since July, 30, 2018, if applicable.

---

[2] July 30, 2018 is the date of the last deposition conducted pursuant to this Court's expedited discovery order. *See* ECF No. 117.

4

    c. Non-privileged documents from ICE Boston from August 23, 2018, to present related to the measures Mr. Lyons, and his successor as Acting Field Office Director of ICE Boston, Mr. Charles, took to ensure compliance with the Court's ruling on August 23, 2018. ECF Nos. 155, 159.

    d. Non-privileged responsive documents from ICE Boston relating to *Batista Ferreira v. Lyons*, (No. 19-cv-10258-MLW); and *Lima v. Lyons*, (No. 19-cv-10400-MLW), as these cases were filed after this Court's August 23, 2018 Order. Respondents do not agree to produce communications protected by the attorney-client privilege (or any other privileged information), including internal agency counsel and/or counsel from the Department of Justice.

    e. Respondents are continuing to identify and compile an appropriate certified administrative record about ICE Boston's decision to enforce the removal orders of class members. Respondents will provide this certified administrative record to Petitioners during this limited discovery period.

Unsatisfied with the Court's focus and discovery offered by Respondents, Petitioners seek to expand the limited discovery contemplated by the Court, and seek discovery beyond the boundaries of their amended complaint. First, Petitioners' discovery requests directed to USCIS District 01 are not warranted in this case. USCIS does not, and cannot, determine how or when ICE Boston may choose to exercise its law enforcement discretion. Thus, these discovery requests are unrelated to any claim relating to ICE Boston's exercise of discretion to enforce a final removal order against a class member. Additionally, any communications relevant to the claims before this Court between USCIS District 01 and ICE Boston are already included within discovery ICE Boston has agreed to provide (above).

Relatedly, Petitioners' amended complaint fails to allege that USCIS is refusing to adjudicate (or is improperly adjudicating) class members' I-130 applications that would otherwise make internal USCIS discovery relevant.[3] Petitioners' assertion that USCIS is refusing to schedule Form I-130 interviews is unrelated to and unsupported by any allegation or claim in the complaint.[4] Transcript of May 16, 2019 Hearing at 52; *see generally,* ECF No. 27. Therefore, any USCIS procedure for notifying ICE of applicants with final orders of removal is irrelevant to whether ICE's enforcement actions are lawful. Importantly, Petitioners' claims are unsupported by the facts of this case, as USCIS *adjudicated and approved* each of the named Petitioners' Form I-130s. For these reasons, this Court should deny Petitioners' request for discovery from USCIS during this limited discovery period.

However, should this Court determine that a USCIS deposition is appropriate, in accordance with the Court's limited discovery order, the scope of any USCIS Rule 30(b)(6) deposition should be limited to the following topic: the deponent's understanding of the practice in the USCIS District 01, and so much of USCIS District 02 at Hartford Connecticut and St. Albans, post-August 23, 2018, to present concerning the scheduling of and procedures for notification to ICE of interview appearances of class members in the I-130 adjudication process.

Petitioners' discovery requests also broadly seek documents relating to ICE Boston's use of petitions and applications filed with USCIS to gather information on aliens with final orders of

---

[3] Respondents also deny that that USCIS District 01 is purposely delaying the adjudication of Form I-130 petitions.

[4] USCIS is not required to interview each and every Form I-130 petitioner and beneficiary, and USCIS may approve a Form I-130 without an interview. *See* 8 C.F.R. § 204.2. Therefore, it is unclear from Petitioners' unsubstantiated statement what they believe is unlawful about "I-130 interviews not being scheduled." This Court should not grant Petitioners discovery based on conclusory allegations, made for the first time during a hearing, that are unsupported by any allegation in the complaint.

removal. However, Petitioners' complaint does not allege that ICE's access to such information is somehow unlawful, likely because Petitioners acknowledge that such access is both authorized, lawful, and publicly noticed in the Department of Homeland Security System of Records Notice found at 82 FR 43556. ("Consistent with DHS's information sharing mission, information stored in the DHS/USCIS/ICE/CBP–001 Alien File, Index, and National File Tracking System of Records may be shared with other DHS components that have a need to know the information to carry out their national security, law enforcement, immigration, intelligence, or other homeland security functions."). Petitioners contend that they need such information to assess "cooperation with USCIS" but ignore that Respondents have already agreed to provide certain communications between ICE and USCIS regarding the arrests of class members appearing for Form I-130 interviews. Thus, Petitioners' discovery request is not proportional or relevant to this case or to the Court's limited discovery order.

Finally, by demanding documents "created by" Christopher Cronen from January, 25, 2017, until present, Petitioners again ignore the focus of the Court in granting limited discovery – ICE Boston's practices *since* this Court's ruling on August 23, 2018. Petitioners incorrectly assert that Respondents have not agreed to provide any documents or communications related to Mr. Cronen at all. Obviously, if Mr. Cronen sent any directions or communications to ICE Boston after July 30, 2018, regarding the subject matter of this action, those documents and communications would necessarily be included in the materials ICE Boston has agreed to provide. Any other communications Mr. Cronen may have had are simply not within the scope of discovery pertaining to Petitioners' complaint.

Respondents therefore request that this Court deny Petitioners' attempts to expand the scope of discovery beyond the bounds of what this Court, in the exercise of its discretion, believes

to be material. Respondents request that the Court direct the parties to conduct only the limited discovery outlined above.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

ELIANIS N. PEREZ
Assistant Director

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
United States Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov
*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: June 25, 2019

/s/ Mary L. Larakers
Mary L. Larakers
Trial Attorney