## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, ) <br> and LUIS GORDILLO, *et al.*, ) <br> ) <br> Individually and on behalf of all others ) <br> similarly situated, ) <br> ) <br> Plaintiffs-Petitioners, ) <br> ) <br> v. ) <br> ) <br> KEVIN K. McALEENAN, *et al.*, ) <br> ) <br> Defendants-Respondents. ) <br> ) | No. 1:18-cv-10225-MLW |

## **PROPOSED ORDER**

On June 27, 2019, this Court ordered the parties to confer and submit a proposed Order by July 10, 2019, summarizing the Court's orders made orally during the hearing on June 27, 2019. ECF No. 295. The parties have conferred and propose the following language be memorialized in a written Order. To adequately protect and preserve the confidentiality of the information described in Sections I through III (below), and to expedite the flow of information between the parties, the information provided or exchanged pursuant to this Order will be subject to a Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c), the Privacy Act, 5 U.S.C. § 552a, and the Immigration and Nationalization Act.

**I.    Reporting on class members checking in with ICE Boston**

Within the first seven days of each month, Respondents shall provide a spreadsheet of class members checking in with ICE Boston during the prior month. That spreadsheet shall include the following information: (a) name; (b) alien number; (c) date of check-in; (d) whether any Form I-130, I-212, or I-601A filed by or on behalf of the class member is approved, denied, or pending

with U.S. Citizenship and Immigraiton Services (USCIS), not including any filing, approval, or denial date; (e) a yes or no column indicating whether the class member has criminal history; (f) the date of the next scheduled check-in; (g) additional instructions given to the class member at his or her check-in if applicable; (h) attorney of record name and contact information if the attorney has filed a Form G-28 with ICE or the Immigration Court, and (i) status of any application for any filed I-246, Application for a Stay of Deportation or Removal..

## II.     Reporting on class members detained by ICE Boston

Within the first seven days of each month, Respondents shall provide a spreadsheet to class counsel of class members detained by ICE Boston during the prior month, including individuals who became class members after they were detained. That spreadsheet shall include the following information: (a) name; (b) alien number; (c) date detained; (d) whether any Form I-130, I-212, or I-601A filed by or on behalf of the class member is approved, denied, or pending with USCIS, not including any filing, approval, or denial date; (e) date of the final order of removal as determined by ICE Boston; (f) status of any filed Form I-246, Application for a Stay of Deportation or Removal; (g) a yes or no column indicating whether the class member has criminal history; (h) attorney of record name and contact information if a Form G-28 has been filed with ICE or the Immigration Court; (i) country of origin; (j) Order of Supervision Revocation date, if applicable; (k) date of last Post Order Custody Review Notice and any Decision, if applicable; (l) whether the class members' potential eligibility to apply for a Form I-601A was considered by ICE Boston; and (m) the title of the individual who made the final decision to effectuate the removal of the class member.

Contemporaneous with the monthly detention report, Respondents shall also provide a copy of any Notice of Revocation of Release, Notice to Alien of File Custody Review, and Post Order Custody Review Decision for each class member ICE Boston detains, if applicable.

Additionally, within five business days of the detention of a class member, Respondents shall notify class counsel that a class member has been detained. If an individual becomes a class member after they are detained, Respondents shall notify class counsel within five business days of identifying the individual as a class member. Such notice must only include the detained alien's name, alien number, country of origin, and a statement that the person is being considered for removal and has been given the Class Notice described in Section IV.

**III.     Notice of class members scheduled for removal**

Respondents will provide Petitioners' counsel with notice of any decision to effectuate a class member's removal order pursuant to Dkt. 295 ¶ 4. Such notice will include the information described in Section II, (a)-(m), and a brief narrative description of what factors and information were considered in making the decision to remove the class member comparable to the narrative description in ECF No. 291-1.

**IV.     Class notice pursuant to Rule 23(c)(2)**

ICE Boston shall distribute the Class Notice[1] to (a) class members checking in with ICE Boston when the alien appears at an ICE office for their next in-person check-in; (b) class members currently detained by ICE Boston; and (c) class members who are subsequently arrested or detained by ICE after the issuance of this order.

---

[1] Petitioners received additional revisions to the proposed Class Notice from Respondents after 6 pm on July 9, 2019. The parties are conferring about these revisions and will submit a joint proposed Class Notice shortly.

Petitioners will provide translations of the Class Notice in at least Spanish and Portuguese, and may provide translation in other languages as well. Respondents will provide the Class Notice to class members in English. If Petitioners make translations of the Class Notice in other languages available, ICE Boston will provide the Class Notice to class members in these languages, if applicable.

