UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, et al., <br><br> Defendants-Respondents. | No. 1:18-cv-10225-MLW |

**RESPONDENTS' MOTION AND MEMORANDUM
IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION
PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 60(b)**

**INTRODUCTION**

Pursuant to the Court's June 27, 2019 Order (ECF No. 295), Respondents file this motion to reconsider the Court's order entering a preliminary injunction against the Government. On that same day, the Court issued a preliminary injunction against the Government, over Respondents' objections, by clarifying that its September 21, 2019 order (ECF No. 159) is enforceable through civil and/or criminal contempt. *See* ECF No. 295. Additionally, the Court ordered the Government to engage in an extensive reporting scheme, and to provide notice to Petitioners' counsel prior to effectuating valid removal orders. However, because Petitioners cannot meet their burden to establish the preliminary injunction factors, particularly that ICE Boston is likely to continue to violate the Court's orders in the absence of an injunction, this Court should lift its orders granting injunctive relief.

**PROCEDURAL HISTORY**

1

On April 10, 2018, Petitioners filed their First Amended Complaint and Petition for Writ of Habeas Corpus ("FAC"). ECF No 27. On April 23, 2018, Respondents moved to dismiss the Petitioners FAC. ECF No. 40. Petitioners then moved for a preliminary injunction on April 30, 2018 (ECF No. 49). On August 20 and 21, 2018, the Court held hearings on Respondents' motion to dismiss and Petitioners' preliminary injunction motion. On August 23, 2018, the Court orally denied Respondents' motion to dismiss, in part; and on September 21, 2018, the Court reduced its oral ruling to writing. ECF No. 159.

In its ruling, the Court held that "ICE may only remove petitioners after considering the fact that they are pursuing [provisional] waivers and the policies codified in the provisional waiver regulations." ECF No. 159 at 4. The Court then gave Respondents two options: comply with this ruling voluntarily or be ordered to do so by the Court. *See* ECF No. 152 (ordering the parties to confer on whether Petitioners' motion for a preliminary injunction should be stayed in light of the actions Respondents plan to take to comply with the legal obligations described in the Court's ruling). In exchange for staying the preliminary injunction motion, Respondents changed their practices to align with the Court's declarations in its order denying Respondents' motion to dismiss and agreed to provide reporting on aliens checking in with ICE Boston to Petitioners. ECF No. 158 (agreeing to stay the motion for preliminary injunction); *see also* ECF No. 158-1. ICE Boston continues to comply with the Court's orders (ECF Nos. 95, 158). At no point did the Court state that its June 11, 2018, and September 21, 2018, orders were subject to civil and/or criminal contempt proceedings.

However, on June 27, 2019, the Court stated any violation of its June and September 2018 orders denying Respondents' motion to dismiss (ECF Nos. 95, 159) could constitute "civil and/or criminal contempt." Transcript of June 27, 2019 Hearing at 6; ECF No. 295 (requiring that ICE

Boston's acting deputy field office directors file declarations stating that they understand that "violation of [the Court's June and September 2018] orders could constitute civil and/or criminal contempt"). In addition, the Court also ordered, over Respondents' objections, that Respondents provide notice to Petitioners should Respondents wish to effectuate a valid removal order, including "five business days' notice to class counsel that a class member will be removed, unless respondents cannot reasonably provide five business days' notice, in which case they shall provide such notice as promptly as reasonably possible."  ECF No. 295.  The Court also ordered Respondents to provide extensive reporting to Petitioners regarding class members' immigration, criminal, and detention history. *Id.* In response to Respondents' objections, the Court ordered Respondents to file a motion for reconsideration and supporting memorandum addressing why this reporting (in conjunction with the Court's September 2018 order) constitutes a preliminary injunction and, if so, why the Court should not issue a preliminary injunction.  ECF No. 295.

**ARGUMENT**

> **I.  The Court's September 2018 order denying Respondents' motion to dismiss, in conjunction with the Court's June 2019 order granting Petitioners relief are the equivalent of an injunction against Respondents.**

As explained *supra*, on September 21, 2018, this Court declared "8 C.F.R. § 212.7 requires DHS, acting through ICE, to consider an eligible alien's application for a provisional unlawful presence waiver before deciding to remove him or her from the United States." ECF No. 159 at 31. In doing so, this Court held that its jurisdiction over Petitioners' claims is limited to determining whether ICE is "failing to exercise the discretion required by 8 C.F.R. § 212.7" and, further, that the Court "could not review a discretionary decision for possible abuse if DHS's discretion was actually exercised." ECF No. 159 at 26. This Court further held that ICE may

lawfully remove class members as long as "it makes an individualized decision to do so based on more than the mere fact that the alien is subject to a final order of removal." ECF No. 159 at 35.

However, in response to Petitioners' motion for a temporary restraining order (ECF No. 258), and request for additional reporting (ECF Nos. 261, 290) the Court directed ICE Boston to not only demonstrate that it is considering a class member's "pursuit of provisional waivers before deciding to execute their removal orders," but also placed numerous preconditions on ICE Boston's ability to effectuate a valid final order of removal. ECF Nos. 159 at 18, 24-25; 301; Transcript of June 27, 2019 Hearing at 19-20. Specifically, the Court instructed ICE to give Petitioners: (1) five business days-notice that a class member has been detained; (2) five business days-notice before removing a class member; (3) a narrative of the decision to remove a class member; and (4) information and documents regarding a class member's detention. ECF Nos. 159 at 18, 24-25; 301; Transcript of June 27, 2019 Hearing at 19-20. Moreover, the Court stated that ICE's failure to consider a class member's pursuit of a provisional waiver prior to removal is enforceable by civil and/or criminal contempt. ECF No. 295 (requiring Boston ICE ERO's deputy field office directors to file affidavits stating that they understand "that any violation of such orders could constitute civil and/or criminal contempt").

