UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON JIMENEZ
and LUIS GORDILLO, et al.,

Individually and on behalf of all others
similarly situated,

        Plaintiff-Petitioners,

    v.

KEVIN K. McALEENAN, et al.,

        Defendants-Respondents.

No. 1:18-cv-10225-MLW

**MEMORANDUM IN SUPPORT OF
PETITIONERS' ASSENTED-TO MOTION TO SEAL (RENEWED)**

For the reasons set forth below, as well as in the accompanying Supplemental Declaration of Matthew W. Costello ("Suppl. Costello Decl."), Petitioners respectfully request that the Court allow Petitioners' Assented-To Motion to Seal (Renewed).

**I.    Background**

On July 25, 2019, Petitioners submitted a variety of filings relating to Respondents' detention of certain class members, seeking an order from the Court directing Respondents "to show cause why the Court should not order the release of detainees appearing on Respondents' July 12 detention report." July 25, 2019 Mot. for Order to Show Cause (Dkt. No. 304). In support of their motion, Petitioners filed (1) a memorandum in support and (2) the Declaration of Matthew W. Costello, enclosing Exhibits A–S. Because the memorandum and Exhibits A–S contained information qualifying as Confidential Information under the July 19, 2018 Stipulated Protective Order (Dkt. No. 119), Petitioners filed an assented-to Motion to Seal (Dkt. No. 303) as well as redacted versions of those materials for the public docket.

1

On July 26, 2019, the Court entered an electronic order concerning the Motion to Seal. July 26, 2019 Electronic Order (Dkt. No. 308).  The Court granted the Motion to Seal temporarily and ordered Petitioners to file "another motion to seal with more limited redactions, and an affidavit and memorandum explaining why such redactions are justified." *Id*.  Petitioners now file this memorandum, as well as the accompanying Supplemental Declaration of Matthew W. Costello with redacted exhibits, pursuant to that order.

## II.     Argument

Under the appropriate legal standards, as well as the July 19, 2018 Stipulated Protective Order (Dkt. No. 119), Petitioners propose to seal only information that is sufficiently sensitive to overcome "the common law presumption that the public ought to have access to judicial records." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987).

On July 19, 2018, the parties filed a Proposed Stipulated Protective Order (Dkt. No. 119), which the Court granted via Electronic Order on July 24, 2018.  Section 2 of that order defines "Confidential Information" for purposes of this litigation:

> "Confidential Information" shall include any information that is not publicly available and qualifies for protection under applicable law, statutes or regulations, including, but not limited to: (1) the names, addresses, and alien registration number ("A number") and any other personally identifiable information covered by the Privacy Act, 5 U.S.C § 552a and Federal Rule of Civil Procedure 5.2; (2) any personally identifiable information related to third parties other than the individual whose information is being sought; (3) federal law-enforcement-sensitive information, including but not limited to, investigative files and techniques; (4) names, phone numbers, and email addresses of federal employees unless subject to the law enforcement privilege; and (5) any other information protected or restricted from disclosure by state or federal statute or regulation which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Stipulated Protective Order at 2.  These categories reflect the need to protect the privacy interests of private individuals (especially class members), and they are sufficiently targeted to protect those interests without depriving the public of the ability to assess the factual basis for parties'

filings or the Court's rulings.

In the filings concerning the Motion for Order to Show Cause, each redaction proposed by Petitioners comports with Section 2 of the Stipulated Protective Order. Specifically, Petitioners seek to seal only: names and alien registration numbers of class members (category 1); and names, phone numbers, and email addresses of federal employees (category 4).

First, the Memorandum in Support of Motion for Order to Show Cause (Exhibit T), as well as each of Exhibits A–S, contains sensitive personal information concerning class members. Consistent with the Court's own redactions to Exhibit A (Dkt. No. 310-2), Petitioners have redacted class members' names as well as their alien registration numbers ("A numbers"). These redactions preserve these individuals' anonymity for purposes of the present motion, while still permitting the public to understand the pertinent allegations for each one.[1] For example, the redactions do not prevent the public from reviewing information concerning: class members' country of origin; the dates of final orders; the circumstances and dates of their custody reviews under the applicable POCR regulations; and ICE's stated justifications in denying release.

Second, at Respondents' request, Petitioners have also redacted the names and/or e-mail addresses of federal employees (including ICE employees) in Exhibits B–S. For example, the names of ICE decisionmakers appear in Notices provided to class members during their detention. *See, e.g.*, Exhibit G. Similarly, also at Respondents' request, Petitioners have

---

[1] To facilitate a timely confidentiality review by the Respondents of the transcript from the July 16, 2019 deposition of Marcos Charles, Petitioners have provided a condensed version of that transcript for the public docket. Specifically, this copy includes all portions of that transcript that were cited in Petitioner's Memorandum in Support of Motion for Order to Show Cause, but excludes other portions not cited in the Memorandum. Therefore, the proposed public version of this exhibit provides the public with all of the pertinent information to evaluate Petitioners' request for relief. However, if the Court wishes to have a full copy of that transcript available for public review, Petitioners respectfully request at least one week for Petitioners to provide such a copy, to ensure that Respondents are able to provide their additional proposed redactions in a timely manner.

3

redacted contact information for counsel for Respondents in communications between the counsel in this litigation. These redactions are consistent with the definition of "Confidential Information" under Section 2 of the Stipulated Protective Order.

### III. Conclusion

For the reasons set forth above, Petitioners respectfully request that this Court enter an order granting it leave to file the Memorandum in Support of Motion for Order to Show Cause and Exhibits A–S under seal.

Respectfully submitted this 30th day of July, 2019.

| | |
|---|---|
| Matthew R. Segal (BBO # 654489) <br> Adriana Lafaille (BBO # 680210) <br> AMERICAN CIVIL LIBERTIES UNION <br> FOUNDATION OF MASSACHUSETTS, INC. <br> 211 Congress Street <br> Boston, MA 02110 <br> (617) 482-3170 <br><br> Kathleen M. Gillespie (BBO # 661315) <br> Attorney at Law <br> 6 White Pine Lane <br> Lexington, MA 02421 <br> (339) 970-9283 | */s/ Kevin S. Prussia* <br> Kevin S. Prussia (BBO # 666813) <br> Michaela P. Sewall (BBO # 683182) <br> Shirley X. Li Cantin (BBO # 675377) <br> Jonathan Cox (BBO # 687810) <br> Colleen M. McCullough (BBO # 696455) <br> Matthew W. Costello (BBO # 696384) <br> WILMER CUTLER PICKERING HALE AND DORR LLP <br> 60 State Street <br> Boston, MA 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br> kevin.prussia@wilmerhale.com <br> michaela.sewall@wilmerhale.com <br> shirley.cantin@wilmerhale.com <br> jonathan.cox@wilmerhale.com <br> colleen.mccullough@wilmerhale.com <br> matthew.costello@wilmerhale.com <br><br> *Attorneys for Petitioners* |

5

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2019, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

/s/ *Kevin S. Prussia*
Kevin S. Prussia