# EXHIBIT S

## Sewall, Michaela P.

| | |
|---|---|
| **From:** | Sewall, Michaela P. |
| **Sent:** | Thursday, July 25, 2019 1:19 PM |
| **To:** | 'Larakers, Mary L. (CIV)'; Adriana Lafaille; McCullough, Colleen |
| **Cc:** | WH ACLU MA Calderon Class Action; MSegal@aclum.org; Kathleen Gillespie; Weiland, William H. (CIV); Piemonte, Eve (USAMA); Perez, Elianis (CIV) |
| **Subject:** | RE: Calderon litigation |

Mary,

We can delay the filing of our motion to work with the government on these issues over the next day or two only if the government will confirm that it will not move any of the individuals in the July 12 report in the interim. Because you have not responded to my inquiry about whether the government agreed to keep affected individuals in the jurisdiction, we have to move forward with the filing unless we immediately hear from you that removals will not proceed while we work on these issues. This is particularly true because your email confirms our view that the government is still misconstruing the POCR regs, that it views POCR as a box-checking exercise rather than an opportunity for meaningful review, and that it intends to extend detention of those whose rights have been violated.

Thanks,
Michaela

**Michaela P. Sewall | WilmerHale**
+1 617 526 6770 (t)
michaela.sewall@wilmerhale.com

---

**From:** Larakers, Mary L. (CIV)
**Sent:** Thursday, July 25, 2019 12:34 PM
**To:** Sewall, Michaela P. <Michaela.Sewall@wilmerhale.com>; Adriana Lafaille <ALafaille@aclum.org>; McCullough, Colleen <Colleen.McCullough@wilmerhale.com>
**Cc:** WH ACLU MA Calderon Class Action <WHACLUMACalderonClassAction@wilmerhale.com>; MSegal@aclum.org; Kathleen Gillespie <kathleen.m.gillespie@outlook.com>; Weiland, William H. (CIV) ; Piemonte, Eve (USAMA) < >; < >
**Subject:** RE: Calderon litigation

**EXTERNAL SENDER**

Counsel,

Regarding the POCRs. Thank you Adriana for explaining the reasoning behind your position. It was Judge Wolf who stated in his POCR decision that he believed the regulation could be interpreted to require a review as soon as practicable upon being detained. ECF No. 95 ("ICE could, consistent with this provision, give notice and decide whether detention is justified "as soon as possible"). It is our position that giving the 30 day notice as soon as possible and then conducting the review after that 30 day period is over, but before the 90th day in custody comports with the regulation and satisfies some of the concerns that Judge Wolf had. If you would prefer that the review happen closer to the 90th day in custody because you feel that is more meaningful, then I can communicate that to ICE.

With regard to your claim that the POCR reviews are conducted "early," the reviews are conducted in accordance with the regulation which requires approximately 30 days notice prior to the review. In each case, the review was conducted

1

at least 30 days after the alien received the notice and before the 90th day in custody. I gather from your statements that your concern is that the individual and/or their attorney may not know that their review will be conducted prior to the date included on the notice. However, the notice states that the review will occur "on or about" a certain date and as Mr. Charles stated in his deposition, if documents are submitted after the review is completed, ICE will certainly review those documents and issue a new decision. As you know, this was done in the case of at least one individual. Regardless, I think it is premature to bring this issue to the Court since it seems to just be an issue with the language of the notice and what the best practice should be. As I stated above, I am happy to talk to ICE about any proposed solutions you have to these concerns. For the specific people who had "early" reviews, I'm also happy to ask ICE to reconsider their POCR decisions and allow their attorneys to submit more documents on their client's behalf. I still have not received the I-212 and I-246 packet from Mr. ███████'s attorney but I am happy to forward it along to ICE once I receive it.

With regard to the specific individuals above, I have received more information from ICE and can confirm that we do not believe there has been a violation. I can flesh it out in an email or we can have a conversation about these individuals.

I will address your other concerns in another email or on the phone call tomorrow. Respondents have been working diligently over the past months not only on the possibility of settlement and staying the case, but the various other matters in this case such as discovery, reporting, motions, and compliance with the Court's orders. Any suggestion that Respondents are not, in good faith, working to resolve the many issues presented by this case is unfounded.

We consent to your motion to seal.

Best,
Mary

---

**From:** Sewall, Michaela P. <Michaela.Sewall@wilmerhale.com>
**Sent:** Thursday, July 25, 2019 12:11 PM
**To:** Adriana Lafaille <ALafaille@aclum.org>; Larakers, Mary L. (CIV) ███████████████V>; McCullough, Colleen <Colleen.McCullough@wilmerhale.com>
**Cc:** WH ACLU MA Calderon Class Action <WHACLUMACalderonClassAction@wilmerhale.com>; MSegal@aclum.org; Kathleen Gillespie <kathleen.m.gillespie@outlook.com>; Weiland, William H. (CIV) ███████████████>; Piemonte, Eve (USAMA)███████████████ Perez, Elianis (CIV) ███████████████
**Subject:** RE: Calderon litigation

Hi Mary,

We intend to file our motion and accompanying exhibits under seal. Please confirm that you do not oppose the motion to seal.

