UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*, <br><br>Individually and on behalf of all others similarly situated, <br><br>    Plaintiffs-Petitioners, <br><br>  v. <br><br>KEVIN K. McALEENAN, *et al.*, <br><br>    Defendants-Respondents. | No. 1:18-cv-10225-MLW |

**PROPOSED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

With the agreement of the Parties, to adequately and reasonably protect and preserve the confidentiality of such information; to expedite the flow of information between the Parties; and to serve the ends of justice, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the Parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action.

The Parties believe good cause exists for approving the stipulation because the stipulation seeks to protect against injury caused by dissemination of protected documents, information or tangible things. Protected documents, information or tangible things to be protected include personally identifiable information about individuals other than the named Plaintiffs, the disclosure of which could be prohibited by the Privacy Act or other

1

law. However, the Privacy Act provides, as an exception, that such records may be released "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). An order of this Court, therefore, would provide a basis for release of the requested documents and records pursuant to the Privacy Act and Fed. R. Civ. P. 26(c). The parties understand that such an order may not permit disclosure under all other laws.

Additionally, the protected documents, information or tangible things to be protected may include certain Government information from electronic databases, administrative files, alien files (or "A-Files"), and other sources concerning individuals in, and/or material witnesses to, this action, including certain categories of confidential information generally restricted from unauthorized disclosure by statute or regulation.

The protected documents, information or tangible things to be protected also include all other protected documents, information or tangible things not identified above that the Parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).

THEREFORE, IT IS HEREBY ORDERED as follows:

A.     Definitions

1.     "Action" shall mean the case captioned LILIAN PAHOLA CALDERON JIMENEZ,*et al.*, v. KEVIN K. McALEENAN, *et al.*, No. 1:18-cv-10225 (D. Mass).

2.     "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information is not in the public domain, or if in the public domain, is improperly in the public domain, and is (a) personal financial, medical or other private information relating to an individual that would

properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2.; (b) the names, addresses, and alien registration number ("A number") and any other personally identifiable information covered by the Privacy Act, 5 U.S.C § 552a and Federal Rule of Civil Procedure 5.2; (c) names, phone numbers, and email addresses of federal employees, other than the names of "publicly facing" officials (to include Field Office Directors, Deputy Field Office Directors, Assistant Field Office Directors, and their superiors) or (e) federal law-enforcement-sensitive information, including but not limited to, investigative files and techniques. The Parties shall designate information Confidential in accordance with this section regardless of whether it contains their own or another party's confidential information."

   3. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

   4. "Designating Party" shall mean the party or other person producing in discovery in the Action, any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

   5. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

   6. "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & B.

7. "Producing Party" shall mean the person or party producing in discovery in the Action.

8. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

B. <u>Purpose, Scope, and Limitations of Protective Order</u>

1. This Protective Order applies to discovery, pre-trial and (to the extent approved by the Court) trial and post-trial proceedings in this action, whether the Documents are produced by a Party or a person or entity who is not a party to this action ("Third Parties" or singularly, "Third Party"). This Order binds the Parties and their respective agents, successors, personal representatives, and assignees. In addition, this Protective Order governs documents, electronic data, and any other forms of information produced or voluntarily exchanged in this Litigation by any Party or non-parties, including any "Writings" (as that term is defined in Rule 1001 of the Federal Rules of Evidence); all discovery contemplated by Rules 26 through 36 of the Federal Rules of Civil Procedure, including responses to all written discovery requests and demands, and deposition testimony and exhibits, however recorded; and any other written, recorded, or graphic matters (collectively "Protected Material").

2. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

3. This Protective Order shall not prejudice in any way any Party's ability to challenge the use or disclosure of information other than information designated as

Confidential Information under this Protective Order in this Action. A Party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

    4.   The protections conferred by this Protective Order do not cover any information that (i) is properly in the public domain; (ii) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (iii) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

    5.   This Protective Order does not govern the use by the Parties of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial. [*See also* paragraph (E)(8) below (providing advance notice to Producing Party prior to use of Confidential Information in open court or in support of a dispositive motion).]

    6.   This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

    7.   Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation

as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

8. This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

9. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

10. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

C.  Designations.

1. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order. Protected Material may be designated as "CONFIDENTIAL INFORMATION," "PROTECTED MATERIAL" or "PROTECTED MATERIAL – ATTORNEYS' EYES ONLY," if the Producing Party believes in good faith that such material is covered by this Protective Order. A Party may designate material that it obtained from a Third Party or the opposing party pursuant to this Protective Order, if it believes in good faith that it qualifies as Protected Material under this Order.

2. The Designation of Confidential Information should be limited only to those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Section A(2) of this Protective Order.

3. For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the

inclusion of the marking of "Confidential, Subject to Protective Order Dkt. No [ ]" on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "Confidential".[1] The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled with "Confidential: Subject to Protective Order" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Material must be done in a manner that maintains and the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

4. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "Confidential: Subject to Protective Order."

