# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KEVIN K. McALEENAN, *et al.*, <br><br> Defendants-Respondents. | No. 1:18-cv-10225-MLW |

## RESPONDENTS' RESPONSE TO PETITIONERS' MOTION FOR ORDER TO SHOW CAUSE

**INTRODUCTION**

Respondents have not violated the Post Order Custody Review ("POCR") regulations as alleged by Petitioners' motion. Despite Petitioners' assertion, their allegations do not resemble the allegations prompting this Court's June 11, 2018 Order. *See* ECF No. 95. Rather, Petitioners' allegations arise out of their misinterpretation of the POCR regulations. Because ICE Boston is complying with the POCR regulations as it interprets them, to obtain relief Petitioners must establish the preliminary injunction factors. Namely, Petitioners must establish that they are likely to succeed on the merits of their claim that ICE has violated the POCR regulations. Petitioners fail to do so. Therefore, this Court should deny Petitioners' motion and request for injunctive relief in the form of release and/or a stay of removal.

**PROCEDURAL HISTORY**

This Court has declined to definitively declare what the POCR regulations require. ECF No. 95 at 49 ("However, it is not now necessary to decide whether ICE's current interpretation of § 241.4 is correct.").[1] In May 2018, after holding several hearings about ICE Boston's practice regarding the POCR regulations, *see generally id.,* the Court held that Respondents must at least follow the POCR regulations as Respondents interpret them and required that: (1) the alien and alien's attorney receive notice of an impending POCR at least 30 days in advance of the custody review; and (2) ICE conduct a POCR prior to the alien's 90th day in custody. *See id.* at 38.

Without requiring Respondents to follow the Court's interpretation of the regulation, the Court stated that the regulation may require ICE to "give notice and decide whether detention is justified as soon as possible after the arrest of an alien who was not detained during his or her removal period. Therefore, for an alien arrested after the removal period like De Souza, it would be faithful to the language of § 241.4(k)(3) to interpret the regulation as requiring notice promptly after arrest and a custody review approximately 30 days later." *Id.* at 46. However, the Court recognized that the regulation provides flexibility in the timing of review for "any unforeseen circumstances or [an] emergent situation." *Id.* at 46 (citing 8 C.F.R. § 241.4(k)(2)(iv)). The Court

---

[1] It is worth noting that Respondents have not changed their legal position throughout the course of briefing. *See* ECF No. 96 at n.8. In Respondents' Motion to Dismiss the First Amended Complaint, Respondents asserted that Ms. de Souza was not entitled to a post order custody review because aliens are not entitled to a post order custody review "prior to their detention *or before they have been detained 90 days*." *See* ECF No. 40. at 12. At the time Respondents' motion was filed, Ms. de Souza had been detained for less than 90 days, and accordingly, was not *yet* entitled to a post order custody review under Respondents' interpretation of 8 C.F.R. § 241.4. *See id.* The same is true for Ms. Calderon at the time Respondents' first Motion to Dismiss was filed. *See* ECF No. 22. Later, when Respondents argued that the POCR regulations applied to Ms. De Souza, she had been detained for 90 days and therefore, under ICE Boston's interpreatation, she was now entitled to a POCR. Thus, Respondents *did not* argue that Ms. De Souza would *never* be entitled to a POCR as the Court states in its order. ECF No. 95 at 42-43. [2] Attached hereto as Exhibit B is a chart summarizing the argument below.

further noted that ICE has the authority under the regulations to "postpone a custody review 'for good cause' as long as 'reasonable care [is] exercised to ensure that the alien's case is reviewed once the reason for the delay is remedied." *Id.* (citing 8 C.F.R. § 241.4(k)(3)). Because it was not presented by the facts of the aliens' cases in May 2018, the Court did not interpret the regulations governing the 180-day custody review ordinarily conducted by ICE headquarters. *See* 8 C.F.R. § 241.4(k)(2).

Petitioners filed a motion for order to show cause on July 25, 2019, alleging ICE has systematically violated the POCR regulations in two primary ways. First, Petitioners allege that ICE is providing the alien with too much advance notification of their impending custody review in that ICE "now sends notice of custody review almost immediately upon detaining someone . . ." *See* ECF No. 305 at 4. In other words, Petitioners allege that ICE Boston has conducted reviews "too early" with regard to six aliens. *Id.* However, Petitioners concede that in each of these cases, (1) the alien and his attorney of record received a notice of POCR *well in advance* of their 60th day in custody or 60th day into their removal period; (2) ICE Boston conducted the POCR more than 30 days after the notice such that each of these aliens had *at least* 30 days to submit documents in support of their release; and (3) each alien received a POCR prior to their 90th day in custody or prior to their the expiration of their removal period. *Id.* at 4-5.

