## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., | ) ) ) ) | |
| Individually and on behalf of all others similarly situated, | ) ) ) ) | No. 1:18-cv-10225-MLW |
| Plaintiffs-Petitioners, | ) ) | |
| v. | ) ) | |
| KEVIN McALEENAN, et al., | ) ) | |
| Defendants-Respondents. | ) ) | |

## JOINT STATUS REPORT

On June 28, 2019, the Court ordered that the parties meet and confer 10 business days following the deposition of Marcos Charles regarding settlement and discovery, and report to the Court whether the parties have agreed to settle this case or request that it be stayed, and state their positions concerning further discovery if the case is not settled or stayed.  (Dkt. No. 295.) The parties report as follows:

**PETITIONER'S POSITION –**

1. **Marcos Charles deposition**:  Petitioners deposed Marcos Charles on July 16, 2019.  Dkt. No. 306-3.  Petitioners have held the deposition open because they have not received documents and because Mr. Charles was unprepared to testify on the Rule 30(b)(6) topic. Dkt. No. 306-3 at pp. 25-26, 338-339.

2. **Settlement / Stay**:  The parties have conferred by email and by phone following the Court's June 28, 2019 Order (Dkt. No. 295) but have not agreed to settle or stay the

litigation.  Respondents informed Petitioners that they would not consider a stay until the Court rules on Respondents' Motion for Reconsideration.  (Dkt. No. 302).

3. **Discovery**:  Petitioners respectfully request that they be permitted to take discovery on the merits of their claims.  The Court has denied Respondents' motion to dismiss as to Petitioners' Due Process, Equal Protection, INA and APA claims.  Dkt. Nos. 159, 253. The Court has also certified a Calderon Class.  Dkt. No. 253.  Accordingly, Petitioners respectfully request that:  (1) a Rule 16 scheduling conference proceed as soon as the Court's schedule permits; (2) Petitioners be permitted to take discovery for a period of 6 months following the scheduling conference, including written discovery and depositions in accordance with the Federal Rules of Civil Procedure; and (3) one week after the close of the fact discovery period, the Court hold a second status conference to schedule the filing of summary judgment motions and a trial date.

Although Respondents stated on June 25, 2019 that they were "continuing to identify and compile an appropriate certified administrative record about ICE Boston's decision to enforce the removal orders of class members," Dkt. 289 at 5,[1] Petitioners learned for the first time—shortly before today's filing deadline—that Respondents are no longer willing to produce a Certified Administrative Record, which bears on Petitioners' APA claim. Petitioners also learned for the first time just before this filing that Respondents seek bilateral discovery, despite their consistent position throughout the course of this litigation that they did not need discovery. Petitioners are prepared to address these issues at the hearing scheduled on August 2, 2019.

---

[1] *See also* May 16, 2019 Lobby Conf. Tr. at 6:9-13.

**RESPONDENTS' POSITION –**

1. **Marco Charles' Deposition:** Respondents disagree that Mr. Charles deposition is properly held open, as Respondents afforded Petitioners the option to wait for the production of documents before conducting the deposition, which Petitioners declined. Mr. Charles was prepared to discuss all topics covered in Petitioners 30(b)(6) notice.  It is not reasonable, nor is it physically possible, for any deponent to remember specific details of numerous cases without the ability to contemporaneously refer to notes or reports. Petitioners provided no advance notice of the specific cases they intended to inquire into, and Mr. Charles' inability to state with absolute certainty when something may or may not have happened in several individual cases does not amount to a failure to meet his obligations under Rule 30(b)(6). In addition, Petitioners blatantly failed to abide to the topics listed in their 30(b)(6) notice by asking Mr. Charles unreasonably specific personal questions beyond the expected scope of Rule 30(b)(6). Accordingly, this Court should not grant Petitioners' leave to re-depose Mr. Charles.

2. **SETTLEMENT/STAY**

   The parties have not agreed to settle the case under Petitioners' proposed terms. See ECF No. 306, Ex. S at 5 (describing Respondents' position on settlement). However, Respondents' are willing to explore stay options after this Court rules on Respondents' pending motion to reconsider (ECF No. 302).

3. **DISCOVERY**

Respondents do not believe that it is necessary to order additional discovery in this case. Specifically, with regard to Petitioners' APA claims, it is Respondents' position that the Court may reach the merits of Petitioners' claim and decide the question of law presented based upon the information that has already been provided. However, ICE informs the Department of Justice that, after considered review and analysis – and based on the Court's (and Petitioners') skepticism that Respondents' original proposed CAR could not adequately resolve the "unique" APA issues in this case based upon the 2016 changes to 8 C.F.R. §212.7. – the production of a CAR is of limited utility. Thus, should the Court order discovery on the APA claims, Respondents believe that *limited bilateral* discovery should be conducted in accordance to Federal Rule 26.

Respectfully submitted this 30th day of July, 2019.


/s/ Shirley X. Li Cantin

| | |
|---|---|
| Matthew R. Segal (BBO # 654489) | Kevin S. Prussia (BBO # 666813) |
| Adriana Lafaille (BBO # 680210) | Michaela P. Sewall (BBO # 683182) |
| AMERICAN CIVIL LIBERTIES UNION | Shirley X. Li Cantin (BBO # 675377) |
| FOUNDATION OF MASSACHUSETTS, INC. | Stephen Provazza (BBO # 691159) |
| 211 Congress Street | Colleen M. McCullough (BBO # 696455) |
| Boston, MA 02110 | Matthew W. Costello (BBO # 696384) |
| (617) 482-3170 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| Kathleen M. Gillespie (BBO # 661315) | 60 State Street |
| Attorney at Law | Boston, MA 02109 |
| 6 White Pine Lane | Telephone: (617) 526-6000 |
| Lexington, MA 02421 | Facsimile:  (617) 526-5000 |
| (339) 970-9283 | kevin.prussia@wilmerhale.com |
| | michaela.sewall@wilmerhale.com |

shirley.cantin@wilmerhale.com
stephen.provazza@wilmerhale.com
colleen.mccullough@wilmerhale.com
matthew.costello@wilmerhale.com

*Counsel for Petitioners*

/s/ *Mary L. Larakers*

MARY L. LARAKERS (Texas Bar #
24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

CHAD READLER
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

J. MAX WEINTRAUB
Senior Litigation Counsel

*Counsel for Respondents*

EVE A. PIEMONTE, BBO No. 628883
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Eve.Piemonte@usdoj.gov