# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON JIMENEZ
and LUIS GORDILLO, et al.,

Individually and on behalf of all others
similarly situated,

        Plaintiff-Petitioners,

    v.

KEVIN K. McALEENAN, et al.,

        Defendants-Respondents.

No. 1:18-cv-10225-MLW

## MEMORANDUM IN SUPPORT OF
## PETITIONERS' MOTION TO SEAL CLASS MEMBER'S DECLARATIONS

Petitioners have sought to seal the identifying information of a class member, who is currently in ICE custody, and his U.S.-citizen spouse, to protect them from unwanted publicity that could harm their family. Unlike the named Petitioners, who voluntarily agreed to publicly represent class members in this litigation, these two individuals were thrust into this case because Respondents have not provided the process due to the detainee under the Post Order Custody Review ("POCR") regulations. In public filings concerning this violation, Petitioners have redacted only the names and identifiers of these two individuals—providing the public with all information necessary to assess Petitioners' allegations and the Court's eventual decision on the merits of those complaints. Under these circumstances, the Court should allow Petitioners to keep this identifying information under seal.

## I.    Procedural Background

On July 25, 2019, Petitioners filed a seeking an order from the Court directing Respondents "to show cause why the Court should not order the release of detainees appearing

on Respondents' July 12 detention report." July 25, 2019 Mot. for Order to Show Cause (Dkt. No. 304). On July 30, 2019, the Court scheduled a hearing on the Petitioners' motion for August 2, 2019. July 30, 2019 Electronic Order (Dkt. No. 312). In advance of that hearing, counsel for Petitioners received a signed declaration from a U.S. citizen whose husband is currently in ICE custody in Strafford, New Hampshire. The declarant explained that she had attempted to submit documents in support of her husband's release from custody, but ICE conducted its custody review before she was able to submit those documents. The declaration also included, as an exhibit, a copy of a transmittal letter from the detainee's attorney to ICE.

On the morning of August 2, 2019, shortly after receiving the signed declaration, Petitioners filed a public version of the declaration, redacting only the names of the declarant and her husband, as well as the detainee's alien number ("A number") in the exhibit. *See* Declaration and Exhibit (Dkt. Nos. 327-1 & 327-2). These redactions were consistent with the definition of "Confidential Information" in the Stipulated Protective Order. *See* Stipulated Protective Order § 2 (Dkt. No. 119); July 24, 2018 Electronic Order (entering Stipulated Protective Order). Petitioners also promptly informed Respondents' counsel, via e-mail, the names of the declarant and the detainee. All other information in the declaration—including information regarding (a) the detainee's custody, (b) the documentation received from ICE concerning his custody review, (c) the declarant and detainee's pursuit of a provisional waiver, (d) the timing of ICE's custody review, and (e) the harm that the declarant and her children have suffered due to her husband's detention—was unredacted and available for public review. In the cover pleading, Petitioners noted that they did not intend to file a sealed declaration, but that "if the Court would prefer a sealed copy to be included in the record, Petitioners will provide the Court with such a copy at the hearing scheduled for August 2, 2019." Declaration at 1 (Dkt. No. 327).

At the hearing on August 2, Petitioners provided the Court and opposing counsel with unredacted copies of the declaration and exhibit.  The Court explained its concerns about the Petitioners' decision not to formally file a sealed version, as well the specific redactions of the names of the declarant and her husband.  Accordingly, the Court ordered Petitioners to file, by 6:00 p.m. on August 6, 2019, either (a) a statement that the unredacted version could be unsealed or (b) a memorandum in support of the proposed redactions.  Aug. 2, 2019 Tr. at 3-10.

Petitioners maintain their request that this limited identifying information be sealed. They now file their Motion to Seal Class Member's Declarations and Supplemental Declaration, as well as the instant Memorandum, in compliance with the Court's order on August 2.

## II.    Argument

As the Court explained during the hearing on August 2, "the records on which judicial decisions are made are presumptively public, and there has to be some … sufficiently weighty justification to deprive the public of access to that information."   Aug. 2, 2019 Tr. at 6-7; *see also FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 408 (1st Cir. 1987) (identifying "the common law presumption that the public ought to have access to judicial records").  The district court has significant discretion in making such an assessment, and "privacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Standard Fin. Mgmt.*, 830 F.2d at 411 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 478 (6th Cir. 1983)) (internal quotation marks omitted).  As part of this assessment, "courts should 'consider the degree to which the subject matter is traditionally considered private rather than public.'" *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (quoting *In re Boston Herald*, 321 F.3d 174, 190 (1st Cir. 2003)).  For example, medical and financial information are both presumed to be private. *See id.* at 63

(medical information); *In re Boston Herald*, 321 F.3d at 190 (financial information).

