```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

LILIAN PAHOLA CALDERON JIMENEZ    )
AND LUIS GORDILLO, ET AL.,        )
individually and on behalf of all )
others similarly situated,        )
                                  )
     Petitioners-Plaintiffs,      )
                                  )
          v.                      )   C.A. No. 18-10225-MLW
                                  )
KEVIN McALEENAN, ET AL.,          )
                                  )
     Respondents-Defendants.      )

                        ORDER

WOLF, D.J.                                    August 7, 2019

     As stated in court on June 27, 2019, as memorialized in the parties' joint statement of July 10, 2019 (Docket No. 301), and as stated in court on August 2, 2019, it is hereby ORDERED that:

     1.   Within the first seven days of each month, respondents shall provide to class counsel a spreadsheet of class members checking in with the Boston office of U.S. Immigration and Customs Enforcement ("ICE-Boston") during the prior month. That spreadsheet shall include the following information: (a) name; (b) alien number; (c) date of check-in; (d) whether any Form I-130, I-212, or I-601A filed by or on behalf of the class member is approved, denied, or pending with U.S. Citizenship and Immigration Services ("USCIS"), not including any filing, approval, or denial date; (e) a yes or no column indicating whether the class member

has criminal history; (f) the date of the next scheduled check-in; (g) additional instructions given to the class member at his or her check-in if applicable; (h) attorney of record name and contact information if the attorney has filed a Form G-28 with ICE or the Immigration Court, and (i) status of any application for any filed I-246, Application for a Stay of Deportation or Removal.

2. Within the first seven days of each month, Respondents shall provide a spreadsheet to class counsel of class members detained by ICE-Boston during the prior month, including individuals who became class members after they were detained (the "monthly detention report"). That spreadsheet shall include the following information: (a) name; (b) alien number; (c) date detained; (d) whether any Form I-130, I-212, or I-601A filed by or on behalf of the class member is approved, denied, or pending with USCIS, not including any filing, approval, or denial date; (e) date of the final order of removal as determined by ICE Boston; (f) status of any filed Form I-246, Application for a Stay of Deportation or Removal; (g) a yes or no column indicating whether the class member has criminal history; (h) attorney of record name and contact information if a Form G-28 has been filed with ICE or the Immigration Court; (i) country of origin; (j) Order of Supervision Revocation date, if applicable; (k) date of last Post Order Custody Review Notice and any Decision, if applicable; (l) whether the class members' potential eligibility to apply for a

2

Form I-601A was considered by ICE Boston; and (m) the title of the individual who made the final decision to effectuate the removal of the class member.

3. Contemporaneous with the monthly detention report, respondents shall also provide to class counsel, a copy of any Notice of Revocation of Release, Notice to Alien of File Custody Review, and Post Order Custody Review Decision for each class member ICE-Boston detains, if applicable.

4. Within five business days of the detention of a class member, respondents shall notify class counsel that a class member has been detained. If an individual becomes a class member after he or she is detained, respondents shall notify class counsel within five business days of identifying the individual as a class member. Such notice must only include the detained alien's name, alien number, country of origin, and a statement that the person is being considered for removal and has been given the Class Notice attached as Exhibit A hereto.

5. Respondents shall provide petitioners' counsel with notice of any decision to effectuate a class member's removal, as previously ordered on June 28, 2019. See Docket No. 295 at ¶4. Such notice shall include the information described sections (a)-(m) of the monthly detention report, and a brief narrative description of what factors and information were considered in making the decision to remove the class member. This narrative

3

description shall be comparable to the narrative description provided in the spreadsheet contained in Docket Number 291-1.

6. ICE-Boston shall distribute the Class Notice attached as Exhibit A to (a) class members checking in with ICE-Boston when the alien appears at an ICE office for their next in-person check-in; (b) class members currently detained by ICE-Boston; (c) class members who are subsequently arrested or detained by ICE after the issuance of this order; and (d) class members whose application for a stay of removal (Form I-246) has been adjudicated, if the official adjudicating the request knows that the individual is a class member based on the information submitted in the application.

7. Petitioners shall provide respondents with translations of the Class Notice in at least Spanish and Portuguese, and may provide respondents with translations in other languages as well. Respondents shall provide the Class Notice to class members in English and in any other language for which petitioners have provided a translation that the class member speaks or reads.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## NOTICE OF POTENTIAL LEGAL RIGHTS

*Calderon Jimenez v. McAleenan*, No. 18-10225 (D. Mass.)

- You are receiving this notice because you may have **LEGAL RIGHTS** due to an ongoing lawsuit on behalf of certain noncitizens. The lawsuit is called *Calderon Jimenez v. McAleenan.*
- If you are receiving this notice, a government official has determined that you are likely a "class member" in the *Calderon Jimenez v. McAleenan* lawsuit because it appears that:
  - you have a final order of removal;
  - you have not left the United States since receiving that final order of removal;
  - you are married to a United States citizen;
  - you are the beneficiary of a pending or approved I-130 Petition for Alien Relative, filed by your spouse;
  - you are at least 17 years old;
  - you do not have a pending application with United States Citizenship and Immigration Services (USCIS) for adjustment of status; and
  - you live in Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, or Maine.
- If you are a "class member," this case may affect whether you can be **detained or removed from the United States** at this time.
- Please contact the American Civil Liberties Union of Massachusetts at **857-347-5511** or **calderonclass@aclum.org** to learn more, especially if ICE has arrested or detained you, or if you are facing imminent removal from the United States.

## WHAT IS THIS NOTICE ABOUT?

*Calderon Jimenez v. McAleenan* is a class action lawsuit in Massachusetts. The Court in this case has found that certain noncitizens with final orders of removal may be able to remain in the United States to seek lawful status through their United States citizen spouses, by completing the following steps (which the Court has called the "provisional waiver process"):

1. The U.S. citizen spouse submits to USCIS a Form I-130, Petition for Alien Relative, for the noncitizen's benefit.

2. The noncitizen submits to USCIS a Form I-212, Application for Permission to Reapply for Admission, which acts as a "waiver" relating to the prior removal order.

3. If the Form I-130 and Form I-212 are approved by USCIS, the noncitizen files a Form I-601A, Application for Provisional Unlawful Presence Waiver, a "waiver" relating to any prior unlawful presence.

4. If the noncitizen obtains approval of the petition and both waivers, he or she leaves the United States and appears for an immigrant visa interview at a United States consulate with the U.S. Department of State. There he or she may be issued a visa by a consular officer.

5. The noncitizen returns to the United States with the immigrant visa, and becomes a lawful permanent resident of the United States upon admission.

As part of processing your applications, USCIS may require the noncitizen to attend interviews or other appointments.

***People who have legal rights as part of this lawsuit are called "class members."*** To be a class member, you do not need to have completed all of the steps outlined above. You may be a class member if your spouse took the first step by filing a Form I-130 with USCIS.

***If you are a class member, you have certain legal rights.*** These legal rights impact any decision to detain or remove you from the United States.

***If you are a class member, you can speak for free about your rights with a lawyer for the class members.*** If you believe that Immigration and Customs Enforcement (ICE) has violated your legal rights, or if you have questions about this lawsuit, you may contact lawyers who represent the class members, as follows:

> American Civil Liberties Union of Massachusetts
> Phone: (857) 347-5511
> Email: calderonclass@aclum.org

***You can also contact your immigration attorney, if you have one. Please do not call the Judge or the Court about this matter.***