UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*, <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KEVIN K. McALEENAN, *et al.*, <br><br> Defendants-Respondents. | No. 1:18-cv-10225-MLW |

### RESPONDENTS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 60(b)

**INTRODUCTION**

On June 27, 2019, this Court entered a preliminary injunction against Respondents in all but name only. *See* ECF No. 295. In seeking to limit the breadth of this Court's order, Petitioners rely heavily on the proceedings leading up to June 27, 2019, and misinterpret the Court's statement on June 27, 2019 as a warning that civil and criminal contempt could be imposed if a formal injunction is issued first. However, the Court's order did not warn of a future injunction. Rather, it issued an injunction by clarifying that its prior orders (ECF Nos. 95, 159) are enforceable through contempt proceedings. Further, the Court did not order the extensive reporting pursuant to its power to control discovery, but rather pursuant to the Court's equitable powers to protect a party from what the Court previously declared irreparable harm. Nor does the reporting resemble material ordinarily discoverable because it requires ICE Boston to create, rather than simply produce, documents. Additionally, unlike normal discovery, it requires ICE to provide documents

1

and information *prior to* enforcement of a removal order. Accordingly, the Court's June 27, 2019 order is the equivalent of a preliminary injunction that this Court should vacate until Petitioners can meet the requisite preliminary injunction standard.

**ARGUMENT**

    I.    **The Court's June 27, 2019 order made its prior orders enforceable by civil and/or criminal contempt and obviated the need for a motion for a preliminary injunction.**

Petitioners need not move for a preliminary injunction to enforce the Court's prior orders because the Court already issued a preliminary injunction on June 27, 2019 by conducting a legal analysis, issuing substantive relief, and clarifying that the previous orders are enforceable. *See W. Holding co., Inc. v. AIG Ins. Co. – Puerto Rico,* 748 F.3d 377, 382-83 (1st Cir. 2014). The Court's June 27, 2019 order presupposes that Petitioners have met the preliminary injunction factors. Indeed, this Court would not have ordered the substantive reporting if it had not found: (1) that Petitioners demonstrated that they are likely to succeed on the merits of their claim that the INA, regulations, and Constitution require consideration of an alien's pursuit of a provisional waiver prior to removal and (2) that the reporting was needed to prevent Petitioners from suffering the irreparable harm. *See Gonzales-Droz v. Gonzalez-Colon,* 573 F.3d 75, 79 (1st Cir. 2009) (listing the preliminary injunction factors); June 27, 2019 Hr'g. Tr. at 20:1-4 (stating that an explanation "might provide greater assurance that the decision-maker considered everything and there wouldn't be any reasonable basis to claim there's a violation of the court's orders").

The Court's June 27, 2019 order also issued substantive relief over Respondents' objections. After this Court denied Respondents' motion to dismiss, it gave ICE Boston a choice: voluntarily comply or be ordered to do so. *See* ECF No. 152 (ordering the parties to confer on whether Petitioners' motion for a preliminary injunction should be stayed in light of the actions

Respondents plan to take to comply with the legal obligations described in the Court's ruling). Since then, ICE Boston has voluntarily complied with the Court's order "to consider an eligible alien's application for a provisional unlawful presence waiver before deciding to remove him or her from the United States." ECF No. 159 at 31. However, on June 27, 2019, this Court eliminated that choice by ordering substantive relief *beyond* what ICE Boston agreed to provide and expressly prohibiting any conduct contrary to its prior orders. *See* June 27, 2019 Hr'g. Tr. at 6:13-25. Specifically, the Court stated:

> "And do you understand that if you were to get a directive, say, from the Department of Homeland Security in Washington that directed you to do something that would violate the orders I've issued in this case, your obligation is to follow the orders and, I would expect, tell whoever gave you the direction, ***We can't do that; the judge has prohibited it?***"

June 27, 2019 Hr'g. Tr. at 6:13-25 (emphasis added). Contrary to Petitioners' assertion, this is not "the deal [ICE Boston] struck." ECF No. 326.

