# EXHIBIT 1

DECLARATION OF ███████████

1. My name is ███████████.

2. I have asked that this declaration be redacted of my identifying information prior to being filed in a public court record. That is because this affidavit contains sensitive details about my family. I am aware that my wife is afraid that she could suffer consequences at work if the information in it is publicly linked to us.

3. I am currently detained by immigration authorities in Bristol County. I have been in immigration detention for almost one year.

4. I married ███████████ in 1995. My wife, her daughters, and her grandson are my family. I consider my step-daughters to be my own daughters, and my step-grandson to be my own grandson. They are the reason I am fighting to stay in the United States.

5. My wife's grandson and I have a particularly special bond. I get very emotional every time I think about him. It crushes my heart to be apart from him and to know that he is suffering. I haven't seen him in a year because I don't want him to see me in a prison uniform. I want to see him graduate high school, go to college, and become a productive man.

6. Over the years, I have also been extremely active in my community. For more than 20 years, I hosted a community radio program for the Cape Verdean community. I have also been involved with several community organizations, and have helped raise money many times for good causes or families in need.

7. Until last year, I did not understand that I had a final order of removal. I had been in removal proceedings, and attended all my court dates. I could not afford an immigration lawyer back then. At one point, my wife tried to file an I-130 for me but it was returned because of an issue with the fee. On my last court date, I arrived late, by bus, and sat in the courtroom until the end of the session. After all the cases were over, the clerk told me that the Judge wouldn't see me anymore and that I would get a letter. I thought a court date would be scheduled. I later got a letter from ICE and began reporting to ICE regularly. I provided ICE my passport, and, when an ICE officer told me that I could apply for work authorization, I did so and was granted permission to work. It was not until much later that I understood that I had been ordered removed on the day that I had been late to court.

8. Last summer, when ICE began to indicate that I should leave the country, I brought in a new I-130 that my wife had filled out. ICE would not take it, and told me that I had been ordered deported. On August 21, 2019, I was put on a GPS electronic monitor and given restrictions on my movement, including being home once a week. I was confused, anxious, and lost. I couldn't begin to fathom how I would tell my employer. That same day, when I tried to loosen the GPS so that I could put on my work boots—a necessity at my assistant store manager job because I had to help get goods off trucks and into the store—I accidentally cut it. Minutes later, I received a call telling me to report back to ~~Burlington~~ WARWICK. I went back to ICE, and tried to apologize to the officers and explain. AMS

9. I have been in detention ever since. I now understand that it was a horrible mistake to deal with my GPS device in this manner, and to go so many years without getting an attorney to fully address my immigration situation. My family and I have spent the past year of our lives paying for these mistakes.

10. The day after I was detained, I received several pieces of paper relating to the revocation of my release, my detention and my obligations to assist in my removal. One of these was a Notice of File Custody Review, which indicates that I had until before November 20, 2018 to submit documentation in support of my release. Ex. A.

11. Around November 17, 2018, I received a letter telling me that my release was denied. Ex. B.

12. After that, I sent a letter to ICE asking for a re-review and reconsideration of this 90-day review decision. I do not have a copy of this letter and do not know the exact date that I sent it. I did not receive a response.

13. On January 9, 2019, I filled out a Detainee Request form, asking about the status of this request for re-review. I explained that I am not a flight risk or danger, that I will comply with all conditions placed on my release. I also offered to submit letters of support or send another letter. Ex. C.

14. This time, I received a response on the form that simply reiterated that on my 90-day custody review, I had been found to be a flight risk. The notice also said that my next review would be performed by ICE headquarters on or about February 17. Ex. C.

15. Soon after that, I sent a letter to ICE headquarters, asking for my release. In it, I spoke about my family and my involvement in many positive activities in my community. I also explained that I had learned from my mistakes, would

not pose a danger or flight risk, and would comply with my conditions of release. I do not have a copy of this letter, though I do have a draft that I wrote. I never received a response to this letter.

16. In March, I received a notice telling me again that my release had been denied. Ex. D.

17. Again, I wrote to ICE after this letter, asking for my release and emphasizing my family and that I would not pose a danger or flight risk. I do not have a copy of the letter that I sent.

18. In June, I received another letter denying my release. Ex. E. I was so upset by this decision.

19. These notices refer to a file review or interview, but I was never interviewed.

20. I never received notices 30 days before any of my custody reviews.

21. If I had understood that I could send materials in to ICE to aid in my request for release, I could have obtained letters from my family, employers, and community members, and would have tried to persuade ICE to release me.

22. If released, I intend to live with my wife, step-daughter, and step-grandson at ███████████████████████████ I will comply with all of my conditions of release, and will not pose a flight risk or danger. I want nothing more than go get back to my family, and to provide and care for my wife and her grandson every day.

