UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, *et al.*, Individually and on behalf of all others similarly situated, Plaintiffs-Petitioners, v. Kevin McAleenan, *et al.*, Defendants-Respondents. | No. 1:18-cv-10225-MLW |

**RESPONDENTS' OPPOSED MOTION TO EXTEND TIME TO FILE SUR-REPLY**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Respondents move this Court for an extension of time of seven (7) days, up to and including August 30, 2019 to file a sur-reply in response to Petitioners' motion for order to show cause (ECF Nos. 305, 353). *See* L.R. 7.1. The current deadline for Respondents' sur-reply is August 23, 2019. ECF No. 343. This is Respondents' first request for an extension of time to file their sur-reply. Petitioners oppose this motion. In support of this motion, Respondents state as follows:

On July 25, 2019, Petitioners filed a 10-page motion to show cause (ECF No. 305), alleging that Respondents violated the Court's *prior* order (ECF No. 95) regarding the Post Order Custody Reviews ("POCR"). *See generally* ECF No. 305. On July 30, 2019, Respondents filed their 10-page opposition to Petitioners' motion (ECF No. 318). On August 16, 2019, Petitioners filed their reply (ECF No. 353). However, Petitioners' 25-page reply requests substantive relief not previously ordered by this Court, the resolution of which will affect the entire class. *Id.* Although

1

the Court allowed Petitioners to raise new issues in their reply brief, Petitioners have far exceeded that scope. Petitioners' reply does not merely include new allegations of non-compliance with the Court's *prior* order. Rather, it seeks new declarations of law and substantive relief that this Court has not yet addressed. *See* ECF No. 95. Specifically, Petitioners' reply raises the following new issues, which this Court did not address in its prior order regarding POCRs (ECF No. 95):

1. The meaning of the phrase "approximately 30 days in advance of the pending records review" located in 8 C.F.R. § 241.4(h)(2);

2. Whether conducting a review prior to the "on or about" date on the 90-day POCR notice violates § 241.4(h)(2);

3. Whether ICE Boston's newly drafted 90-day POCR notice comports with § 241.4(h)(2);

4. Whether ICE Boston's 180-day notice of POCR is sufficient pursuant to § 241.4(k)(2)(ii);

5. Whether and when an interview is required for a 180-day review under § 241.4(k)(2)(ii);and

6. The meaning of the phrase "at the expiration of the three-month period after the 90-day review" and "as soon thereafter as practicable" located in § 241.4(k)(2)(ii).

ECF No. 354 at 1-2.

Because Petitioners' motion seeks *new* declarations and substantive relief, Petitioners' reply is essentially a new motion for which Respondents should be afforded the time provided by the Local Rules to respond, resulting in a one-week continuance of the time ordered by this Court for Respondents' sur-reply. Additionally, while Petitioners' reply purports to seek relief for only the specific individuals in their motion, this Court cannot decide this motion in a vacuum. Any

decision on these issues will necessarily affect the way ICE Boston conducts POCRs for the class as a whole.

Respondents recognize that the Court set a hearing on Petitioners' motion for August 27, 2019, in part due to substantial changes in Court staff. However, Respondents did not know when it agreed to the current briefing schedule that Petitioners' reply in support of their motion would be 25 pages, or seek substantively new relief than that previously briefed by the parties. Although Respondents knew that Petitioners intended add additional allegations regarding POCR violations, Respondents did not know that Petitioners' reply would raise new *legal* arguments, unrelated to this Courts' original order (ECF No. 95), in support of their allegations. As such, Respondents respectfully request that this Court grant Respondents a seven-day extension to adequately respond to Petitioners' new arguments.

Respondents do not seek this extension for purposes of delay. Respondents only seek the customary time to respond to a motion that raises new issues and legal arguments previously unaddressed by this Court.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

ELIANIS N. PEREZ
Assistant Director

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov
*Counsel for Respondents*

## LOCAL RULE 7.1 CERTIFICATION

    Pursuant to Local Rule 7.1, counsel for Respondents conferred with counsel for Petitioners in an attempt to resolve or narrow the issues in this motion and counsel for Petitioners oppose the relief sought in this motion.

                                            */s/ Mary L. Larakers*
                                            Mary L. Larakers
                                            Trial Attorney

## CERTIFICATE OF SERVICE

    I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: August 20, 2019                /s/ Mary L. Larakers
                                            Mary L. Larakers
                                            Trial Attorney