UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al.,<br><br>Individually and on behalf of all others similarly situated,<br><br>Plaintiff-Petitioners,<br><br>v.<br><br>KEVIN K. McALEENAN, et al.,<br><br>Defendants-Respondents. | No. 1:18-cv-10225-MLW |

**JOINT STATEMENT PURSUANT TO**
**FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1(d)**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.1(d), and the Court's August 7, 2019 Order (ECF No. 338), Petitioners Lilian Pahola Calderon Jiminez and Luis Gordillo, Lucimar De Souza and Sergio Francisco, Oscar Rivas and Celina Rivera Rivas, and Deng Gao and Amy Chen (collectively, "Petitioners"), on behalf of themselves and all others similarly situated, and Respondents Kevin K. McAleenan, Matthew T. Albence, Marcos Charles, Yolanda Smith, Stephen W. Tompkins, and Donald J. Trump (collectively, "Respondents"), in their official capacities, submit this Joint Statement. Pursuant to the Court's August 7, 2019 Order (ECF No. 338), a scheduling conference has been set for August 27, 2019.

**I.    SETTLEMENT PROPOSALS**

The parties began discussing settlement on May 24, 2018. Petitioners further presented to Respondents a written settlement request on October 1, 2018. As previously reported to the Court, the parties have not agreed to settle the case.

## II. CUSTODY REVIEWS

The parties have not reached an agreement regarding when ICE-Boston will provide a custody review notice to detained individuals and the number of days after detention that ICE-Boston will conduct a custody review, for both class members within and outside the removal period. The parties propose to litigate the matter further, as reflected in the pleadings on the Petitioners' motion for order to show cause. ECF Nos. 305, 318, 353.

## III. PROPOSED PRETRIAL SCHEDULE

| Event | Proposed Deadline |
|---|---|
| Motion to amend/supplement the pleadings (if any) | December 6, 2019 |
| Settlement conference | January 13, 2020 |
| Status conference | January 21, 2020 |
| Close of Fact Discovery | February 28, 2020 |
| Settlement report | March 2, 2020 |
| Status conference | March 5, 2020<br>(No Rule 56 motions are to be filed prior to the status conference without leave of court, and the Court may establish a schedule for summary judgment briefing at this conference.) |
| Final pretrial conference | At the Court's convenience, on or about August 24, 2020 |
| Trial shall commence on | September 21, 2020 |

## IV. SCOPE OF DISCOVERY

### A. Subject on Which Discovery May Be Needed

Petitioners' Statement:

Petitioners request that the Court permit them to take discovery pursuant to Federal Rules of Civil Procedure 1 and 37, Federal Rule of Evidence 102, and Local Rules 26.1 and 37.1. Petitioners agree to the number of discovery events and their scope as described in Local Rule 26.1(c), *i.e.*, 10 depositions, 25 interrogatories, 25 requests for admissions, and two separate sets of requests for production.

Petitioners anticipate that this discovery will encompass at least: (1) Respondents' targeting, arrest, detention, and/or removal of persons availing themselves of the provisional-waiver process; (2) the extent to which Respondents take into account the provisional-waiver process in connection with the targeting, arrest, detention, and/or removal of noncitizens, including how this case and related cases impact Respondents' practices; (3) what instruction or training is provided on how the provisional waiver is being assessed as a criterion for removal or detention determinations; (4) the cases in which ICE took participation in the provisional-waiver process into account for removal or detention determinations, and the outcome of such cases; (5) Respondents' handling of individuals who were pursuing provisional waivers since the August 2016 provisional-waiver regulations went into effect in, including the detention and removal of individuals seeking lawful status under the regulations; (6) the "A-files" for at least the class representatives[1]; (7) the reasons and impact of Respondents' conduct; (8) the adjudicative process for I-130s, I-212s, and I-601s; and (9) the administrative record concerning Respondents' actions after the 2016 provisional-waiver regulations went into effect.

---

[1] An "A-file" is a comprehensive collection of official documents maintained by DHS detailing a non-citizen's full immigration history.

Petitioners further contend that discovery should encompass the period from the promulgation of the 2016 provisional-waiver regulations (*i.e.*, July 29, 2016) through trial. Although Petitioners agree that the January 25, 2017 to December 31, 2017 time period Respondents propose will cover many of the events relevant to this litigation, it would be inappropriate to limit the scope of discovery so sharply at this juncture. Discovery into the events leading up to the promulgation of EO 13768 on January 25, 2017, may be highly relevant to the basis for that order, the extent to which it was promulgated based on unconstitutional animus towards class members, and the extent to which it changed Respondents' existing practices concerning treatment of individuals pursuing provisional waivers. *See, e.g.*, *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252 (1977). And although discovery to date has included documents dated after December 31, 2017, Respondents cannot represent that they have produced ***all*** relevant documents created since that date. Indeed, there may be new responsive documents that did not exist or had not been collected or reviewed as of the time of Respondents' previous productions. Of course, Petitioners will not insist that Respondent reproduce documents that have already been turned over, but Respondents' discovery obligations should not be artificially constrained simply because Petitioners' new requests might cover a time period that has already been the subject of limited discovery.

