# EXHIBIT D



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Boston Field Office, District #1
15 New Sudbury St. JFK Federal Building
Boston, MA 02203

**U.S. Citizenship and Immigration Services**

July 29, 2019

R█████ B████ F█████
C/O Rachel Gregoire

A█████████
MSC█████████



**DECISION**

Dear R████ B████ F████:

Thank you for filing Form I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal, with U.S. Citizenship and Immigration Services (USCIS) on, February 15, 2019 under section 212(a)(9)(A)(iii) of the Immigration and Nationality Act (INA).

After thorough review, USCIS must inform you that we are denying your application as explained below.

USCIS may approve an application for consent to reapply under INA 212(a)(9)(A)(iii) or INA 212(a)(9)(C)(ii) if the foreign national meets the statutory and regulatory requirements for consent to reapply, and if the foreign national warrants a favorable exercise of discretion.

In determining whether the consent to reapply may be approved as a matter of discretion, USCIS considers all pertinent circumstances relating to a foreign national's situation as set forth in the record, weighing positive factors against negative ones. See *Matter of Tin*, 14 I&N Dec. 371 (BIA 1978). However, when an applicant will remain mandatorily inadmissible or excludable from the United States, no purpose would be served in granting the application for permission to reapply. *Matter of Martinez-Torres*, 10 I&N Dec. 776 (Reg'l Comm'r 1964); *Matter of J-F-D-*, 10 I&N Dec. 694 (Reg'l Comm'r 1963).

The record indicates that you entered the United States without inspection at an unknown time and place. You were issued a Notice to Appear (NTA) on February 23, 2018. You were ordered removed from the United States by an Immigration Judge on May 29, 2018. You appealed the decision of the Immigration Judge to the Board of Immigration Appeals (BIA), who upheld the decision of the Immigration Judge and dismissed the appeal.

You have filed Form I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal. You have submitted a number of documents in support of your application. These documents, as well as the evidence of record have been weighed to establish your eligibility for this discretionary permission.

1

Apprval of an application for permission to reapply is discretionary, and any unfavorable factors will be weighed against the favorable factors to determine if approval of the application is warranted as a matter of discretion. *Matter of Lee*, 17 I&N Dec. 275, 278-79 (Reg'r Comm'r 1978). Factors to be considered in determining whether to grant permission to reapply include the basis for the prior deportation; the recency of deportation; length of residence in the United States; the applicant's moral character; the applicant's respect for law and order; evidence of the applicants reformation and rehabilitation; family responsibilities; any inadmissibility under other sections of law, hardship involved to the applicant o others; and the need for the applicant's services in the United States. *Matter of Tin*, 14 I&N Dec. 371 (Reg'l Comm'r 1973); see also *Matter of Lee*, supra, at 278 (finding that a record of immigration violations, standing alone, does not conclusively show a lack of good moral character, and "the recency of the deportation can only be considered when there is a finding of poor moral character based on moral turpitude in the conduct and attitude of a person which evinces a callous conscience").

The record shows you are the spouse of a United States citizen, ▓▓▓▓▓▓▓▓ whom you married on December 17, 2017, in Barnstable, Massachusetts. You are the beneficiary of a pending Form I-130, Petition for Alien Relative (▓▓▓▓▓▓▓▓ filed on June 15, 2018, by your spouse.

Based upon the submitted affidavits from your spouse, you have acted in the capacity of a step-parent to her four biological children and her adopted niece. Further, you have submitted a Decree and Order of Appointment of Guardian of a Minor dated February 9, 2018, appointing your spouse guardian over your biological son, ▓▓▓▓▓▓▓▓ These submissions are augmented by the submitted documents from ▓▓▓ therapist, ▓▓▓▓▓▓▓▓ and medical documentation from your medical provider at Arbour Counseling Services and Emerald Physician Services.

The family ties established through the submitted documents are viewed with substantial positive equity. USCIS acknowledges the positive equities in your case including your long residence in the United States, your ownership of a company, your United States citizen spouse and child, as well as the hardship that they would face.

You have also submitted seven affidavits from family members, friends, and members of the clergy at your place of worship. Affidavits may be given significant weight if they are "detailed, internally consistent, and plausible; they include explanations of how the affiants acquired knowledge of the facts set forth; and they are corroborated by historical evidence." *Matter of Patel*, 19 I&N Dec. 774, 786 (BIA 1988). None of the submitted affidavits are notarized or signed under pains and penalties of perjury, lowering their probative value. The submitted affidavits from ▓▓▓▓▓▓▓▓, ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓, ▓▓▓▓▓▓▓▓, ▓▓▓▓▓▓▓▓, ▓▓▓▓▓▓▓▓, ▓▓▓▓▓▓▓▓, are not presented with any corroborating documents. The affidavits discuss your role as a church member, employer, and tenant, augmenting the positive equities addressed above. The affiants' letters are of mild probative value.

Despite the positive equities described above, there are serious adverse factors that preclude you from the discretionary approval of this application. First, the record shows you were arrested on October 10, 2016 for Assault and Battery on a Police Officer, an offense for which you were found guilty on December 20, 2017. According to the submitted report from the Barnstable Police Department, and as established in your removal proceedings, you admitted to being under the influence of illegal drugs, and in the process of being escorted out of the grocery store you were in, became combative with the police officers present.

The police report indicates that when the officers attempted to restrain you an altercation broke out in which you attempted to remove the firearm of one of the officers before you were taken into custody.

It is of note that you timely filed an appeal on that conviction and USCIS acknowledges you have not been convicted of an offense under INA 212(a)(2), 237(a)(2), or 237(a)(3). Thus, while there is no dispute that you do not have a conviction for immigration purposes, the information in the record is still viewed in negative light.

The record also contains a report from Grosnold-Thorne Outpatient Services detailing your habitual use of controlled substances MDMA and cocaine on a weekly basis commencing some time in 2012 or 2013, continuing on until your October 2016 arrest. In one of the affidavits submitted by your spouse, she claims that you do not regularly use controlled substances and that she has never observed you doing so. It is of note that during your May 24, 2018 hearing in front of the Immigration Judge you declined to testify claiming the Fifth Amendment privilege against self-incrimination. The record does not adequately explain the discrepancy between your stated drug use and your spouse's ignorance thereof.

The record also shows you have been arrested for the unlawful operation of a motor vehicle on sixteen different occasions in the last thirteen years. Finally, as established during your removal proceedings, there is no record that you have ever paid income taxes in the United States, despite your ownership of a company in Massachusetts.

Based on a review of the record, the totality of the evidence does not support the approval of this discretionary waiver. The submitted documentation from the medical professionals treating your spouse and son, as well as the affidavits submitted on your behalf by your spouse, are viewed with appreciable positive equity. The submitted affidavits from community members, while assigned lower positive equity, are still viewed favorably. However, despite these positive factors, USCIS has determined that you have not merited a favorable exercise of discretion. Most significant are: your October 2016 arrest for assaulting a police officer and admission to habitual use of controlled substances. In addition, the array of motor vehicle offenses and failure to pay taxes are also significant negative factors not warranting USCIS to exercise favorable discretion on your Form I-212 application.

Therefore, USCIS denies your Form I-212 as a matter of discretion.

If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form I-290B) within 33 days of the date of this decision. Alternatively, you may use Form I-290B to submit a motion to reopen or reconsider. To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call our National Customer Service Center toll free at 1-800-375-5283. If USCIS does not receive a properly filed appeal, this decision will become final.

Sincerely,

Michael J. McCleary
Field Office Director
Boston Field Office

3

cc: ████████
One Center Plaza STE. 400
Boston, MA 02108

4