UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
LILIAN PAHOLA CALDERON JIMENEZ     )
AND LUIS GORDILLO, ET AL.,         )
individually and on behalf of all  )
others similarly situated,         )
                                   )
     Petitioners-Plaintiffs,       )
                                   )
     v.                            )   C.A. No. 18-10225-MLW
                                   )
KEVIN McALEENAN, ET AL.,           )
                                   )
     Respondents-Defendants.       )
```

ORDER

WOLF, D.J.                                            August 28, 2019

As stated in court on August 27, 2019, it is hereby ORDERED that:

1. Petitioners' Assented-to Motion to Withdraw Motion to Show Cause and Lift the Stay of Removal of Class Member Mr. K (Docket No. 353) is ALLOWED.

2. Petitioners shall, by September 12, 2019, provide to the Boston office of U.S. Immigration and Customs Enforcement ("ICE-Boston") any documents, information, and arguments in support of the release of the seven class members who are the subject of petitioners' Motion to Show Cause (Docket No. 304). ICE-Boston shall, by September 19, 2019, decide whether to continue the detention of each of them or to release them on appropriate

conditions. As agreed by the parties, if any of these seven class members request that a previously scheduled interview be rescheduled for another date prior to September 19, 2019, ICE shall reschedule the interview.

3. With regard to disputed issues, petitioners' discovery is allowed and limited as follows:

   a. Petitioners may take discovery from ICE Headquarters concerning policy directives given to ICE-Boston.

   b. Petitioners may take discovery from U.S. Citizenship and Immigration Services that is relevant to the claims in petitioners' Amended Complaint (Docket No. 27).

   c. Petitioners may take discovery for the period July 29, 2016 to February 28, 2020, the agreed-upon deadline for all discovery. Any requests for documents between July 29, 2016 and January 20, 2017 shall be particularized and not unduly burdensome.

   d. The four depositions petitioners have already taken shall not count against the 10 depositions they are permitted under Local Rule 26.1(c). Petitioners' deposition of Marcos Charles shall not be limited in duration due to his previous deposition.

4. The parties shall, by September 10, 2019, confer and report regarding a proposed schedule for further briefing

concerning the following issues on which the court has explained its tentative views:

    a. Whether ICE's interpretation of 8 C.F.R. §241.4, allowing it to hold any alien in detention for 90 days without a custody review, is correct. See <u>Jimenez v. Cronen</u>, 317 F. Supp. 3d 626, 651-55 (D. Mass. 2018); <u>see also</u> <u>Kisor v. Wilkie</u>, 139 S. Ct. 2400, 2415-16 (2019).

    b. Whether ICE has failed to comply with 8 C.F.R. §241.4(h)(2) with regard to 90-day custody reviews and/or §241.4(k)(2)(ii) with regard to the 180-day custody reviews.

    c. Whether a petitioner must demonstrate prejudice to be entitled to relief for any failure of ICE to comply with the provisions of 8 C.F.R. §241.4 at issue.

    d. Any other issues identified by the parties.

5. The parties shall, by September 10, 2019, confer and report concerning: (1) whether ICE is or should be allowed to remove from the United States any detained class member subject to the July 26, 2019 Order (Docket No. 307) (Under Seal) who is released by ICE; and (2) whether respondents should be allowed to take discovery from petitioners and, if so, the nature of such discovery.

6. The parties shall comply with the attached Scheduling Order.

7. The parties shall order the transcript of the August 27, 2019 hearing on an expedited basis.

                              _____
                              UNITED STATES DISTRICT JUDGE