**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>KEVIN K. McALEENAN, *et al.*,<br><br>Defendants-Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:18-cv-10225-MLW |

**JOINT REPORT IN RESPONSE TO SEPTEMBER 10, 2019 ORDER**

On August 28, 2019, the Court ordered the parties to confer and report on a proposed schedule for futher briefing concerning the issues on which the Court expressed its tentative views during the August 27, 2019 hearing. ECF No. 366. The Court also ordered the parties to confer and report on: (1) whether ICE is or should be allowed to remove from the United States any class member subject to the July 26, 2019 Order (ECF No. 307) who is released by ICE; and (2) whether Respondents should be allowed to obtain discovery from Petitioners and, if so, the nature of such discovery. The parties have met and conferred and report as follows.

1. <u>Schedule for Briefing</u>: The parties propose that they confer and report to the Court by September 24, 2019, whether they have resolved any of the issues identified by the Court or whether they want to submit futher briefing on those issues. The parties propose that if they brief those issues, they do so in accordance with the following schedule:

    a. <u>Respondents' Brief</u>: October 1, 2019.

       b.  Petitioner's Brief: October 8, 2019.

2.  Potential Removal of Detained Class Members:

       a.  Respondents' position is that this Court should allow ICE Boston to enforce the removal order of any class member subject to the July 26, 2019 Order (ECF No. 307) who ICE Boston releases. However, the parties propose that they meet and confer further on this issue after ICE Boston decides whether to release any of the class members currently before the Court and report to the Court on September 24, 2019.

3.  Discovery:

       a.  Respondents' Position: Respondents are entitled to conduct discovery regarding the allegations in Petitioners' complaint and the various declarations submitted in this case in accordance with Rule 26. *See* ECF No. 319 at 4 (arguing that if discovery is appropriate, it should be bilateral discovery). Petitioners seem to believe that they are entitled to broad *unilateral* discovery that does not allow the Defendants to conduct any discovery of their own. *See* Trans. of August 27, 2019 Hr'g. at 77-78.  This view is unfounded because, as the Supreme Court has stated, "discovery must be a two-way street." *Wardius v. Oregon*, 412 U.S. 470, 475 (1973); *see* Fed. R. Civ. P. 26(d) ("[D]iscovery by one party does not require any other party to delay its discovery."); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ."). "It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces

of evidence which he disclosed" to the other party. *Wardius*, 412 U.S. at 476.
Petitioners assert various fact-based allegations and have repeatedly relied upon
numerous declarations to support the allegations in their complaint. *See, e.g.,*
ECF Nos. 355, 327, 306, 50.[1] Respondents intend to seek discovery, both
written as well as by deposition, regarding the specific facts underlying these
declarations; the strength and credibility of the evidence that Petitioners rely on
to support their claims, and any other topics that Petitioners, or their
representatives, have attested to in their declarations; and any matter that forms
the basis of Petitioners' allegations, including allegations specifically made by
or in reference to a named petitioner that form the basis of a claim for damages
and relief. Petitioners cannot have it both ways by asserting that information
concerning Respondents' alleged interference with the "provisional waiver
process" is discoverable while at the same time arguing that information about
Petitioners' eligibility for and pursuit of that process is shielded from discovery.

b. <u>Petitioners' Position</u>: In the parties' Rule 26(f) report, Respondents were
required to state their views on "the subjects on which discovery may be
needed." Fed. R. Civ. P. 26(f)(3)(B). Respondents said nothing about the need
for discovery from Petitioners. Dkt. 357; *see also* Fed. R. Civ. P. 37(f). They
also did not raise this in the parties' meet and confer in preparation for the 26(f)
report. Their request to take discovery from Petitioners is therefore waived.

---

[1] Undersigned counsel's authority to subpoena and depose the attorneys who have appeared as
declarants may be subject to the approval of the Assistant Attorney General.

Further, Respondents have not explained how such discovery is relevant. Petitioners' claims center around *Respondents'* conduct toward a class of similarly situated individuals and its use of the information about those individuals in its possession. By contrast, information about class members that is *not* in Respondents' possession is irrelevant to Respondents' consideration of individuals' pursuit of the provisional waiver process. For the first time today, Respondents conferred with Petitioners about such discovery, but still have not identified what information they might seek from Petitioners or how it is relevant to this case. Despite this Court's order to confer about this issue, Petitioners have not received from Respondents—and therefore have not had the opportunity to consider—any specific discovery requests. Petitioners are concerned that this late request is being made for a litigation advantage and is not related to meaningful, proportional fact discovery.

Respectfully submitted this 10th day of September, 2019.

*Counsel for the Respondents*

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

/s/ *Mary L. Larakers*
MARY L. LARAKERS
(Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section

*Counsel for the Petitioners*

/s/   *Kevin S. Prussia*
Kevin S. Prussia (BBO # 666813)
Shirley X. Li Cantin (BBO # 675377)
Stephen Provazza (BBO # 691159)
Colleen M. McCullough (BBO # 696455)
Matthew W. Costello (BBO # 696384)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000
kevin.prussia@wilmerhale.com
shirley.cantin@wilmerhale.com

4

P.O. Box 868, Ben Franklin Station                    stephen.provazza@wilmerhale.com
Washington, DC 20044
(202) 353-4419                                        Matthew R. Segal (BBO # 654489)
(202) 305-7000 (facsimile)                            Adriana Lafaille (BBO # 680210)
mary.l.larakers@usdoj.gov                             AMERICAN CIVIL LIBERTIES UNION
                                                      FOUNDATION OF MASSACHUSETTS, INC.
                                                      211 Congress Street
                                                      Boston, MA 02110
                                                      (617) 482-3170

                                                      Kathleen M. Gillespie (BBO # 661315)
                                                      Attorney at Law
                                                      6 White Pine Lane
                                                      Lexington, MA 02421
                                                      (339) 970-9283

## CERTIFICATE OF SERVICE

I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                      /s/ *Mary L. Larakers*
                                                      Mary L. Larakers
Dated: September 10, 2019                             Trial Attorney