## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, ) <br> and LUIS GORDILLO, *et al.*, ) <br> ) <br> Individually and on behalf of all others ) <br> similarly situated, ) <br> ) <br>       Plaintiffs-Petitioners, ) <br> ) <br>     v. ) <br> ) <br> KEVIN K. McALEENAN, *et al.*, ) <br> ) <br>       Defendants-Respondents. ) <br> ) | No. 1:18-cv-10225-MLW |

## JOINT SUPPLEMENT TO  SEPTEMBER 10, 2019 REPORT

On August 28, 2019, the Court ordered the parties to confer and report on a proposed schedule for futher briefing concerning the issues on which the Court expressed its tentative views during the August 27, 2019 hearing. ECF No. 366. The Court also ordered the parties to confer and report on: (1) whether ICE is or should be allowed to remove from the United States any class member subject to the July 26, 2019 Order (ECF No. 307) who is released by ICE; and (2) whether Respondents should be allowed to obtain discovery from Petitioners and, if so, the nature of such discovery.

The Court also ordered that class counsel provide ICE Boston with "any documents, information, and arguments in support of the release of the sevel class members who are the subject of petitioners' Motion to Show Cause (Docket No. 304)" by September 12. ECF No. 366. The Court further ordered that ICE Boston "decide whether to continue the detention of each of them or to release them on appropriate conditions" by September 19, 2019. *Id.* At the hearing on August 28, ICE Boston acting field office director Marcos Charles confirmed to the Court that ICE Boston

would review the submissions "de novo, with an open mind, starting from scratch, and decide whether it's appropriate to release them."  Aug. 27, 2019 Hr'g Tr. at 19:1-8.

On September 10, 2019, the parties submitted a status report.  Regarding the schedule for briefing, the parties proposed that they "confer and report to the Court by September 24, 2019, whether they have resolved any of the issues identified by the Court or whether they want to submit further briefing on those issues."  Regarding the potential removal of detained class members, the parties also proposed that they "meet and confer further on this issue after ICE Boston decides whether to release any of the class members currently before the Court and report to the Court on September 24, 2019."  The parties provided their positions regarding discovery.

Petitioners or the counsel of the detained individuals provided ICE Boston with documents in support of the release of each of the seven detained individuals by September 12.  On September 19, ICE Boston informed Petitioners that it had decided not to release any of the detained individuals.

The parties have met and conferred and report as follows:

1.      Schedule for Briefing: The parties have not been able to resolve and/or narrow the issues presented in Petitioners' motion for order to show cause. ECF No. 305. Accordingly, the parties propose they brief the outstanding issues currently before the Court in accordance with the parties' September 10, 2019 Joint Report. ECF No. 373. Specifically, Respondents will submit supplemental briefing with regard to Petitioners' motion for order to show cause by October 1, 2019, and Petitioners will respond by October 8, 2019. The parties propose that a hearing on the legal questions be held the week of October 15, and that any bail hearings be held the week of October 21, 2019. Based upon other unavoidable conflicts pertaining to the availability of counsel, Respondents request, to the extent it fits within the Court's schedule, that the Court not schedule

hearings on either October 18, 2019, or October 25, 2019. The parties will update the Court if they reach a resolution regarding any of the remaining detainees' claims.

      2.    <u>Potential Removal of Detained Class Members Released by ICE</u>:  Because ICE Boston decided not to release any of the detained individuals before the Court, this issue need not be resolved at this time.

      3.  <u>Discovery</u>:

          a.  <u>Respondents' Position</u>: Respondents maintain that they are entitled to conduct discovery regarding the allegations in Petitioners' complaint and the various declarations submitted in this case in accordance with Rule 26. *See* ECF No. 319 at 4 (arguing that if discovery is appropriate, it should be bilateral discovery). Despite contending throughout this litigation that this case should proceed as any other civil case under Rule 26, Petitioners assert that Respondents are entitled to *no* discovery. However, Petitioners cannot have it both ways. Discovery under Rule 26 is a two-way street and Petitioners cite no authority for their argument to the contrary. Additionally, discovery from Petitioners is relevant to the claims and defenses presented in this case. Petitioners' principal claim is that Respondents are unlawfully interfering in a process for which they allege they are eligible to pursue. Therefore, discovery into whether Petitioners' are indeed eligible and diligently pursuing that process is directly relevant and proportional to the needs of the case and to Petitioner's claims. The named Petitioners and other class members have also submitted various declarations in this case alleging that Respondents' actions have caused harm and Respondents are entitled to test those allegations and discover the

nature and extent of the harm and damages that Petitioners' claim to have suffered and/or incurred. Finally, contrary to Petitioner's assertions, Respondents have not waived their right under Rule 26 to conduct discovery. In the parties Rule 26(f) report, the parties – not only the Petitioners – agreed on the scope of discovery. ECF No. 357 at 8. Respondents are not obligated in a Rule 26(f) report to reveal their strategy to collect information about Petitioners' claims. Rather, it is Petitioners' burden to affirmatively assert in the Rule 26(f) report that there should be an exception to the general rule that Respondents in a civil action are entitled to discovery. Accordingly, Respondents request that this Court order that Respondents are entitled to discovery from Petitioners.

