# Exhibit 5

**From:** ERO Taskings
**Sent:** Thursday, September 20, 2018 3:07 PM
**Subject:** Post-Order Custody Review Reminder

*The following message is sent on behalf of Marlen Piñeiro, Assistant Director for Removal, with the concurrence of David W. Jennings, Acting Assistant Director for Field Operations:*

**To:**          All ERO Personnel

**Subject:**     **Post-Order Custody Review Reminder**

As a general reminder, all field offices **must** adhere to the post-order custody review (POCR) process, which was revised in compliance with the requirements of the U.S. Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and is set forth in the applicable regulations at 8 C.F.R. §§ 241.4 and 241.13.  The timely completion of a POCR prior to the expiration of the statutory 90-day removal period is required by 8 C.F.R. § 241.4(h)(1).[1]  This regulatory section provides for an initial records review by the ICE field office.  *See* 8 C.F.R. § 241.4(c)(1).[2]  To timely conduct this review, first the officer must determine the commencement and expiration dates of the removal period pursuant to section 241(a)(1)(B) of the Immigration and Nationality Act (INA), Under the statute, the removal period commences on the **latest** of any of the following events: (i) the date the order is administratively final; (ii) the date of the court's final order where the removal order is being judicially reviewed and the court has stayed the alien's removal; (iii) if the alien is detained/confined (except under an immigration process), the date the alien is released from detention/confinement.

**Field Office Records Review**

Once the beginning of the removal period has been calculated, the responsible field officer(s) must conduct the records review as described in § 241.4(h) prior to the expiration of the statutory 90-day removal period.  This review consists of a review of the alien's records and any written information (in English) submitted by or on behalf of the alien.  An interview of the alien is at the field office's discretion.  Under § 241.4(h)(2), the field office is required to provide written notification of the impending custody review to the alien approximately 30 days in advance so that the alien has time to gather whatever evidence he/she wishes to present in support of

---

[1] The regulations at 8 C.F.R. §§ 241.4 and 241.13 are in compliance with the *Zadvydas* decision, but in order to comply with the U.S. Supreme Court decision of *Clark v. Martinez*, 543 U.S. 371 (2005), pending regulatory revision, ICE issued policy guidance making the custody review provisions of 8 C.F.R. § 241.4 apply to all aliens covered under INA 241(a)(6), e.g., aliens ordered removed that are inadmissible under INA section 212, removable under sections 237(a)(1)(C), 237(a)(2), or 237(a)(4) or who have been determined by the DHS Secretary to be a risk to the community or unlikely to comply with the removal order.  *See* Memorandum for All Field Office Directors, from Victor X. Cerda, Acting Director, *Interim Guidance Regarding Post-Order Custody Reviews (POCR) After the Supreme Court Decision in Clark v. Martinez*, January 21, 2005.

[2] 8 C.F.R. § 241.4(c)(1) provides that field office directors/directors of removal field offices will conduct the initial custody review and any further custody determination concluded in the three-month period immediately following the expiration of the 90-day statutory removal period.

release. At the conclusion of the review, the regulation requires that the alien be notified in writing of the release or continued detention decision.

**Standard for Custody Review**

8 C.F.R. § 241.4(d)(1) clearly lays out the standard for determining whether the alien may be released and whether the decision is being made at the field or headquarters level. Under this regulatory section, the decision-maker may release an alien if the alien demonstrates to the decision-maker's satisfaction that his/her release will not pose a danger to the community or to the safety of other persons or to property or pose a significant risk of flight pending the alien's removal from the United States.

In conducting the records review described at 8 C.F.R. § 241.4(h)(1), the decision-maker is required to consider the criteria for release set forth at § 241.4(e); e.g., travel documents for the alien are not attainable, or immediate removal, while proper, is otherwise impracticable or not in the public interest; the alien is presently non-violent, is likely to remain non-violent if released, is not likely to post a threat to the community following release, is not likely to violate the conditions of release, and does not pose a significant flight risk if released.

