# Exhibit 6



*Office of Detention and Removal Operations*

**U.S. Department of Homeland Security**
425 I Street, N.W., Room 6100
Washington, DC 20536

**U.S. Immigration and Customs Enforcement**

JAN 2 1 2005

| | |
|---|---|
| MEMORANDUM FOR: | All Field Office Directors |
| FROM: | Victor X. Cerda<br>Acting Director |
| SUBJECT: | Interim Guidance Regarding Post-Order Custody Reviews (POCR) After the Supreme Court Decision in *Clark v. Martinez* |

On January 12, 2005, the Supreme Court issued a decision in Clark v. Martinez, 543 U.S. ___ (2005), holding that the custody provisions of Zadvydas v. Davis, 533 U.S. 678 (2001), extend to inadmissible and excludable aliens. This memorandum sets forth interim guidance to comply with this decision until new regulations are promulgated. This guidance is effective immediately. As discussed in more detail below, the Office of Detention and Removal Operations (DRO) will now provide custody reviews pursuant to 8 CFR § 241.13 for all aliens detained post-final order for 180 days, unless a case is in a failure-to-cooperate status, see the Immigration and Nationality Act (INA) § 241(a)(1)(C), or under a judicial stay of removal where the alien is challenging a removal order in federal court, see February 9, 2004 Guidance captioned "Post Order Custody Reviews Responsibilities and Guidance," attached.

**For cases now due a 241.13 review under the new guidelines set forth below, field offices must begin these reviews immediately and forward the materials to HQCDU as soon as possible. High priority must be given to completing these reviews.**

The Court's Decision

In Martinez, the Supreme Court interpreted section 241(a)(6) of the INA to mean that the government may detain inadmissible and excludable aliens beyond the removal period but only for as long as is reasonably necessary to effect removal. The Court found that the six-month presumptive detention period noted in Zadvydas applies equally to all categories of aliens described in INA § 241(a)(6). As a result, the provisions of 8 CFR § 241.13 now apply to inadmissible and excludable aliens, including Mariel Cubans, alien crewmen, and stowaways.

www.ice.gov

Memorandum for All Field Office Directors                                                                  2
Subject: Interim Guidance Regarding Post-Order Custody Reviews (POCR) After the Supreme
Court Decision in *Clark v. Martinez*

POCR Process

Effective immediately, <u>all</u> aliens detained post-final order for 180 days will receive custody reviews pursuant to the regulations under 8 CFR § 241.13. Custody reviews for Mariel Cubans under 8 CFR § 212.12 are no longer in effect, and therefore Cuban Review Plan (CRP) panels and procedures are to be discontinued, effective immediately. Any portion of previously issued guidance that otherwise limits § 241.13 custody reviews to certain classes of aliens is now superseded by this memorandum.

All offices shall continue to conduct § 241.4 reviews for all cases prior to the expiration of the initial 90-day removal period. Please refer all cases in which the alien has not been released or removed, or whose case has not yet been referred to the Headquarters Custody Determination Unit (HQCDU) by the 180th day of post-final order custody, to HQCDU for review under the § 241.13 provisions, unless the case is in a failure-to-cooperate status or a judicial stay is in place where the alien is challenging a removal order in federal court. When conducting a § 241.4 review for a Mariel Cuban, you must contact HQCDU regarding the likelihood of repatriation prior to making any recommendation to release.

For failure-to-cooperate cases, continue to serve the I-229(a) and Instruction Sheet at day 30. Once it has been established that the alien is a failure to comply, and the Notice of Failure to Comply letter has been served on the alien, the field office should assess the compliance of the alien every 30 days. Each subsequent assessment should be documented in the A-file and DACS. If the alien continues to refuse to comply, a new I-229(a) and Instruction Sheet should be served until there is no longer a failure to cooperate. For cases where the alien is challenging a removal order in federal court and a judicial stay has been entered, if the alien remains in custody after the § 241.4 review, conduct annual reviews (unless the attorney representing the government requests an earlier review), and issue any custody decision pursuant to § 241.4 while the stay is in effect. See memoranda dated February 9 and 18, 2004 (captioned Post Order Custody Reviews Responsibilities and Guidance, and Delegation of Authority for Post Order Custody Review Decisions respectively).

