Exhibit 9



# Post Order Custody Review & Removal Process Training



For Official Use Only



# Post Order Custody Review (POCR) Guidance



For Official Use Only



# Governing Law

**The POCR process is governed by statute, regulation and case law.**

- Statute
  - INA § 241

- Regulation:
  - 8 C.F.R. § 241.13
  - 8 C.F.R. § 241.4

- Case Law:
  - *Zadvydas v. Davis,* 533 U.S. 678 (2001)
  - *Clark v. Martinez,* 543 U.S. 371 (2005)

❖ *Reviews ensure continued detention is justified and lawful.*

For Official Use Only



# *Zadvydas v. Davis*, 533 U.S. 678 (2001)

- *Zadvydas* is a case of statutory interpretation, in which the U.S. Supreme Court found that INA § 241(a)(6) does not authorize indefinite or prolonged detention, rather:

  - It authorizes detention of an alien with an administratively final order of removal for a period reasonably necessary to accomplish removal.  The Court recognized six months as a presumptively reasonable period of time to effect removal.

  - As a general rule, after the presumptively reasonable 180-day post-order period, ICE must release an alien where there is no significant likelihood of removal in the reasonably foreseeable future (SLRRFF).  Flight risk and danger to the community are irrelevant considerations at that point.



U.S. Immigration and Customs Enforcement



# *Clark v. Martinez,*

- *Clark v. Martinez* expanded application of *Zadvydas* to all classes of aliens covered by INA § 241(a)(6) –

  > "An alien ordered removed who is inadmissible under section 212, removable under section 237(a)(1)(C), 237(a)(2), or 237(a)(4) or who has been determined by the [Secretary] to be a risk to the community or unlikely to comply with the order of removal may be detained beyond the removal period…"



U.S. Immigration and Customs Enforcement



# What is a Final Order of Removal?

- An **order of removal issued by an immigration judge** in removal proceedings under INA § 240 becomes final:
    - Upon waiver of appeal by the respondent;
    - Upon expiration of time to file appeal if the respondent does not file an appeal;
    - Upon dismissal of appeal by the Board of Immigration Appeals (BIA);
    - Immediately upon issuance of an *in absentia* order; or
    - On the date a voluntary departure order converts to an order of removal.

*See* 8 C.F.R. § 1241.1.

- ICE takes the position that a **reinstated order of removal** under INA § 241(a)(5) becomes final for purposes of post-order custody on the date the of Decision, Order, and Officer's Certification portion of the Form I-871 (Notice of Intent/Decision to Reinstate Prior Order) is executed.

- An **administrative removal order** under INA § 238(b) becomes final upon issuance and service of the Final Administrative Removal Order (although the order cannot yet be executed unless the alien waives the 14 calendar day appellate period).





# When a Removal Order Becomes Administratively Final

| Type of Order | Removal Order Becomes Administratively Final | Check before Issuing Demand for Removal |
|---|---|---|
| IJ orders removal *in absentia* | Date of IJ order | No Motion to Reopen (MTR) or Motion to Rescind the *in absentia* order has been filed (automatic stay) |
| IJ orders removal and alien waives appeal | Date of IJ order | IJ order indicates that appeal has been waived |
| IJ orders removal, and alien reserves appeal but does not timely file an appeal | 30 days after IJ's decision | No appeal has been filed with BIA |
| IJ orders removal, alien appeals, and BIA dismisses appeal | Date of BIA decision | No petition for review (PFR) has been filed with the Circuit Court of Appeals (discretionary stay - see Section II) |
| IJ grants voluntary departure (VD), alien waives appeal and overstays VD period | The day after the end of the VD period | Alien has not departed or appealed; Alien has not filed an MTR *The filing of an MTR or PFR automatically terminates the grant of VD, and the order of removal takes effect the day it was originally issued. When an alien overstays the VD period, the removal order is final on the date it was issued. However, for bond purposes, issue Form I-340 within 30 days of the expiration of the VD period.* |
| IJ grants VD and requires a VD bond, alien waives appeal, and alien fails to post bond within 5 days | 6 days after the IJ's order | Alien has not departed; Alien, in fact, has not filed an appeal; Alien has not filed an MTR *An alien who waives appeal may still file an appeal arguing that the waiver was not knowing and voluntary; when an alien files such appeal, consult with OPLA before proceeding with removal.* |
| IJ grants VD, alien appeals, BIA dismisses appeal without reinstating VD | Date of BIA decision | No PFR has been filed (see Section II discussing stays) |
| IJ grants VD, alien appeals, BIA reinstates VD, and alien overstays VD period | The day after the end of the VD period | Alien has not filed an MTR or PFR; Alien has not departed *Note: Filing a PFR will automatically terminate the grant of VD and it may result in a stay of removal (see Section II discussing stays).* |

