```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

LILIAN PAHOLA CALDERON JIMENEZ       )
AND LUIS GORDILLO, ET AL.,           )
individually and on behalf of all    )
others similarly situated,           )
                                     )
    Petitioner-Plaintiffs,           )
                                     )
        v.                           )   C.A. No. 18-10225-MLW
                                     )
KEVIN K. MCALEENAN, ET AL.,          )
                                     )
    Respondent-Defendants.           )
                                     )

                            ORDER

WOLF, D.J.                                    October 22, 2019

   In view of the October 21, 2019 Joint Status Report (Docket No. 416), it is hereby ORDERED that:

   1. The October 23, 2019 hearing is CANCELLED.

   2. The time in which the parties shall respond to paragraph 1 of the October 17, 2019 Order (Docket No. 406) is EXTENDED to October 25, 2019.

   3. By October 25, 2019, the parties shall confer and also:

   (a) Report concerning whether any or all of petitioners' claims, including but not limited to their claim that respondents are violating 8 C.F.R. §241.4(i)(1), which requires a personal interview of an alien detained for 180 days, are moot. See

Calderon Jiminez v. Neilsen, 2018 WL 910716 at *2 (D. Mass. Feb. 15, 2018)(citing cases).[1]

(b) As the court is considering postponing the November 4, 2019 hearing to November 20 and 21, and possibly later, to permit additional time for briefing and preparation, the parties shall state whether there is any reason that it should not do so.

                                                            /s/ Mark L. Wolf
                                         UNITED STATES DISTRICT JUDGE

---

[1] The October 11, 2019 testimony of Michael V. Bernacke indicates that Immigration and Customs Enforcement has regularly violated the personal interview requirement of 8 C.F.R. §241.4(i)(1). As this case is now a class action, the court is concerned that this may be an issue capable of repetition, yet evading review, and therefore not moot. See e.g. Kingdomware Techs. Inc. v. United States, 136 S.Ct. 1969, 1976 (2016).

2