# EXHIBIT A

# Enforcement and Removal Operations
## Office of the Executive Associate Director

To: Field Office Directors, Deputy Field Office Directors, and Assistant Field Office Directors

Please immediately distribute this guidance to your employees.

This message serves as a reminder of the regulatory requirement that any alien detained in ICE custody who is subject to an administratively final order of removal and has not been removed or released by the expiration of the statutory 90-day removal period described in section 241(a)(1)(A) of the Immigration and Nationality Act (INA) be provided a personal interview under 8 C.F.R. § 241.4(i). Effective immediately, field offices are to implement the procedures set forth below to ensure that such interviews are timely conducted prior to transferring jurisdiction of the custody review to the ERO Removal Division, pursuant to 8 C.F.R. § 241.4(c)(2).

- ***For which detainees must a personal interview be conducted?***

A personal interview under 8 C.F.R. § 241.4(i) must be conducted in the case of any alien who is detained in ICE custody, subject to an administratively final order of removal, and has not been removed or released prior to the expiration of the 90-day removal period, with the exception of any alien who has failed to comply with removal efforts pursuant to INA § 241(a)(1)(C) and whose case has been fully documented as required by 8 C.F.R. § 241.4(g)(5), and any alien ERO has notified of its intention to execute the order of removal pursuant to 8 C.F.R. § 241.4(g)(4).

- ***When must ERO provide notice of the personal interview?***

The template Decision to Continue Detention letter must be provided to the alien and his or her counsel of record, if any, if the alien is not removed or released prior to the expiration of the statutory 90-day removal period. The template letter provides notice that ERO will conduct a personal interview as part of the 180-day custody review and that the alien will be notified of the date and time of the interview approximately 30 days prior to the scheduled interview. A copy of the template is attached. The Decision to Continue Detention must be forwarded by the ERO field office to the ERO Removal Division at the conclusion of the 90-day review as part of the 180-day transfer packet.

The ERO field office must also provide a separate written Notice of Interview for Review of Custody Status to the alien and his or her counsel of record, if any, approximately 30 days before the scheduled interview.  A copy of the template notice is attached.  In order to ensure that the interview is conducted timely, the notice should be provided to the alien and his or her counsel of record, if any, between day 135 – 145 of post-order custody.

- ***When must the interview be scheduled/conducted?***

The interview must be conducted after the expiration of the 90-day removal period but before the ERO field office transfers jurisdiction of the case to the ERO Removal Division for further custody review.  The alien may waive the time requirements for conducting the interview.

- ***Who must make up the interview panel?***

Pursuant to 8 C.F.R. § 241.4(i)(1), a personal interview must be conducted by a review panel consisting of two members from ICE professional staff.  The ERO Removal Division is delegating the authority to select the review panel to the Field Office Director, Deputy Field Office Director, or Assistant Field Office Director in the field office with administrative control over the alien's case.  The ERO Removal Division will provide assistance, as needed.  The officer with case management responsibilities for an alien **may not** participate on the review panel.   The panel's custody decision must be unanimous, otherwise, an ERO Removal Division Detention and Deportation Officer will be added to the panel.  A recommendation by a three-member review panel must be by majority vote.

- ***What are the personal interview requirements?***

The requirements for the personal interview are set forth at 8 C.F.R. § 241.4(i)(3)-(4).  An interpreter must be provided at no cost to the alien if the panel determines that an interpreter is required.  The alien may affirmatively request an interpreter or the panel may determine one is necessary even absent a request.

The alien may be accompanied by a legal representative or other person to assist him, at no expense to the government, subject to reasonable security concerns, and the facility's and panel's discretion.  The alien may submit evidence in support of release to the panel.  Any such evidence must be in English.

The interview may take place in person or may be conducted using video conference capability.

The panel may allow the alien to make a statement and shall review any additional documents in English that the alien presents in support of release.  The alien is required by regulation to respond to questions or provide other information when requested to do so

by the panel.  The panel shall question the alien on whether the alien is presently a non-violent person, the alien's likelihood to remain non-violent, pose a threat to the community, violate ERO conditions of an Order of Supervision, or present a flight risk if released.  In addition, the panel shall question the subject on his or her current compliance with ERO instructions listed on Form I-229 and Consular-specific requirements for travel documents.  The panel shall question the alien on any information the alien possesses that relates to issuance of travel documents necessary to effectuate the alien's removal.

