# EXHIBIT D



**Questions and Answers**
**Provisional Waiver Engagement**
**September 20, 2016**

*Eligibility*

1) Does the provisional waiver now cover people who came to the U.S. under J-1 visa or C/D visa and became out of status?

    **USCIS Response:**

    Any individual who meets the requirements for the provisional waiver process and who is consular processing his or her immigrant visa abroad can obtain a provisional waiver regardless of the individual's current status in the United States.

2) If a person has a young child who is a U.S. citizen and an approval notice as a spouse of a U.S. citizen, but has since separated from the spouse because of domestic violence can she still file the 601A? Additionally, when she initially entered the U.S. she committed fraud/misrepresentation, can she still file the 601A or would she need to file another waiver?

    **USCIS Response:**

    We cannot address case-specific hypotheticals. However, we can provide you general information about the provisional waiver process. The provisional waiver process allows those individuals who are statutorily eligible for an immigrant visa (immediate relatives, family-sponsored or employment-based immigrants as well as Diversity Visa selectees) and who only need a waiver of inadmissibility for unlawful presence under section 212(a)(9)(B) of the Immigration and Nationality Act to apply for the waiver in the United States before they depart for their immigrant visa interviews.

    When adjudicating provisional waiver applications, USCIS will only consider whether the applicant has established extreme hardship to a qualifying relative and whether the applicant warrants a favorable exercise of discretion. USCIS will not assess whether the individual is eligible for the immigrant visa or will ultimately be admissible to the United States. The U.S. Department of State (DOS) (at the time of the immigrant visa interview), and U.S. Customs and Border Protection (CBP) (at the time of entry into the United States) makes these determinations.

    USCIS cautions individuals that even if USCIS approves the provisional waiver application, DOS may find the individual inadmissible on other grounds at the time of the immigrant visa interview and CBP may find an individual inadmissible at the time of entry. If DOS finds the individual to be inadmissible on grounds other than the 3-year or 10-year unlawful presence

bar or ineligible for the immigrant visa, the approved provisional waiver is automatically revoked.

3) Does the new rule only apply to someone who has unlawful presence in the U.S.? Can someone apply if he or she has committed immigration fraud?

**USCIS Response:**

Please see the responses to Questions 1 and 2.

4) Is it possible to apply for a provisional waiver based on extreme hardship to a U.S. citizen adult son or daughter?

**USCIS Response:**

No. The law governing provisional waivers, INA 212(a)(9)(B)(v), does not allow for an extreme hardship showing to an adult son or daughter.

To be eligible for a provisional waiver of the 3-year or 10-year unlawful presence bar, the applicant must establish extreme hardship to his or her U.S. citizen or Lawful Permanent Resident (LPR) spouse or parent. USCIS cannot approve a provisional waiver if the individual demonstrates extreme hardship to someone other than the U.S. citizen or LPR spouse or parent. Note, however, that hardship experienced by a non-qualifying relative can be considered as part of the extreme hardship determination, but only to the extent that such hardship affects a qualifying relative.

5) If a DACA recipient was to file for the I-601A, will he or she need to leave the country also? Or should DACA recipients not file for this?

**USCIS Response:**

Yes. Only individuals who seek a provisional waiver must depart the United States to consular process abroad. Legal questions related to eligibility should be directed to a legal representative who specializes in immigration law.

*Qualifying Relatives*

6) Can we use the principal as a qualifying relative for derivatives once he or she becomes a lawful permanent resident? It seems illogical to require that the derivatives prove hardship to their own U.S. citizen or lawful permanent resident spouse or parent – if they could do that, they would not need to be derivatives, but could file their own individual I-601A waiver.

**USCIS Response:**

2

We cannot address case-specific hypotheticals.  However, any individual who meets the requirements for the provisional waiver process and who is consular processing his or her immigrant visa with DOS abroad can obtain a provisional waiver.

Whether an individual requires a waiver of inadmissibility, such a provisional waiver, depends upon the individual's actions or immigration history. Each immigrant's inadmissibility is determined individually; if found inadmissible, the individual may apply for a waiver, if available.

7) If the qualifying relative for the I-601A is deceased, do the requirements under 204(I) have to be met?

   **USCIS Response:**

   To obtain a provisional waiver approval, the individual must meet the requirements of INA section 212(a)(9)(B)(v) and 8 CFR 212.7(e). If an individual meets all of the requirements of INA 204(l), he or she may be able to benefit from the determination that the death of the qualifying relative is the equivalent of extreme hardship.

