# EXHIBIT A

UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF MASSACHUSETTS


***********************************

LILIAN PAHOLA CALDERON JIMENEZ,
et al.,

                Petitioners,

vs.                              CA NO. 1:18-CV-10225-MLW

KEVIN McALEENAN, et al.,

                Respondents.

***********************************


                      CONFIDENTIAL

         VIDEOTAPED DEPOSITION OF MARCOS CHARLES

         WILMER CUTLER PICKERING HALE AND DORR LLP

                    60 State Street

                  Boston, Massachusetts

                  July 16, 2019  9:56 a.m.




                   Darlene M. Coppola

                 Registered Merit Reporter

                Certified Realtime Reporter

```
1    APPEARANCES:
2    Representing the Petitioners:
3         WILMER CUTLER PICKERING HALE AND DORR LLP
4         60 State Street
5         Boston, MA 02109
6         BY:  MICHAELA P. SEWALL, ESQUIRE
7              COLLEEN M. MC CULLOUGH, ESQUIRE
8         T 617.526.6144
9         E michaela.sewall@wilmerhale.com
10   -and-
11        AMERICAN CIVIL LIBERTIES UNION
12        FOUNDATION OF MASSACHUSETTS, INC.
13        211 Congress Street
14        Boston, MA 02110
15        BY:  ADRIANA LAFAILLE, ESQUIRE
16        T 617.482.3170
17        E alafaille@aclum.org
18   -and-
19        LAW OFFICE OF KATHLEEN M. GILLESPIE
20        6 White Pine Lane
21        Lexington, MA 02421
22        BY:  KATHLEEN M. GILLESPIE, ESQUIRE
23        T 339.970.9283
24        E Kathleen.M.Gillespie@outlook.com
```

```
 1   APPEARANCES (Continued):
 2   Representing the Respondents:
 3        U.S. DEPARTMENT OF JUSTICE
 4        Civil Division
 5        Office of Immigration Litigation
 6        Ben Franklin Station
 7        PO Box 868
 8        Washington, DC 20044
 9        BY:  MARY L. LARAKERS, ESQUIRE
10        T 202.353.4419
11        E mary.l.larakers@usdoj.gov
12   -and-
13        U.S. DEPARTMENT OF JUSTICE
14        United States Attorney's Office
15        John Joseph Moakley U.S. Courthouse
16        1 Courthouse Way
17        Suite 9200
18        Boston, MA 02210
19        BY:  EVE A. PIEMONTE, ESQUIRE
20        T 617.748.3369
21        E eve.piemonte@usdoj.gov
22
23
24
```

```
1    APPEARANCES (Continued):
2    Also Representing the Respondents:
3         U.S. DEPARTMENT OF HOMELAND SECURITY
4         15 New Sudbury Street
5         Room 425
6         Boston, MA 02203
7    ███████████████████████
8    ███████████
9    ███████████████████
10
11   Also Present
12   Matthew Costello, Esquire
13   Jonathan Cox, Esquire
14   Darryn Carroll, Videographer
15
16
17
18
19
20
21
22
23
24
```

| | |
|---|---|
| 1   A. No, I do not. | 12:14:28 |
| 2   Q. Did you know if ▮▮▮▮▮▮▮▮ and | 12:14:29 |
| 3 his wife were in the process of | 12:14:31 |
| 4 reconciliation? | 12:14:34 |
| 5   A. I don't know. | 12:14:35 |
| 6   Q. So before deciding to effectuate | 12:14:41 |
| 7 ▮▮▮▮▮▮ removal, you did not know | 12:14:44 |
| 8 anything about his U.S. citizen family, did | 12:14:46 |
| 9 you? | 12:14:41 |
| 10       MS. LARAKERS: Objection. | 12:14:49 |
| 11   A. I don't know anything that is not in | 12:14:49 |
| 12 the file. | 12:14:50 |
| 13 BY MS. SEWALL: | 12:14:52 |
| 14   Q. And you don't know what's in the file? | 12:14:52 |
| 15   A. I can't -- I can't recall what's in | 12:14:54 |
| 16 file. I look at several files. | 12:14:56 |
| 17   Q. So you don't know one way or the other | 12:15:00 |
| 18 whether you considered anything about his U.S. | 12:15:01 |
| 19 citizen family? | 12:15:04 |
| 20   A. No. | 12:15:04 |
| 21   Q. So you didn't even know -- you don't | 12:15:08 |
| 22 know, sitting here today, whether you | 12:15:12 |
| 23 considered the fact that he had children, | 12:15:14 |
| 24 correct? | 12:15:15 |

