# EXHIBIT B

# Luo, Christina

**From:** Larakers, Mary L. (CIV) <Mary.L.Larakers@usdoj.gov>
**Sent:** Monday, January 27, 2020 11:38 AM
**To:** McCullough, Colleen
**Cc:** Weiland, William H. (CIV); Piemonte, Eve (USAMA); WH ACLU MA Calderon Class Action; Adriana Lafaille; MSegal@aclum.org; kathleen.m.gillespie@outlook.com
**Subject:** RE: Calderon - Response to Intent to Remove Class Members

**EXTERNAL SENDER**

Colleen,

ICE still wishes to move forward with these class members' removal so we do not assent to your motion.

Best,
Mary

---

**From:** McCullough, Colleen <Colleen.McCullough@wilmerhale.com>
**Sent:** Monday, January 27, 2020 9:48 AM
**To:** Larakers, Mary L. (CIV) <mlaraker@CIV.USDOJ.GOV>
**Cc:** Weiland, William H. (CIV) <wweiland@CIV.USDOJ.GOV>; Piemonte, Eve (USAMA) <epiemonte@usa.doj.gov>; WH ACLU MA Calderon Class Action <WHACLUMACalderonClassAction@wilmerhale.com>; Adriana Lafaille <ALafaille@aclum.org>; MSegal@aclum.org; kathleen.m.gillespie@outlook.com
**Subject:** RE: Calderon - Response to Intent to Remove Class Members

Mary,

We intend to file a motion to stay the removal of these two class members today. For purposes of Rule 7.1, please let us know ICE's position on this motion before noon.

Best,
Colleen

---

**From:** McCullough, Colleen
**Sent:** Friday, January 24, 2020 5:47 PM
**To:** 'Larakers, Mary L. (CIV)' <Mary.L.Larakers@usdoj.gov>
**Cc:** Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>; Piemonte, Eve (USAMA) <Eve.Piemonte@usdoj.gov>; WH ACLU MA Calderon Class Action <WHACLUMACalderonClassAction@wilmerhale.com>; Adriana Lafaille <ALafaille@aclum.org>; MSegal@aclum.org; kathleen.m.gillespie@outlook.com
**Subject:** RE: Calderon - Response to Intent to Remove Class Members

Mary,

As we haven't yet heard back about Mr. Rodriguez-Aguasviva and Mr. Rodriguez-Oseguera and the five-day notice window expires on Monday, we intend to file an emergency motion on Monday regarding ICE's decision to remove them. If you have more information about the timing of their removal, or if ICE is willing to delay their removal while the parties discuss their cases, please let us know.

Additionally, please let us know if ICE is willing to send us the EARM print-outs relating to these individuals.

Colleen

**From:** Larakers, Mary L. (CIV) <Mary.L.Larakers@usdoj.gov>
**Sent:** Thursday, January 23, 2020 4:39 PM
**To:** McCullough, Colleen <Colleen.McCullough@wilmerhale.com>
**Cc:** Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>; Piemonte, Eve (USAMA) <Eve.Piemonte@usdoj.gov>; WH ACLU MA Calderon Class Action <WHACLUMACalderonClassAction@wilmerhale.com>; Adriana Lafaille <ALafaille@aclum.org>; MSegal@aclum.org; kathleen.m.gillespie@outlook.com
**Subject:** Re: Calderon - Response to Intent to Remove Class Members

**EXTERNAL SENDER**

Colleen,

I will speak to ICE and let you know as soon as possible.

Best,
Mary

Mary Larakers
Trial Attorney
Office of Immigration Litigation
District Court Section
202-353-4419


> On Jan 23, 2020, at 4:32 PM, McCullough, Colleen <Colleen.McCullough@wilmerhale.com> wrote:
>
> Mary,
>
> You notified us yesterday of ICE's intent to remove two class members based at least in part, if not in whole, on the fact that their final orders were entered in absentia. With respect to the first individual, ICE stated that "he is likely unable to receive a Form I-601A waiver due [to] being inadmissible under Section 212(a)(6)(B) of the Immigration and Nationality Act for failure to attend his removal proceeding." With respect to the second, ICE stated that "he may be unable to" receive the I-601A waiver for the same reason.
>
> As we explained numerous times in our briefing, under Section 212(a)(6)(B) a determination as to inadmissibility based on a person's in absentia order is to made by a consulate or U.S. embassy and relates to the individual's eligibility to receive a visa and be admitted to the United States. 8 U.S.C. § 1182(a). Individuals are only inadmissible if the consulate or embassy finds that they failed to attend their removal proceedings without reasonable cause. This is an entirely different process from the adjudication of I-601A waivers by USCIS. It is not a determination made by ICE and it does not relate to the individual's eligibility to apply for provisional waivers.

Pursuing removal on this basis is inappropriate.  Please let us know whether ICE will refrain from removing Mr. Rodriguez-Aguasviva and reconsider Mr. Rodriguez-Oseguera's removal.

Regards,
Colleen

**Colleen McCullough | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6348 (t)
+1 617 526 5000 (f)
colleen.mccullough@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.