# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*, | ) ) ) ) | |
| Individually and on behalf of all others similarly situated, | ) ) ) ) | No. 1:18-cv-10225-MLW |
| Plaintiffs-Petitioners, | ) ) ) | |
| v. | ) ) | |
| CHAD WOLF, *et al.*, | ) ) | |
| Defendants-Respondents. | ) ) ) | |

## MOTION FOR IMMEDIATE INTERIM RELEASE OF CLASS MEMBER SALVADOR RODRIGUEZ-AGUASVIVA, OR, ALTERNATIVELY, TO SCHEDULE TELEPHONIC HEARING

While Petitioners' motion challenging class member Salvador Rodriguez-Aguasviva's intended removal based solely on his *in absentia* order (Dkt. 466, "Emergency Motion") remains pending, Mr. Rodriguez-Aguasviva is locked up in a facility in which an employee has already been confirmed to have COVID-19.[1]  Respondents do not contend that Mr. Rodriguez-Aguasviva poses any threat to public safety.  *See, e.g.*, McCullough Decl. Ex. A, Dkt. 468-1; Lyons Decl., Dkt. 489-1.  What is more, the government continues to impede a timely resolution of Petitioner's Motion by failing to provide Petitioners or the Court with the documents that it relies upon to defend Mr. Rodriguez-Aguasviva's removal.  *See* Resp'ts' Surreply in Support of

---

[1] Press Release, Sheriff Joseph D. McDonald Jr., Plymouth Co. Sheriff, Statement of Sheriff Joseph D. McDonald Jr., Mar. 23, 2020, www.pcsdma.org/forms/employee_positive.pdf; Jeremy C. Fox, *Plymouth Sheriff's Department Employee Tests Positive for COVID-19*, Bos. Globe (Mar. 23, 2020), https://www.bostonglobe.com/2020/03/23/nation/plymouth-sheriffs-department-employee-tests-positive-covid-19/?event=event25.

their Opp'n 5 n.1, Dkt. 499 (hereinafter "Resp'ts' Sur-Reply"); E-mail from Mary Larakers to

Pet'rs (Mar. 3, 2020 12:37 PM), Costello Decl. Ex. C, Dkt. 495-3.  Given the escalating threat to

his well-being, Petitioners respectfully ask that the Court order Mr. Rodriguez-Aguasviva's

release during the pendency of the Motion.  *See Xochihua-Jaimes v. Barr*, No. 18-71460, Order,

Dkt. 53, at 1 (9th Cir. Mar. 23, 2020) (ordering release of petitioner and staying removal *sua*

*sponte* "[i]n light of the rapidly escalating public health crisis, which public health authorities

predict will especially impact immigration detention centers"); *In The Matter of the Extradition*

*of Alejandro Toledo Manrique*, No. 19-MJ-71055, 2020 WL 1307109, at *2 (N.D. Cal. Mar. 19,

2020) (ordering release of inmate due to COVID-19 outbreak under appropriate bail and

supervision provisions).  In the alternative, Petitioners request a prompt telephonic hearing

regarding Mr. Rodriguez-Aguasviva's removal.  Respondents oppose this motion to the extent it

seeks Mr. Rodriguez-Aguasviva's release and assent to the extent it seeks the scheduling of a

prompt telephonic hearing on Petitioners' Emergency Motion to Enjoin the Removal of Two

Class Members, Dkt. 466.

Petitioners filed their Motion challenging Mr. Rodriguez-Aguasviva's removal based

solely on his *in absentia* order of removal on January 27, 2020.  Emergency Mot. to Enjoin the

Removal of Two Class Members, Dkt. 466.  The Court ordered that Respondents refrain from

removing him from the Court's jurisdiction during the pendency of their Emergency Motion.

Order, Dkt. 469.  The parties completed scheduled briefing on March 5, 2020, and on March 19,

2020, Respondents sought leave to file and thereafter filed a Sur-Reply brief.  *See* Resp'ts'

Assented-to Mot. for Leave to File Surreply, Dkt. 497; Resp'ts' Sur-Reply, Dkt. 499.  During the

pendency of the Emergency Motion, the Commonwealth and the Nation have entered into a State

of Emergency due to the widespread outbreak of the coronavirus disease COVID-19.[2]

Time is of the essence before the virus becomes widespread within Plymouth and other

facilities, which would render Mr. Rodriguez-Aguasviva, who poses no threat to public safety or

national security if released, trapped inside this nightmare scenario.  Experts have found that

prison populations are especially at risk because of crowded, unsanitary facilities and prisoners'

complete inability to practice social distancing.[3]  As the disease takes hold of the state's

Correctional Facilities, Mr. Rodriguez-Aguasviva will be helpless to protect himself:

> [B]ehind bars, some of the most basic disease prevention measures are against the
> rules or simply impossible. Separating sick people from well people to prevent the
> disease from spreading can be nearly impossible in prison, since prisoners are
> already grouped according to security and other logistical considerations. Even
> so-called social distancing can prove impossible. People in prisons and jails live
> every minute of the day in close proximity to each other.[4]

Recognizing the risk the virus poses to inmates and the community at large, District

Attorneys throughout Massachusetts are working to release prisoners to reduce crowding.  The

Suffolk County District Attorney's office, for example, is reviewing the custody of individuals

---

[2] *See* Declaration of a State of Emergency to Respond to COVID-19, Mass. Exec. Order No. 591 (Mar. 20, 2020), https://www.mass.gov/executive-orders/no-591-declaration-of-a-state-of-emergency-to-respond-to-covid-19; Donald J. Trump, *Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID - 19) Outbreak* (Mar. 13, 2020), https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/.

