UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, et al., <br><br> Defendants-Respondents. | No. 1:18-cv-10225-MLW |

**RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION FOR IMMEDIATE INTERIM RELEASE OF CLASS MEMBER**

Missing from Petitioners' request for release is any colorable argument that Mr. Aguasviva's detention is contrary to the Constitution or laws of the United States due to the Coronavirus Disease 2019 ("COVID-19"). Petitioners' motion fails to make any specific allegations about any of the protocols U.S. Immigration and Customs Enforcement ("ICE") has implemented to protect those in its care and custody from COVID-19. Instead, Petitioners claim that "extraordinary circumstances" justify Mr. Aguasviva's release. ECF No. 500 at 4. However, the Court's role is only to decide whether the detention comports with the Constitution and laws of the United States. Mr. Aguasviva's detention is lawful and therefore this Court must deny Petitioners' motion.

Petitioners' entire motion rests on the fact that a single corrections officer at the Plymouth County House of Corrections has tested positive for COVID-19. They allege that this constitutes "extraordinary circumstances" that dictate Mr. Aguasviva's release. ECF No. 500 at 4 (citing

*Healy v. Spencer,* 406 F. Supp.2d 129 (D. Mass. 2005)). However, to the extent this Court finds this non-binding case persuasive, Petitioners misapply the standard. In *Healy,* the Court held that extraordinary circumstances warranted release of the petitioner based on (1) the strength of Petitioners' claim that his underlying detention was unconstitutional, (2) "the absence of any flight or risk to the community," and (3) weakness of the countervailing arguments. *Healy,* 406 F. Supp.2d at 130. Mr. Aguasviva fails to meet this standard. As explained in Respondents' opposition to Petitioners' motion for a stay of removal, Mr. Aguasviva is not likely to succeed on the merits of his claim that he is entitled to release and an injunction staying his removal. ECF Nos. 489, 498. Further, ICE does reasonably believe that Mr. Aguasviva is a flight risk. ECF No. 489-1 at ¶ 35.

Respondents' countervailing arguments against release are also persuasive. Respondents have an interest in detaining Mr. Aguasviva for the purpose of removal and Respondents will be able to remove Mr. Aguasviva shortly after this Court lifts the stay on his removal. Therefore, Mr. Aguasviva is likely to be removed in the reasonably foreseeable future and his detention is lawful under 8 U.S.C. § 1231(a)(6). *Zadvydas v. Davis,* 533 U.S. 678 (2001). The COVID-19 pandemic alone is not enough to make his detention unlawful especially given that Petitioners have not allege – nor could they – that Respondents are unprepared to respond to any spread of COVID-19 within the detained population. Indeed, Respondents have responded to the threat posed by COVID-19 in facilities where aliens are detained across the country.[1] *See* Exhibit A.

---

[1] Respondents have attached declarations from other cases where individuals are seeking release due to COVID-19. Undersigned counsel has been informed that Respondents are preparing a declaration that details the steps Respondents have taken to protect the detained population at Plymouth County House of Corrections, but as of the time of this filing, the declaration was not complete. Respondents intend to file this declaration as soon as possible but no later than 8:00 am on March 26, 2020.

Moreover, Plymouth County has also taken special precautions to protect detainees in their facilities. *See* Exhibit B, Affidavit of Plymouth County Sheriff Joseph D. McDonald. The Plymouth County Correctional Facility is operated by the Plymouth County Sheriff's Department (the "Department"). *Id.* ¶ 2. To provide for the safety and health of its inmates and detained individuals, the Department maintains a full-time medical staff, which is on duty 24-7 and contracts with a vendor to provide an onsite physician. . *Id.* ¶ 3. Additionally, the Department has contacts with hospitals throughout the greater Boston area to provide specialty or advanced care as needed, including Beth Israel Deaconess Plymouth community hospital, which is located within one mile of the Facility. *Id.* The Department has taken special precautions to protect inmates and staff from exposure to the Coronavirus, including the following: 1) beginning in February, the Department enhanced its inmate intake procedure to obtain additional information about travel and exposure to illness; 2) the Department has adopted treatment and detection practices consistent with guidelines from the Center for Disease Controls ("CDC") and Department of Public Health ("DPH"); 3) the Department's health services administrator is in frequent contact with DPH and consults them on the challenges facing the Department; 4) the Department suspended visits by friends, families, and volunteers; 5) the Department restricted attorney visits to non-contact; 6) the Department has kept non-essential staff from entering the Facility, consistent with the governor's order for executive staff; 7) the Department has ceased inmate assignments to the farm operation, community work crew, and other work details outside the Facility; 8) the Department has eliminated unnecessary movement within the Facility; 9) the Department established a housing unit for newly admitted inmates and inmates who leave and return to the Facility, to monitor for signs and symptoms of the virus; 10) inmates remain in the unit until they clear the incubation period; 11) the Department has worked with Massachusetts Court officials to limit travel outside

the Facility by conducting hearings by videoconference and telephone, greatly reducing travel to and from the Facility and resulting potential exposure; 12) the Department has changed recreation and meal schedules to provide more space in the dayrooms; 13) the Department maintains an aggressive cleaning schedule for the housing units and conducts daily sanitation of transportation vans; the Department has educated staff and inmates on sanitation practices and proper social distancing. *Id.* ¶ 4. Currently, the Facility is well below maximum capacity, affording the Department flexibility in making housing assignments that provide more space for the inmates. *Id.* ¶ 5.

As a result, Petitioners cannot meet their burden to establish that either "extraordinary circumstances" or the Constitution and laws of the United States require Mr. Aguasviva's release.[2] Accordingly, the Court should deny their motion for immediate interim release.

---

[2] Petitioners also cite to a recent Ninth Circuit decision releasing a detained alien due to COVID-19 concerns. ECF No. 500 at 2 (citing *Xochihua-Jaimes v. Barr,* No. 18-71460, Order, ECF No. 53, at 1 (9th Cir. March 23, 2020)). However, this decision seemingly conflicts with prior Ninth Circuit case that suggests that the Court lacks *sua sponte* authority to release a detained alien. *See Aguilar-Ramos v. Holder,* 594 F.3d 701, 704 n3 (9th Cir. 2010) ("[W]e are not convinces that we have authority to *sua sponte* release Aguilar. . .").

Respectfully submitted this 25th day of March, 2020.

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

J. MAX WEINTRAUB
Senior Litigation Counsel

/s/*Mary L. Larakers*
MARY L. LARAKERS
(Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Mary Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: March 25, 2020

/s/ *Mary L. Larakers*
Mary L. Larakers
Trial Attorney