UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Individually and on behalf of all others similarly situated, <br><br> Plaintiff-Petitioners, <br><br> v. <br><br> CHAD WOLF, et al., <br><br> Defendants-Respondents. | No. 1:18-cv-10225-MLW |

**STIPULATION CONCERNING REMOTE DEPOSITION**

IT IS HEREBY STIPULATED AND AGREED by the undersigned counsel for Petitioners and for Defendants (collectively, the "Parties") that, pursuant to L.R. 26.1(a)(2), the following protocol shall govern the conduct of depositions in this case until further notice:

1. The deposition shall be conducted remotely using videoconference technology and shall be video-recorded.

2. The Parties shall retain Planet Depos, LLC ("Planet Depos") for court reporting, videoconference and remote deposition services. The Parties agree that a Planet Depos employee may attend the remote deposition to video record the deposition and troubleshoot any technological issues that may arise.

3. The Parties agree that the video-recorded remote deposition may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of the video recording on the basis that the deposition was

taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately. The witness, witness' counsel, and counsel taking the deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions. All other participants shall turn off their video and remain on "mute."

5. No counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

6. Remote depositions shall be recorded by stenographic means, but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the location where the deponent resides.

7. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. Planet Depos will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript. The deponent will have thirty calendar days from receipt of the transcript to review and make corrections prior to the transcript being finalized.

8. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

9. The Party that noticed the deposition shall be responsible for procuring a written transcript and video record of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition, including any costs associated with obtaining a real-time or expedited transcript.

10. The Party that noticed the deposition shall provide Planet Depos with a copy of this Stipulation at least twenty-four hours in advance of the deposition.

11. At the beginning of the deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the Planet Depos employee responsible for video-recording the deposition shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

12. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the Planet Depos employee responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

13. The Parties agree to work collaboratively and in good faith with Planet Depos to assess the deponent's technological abilities and to troubleshoot any issues at least 48 hours in

advance of the deposition so any adjustments can be made.  The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during the deposition and make such provisions as are reasonable under the circumstances to address such issues.  This provision shall not be interpreted to compel any Party to proceed with the deposition if the deponent cannot hear or understand the other participants or if the participants cannot hear or understand the deponent.

14. The deponent shall endeavor to have technology sufficient to appear for a videotaped deposition and bandwidth sufficient to sustain the remote deposition.  Counsel for the deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology.  If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition.

15. Exhibits shall be introduced electronically during the deposition by using the Planet Depos document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

16. The deponent and defending counsel shall be provided a full and accurate copy of any document introduced in accordance with Paragraph 16 at the time the document is introduced.  The document may be so provided directly to the deponent and defending counsel as an electronic download or physical copy ("local copy").  Counsel shall provide the witness the opportunity to review the local copy of the document at the time it is introduced.  During questioning about the document, the relevant portion of the document shall be displayed on the videoconferencing platform (visible to all deposition participants), and counsel and the witness shall refer to the displayed document.  If, at any time and for any reason, the witness desires to

review any other portion of the document, or any other deposition exhibit, in order to answer such questions, the witness may do so by requesting control of the document displayed on the videoconferencing platform or by referring to his local copies.

Respectfully submitted this 15th day of July, 2020.

<div style="display:flex">
<div>

*Counsel for the Respondents*

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

J. MAX WEINTRAUB
Senior Litigation Counsel

/s/ *William H. Weiland*
WILLIAM H. WEILAND
(MA BBO # 661433)
Trial Attorney
U.S. Department of Justice,
Civil Division Office of Immigration
Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 305-0770
(202) 305-7000 (facsimile)
william.h.weiland@usdoj.gov

</div>
<div>

*Counsel for the Petitioners*

/s/ *Matthew W. Costello*
Kevin S. Prussia (BBO # 666813)
Michaela P. Sewall (BBO # 683182)
Jonathan A. Cox (BBO # 687810)
Allyson Slater (BBO # 704545)
Stephen Provazza (BBO # 691159)
Colleen M. McCullough (BBO # 696455)
Matthew W. Costello (BBO # 696384)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
kevin.prussia@wilmerhale.com
michaela.sewall@wilmerhale.com
jonathan.cox@wilmerhale.com
allyson.slater@wilmerhale.com
stephen.provazza@wilmerhale.com
colleen.mccullough@wilmerhale.com
matthew.costello@wilmerhale.com

Matthew R. Segal (BBO # 654489)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283

</div>
</div>