UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al.,<br><br>Individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff-Petitioners,<br><br>　　　　v.<br><br>CHAD WOLF, et al.,<br><br>　　　　Defendants-Respondents. | No. 1:18-cv-10225-MLW |

**PETITIONERS' ASSENTED-TO MOTION TO LIFT
COURT-IMPOSED CONDITIONS OF RELEASE**

Petitioners move to lift conditions of release imposed by the Court on class member Salvador Rodriguez-Aguasviva in its March 25, 2020 Order. Dkt. No. 506. Because claims relating to Mr. Rodriguez-Aguasviva's removal are no longer before this Court, it is appropriate for conditions of release to be set by Immigration and Customs Enforcement (ICE) in a manner consistent with the parties' agreement and the law.

On January 27, 2020, Petitioners filed a motion to enjoin the removal of class member Salvador Rodriguez-Aguasviva. Dkt. No. 466. Petitioners filed a motion for his immediate interim release on March 24. Dkt. No. 500. On March 25, this Court ordered Mr. Rodriguez-Aguasviva's release on the condition that "(a) he reside with his wife in Lawrence, Massachusetts and not leave their residence except for medical reasons, with the approval of Respondents; and (b) he shall be subject to electronic monitoring by Respondents." Dkt. No. 506. The parties then resolved the claims relating to Mr. Rodriguez-Aguasviva's removal, and on April 16, the Court issued a new order stating that "[t]he Order requiring that Rodriguez-

Aguasviva not leave his residence except for medical reasons (Dkt. No. 506) is LIFTED." Dkt. No. 531.  The order did not specifically reference the other conditions of release, including electronic monitoring.  *Id.*

ICE recently removed Mr. Rodriguez-Aguasviva's GPS ankle monitor and replaced it with a system that uses Mr. Rodriguez-Aguasviva's cell phone.  Government counsel has represented to Petitioners' counsel that this technology is providing electronic monitoring. Petitioners seek to ensure that ICE has discretion to remove or adjust any electronic monitoring requirements or other requirements of Mr. Rodriguez-Aguasviva's supervision.  They respectfully ask this Court to lift any Court-imposed conditions of Mr. Rodriguez-Aguasviva's release that remain in its March 25, 2020 Order, Dkt. No. 506.

Respectfully submitted this 27th day of August, 2020.

|  | /s/   Colleen M. McCullough |
|---|---|
| Matthew R. Segal (BBO # 654489)<br>Adriana Lafaille (BBO # 680210)<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF MASSACHUSETTS, INC.<br>211 Congress Street<br>Boston, MA 02110<br>(617) 482-3170<br><br>Kathleen M. Gillespie (BBO # 661315)<br>Attorney at Law<br>6 White Pine Lane<br>Lexington, MA 02421<br>(339) 970-9283 | Kevin S. Prussia (BBO # 666813)<br>Jonathan A. Cox (BBO # 687810)<br>Allyson Slater (BBO #704545)<br>Stephen Provazza (BBO # 691159)<br>Colleen M. McCullough (BBO # 696455)<br>Matthew W. Costello (BBO # 696384)<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br>kevin.prussia@wilmerhale.com<br>jonathan.cox@wilmerhale.com<br>allyson.slater@wilmerhale.com<br>stephen.provazza@wilmerhale.com<br>colleen.mccullough@wilmerhale.com<br>matthew.costello@wilmerhale.com<br><br>*Counsel for Petitioners* |

3

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

I certify that, in accordance with Local Rule 7.1(a)(2), counsel for Petitioners conferred with counsel for Respondents on August 25 and 27, 2020 in an attempt to resolve the issues raised in this motion. Respondents assent to this motion.

                                                    */s/ Colleen M. McCullough*
                                                  Colleen M. McCullough