## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ———————————————— ) | | |
| LILIAN PAHOLA CALDERON JIMENEZ, *et al.*, | ) ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No.  18-cv-10225-MLW |
| | ) | |
| CHAD WOLF, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| ———————————————— ) | | |

## RESPONDENTS' MOTION FOR A PROTECTIVE ORDER UNDER RULE 26 (b)(2)(C)(iii) AND TO LIMIT THE SCOPE OF A DEPOSITION UNDER RULE 30(d)(3)(B)

## INTRODUCTION

Despite this Court's order setting clear limits on discovery, several of the topics in Petitioners' Rule 30(b)(6) deposition notice (the "Notice") are not relevant to any claim in the amended complaint (ECF No. 27) or are overly broad, vague, and not proportional to the needs of the case. This Court should therefore limit the scope of depositions and enter a protective order disallowing Petitioners' topics 9, 19, and 23. *See* Petitioners' Rule 30(b)(6) Deposition Notice, Ex. A. at 7, 9.

Petitioners' topics 9 and 19 broadly seek discovery from U.S. Citizenship and Immigration Services ("USCIS") regarding its adjudication of immigration petitions and benefits. This discovery is beyond the scope of discovery authorized by this Court and the Federal Rules of Civil Procedure. First, these topics are irrelevant to Petitioners' central allegation that "detaining and threatening to detain and remove noncitizen Petitioners" is unlawful. *See* ECF No. 27 at ¶¶ 115, 120. Second, Petitioners' complaint lacks any allegation that USCIS is improperly adjudicating

the applications related to this lawsuit nor does it seek any relief from any USCIS policy or practice. *Id.* ¶¶ 138-45. Finally, this discovery is unrelated to USCIS's implied involvement in Immigration and Customs Enforcement ("ICE") arrests of class members at USCIS offices. A protective order disallowing these topics is therefore appropriate because these topics, related to USCIS's policies and practices, are disproportionate to the needs of the case considering the claims actually raised in the complaint, fall outside the scope of discovery permitted by Rule 26(b)(1), and are beyond the discovery limitations set by the Court. ECF No.366 at ¶¶ 3(a) and (b). *See* Fed. R. Civ. P. 30(d)(3)(B), 26(b)(2)(C)(iii).

Additionally, this Court should disallow Petitioners from taking a deposition on the Department of Homeland Security's ("DHS") "motivations in taking any steps to restrict eligibility for or access to the Provisional Waiver Process, including any motivations relating to racial animus or national origin." Ex. A at 9. This topic seeks Respondents to designate a witness to speak on behalf of DHS despite this Court refusing to authorize discovery from DHS. *See* ECF No. 366. It also seeks information unrelated to the claims in the complaint because the topic is not limited to class members, in geographical location, or to the arrest, detention, and removal of class members. Accordingly, this Court should enter an order prohibiting Petitioners from taking a Rule 30(b)(6) on topic 23.

## PROCEDURAL AND FACTUAL BACKGROUND

### I.      Topics 9 and 19: USCIS Adjudicatory Practices

On April 10, 2018, Petitioners filed a class action complaint against *inter alia* the DHS and ICE. *See generally* ECF No. 27. The complaint's six counts all allege that, for various reasons, arresting, detaining and removing class members is unlawful. ECF No. 1 at ¶¶ 115, 120, 122, 127, 131, 136. The complaint recognizes that ICE is the DHS agency with authority to make detention

and removal decisions regarding class members and thus, seeks relief from ICE's actions. *Id.* at ¶¶ 3, 138-43.

The complaint does not allege that any USCIS action is unlawful nor does it seek an injunction or declaratory relief from any action taken by USCIS. *See generally id* at ¶¶ 138-45. Further, the complaint does not allege that USCIS is unlawfully adjudicating the petitions or applications at issue in the complaint (Forms I-130, I-212, and I-601A) nor allege that USCIS's adjudicatory practices bear on whether ICE's detention and removal of class members is unlawful.

