# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Individually and on behalf of all others similarly situated, <br><br>    Plaintiff-Petitioners, <br><br>   v. <br><br> CHAD WOLF, et al., <br><br>    Defendants-Respondents. | No. 1:18-cv-10225-MLW |

## PETITIONERS' NOTICE OF DEPOSITION
## OF THE DEPARTMENT OF HOMELAND SECURITY

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Petitioners, as representatives of the certified class of others similarly situated, will

take the deposition upon oral examination of United States Department of Homeland Security

("DHS"), including any subsidiary departments,[1] by or through one or more of their directors,

managing agents, or other persons who consent to testify on DHS's behalf.  The deposition shall

take place on a date and time and at a location mutually agreed upon, and shall continue day to

day until completed.  The deposition will be recorded by stenographic means, including the use

of real time transcription (i.e., Live Note), sound and/or visual means (i.e., videotape).  DHS is

directed to designate and produce, pursuant to Federal Rule of Civil Procedure 30(b)(6), one or

more of its directors, managing agents, or other designated persons to testify on its behalf as to

---

[1] For avoidance of doubt, this Notice of Deposition is directed to DHS and all subsidiary departments and government entities, including Respondent U.S. Immigration and Customs Enforcement ("ICE") and Respondent U.S. Citizenship and Immigration Services ("USCIS").

the information known or reasonably available to the deponent concerning the matters set forth in Exhibit A attached hereto.

In addition, DHS's Rule 30(b)(6) designees shall bring to this deposition all documents not previously produced by Respondents that were reviewed, relied upon, or consulted in preparation for this deposition.  DHS is requested to identify the designee for each topic to Petitioners' counsel in writing at least five business days in advance of the Rule 30(b)(6) deposition.

The deposition shall be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of the United States District Court for the District of Massachusetts.  If more than one person is required to testify on a topic set forth in Exhibit A, different individuals shall be provided for each part of that topic.

Dated: December 13, 2019

<div style="display:flex">

Matthew R. Segal (BBO # 654489)
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
211 Congress Street
Boston, MA 02110
(617) 482-3170

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283

</div>

*/s/  Kevin S. Prussia*

Kevin S. Prussia (BBO # 666813)
Michaela P. Sewall (BBO # 683182)
Shirley X. Li Cantin (BBO # 675377)
Jonathan Cox (BBO # 687810)
Colleen M. McCullough (BBO # 696455)
Matthew W. Costello (BBO # 696384)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
kevin.prussia@wilmerhale.com
michaela.sewall@wilmerhale.com
shirley.cantin@wilmerhale.com
jonathan.cox@wilmerhale.com
colleen.mccullough@wilmerhale.com
matthew.costello@wilmerhale.com

*Attorneys for Petitioners*

## EXHIBIT A

### DEFINITIONS

The words and phrases used herein shall have the meanings ascribed to them under the Federal Rules of Civil Procedure.  In addition, the following terms shall have the meanings set forth below:

1.      "Any" and "all" shall be construed to mean both any and all.

2.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

3.      The words "including" and "includes" shall be without limitation.

4.      "Class Member" means any individual who is a member of the class certified by the Court in the May 17, 2019 Order (ECF No. 253), namely:

> [A]ny United States citizen and his or her noncitizen spouse who (1) has a final order of removal and has not departed the United States under that order; (2) is the beneficiary of a pending or approved 1-130, Petition for Alien Relative, filed by the United States citizen spouse; (3) is not "ineligible" for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is within the jurisdiction of Boston Immigration and Customs Enforcement-Enforcement and Removal Operations("ICE-ERG") field office (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine).

For avoidance of doubt, the term "Class Members" includes any individuals in the sub-class certified by the Court for purposes of Count 2.  *See* May 17, 2019 Order (ECF No. 253) at 2-3.

5.      "Class Qualifier" means any individual who would have satisfied the definition of "Class Member" at any point since August 29, 2016.

6.      "Form" means any Document (either physical or electronic) that includes spaces or blanks in which an individual may write or otherwise insert information.

7.      "ICE" means United States Immigration and Customs Enforcement.

8.      "Provisional Waiver Process" means the five-part process described in Petitioners' Amended Complaint, ECF No. 27 at ¶¶ 30-35, consisting of: (a) filing a Form I-130, Petition for Alien Relative; (b) filing a Form I-212, Permission to Reapply for Admission into the United States After Deportation or Removal; (c) filing a Form I-601A, Application for Provisional Unlawful Presence Waiver; (d) traveling abroad to appear for an immigrant visa interview at a U.S. consulate; (e) returning to the United States with an immigrant visa.

9.      "Enforcement Action" means arrest, detention, removal, request or order to depart the United States, or increase in the amount or burden of a person's conditions of supervision.

10.     "POCR Regulations" means 8 C.F.R. § 241.4.

11.     "Boston ICE ERO" means the Boston Field Office for ICE Enforcement and Removal Operations, including all locations within its jurisdiction.

12.     "USCIS" means United States Citizenship and Immigration Services.

13.     "ICE Headquarters" means ICE's primary offices in Washington, DC (including but not limited to its offices at 500 12th St., SW, Washington, DC 20024), where ICE officials and other employees coordinate national enforcement and removal operations.

**INSTRUCTIONS**

1.      In the event you refuse to fully respond to a deposition topic because it is overly broad or unduly burdensome, you shall at least respond to that portion of the request that is unobjectionable and specifically identify that portion of the request that is allegedly objectionable.

