# Exhibit B

| | |
|---|---|
| **From:** | Provazza, Stephen |
| **To:** | Larakers, Mary L. (CIV); WH ACLU MA Calderon Class Action; Adriana Lafaille; MSegal@aclum.org; Kathleen Gillespie |
| **Cc:** | Piemonte, Eve (USAMA); Weiland, William H. (CIV) |
| **Subject:** | RE: Calderon - 30(b)(6) Depositions |
| **Date:** | Wednesday, February 19, 2020 10:17:41 AM |

Hi Mary,

We do not believe that this issue is ripe and requires further discussion before the parties bring this dispute to the Court.  While we would be willing to discuss these Topics to see if the parties can resolve their dispute, we disagree with your position that we are unable to seek basic discovery into the way that DHS may be interfering with the Provisional Waiver Process.  Petitioners' Complaint alleges that DHS, through ICE, violated the APA, INA, and Constitution when it carried out enforcement practices and policies that interfered with the provisional waiver process.  Discovery has shown that USCIS (which is, of course, part of DHS) played a significant role in carrying out those enforcement practices and policies.  *See, e.g.*, Dkt. 128-6 (CIS providing lists of pending I-130 interviews for final order individuals); ICE's Suppl. Objections and Responses to Petrs.' First Set of Interrogatories at 9 (USCIS involved in "efforts to adhere to [Secretary Kelly's] current civil enforcement priorities").  USCIS's actions therefore are directly relevant to Petitioners' APA, INA, and constitutional claims.  Accordingly, we are entitled to discovery on USCIS's treatment of provisional waiver applications and applicants.  *See* Fed. R. Civ. P. 26(b) (a party can seek discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case") (emphasis added); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevance in Rule 26(b) is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."); *Sherwin-Williams Co. v. SUSE, LLC*, No. 2:15-CV-00129, 2016 WL 3212167, at *2 (D. Utah Mar. 22, 2016) (denying motion for protective order limiting scope of 30(b)(6) deposition topic and noting "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues").

Respondents represented to Petitioners and to the Court that they would not object to discovery from or relating to USCIS on the basis that USCIS is not a named party. Dkt. 162 at 1; Oct. 9, 2018 Hr'g at 8; *see also* Aug. 23, 2018 Lobby Tr. at 5:2-7 (Judge Wolf: "if the Secretary of Homeland Security is a party, CIS may be already").  Based on that representation, Petitioners agreed not to seek to amend their Complaint to add USCIS as a party.  Your assertion now that you will not provide discovery because Petitioners' complaint does not allege that USCIS specifically interfered with the provisional waiver process is directly contrary to that representation.

If Respondents continue to refuse to provide a witness prepared to testify to these Topics, please let us know your availability to meet and confer.

Best,
Steve

**Stephen Provazza | WilmerHale**
60 State Street

Boston, MA 02109 USA
+1 617 526 6212 (t)
+1 617 526 5000 (f)
stephen.provazza@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Larakers, Mary L. (CIV) <Mary.L.Larakers@usdoj.gov>
**Sent:** Monday, January 27, 2020 1:10 PM
**To:** WH ACLU MA Calderon Class Action <WHACLUMACalderonClassAction@wilmerhale.com>; Adriana Lafaille <ALafaille@aclum.org>; MSegal@aclum.org; Kathleen Gillespie <gilleska@hotmail.com>
**Cc:** Piemonte, Eve (USAMA) <Eve.Piemonte@usdoj.gov>; Weiland, William H. (CIV) <William.H.Weiland@usdoj.gov>
**Subject:** Calderon - 30(b)(6) Depositions

**EXTERNAL SENDER**

Good Afternoon,

As we discussed on the call last week, Respondents believe that at least two of the Rule 30(b)(6) deposition topics are beyond the scope of discovery authorized by the Court and Rule 26.

Specifically, topics nos. 9 and 19 seek information about USCIS's policies and practices regarding the adjudication of Forms I-130, I-212, and I-601A. However, Petitioners' complaint does not allege that any USCIS policy or practice regarding the adjudication of these applications is unlawful. Nor are USCIS's adjudication policies and practices related to whether the detention and removal of class members is unlawful. In short, because these topics are unrelated to any claim in Petitioners' amended complaint, they are beyond the scope of discovery authorized by Rule 26.

You stated on the phone last week that you disagree with Respondents' position. Therefore, Respondents intend to file a motion limiting the scope of the Rule 30(b)(6) deposition consistent with our position above. Pursuant to L.R. 7.1, please let us know if you assent to this motion or, if you are willing to discuss how we can otherwise eliminate or narrow this dispute over these topics.

Thanks,
Mary

**Mary L. Larakers**
Trial Attorney
United States Department of Justice
Office of Immigration Litigation – District Court Section
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
T: (202) 353 4419
F: (202) 305-7000
mary.l.larakers@usdoj.gov