# Exhibit B

| | | |
|---|---|---|
| 1 | during I-130 interviews, correct? | 12:01:01 |
| 2 | A. Correct. | 12:01:05 |
| 3 | Q. And as we've discussed, that was in | 12:01:05 |
| 4 | response to a change in ICE policy? | 12:01:09 |
| 5 | A. Correct. | 12:01:13 |
| 6 | Q. Did USCIS have its own agency policy in | 12:01:23 |
| 7 | response to the new ICE policy? | 12:01:26 |
| 8 | A. Not that I'm aware of. | 12:01:30 |
| 9 | Q. Did you provide any training to the | 12:01:33 |
| 10 | individuals at the field offices in response to the | 12:01:36 |
| 11 | change in ICE policy? | 12:01:39 |
| 12 | A. I did not. | 12:01:42 |
| 13 | Q. So in response to the new ICE practice | 12:01:56 |
| 14 | of conducting arrests at CIS offices, there was no | 12:01:58 |
| 15 | change in District 1 policy; is that correct? | 12:02:03 |
| 16 | A. Correct. | 12:02:09 |
| 17 | MR. WEILAND: Objection. | 12:02:09 |
| 18 | BY MS. SLATER: | 12:02:12 |
| 19 | Q. So you did not feel the need to make any | 12:02:13 |
| 20 | change to USCIS's practices in response to the | 12:02:14 |
| 21 | expanded categories of enforcement priorities; is | 12:02:16 |
| 22 | that right? | 12:02:20 |
| 23 | A. I did not -- I did not direct any change | 12:02:22 |
| 24 | that I can recall at this point in time. If -- if | 12:02:28 |
| 25 | you have some information that contradicts that, I'm | 12:02:30 |

| | | |
|---|---|---|
| 1 | not aware of it as I speak to you right now. | 12:02:33 |
| 2 | Q.   Are you aware of a policy that | 12:02:39 |
| 3 | individuals who are pursuing an immigration benefit | 12:02:40 |
| 4 | should not be arrested during the course of an | 12:02:43 |
| 5 | interview for that benefit? | 12:02:46 |
| 6 | A.   I am. | 12:02:51 |
| 7 | Q.   And do you believe that the arrest | 12:02:51 |
| 8 | during the course of an I-130 interview would | 12:02:52 |
| 9 | violate that policy? | 12:02:56 |
| 10 | A.   If someone were arrested during the | 12:03:00 |
| 11 | course of the interview, it would be contrary to -- | 12:03:01 |
| 12 | to the policy that -- that was written or directed, | 12:03:05 |
| 13 | yes. | 12:03:12 |
| 14 | Q.   So taken literally, you believe the | 12:03:15 |
| 15 | policy states only that an individual cannot be | 12:03:17 |
| 16 | arrested during the course of the interview.  Is | 12:03:19 |
| 17 | that your testimony? | 12:03:23 |
| 18 | A.   Well, I would say this:  From what -- | 12:03:27 |
| 19 | what your statement you made, that a person -- are | 12:03:32 |
| 20 | you aware of a policy that -- that during an | 12:03:36 |
| 21 | interview a person can't be arrested?  I am aware of | 12:03:40 |
| 22 | that policy, and a person during an interview | 12:03:45 |
| 23 | shouldn't be arrested unless there was some | 12:03:48 |
| 24 | immediate serious threat of violence or harm. | 12:03:51 |
| 25 | Q.   So as soon as the interview ends, do you | 12:03:56 |

| | | |
|---|---|---|
| 1 | believe that that person could be subject to arrest, | 12:03:59 |
| 2 | even though they are -- they are pursuing that | 12:04:02 |
| 3 | immigration benefit and that was the reason that | 12:04:06 |
| 4 | they were at the office? | 12:04:09 |
| 5 | A.   Well, determinations on -- first of all, | 12:04:11 |
| 6 | when the interview ends, it's completed, the | 12:04:13 |
| 7 | interview is closed.  Determinations on arrests are | 12:04:16 |
| 8 | not made by USCIS.  I don't make a determination on | 12:04:20 |
| 9 | an arrest. | 12:04:24 |
| 10 | Q.   Okay.  So at what point do you believe | 12:04:26 |
| 11 | the interview starts for an applicant who comes in | 12:04:28 |
| 12 | for an I-130 interview, for example? | 12:04:31 |
| 13 | A.   When the ISO, the immigration service | 12:04:37 |
| 14 | officer, administers the oath. | 12:04:39 |
| 15 | Q.   So could the individual be arrested | 12:04:41 |
| 16 | prior to the interview? | 12:04:46 |
| 17 | A.   I'm not aware of that happening in -- in | 12:04:51 |
| 18 | any District 1 office. | 12:04:53 |
| 19 | Q.   So the arrest would come after the | 12:04:56 |
| 20 | interview; is that right? | 12:05:00 |
| 21 | A.   ERO has never interjected itself in -- | 12:05:04 |
| 22 | in any interview.  They -- they would not be | 12:05:07 |
| 23 | permitted to do that absent some -- some threat of | 12:05:11 |
| 24 | violence or security.  And to date, all -- all of | 12:05:17 |
| 25 | the arrests, and that's what I would expect into the | 12:05:22 |

| | | |
|---|---|---|
| 1 | benefit and to take the time that is necessary to | 16:33:31 |
| 2 | make a decision.  If an interview is scheduled for | 16:33:38 |
| 3 | 60 minutes and a decision can be made in 35 minutes | 16:33:42 |
| 4 | or 25 minutes, that's how long the interview should | 16:33:45 |
| 5 | take. | 16:33:49 |
| 6 | Q.   So part of a good faith interview is not | 16:33:53 |
| 7 | alerting the petitioner or the beneficiary to the | 16:33:55 |
| 8 | fact that ERO has been contacted, correct? | 16:33:58 |
| 9 | A.   That's separate and apart from the | 16:34:03 |
| 10 | adjudication of the I-130. | 16:34:05 |
| 11 | Q.   So you don't believe that it impacts the | 16:34:07 |
| 12 | ability of the ISO to operate in good faith with the | 16:34:11 |
| 13 | petitioner and the beneficiary in that interview if | 16:34:15 |
| 14 | they know that ERO is waiting outside the door to | 16:34:17 |
| 15 | arrest them? | 16:34:21 |
| 16 | A.   I would hope that no one was waiting or | 16:34:24 |
| 17 | standing outside the door, and I would say that the | 16:34:26 |
| 18 | focus of -- of the interview is to speak with the | 16:34:29 |
| 19 | petitioner and speak with the beneficiary and make a | 16:34:37 |
| 20 | judgment as to whether the beneficiary is eligible | 16:34:42 |
| 21 | for classification.  That's the purpose of the | 16:34:45 |
| 22 | interview. | 16:34:47 |
| 23 | Q.   If not waiting outside the door, where | 16:34:49 |
| 24 | should ERO be waiting to apprehend and arrest the | 16:34:51 |
| 25 | individual's beneficiary? | 16:34:55 |