# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, *et al.*, | No. 1:18-cv-10225-MLW |
| Petitioners-Petitioners, | |
| v. | |
| KEVIN K. McALEENAN, *et al.*, | |
| Respondents-Respondents | |

**RESPONDENTS' RESPONSES AND OBJECTIONS TO
PETITIONERS' FIRST SET OF REQUESTS FOR PRODUCTION [REVISED]**

  COMES NOW Respondent Kevin K. McAleenan, in his official capacity as Acting Secretary of Homeland Security, Respondent Matthew T. Albence, in his official capacity as Director, U.S. Immigration and Customs Enforcement ("ICE"), Respondent Marcos Charles, in his official capacity as Acting Field Office Director, Enforcement and Removal Operation ("ERO"), Boston Field Office, and Donald J. Trump, in his official capacity as President (collectively "Respondents" or "Respondents"), by and through counsel, and provide the following responses to Petitioners First Set of Requests for Production of Documents and Things, subject to the accompanying objections, without waiving and expressly preserving all such objections. Respondents' objections are based on information known to Respondents at this time, and are made without prejudice to additional objections should Respondents subsequently identify additional grounds for objection. Respondents also submit these responses subject to: (a) any objections as to competency, relevancy, materiality, privilege, and admissibility of any of the responses; and (b) the right to object to other discovery procedures involving and relating to the subject matter of the requests herein.

  Respondents specifically reserve the right to make further objections as necessary to the extent that additional issues arise as to the meaning of and/or information sought by discovery.

  Respondents have not completed their investigation of the facts underlying this case, have not completed their discovery, and have not completed their preparation for trial. Therefore, Respondents reserve the right to supplement these responses in accordance with Federal Rule of Civil Procedure 26(e), and to produce evidence at trial of subsequently discovered facts.

1

**Response to Request for Production No. 18**

Consistent with these objections, Respondents will produce non-privileged documents responsive to this request, covering a timeframe of January 20, 2017 until present.

**Request for Production No. 19**
**All Documents and Things including all Communications relating to the February 2018 press statement in which ICE representative John Mohan stated: "While ICE does focus its enforcement resources on individuals who pose a threat to national security, public safety and border security, no classes or categories of removable aliens are exempt from potential enforcement. All of those in violation of United States immigration laws may be subject to immigration arrest, detention and, if found removable by final order, removal from the United States."**

**Objections to Request for Production No. 19**

(1) Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). Respondents object to the vague nature of this request, as Respondents are unable to discern exactly what information is sought. Respondents object, to the extent Petitioners seek information related to general enforcement priorities, as such information is not relevant to the claims and defenses raised by Petitioners Amended Complaint.
(2) Respondents object to this request to the extent the request seeks documents protected from disclosure under an applicable privilege. Fed. R. Civ. P. 26(b)(1).
(3) Respondents object to this request to the extent it seeks information from USCIS, as John Mohan is not an USCIS official.
(4) Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶3. Specifically, Respondents object to the extent this request seeks information from ICE Headquarters unrelated to policy directives given by ICE-Headquarters to ICE-Boston. *Id.* at ¶3(a). Similarly, Respondents object to this request to the extent it does not comply with the particularity requirement for requesting documents pre-dating January 20, 2017. *Id.* at ¶3(c).

**Response to Request for Production No. 19**

Consistent with these objections, ICE will produce non-privileged documents responsive to this request.

**Request for Production No. 20**
**All Documents and Things, including all Communications, correspondence, e-mails, and notes regarding: (i) any of the Petitioners, Class Members, or Class**

19

**Qualifiers; (ii) this litigation, (iii) similar suits brought in the District of Massachusetts against Respondents, including but not limited to *Arriaga Gil v. Tompkins*, No. 17-cv-10743-MLW; *Dos Santos v. Nielsen*, No. 18-cv-10310-MLW; *Junquiera v. Souza*, No. 18-cv-10307-MLW; *De Oliveira v. Moniz*, No. 18-cv-10150-MLW; *Rutkowski v. Nielsen*, No. 18-cv-10953-MLW; *Aligaweesa v.Nielsen*, No. 18-cv-11388-MLW; *Nkojo v. Nielsen*, No. 18-cv-11401-MLW; *Li v. Nielsen*, No. 18-cv-11596-MLW; *Batista Ferreira v. Lyons*, No. 19-cv-10258-MLW; and *Lima v. Lyons*, No. 19-cv-10400-MLW; (iv) reference to Judge Wolf; (v) ICE's arrests at USCIS facilities; (vi) ICE enforcement action against individuals seeking lawful status in the United States; and (vii) the Provisional Waiver Process, including any of its parts.**

