# Exhibit E

WILMERHALE

December 19, 2019

Stephen Provazza

**By E-mail**

+1 617 526 6000 (t)
+1 617 526 5000 (f)
stephen.provazza@wilmerhale.com

Mary Larakers
William H. Weiland
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
william.h.weiland@usdoj.gov
mary.l.larakers@usdoj.gov

Re:  *Calderon et al. v. Wolf et al.*, No. 18-cv-10225-MLW (D. Mass.)

Dear Counsel,

I am writing regarding our call Monday, December 16, 2019 to follow up on and to confirm our understanding of some of the issues we discussed.

First, Ms. Shatila noted that there may be a technical issue that could potentially delay productions in response to our First Set of Requests for Production ("RFPs"). You noted that this may require extending both your January 31, 2020 production deadline and, as a result, the close of fact discovery on February 28, 2020. Can you please confirm that you will need to seek that extension as soon as possible? Based on your representations during the call, Petitioners reserve the right to seek a further extension of the deadline for amended pleadings. Additionally, we reiterate our request that, regardless of when Respondents complete document production, Respondents frontload their review and production of responsive documents for the potential deponents we identified in my December 13, 2019 email.

Second, regarding your supplementation of ICE's responses to our First Set of Interrogatories, you stated that by next week you expect to provide an updated response from ICE that may resolve the concerns identified by Ms. McCullough's November 26, 2019 letter. Please confirm that the supplemental response will be served next week.

Third, we discussed a number of issues raised in your Responses to the RFPs:

- The parties discussed Respondents' proposed list of custodians from the AFOD to FOD positions in Boston ERO (as noted on page three of your Response to the RFPs), and I noted that Petitioners will seek discovery from additional Boston ERO and Headquarters staff. You noted that if we identified additional specific custodians, you would bring that request to ICE. We will provide that initial list shortly. You also noted that you are still

December 19, 2019
Page 2

WILMERHALE

discussing a potential list of USCIS custodians.  Can you please provide that list as soon as possible?

- The parties discussed Respondents' objections to producing documents in response to RFP Nos. 13 & 14 related to "Class Qualifiers," as that term is defined in our RFPs.  You explained that, notwithstanding those objections, Respondents will produce documents related to individuals who were class members at the time of a decision or enforcement action, whether or not they are currently class members.

- Regarding RFP No. 21, which includes a request for documents related to Rebecca Adducci's appointment as Interim FOD, Respondents have refused to produce documents related to that appointment from any custodians other than Ms. Adducci.  Although we seek any responsive documents—including those from ICE Headquarters—you explained that you would determine whether this search would include documents from your other proposed custodians.  Please also confirm whether documents from Ms. Adducci's emails from the relevant time period, including before she became Interim FOD, will also be included.

- Regarding RFP No. 23, you explained that Respondents decline to produce any documents responsive to this request if they are unrelated to a specific class member.  As I noted during our call, this request seeks documents related to an assertion, by someone other than Petitioners' counsel or a class member as they engaged in the Provisional Waiver or POCR process, that Boston ERO failed to comply with the Provisional Waiver or POCR regulations.  For example, this request would encompass concerns raised by an employee whistleblower that Boston ERO was failing to comply with those regulations.  You stated that you would discuss this request with your client and see whether Respondents will agree to produce responsive materials.  Please let us know their position.

- Regarding RFP Nos. 24 and 25, you stated that Respondents would produce responsive documents sent between USCIS and ICE, but would not produce any internal USCIS communications responsive to these requests.  However, as we have explained in correspondence and during meet-and-confers, Petitioners' requests seek information directly relevant to our allegations that Respondents have interfered with the Provisional Waiver Process.  During our call, you stated that if Petitioners' counsel could identify a specific list of names to search for in USCIS emails, you would pass that request along to USCIS.  We are considering this proposal, but we maintain our position that internal USCIS communication may be relevant and that responsive documents should be produced.

- Regarding RFP No. 26, which requests discovery related to the RCA, you explained that you are still discussing this request with your client.  Please let us know whether Respondents will update their response to this request and produce responsive documents.

- Regarding RFP Nos. 27 and 28, which request discovery related to Executive Order 13768, you stated that Respondents will not produce documents responsive to these

December 19, 2019
Page 3

WILMERHALE

requests and that you would provide a formal response to this portion of our deficiency letter. Please provide that response as soon as possible.

- Regarding RFP Nos. 29 and 30, which request discovery related to President Trump's previous statements and racially disparaging language that Respondents may have used, you stated that ICE will not produce documents from above the FOD level but is currently discussing whether it would produce materials from staff below the AFOD level. Again, discovery above the FOD level is directly relevant to Petitioners' claims. Please let us know as soon as possible whether your client maintains its original position or, instead, will produce responsive documents from lower-level employees. Additionally, for RFP No. 30, you explained that you are conferring with custodians to determine whether other racially disparaging terms should be used for your custodial searches. As soon as possible, please provide the final list of terms that Respondents are using to identify documents responsive to RFP No. 30.

- Regarding RFP Nos. 31-33, you confirmed that no documents would be withheld based on Respondents' objections, including the objection contained in Respondents' responses that these requests are "needlessly duplicat[ive]." Thank you for that confirmation.

- Regarding RFP No. 35, you explained that your client will produce the current organizational chart for Boston ERO, and that you are still discussing with your client whether they would produce USCIS materials and the direct reporting line from Boston ERO through ICE Headquarters. You noted that you are currently discussing with your client regarding an organizational chart for everyone above the FOD level who directly or indirectly supervises Boston ERO, up to and including the Secretary of Homeland Security. Ms. Shatila also stated that your client is still trying to determine what type of organizational charts exist and for what time frames. To assist in that assessment, she requested that we provide specific dates or time frames of particular interest to help run searches. Although Petitioners reserve the right to request charts for different dates, for the moment we ask that Respondents provide organizational charts from the following dates: August 29, 2016; January 25, 2017; February 20, 2017; April 10, 2018; August 23, 2018; and the present. Additionally, please inform us as soon as possible whether Respondents will produce organizational charts above the FOD level and for USCIS.

- Regarding RFP Nos. 36 and 37, Petitioners' counsel explained that our requests seek policies and procedures related to record generation, maintenance, retention, and disposition related to any potential source of responsive documents—for example, emails, hard copy documents, responsive information stored in databases such as EARM, and A-files—in whatever form that may have taken, such as manuals, memoranda, or email. While RFP No. 36 seeks documents sufficient to identify those policies and practices, RFP No. 37 seeks all documents related to the transfer or destruction of any documents sought in Petitioners' RFPs. You asked whether we seek policies and schedules related to A-File retention; to confirm, RFP No. 36 seeks that information to the extent it applies to A-Files in general, while RFP No. 37 seeks information related to the transfer or destruction of A-Files that contain information responsive to another

December 19, 2019
Page 4

WILMERHALE

RFP.  You offered to further discuss these RFPs with your client, so please let us know as soon as possible whether Respondents will produce responsive documents.

Thank you for your prompt attention to these issues, and we look forward to your responses.

Sincerely,

Stephen N. Provazza