# Exhibit F

# WILMERHALE

October 2, 2020

**Stephen Provazza**

**By E-mail**

+1 617 526 6000 (t)
+1 617 526 5000 (f)
stephen.provazza@wilmerhale.com

Mary Larakers
William H. Weiland
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
mary.l.larakers@usdoj.gov
william.h.weiland@usdoj.gov


Re:  *Calderon et al. v. Wolf et al.*, No. 18-cv-10225-MLW (D. Mass.)

Dear Counsel,

     I am writing regarding our meet and confer on September 29, 2020 to confirm our understanding of some of the issues we discussed.  This letter is not meant to capture all issues discussed and should not be taken as a waiver of any issues discussed on the call, but not memorialized below.  In particular, this letter addresses discussions related to Petitioners' First and Second Sets of Requests for Production ("RFPs"), as well as other outstanding discovery disputes.

## Second Set of RFPs

     *First*, we discussed the scope of Respondents' production of ICE Headquarters materials responsive to **Requests for Production Nos. 41 and 42,** as well as **Request for Production No. 21**.  You confirmed that, per Respondents' August 24, 2020 email, ICE will produce communications and documents from a list of ICE ERO custodians that were not transmitted to ICE Boston regarding (1) the arrest, detention, or removal of class members, (2) the implementation of Policy Directives that were communicated to ICE Boston ERO related to the arrest, detention, or removal of class members, (3) arrests at USCIS facilities, and (4) the implementation of Policy Directives that were communicated to ICE Boston ERO related to arrests at USCIS facilities.

     We then discussed the list of ICE Headquarters custodians that were in the ICE Field Office Director's chain of command during the relevant time period.  You confirmed that the search for responsive materials will *not* be limited to the time period each individual was in the role listed, and that their ICE inboxes would be searched covering the full relevant time period regardless of what position they held.  Finally, you stated during the call that you did not know

October 2, 2020
Page 2

when these documents would be produced. We would appreciate an update on ICE's production by no later than October 13.

*Second*, the parties discussed Petitioners' proposed limitation regarding **Requests for Production Nos. 43 and 45**, as expressed in our August 10, 2020 letter, where we limited these requests to documents and communications from February 20, 2017 to September 30, 2018 in the possession of ICE Headquarters regarding ICE Boston ERO's implementation of Executive Order 13768 and Secretary Kelly's February 20, 2017 Memorandum as it relates to individuals in three categories: (1) individuals with final orders of removal who do not otherwise fall into one of the other enumerated enforcement priorities, (2) individuals of a particular race or racial group, or (3) individuals of a particular national origin. With respect to category (1), you explained that ICE understands the phrase "Policy Directive" to include Executive Order 13768 and its implementation memoranda and therefore such documents would be captured by ICE's production in response to at least RFP Nos. 41 and 42.

With respect to materials related to individuals in categories (2) and (3), you reiterated that ICE finds the term "particular" overly vague. We agreed to discuss and respond promptly with clarification.

*Third*, with respect to **Requests for Production Nos. 44, 46, 47, and 48**, Respondents confirmed they would not produce any documents in response to these Requests, even with the limitations proposed in our August 10, 2020 letter. Based on your client's position and refusal to provide any counter-proposal that would alleviate their burden of producing these plainly relevant materials, we are at an impasse for purposes of Local Rule 37.1. As such, we will move to compel discovery with respect to these Requests.

**Issues Raised in February 26, 2020 and August 26, 2020 Letters**

The parties also discussed a number of outstanding issues related to Petitioners' First Sets of Requests for Production and Interrogatories.

*First*, with respect to **Requests for Production Nos. 24 and 25**, we offered in our February 26, 2020 letter to limit the Requests to policies and practices that may dictate whether and when a class member would be scheduled for an I-130 interview. During the meet and confer, Respondents reiterated they would have only produced documents related to the scheduling of individual I-130 interviews for class members, but would not produce any general policies or procedures. You agreed to ask USCIS whether they would produce the relevant sections of USCIS's Consolidated Handbook of Adjudication Procedures ("CHAP") describing USCIS's policy of scheduling I-130 interviews and whether there are any other general policy or procedure documents that they may be willing to produce. Please let us know by October 13 if your client agrees to produce the relevant CHAP sections or other policy documents.