The parties disagree over whether the Court intended to order ICE Boston to provide class notice to class members who file a Form I-246, Application for a Stay of Deportation or Removal, with ICE Boston.

A. Respondents' Position:

The Court ordered ICE Boston to provide the class notice for "all individuals identifiable as class members if they for some reason have an in-person encounter with ICE, either they're checking in or they're arrested to be detained and removed." June 27, 2019 Transcript at 9. The Court further explained that "if and when ICE identifies an alien as a member of the class through some human contact, personal contact, the notice needs to be promptly provided." *Id*. at 16. When asked by the Court whether the scope of Petitioners' proposal was confined to individuals for whom ICE is encountering through a check-in or detention, Petitioners' counsel twice responded "Yes, Your Honor." *Id*. at 9-10. When Petitioners asked whether this includes people who apply for a stay of removal, the Court stated "Well, I think you're being more specific than what I understood from the filings, but yes, I guess." *Id*. At 16-17. While ICE Boston may be able to identify a class member after evaluating a properly filed Form I-246, ICE Boston does not have "human contact" or "personal contact" with individuals who apply for a stay of removal. Further, denial of an application for a stay of removal is *not indicative* of whether ICE Boston will effectuate a class member's final order of removal. For example, many applications are denied for

4

failure to provide a valid travel document or for lack of payment of the required fee. Additionally, ordering ICE Boston to provide class notice to individuals applying for a stay of removal would be unduly burdensome. ICE Boston adjudicates hundreds of stay applications each year. ICE Boston would have to screen each stay application for class membership even if ICE Boston has no present intention to detain or remove the alien.

B.  Petitioners' Position:

At the June 27, 2019 hearing, this Court ordered Respondents to provide the Class Notice to all individuals applying for stays of removal. *See* Hr'g Tr. at 16:18-17:16.  Respondents agreed that this Court's order regarding notice "would include people applying for stays of removal, if ICE knew that they're a class member." *Id*. at 17:14-16.  This Court did not, however, order Respondents to report on class members who apply for stays of removal. *Id*. at 37:13-39:17.  In deciding whether to order such reporting, the Court confirmed that those class members would receive the Class Notice. *Id*. at 38:9-12 (The Court: "[P]ursuant to what I'm ordering, those people will get the notice that they're in the class and can contact class counsel, correct?" Petitioners' counsel: "Yes, Your Honor."). As Respondents' counsel stated at the hearing, Petitioners' counsel has no information about these class members. *Id*. at 37:19-20.  Further, screening stay applications for an individual's membership in the class would help ICE identify class members *before* decisions are made as to whether to arrest and detain them for purposes of removal.  And even though the government may choose not to remove someone for whom it has denied a stay of removal, any class member would interpret such a denial as a sign that they are at imminent risk of removal.  In that situation, class members should know about and be able to contact class counsel.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

ELIANIS N. PEREZ
Assistant Director

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
United States Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

*Counsel for Respondents*

|  | /s/ Kevin S. Prussia |
|---|---|
|  | Kevin S. Prussia (BBO # 666813) |
| Matthew R. Segal (BBO # 654489) | Michaela P. Sewall (BBO # 683182) |
| Adriana Lafaille (BBO # 680210) | Shirley X. Li Cantin (BBO # 675377) |
| AMERICAN CIVIL LIBERTIES UNION | Stephen Provazza (BBO # 691159) |
| FOUNDATION OF MASSACHUSETTS, INC. | Colleen M. McCullough (BBO # 696455) |
| 211 Congress Street | Matthew W. Costello (BBO # 696384) |
| Boston, MA 02110 | WILMER CUTLER PICKERING |
| (617) 482-3170 | HALE AND DORR LLP |
|  | 60 State Street |
| Kathleen M. Gillespie (BBO # 661315) | Boston, MA 02109 |
| Attorney at Law | Telephone: (617) 526-6000 |
| 6 White Pine Lane | Facsimile: (617) 526-5000 |

Lexington, MA 02421  
(339) 970-9283

kevin.prussia@wilmerhale.com  
michaela.sewall@wilmerhale.com  
shirley.cantin@wilmerhale.com  
stephen.provazza@wilmerhale.com  
colleen.mccullough@wilmerhale.com  
matthew.costello@wilmerhale.com

*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Mary L. Larakers  
Mary L. Larakers  
Dated: July 10, 2019          Trial Attorney