The First Circuit has made clear that the title of an order does not dictate its legal significance nor its appealability. *W. Holding co., Inc. v. AIG Ins. Co. – Puerto Rico,* 748 F.3d 377, 382-83 (1st Cir. 2014); *Etuk v. Slattery,* 936 F.2d 1433, 1440 (2d. Cir. 1991). "[A]n order's character does not depend on what the judge calls it," rather, it "depends on its 'operative terms and effects.'" *W. Holding Co., Inc.,* 748 F.3d at 382-83 (quoting *Fryzel v. Mortg. Elec. Registration Sys., Inc.,* 719 F.3d 4, 43 (1st Cir. 2013)). Whatever its title, an order is an injunction if (1) the order is aimed at a particular party, (2) is enforceable by contempt or other sanctions, and (3) provides some of the

relief that the plaintiff seeks in the case. *Id.*; *Original Great Am. Chocolate Chip Cookie co., v. River Valley Cookies,* 970 F.2d 273, 276-77 (7th Cir. 1992)*; Nguyen Da Yen v. Kissinger,* 528 F.2d 1194, n.4 (9th Cir. 1975). The appellate court, not the district court, is the final word on whether an order is an injunction. *Id.; Anderson v Davila*, 125 F.3d 148 (3d Cir. 1997).

Here, until June 27, 2019, ICE Boston had a choice: voluntarily comply with the Court's June and September 2018 orders or be ordered to do so by the Court. However, on June 27, 2019, the Court eliminated ICE's choice and imposed contempt or other sanctions -to its June and September 2018 orders. In addition, by adding new reporting preconditions, the Court encroached upon ICE's ability to effectuate valid final order of removals. The Court's June 27, 2019 order is not merely an order issued to facilitate the orderly administration of justice. Instead, the Court issued such relief pursuant to its *equitable powers* — the same power that allows Courts to issue injunctions — based entirely on its prior declarations of the substantive rights and liabilities of the parties. *See* Transcript of June 27, 2019 Hearing at 20-21 (stating that the reporting could demonstrate that ICE is complying with the Court's orders). By doing so, the Court intruded on the inner-workings of one of ICE Boston's primary agency functions, executing removal orders. *See Vargas v. Chardon,* 405 F. Supp. 1348, 1353 (D. P. R. 1975) ("In addition, where as here, injunctive relief would interfere with operations of the Federal Government, an even greater burden is placed on the plaintiff to establish irreparable injury.") As such, it is indistinguishable from cases where Courts have interpreted other reporting requirements to constitute mandatory injunctions. *See Nguyen Da Yen,* 528 F.2d at 1199 (characterizing an order requiring progress reports on INS's change in policy as a mandatory injunction) *Red Star Laboratories Co. v. Pabst,* 100 F.2d 1, 8 (7th Cir. 1938) (holding that requiring insurance companies to replace the beneficiary of the policies and to be served with a copy of the Court's order was a mandatory injunction). Therefore, the

Court's August and September 2018 orders denying Respondents' motion to dismiss, in conjunction with the Court's June 2019 order, are now the equivalent of an injunction against Respondents.

## II.     The Court should reconsider its Injunction.

This Court should reconsider its injunctive order because Petitioners have not met their burden to establish the preliminary injunction factors.[1] Even if Petitioners have a "right" to have their pursuit of a provisional waiver considered prior to their removal, Petitioners have yet to allege, let alone provide any evidence, that ICE Boston is not complying by its agreement to voluntarily abide by the Court's June and September 2018 orders.[2] On September 21, 2018, this court clearly held that its jurisdiction over Petitioners' claims is limited to determining whether ICE is "failing to exercise the discretion required by 8 C.F.R. § 212.7" and, further, that the Court "***could not*** review a discretionary decision for possible abuse if DHS's discretion was actually exercised." ECF No. 159 at 26 (emphasis added). Further, the Court held that ICE may lawfully remove class members as long as "it makes an individualized decision to do so based on more than the mere fact that the alien is subject to a final order of removal." ECF No. 159 at 35. Thus, the Court should reconsider its June 2019 order yielding to Petitioners' veiled attack on ICE's discretionary authority to remove a class member after duly considering his or her pursuit of a provisional waiver. *See* 8 U.S.C. § 1252(g).

---

[1] Additionally, Respondents incorporate by reference their arguments against issuing any injunctive relief in this case including on a class wide basis, including that 8 U.S.C. § 1252(f)(1) strips this Court of jurisdiction from issuing, at least, injunctive relief on a class-wide basis. ECF Nos. 78, 99, 112, 187, 220, 225.

[2] Respondents have provided Petitioners voluntary reporting on class members checking in with ICE Boston for the past eight months.

Nor can Petitioners show that they will suffer irreparable harm, especially because ICE Boston has been considering a class members' potential eligibility for a provisional waiver prior to effectuating their removal. Therefore, this Court should lift its injunctive order imposing civil and/or criminal contempt for any violation of the Court's orders and relieve Respondents of the extensive reporting requirements the Court ordered over Respondents' objection.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

ELIANIS N. PEREZ
Assistant Director

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
United States Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov
*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Mary L. Larakers
Mary L. Larakers
Dated: July 19, 2019                        Trial Attorney