Thanks,
Michaela

**Michaela P. Sewall | WilmerHale**
+1 617 526 6770 (t)
michaela.sewall@wilmerhale.com

---

**From:** Adriana Lafaille <ALafaille@aclum.org>
**Sent:** Thursday, July 25, 2019 7:53 AM
**To:** Sewall, Michaela P. <Michaela.Sewall@wilmerhale.com>; Larakers, Mary L. (CIV)███████████████
McCullough, Colleen <Colleen.McCullough@wilmerhale.com>
**Cc:** WH ACLU MA Calderon Class Action <WHACLUMACalderonClassAction@wilmerhale.com>; MSegal@aclum.org; Kathleen Gillespie <kathleen.m.gillespie@outlook.com>; Weiland, William H. (CIV) ███████████████

Piemonte, Eve (USAMA) ███████████████  Perez, Elianis (CIV) ███████████████
**Subject:** Re: Calderon litigation

**EXTERNAL SENDER**

Good morning, Mary. For purposes of clarity, I just want to reiterate that in addition to the specific individual violations discussed in the email below, we are also concerned about notice of the 90 day review being given at a time when it is too early to be meaningful, and violates the regulation.

It's certainly a good practice to notify people at the outset of their detention about the custody review that the government intends to conduct at 90 days. ERO should continue that practice, but it must also give the notice required by regulation, 30 days before a review.

Best,
Adriana


On Wed, Jul 24, 2019 at 9:54 PM -0400, "Sewall, Michaela P." <Michaela.Sewall@wilmerhale.com> wrote:

> Mary,
>
> First, regarding POCR violations, although they are described in my prior email and were discussed with Mr. Charles at his deposition, here is a current list of what we anticipate including in our motion. **Please confirm you will not remove these class members while this issue is pending**. We will proceed to file the motion tomorrow if you will not so confirm or if we don't hear back from you.
>
> - At least for Mr. ████████, Mr. ██████, Mr. █████████, Mr. ███, Mr. ██████, Mr. ██████, Mr. ███: POCR review held and POCR decided before the noticed date for the POCR review.
> - At least for Mr. ███: 90-day review not timely conducted.
> - At least for Mr. ███, Mr. ██████, Mr. ████, Mr. █████: 180-day review not timely conducted.
>
> Second, regarding settlement, we disagree with your characterization of the government's efforts. Petitioners provided a potential settlement framework five months ago, and your email today is the first time you have substantively responded to it at all. Settlement is a process, and your dismissal of our proposal five months later without discussion or insight into how the government might address the needs of class counsel to ensure that the class is adequately protected is not the sort of productive dialogue that we hope for. As you know, we have little insight into how the government is considering the effect of the Court's orders. If there is any insight you are able to provide in advance of our meet and confer on Friday, it would likely help inform the discussions.
>
> Third, regarding the documents that Mr. Charles reviewed in preparation for his deposition, you are incorrect to withhold privileged documents. Mr. Charles testified that the documents he reviewed refreshed his recollection about the topic for which he would testify. Any privilege has been waived. Please confirm you will produce the documents he reviewed. If you will not produce the documents, please confirm they will be included on a privilege log so that we may challenge the assertion of privilege.
>
> Fourth, we are certainly willing to discuss any concerns you have about the scope of my questions at the Charles deposition. However, you will have the opportunity to raise particular objections to testimony if and when it is designated for trial. In any event, each and every question asked was within the scope of the noticed topic. You objected, for example, to many questions that specifically related to Petitioners' claim that Respondents are

purposefully targeting individuals for arrest, detention, and removal in violation of the Equal Protection Clause. These questions were properly within the scope of the deposition.

Thanks,
Michaela

**Michaela P. Sewall | WilmerHale**
+1 617 526 6770 (t)
michaela.sewall@wilmerhale.com

**From:** Larakers, Mary L. (CIV) <​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​>
**Sent:** Wednesday, July 24, 2019 4:20 PM
**To:** Sewall, Michaela P. <Michaela.Sewall@wilmerhale.com>; McCullough, Colleen <Colleen.McCullough@wilmerhale.com>
**Cc:** WH ACLU MA Calderon Class Action <WHACLUMACalderonClassAction@wilmerhale.com>; Adriana Lafaille <ALafaille@aclum.org>; MSegal@aclum.org; Kathleen Gillespie <kathleen.m.gillespie@outlook.com>; Weiland, William H. (CIV) <​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​>; Piemonte, Eve (USAMA) ; Perez, Elianis (CIV) >
**Subject:** RE: Calderon litigation

**EXTERNAL SENDER**

Michaela,

Although we are happy to meaningfully meet and confer about any alleged POCR violations, we do not believe that it is proper to raise this alleged issue before the Court at this juncture, particularly because you have not yet specifically identified, what, if any, POCR violations have occurred. Could you please send me a short description of why you believe there has been a POCR violation for each person? Once I receive this information, I will be able to speak with ICE about your concerns and provide you some meaningful and specific answers.