5. For depositions, designation of Confidential Information shall be made during the deposition on the record that should include reasons for the assertion, or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under

---

[1] The original metadata of the native files should be retained pursuant to the parties' agreement.

this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential Material is made, the front of the original and each copy of a deposition transcript containing Confidential Information shall be labeled according to Section C(1). If the deposition was filmed, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled according to Section C(1).

      6.      If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information. [*See* paragraph (D)(7) below (providing for re-production of information after designation is removed or withdrawn).]

D.      <u>Challenging Confidential Designations</u>

      1.      A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

      2.      The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

      3.      The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within fourteen

(14) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. If the challenged designation(s) total 100 pages or less, the Designating Party must communicate its decision to the Challenging Party within fourteen (14) calendar days after receipt of notice of the challenge. For designation(s) totaling more than 100 pages, the parties, acting in good faith, shall agree on a reasonable time for the Designating Party to advise the Challenging Party of its decision.

     4.    If the Designating Party decides to withdraw its designation, it shall give notice of this change to all parties. [(*See* paragraph 7 below (providing for re-production of information).]

     5.    If the Challenging and Designating Parties cannot come to a resolution within the time set forth in paragraph 3 above, or as otherwise agreed, the Challenging Party may file a motion seeking a determination from the Court.

     6.    Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

E.    <u>Disclosure, Use and Handling of Confidential Information</u>

     1.    A Receiving Party may use Confidential Information in connection with this Action only for litigating, defending, or attempting to settle this Action, and shall disclose

such Confidential Information only in accordance with the terms of this Protective Order.

2. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

3. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

   a. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   b. Current employees of the Parties who are assisting with respect to this Action;

   c. The class member to whom the information pertains, or their family members or attorneys;

   d. Any person with prior authorized access to the Confidential Information;

   e. Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

   f. Witnesses, potential witnesses, and deponents, including their counsel;

   g. Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

   h. Retained expert witnesses and consultants;

      i. Mediators or arbitrators; and

      j. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

    4. Disclosure to the persons referenced in subsections (E)(3)(f)-(h) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."[2]

    5. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

    6. Unless the Designating Party gives written permission, all Confidential Information that is filed with the Court must be (1) filed under seal or *in camera* in accordance with the Court's Local Rules and procedures, and/or (2) redacted from any filing that is publicly available. Local Civil Rule 83.6.11 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. The Parties will attempt, to the extent possible, to minimize the volume of material that must be filed under seal.

    7. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking

---

[2] Except, as pertaining to category E(3)(f), the witness, potential witness, deponent, or their counsel also falls within another listed category of individuals authorized to receive Confidential information, outside the grouping of E(3)(f)-(h)

Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either (a) the Designating Party does not object to the production of the Confidential Information or (b) that that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

8. If the need arises for any party to publicly disclose Confidential Information in a proceeding in open Court, it may do so only after giving seven (7) days' notice to the producing party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

F. <u>Inadvertent Production of Confidential Information</u>

1. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

2. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the

unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (c) within five (5) calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

G. <u>Disposition of Documents Containing Confidential Information</u>

1. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all received items designated by another party as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and

cybersecurity functions. In the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

      a.    For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

      b.    Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

      c.    In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential material in their case file for this

case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

Stipulated to and respectfully submitted this 30th day of July, 2019.

| *Counsel for the Respondents* | *Counsel for the Petitioners* |
|---|---|
| JOSEPH H. HUNT<br>Assistant Attorney General | /s/ Kevin S. Prussia<br>Kevin S. Prussia (BBO # 666813)<br>Michaela P. Sewall (BBO # 683182) |
| WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation | Jonathan A. Cox (BBO # 687810)<br>Stephen Provazza (BBO # 691159)<br>Colleen M. McCullough (BBO # 696455)<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP |
| ELIANIS N. PEREZ<br>Assistant Director | 60 State Street<br>Boston, MA 02109 |
| */s/ William H. Weiland*<br>WILLIAM H. WEILAND<br>(BBO # 661433)<br>Trial Attorney<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation,<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 353-4419<br>(202) 305-7000 (facsimile)<br>william.h.weiland@usdoj.gov | Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br>kevin.prussia@wilmerhale.com<br>michaela.sewall@wilmerhale.com<br>jonathan.cox@wilmerhale.com<br>stephen.provazza@wilmerhale.com<br><br>Matthew R. Segal (BBO # 654489)<br>Adriana Lafaille (BBO # 680210)<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF MASSACHUSETTS, INC.<br>211 Congress Street<br>Boston, MA 02110<br>(617) 482-3170 |
| EVE A. PIEMONTE, BBO No. 628883<br>Assistant United States Attorney<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>Eve.Piemonte@usdoj.gov | Kathleen M. Gillespie (BBO # 661315)<br>Attorney at Law<br>6 White Pine Lane<br>Lexington, MA 02421<br>(339) 970-9283 |

**IT IS SO ORDERED**.


Dated: _____        _____
                                       Honorable Mark. L. Wolf
                                       United States District Judge