Petitioners nonetheless allege ICE has violated the POCR regulations because the notice of POCR allegedly fails to adequately warn aliens and their attorneys that ICE may conduct the POCR prior to the date stated on the notice. *Id.* Petitioners claim that the early review occurred "prior to the opportunity to submit documents" and therefore such review violated the regualtions. *Id.* at 4. However, in making this claim, Petitioners fail to explain how an alien who has more than the required 30 days to gather and submit documents prior to the custody review has been robbed

3

of the opportunity to submit documents. Petitioners simply *do not* provide any factual support to the claim that ICE's allegedly early review prevented any of these specific aliens from submitting documents and/or from having ICE review those documents prior to their removal. *Id.* Second, Petitioners allege that ICE Boston did not conduct timely 90-day and/or 180-day reviews for certain aliens despite recognizing that several provisions allow ICE to suspend reviews under certain circumstances. *Id.* at 6-7. On July 25, 2019, the Court ordered Respondents to respond the Petitioners' motion by July 30, 2019. ECF No. 307.

**ARGUMENT**

    **I.**    **ICE Boston provided adequate notice to the aliens of their impending post order custody reviews.**

Since this Court's June 11, 2018 order, in which this Court explained that "[f]undamental features of procedural due process are fair notice and a meaningful opportunity to be heard," ICE Boston has implemented procedures that ensure each alien has as much time as possible to gather evidence in support of release and that each alien receives a timely POCR before the expiration of the removal period or 90th day in custody unless exeptional circumstances exist. ECF NO. 95 at 51.

In each case where Petitioners allege ICE conducted the POCR review "early," ICE complied with the regulations in terms of providing the alien with more than the regulatory required 30 days advance notice of the review and in conducting the review prior to the expiration of the removal period or 90th day in custody. The regulations state that ICE must notify aliens "approximately 30 days in advance of the pending records review so that the alien may submit information in writing in support of his or her release." 8 C.F.R. § 241.4(h)(2). That review must be conducted prior to the 90th day in custody or expiration of the removal period. 8 C.F.R. §§ 241.4(h)(1); 241.4(k)(1)(i). Read together, this requires that: (1) ICE give the POCR notice no later

than day 60 and (2) ICE give the alien approximately 30 days to submit documents on his or her behalf. *See id.;* 8 C.F.R. 241.4(h)(2); ECF No. 95 at 8 (describing the time period for review).

In each case where Petitioners allege a violation occurred, ICE gave notice of the impending custody review well in advance of day 60. ECF No. 305 at 4-5; Ex. A. ICE also provided each alien *at least* 30 days to submit documents on his or her behalf. *Id.* Therefore, ICE complied with the plain text of the regulations and with this Court's June 11, 2018, order. *See generally* ECF No. 95; 8 C.F.R § 241.4.

In fact, in each of the cases Petitioners raised, ICE provided the notice of POCR and conducted the POCR as soon as practicably possible. *See* ECF No. 306-1 at Ex. A; Ex. A. ICE Boston provides the notice of the custody review in an expeditious fashion so that an "alien can have as much time as possible to obtain and provide documentation in support of his release." Declaration of Todd Lyons, attached hereto as Exhibit A at ¶ 6. This practice also facilitates a notice and opportunity for an alien to be heard as soon as practicable after being detained because it informs the alien at an earlier point in time the type of information to gather and submit in support of their release. *Id.* This in turn allows ICE to "review this documentation and potentially decide to release the alien in a more expeditious fashion." *Id*. Far from violating the POCR regulations, ICE Boston's general practice aligns with this Court's suggestion that ICE provide notice to the alien of the custody review promptly and to review an alien's custody as soon as possible, instead of waiting until right before the 90th day. *See* ECF No. 95 at 46.

It is unclear what Petitioners ultimately want this Court to order. Petitioners assert ICE Boston is systematically violating the POCR regulations, but they fail to tell the Court what compliance with the POCR regulations looks like. Respondents have exhaustively explained *infra* why they believe their practices comport with the POCR regulations. Conversely, Petitioners only

point out that Respondents' interpretation is wrong without proposing an alternative interpretation that this Court should order. *See generally* ECF No. 305.