Courts in this circuit and elsewhere have acknowledged that even where public release of sensitive information may be appropriate, the attachment of individuals' names to that information can be especially damaging to those individuals' privacy interests. Under such situations, the public interest in open access to judicial proceedings can be outweighed by individuals' privacy interests. *See, e.g.*, *U.S. Dep't of State v. Ray*, 502 U.S. 164, 175-186 (1991) (reversing district and circuit court rulings authorizing FOIA release of summaries of interviews of Haitians seeking political asylum, explaining that "if the summaries are released without the names redacted, highly personal information regarding marital and employment status, children, living conditions and attempts to enter the United States, would be linked publicly with particular, named individuals," and noting that "[a]lthough disclosure of such personal information constitutes only a *de minimis* invasion of privacy when the identities of the interviewees are unknown, the invasion of privacy becomes significant when the personal information is linked to particular interviewees"); *Tuffly v. U.S. Dep't of Homeland Security*, 870 F.3d 1086, 1094, 1099 (9th Cir. 2017) (disclosure of names of released detainees with pending removal proceedings not warranted under FOIA because "detainees would be publicly identified as unauthorized immigrants who had previously been held in government detention, a status which carries with it the potential for stigma, harassment, discrimination, illegal detention, and even violence," and where "detainees' names would be linked to other personal and potentially embarrassing information that has already been disclosed but not identified as applying to them"); *see also Theidon v. Harvard Univ.*, 314 F.R.D. 333, 336 (D. Mass. 2016) (ordering production of faculty reviewers' names to plaintiff, but noting that "[n]ames of individuals whose privacy interests may be affected by this litigation may be referred to in public filings

using a letter designation agreed to by the parties"); *United States v. Sampson*, No. 01-CR-10384-MLW, 2010 WL 11523589 (D. Mass. Aug. 24, 2010) (redacting identifying information unimportant to substance of judicial order concerning recusal).

Moreover, in class-action lawsuits under Rule 23, courts have permitted redaction of class members' names in public filings where such redactions are tailored to protect class members' privacy interests and where the public has access to all other information "necessary for public understanding of the Court's ruling." *Sims v. BB&T Corp.*, No. 1:15-CV-732, 2018 WL 3466945, at *7 (M.D.N.C. July 18, 2018); *see also O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2017 WL 6504064, at *2 (N.D. Cal. Sept. 6, 2017) ("[T]he Court agrees that there is good cause to redact the name of the class member discussed in the declaration to protect that individual's privacy interests."); *cf. Doe v. Lee*, No. C 13–04029 LB, 2014 WL 630936, at *3 (N.D. Cal. Feb. 18, 2014) (permitting plaintiff to proceed with claims pseudonymously for the public record, where defendant was notified of plaintiff's identity and where "allowing Plaintiff to continue her litigation as a Jane Doe still provides the public with continued access to the legal issues and the court's resolution of those issues").

Here, the privacy interests of the detained class member and his spouse, the declarant, are strongly implicated and should be protected.  The original declaration provided sensitive personal information concerning their financial status, as well as medical information concerning the declarant and the couple's young children.  *See* Decl. ¶¶ 13-16 (Dkt. No. 327-1).  Although this kind of medical and financial information is presumptively private, Petitioners provided that information on the public docket because it is probative of the harm that the declarant, her husband, and their children have suffered as a result of (a) her husband's detention, (b) ICE's failure to comply with POCR regulations, and (c) ICE's premature detention-continuation

decision.  To protect their privacy interests, however, Petitioners sought to redact their names to avoid linking this sensitive medical and financial information to particular individuals.

Furthermore, the declarant now offers a Supplemental Declaration to explain, in greater detail, the basis for her desire to remain unnamed.  Specifically, she explains that her "work responsibilities include working in public schools," including assisting students facing immigration-related problems, and she also works with local law enforcement.  Suppl. Decl. ¶ 5. Because of the "sensitive political environment" where she works and resides, and because of her work with law enforcement, she explains that "the publication of [her] name and [her] husband's could create unwanted publicity and affect my ability to be an effective youth counselor."  *Id.* ¶ 6.  Furthermore, she notes that the release of her name and her husband's name would inevitably allow the public to connect those names to the sensitive financial and health information for her and her children that has already been revealed—possibly exacerbating those health problems and placing "undue stress on family relationships."  *Id.* ¶ 7.[1]

Under these circumstances, the Court should allow Petitioners' motion to seal and keep the identifying information confidential.  Doing so will protect the strong privacy interests of the declarant, her husband, and their children, while preserving the public's ability to analyze Petitioners' allegations concerning Respondents' conduct and the Court's ultimate findings concerning the legality of that conduct.

## III.    Conclusion

For the reasons set forth above, Petitioners respectfully request that this Court enter an order granting it leave to the Declaration and Supplemental Declaration under Seal.

---

[1] For substantially the same reasons that Petitioners seek to redact the declarant's name, Petitioners also propose to redact information in the Supplemental Declaration that could be used to readily identify the declarant, her husband, and their children—including their place of residence and her place of employment.

Respectfully submitted this 6th day of August, 2019.


Matthew R. Segal (BBO # 654489)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170
Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283

*/s/ Shirley X. Li Cantin*
Kevin S. Prussia (BBO # 666813)
Michaela P. Sewall (BBO # 683182)
Shirley X. Li Cantin (BBO # 675377)
Jonathan Cox (BBO # 687810)
Colleen M. McCullough (BBO # 696455)
Matthew W. Costello (BBO # 696384)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000
kevin.prussia@wilmerhale.com
michaela.sewall@wilmerhale.com
shirley.cantin@wilmerhale.com
jonathan.cox@wilmerhale.com
colleen.mccullough@wilmerhale.com
matthew.costello@wilmerhale.com

*Attorneys for Petitioners*


**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2019, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

*/s/ Shirley X. Li Cantin*
Shirley X. Li Cantin