Finally, the Court clarified that his *current* orders, not *future* orders, were enforceable by civil and/or criminal contempt. The Court stated that "that any violation of *such* orders could constitute civil and/or criminal contempt." ECF No. 295 (emphasis added). The Court did not, as it had done before, premise contempt upon issuance of a formal injunction. *See* Dec. 6, 2018 Hr'g Tr. at 15-16 ("And if I thought that you were going to — that you were violating the law as I described it and that you were going to continue to violate it, I would issue an injunction."). Against this backdrop, the Court's statement was clear: upon finding that ICE Boston intentionally disregarded the Court's order, civil and/or criminal contempt will issue. Petitioners' failure to recognize the Court's June 27, 2019 order as an injunction has no bearing on the analysis. *See* ECF No. 326 at 10 (arguing that Petitioners' motions for injunctive relief, subsequent to the Court's orders, illustrate that the Court did not issue an injunction). Rather, the applicable legal standard

requires an issuance of relief and enforceability. *W. Holding co., Inc.,* 748 F.3d at 382-83. Because both elements are present in the Court's June 27, 2019 order, this Court's order is an injunction.

> **II.  The Court ordered reporting pursuant to its equitable powers to ensure compliance with an injunction.**

The substantive discovery ordered by the Court does not resemble information to which Petitioners would ordinarily be entitled in discovery, nor did the Court order the reporting pursuant to its powers to control discovery. The court-ordered reporting requires Respondents to create new documents as opposed to producing documents already in existence. *See* ECF No. 295. It also establishes timelines for which Respondents must notify Petitioners of certain events such as the detention of a class member or ICE's intention to effectuate the removal of a class member. *Id.* While Petitioners may be entitled to documents reflecting information about class members in ordinary discovery, Respondents are not required to create *new* documents or provide notice of government action to respond to discovery requests. *Khyber Techs. Corp. v. Casio, Inc.,* 2003 U.S. Dist. Lexis 12450 at *29 (D. Mass. Mar. 31, 2003) ("Rule 34 only allows parties to request and inspect documents that already exist and does not require the parties to create documents."). Accordingly, contrary to Petitioners' assertion, they would not be entitled to this expansive reporting in ordinary discovery. *Id.* Even if they were, Petitioners' argument ignores that the Court did not order the reporting pursuant to its discretionary powers over discovery. The Court's recognition that the reporting was necessary to protect the rights of class members illustrates that the Court ordered the reporting pursuant to its equitable powers — the same powers it uses to issue injunctions. *See* June 27, 2019 Hr'g. Tr. at 20:1-4. Ultimately, Petitioners fail to point to any federal rule or case law that entitles them to the expansive reporting this Court ordered absent an injunction. Therefore, the court ordered reporting further illustrates the injunctive nature of the Court's June 27, 2019 order.

Indeed, Petitioners' own analysis supports the conclusion that the Court issued an injunction on June 27, 2019. Petitioners argue that the Court ordered the reporting — not for reasons of judicial economy — but because their motion allegedly "cast severe doubt on whether ICE Boston was in fact complying with the Court's orders." ECF No. 326 at 13. Petitioners admit that the Court issued the reporting to *protect* the Court-declared rights of class members. *Id.* at 12 ("Indeed, even the limited reporting to date has proven indispensable to protecting the rights of class members. . ."). Therefore, Petitioners' own argument seems to concede that the reporting is quintessential equitable relief related to compliance with an injunction.

Further, Petitioners' assertion that Respondents undercut their arguments by previously agreeing to modest reporting is illogical and unsupported by any case law. Respondents agreed to provide modest reporting *to avoid* an injunction and the consequences, including contempt, which flow from injunctive relief. On June 27, 2019, the Court eliminated all of the advantages ICE Boston derived from that agreement. If ICE Boston knew, at the time it agreed to stay the preliminary injunction, that despite its demonstrated compliance with the Courts orders, it would *still* face possible contempt and *still* be ordered to produce expansive, detailed, and time-sensitive reporting over their objections, it would have insisted that the Court issue a formal injunction in lieu of an agreement.

**CONCLUSION**

For the foregoing reasons, this Court should reconsider its order entering an injunction in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY

5

Director

ELIANIS N. PEREZ
Assistant Director

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
United States Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov
*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Mary L. Larakers
Mary L. Larakers
Trial Attorney

Dated: August 16, 2019