Signed under pains and penalties of perjury.

███████████████████

08/14/2019
Date

# EXHIBIT A



**U.S. Department of Homeland Security**
**Immigration and Customs Enforcement**

*10 New England Executive Park*
*Burlington, MA 01803*

August 22, 2018

**Bristol County House of Corrections**
**400 Faunce Corner Road**
**North Dartmouth, MA 02747**

## Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Customs Enforcement Agency (ICE) and you are required to cooperate with ICE in effecting your removal from the United States. If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody, the ICE Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you **will not** pose a danger to the community and **will not** present a flight risk.

Your custody status will be reviewed **on or about**: 11/20/2018. The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel documents;
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). You will be notified of the decision in your case when the custody review has been concluded. An attorney of other person may submit materials on your behalf. The Field Office Director will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case

**U.S. Department of Homeland Security**
Immigration and Customs Enforcement Agency
Attn: POCR Unit
10 New England Executive Park
Burlington, MA 01803

METHOD OF SERVICE

I certify that this form was provided to the alien by:    X(Hand)    (Institution Mail)
( ) CC: Attorney of Record or Designated Representative
(X) CC: A-file

_____    _____    8/22/2018
                            Printed Name of Officer                Date

# EXHIBIT B

*Enforcement and Removal Operations*
*Boston Field Office*

**U.S. Department of Homeland Security**
100 District Avenue
Burlington, MA 01803



U.S. Immigration
and Customs
Enforcement

▬▬▬▬▬▬▬▬▬▬

c/o Bristol County House of Corrections
400 Faunce Corner Road
North Dartmouth, MA 02747

▬▬▬▬▬▬▬▬

# Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined as a matter of administrative discretion that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You are a native and citizen of Cape Verde who was admitted to the United States through Boston, MA on December 9, 1988, with a B-2 non-immigrant visa.

You are subject to a Final Order of Removal issued on July 9, 2012.

Upon review of the facts of your case, including your final order of removal issued by an immigration judge, successful removal/tampering with your ICE GPS monitoring device and your lack of substantial equities, I have determined that you would pose a flight risk if you were to be released from ICE custody.

Based upon the above in the exercise of administrative discretion, you will remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been removed or released from custody by February 17, 2019, jurisdiction of the custody decision in your case will be transferred to the Headquarters Removal and International Operations Unit (HQ RIO), Potomac Center North, 500 12th Street SW, Washington, DC 20536. HQ RIO will make a final determination regarding your custody.

_____
Todd M. Lyons, Acting Field Office Director

_11/14/2018_
Date

www.ice.gov

**Notice to Alien of File Custody Review**

Page 2

---

### PROOF OF SERVICE

(1) Personal Service (Officer to complete both (a) and (b) below.)

(a) I ▮▮▮▮▮▮▮▮▮▮, Deportation Officer,
             Name of ICE Officer                    Title

certify that I served ▮▮▮▮▮▮▮▮▮▮ with a copy of
                    Name of detainee

this document at Bristol HoC on 11/15/18, at 1:38 P.M.
              Institution              Date        Time

(b) I certify that I served the custodian _____,
                                        Name of Official

_____, at _____, on
     Title                            Institution

_____ with a copy of this document.
     Date

**OR**

(2) Service by certified mail, return receipt. (Attach copy of receipt)

I _____, _____, certify
         Name of ICE Officer                Title

that I served _____ and the custodian _____,
          Name of detainee                  Name of Official

with a copy of this document by certified mail at _____ on _____.
                                           Institution      Date

Detainee Signature: _____    Date: _____

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

# EXHIBIT C

BACK TO ICE ON 1/11/19



**U.S. Immigration and Customs Enforcement**

Office of Detention and Removal
U.S. Department of Homeland Security
10 New England Executive Park
Burlington, MA 01803

## DETAINEE REQUEST TO ICE, FORMULARIO DE PETICIÓN PARA ICE, FORMULÁRIO PARA PEDIR INFORMAÇÃO DA IMIGRAÇÃO

Name, Nombre, Nome: ▮▮▮ Last, Ultimo / First, Primeiro    ID# ▮▮▮

Alien Number, Numero de Immigracion: ▮▮▮    Country (pais): CAPE VERDE

Housing Unit, Dormitorio: ICE-B    Date, Fecha, Data: 01-09-2019

Please state your specific question or concern completely. Do not simply request to speak to an ICE officer. You must write your question on this form and you will receive a response.