Furthermore, discovery should not exclude documents and testimony regarding USCIS' internal policies or practices. As revealed in limited discovery more than a year ago—which was limited to ICE communications—USCIS worked closely with ICE to facilitate the arrest of class members. Discovery is appropriate not only to determine how USCIS helped to interfere with class members' provisional-waiver applications in 2017 and 2018, but also how USCIS is currently treating class members, including whether USCIS is delaying or otherwise adjusting

4

the schedule for class members' I-130 interviews. Similarly, discovery should not exclude relevant information from entities within DHS outside of Boston, including limited discovery from ICE Headquarters concerning policy directives given to ICE Boston. Although Respondents claim that information from such entities that was not transmitted to ICE Boston is irrelevant, that is incorrect—such information might bear directly on the reasons for the policy/practice changes that precipitated this litigation, which is relevant at least to Petitioners' equal protection claims.

In sum, the Court should reject Respondents' requests to artificially restrict the scope of discovery and instead grant Petitioners the opportunity to develop the facts necessary to arrive at a decision on the merits in this case.

<u>Respondents' Statement</u>:

Respondents agree to provide discovery pertinent to ICE Boston enforcement operations, as related to the classes certified by the Court (ECF No. 253). Despite Petitioners' repeated assertions that discovery in this case ought to occur largely without restriction, the resolution of the few factual issues remaining in this case (if there are any) do not call for discovery as sweepingly unfettered as Petitioners propose above. For reasons below, Respondents request that the Court limit the scope of discovery to what is relevant to the issues before this Court, which is ICE Boston's exercise of discretion to enforce final orders of removal against members of the class certified by this Court, within the ICE Boston AOR only. In order to reasonably limit the burden of production to those relevant decisions, Respondents request that this Court limit the scope of discovery to ICE Boston only. Furthermore, Respondents request that Petitioners not be allowed to ignore that substantial discovery has already provided, which required significant effort on part of Respondents to produce. Although Petitioners seemingly gracious offer for

Respondents to "not reproduce documents that have already been turned over," this offer is without practical effect if ICE Boston must once again come through the same documents to respond to substantially similar discovery demands. Indeed. Petitioners expedited discovery demands, and the matters provided by ICE Boston were sweeping and covered the issues before this Court, and Petitioners provide no support for how the discovery they seek from ICE Boston now differs from the discovery they sought, and were provided, previously. Instead, this Court should limit further discovery in this case to a period covering January 25, 2017 through December 31, 2017, as also laid out below.

    a. To the extent Petitioners seek discovery from USCIS, Respondents assert that discovery requests directed to USCIS District 01 (and so much of USCIS District 02 as includes Hartford, Connecticut, and St. Albans, Vermont) are not warranted in this case. USCIS does not, and cannot, determine how or when ICE Boston may choose to exercise its law enforcement discretion. Thus, discovery requests, including those pertaining solely to internal documents or communications within USCIS District 01 (and District 02 as indicated above), which were not ultimately sent to or otherwise provided to ICE Boston, are irrelevant to any claim relating to ICE Boston's exercise of discretion to enforce a final removal order against a class member. Additionally, any and all communications USCIS District 01 (and District D02 as indicated above) and ICE Boston, which would be relevant to the claims before this Court, are necessarily included within discovery ICE Boston will provide.

    b. Similarly, any discovery demands directed to other entities outside ICE Boston (to include the Department of Homeland Security, or ICE Headquarters) encompassing non-privileged documents or communication not ultimately sent to or otherwise provided to ICE Boston are irrelevant to the decisions local officials at ICE Boston may have made that are

relevant to this case, and any documents or communications ICE Boston may have received from such outside entities are necessarily included within those documents ICE Boston will provide.

 c. Respondents request the Court set the date range for the scope of discovery. The timeframe for responsive documents should begin no earlier than January 25, 2017, which is the date EO 13768 was issued. The Respondents also request the Court set a terminal date of December 31, 2017, so as to not require ICE Boston to re-plow the same ground.

 On July 16, 2018 (ECF No. 117), this Court ordered ICE Boston to produce:

> (a) the 2018 policies and general practices of the ICE Boston Field Office concerning the arrest, detention, and removal of aliens presenting for 1-130 interviews at CIS offices or otherwise pursuing the provisional waiver process; (b) the identity and status of all aliens arrested while at a CIS office in 2018 within the jurisdiction of the ICE Boston Field Office while appearing for an 1-130 interview, including: whether and for how long they have been detained; whether and when they received or will receive notices of custody reviews and custody reviews; whether and when ICE intends to deport them; whether they have received stays of removal; and whether ICE considered their applications for provisional waivers when deciding whether to deport them; and (c) the reasons for the decision to give De Souza a June 12, 2018 notice to depart the United States and to withdraw it, and the identity of the official(s) who made those decisions.