b. <u>Petitioners' Position</u>:  Respondents have repeatedly argued that discovery was unnecessary, and have apparently changed their position only as a tactic to gain leverage now that discovery has begun.  *See*, e.g., ECF 158 at 5 (Sept. 12, 2018) ("Respondents' Statement: . . . Respondents oppose any request by Petitioners to conduct further discovery as unnecessary to resolve the purely legal issues presented in the motion for summary judgment and because extensive expedited discovery has already been conducted."); ECF 162 at 6 (Oct. 3, 2018) ("Respondents' Statement: . . . Respondents oppose any additional discovery in this case because discovery is not necessary to decide the merits of Petitioners' claims . . . ."); Oct. 9, 2018 Hr'g Tr. at 16 ("MS. LARAKERS: . . . I think the respondents' position is that there is no fact in dispute, there are no facts in dispute in this case, that it is a purely legal issue that can be briefed immediately

on summary judgment."); ECF 240 at 1 (Apr. 30, 2019) ("[A]dditional factual development will not further demonstrate that Petitioners are entitled to the relief they seek."); ECF 247 at 2-4 (May 8, 2019) (arguing that Petitioners had not shown good cause for discovery on habeas claims, that discovery was inappropriate for Administrative Procedure Act claims, and that—to the extent the Court ordered discovery—the parties should be provided with time to confer and provide an "updated report and discovery plan no later than 31 days after the Court's order"); May 16, 2019 Hr'g Tr. at 47:11-17 ("We think there's an ample amount of evidence already available to this court and to the petitioners that we do intend to supplement with the certified administrative record and that it may be that after folks have seen it, there's no need to supplement the record, for which the burden and expense of going through discovery may be unnecessary."). Notwithstanding their repeated assertions denying the need for discovery—counteracted only by a bare mention of possible bilateral *APA* discovery now relied on by the Respondents, *see* ECF 319 at 4—Respondents had the opportunity to confer about discovery in conjunction with the filing of a Rule 26(f) report. It was particularly important for Respondents to raise the need for bilateral discovery at that point because they had continually disavowed the need for discovery and because bilateral discovery is *not* the norm in immigration cases that turn only on the legality of the government's conduct (for example, *Gordon v. Napolitano*, 13-cv-30146-PBS, *Lunn v. Smith*, 17-10938, and *Reid v. Donelan*, 13-cv-30125-PBS, are all cases in which the government has provided but not requested discovery). It was also *required*

that Respondents "participate in good faith" in the Rule 26(f) process in order to formulate a discovery plan, on penalty of sanctions. *See* Fed. R. Civ. P. 37(f). Having failed to make any mention that they would be seeking discovery in conferring about or in the Rule 26(f) report, Respondents have waived their opportunity to do so. Respondents have also not conferred with Petitioners about any specific discovery they seek. Respondents continue to fail to identify any requested discovery that is relevant to any claim or defense.  They say they will seek discovery into "whether Petitioners' [sic] are indeed eligible and diligently pursuing" the provisional waiver process and into the allegations "that Respondents' actions have caused harm."  The first issue depends on information Respondents already have—i.e., the applications submitted to USCIS.  Further, the issue of eligibility and pursuit of the provisional waiver process was decided at class certification, when this Court found Petitioners to be adequate class representatives.  *See* ECF 253 at ¶ 2.  Indeed, Respondents never contested it then, nor sought discovery regarding it.  *See* ECF 172 (Oct. 15, 2019 Status Report) at 5 ("Respondents agree that no precertification discovery is necessary.").  As for the second issue, Respondents concede that family separation causes harm.  Aug. 20, 2018 Hr'g Tr. 60:17-19 ("And certainly I also understand that there is harm, that when families are separated, there is inherent harm in that.").  And they have never argued that facts in Petitioners' possession would be relevant to any contested aspect of harm.  *See* ECF 78 (Resps. Mem. in Opp. to Pets. Mot. for P.I.) at 28-29 (failing to raise any argument regarding irreparable harm); ECF 134 (Respondents' Supp.

Mem. in Opp. to Pets.' P.I. and Class Cert.) at 8-9 (arguing that Petitioners could not show irreparable harm in part because "ICE Boston released many aliens whose POCR was not properly conducted").

Respectfully submitted this 24th day of September, 2019.

*Counsel for the Respondents*

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

/s/ *Mary L. Larakers*
MARY L. LARAKERS
(Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

*Counsel for the Petitioners*

/s/ *Kevin S. Prussia*
Kevin S. Prussia (BBO # 666813)
Shirley X. Li Cantin (BBO # 675377)
Stephen Provazza (BBO # 691159)
Colleen M. McCullough (BBO # 696455)
Matthew W. Costello (BBO # 696384)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000
kevin.prussia@wilmerhale.com
shirley.cantin@wilmerhale.com
stephen.provazza@wilmerhale.com

Matthew R. Segal (BBO # 654489)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283