**Factors for Consideration**

Section 241.4(f) sets forth the factors to be weighed in making a determination whether to release or continue to detain: nature and number of disciplinary infractions or incident reports when incarcerated or in ICE custody; criminal conduct/convictions, including consideration of the nature and severity of the convictions, sentences imposed, time actually served, probation/parole history, recidivism history, and any other criminal history; available psychiatric/psychological reports; rehabilitation efforts, e.g. work, educational, vocational programs, where available; favorable factors, e.g. close family ties in the United States living here lawfully, prior immigration history; evidence of significant flight risk, e.g. escapes, failures to appeal for immigration or other proceedings, absence without leave from any halfway house or sponsorship program; any other information probative of whether the alien is likely to adjust to life in a community, engage in future violent acts or criminal activity, pose a danger to the safety of himself/herself or to other persons or property, or violate the conditions of release from immigration custody pending removal from the United States.

When conducting the post-order custody review, prior to a determination that release is appropriate based on a finding of no significant likelihood of removal in the reasonably foreseeable future, field offices should confer with Headquarters ERO Removal and International Operations or ERO Foreign Operations Unit to seek assistance in obtaining a travel document or confirm that timely receipt of a travel document is not expected.

**Custody Jurisdiction and Case Management**

Pursuant to 8 C.F.R. § 241.4(k)(1)(ii), if the alien has not been removed or released within three months after expiration of the 90-day statutory removal period at INA section 241(a)(1), decisional authority for custody determinations is transferred to ERO Removal and International

Operations pursuant to 8 C.F.R. § 241.13.  Information sent to ERO Headquarters via the *ERO-POCRU* inbox at ▉▉▉▉▉▉▉@ice.dhs.gov must accurately reflect the information contained in the A-file, the ENFORCE Alien Removal Module, and any other source, such as email correspondence, documenting attempts to obtain a travel document and the significant likelihood of removal in the reasonably foreseeable future. All written custody decisions served on detainees must include the specific case information and must not be based on generalizations or inferences.  In addition, the justification for a custodial decision must be clearly articulated in the decision letter to the alien.

In instances where a judicial stay has been entered, the field office should conduct the 90-day review.  Thereafter, field offices must conduct annual post-order custody reviews pursuant to 8 C.F.R. § 241.4 while the stay is in effect.

Field offices continue to be responsible for docket control after decisional authority for custody determinations is transferred to ERO Removal and International Operations.  Field offices must immediately inform ERO Removal and International Operations of any relevant changes in the case, including, but not limited to, travel document issuance by a local consulate, or feasibility of a third country removal option.

Field Office Directors should contact ERO Removal Division Management and/or ERO International Operations Division with any questions regarding this message.  Points-of-contact are available by navigating to the ERO Removal and International Operations ICE inSight page.

**Limitation on the Applicability of this Guidance.** This message is intended to provide internal guidance to the operational components of U.S. Immigration and Customs Enforcement.  It does not, is not intended to, shall not be construed to, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any person in any matter, civil or criminal.

[1] The regulations at 8 C.F.R. §§ 241.4 and 241.13 are in compliance with the *Zadvydas* decision, but in order to comply with the U.S. Supreme Court decision of *Clark v. Martinez*, 543 U.S. 371 (2005), pending regulatory revision, ICE issued policy guidance making the custody review provisions of 8 C.F.R. § 241.4 apply to all aliens covered under INA 241(a)(6), e.g., aliens ordered removed that are inadmissible under INA section 212, removable under sections 237(a)(1)(C), 237(a)(2), or 237(a)(4) or who have been determined by the DHS Secretary to be a risk to the community or unlikely to comply with the removal order.  *See* Memorandum for All Field Office Directors, from Victor X. Cerda, Acting Director, *Interim Guidance Regarding Post-Order Custody Reviews (POCR) After the Supreme Court Decision in Clark v. Martinez*, January 21, 2005.

[1] 8 C.F.R. § 241.4(c)(1) provides that field office directors/directors of removal field offices will conduct the initial custody review and any further custody determination concluded in the three-month period immediately following the expiration of the 90-day statutory removal period.

NOTICE: This communication may contain privileged or otherwise confidential information. If you are not an intended recipient or believe you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use this information.  Please inform the sender that you received this message in error and delete the message from your system.