Current Custody Cases Where Review Under 8 CFR § 241.13 Is Now Due

Under the new procedures explained above, many cases are now due for a review under 8 CFR § 241.13. **Field offices must begin these reviews immediately and forward the materials to HQCDU as soon as possible. High priority must be given to completing these reviews as soon as practicable.**

If you have forwarded a POCR Worksheet to Headquarters within the last six months, submit a memo (signed by a supervisor) to HQCDU updating any changes or new information in the case, as HQCDU will now review these cases under 8 CFR § 241.13. Include whether or not the alien may possibly meet any of the criteria of 8 CFR § 241.14 for continued detention (see Special Circumstances section below). If release is recommended, include a draft release decision letter. See attached Release Notification (revised 1/19/05). Send the update memorandum and decision letter to HQCDU by overnight mail for final review and approval by HQCDU pursuant to 241.13.

For Mariel Cuban cases in which a CRP panel recommendation is pending at Headquarters, you do not need to complete the POCR worksheet at this time. Headquarters will contact you if additional information is needed to complete the custody review.

Memorandum for All Field Office Directors 3
Subject: Interim Guidance Regarding Post-Order Custody Reviews (POCR) After the Supreme Court Decision in *Clark v. Martinez*

For all other cases that now require a § 241.13 review, complete a POCR Worksheet (see attached POCR Worksheet revised 1/19/05) and send to HQCDU by overnight mail. HQCDU retains jurisdiction over these cases pursuant to § 241.13 and will conduct the 8 CFR § 241.13 review and issue a custody decision accordingly.

Special Circumstances Cases

The following summarizes the four categories of aliens subject to the continued detention provisions of 8 CFR § 241.14:

- Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

- Aliens Detained on Account of Serious Adverse Foreign Policy Consequences [8 CFR § 241.14(c)].

- Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

- Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to public safety because they have committed a crime of violence, have a mental disorder and behavior associated with that disorder, and are likely to be violent in the future.

All cases that may possibly meet any of the above criteria, to include "specially dangerous" aliens, human rights abusers, and aliens who may pose a threat to national security, are to be coordinated with HQDRO/CDU as per the December 3, 2004 memorandum (entitled Special Circumstance Cases Under 8 CFR 241.14, attached). HQCDU, in consultation with other government agencies, will make the initial determination as to whether the case meets all criteria listed in 8 CFR § 241.14. On cases where a definitive determination is made that 8 CFR § 241.14 applies, HQCDU will coordinate the issuance of the custody decision. Potential 8 CFR § 241.14 should be raised to the HQCDU's attention at the earliest time possible.

Revised POCR Worksheet For All Cases

Effective immediately, field offices must use the <u>revised</u> POCR Worksheet (revised 1/19/05) attached to this memorandum. The worksheet needs to be signed by the deportation officer, as well as a supervisor. If this is the first POCR Worksheet that is being done in the case, it requires the FOD's signature. When sending the POCR Worksheet to HQCDU, include a copy of the initial custody decision that was served on the alien. Information sent to Headquarters for review with respect to each case must accurately reflect the information contained in the A-file. For all cases, field officers are to indicate on the POCR worksheet whether or not an alien may be subject to any of the 8 CFR § 241.14 provisions.

Upon completion of the custody review process, fill out the POCR, ZREL, and COMD screens in DACS. It is very important that proper DACS entries are done in a <u>timely</u> manner to ensure proper POCR records and case tracking. For releases, officers should serve the revised Release Notification

(attached), Order of Supervision, and Addendum to the Order of Supervision, and follow the Out-processing Checklist. The use of Electronic Monitoring Devices (EMD), the Intensive Supervision Appearance Program (ISAP), a Public Health Service (PHS) program, or other conditions of release is to be considered at the discretion of the deciding office for all cases, especially for those aliens whose release may pose a threat to the public. The Supreme Court's decision limits our discretion to continue detention and will compel the release of such individuals. Offices should exercise their discretion in using EMD, ISAP, a PHS program, or other forms of supervised release as appropriate. Each office is equipped and trained in using at least one of these tools. Any questions on using such tools should be addressed to the Compliance Division. All notifications to probation, victim witness, et al., are to be documented in the A-file, as well as in DACS. All releases from BOP facilities are to be coordinated with the appropriate warden and BOP staff.

As of the date of this memo, offices shall use only the attached revised versions of the POCR Worksheet and Release Notification. In addition, use only the latest versions of all other letters and forms. These forms are found on the HQCDU Website, http://█████████████████/.

## Case Management

As a reminder, field offices are responsible for all case management activities even if the jurisdiction for custody has transferred to HQCDU. Continuous and timely communication between the field offices and HQCDU is essential in the management of all cases. Information exchange is critical in assisting HQCDU to assess the feasibility of removal of these aliens and completing the custody review process. Proper case management will continue to be an area of monitoring and field office audits performed by the HQCDU.