The guidance in this document is intended for the internal management of ICE and does not create any right or benefit, substantive or procedural, enforceable at law or in equity by a party against ICE or any agency of the Federal Government. Any failure of ICE to comply with any provisions in this document shall not be available to any person or entity as a defense, except as otherwise required by law.





# Stays of Removal

| Type of Stay | Basis for Stay | Date Stay Ends | Check before Issuing Demand for Removal |
|---|---|---|---|
| Automatic*<br>8 8 C.F.R. § 1003.23(b)(4)(ii) | MTR filed at anytime after an order of removal *in absentia* | Date IJ denies MTR | No discretionary stay has been granted<br>*Even if discretionary stay has been granted, that stay terminates when the IJ denies the MTR.  If alien appeals denial of MTR to the BIA, no stay is in effect during the BIA appeal.* |
| Automatic<br>INA § 240(c)(7)(C)(iv) | MTR pursuant to Violence Against Women Act (VAWA)-MTR by battered spouse, child or parent<br>*The VAWA MTR must be filed within 180 days of the in absentia order* | Date IJ or BIA denies MTR, or if the alien appeals an IJ denial, the date the BIA dismissed appeal | MTR has not been granted.  If PFR has been filed from BIA dismissal, check to see whether a stay of removal resulting from PFR is in place.  *A VAWA MTR may be filed with either the IJ or the BIA* |
| Automatic | Pending motion for stay filed in conjuction with PFR (Currently, 2nd, 3rd and 9th Circuits) | 2nd Circuit issues an order that the motion for stay is moot or denies stay; 3rd Circuit denies stay or explicitly vacates the automatic order granting the request for a stay; 9th Circuit keeps the temporary stay in effect until the mandate issues | Check with OPLA prior to removal as Circuit rules may change |
| Motion for Stay filed with Circuit Court of Appeals in 2nd, 3rd or 9th Circuit | If motion for stay filed, wait until court denies stay before issuing demand notice (Form I-340) | If no motion for stay filed, issue demand notice as soon as possible (if not already issued after BIA decision) | Check with OPLA for applicable court rules |
| Discretionary* | IJ or BIA order granting stay | When IJ or BIA enters order lifting the stay or when case has been concluded | No pending appeals |
| Discretionary | Circuit Court of Appeal order granting stay | When the court enters an order lifting the stay or when the mandate is issued following the denial of PFR | N/A |

*The guidance in this document is intended for the internal management of ICE and does not create any right or benefit, substantive or procedural, enforceable at law or in equity by a party against ICE or any agency of the Federal Government.  Any failure of ICE to comply with any provisions in this document shall not be available to any person or entity as a defense, except as otherwise required by law.*


U.S. Immigration
and Customs
Enforcement



# The Removal Period

- INA§241(a)(1)(A) provides:  "Except as otherwise provided in this section, when an alien is ordered removed, the [Secretary] shall remove the alien from the United States within a period of 90 days (in this section referred to as "the removal period")."