- ***What are the post-interview requirements?***

Upon completion of the interview and panel deliberations, the review panel shall issue a written recommendation that the alien be released or remain in custody pending removal or further review.  The written recommendation must include a brief statement of the factors that formed the basis for the review panel decision.  8 C.F.R. § 241.4(i)(5).   A template memorandum is attached.  The written panel recommendation must be submitted to ERO Removal Division as part of the transfer checklist packet that is transmitted by the field office when referring any case to the Removal Division for further custody review after expiration of the 90-day removal period as part of the Removal Division's 180-day custody review.

- ***Who makes the custody determination upon submission of transfer checklist packet?***

The Assistant Director for Removal (ADR) or his or her designee shall consider the written panel recommendation and any custody review materials submitted (including anything submitted by the alien in English).  The ADR's review will include consideration of the factors listed at 8 C.F.R. § 241.4(f).  Before making a decision to release, the ADR must be able to reach the conclusions listed at 8 C.F.R. § 241.4(e).  The ADR is not bound by the panel recommendation.  8 C.F.R. § 241.4(i)(6).

Please direct any questions to the country-specific Detention and Deportation Officer and / or Unit Chief on the attached spreadsheet and link ███████████████████████████

**Limitation on the Applicability of this Guidance.** This message is intended to provide internal guidance to ERO, which may be modified, cancelled, or superseded at any time.  It does not, is not intended to, shall not be construed to, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any person in any matter, civil or criminal.

*Attachments:   Template for the Continued Detention letter;*
*Notice of Interview; Template Panel Recommendation Memorandum*

*Enrique M. Lucero*

*Acting Deputy Executive Associate Director*
*Enforcement and Removal Operations*

This message expires one year from the date it was sent, pursuant to ERO policy.

NOTICE: This communication may contain privileged or otherwise confidential information. If you are not an intended recipient or believe you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use this information.  Please inform the sender that you received this message in error and delete the message from your system.



*Office of Enforcement and Removal Operations*

[Insert Alien name, A# and
Detention location]

## Notice to Alien of Interview for Review of Custody Status

U.S. Immigration and Customs Enforcement (ICE) periodically reviews the custody status of detained aliens who have final orders of removal, deportation, or exclusion.  You are required to cooperate with ICE in effecting your removal from the United States.

In determining whether you may be recommended for release, ICE will consider whether there is a significant likelihood of your removal in the reasonably foreseeable future, and whether you pose a danger to the community or pose a risk of flight.

You will be interviewed for this purpose and you are scheduled to appear for this interview on:_____at:_____, at_____
        (Date)           (Time)             (Location)
to discuss whether or not you will be recommended for release.  If you wish for additional time to prepare for the interview, you may request that the interview date be postponed.  If the hearing is rescheduled at your request, you waive the right to have the interview prior to the date that jurisdiction over your custody status shifts to the Enforcement and Removal Operations Removal Division under 8 C.F.R. § 241.4(c)(2).

In determining whether you may be released, ICE may consider, but is not limited to considering the following:

1. Whether your removal is significantly likely in the reasonably foreseeable future;
2. Criminal convictions and criminal conduct;
3. Other criminal history and immigration history;
4. Sentence(s) imposed and time actually served;
5. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
6. Probation history;
7. Disciplinary problems while incarcerated;
8. Evidence of rehabilitative effort or recidivism;
9. Equities in the United States;
10. Cooperation in obtaining your travel document; and
11. Any available mental health reports.

You are required to complete the information on the following page.  You will be notified of the decision in your case when the custody review has been concluded.

**Notice to Alien of Interview for Review of Custody Status**
Page 2
[Insert alien name &
    And A#]

**I do_____do not_____want a personal interview.**

**If you want an interview, please check the appropriate box(es) below:**

☐    Check this box if you need an interpreter for your interview.
    Language/Dialect: _____

☐    I will be assisted at this interview by a representative of my own choosing.

    Name:_____
    I understand I must notify this person of the time and place of my interview. The
    representative must be at least 18 years of age.

    You may submit any additional documentation you wish to be considered in support of your
release at the time of your interview.  English translations must be provided pursuant to 8 C.F.R. §
103.2(b)(3).

    Signature of Respondent: _____

---

**PROOF OF SERVICE**

**(Officer to complete both (a) and (b) below.)**

    (a)    I _____, _____, ___
                        Name of ICE Officer                                    Title
certify that I served _____ with a copy of
                                        Name of detainee
this document at _____ on _____, at _____.
                            Institution                            Date                Time

    (b)    I certify that I served the custodian _____,
                                                            Name of Official
_____, at _____, on
            Title                                        Institution
_____ with a copy of this document.
            Date

( ) cc:  Attorney of Record or Designated Representative
( ) cc:  A-File