8) For purpose of I-601A, if the petitioner is not a qualified relative, (a U.S. citizen child for example), could only the lawful permanent resident mother be the qualified relative?

   **USCIS Response:**

   We cannot address case-specific hypotheticals.  However, the statutory provision governing a waiver of the 3-year or 10-year unlawful presence bar, INA section 212(a)(9)(B)(v), provides that the individual must show extreme hardship to his or her U.S. citizen or LPR spouse or parent. Legal questions related to eligibility should be directed to a legal representative who specializes in immigration law.

9) For an employment-based petition, do we have to prove hardship to the qualifying relative or to the employer?

   **USCIS Response:**

   The statutory provision governing a waiver of the 3-year or 10-year unlawful presence bar, INA section 212(a)(9)(B)(v), provides that the individual must show extreme hardship to his or her U.S. citizen or LPR spouse or parent.  A U.S. employer is not a qualifying relative under the statutory provision.

10) A U.S. citizen mother files and gets an I-130 approved for her married daughter and the married daughter meets the eligibility criteria for the I-601A waiver.  The U.S. citizen mother has multiple major health problems and is totally dependent on her married daughter (and married daughter's husband) for her care.  The daughter's husband meets the eligibility criteria for the I-601A waiver but has no qualifying relatives of his own.  Is the I-601A

waiver of the married daughter as principal beneficiary sufficient for both her and her husband?

**USCIS Response:**

We cannot address case-specific hypotheticals. Each applicant for a provisional waiver must meet the requirements of INA section 212(a)(9)(B)(v) and 8 CFR 212.7(e) on his or her own. Legal questions related to eligibility should be directed to a legal representative who specializes in immigration law.

*Voluntary Departure, Withholding of Removal and Removal Orders*

11) Under what circumstances can a person with a voluntary order of removal that converted to a removal order qualify for an I-212 and I-601A?

**USCIS Response:**

8 CFR 212.2(j) permits an individual with an administratively final order of removal to apply for a conditional approval of a Form I-212, Permission to Reapply for Admission After Prior Removal. The requirements to obtain an approved Form I-212 are outlined on the form and the form instructions. The approval is conditioned upon the individual's departure from the United States.

8 CFR 212.7(e)(4)(iv) permits an individual who has already filed and obtained a conditionally approved Form I-212 to apply for a provisional waiver. The requirements to obtain a conditionally approved Form I-212 and Form I-601A are outlined in each form and the form instructions.

12) If a grant of voluntary departure is pending, is the applicant eligible for the provisional waiver?

**USCIS Response:**

No. Please see the Form I-601A's Instructions for a detailed explanation.

13) Is a person with a withholding of removal still eligible for the I-212 and/or the I-601A? Is this person considered to have a final order of removal while he or she remains in the U.S.?

**USCIS Response:**

We cannot address case-specific hypotheticals. However, in general, a court must enter an order of removal before being able to grant withholding of removal. See *Matter of I-S- & C-S-*, 24 I&N Dec. 432 (BIA 2008). If the order is administratively final, a foreign national may file a Form I-212 if he or she meets the requirements outlined in INA 212(a)(9)(A), 8 CFR 212.2(j) and 8 CFR 212.7(e).

4

Before the foreign national can file a provisional waiver application, he or she must have obtained an approved Form I-212. Legal questions related to eligibility should be directed to a legal representative who specializes in immigration law.

14) If a person has been approved for withholding of removal, and has an I-130 approved through a qualifying relative, does the person need to file the I-212 or does the person need to open the court case before applying for the I-212?

    **USCIS Response:**

    Please see response to Question 13. An individual who is in active removal proceedings that are not administratively closed is not eligible for a provisional waiver. Legal questions related to eligibility should be directed to a legal representative who specializes in immigration law.

15) If a person has a cancellation of removal order, will they need to reopen the case to vacate the order or is filing an I-212 enough?

    **USCIS Response:**

    We cannot address case-specific hypotheticals. However, in general, before a foreign national can file a provisional waiver application, he or she must have obtained an approved Form I-212. If an individual has a removal order that is administratively final, the individual may file a Form I-212 if he or she meets the requirements outlined in INA 212(a)(9)(A), 8 CFR 212.2(j) and 8 CFR 212.7(e).