| | | |
|---|---|---|
| 1 | MS. LARAKERS: Objection. | 12:15:16 |
| 2 | A. I -- I'm sorry? | 12:15:17 |
| 3 | BY MS. SEWALL: | 12:15:19 |
| 4 | Q. You don't know, sitting here today, | 12:15:19 |
| 5 | whether he had any children? | 12:15:20 |
| 6 | MS. LARAKERS: Objection. | 12:15:22 |
| 7 | A. If it was in the file, I took it into | 12:15:23 |
| 8 | consideration. Whatever was in the file, I | 12:15:25 |
| 9 | took into consideration. Whatever was in the | 12:15:26 |
| 10 | case summary, I took it into consideration. | 12:15:28 |
| 11 | Whatever was in the EARM, I took into | 12:15:30 |
| 12 | consideration. | 12:15:33 |
| 13 | Other than that, because I did not | 12:15:33 |
| 14 | speak with ████████, I don't know. I | 12:15:34 |
| 15 | don't know ████████ personally and I | 12:15:43 |
| 16 | do not know his relationship with his wife -- | 12:15:44 |
| 17 | estranged wife or his children or what he does | 12:15:49 |
| 18 | to earn money or what his wife does to earn | 12:15:52 |
| 19 | money because I do not know him personally, | 12:15:55 |
| 20 | nor did I speak with him. That is -- my job | 12:15:58 |
| 21 | is not to speak with the people that we have | 12:16:00 |
| 22 | in custody. | 12:16:07 |
| 23 | Q. Did you ask anybody else to speak with | 12:16:12 |
| 24 | him about these issues? | 12:16:14 |

| | | |
|---|---|---|
| 1 | totality of circumstances, correct? | 12:18:36 |
| 2 | A. Correct. | 12:18:37 |
| 3 | Q. But you couldn't tell me how it was | 12:18:38 |
| 4 | considered within the totality of the | 12:18:39 |
| 5 | circumstances; is that right? | 12:18:41 |
| 6 | MS. LARAKERS: Objection. | 12:18:43 |
| 7 | A. Correct. | 12:18:43 |
| 8 | BY MS. SEWALL: | 12:18:49 |
| 9 | Q. You said, in deciding to effectuate | 12:18:49 |
| 10 | the removal, you would have looked into the | 12:19:02 |
| 11 | case summary, right? | 12:19:05 |
| 12 | A. Correct. | 12:19:06 |
| 13 | Q. You would have looked into the file? | 12:19:08 |
| 14 | A. His A-file. | 12:19:13 |
| 15 | Q. His A-file? | 12:19:14 |
| 16 | A. (Witness nodding.) | 12:19:15 |
| 17 | Q. Is there another file you would have | 12:19:15 |
| 18 | looked into or just the A-file? | 12:19:17 |
| 19 | A. Probably just the A-file, whatever we | 12:19:19 |
| 20 | had, whatever we had available. | 12:19:22 |
| 21 | Q. And you said something about -- you | 12:19:24 |
| 22 | would have looked into what was on EARM? | 12:19:25 |
| 23 | A. Correct. | 12:19:29 |
| 24 | Q. What's -- what would have been on | 12:19:29 |

| | | |
|---|---|---|
| 1 | EARM?  What type of information? | 12:19:30 |
| 2 |            MS. LARAKERS:  Objection.  Don't | 12:19:33 |
| 3 | answer to the extent that it's law enforcement | 12:19:33 |
| 4 | privileged. | 12:19:35 |
| 5 |    A.   Just information about his case. | 12:19:36 |
| 6 |    Q.   Would you have looked into anything | 12:19:38 |
| 7 | else? | 12:19:41 |
| 8 |    A.   His criminal history. | 12:19:42 |
| 9 |    Q.   Where would that have been? | 12:19:43 |
| 10 |    A.   Also within -- somewhere within the | 12:19:45 |
| 11 | summary and within the A-file. | 12:19:47 |
| 12 |    Q.   So the three areas that you -- the | 12:19:52 |
| 13 | three, say, documents, I guess, for lack of a | 12:19:56 |
| 14 | better word, that you would have looked at | 12:20:00 |
| 15 | would have been the case summary, the A-file, | 12:20:01 |
| 16 | and the information about his case on EARM? | 12:20:03 |
| 17 |    A.   Correct. | 12:20:07 |
| 18 |    Q.   And that's the universe of documents? | 12:20:07 |
| 19 |    A.   Yes. | 12:20:10 |
| 20 | | 12:20:43 |
| 21 |      (Exhibit No. 6 marked for | 12:20:55 |
| 22 | identification.) | 12:20:55 |
| 23 | | 12:20:57 |
| 24 | BY MS. SEWALL: | 12:20:57 |