[3] Martin Kaste, *Prisons and Jails Worry About Becoming Coronavirus 'Incubators'*, Nat. Pub. Radio (Mar. 13, 2020, 12:00 PM), www.npr.org/2020/03/13/815002735/prisons-and-jails-worry-about-becoming-coronavirus-incubators; Lauren-Brooke Eisen, *How Coronavirus Could Affect U.S. Jails and Prisons*, Brennan Ctr. For Justice (Mar. 13, 2020), www.brennancenter.org/our-work/analysis-opinion/how-coronavirus-could-affect-us-jails-and-prisons.

[4] The Justice Collaborative, *Explainer: Prisons and Jails are Particularly Vulnerable to COVID - 19 Outbreaks*, https://thejusticecollaborative.com/wp-content/uploads/2020/03/TJCVulnerabilityofPrisonsandJailstoCOVID19Explainer.pdf (emphasis removed).

who "pose no meaningful risk to public safety" for potential release.[5]  Last Friday, the first

Massachusetts prison inmate tested positive for COVID-19.[6]  Since then, there have been seven

more confirmed COVID-19 cases in Massachusetts prisons and jails.[7]

The Court should exercise its authority to release Mr. Rodriguez-Aguasviva from

custody.  Federal courts have inherent authority to release individuals whose cases "present[] the

sort of 'extraordinary circumstances' where release pending completion of *habeas* proceedings is

appropriate."  *Healy v. Spencer*, 406 F. Supp. 2d 129, 130 (D. Mass. 2005) (citing *Glynn v.*

*Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972)) (allowing release of detainee in part because of an

"utter absence of any risk of flight or risk to the community").  The COVID-19 outbreak is just

such an extraordinary circumstance that justifies Mr. Rodriguez-Aguasviva's release before he

faces the prospect of infection without the medical and family support he would have outside of

prison.

Notably, timely resolution of Petitioners' Motion to Enjoin is complicated not only by the

COVID-19 pandemic itself—which has brought challenges for both courts and attorneys—but

also by the government's reliance on disputed factual claims and a secret factual record.

Respondents' position is that Petitioners must simply wait for documents that are indisputably

relevant to the underlying Motion—and heavily relied on by Respondents in their opposition—to

be turned over in the ordinary course of discovery.  *See* Resp'ts' Sur-Reply 5 fn.1; E-mail from

---

[5] Jenifer B. McKim, *As Coronavirus Cases Climb, At Least 6 Mass DAs Move to Release Sick, Elderly Inmates* (Mar. 19, 2020), www.wgbh.org/news/local-news/2020/03/19/rollins-moves-to-release-sick-elderly-inmates-from-prison-to-avoid-coronavirus-infections.

[6] *First Coronavirus Case in Massachusetts Prison Confirmed by Officials*, (Mar. 21, 2020, 5:33 PM), www.wcvb.com/article/inmate-at-bridgewater-prison-massachusetts-treatment-center-tests-positive-for-coronavirus-officials-say/31846456#.

[7] Deborah Becker & Beth Healy, *8 People in Mass. Prisons and Jails Diagnosed with COVID-19* (last updated Mar. 24, 2020, 10:06 AM), www.wbur.org/commonhealth/2020/03/23/coronavirus-massachusetts-prisoner.

Mary Larakers to Pet'rs (Mar. 3, 2020 12:37 PM), Costello Decl. Ex. C, Dkt. 495-3.  Given the escalating public health crisis, Mr. Rodriguez-Aguasviva cannot afford that wait.  This outbreak has reached a critical point before the virus has exploded in Massachusetts correctional facilities and further slowed down the ability of the parties and the Court to react to events.

If the Court does not order Mr. Rodriguez-Aguasviva's release, Petitioners respectfully request that the Court schedule a telephonic hearing as soon as possible regarding their Emergency Motion.  Although Respondents' Sur-Reply brief raises new arguments and issues, in the interest of time, Petitioners are willing to address those issues at oral argument.  Simply put, Mr. Rodriguez-Aguasviva's ongoing detention unnecessarily places his health at risk, and his release—or a swift resolution of the Emergency Motion—would allow him to spend this time safely at home with his family and ensure that he does not spend more time than necessary in prison.

Respectfully submitted this 24th day of March, 2020.

*/s/ Stephen N. Provazza*

Matthew R. Segal (BBO # 654489)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283

Kevin S. Prussia (BBO # 666813)
Michaela P. Sewall (BBO # 683182)
Jonathan Cox (BBO # 687810)
Stephen Provazza (BBO # 691159)
Colleen M. McCullough (BBO # 696455)
Matthew W. Costello (BBO # 696384)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000
kevin.prussia@wilmerhale.com
michaela.sewall@wilmerhale.com
jonathan.cox@wilmerhale.com
stephen.provazza@wilmerhale.com
colleen.mccullough@wilmerhale.com
matthew.costello@wilmerhale.com

*Attorneys for Petitioners*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I certify that, in accordance with Local Rule 7.1(a)(2), counsel for Petitioners conferred

with counsel for Respondents on March 24, 2020 in an attempt to resolve the issues raised in this

motion.  Respondents oppose this motion to the extent it seeks Salvador Rodriguez-Aguasviva's

release and assent to the extent it seeks the scheduling of a prompt telephonic hearing on

Petitioners' Emergency Motion to Enjoin the Removal of Two Class Members, Dkt. 466.

*/s/ Stephen N. Provazza*
Stephen N. Provazza