In short, Petitioners' complaint alleges that *three* specific ICE actions — arresting, detaining and removing class members — unlawfully interfere with an alien's pursuit of a provisional unlawful presence waiver. *Id.* at ¶¶ 115, 120, 122, 127, 131. Petitioners do not allege that any other government action, such as USCIS's adjudicatory policies and practices, is unlawful.

On August 28, 2019, this Court authorized discovery from USCIS "that is relevant to the claims in petitioners' Amended Complaint." ECF No. 366. Consistent with this order, Respondents have provided a substantial amount of discovery from USCIS. As of the date of filing, Petitioners have taken the deposition of two USCIS employees (including District Director Denis Riordan) in addition to a Rule 30(b)(6) witness concerning the Notice's topics 6 and 8. *See e.g.* Deposition Transcript of Denis Riordan, Exhibit B. The witnesses also answered questions regarding whether USCIS continued to adjudicate the Form I-130s of individuals arrested at USCIS. *Id.* Respondents have also provided written discovery, including emails, policy memoranda, and guidance related to arrests at USCIS and communication with ICE regarding scheduled interviews of final order aliens at USCIS offices. Respondents will continue to provide discovery from USCIS that is responsive to discovery requests and relevant to the issues in the amended complaint that are within

the compass of Rule 26(b)(1), to wit: whether the arrest, detention, and removal of class members by ICE is unlawful. *See* ECF No. 366.

Petitioners now request that Respondents designate a witness under Rule    30(b)(6)    to testify about 37 topics and subtopics. Respondents seek a protective order from the following topics that are not relevant to any claims in Petitioners' amended complaint, and not within the ambit of Rule 26(b)(1):

1.  All USCIS practices and policies relating to adjudicating the applications that comprise the Provisional Waiver Process;

2.  The reasons that Ms. Amy Chen's I-130 Petition for Alien Relative, filed for her husband, Deng Gao, on June 23, 2016, was not approved until October 30, 2018.

Ex. A at 7, 9.

## II.     Topic 23: DHS Motivations

Petitioners' complaint also alleges, in three paragraphs, that "Executive Order 13768—and Respondents' practice of subjecting noncitizen Petitioners and noncitizen members of the proposed class to detention and removal . . . are motivated by racial animus and animus based on national origin and are unlawful" under the Equal Protection Clause of the Fifth Amendment. ECF No. 27 at ¶ 122. Respondents moved to dismiss this claim, but the Court denied Respondents motion on May 3, 2019, finding that Petitioners had stated a claim under the applicable standard set forth in *Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252 (1977). Trans. of May 16, 2019 Hearing.

On August 20, 2019, the parties submitted their discovery proposals in which they disagreed on the scope of discovery. ECF No. 357. Specifically, Petitioners sought permission to request discovery from *all* of DHS, including DHS and ICE headquarters. *Id.* at 3-4. Respondents

argued that discovery must be limited to ICE Boston because communications not ultimately sent to, or otherwise provided to, ICE Boston are irrelevant to the challenged action in this case: the arrest, detention, and removal of the named Petitioners and class members within the Boston ICE ERO area of responsibility. *Id.* at ¶¶ 6-7. On August 28, 2019, the Court resolved this dispute by allowing Petitioners to "take discovery from ICE Headquarters concerning policy directives given to ICE Boston." ECF No. 366 at ¶ 3. Despite Petitioners' request to take discovery from DHS as a whole, the Court did not authorize this request in its order. *Id.* Petitioners now request that Respondents designate a witness under Rule 30(b)(6) to speak on behalf of DHS *as a whole* on the following topic: "DHS's motivations in taking any steps to restrict eligibility for or access to the Provisional Waiver Process, including any motivations relating to racial animus or national origin." Ex. A at 9.

The parties conferred on many occasions regarding the topics in the Notice and were able to resolve some disputes. Respondents now file this motion to resolve the remaining disputes the parties were unable to resolve amongst themselves.