2.      These discovery requests are deemed to be continuing in nature and, to the extent required by the Federal Rules of Civil Procedure, the responding party shall supplement its

responses with information or documents that may become known or available to it after the date of its initial response.

3.      Your Rule 30(b)(6) designees shall bring to this deposition all documents reviewed, relied upon, or consulted in preparation for this deposition.

## RULE 30(b)(6) TOPICS

1.      All Boston ICE ERO practices and policies relating to the arrest, detention, or removal of individuals engaged in the Provisional Waiver Process (including any Class Members and Class Qualifiers) since August 29, 2016, including any changes in those practices or policies.

2.      All Boston ICE ERO practices and policies relating to the adjudication of applications for stays of removal of individuals engaged in the Provisional Waiver Process (including any Class Members and Class Qualifiers) since August 29, 2016, including any changes in those practices or policies.

3.      All Boston ICE ERO practices and policies relating to instructions to be given at check-ins for individuals engaged in the Provisional Waiver Process (including any Class Members and Class Qualifiers) since August 29, 2016, including any changes in those practices or policies.

4.      How Boston ICE ERO identifies Class Members.

5.      All Forms used by Boston ICE ERO relating to the decision to take an Enforcement Action or adjudicate an application for a stay of removal since August 29, 2016.

6.      All United States DHS practices, policies, and guidance generated by or communicated to Boston ICE ERO or USCIS Districts 01 and 02 regarding the implementation of Executive Order 13768 and former Secretary John Kelly's February 20, 2017 Memorandum, titled *Enforcement of the Immigration Laws to Serve the National Interest*.

7.      All Boston ICE ERO practices, policies, and communications relating to making arrests at or near USCIS offices since August 29, 2016.

8.      All USCIS practices, policies, and communications relating to coordinating, arranging, or communicating about arrests by officers of Boston ICE ERO at or near USCIS offices since August 29, 2016.

9.      All USCIS practices and policies relating to adjudicating the applications that comprise the Provisional Waiver Process.

10.     The factors accounted for by the Risk Classification Assessment (RCA), including how information is inputted to the RCA and how each factor accounted for by the RCA impacts its recommendation on whether to arrest or detain someone, since August 29, 2016.

11.     All Boston ICE ERO practices and policies regarding "90-day" Post Order Custody Review ("POCR") events for Class Members and Class Qualifiers under 8 C.F.R. § 241.4 since August 29, 2016, including:

   a.  Scheduling 90-day reviews

   b.  Notifying individuals and/or their attorneys of the individual's 90-day review

   c.  The factors considered in conducting 90-day reviews

   d.  The process for conducting 90-day reviews

   e.  Notifying individuals and/or their attorneys of the results of the individual's 90-day review.

12.     All ICE practices and policies regarding "180-day" POCR events for Class Members and Class Qualifiers under 8 C.F.R. § 241.4 since August 29, 2016, including:

   a.  The transfer of jurisdiction from Boston ICE ERO to ICE Headquarters

        b.   Scheduling 180-day reviews

        c.   Past and present policies and practices regarding any interviews conducted as part of a 180-day review

        d.   Notifying individuals and/or their attorneys of the individual's 180-day review

        e.   The factors considered in conducting 180-day reviews

        f.   The process for conducting 180-day reviews

        g.   Notifying individuals and/or their attorneys of the results of the individual's 180-day review

13.     All ICE practices and policies since August 29, 2016 regarding suspending or postponing a custody review, including the implementation of 8 C.F.R. § 241.4(k)(3).

14.     All ICE practices and policies since August 29, 2016 regarding revoking an individual's release, including the implementation of 8 C.F.R. §241.4(l).

15.     The reasons for and factors considered relating to Lilian Calderon's arrest, detention, and release, including all factors considered by USCIS and Boston ICE ERO in deciding to arrest her and to continue her detention.

16.     The reasons for and factors considered relating to Lucimar DeSouza's arrest, detention, and release, including all factors considered by USCIS and Boston ICE ERO in deciding to arrest her and to continue her detention.

17.     The reasons for and factors considered relating to Boston ICE ERO's decision to instruct Oscar Rivas in January 2018 to depart the United States.

18.     The reasons for and factors considered relating to Boston ICE ERO's decision to instruct Sandro de Souza in March 2018 to depart the United States.

19.     The reasons that Ms. Amy Chen's I-130 Petition for Alien Relative, filed for her husband, Deng Gao, on June 23, 2016, was not approved until October 30, 2018.

20.     The factual basis for any claim or contention by DHS that it did not adopt a policy and practice of detaining and seeking to remove individuals who had taken the first or any subsequent steps in the Provisional Waiver Process.

21.     The factual basis for any claim or contention by DHS that it considered an individuals' participation in the Provisional Waiver Process at any time since August 29, 2016 in deciding to take an Enforcement Action against that individual.

22.     The factual basis for any claim or contention by DHS that it has complied with the POCR Regulations.

23.     DHS's motivations in taking any steps to restrict eligibility for or access to the Provisional Waiver Process, including any motivations relating to racial animus or animus based on national origin.

## DOCUMENTS TO BE PRODUCED

1.     The current curriculum vitae of the testifying representative(s).

2.     Any documents that have not been previously produced and that are in DHS's or the designated representative(s)' possession, custody, or control and that refer or relate to the topics identified above.

**CERTIFICATE OF SERVICE**

I certify that counsel of record are being served on December 13, 2019 with a copy of this document via electronic mail.

/s/   *Colleen M. McCullough*
Colleen M. McCullough