**Objections to Request for Production No. 20**

(1)     Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). Respondents object to request section (i) inasmuch as production without limitation or specificity of all Alien-files, other files, documents, things and ESI of every class member maintained by DHS within a six-State area -- which includes necessarily transcripts of proceedings before the Immigration Judge, and Board of Immigration Appeals that may be within those records, and other matter extrinsic to the provisional waiver process -- is not relevant to any clam or defense in the case, and is grossly disproportionate to the needs of the case considering the claims actually raised in the Amended Complaint, and so falls outside the scope of discovery permitted by Rule 26(b)(1); to section (ii) inasmuch as the instant litigation, now well over 400 docket filings, is overwhelmingly a transparent and public repository of the relevant litigation history and dissemination of the parties' respective positions, and that the corpus of the remainder of 'all documents and things including all communications, correspondence, emails and notes' regarding 'this litigation' will likely constitute attorney-client or attorney work-product matter requiring extensive privilege review wholly disproportionate to any need in the case considering the claims actually raised in the Amended Complaint, and so falls outside the scope of discovery permitted by Rule 26(b)(1); section (iii), as information related to separate litigation may be sought through publicly available sources or may be sought by the parties in that litigation. Respondents object to section (iv) which seeks any "reference to Judge Wolf" as such a request is not limited to the current lawsuit or Class Members and therefore is not relevant to any claim or defense in the case, and is grossly disproportionate to the needs of the case considering the claims actually raised in the Amended Complaint, and so falls outside the scope of discovery permitted by Rule 26(b)(1). Respondents object to section (v), which is the same as RFP 18 with the exception that it appears to seek information related to all ICE arrests at USCIS facilities regardless of relation to the certified classes and the provisional waiver process or the Boston ERO jurisdiction. Respondents object to section (vi) as it seeks information beyond the scope of this lawsuit about all ICE "enforcement action[s]" against "individuals seeking lawful status" and is not relevant to any claim or defense in the case, and is grossly disproportionate to the needs of the case considering the claims actually raised in the

Amended Complaint, and so falls outside the scope of discovery permitted by Rule 26(b)(1). Respondents object to section (vii) because it seeks all ICE communications regarding any aspect of a the "provisional waiver process," including but not limited to, the Form I-130, Form I-212, Form I-601A and consular processing irrespective of the certified classes and with no limitation regarding jurisdiction, form, or author, which is disproportionate to the needs of the case considering the importance of the requested discovery in resolving the issues claims actually raised in the Amended Complaint, and so falls outside the scope of discovery permitted by Rule 26(b)(1) and outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶3(a) and (b). Respondents object to the vague nature of these requests, to include use of the term "enforcement action" and the undefined term "seeking lawful status." Respondents object, to the extent Petitioners seek information related to general enforcement priorities, as such information is not relevant to the claims and defenses raised by Petitioners Amended Complaint. Respondents reassert their objection to the term "class qualifiers."

(2)    Respondents object to this request to the extent the request seeks documents protected from disclosure under an applicable privilege. Fed. R. Civ. P. 26(b)(1).

(3)    Respondents object to this request to the extent it seeks information from USCIS that is irrelevant to the certified Class, is disproportionate to the needs of the case considering the claims actually raised in the Amended Complaint, and so falls outside the scope of discovery permitted by Rule 26(b)(1) and authorized by the Court.

(4)    Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶3(a) and (b). Specifically, Respondents object to the extent this request seeks information from USCIS or ICE Headquarters unrelated to policy directives given by ICE-Headquarters to ICE-Boston. *Id*. at ¶3(a). Similarly, Respondents object to this request to the extent it does not comply with the particularity requirement for requesting documents pre-dating January 20, 2017. *Id.* at ¶3(c).

**Response to Request for Production No. 20**

Consistent with these objections, Respondents will produce non-privileged documents responsive to this request, covering a timeframe of January 20, 2017 until present, not otherwise previously produced to Petitioners.