*Second*, with respect to **Request for Production No. 30**, the parties had previously discussed the potential of searching for the terms "animal" or "invasion" to determine the burden

WilmerHale

of reviewing and producing responsive documents. Petitioners re-raised this request, and Respondents agreed to run a search. Please let us know the results of that search by October 13.

*Third*, with respect to **Interrogatory No. 1**, Petitioners had previously asked Respondents to supplement their Interrogatory Response to include information on how the Risk Classification Analysis ("RCA") system considers USCIS benefits or provisional waiver applications in its decisional matrix. Additionally, we discussed our request for RCA documents including the decisional matrix and RCA work-ups or documents regarding named petitioners Lilian Calderon and Lucimar de Souza. You agreed to follow up with your client about the status of that request. We also discussed how production of these materials and corresponding 30(b)(6) testimony may alleviate the need for Respondents to supplement their Response to Interrogatory No. 1. Please let us know as soon as you have heard from your client, and no later than October 13, as we have delayed the 30(b)(6) deposition of Mr. Timothy Gibney to wait for a response from ICE on whether it will provide the RCA matrix.

Although it was included in our agenda, the parties did not discuss **Interrogatory No. 3**. On August 26, 2020, the parties agreed that amendment of Respondents' Interrogatory Response No. 3 to cover ERO Boston's POCR practices prior to the changes made in response to this litigation in 2018, as discussed in our February 26, 2020 letter, will satisfy this topic. Petitioners request an amended Response by October 13.

**Other Discovery Issues**

The parties also discussed outstanding issues with respect to the production of certain documents, including:

- **USCIS's failure to produce relevant CHAP policy documents before Mr. Riordan's deposition.** Respondents explained that in their document review process, documents that the agencies reviewed at the first level were not being queued into or batched out to the second-level review by OIL. Respondents stated that they are continuing to re-review documents without auto-batching those documents to ensure other records have not fallen through the cracks, which explains the large production of documents on August 27, 2020. Petitioners emphasized the importance of quality-checking the document productions to ensure that other documents were not missed, and Respondents committed to doing so. Respondents stated that they are waiting for an answer from USCIS regarding ICE-00048522, which concerned a potential arrest at an I-130 interview that was received by and in the custody of Mirella Tiberi. Please provide an update regarding ICE-00048522 from USCIS by October 13.

- **Production of SDDO documents, including Andrew Graham's documents.** Petitioners first raised issues with Respondents' failure to produce documents from Supervisory Detention and Deportation Officers ("SDDOs") in our August 6, 2020 letter, in which we asked for the prompt production of documents from at least five named SDDOs. On August 24, Respondents agreed to provide a list of ten SDDOs whose records ICE would review for responsive documents. You provided this list

October 2, 2020
Page 4

WilmerHale

on August 25.  With respect to how the list of ten SDDOs were identified, Respondents stated that beyond the five officers that Petitioners identified, ICE examined the volume of potentially responsive records and identified the top five individuals with potentially responsive documents.  You also explained that there was a conversation within ICE about SDDO involvement that helped inform the final list of SDDOs.  We reiterated our concern that, given the issues surrounding ICE's previous representations regarding who within ICE Boston are relevant decision-makers and our inability to rely on the produced organizational charts, we seek further explanation and assurance from ICE that these ten SDDOs were relevant decision-makers.  It is our goal that making this effort now will ensure the remainder of discovery is conducted efficiently and does not require additional follow-up searches and requests if it turns out that that there are material exclusions from this initial list.  You agreed to ask ICE for further clarification regarding those internal conversations for why limiting production to these ten SDDOs makes sense.  We look forward to your response and ask for an update no later than October 13.

- **Production of DO documents and the identification of the officers that arrested Lucimar de Souza.**  Petitioners reiterated our request for focused discovery from a limited set of Deportation Officers ("DOs").  First, you agreed to ask your clients to identify which of the officers listed in your August 27, 2020 letter were physically involved in arresting Ms. de Souza at USCIS offices.  Second, you informed us that your client will not provide documentary discovery from any DOs.  The parties discussed potential limitations on such documentary discovery, and you requested that we provide a more detailed description of the scope of documentary discovery we are seeking.  Petitioners propose that Respondents produce documents and communications in the custody of three to-be-identified Deportation Officers from the time period of January 1, 2017 to October 1, 2018 in response to Requests for Production Nos. 2-10, 14-19, 21, 22, and 30.

We look forward to your prompt response.

Sincerely,

Stephen N. Provazza