About your second question, as we indicated to you and the Court on numerous occasions with filed declarations, ICE Boston will continue to comply with Judge Wolf's orders. Moreover, we are not sure any expedited removal issues impact this case, as Calderon class members already have final orders of removal that were issued at the conclusion of their traditional removal proceedings.

Additionally, we do not agree with your characterization of our settlement discussions. As you know, during our meet in confer prior to the March 7, 2019, report we informed you that Respondents wanted to stay settlement discussions until the Court decided the pending motions to dismiss and for class certification. This was due in part to the parties' impasse over settlement terms that would necessarily be informed by decisions on these motions. We then informed the Court of this development. ECF No. 221. On May 16th, the Court issued a decision on these motions and Respondents have been considering the effect of these decisions on possible settlement. Thus, any suggestion that Respondents have not been engaging on settlement discussions for over 5 months is just wrong. Regarding the substance of settlement, many of your proposals (1) go beyond the relief that Respondents believe this Court has indicated it will issue and (2) go beyond what ICE Boston is currently doing right now to comply with the Court's orders. As such, Respondents will not agree to settle under Petitioner's proposed terms. That being said, we are available to meet and confer at 3:00 on Friday concerning our positions relevant to the joint report due on the 30th.

Moreover, Respondents do not believe that they are obligated to provide you with privileged documents Mr. Charles reviewed ahead of his deposition. However, where documents used to prepare are not privileged, you will receive many, if not all, of those documents in the discovery we have agreed to provide you.

Finally, we will also like to meet and confer about your failure to abide to the topics listed in your 30(b)(6) notice. As we already made clear to you during the deposition, you asked questions beyond the scope of the topics that the witness was asked to testify, particularly by asking unreasonably specific <u>personal</u> questions beyond the expected scope of Rule 30( b)(6).

Regards,
Mary

---

**From:** Sewall, Michaela P. <Michaela.Sewall@wilmerhale.com>
**Sent:** Tuesday, July 23, 2019 3:25 PM
**To:** Larakers, Mary L. (CIV) ███████████████; McCullough, Colleen <Colleen.McCullough@wilmerhale.com>
**Cc:** WH ACLU MA Calderon Class Action <WHACLUMACalderonClassAction@wilmerhale.com>; Adriana Lafaille <ALafaille@aclum.org>; MSegal@aclum.org; Kathleen Gillespie <kathleen.m.gillespie@outlook.com>; Weiland, William H. (CIV) <███████████████>; Piemonte, Eve (USAMA) <███████████████>
**Subject:** Calderon litigation

Hi Mary,

I'm writing to touch base on a number of issues:

First, it appears from the detention reports we have received that ICE has committed POCR violations with respect to at least Mr. ███, Mr. ███, Mr. ███, Mr. ███, Mr. ███ and Mr. ███. When we asked Mr. Charles about these individuals, and the reasons that their POCR reviews were conducted early and/or that they did not timely receive 180-day reviews, he did not recall any of the specifics of their cases and could not say that a POCR violation had not occurred.  See Tr. pp. 271-320.  As such, we intend to file tomorrow a Motion for Order to Show Cause why the court should not order these individuals' release.  Please let us know if you oppose the motion.  Please also confirm that ICE will not deport these individuals while this issue is pending.  To the extent that ICE has already removed an individual, please let us know who.

Second, there have been several news reports about the government's plans to vastly expand its expedited removal authority and affording individuals with minimal (if any) due process.  Please confirm that ICE Boston will not undertake these procedures for Calderon class members.

Third, are you available on Friday at 3pm to meet and confer before our July 30 status report?  The judge has again ordered us to consider settlement as well as a potential stay of the litigation.  We submitted our settlement proposal to you more than five months ago and have not received any response.  The government's lack of response is particularly troubling in light of Mr. Charles' testimony that he has never discussed the possibility of settlement of this litigation.  See Tr. at 325 ("There's been no reason for me to discuss anything with headquarters on the settlement of this case because it hasn't gone to – we haven't discussed settlement.").  Please confirm whether you are available, and please also confirm that you will be prepared to have a substantive discussion on settlement and/or stay.

Fourth, pursuant to the request I sent in my email dated July 17, please immediately produce each document that Mr. Charles reviewed in preparation for his deposition.

Thanks,
Michaela

**Michaela P. Sewall | WilmerHale**
+1 617 526 6770 (t)
michaela.sewall@wilmerhale.com