Overall, Petitioners do not seem to take issue with the *timing* of the POCR notice or the review but rather the *content* of the POCR notice. *See* ECF No. 305 at 4-6. However, Petitioners' argument that the notice is deficient has two primary flaws. First, Petitioners cite no authority that dictates what specific information must be included in the notice. *See id.* That is likely because the regulations are silent on this point. *See generally* 8 C.F.R. § 241.4. Second, Petitioners' argument fails to account for the language in each aliens' notice which provided ICE will conduct their review "on *or about*" a certain date. *See* ECF No. 306-1. The "on or about" language modifying the date on the notice fairly advised each alien that their reviews could be conducted prior to the date included on the notice. *See* ECF No. 305 at 4-6 (providing that the reviews occurred within one, two, four, ten, seventeen, and twenty days of the "on or about" date on their respective notices). Petitioners' argument cannot even be interpreted as one of degree because they even contend that March 27, 2019 is not *on or about* March 28, 2019. *See* ECF No. 305 at 5 (noting Mr. ▇ review was conducted one day prior to the on or about date on the notice). Further, Petitioners' argument ignores that ICE *must* conduct the review *prior to* the expiration of the removal period or the 90th day in custody. *See* 8 C.F.R. §§ 241.4(h)(1); 241.4(k)(1)(i). Therefore, in Mr. ▇ case, ICE did not conduct the review one day early; rather, ICE conducted the review just in time to compy with the regulation. *See id.*

In any event, Petitioners fail to establish that any of these class members suffered prejudice as a result of receiving an "early" review that would entitle them to release. *United States v. Deleon,* 444 F.3d 41, 56-57 (1st Cir. 2006) (holding that a "showing of prejudice" is a "threshold requirement" for establishing a valid due process claim). Instead, Petitioners contrive to create an

unwarranted sense of urgency, yet again, in this case. Petitioners do not allege ICE's allegedly "early review" prevented any of these specific aliens from submitting documents and/or from having ICE review those documents prior to their removal. Rather, Petitioners allege, without any factual support, that "ICE has impaired these individuals' ability to submit documents." ECF No. 305 at 5. Indeed, none of these class members submitted any documents in connection with their POCR before *or* after the "on or about" date in their respective notices. *See* Ex. A at ¶¶ 11, 17, 21, 24, 38 42 (stating that none of the aliens who allegedly received "early" POCR reviews submitted documents in support of their release). Nor do Petitioners allege that ICE Boston failed or would have failed to review documents submitted after ICE conducted the POCR. In fact, ICE would have, and did in one class member's case, considered any documents submitted after ICE conducted the POCR and issued a new decision or released the alien depending on the documentation submitted. Ex. A at ¶ 7. Absent any showing that these class members suffered prejudice as a result of their "early" POCRs, Petitioners are not entitled to any relief emanating from the due process clause. *See Deleon,* 444 F.3d at 56-57. Thus, it is clear that Petitioners seek to create a sense of crisis from nothing.

**II.     ICE Boston conducted timely post order custody reviews.**

ICE Boston conducted timely POCR reviews in each case raised by Petitioners.[2] Ordinarily an alien will receive a POCR prior to the expiration of their removal period or 90th day in custody and, if applicable, "at the expiration of the three month period after the 90-day review." 8 C.F.R. § 241.4(k)(1), (k)(2). However, there are several provisions that allow ICE to postpone or delay these reviews. *See, e.g.,* 8 C.F.R. § 241.4(k)(2)(iv) (providing that reviews will be conducted in accordance with this section "or as soon as possible thereafter, allowing for any unforeseen

---

[2] Attached hereto as Exhibit B is a chart summarizing the argument below.

circumstances or emergent situation"); 8 C.F.R. § 241.4(k)(3) (providing that ICE "may, in [its] discretion suspend or postpone the custody review process if such detainee's prompt removal is practicable and proper, or for other good cause"); 8 C.F.R. § 241.4(g)(1)(i)(B) (suspending the removal period when a court of appeals stays an alien's removal); 8 C.F.R. § 241.4(g)(4) ("The Service will not conduct a custody review under these procedures when the Service notifies the alien that it is ready to to execute an order of removal."); 8 C.F.R. § 241.4(g)(5)(stating that ICE "is not required to complete its scheduled custody reviews under this section until the alien has demonstrated compliance with the statutory obligations."). In each case raised by Petitioners, the POCR regulations authorized ICE to suspend the alien's review under at least one of these provisions.