*Escribe su pregunta especifica aqui. Usted necesita escribir su pregunta en este forma y usted recibirá una respuesta.*

*Escreva a sua pergunta abaixo, tem que ser especifico na sua pergunta. depois receberá uma resposta.*

QUESTION, PREGUNTA, PERGUNTA: I write a letter to the ICE Officer asking to re-review and reconsider my 90 days custody status because i believe i qualify for release under an order of supervision. I have been in detention more than 120 days. I am not a danger to public safety and I am not a flight risk. I will comply with all conditions placed on my release. I will submitted letters of support. I can rewrite a letter again if necessary.

RESPONSE, RESPUESTA, RESPOSTA: You previously violated the terms of your order of supervision. It was determined during your last custody review that you are a flight risk. Your next custody review will be performed by headquarters on or about February 17, 2019.

Officer: ▮▮▮

Date Responded, Fecha de Respuesta, Data de Resposta: 1/10/2019

# EXHIBIT D

*Office of Enforcement and Removal Operations*

U.S. Department of Homeland Security
500 12th Street, SW
Washington, D.C. 20536



**U.S. Immigration and Customs Enforcement**

███████████████

C/O Immigration and Customs Enforcement
Boston Field Office

███████████

## Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has reviewed your custody status and determined that you will not be released from custody at this time. This decision was based on a review of your file record and/or personal interview and consideration of any information you submitted to ICE reviewing officials.

You are a native and a citizen of Cape Verde who last entered the United States on or about December 9, 1988, at Boston, Massachusetts as B-2 non-immgrant vistor. You have several misdemeanor traffic offenses. On July 9, 2012, you were issued a Final Order of Removal by an Immigration Judge in Boston, Massachusetts. You waived your right to appeal this decision.

ICE is currently in possession of a valid travel document for your removal from the United States. You will remain in custody until ICE can effectuate your removal.

This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to affect your removal.

You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

Michael V. Bernacke
HQ RIO Chief

3-5-2019
Date

www.ice.gov

Decision to Continue Detention

▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓

Page 2

## PROOF OF SERVICE

(1) **Personal Service (Officer to complete both (a) and (b) below.)**

(a) I ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Deportation Officer,
            Name of ICE Officer                  Title

certify that I served ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ with a copy of
                     Name of detainee

this document at Bristol HOC on 3/6/19, at 7:42 AM.
              Institution           Date          Time

(b) I certify that I served the custodian _____,
                                                 Name of Official

_____, at _____, on
    Title                             Institution

_____ with a copy of this document.
   Date

## OR

(2) **Service by certified mail, return receipt. (Attach copy of receipt)**

I _____, _____, certify
     Name of ICE Officer             Title

that I served _____ and the custodian _____.
        Name of detainee                        Name of Official

with a copy of this document by certified mail at _____ on _____.
                                                       Institution          Date

Detainee Signature: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓     Date: 3-6-19

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

# EXHIBIT E

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



**U.S. Immigration and Customs Enforcement**

C/O Immigration and Customs Enforcement
Boston Field Office

## Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has reviewed your custody status and determined that you will not be released from custody at this time. This decision was based on a review of your file record and/or personal interview and consideration of any information you submitted to ICE reviewing officials.

You are a native and a citizen of Cape Verde who last entered the United States on or about December 9, 1988, at Boston, Massachusetts as B-2 non-immigrant vistor. You have several misdemeanor traffic offenses. On July 9, 2012, you were issued a Final Order of Removal in absentia by an Immigration Judge in Boston, Massachusetts. On March 4, 2019, you filed a Motion to Reopen before the Board of Immigration Appeals (BIA). The case is currently pending a decision.

ICE is currently in possession of a valid travel document for your removal from the United States. You will remain in custody until ICE can effectuate your removal.

This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to affect your removal.

You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

Michael V. Bernacke
HQ RIO Chief

Date 6/6/19

www.ice.gov

Decision to Continue Detention
████████████████████████████

Page 2

---

## PROOF OF SERVICE

**(1) Personal Service (Officer to complete both (a) and (b) below.)**

(a) I ████████████████████, <u>Deportation Officer</u>,
        Name of ICE Officer               Title

certify that I served ████████████████████ with a copy of
               Name of detainee

this document at <u>Bristol HoC</u> on <u>6/10/19</u>, at <u>12:20 P.m.</u>
          Institution        Date        Time

(b) I certify that I served the custodian _____,
                                  Name of Official

_____, at _____, on
   Title                        Institution

_____ with a copy of this document.
   Date

## OR

**(2) Service by certified mail, return receipt. (Attach copy of receipt)**

I _____, _____, certify
    Name of ICE Officer        Title

that I served _____ and the custodian _____,
     Name of detainee                   Name of Official

with a copy of this document by certified mail at _____ on _____.
                                       Institution     Date

Detainee Signature: ████████████     Date: <u>6/10/19</u>

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File