Similarly, ICE Boston recently provided discovery which included:

> Non-privileged documents from ICE Boston created after July 30, 2018, responsive to the "policies and practices of the ICE Boston Field Office concerning the arrest, detention, and removal of aliens who present for I-130 interviews at offices of [USCIS District 01], or who are otherwise applying for provisional waivers of inadmissibility as the spouses of United States Citizens." ECF No. 117 (order granting expedited discovery). Respondents also agree to produce non-privileged documents from ICE Boston related to arrests of class members while at a USCIS office for an I-130 interview occurring since July, 30, 2018, if applicable. (ECF No. 289).

 Accordingly, Respondents now respectfully requests the Court limit the responsive timeframe for the additional discovery to be conducted in this case so as to avoid requiring ICE Boston from having to re-review and produce the same documents and information already provided.

7

### B. Electronically Stored Information (ESI)

The parties agree to retain and preserve all electronically stored information relevant to Petitioners' claims, and represent that individuals likely to have relevant information have been instructed to preserve such information. The parties agree to discuss the form(s) in which electronically stored information should be produced, and to present any unresolved disagreements regarding ESI to the Court.

### C. Claims of Privilege/Confidentiality

The parties anticipate discussing claims of privilege or confidentiality, including the extent of the deliberative process protection. The parties have entered into a stipulated claw back agreement pursuant to Federal Rule of Evidence 502, reflecting the parties' intent to resolve any disagreements between themselves and to seek court intervention only if necessary. ECF No. 335.

### D. Discovery Event Limitations

The parties agree to the number of discovery events and their scope as described in Local Rule 26.1(c), *i.e.*, 10 total depositions, 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production.

Petitioners' Statement

Petitioners request that the limited discovery allowed to date not count against these limits. For example, the topics of earlier depositions were limited in scope according to the Court's orders on expedited discovery. June 29, 2018 Order (ECF No. 109.) And, as Petitioners previously informed the Court, Petitioners held open the Rule 30(b)(6) deposition of Marcos Charles because Respondents had not produced relevant documents and because Mr. Charles was unprepared to testify on the Rule 30(b)(6) topic. *See* Joint Status Report at 1 (July 30, 2019) (ECF No. 319).

Respondents' Statement:

Petitioners ask for this Court to ignore the normal limitations set by Local Rule 26.1(c), without justification. Petitioners chose to take four depositions during the previous phases of this case, and those depositions ought to count against the total number of depositions taken. Furthermore, Petitioners chose to depose Mr. Charles, and expended considerable time questioning him about matters that were not within the scope of a 30(b)(6) notice, and wasted considerable time testing his memory on details no reasonable person would be able to recall without refreshing their recollection, which Petitioners chose not to facilitate. Respondents assert that Petitioners deposition of Mr. Charles is complete. In the alternative, should this Court allow Petitioners to resume their deposition of Mr. Charles, they should be limited to the time left of the 7 hours they were allotted to depose him in the first place.

### E. Protective Order

The Court entered the Protective Order on August 7, 2019 (ECF No. 338).

## V. SERVICE

The parties have agreed that service of papers not filed with the Court may be accomplished by electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(E).

## VI. CERTIFICATIONS

The parties have previously filed certifications pursuant to Local Rule 16.1(d)(3). *See* ECF No. 163 (Oct. 9, 2018); ECF No. 164 (Oct. 9, 2018); ECF No. 171 (Oct. 12, 2018).

Respectfully submitted this 20th day of August, 2019.

| *Counsel for the Respondents* | *Counsel for the Petitioners* |
|---|---|
| JOSEPH H. HUNT<br>Assistant Attorney General | /s/ *Shirley X. Li Cantin*<br>Kevin S. Prussia (BBO # 666813)<br>Michaela P. Sewall (BBO # 683182) |
| WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation | Shirley X. Li Cantin (BBO # 675377)<br>Jonathan A. Cox (BBO # 687810)<br>Colleen M. McCullough (BBO # 696455)<br>Matthew W. Costello (BBO # 696384) |
| MONIQUE T. PEOPLES<br>Senior Litigation Counsel | WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street |
| /s/*William H. Weiland*<br>WILLIAM H. WEILAND<br>(BBO # 661433)<br>Trial Attorney<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation,<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 306-0770<br>(202) 305-7000 (facsimile)<br>william.h.weiland@usdoj.gov | Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br>kevin.prussia@wilmerhale.com<br>michaela.sewall@wilmerhale.com<br>shirley.cantin@wilmerhale.com<br>jonathan.cox@wilmerhale.com<br>colleen.mccullough@wilmerhale.com<br>matthew.costello@wilmerhale.com<br><br>Matthew R. Segal (BBO # 654489)<br>Adriana Lafaille (BBO # 680210)<br>AMERICAN CIVIL LIBERTIES UNION |
| EVE A. PIEMONTE, BBO No. 628883<br>Assistant United States Attorney<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>Eve.Piemonte@usdoj.gov | FOUNDATION OF MASSACHUSETTS, INC.<br>211 Congress Street<br>Boston, MA 02110<br>(617) 482-3170<br><br>Kathleen M. Gillespie (BBO # 661315)<br>Attorney at Law<br>6 White Pine Lane<br>Lexington, MA 02421<br>(339) 970-9283 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2019, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

                                          */s/ Shirley X. Li Cantin*
                                          Shirley X. Li Cantin