Field Office Directors are to ensure that this guidance is distributed and fully briefed to your staff and immediately implemented. Further, efforts should be made to advise impacted detainee populations of the procedures/processing that will occur pursuant to this guidance. If you have any further questions, please contact ████ █████s, Chief, Custody Determination Unit, at (202) ███-████ or ████ █████y, Deputy Assistant Director, Removal Management Division, at (202) 305-7827. Thank you for your attention to this matter.

Attachments:
    Post-Order Custody Worksheet (revised 1/19/05)
    Release Notification (revised 1/19/05)
    Special Circumstance Cases Under 8 CFR 241.14, December 3, 2004
    Delegation of Authority for Post Order Custody Review Decisions, February 18, 2004
    Post Order Custody Reviews Responsibilities and Guidance memorandum, February 9, 2004

This memorandum has been prepared solely for the purpose of internal agency guidance, and is not to be disseminated outside the agency. This memorandum is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any third party in any manner, civil or criminal, and it does not place any limitations on otherwise lawful activities of the agency.

Office of Detention and Removal Operations
Field Office Name

**U.S. Department of Homeland Security**
Address
City, State ZIP



U.S. Immigration
and Customs
Enforcement

First Name Last Name                                                                 AXX-XXX-XXX
C/O Name of Detention Facility
Inmate No. or Identifier
Street or PO Box
City, State Zip Code

# Release Notification

Upon review of your case, U.S. Immigration and Customs Enforcement (ICE) has concluded that you may be released from ICE custody pending your removal from the United States. This release does not affect your removal order and does not constitute an admission to the United States. This release is to be considered a parole, unless you were lawfully admitted when you last entered the United States.

Your release will be subject to certain written conditions that will be provided to you shortly on the Order of Supervision and Addendum to the Order of Supervision forms, and by which you must abide. (*May add in case specific conditions: such as sex offender registration, attend counseling, complete halfway house program, etc.*) A violation of one of more of these conditions, or of any local, state or federal law may result in your being taken back into custody and any bond that you may have posted being forfeited. Your release from custody is also conditioned upon your maintaining proper behavior while sponsorship and placement efforts for you are being undertaken.

Prior to your release from custody, an immigration officer may verify the sponsorship or employment offers presented during your review. Please forward any additional information regarding potential sponsoring family members or non-governmental organizations that may be willing to assist you upon release.

It is particularly important that you keep ICE advised of your address at all times. ICE will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. In addition, you are required by law to continue to make good faith efforts to secure a travel document on your own and provide proof of your efforts to ICE. Once a travel document is obtained, you will be required to surrender to ICE for removal. You will, at that time, be given an opportunity to prepare for an orderly departure.

_____                           _____
Signature of Field Office Director                                                Date

(rev. 1/19/05)

**Decision of Post Order Custody Review – Release**
AXX-XXX-XXX, LAST NAME, First Name
Page 2

---

## PROOF OF SERVICE

(1) **Personal Service (Officer to complete both (a) and (b) below.)**

(a) I _____, _____,
      Name of ICE Officer                                    Title
certify that I served _____ with a copy of
                              Name of detainee
this document at _____ on _____, at _____.
                          Institution                       Date              Time

(b) I certify that I served the custodian _____,
                                                  Name of Official
_____, at _____, on
            Title                                  Institution
_____ with a copy of this document.
       Date

## OR

(2) **Service by certified mail, return receipt. (Attach copy of receipt)**

I _____, _____, certify
      Name of ICE Officer                            Title
that I served _____ and the custodian _____,
                    Name of detainee                                        Name of Official
with a copy of this document by certified mail at _____ on _____.
                                                          Institution              Date

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

# POST ORDER CUSTODY REVIEW WORKSHEET

**Detainee Name:**

**AKA(s):**

**Date of Birth:**                               **A Number:**

**Place of Birth:**                              **Nationality:**

**Date of Last Arrival:**                        **Place of Arrival:**

**Status at Last Entry:**                        **Last Date into ICE Custody:**

**Entered ICE Custody from:**    ☐ Local, State, or Federal Institution
                                   Institution Name/Location:
                                   BOP/ Institution Numbers:

                                 ☐ Other:

**Deportation Case Officer:**                    **Review Date:**
   **Contact Phone #:**

**ICE Location Detained and DCO:**

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**   ☐ Section 237 (a)
                        ☐ Section 212 (a)
                        ☐ Section 241 (a)

☐ Under <u>Final Order</u> dated:        By ☐ IJ ☐ BIA ☐ Other:

☐ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed        ☐ No

Stay Issued in Case: ☐ No ☐ Yes/Why and Who Issued

## Legal Representative / Attorney

**G-28 Filed:**   ☐ Yes   ☐ No

**Notification of Review Made:** ☐ No   ☐ Yes **By:**

**Name of Representative / Attorney:**

**Mailing Address:**                             **Telephone Number:**

**Present during interview:**   ☐ Yes ☐ No

(Rev. 1/19/05)                        Page 1

**Immigration History:** (Prior ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.))

**NCIC Checks:**    ☐ Criminal History    ☐ No record Found
(State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

(Rev. 1/19/05)                                           Page 2

# Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**  ☐ Yes   ☐ No

    If Yes, List & Describe:

    Source:

**Disciplinary reports and incidents while in ICE Custody?**  ☐ Yes   ☐ No

    If Yes, List & Describe:

    Source:

# Specifics of Review

**Date of File Review**:

**Date of Detainee Interview**: (optional)

**Location of Interview**:

**Reviewing/Interviewing Officer:** #1:

                                     #2:

**Interpreter Used:** (If subject was interviewed)   ☐ Yes   ☐ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

 

**Travel Document Status/History:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to *prevent* removal, and date of service of I-229(a) and Instruction Sheet to Detainee):

List ICE's attempts to obtain a travel document and status:

**Does the detainee have a place to live in the United States?**  ☐ Yes  ☐ No
　Describe:

**Is the detainee subject to any parole or probation requirements?**  ☐ Yes  ☐ No
　Describe:

**Does the detainee have close family ties within the United States?**  ☐ Yes  ☐ No
　Describe:

**Does the detainee have community ties or non-governmental sponsors?**  ☐ Yes  ☐ No
　Describe:

**Does the detainee have any employment prospects?**  ☐ Yes  ☐ No
　Describe:

**What is the detainee's employment history?**
　Describe:

**What is the detainee's educational level?**
　Describe:

**Does the detainee have any vocational training?**  ☐ Yes  ☐ No
　Describe:

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
　Describe:

## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:**  ☐ Yes  ☐ No

**Description (to include Date and Source):**

[                                                                                 ]

**Other documentary evidence for consideration in this review (include any documentation submitted by detainee):**

## Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☐ No ☐ Yes (indicate below):

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

# Officer Comments/Analysis & Recommendation

|  |  |
|---|---|
| Reviewing Officer #1<br>Name/Title: | Date:<br>Signature:_____ |
| Reviewing Officer #2<br>Name/Title: | Date:<br>Signature:_____ |
| Supervisory Reviewing Officer<br>Name/Title: | Date:<br>Signature:_____ |

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐ CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐ CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office:

Signature of Field Office Director:_____   Date: _____

Deciding Official Name:

(Rev. 1/19/05)                                     Page 7

Office of Detention and Removal Operations

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536



## U.S. Immigration and Customs Enforcement

DEC 3 - 2004

MEMORANDUM FOR: All Field Office Directors

FROM: Victor X. Cerda
Acting Director

SUBJECT: Special Circumstance Cases Under 8 CFR 241.14

Any case that comes into DRO custody that may potentially meet any provision of 8 CFR 241.14, "Continued Detention of Removable Aliens on Account of Special Circumstances," is to be coordinated closely with HQDRO, Custody Determination Unit (HQCDU). Field offices are to notify HQCDU as soon as an alien who may possibly meet any of the criteria listed in 8 CFR 241.14 is taken into custody and are to provide a short case synopsis via e-mail to address "HQCDU." HQCDU will track these cases via the Special Circumstance Case (SCC) database and will label the case as alert code "H" (Headquarters Interest Case) in DACS. Field offices are required to keep HQCDU advised of all case-related issues and status in a timely manner.

All custody decision letters for potential SCC's within the FOD's jurisdiction are to be sent to HQCDU for review prior to being issued at the local level. Please work with local counsel on these decisions prior to sending them to HQCDU. HQCDU will also work with HQ Office of the Principal Legal Advisor (OPLA) to ensure that the decision is made pursuant to regulations and that it is legally sufficient. Please ensure that travel document requests are submitted timely following the issuance of a final order and that proper follow up is being conducted. All releases, removals, and any requests for removal to a third country are to be coordinated with HQCDU and HQ Travel Document Unit.

Once custody jurisdiction transfers to headquarters, HQCDU, in consultation with OPLA, DHS, Department of State, and other Government agencies, will make the initial determination as to whether the case meets the criteria listed in 8 CFR 241.14. On cases where a definitive determination is made that 8 CFR 241.14 applies, HQCDU will coordinate the issuance of the custody decision, as required per existing regulations.

Subject: Special Circumstance Cases Under 8 CFR 241.14
Page 2

The following summarizes the four categories of aliens subject to the continued detention provisions of 8 CFR 241.14:

- Aliens with a Highly Contagious Disease that is a Threat to Public Safety *[8 CFR 241.14(b)]*.

- Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release *[8 CFR 241.14(c)]*.

- Aliens Detained on Account of Security or Terrorism Concerns *[8 CFR 241.14(d)]*.

- Detention of Aliens Determined to be Specially Dangerous *[8 CFR 241.14(f)]*. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

As the majority of these cases require coordination with several Government agencies at the highest levels, and may involve federal litigation, it is imperative that established custody review and removal policies, procedures, and regulations are followed and that field offices work closely with HQDRO to ensure the integrity of related DRO actions.

If you have any questions, please contact ▮▮▮▮▮▮▮▮, Chief, Custody Determination Unit at (202) ▮▮▮▮▮▮

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536



**U.S. Immigration and Customs Enforcement**

February 9, 2004

MEMORANDUM FOR:   Deputy Assistant Director, Field Operations
Field Office Directors

FROM:   Anthony S. Tangeman
Director, Office of Detention and Removal

SUBJECT:   Post Order Custody Reviews Responsibilities and Guidance

**This memorandum supersedes memorandum dated February 5, 2004 on same subject.**

Concerns have been raised with respect to the timeliness and completeness of Post Order Custody Reviews (POCR). It is the responsibility of every Field Office Director (FOD) to ensure that POCR cases are reviewed and completed in a timely manner, in compliance with current regulations. It is important that every FOD manage their process to ensure timely completions of the legally mandated reviews.

Field offices must complete POCRs in a timely manner at the 90-day point pursuant to 8 CFR § 241.4. Information being sent to Headquarters for review with respect to each case must accurately reflect the information contained in the A-file. All written custody decisions served on detainees must include the specific case information and must not be based on generalizations or inferences. In addition, the reasons for the specific decision must be clearly articulated in the decision letter to the alien. FODs are to take into account the probability of removal when making custody decisions at the 90-day point, both as to the country in general and the individual in particular. If release is not warranted under the regulations, clearly articulate why the alien cannot be released, based on the alien being a threat and/or a flight risk. While violence is a key factor, past violence does not necessarily demonstrate that the alien is a present threat to society and therefore subject to continued custody. Therefore, decisions must be based on a totality of the circumstances. For cases where it appears there is no likelihood of removal in the foreseeable future, FODs should refer 8 CFR § 241.4 detain decision cases to HQPDU immediately after the 90-day review. For cases where a stay has been entered and the alien remains in custody after the ninety-day review, the FODs must conduct annual reviews pursuant to 8 CFR § 241.4 while the stay is in effect.

Field offices are responsible for managing cases even after custody jurisdiction is transferred to HQPDU. It is essential that in cases where custody jurisdiction is transferred to HQPDU, the field office is still responsible for keeping HQPDU informed of any relevant changes in the case. This

Guidance on Post Order Custody Reviews
Page 2

information would include, for example, whether a travel document will or will not be issued or whether the subject cannot post bond if one is required, etc. This information is critical in assisting HQPDU in assessing the feasibility of removal of these aliens subsequent to a detain decision, as well as making future custody decisions. Continuous and timely communication between the field offices and HQPDU is essential in the management of these cases.

Field offices may refer to HQPDU's Intranet Website (http:/█████████████████████/) or the DRO Web Page for the policies and procedures regarding the completion of POCR reviews and decisions. The site includes a link to the Detention & Deportation Officer's Field Manual (Ch. 17 POCRs), as well as training slides and other pertinent information. Training will be conducted in field offices in the near future. Any questions regarding POCR issues should be forwarded to ████ ████ at HQPDU, (202) ██████.

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536



**U.S. Immigration and Customs Enforcement**

February 18, 2004

MEMORANDUM FOR:     Deputy Assistant Director, Field Operations
                                  Field Office Directors

FROM:                           Anthony S. Tangeman
                                  Director, Office of Detention and Removal

SUBJECT:                    Delegation of Authority for Post Order Custody Review Decisions

In our continuing efforts to ensure that Field Office Directors (FOD) maintain Post Order Custody Review (POCR) cases in compliance with current regulations, effective immediately, the deciding official making the custody determination on 8 CFR § 241.4 POCR cases within the field's jurisdiction will be the FOD or the person acting in that capacity. This authority is not to be delegated to other levels of management by the FOD.

All POCR case reviews must be completed in a timely manner, information contained in the POCR worksheet must be accurate and complete, and all written decisions in compliance with current regulations and policy. Any questions regarding POCR issues should be forwarded to ▬▬ ▬▬ at HQPDU, (202) ▬▬.