- As set forth in INA§241(a)(1)(B), the removal period starts on the latest of the following:

  - The date the removal order becomes administratively final;

  - If the removal order is judicially reviewed and if the court orders a stay of the alien's removal, the date of the court's final order; or

  - If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.



U.S. Immigration and Customs Enforcement



# The Removal Period (cont'd)

- It is ICE's legal position that the removal period does not begin until the alien is detained in ICE Custody.

- The removal period is extended if an alien becomes a Failure to Comply (FTC) case. To become an FTC the alien refuses to make timely application in good faith for travel or other documents necessary to his departure or conspires or acts to prevent the alien's removal subject to an order of removal. *See* INA§241(a)(1)(C).



For Official Use Only



# Detention of Aliens Ordered Removed

## Mandatory Post-Order Detention

- INA § 241(a)(2) provides:
  - "During the removal period, the [Secretary] shall detain the alien.  Under no circumstances during the removal period shall the [Secretary] release an alien who has been found inadmissible under section 212(a)(2) [criminal grounds of inadmissibility] or 212(a)(3)(B) [terrorist grounds of inadmissibility] or deportable under section 237(a)(2) [criminal grounds of deportability] or 237(a)(4)(B) [terrorist grounds of deportability]."

  - Generally, DHS has discretion to detain or release "final order" aliens during the 90-day removal period.  However, the categories of aliens enumerated in the statute must be detained during that period.  *See* Bo Cooper, General Counsel, *Detention and Release of Aliens with Final Orders of Removal* (Mar. 16, 2000).



U.S. Immigration and Customs Enforcement



# Detention of Aliens Ordered Removed

**Discretionary Detention Beyond the Removal Period**

- Pursuant to INA § 241(a)(6), an alien ordered removed who:

  - is inadmissible under section 212;
  - is removable under section 237(a)(1)(C) (violation of nonimmigrant status or condition of entry), 237(a)(2) (criminal grounds), or 237(a)(4) (security and related grounds); or
  - is a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period, and if released, shall be subject to the terms of supervision.



U.S. Immigration and Customs Enforcement

# ICE

# POCR Guidance Chart

| | |
|---|---|
| **Within 7 Days of POCR Control Date (PCD)** | **Submit travel application package in eTD and send travel package request to appropriate consulate; UPDATE EARM** |
| **Within 30 Days** | Serve Form I-229(a) & Instruction Sheet (specifically indicating what subject needs to do to assist with obtaining TD); UPDATE EARM |
| **No later than Day 45** | Send HQ TD Assistance Request via eTD; UPDATE EARM |
| **Within 50 Days** | Serve Notice to Alien of File Custody Review; UPDATE EARM |
| **DAY 80** | Complete 90-Day POCR; UPDATE EARM |
| **DAY 90** | Serve 90-Day POCR Decision; UPDATE EARM |
| **DAY 180** | Send signed POCR transfer checklist, signed 90-Day POCR worksheet and signed 90-Day Field Office Decision Letter with Proof of Service; UPDATE EARM |
| **FUTURE** | Send a new transfer checklist, continue detention letter and the initial 90-day POCR to HQ when circumstances change (i.e. Habeas filed), or at a minimum every 90 days for future reviews until subject is removed or released from custody; UPDATE EARM |



**U.S. Immigration and Customs Enforcement**



# Legend for POCR Guidance Chart

- Transfer Checklist = Required documentation required to be sent to HQ ERO RIO on day 180, upon transfer of jurisdiction to ERO RIO for further custody determinations.

    - 8 C.F.R. § 241.4(c)(2)(ii) provides that when the FOD has advised the alien at the 90-day review, as provided in § 241.4(h)(4), that he will remain in custody pending removal or further custody review, and the alien is not removed within three months of the FOD's decision, authority over the custody determination transfers from the FOD to ERO RIO. The initial ERO RIO review will ordinarily be conducted at the expiration of the three-month period after the 90-day review or as soon thereafter as practicable.