    We note that a person granted cancellation of removal under INA section 240A is a lawful permanent resident, and the individual does not have to obtain an immigrant visa or seek a provisional waiver unless the individual subsequently lost LPR status. Legal questions related to eligibility should be directed to a legal representative who specializes in immigration law.

16) Is a person who has a final order of removal, and who has moved to reopen proceedings (and that motion is on appeal before the Ninth Circuit currently), permitted to file an I-212 and, if approved, file an I-601A?

    **USCIS Response:**

    We cannot address case-specific hypotheticals. In general, an individual may apply for a Form I-212 only if he or she meets the conditions of INA section 212(a)(9)(A) and 8 CFR 212.2(j). Legal questions related to eligibility should be directed to a legal representative who specializes in immigration law.

17) Whether an individual with a final order of removal in absentia, who gets a conditional I-212 and I-601A approved, would still have the five year bar applied due to the separate and independent ground of inadmissibility of failing to appear at a removal hearing or if it would be waived as well?

   **USCIS Response:**

   We cannot address case-specific hypotheticals. In general, the provisional waiver process allows those individuals who are statutorily eligible for an immigrant visa and who only need a waiver of inadmissibility for unlawful presence to apply for that waiver in the United States before they depart for their immigrant visa interview.

   However, when adjudicating provisional waiver applications, USCIS will only consider whether extreme hardship has been established and whether the applicant warrants a favorable exercise of discretion. USCIS will not assess whether the individual is inadmissible because the Department of State (DOS) (at the time of the immigrant visa interview), and U.S. Customs and Border Protection (CBP) (at the time of entry into the United States) makes this determination.

   USCIS cautions and reminds individuals that even if USCIS approves the provisional waiver application, DOS may find the individual inadmissible on other grounds at the time of the immigrant visa interview and CBP may find an individual inadmissible at the time of entry. If DOS finds the individual inadmissible on other grounds or ineligible for the immigrant visa, the approved provisional waiver is automatically revoked. Legal questions related to eligibility should be directed to a legal representative who specializes in immigration law.

18) If a person who has been ordered removed in absentia applies for an I-212, which is approved, and then files an I-601A, how does that affect or not affect the 212(a)(6)(B) ground of inadmissibility and whether that will come up at the consular interview? It is not clear whether the I-212 resolves 212(a)(6)(B) or not.

   **USCIS Response:**

   Consent to reapply obtained under INA 212(a)(9) and 8 CFR 212.2(j) only addresses inadmissibility for INA section 212(a)(9)(A)(inadmissible for prior removal). The Form I-601A only addresses inadmissibility for unlawful presence under INA 212(a)(9)(B). Please see also USCIS's response to Question 17.

19) Where should an applicant with a removal order file the I-212? Is it the district office where the applicant resides?

   **USCIS Response:**

Please visit the Direct Filing Address for Form I-212 web page for information on where to file Form I-212.

20) Does a person who has multiple deportations qualify for an I-601A waiver?

**USCIS Response:**

Please see USCIS's response to Question 2.

*Form I-212*

21)  How long is the I-212 valid for after it is approved?  Does it expire?

**USCIS Response:**

Form I-212 once granted is generally remains valid unless it is revoked. A conditionally approved Form I-212 under 8 CFR 212.2(j) is conditioned upon the individual's departure from the United States.

22) When should the I-212 be filed, before the I-130 petition is filed? While the I-130 petition is pending? Or after the I-130 has been approved?

**USCIS Response:**

In general, a Form I-212 is an ancillary application that supports an application for adjustment of status or an immigrant visa application. However, it can be filed at any time.

23) The I-212 reads as though the person completing it is residing outside the U.S.  How do we complete it if the person hasn't left the U.S.?

**USCIS Response:**

Please follow the form's instructions.

24) If a person has an approved I-212 can he or she go ahead with the process without going through the court? Or do the proceedings have to be reopened and terminated before they can leave the U.S. and return?

**USCIS Response:**

We cannot address case-specific hypotheticals.  However, in general, an individual whose removal proceedings are reopened only qualifies for a provisional waiver if his or her removal proceedings are administratively closed or terminated at the time of filing the Form I-601A. Legal questions related to eligibility should be directed to a legal representative who specializes in immigration law.