### III.   LEGAL STANDARD

Rule 30(b)(6) deposition notices, like all other discovery requests, are subject to Rule 26's limitations on the scope of discovery. Under Rule 26(b)(1), discovery is limited to non-privileged matters that are, inter alia, "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A court is required to limit the extent of discovery if it determines that the proposed discovery is beyond the limits set by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(iii); 30(d)(3)(B). This safeguard has become increasingly important since the 2000 amendments to Rule 26 that clarified that courts have the authority to "confine discovery to the claims and defenses asserted in the pleadings and signal[ed] to the parties that they have ***no***

*entitlement* to discovery to develop ***new claims*** or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26, advisory committee's note to 2000 amendments (emphasis added). "The party seeking discovery to which an adversary has objected, bears the burden of showing relevance." *Judson v. Midland Credit Management, Inc.,* C.A. No. 13-11435-TSH, 2014 WL 3829082 at *1 (D. Mass. August 1, 2014).

Since the amendments to Rule 26(b)(1), the allowable scope of discovery is substantially more focused. The 2015 amendments to Rule 26 imposed heightened standards on a party to establish the relevance of discovery sought. *See, e.g., Gilead Scis., Inc. v. Merck & Co.*, No. 13-cv-04057-BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) ("No longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence … [T]he old language to that effect is gone."). Under the new standard, the discovery sought must be relevant to the specific claims or defenses at issue among the parties in the litigation, not just the "general subject matter" of the case. *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 812 (W.D. Pa. 2016); *see also Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2017 WL 2271982, at *4 (E.D. La. May 24, 2017) (denying discovery that, while broadly connected to the issues before the court, was not relevant to the specific claims alleged in the complaint).

The *Cole's Wexford* court explained that, under the 2015 amendments to Rule 26, "discovery requests are not relevant simply because there is a possibility that the information may be relevant to the general subject matter of the action." *Id.* at 812. Rather, as amended, Rule 26 imposes a duty on the court and the parties "to analyze the scope of discovery by considering whether the discovery sought is *relevant to a party's claims or defenses*." *Id.* (emphasis added).

Additionally, amended Rule 26(b)(1) requires proportionality to the needs of the case "considering . . . the importance of the requested discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1).

**ARGUMENT**

      **I.**    **USCIS's Adjudicatory Policies and Practices are Unrelated to any of the Claims in Petitioner's Complaint.**

Because several of the proposed topics in the Notice are unrelated to any of the claims in the first amended complaint, this Court should enter an order limiting Petitioners' 30(b)(6) deposition.

Petitioners seek to depose a designated Rule 30(b)(6) witness regarding:

1. All USCIS practices and policies relating to adjudicating the applications that comprise the Provisional Waiver Process;

2. The reasons that Ms. Amy Chen's I-130 Petition for Alien Relative, filed for her husband, Deng Gao, on June 23, 2016, was not approved until October 30, 2018.

Ex. A at 7, 9.

However, these requests are well beyond the scope of discovery authorized by this Court and Rule 26(b)(1). Throughout discovery, Petitioners have attempted to expand the scope of this lawsuit by characterizing their complaint as a challenge to *any* interference with the pursuit of a provisional waiver. Trans. of August 27, 2019 Hearing at 64:23-25, 65:1-5 ("So I think interference as a broad concept is what we're looking at in terms of USCIS discovery."). However, Petitioners' complaint only alleges that *ICE Boston* has interfered with the "provisional waiver process" by *arresting, detaining, and removing* the named petitioners and class members while they seek a provisional waiver. *See* ECF No. 27 at ¶¶ 115, 120, 122, 127, 131. Petitioners' complaint does not allege that USCIS has been improperly adjudicating applications. Absent this allegation, Petitioners cannot plausibly argue that USCIS's adjudication process is relevant and

otherwise within the compass of Rule 26(b)(1) respecting any claim in the amended complaint. *See Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 122 (E.D. Mich. 2019) ("Rule 26(b)(1) has been narrowed . . . the rule now allows only discovery of evidence that is relevant to the specific claims and defenses at issue.").