> **Request for Production No. 21**
> **All Communications between any employee of the Boston ICE ERO and any other DHS employee, including any employee located at ICE Headquarters, relating to:**
> **(i) arrests of individuals at USCIS facilities;**
> **(ii) any policy, practice, custom, or guidance concerning the manner and locations of arrests by ICE officers at USCIS facilities;**
> **(iii) the number of arrests conducted by ICE officers within the jurisdiction of the Boston ICE ERO;**
> **(iv) the Provisional Waiver Process;**

**Request for Production No. 23**
**All Documents and Things, including all Communications, concerning any assertion by a person other than Petitioners regarding an alleged failure of Boston ICE ERO to comply with (i) the Provisional Waiver Process or (ii) 8 C.F.R. § 241.4 (the "POCR regulations") or any related regulations concerning detention of individuals by ICE.**

**Objections to Request for Production No. 23**

(1) Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). Respondents object to this request as it is duplicative of RFP No. 22. Respondents object to the extent this request seeks documents and communications relating to ambiguous "assertions" made by individuals who are not members of the certified Class. Respondents also object to the ambiguity of the request, as "any related regulations concerning detention," as this request calls for information that does not relate to claims or defenses raised by Petitioners' Amended Complaint.

(2) Respondents object to this request to the extent the request seeks documents protected from disclosure under an applicable privilege. Fed. R. Civ. P. 26(b)(1). Respondents have not completed a search for potentially responsive documents, and, thus, Respondents reserve the right to claim privilege after a responsiveness review.

(3) Respondents object to this request as vague and, thus, does not describe the documents sought with reasonable particularity, Fed. R. Civ. P. 34(b)(1)(A), because the term "assertion" and "alleged failure" are vague and not defined. Thus, the request represents an undue burden. Fed. R. Civ. P. 26(b)(1).

(4) Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶3. Specifically, Respondents object to the extent this request seeks information from ICE Headquarters unrelated to policy directives given by ICE-Headquarters to ICE-Boston. *Id.* at ¶3(a). Similarly, Respondents object to this request to the extent it does not comply with the particularity requirement for requesting documents pre-dating January 20, 2017. *Id.* at ¶3(c).

(5) Respondents object to this request to the extent it seeks information from USCIS, as USCIS does not detain individuals.

**Response to Request for Production No. 23**

Respondents will not produce any documents responsive to this request.

**Request for Production No. 24**
**All Documents and Things, including all Communications, relating to any I-130 interview scheduled for any Petitioner, Class Member, or Class Qualifier since August 29, 2016.**

**Objections to Request for Production No. 24**

(1)     Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). Respondents object to this request in that the adjudication of I-130 petitions by USCIS, to include the scheduling and conduct of interviews, is not relevant to the claims or defenses raised by the Petitioners Amended Complaint.

(2)     Respondents object to this request to the extent the request seeks documents protected from disclosure under an applicable privilege. Fed. R. Civ. P. 26(b)(1).

(4)     Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶3. Specifically, Respondents object to the extent this request seeks information from ICE Headquarters unrelated to policy directives given by ICE-Headquarters to ICE-Boston. Id. at ¶3(a). Similarly, Respondents object to this request to the extent it does not comply with the particularity requirement for requesting documents pre-dating January 20, 2017. Id. at ¶3(c).

**Response to Request for Production No. 24**

Respondents will not produce any documents responsive to this request, excepting those that may be produced as responsive to another request.

> **Request for Production No. 25**
> **All Documents and Things relating to the scheduling of "stand-alone" I-130 interviews by USCIS for individuals within the jurisdiction of the Boston ICE ERO since August 29, 2016.**

**Objections to Request for Production No. 25**

(1)     Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). Respondents object to this request in that the adjudication of I-130 petitions by USCIS, to include the scheduling and conduct of interviews, is not relevant to the claims or defenses raised by the Petitioners' Amended Complaint. Moreover, scheduling of I-130 interviews for adjudication is not limited to Class Members.

(2)     Respondents object to this request to the extent the request seeks documents protected from disclosure under an applicable privilege. Fed. R. Civ. P. 26(b)(1).

(3)     Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶3. Specifically, Respondents object to the extent this request seeks information from ICE Headquarters unrelated to policy directives given by ICE-Headquarters to ICE-Boston. *Id.* at ¶3(a). Similarly, Respondents object to this request to the extent it does not comply with the particularity requirement for requesting documents pre-dating January 20, 2017. *Id.* at ¶3(c).

**Response to Request for Production No. 25**

Respondents will not produce any documents responsive to this request, excepting those that Respondents will produce as responsive to another request.