Mr. ▇ received a timely 180-day review. The regulations provide that the 180-day review "will ordinarily be conducted *at the expiration* of the three-month period after the 90-day review or as soon thereafter as practicable." 8 C.F.R. § 241.4(k)(2)(ii). Unlike the provision governing the 90-day review, the text of the 180-day review allows ICE much more flexibility in the timing of the review through the use of the words "ordinarily" and "or as soon thereafter as practicable." *Id.;* 8 C.F.R. § 241.4(k)(1)(i). It also dictates that the review be conducted "*at the expiration* of" 180 days rather than "prior to" the 90th day. *Id*. ICE Boston sent Mr. ▇ s 180-day POCR materials to ICE Headquarters ("ICE HQ") on the 178th day after Mr. ▇ was detained. Ex. A at ¶ 18. ICE HQ conducted the POCR after the expiration of the three-month period after the 90-day review and as soon as practicable, 18 days later. *Id.* Thus, ICE complied with the POCR regulations. *See id.;* 8 C.F.R. § 241.4(k)(2)(ii).

Althought Mr. ▇ would have been entitled to a POCR prior to January 27, 2019, the First Circuit granted a stay of removal on December 6, 2018, which authorized ICE to suspend

Mr. ▇ 90-day review during the pendency of the stay of removal. Ex. A at ¶ 52-53; *see* 8 C.F.R. § 241.4(g)(1)(i)(B) (suspending the removal period, and therefore the timing of the POCR, when a court stays an alien's removal). Despite not being legally required to conduct the POCR, ICE Boston ultimately conducted Mr. ▇ 90-day POCR as a matter of discretion on Febrary 1, 2019, five days after ICE would have conducted the review absent a stay of removal Ex. A at ¶ 54. On April 29, 2019, the First Circuit vacated its order granting Mr. ▇ a temporary stay of removal. Ex. A at ¶ 55. ICE Boston forwarded Mr. ▇ case for ICE HQ review on May 3, 2019, and ICE HQ issued a POCR decision as soon as was practicable on May 29, 2019. *Id.* at ¶ 56; 8 C.F.R. § 241.4(k)(2)(ii).

Mr ▇ 180-day review would have ordinarily occurred on approximately July 8, 2019, three months after his 90-day POCR. However, ICE Boston lawfully suspended his review on separate occasions because ICE anticipated his removal in the near future. Ex. A at ¶ 25, 26; 8 C.F.R. § 241.4(g)(4) ("The Service will not conduct a custody review under these procedures when the Service notifies the alien that it is ready to to execute an order of removal."). ICE Boston served Mr. ▇ with the required notices of his ineligibility for a custody review on May 24, 2019 and June 25, 2019 in anticipation of removal which was scheduled for early June and then in mid-July. Ex. A at ¶ 27, 30. However, on July 9, 2019, ICE Boston was forced to cancel Mr. ▇ pending removal in order to ensure it had provided the newly ordered reporting and documents prior to removal. *See* Ex. A at ¶ 33. As a result, on July 17, 2019, ICE Boston served Mr. ▇ with a POCR notice explaining that he would have another custody review unless he was rescheduled for imminent removal. Ex. A at ¶ 34. On July, 19, 2019, ICE scheduled Mr. ▇ removal for August 3, 2019, and therefore was not required to conduct the review. Ex. A at ¶ 35; 8 C.F.R. § 241.4(g)(4). However, before ICE could serve the required notice that Mr. ▇ review would not be

conducted due to his immenent removal, this Court stayed Mr. ███ removal. *Id.* As a result of this Court's order, Mr. ███ case has been forwarded to ICE HQ and it will conduct the 180-day review as soon as practicable in accordance with the regulation and with the notice it provided him on July 17, 2019. Ex. A at ¶ 36.

Mr. ███ would have ordinarily been entitled to a 180-day POCR on approximately June 28, 2019, three months after his 90-day POCR. However, Mr. ███ actively obstructed his removal by physically refusing to board his scheduled removal flight. Ex. A at ¶ 45. As a result, ICE Boston notified him of his failure to comply on June 25, 2019. *Id.*. Due to his failure to comply, ICE was not required to conduct his 180-day review. *See* 8 C.F.R. § 241.4(g)(5)(stating that ICE "is not required to complete its scheduled custody reviews under this section until the alien has demonstrated compliance with the statutory obligations."). Mr. ███ was removed from the United States on July 22, 2019.

**CONCLUSION**

Petitioners fail to establish that they are likely to succeed on the merits of their claim that ICE violated the POCR regulations with regard to any individual alien, let alone systemic violations. As a result, Petitioners are not entitled to injunctive relief in the form of a stay of removal or release and the Court should deny their motion.

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

ELIANIS N. PEREZ
Assistant Director

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney

United States Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov
*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                /s/ Mary L. Larakers
                Mary L. Larakers
Dated: July 30, 2019                Trial Attorney