- POCR Control Date =  Starting date for determining post-order custody review(POCR) schedule.
    - <u>For Detained cases</u>:  Date ICE custody converts from pre-order to post-order.  Follow POCR Guidance Chart, 90-day review is conducted on day 80 of post-order custody.
    - <u>For Non-Detained cases</u>:  Date alien enters ICE custody subject to an administratively final order of removal.





# 90-day Custody Review Standards

- <u>Criteria for release</u>:  travel documents not immediately available, alien is presently non-violent and likely to remain non-violent, alien not likely to violate release conditions and not likely to pose a threat to the community, alien does not pose a significant flight risk if released.  8 C.F.R. § 241.4(e).

- Factors for consideration in determining whether release is appropriate are set forth at 8 C.F.R. § 241.4(f):
  - Nature/number of disciplinary infractions while detained/incarcerated;
  - Criminal history including consideration of nature/severity of offenses, sentence imposed/sentence served, probation/parole history, any recidivism;
  - Any psychiatric/psychological reports concerning mental health;



U.S. Immigration and Customs Enforcement



# 90-day Custody Review Standards (cont'd)

- Evidence of rehabilitation including institutional progress relating to participation in work, educational, and vocational programs, where available;

- Favorable factors, including ties to the United States such as the number of close relatives residing here lawfully;

- Immigration history/migration violations;

- The likelihood the alien poses a significant flight risk/may abscond to avoid removal, including history of escapes, failure(s) to appear for immigration or other proceedings, AWOL from any sponsorship/halfway house program, other defaults.



U.S. Immigration and Customs Enforcement



# 90-day Custody Review Standards (cont'd)

- ERO may also consider any other information relevant to whether the alien is likely to adjust to life in the community, engage in future acts of violence, engage in future criminal activity, pose a danger to the safety of himself/herself or other persons or property; or violate conditions of release from immigration custody pending removal.

- Determination that receipt of a travel document is likely may by itself support continued detention. 8 C.F.R. § 241.4(g).

- At any stage of the custody review, if ICE establishes that travel documents are forthcoming or can be obtained, the alien will not be released unless immediate removal is not practicable or in the public interest.  8 C.F.R. § 241.4(g)(3).



U.S. Immigration
and Customs
Enforcement

For Official Use Only



# 90-day Review Detention / Release Decision Letters

- A written decision must be provided to the alien: a detain decision must explain the reason for continued detention in sufficient detail that it is clear the decision pertains to the alien being served.  If removal is SLRRFF, the removal country should be referenced.

- A release decision may contain such special conditions as are considered appropriate (Form I-220B, Order of Supervision).

- Decisions are required to be served on the alien and any attorney of record (Form G-28 has been filed).  8 C.F.R. § 241.4(d).



U.S. Immigration and Customs Enforcement



# POCR Guidance Chart
## FAILURE TO COMPLY CASES (FTC)

| | |
|---|---|
| **Within 30 Days of PCD** | **Serve Form I-229(a) & Instruction Sheet (specifically indicating what subject needs to do to assist with obtaining TD);  UPDATE EARM** |
| **Within 30 Days** | Notice of Failure to Comply letter reviewed and Signed by the FOD (if alien is still non-compliant); Serve Notice of Failure to Comply letter within 7 calendar days after FOD decision; UPDATE EARM |
| **No later than Day 45** | Send HQ TD Assistance Request; UPDATE EARM |
| **Within 50 Days** | Serve Notice to Alien of File Custody Review; UPDATE EARM |
| **DAY 60** | Serve Form I-229(a)  & Instruction Sheet; UPDATE EARM |
| **DAY 80** | Complete 90-Day POCR and Notice of Failure to Comply Letter; UPDATE EARM |
| **DAY 90** | Serve 90-Day POCR Decision and Notice of Failure to Comply; serve Form I-229(a) & Instruction Sheet; UPDATE EARM |
| **FUTURE (270/360/450)** | No further reviews are due until subject becomes compliant; case should be presented for prosecution as soon as possible; as long as subject remains non-compliant, a new Form I-229(a) and Instruction Sheet, along with a new Notice of Failure to Comply letter should be signed and served every 30 days; UPDATE EARM |



For Official Use Only



# Failure to Comply Cases (cont'd)

- Initial 90-day POCRs apply to both Judicial and Administrative Stays of Removal as well as documented FTC cases.  Jurisdiction remains with the field office.