25) Does the applicant need to wait 10 years in his native country to be eligible for the I-212?

   **USCIS Response:**

   We cannot address case-specific hypotheticals. In general, an applicant's inadmissibility period and eligibility for a waiver or consent to reapply depends on the specific facts in his or her case.
   Legal questions related to eligibility should be directed to a legal representative who specializes in immigration law.

26) The instructions for Form I-601A state that a person who has a final order of removal can apply for Form I-212, "under Section 212(a)(9)(A)(iii) of the Act and 8 CFR 212." However, the current Form I-212 does not list such category as one of the reasons for the application and therefore the form does not cover the category of people who have an order of removal but who never left the country. Is the USCIS going to update the form to include this category of applicants in compliance with the expanded rules for Form I-601A application?

   **USCIS Response:**

   USCIS will review the form as part of the next form revision and make any updates to the instructions and website to conform to any revisions made on the form.

27) It does not appear that the I-212 (nor the accompanying instructions or website with direct filing addresses) has been updated to reflect the change, or if it has been updated, it does not clearly reference cases where a provisional waiver will be filed. The direct filing address list refers to specific statutory provisions, but it is not clear if this information is current. Additionally, referring to those specific statutory provisions will not be helpful to applicants who file pro se – instructions that provide the information in plain English would be more helpful to the general public.

   **USCIS Response:**

   USCIS will review the form as part of the next form revision and make any updates to the instructions and website to conform to any revisions made on the form.

*Filing I-601A*

28) When families are applying together, should all applications be sent together in the same packet? Can the same attached documents used for one applicant be used for all other applicants since it is the same qualifying relative for each application? Or must each application be sent separately with its own document and include a reference to other family members' applications?

   **USCIS Response:**

We recommend that family members who are applying together submit the applications in one packet.

However, please ensure that each application is accompanied by a separate fee payment and that each package has its own set of evidence. We also recommend that you reference other family members' applications.

29) On page 4 of the old application, part 3, there are four boxes.
    a. 3.a. has a box of U.S. citizen spouse
    b. 3.b. has a box for U.S. citizen parent
    c. 3.c. has a box for U.S. citizen son or daughter
    d. 3.d. has a box for self (Form I-360 petitioner only)

The new form does not have box 3.c. and a box for 3.d. for son or daughter. Does this mean the petitioner cannot petition for their parent? Has this right been eliminated in the new provisional waiver rule?

**USCIS Response:**

No. A U.S. citizen son or daughter may petition for his or her foreign national parent(s) if permitted under the INA. The possibility of petitioning for one's parents under the law has not changed.

With the expansion of the I-601A Provisional Waiver Process to immigrants other than immediate relatives, USCIS restructured Part 3 of the old form for purposes of the new form. The new form asks about the type of petition and the case number. With the expansion of the provisional waiver program, it no longer matters what type of approved immigrant petition an applicant for provisional waiver has. It only matters that the applicant has an approved immigrant petition.

*Extreme Hardship*

30) Is the Oct 2015 extreme hardship guidance in effect?

**USCIS Response:**

USCIS published the final extreme hardship guidance on Friday, October 21, 2016. The guidance has an effective date of December 5, 2016.

31) Under 204(l), please clarify if USCIS will presume extreme hardship in any family category when the qualifying relative is the principal beneficiary or petitioner who died.

**USCIS Response:**

9

In general, INA 204(l) allows USCIS to approve, or reinstate approval of, an immigrant visa petition and certain other benefits even though the petitioner or the principal beneficiary has died. INA 204(l) also provides that it applies generally to "any related applications," thereby including applications for waivers related to immigrant visa petitions.

Under this provision, a foreign national who establishes that the requirements of INA 204(l) have been met may apply for a waiver even though the qualifying relative for purposes of extreme hardship has died. In cases in which the deceased individual is both the qualifying relative for purposes of INA 204(l) and the qualifying relative for purposes of the extreme hardship determination, the death of the qualifying relative is treated as the functional equivalent of a finding of extreme hardship.

Only U.S. citizen spouses and parents, and LPR spouses and parents are qualifying relatives for purposes of a provisional waiver and the extreme hardship determination. INA 204(l) does not change this requirement. The qualifying relative who died must have already been a U.S. citizen or permanent resident at the time of death.

32) If a lawful permanent resident grandmother has a severe health ailment that requires constant financial and physical help from the applicant, will that qualify as extreme hardship? What if it is a spouse or parent with the severe illness?