Further, whether USCIS is properly adjudicating applications has no bearing on whether ICE's arrest, detention, and removal of class members is unlawful. There is no connection between Petitioners' ability to prove their claim – that ICE's detention and removal of class members is unlawful – and USCIS's adjudication policies and practices. As such, discovery into how USCIS adjudicates applications is irrelevant, unnecessary, and plainly exceeds the scope of discovery under Rule 26(b)(1). *See Highmark Inc.*, 209 F. Supp. 3d at 812 *on reconsideration sub nom. Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947 (W.D. Pa. Feb. 1, 2017) ("Discovery requests are not relevant simply because there is a possibility that the information may be relevant to the general subject matter of the action."); *Waters v. U.S. Capitol Police Bd.,* 216 F.R.D. 153, 159 (D.D.C. 2003) (explaining that certain discovery is unnecessary unless the discovery would yield evidence that would have bearing on plaintiff's claim). Therefore, Petitioners' proposed deposition topics relating solely to how USCIS adjudicates applications is irrelevant to any claim or defense in this litigation and not proportional to the needs of the case. This Court should issue an order limiting the Rule 30(b)(6) deposition accordingly.

Further, Petitioners cannot rely on their unsubstantiated, diffident statements in Court regarding USCIS Form I-130 interviews in order to obtain discovery. *See* Trans. of August 27, 2019 at 65-66. The Federal Rules require that a plaintiff allege unlawful actions *on paper* that comports with Rule 11 and that a defendant have an opportunity to respond to the allegation *before*

discovery is granted on the allegation. Fed. R. Civ. P. 11(b); 26(b)(1). Petitioners seek to side-step the rules by obtaining discovery on USCIS's adjudication practices without *any* pleaded allegation that USCIS is unlawfully interfering with a class member's pursuit of a provisional waiver *and* without providing any opportunity for Respondents to respond.[1] Notwithstanding Petitioners' counsel's candor in admitting that "I don't think we can say anything definitive," Petitioners' speculative surmise that "there may be some recent changes through USCIS interview policies concerning I-130s" relates to no allegation or claim in the complaint. Trans. of August 27, 2019 at 66: 1-8.

The Court itself has addressed Petitioners' statements previously: "[P]etitioners say there's a reason to be concerned that CIS is delaying or not scheduling I-130 interviews . . . but I don't know what that's based on." Transcript of Hearing on June 27, 2019, at pp. 79-80. In reminding Petitioners' counsel of her Rule 11 obligation to have a reasonable factual basis for the assertion that USCIS is "not scheduling for [I-130] interviews," the Court asked for the basis of Petitioners' factual representation. *Id*. at 83. After Petitioners relayed their purely anecdotal reasons for their assertion, *id*. at 84, the Court in the end – while recognizing that "if CIS is doing something to frustrate the operation of the provisional waiver process, that may be relevant and important" – advised Petitioners' counsel "but I think you should develop a fuller factual basis and provide some support." *Id*. at 87.

---

[1] USCIS can, in appropriate instances, grant Form I-130 petitions without conducting an interview. 8 C.F.R. § 204.1, 245.6. Therefore, whether an interview is scheduled for a Form I-130 petition is **not** indicative of improper adjudicatory practices. In fact, USCIS can adjudicate a Form I-130 more quickly if USCIS determines not to interview the petitioner and beneficiary. Therefore, Petitioners certainly should not be able to obtain discovery into whether USCIS is lawfully adjudicating applications based only upon allegations irrelevant to the proper adjudication of a Form I-130.