> **Request for Production No. 26**
> **All Documents and Things relating to the RCA, including the algorithm, the inputs, the contract, any changes to how it is used, and the policies about its use.**

**Objections to Request for Production No. 26**

(1)     Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). Respondents object to this request in that the information sought pertaining to the RCA is irrelevant to the claims or defenses raised by the Petitioners' Amended Complaint.
(2)     Respondents object to this request to the extent the request seeks documents protected from disclosure under an applicable privilege. Fed. R. Civ. P. 26(b)(1).
(3)     Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶3. Specifically, Respondents object to the extent this request seeks information from ICE Headquarters unrelated to policy directives given by ICE-Headquarters to ICE-Boston. *Id.* at ¶3(a). Similarly, Respondents object to this request to the extent it does not comply with the particularity requirement for requesting documents pre-dating January 20, 2017. *Id.* at ¶3(c).
(4)     Respondents object to this request to the extent it seeks information from USCIS, as the RCA is not a USCIS system.

**Response to Request for Production No. 26**

Respondents will not produce any documents responsive to this request, excepting those that Respondents will produce as responsive to another request.

> **Request for Production No. 27**
> **All Documents and Things, including all non-final drafts, relating to Executive Order 13768 and its implementation memorandum, "Enforcement of the Immigration Laws to Serve the National Interest" (Feb. 20, 2017), issued by John Kelly.**

**Objections to Request for Production No. 27**

(1)     Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). Respondents object to this request in that the information sought pertaining to the issuance of the Executive Order, as well as the February 20, 2018 memo is irrelevant to the claims

**Request for Production No. 30**
**All Documents and Things, including all Communications, reflecting any time an official or employee in the Boston ICE ERO has used racially disparaging terms. Such terms include, but are not limited to, the n-word, "wetback," "spic," "invasion," "infestation," "tonk," "tonc," "animals," "Guat," "invader," "beaner," and "anchor baby."**

**Objections to Request for Production No. 30**

(1)     Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). Respondents object to this request as vague and ambiguous as, excepting the listed terms, Respondents are unable to ascertain what Petitioners consider to be a "racially disparaging terms." Respondents also object to the extent the request seeks communications unrelated to officials in leadership positions with policy making authority related to the claims raised in Petitioners' Amended Complaint.
(2)     Respondents object to this request to the extent the request seeks documents protected from disclosure under an applicable privilege. Fed. R. Civ. P. 26(b)(1).
(3)     Respondents object to the search term of "guat". This term appears to be an abbreviation for the country Guatemala. As such, a search of ICE records for the term "guat" will likely result in a significant number of documents which are unresponsive to the Plaintiffs' request relating to alleged racial animus. Such a search would be overbroad, unduly burdensome and not proportional to the needs of the case. ICE objects to the search terms "invasion" and "invader" was not exclusively racist terminology and thus overbroad. ICE objects to the search term of "animal" as the term is overbroad.
(4)     Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶3. Specifically, Respondents object to the extent this request seeks information from ICE Headquarters unrelated to policy directives given by ICE-Headquarters to ICE-Boston. *Id.* at ¶3(a). Similarly, Respondents object to this request to the extent it does not comply with the particularity requirement for requesting documents pre-dating January 20, 2017. *Id.* at ¶3(c).
(5)      Respondents object to this request to the extent it seeks information from USCIS, as USCIS does not exercise custody or control over ICE communications.

**Response to Request for Production No. 30**

Consistent with these objections, ICE will produce any non-privileged information responsive to this request, limited to January 20, 2017 to the present, using the specific terms provided and only from officials in ICE Boston leadership positions in the chain of command from of Assistant Field Office Director (AFOD) through Field Office Director (FOD).

**Request for Production No. 31**
**All Documents and Things used or relied upon in the preparation of any response or supplemental response to any Interrogatory, Request for Production, or Request for Admission served by Respondents.**

29

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

EVE PIEMONTE
Assistant United States Attorney

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

ELIANIS N. PEREZ
Assistant Director

MARY L. LARAKERS
Trial Attorney

/s/ William H. Weiland
WILLIAM H. WEILAND
(MA BBO # 661433)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-0770
Facsimile: (202) 305-7000
E-mail: william.h.weiland@usdoj.gov

*Counsel for Respondents*

**CERTIFICATE OF MAILING**

      I hereby certify that on November 8, 2019, I, William H. Weiland, served a copy of the foregoing, via email and paper copies via regular mail, to the persons listed below:

                                                          William H. Weiland
Dated: November 8, 2019                            Trial Attorney