- For Administrative Stays of Removal, annual POCR reviews should be conducted and served at the field level until the stay is lifted.

- Officers should conduct travel document follow-ups at a minimum of every 30 days and update HQ ERO RIO with travel document status.

U.S. Immigration
and Customs
Enforcement



# Failure to Comply Cases (cont'd)

- FTC is defined as – an alien who fails or refuses to make timely application in good faith for travel documents necessary to the alien's departure or conspires or acts to prevent the alien's removal. *See* INA § 241(a)(1)(C); 8 C.F.R. § 241.4(g).

- Timely document all actions demonstrating FTC.

- Alien must willfully/intentionally block efforts to obtain a TD or to be removed.

- Refusal to sign the Form I-229(a) is not considered FTC.

- Aliens who fail to comply may remain in detention, and the removal period is extended beyond 90 days, pending compliance.

- Submit notification of FTC cases to ███████████████e.dhs.gov Information is used by ERO RIO in preparation for Special High Risk Charter Missions to effect the removal of aliens who resist removal efforts.

- It is imperative for ERO Field Offices to report FTC cases monthly and document FTC in the A file.





# Failure to Comply Cases (cont'd)

## TIMING IS EVERYTHING

- At the moment that the alien appears to or actually fails to comply or assist in acquiring his TD: START the FTC process immediately!

- Generally, FTC should be identified and processed as early as possible in the removal period.

## DOCUMENTATION

- Document overt acts of failure to comply, including:

    - Failure to communicate with consular officials
    - Failure to complete requisite forms for travel document
    - Failure to board aircraft
    - Renunciation of citizenship
    - Inconsistent statements regarding identity



# ICE

# FTC Notice



Office of Enforcement and Removal Operations

U.S. Department of Homeland Security
Field Office Address
City, State, Zip Code

**U.S. Immigration
and Customs
Enforcement**

LAST NAME, First Name                                                        AXXX-XXX-XXX
c/o Immigration and Customs Enforcement
XXXXX Field Office

### Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time.  This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

On XXXXX, you were advised, via form I-229(a) and Instruction Sheet to Detainee, of specific requirements to complete and were given 30 days to comply with your obligation to assist in obtaining a travel document. The burden to obtain a travel document for your removal does not solely rest with ICE.  Pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA), you are required to make timely and good faith efforts to obtain travel or other documents necessary for your removal from the United States.  If you fail to make these efforts, Section 241(a)(1)(C) allows for the extension of the removal period. As you have failed to XXXXX, you have failed to comply with your obligation and are acting to prevent your removal from the United States. The removal period is therefore extended in your case.

As you are still within the removal period, you are to remain in ICE custody until you demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you.

You are also advised that continued willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

FOD Name _____
XXXXX Field Office Director                                        Date _____

www.ice.gov

---

Notice to Alien of File Custody Review
LAST NAME, First Name AXXX-XXX-XXX
Page 2

**PROOF OF SERVICE**

(1) ____ **Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _____
                              Name of ICE Officer                          Title
certify that I served _____ with a copy of
                                         Name of detainee
this document at _____ on _____, at _____.
                                    Institution                   Date              Time

(b)    I certify that I served the custodian _____
                                                                        Name of Official
_____, at _____ of _____, on
              Title                                             Institution
_____  with a copy of this document.
          Date