    **USCIS Response:**

    We cannot address case-specific hypotheticals. In general, whether an applicant has established extreme hardship to a qualifying relative is dependent on the circumstances of each case. USCIS officer make a case-by-case determination based on the totality of circumstances and factors presented by the applicant. For more information on USCIS' extreme hardship determination, please see Volume 9, Part B of the USCIS Policy Manual.

*Other Questions*

33) After the I-601A is approved and the applicant is going outside the United States for the visa interview, can he or she bring the records of the medical exam done in the United States or must the exam be done by a qualifying immigration physician in the country where the interview is being conducted?

    **USCIS Response:**

    For purposes of immigrant visa processing with DOS, an applicant should follow DOS' instructions on immigrant visa processing. An applicant can find general information on immigrant visa processing on DOS' website at www.state.gov.

    A medical examination conducted by a USCIS-designated civil surgeon is only valid for purposes of obtaining immigration benefits while in the United States; such an examination cannot be used for immigrant visa processing with DOS.

34) Please confirm that under the new rule, USCIS will not assess or consider possible permanent bars when adjudicating Form I-601A.

   **USCIS Response:**

   As part of the provisional waiver adjudication, USCIS does not assess an applicant's inadmissibility. USCIS only considers whether extreme hardship has been established and whether an applicant warrants a favorable exercise of discretion.

35) Can you please clarify the meaning of the processing time dates on the USCIS website. The website says that, as of July 31, 2016, USCIS is processing cases filed on January 20, 2016. Does this mean that there is an 8 or 10-month processing time since today is September 20, 2016?

   **USCIS Response:**

   USCIS posts its processing times on USCIS.gov (NBC Processing Times). The processing times are updated regularly. The processing times reflect what cases officers are currently working on as of the date the chart was posted (see on the top of the chart).

36) How long is the provisional waiver approval valid? Does it expire?

   **USCIS Response:**

   An approved provisional waiver does not expire.

   A provisional waiver is valid when USCIS grants the waiver but it is not effective until the applicant departs from the United States, attends his or her DOS immigrant visa interview and the DOS consular officer determines that he or she is eligible for an immigrant visa. See 8 CFR 212.7(e)(12). Until the provisional waiver takes full effect as outlined in 8 CFR 212.7(e)(12), USCIS may reopen and consider its decision at any time. Even once the waiver is fully effective, USCIS may still reopen and consider its decision at any time. See 8 CFR 212.7(e)(13) and 8 CFR 212.7(a)(4).

37) In a sibling petition, after the principal with qualifying relative (parents) returns to the U.S., the follow to join family members now apply for a waiver with the principal (now a lawful permanent resident) as qualifying relative. Can the family members return to the U.S. as follow to join beneficiaries of principal's sibling petition? Or must the principal file an I-130 for the family members instead?

   **USCIS Response:**

   We cannot address case-specific hypotheticals. Legal questions related to eligibility should be directed to a legal representative who specializes in immigration law.

> For general information regarding how to petition for family members, please see our guide titled ***I am a U.S. citizen - How do I help my relative become a U.S. permanent resident?*** at https://www.uscis.gov/sites/default/files/USCIS/Resources/A1en.pdf.

38) A family in fourth preference, including the principal beneficiary, her spouse, a 20-year old child, and a 15-year old child, with a current priority date.  The qualifying relative is a lawful permanent resident parent of the principal. We will submit an I-601A for the principal (being that she is the only one in the group with a qualifying relative) and subsequently complete a DS260 form for her and her 15-year-old child since he has not accrued any unlawful presence being that he is under 18.  On the DS260 we would list the spouse and the 20-year-old as "following to join." Once the principal beneficiary receives her lawful permanent resident status, she will become the qualifying relative for her spouse and her 20-year-old.  We then submit I-601A for the spouse and the 20-year-old and continue with the consular processing for these two beneficiaries.  Will CSPA apply in locking the 20-year-old's age at the time the mother's DS260 was done?

   **USCIS Response:**

   Please see also the response above to answer to Question 37?.

   The CSPA changes how a child's age should be calculated for purposes of eligibility for certain immigration benefits. For detailed information about the applicability of the CSPA in certain scenarios, see the CSPA information page on our website and the Adjudicator's Field Manual, Chapter 21.2(e).