Petitioners cannot defend topics 9 and 19 with baseless assertions and any other unpled allegations. Discovery is not a tool to conduct a fishing expedition for information about practices unrelated to the specific allegation in the complaint. *Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). Instead, Respondents have provided, and will continue to provide, discovery about the arrests of class members at USCIS offices, including communications between USCIS and ICE Boston about scheduled appearances of aliens subject to final orders of removal at USCIS offices, USCIS's policies and practices relating to ICE arrests at or immediately following interviews, and information sharing between USCIS and ICE regarding the potential arrests of class members. Unlike topics 9 and 19, this discovery at least marginally falls under the penumbra of ICE's arrest and detention of class members even though USCIS has no role in the ultimate arrest or enforcement decision-making.

## II.   Petitioners' Topic Regarding Racial Animus is Beyond the Scope of Discovery Authorized by the Court, Vague, and Not Proportional to the Needs of the Case.

Petitioners seek that DHS — not ICE — designate a witness to testify about "DHS's motivations in taking any steps to restrict eligibility for or access to the Provisional Waiver Process, including any motivations relating to racial animus or national origin." Ex. A at 9. This topic related to racial animus is overbroad, vague, and another attempt to expand discovery beyond this Court's order.

First, this topic is beyond the discovery authorized by this Court. This Court expressly rejected Petitioners' request to take discovery from all of DHS. ECF Nos. 357, 366. Instead, it limited discovery in this case to "policy directives given to ICE Boston" because ICE Boston — not USCIS nor DHS — makes the individual arrest, detention, and removal decisions at issue in

this case. ECF No. 366 at ¶ 3. Despite this, Petitioners request that Respondents designate a witness to speak on behalf of *DHS as a whole*. This is plainly beyond the discovery this Court authorized and this Court should limit the topic accordingly.

Notwithstanding Petitioners' improper request for a DHS designee, the topic itself is not within the discovery authorized by this Court because it seeks information beyond the "policy directives given to ICE Boston" and information irrelevant to the allegations in the complaint. ECF No. 366 at ¶ 3-4. As explained above, Petitioners' complaint challenges three specific actions that they claim "restrict access to the provisional waiver process." Ex. A at 9. Those actions are the arrest, detention, and removal of class members. Conversely, this topic seeks information about *any* actions that, *in Petitioners' view,* "restrict access" regardless of whether the action is challenged in the complaint. This is inappropriate under Rule 26. *Briddell v. St. Gobain Abrasives Inc.,* 233 F.R.D. 57, 61 (D. Mass 2005) (holding that a request for information concerning "other safety violations" was overly broad and limiting the deposition to violations that were of similar severity to those the Plaintiff allegedly committed during his employment). Petitioners are not entitled to discovery on issues unrelated to the challenged actions in their complaint. Fed. R. Civ. P. 26, advisory committee's note to 2000 amendments. Accordingly, topic 23 is impermissibly broad.

Further, topic 23 fails to meet the specificity requirements in Rule 30. "Because Rule 30(b)(6) places substantial responsibilities and burdens" on the examined party to prepare for the deposition, the "requesting party must take care to designate, *with painstaking specificity,* the particular subject areas that are intended to be questioned, and that are *relevant to the issues in dispute." Updike v. Clackamas Cnty.,* No. 3:15-cv-00723-SI, 2016 WL 111424 *7 (D. Or. January 11, 2016) (emphasis added). The deposition notice must describe topics of examination with

"reasonable particularity" and "provide a basis upon which an individual or entity can reasonably determine what information may or may not be responsive." *Trs. of Boston Univ. v. Everlight Elecs. Co.*, No. 12-cv-12326-PBS, 2014 U.S. Dist. LEXIS 158982 at *10 (D. Mass. September 24, 2014).