**OR**

(2)    **Service by certified mail, return receipt. (Attach copy of receipt)**

I _____, certify
                        Name of ICE Officer                          Title
that I served _____ and the custodian _____
                         Name of detainee                                       Name of Official
with a copy of this document by certified mail at _____ on _____.
                                                                              Institution                   Date

Detainee Signature: _____  Date: _____

(  ) cc:  Attorney of Record or Designated Representative
(  ) cc:  A-File

---



**U.S. Immigration
and Customs
Enforcement**

For Official Use Only



# Suspension of POCR Clock

- The POCR clock may be suspended when the Notice of Failure to Comply is served.

  - Serve the Notice of Failure to Comply, along with the Instruction Sheet, every 30 days until alien is compliant.

  - Upon compliance, in most circumstances, ICE is entitled to a full 90 days to remove the alien.

    - Depending on the length of time the alien is non-compliant, the clock may not reset to day 1 (reasonableness standard).  **Consult OPLA.**

  - Clock may also be suspended when an alien is transferred out of ICE custody, e.g., alien is transferred to criminal custody.

    - Depending on the length of time the alien is out of ICE custody, the removal period may not reset back to day 1. **Consult OPLA.**



For Official Use Only



# Transfer of Custody Jurisdiction to HQ

- If the alien has not been released or removed by day 90, the FOD has the authority to make a custody determination or transfer the case to HQ ERO RIO for custody determination.
- **On day 180,** the custody jurisdiction automatically transfers to HQ ERO RIO.
  - The field office is responsible for forwarding the 180-day POCR and the HQ Transfer Checklist to the HQ ERO RIO mailbox (█████████████ce.dhs.gov).



Reminders:
- Transfer Exceptions: FTC, Administrative Stays of Removal, and Judicial Stays of Removal.
- The field office maintains responsibility for case management, which includes continuing efforts to secure a travel document and sending timely updates to HQ ERO RIO every 90 days.



U.S. Immigration and Customs Enforcement



# ICE

## Transfer to HQ for 8 C.F.R. § 241.13 Custody Determination

- Required documents:

  - 90-Day Signed POCR worksheet.

  - Complete and Signed HQ POCR transfer checklist.

  - Signed 90-day Field Office Decision Letter and Proof of service.

- If the alien files a petition for writ of habeas corpus, it is construed as a request for a review.  Therefore, forward a new HQ checklist, continue detention letter, and the initial 90-day POCR to HQ ERO RIO.



U.S. Immigration and Customs Enforcement

For Official Use Only



# 8 C.F.R. § 241.14 Case Management

- If the alien's removal is not SLRRFF, then continued detention may only be considered if the alien meets the criteria of any of the following regulatory sections:

  - 8 C.F.R. § 241.14(b) - Highly contagious disease that is a threat to public safety.

  - 8 C.F.R. § 241.14(c) - Aliens detained on account of serious adverse foreign policy consequences of release.

  - 8 C.F.R. § 241.14(d) - Aliens detained on account of security or terrorism concerns.

  - 8 C.F.R. § 241.14(f) - Detention of aliens determined to be specially dangerous.

  - **<u>Note</u>:** 8 C.F.R. § 241.14(f) is **<u>not</u>** available in the jurisdictions of the U.S. Court of Appeals for the Fifth Circuit and the U.S. Court of Appeals for the Ninth Circuit.

✓ Contact the HQ ERO RIO 241.14 Program Coordinator for any 241.14 cases for an assessment as soon as the alien becomes a final order, but no later than before conducting the initial 90-day POCR.





# Arrest of Final Order Aliens Not Currently Subject to ICE Supervision

- Aliens subject to an *in absentia* removal order are subject to INA § 241 post-order custody rules.

- When arresting a final order alien not currently subject to ICE supervision, the best practice is to notify the alien in writing of the reason for arrest (*e.g.*, to effectuate removal), and provide an informal interview. This process is similar to the revocation procedures of 8 C.F.R.§ 241.4.