Petitioners' topic 23 lacks the requisite specificity. Topic 23 seeks information about "DHS's motivations in taking *any steps that restrict eligibility for or access to* the Provisional Waiver Process." Despite the parties' disagreement throughout this case on what "restricts eligibility or access" to an individual's ability to seek provisional waivers, Petitioners do not define this phrase. Ex. A at 9.[2] It is likewise unclear what potential "motivations," Respondents would need to be prepared to testify since this term remains undefined and it is vague. *See id.*

Not only is this topic vague, but any reasonable interpretation is impermissibly broad because seeks information unrelated to the claims in the complaint. As written, topic 23 would require Respondents to prepare to testify about the decision-making behind every policy and practice, ***regardless of geographic location***, related to the Form I-130, Form I-212, and Form I-601A, ***and*** any step, policy or practice to arrest, detain, or remove, any individual — not just class members — who file *any* of these forms ***regardless of their eligibility***. Ex. A at 9. Therefore, this topic seeks information about form fees, staffing, employment contracts, national security, fraud investigations, document authentication procedures, and file management procedures. All of this information is beyond the scope of discovery in this case because it is plainly unrelated to ICE's arrest, detention, and removal of class members within the Boston ICE ERO area of responsibility. Fed. R. Civ. P 26(b)(1).

---

[2] For example, the parties disagree about whether removing an individual who is likely subject to other grounds of inadmissibility would "restrict eligibility or access to" the provisional waiver regulations.

Further, requiring Respondents to prepare a witness to testify about this topic is also not proportional to the needs of this case where the complaint is limited to the Boston ICE ERO area and the challenged actions are limited to the arrest, detention, and removal of class members. It is also likely impossible to assemble, let alone prepare, the many witnesses that Respondents would need to comply with such a request. *Cooper v. Charter Communs., Inc,.* No. 3:12-cv-10530-MGM, 2016 WL 128099 at *6 (D. Mass. Jan. 12, 2016) (Denying plaintiffs' discovery requests because "its production is not proportional to the needs of the case."). Accordingly, topic 23 is outside the scope of discovery authorized by the federal rules and this court should disallow it.

### III. This Court Should, Stay Further Equal Protection Discovery Until It Rules on Respondents' Forthcoming Motion Based on the Supreme Court's Recent Decision in *Regents*.

Further, this Court should stay any further discovery related to Petitioners' equal protection claim until it rules on Respondents' forthcoming motion based on new Supreme Court precedent. In *Regents,* the Supreme Court rejected the plaintiffs' equal protection claim that the Deferred Action for Childhood Arrivals ("DACA") rescission violated the Equal Protection clause, finding the allegation that ending the program was motivated by animus to be insufficiently pleaded. *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.,* 140 S. Ct. 1891, 1915 (2020) (citing *Arlington Heights* 429 U.S. at 266). In doing so, the Court rejected Plaintiffs' claim that the history leading up to the DACA rescission was unusual; that there was a disparate impact of the DACA rescission on Latinos from Mexico; and that and pre- and post-election statements by President Trump evidenced discriminatory intent. *Id*. Similarly here, Petitioners' complaint also fails to adequately articulate an Equal Protection claim. For example, Petitioners' claim of improper animus, like plaintiffs' claim in *Regents*, is based *almost solely* on President Trump's pre- and post- election statements. ECF No. 27 at ¶¶ 110-11. Therefore, under *Regents,* Petitioners' Equal

Protection claim fails as a matter of law and this Court should stay further discovery relating to Petitioners' equal protection claim until the Court rules on Respondents forthcoming motion. *See Regents,* 140 S. Ct. at 1915.


Respectfully submitted,


JEFFERY B. CLARK
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

ELIANIS N PEREZ
Assistant Director

/s/ Mary L. Larakers
MARY L. LARAKERS (Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

*Counsel for Respondents*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)</u>

I certify that, in accordance with Local Rule 7.1(a)(2), counsel for Respondents conferred with counsel for Petitioners in an attempt to resolve the issues raised in this motion.  Petitioners oppose this motion.

## <u>CERTIFICATE OF SERVICE</u>

I, Mary L. Larakers, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Mary L. Larakers<br>Mary L. Larakers<br>Trial Attorney

Dated: October 5, 2020