  - DOCUMENT THE A-FILE;
  - Refer to RIO as appropriate.



For Official Use Only



# Revocation of Release

- By regulation, revocation is an ERO RIO function unless FOD determines that revocation is in the public interest and circumstances do not reasonably permit referral to ERO RIO.

- Release may be revoked under 8 C.F.R. § 241.4(I)(2):

  - When the purpose of release has been served;

  - Where the alien has violated conditions of release (detain or impose additional conditions);

  - To remove the alien or commence removal proceedings; or

  - Where the alien's conduct, or any other circumstance, indicates that release would no longer be appropriate.



U.S. Immigration
and Customs
Enforcement



# Revocation of Release

If the alien's release on an Order of Supervision is revoked and he or she is re-detained, follow these procedures:

| | |
|---|---|
| **DAY One** | **Upon re-arresting the alien, serve the alien with <u>written</u> notification of the revocation stating the reason(s) for revocation/send to any attorney of record as well;** |
| **DAY Three** | Within two days of alien's arrest, conduct an informal interview, and provide an opportunity for the alien to respond to the reasons for revocation; |
| **Bi-Weekly While Alien is in ICE Custody** | DOCUMENT THE A-FILE, and update EARM; Throughout the time the alien remains in ICE custody, the FOD shall maintain contact with ERO RIO to evaluate SLRRFF; |
| **DAY Seven** | Within four days of the informal interview, if the alien has not been released, advise ERO RIO immediately as they will conduct a further custody review within three months of the revocation. |





# Revocation of Release (cont'd)

- Look out for:
  - Written notification of revocation.
  - Promptly conducted informal interview (ideally within 2 days).
  - Timely submission of 90-day POCR reviews.
  - Contacting ERO RIO prior to re-arresting aliens previously released under 8 C.F.R. § 241.13 due to lack of SLRRFF.
  - Designation of FTC.  Consult with OPLA to determine if circumstances support statutory elements.





# Habeas Corpus Cases

- A petition for writ of habeas corpus is a civil action filed in the U.S. District Court by an alien challenging the lawfulness of his or her detention.

- After a presumptively reasonable period of six-months from the commencement of the removal period, once an alien provides evidence showing that there is <u>no</u> SLRRFF, ICE must respond with sufficient evidence to rebut the alien's evidence in order to justify further detention.

- In order to demonstrate SLRRFF, it may be necessary to submit a declaration from an ICE officer outlining the actions taken toward removal and why the officer believes there to be SLRRFF.  <u>All such declarations should be prepared with OPLA assistance</u>.  OPLA coordinates and reviews all declarations. Officers <u>should not communicate directly with DOJ attorneys</u> regarding habeas cases and the preparation of declarations.

- Generally, if no SLRRFF, the alien must be released.
  - Exceptions include FTC or 8 C.F.R. § 241.14 special circumstances cases.

For Official Use Only



U.S. Immigration and Customs Enforcement

38



# SLRRFF Declarations in Habeas Cases

- The contents of such declarations should generally include:

  - Experience and training of the officer, e.g., current and past law enforcement position(s)

  - Basis of the officer's knowledge (including review of ICE official records)

  - Purpose of the declaration, including reference to the habeas case and docket number

  - Identification of alien, including A number and country of nationality



U.S. Immigration and Customs Enforcement

For Official Use Only



# SLRRFF Declarations in Habeas Cases (cont'd)

- Criminal and immigration history:
  - Serious convictions are sufficient (usually felonies): include date of conviction, offense, court, sentence imposed
  - Circumstances of final order, e.g., whether or not appeal filed, appeal litigated and removal order sustained, or appeal waived; date removal order became administratively final
- Date alien came into ICE custody
- ICE actions to secure travel document
- Why ICE believes removal is SLRRFF

U.S. Immigration and Customs Enforcement

For Official Use Only