Exhibit H

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

LILIAN PAHOLA CALDERON JIMENEZ      No. 1:18-cv-10225-MLW
and LUIS GORDILLO, *et al.*,

       Petitioners-Petitioners,

  v.

CHAD F. WOLF, *et al.*,

       Respondents-Respondents.

---

## RESPONDENTS' *CORRECTED* RESPONSES AND OBJECTIONS TO
## PETITIONERS' SECOND SET OF REQUESTS FOR PRODUCTION

       Respondents, by and through counsel, provide the following objections and responses to Petitioners Second Set of Requests for Production of Documents and Things. Respondents' objections are based on information known to Respondents at this time, and are made without prejudice to additional objections should Respondents subsequently identify additional grounds for objection. Respondents also submit these objections and responses subject to: (a) any objections as to competency, relevancy, materiality, privilege, and admissibility of any of the responses; and (b) the right to object to other discovery procedures involving and relating to the subject matter of the requests herein.

       Respondents specifically reserve the right to make further objections as necessary to the extent that additional issues arise as to the meaning of and/or information sought by discovery.

       Respondents will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the federal officials and offices within the scope of discovery authorized by the Court in its August 28, 2019 order, ECF No. 366.

       Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

       Respondents have not completed their investigation of the facts underlying this case, have not completed their discovery, and have not completed their preparation for trial. Therefore, Respondents reserve the right to supplement clarify, revise, or correct any or all of the responses

deliberative process, or any other applicable privilege. Specifically, this request seeks all documents and things, including communications, at ICE Headquarters, relating to Executive Order 13768, regardless of whether or not these documents, discussions, or deliberations were ever conveyed to ICE Boston ERO. In addition, Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). This case is limited to the policies and practices of ICE Boston ERO, and to the extent this request seeks information that was never communicated to ICE Boston ERO, and therefore was unknown to ICE Boston ERO at the time ICE Boston ERO took action, or remains unknown to ICE Boston ERO, such documents and communications are irrelevant to the claims in this case and are not proportional to the needs of the case, such that the production of the requested documents represents a burden that is vastly outweighed by the non-germane benefit of the documents sought. Fed. R. Civ. P. 26(b)(1).

(2)     Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶ 3. Specifically, the Court's order limited discovery from ICE Headquarters "concerning policy directives given to ICE-Boston." *Id*. at ¶ 3(a). To the extent this request seeks documents and communications internal to ICE Headquarters that were not forwarded to ICE Boston, Respondents object.

(3)     In addition, this Request fails to designate/define the "things" requested with reasonable particularity as required by Rule 34(a)(1)(B).

## Response to Request for Production No. 43

To the extent this request seeks information within the scope of discovery set by the Court, this request is duplicative to the following RFP: 17, 21, 27–28. Respondents have produced, or are in the process of producing, documents related to these numerous requests, in accordance with previously stated objections, which are reasserted here.

To the extent documents responsive to these requests have been previously produced to the Petitioners, Respondents will not duplicate production efforts.

To the extent this request essentially mirrors RFP 27–28, Respondents reassert their objections and responses here.

**Request for Production No. 44**
**All Documents and Things, including all Communications, between January 20, 2017 and March 20, 2017 in the possession of the Office of the Secretary of Homeland Security, including but not limited to the Secretary, Deputy Secretary, DHS Chief of Staff, and Executive Secretary, regarding Executive Order 13768. This request includes, but is not limited to, materials related to the formulation, drafting, implementation, or alteration of Executive Order 13768.**

**Objections to Request for Production No. 44**

(1)      Respondent objects to this Request to the extent that it is overbroad and to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine, deliberative process, or any other applicable privilege. Specifically, this request seeks all documents and things, including communications, in the possession of the Office of the Secretary of Homeland Security relating to Executive Order 13768, regardless of whether or not these documents, discussions, or deliberations were ever conveyed to ICE, or ICE Boston I ERO. Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). This case is limited to the policies and practices of ICE Boston ERO, and to the extent this request seeks information that was never communicated to ICE Boston ERO, and therefore was unknown to ICE Boston ERO at the time ICE Boston ERO took action, or remains unknown to ICE Boston ERO, such documents and communications are irrelevant to the claims in this case and are not proportional to the needs of the case, such that the production of the requested documents represents a burden that is vastly outweighed by the non-germane benefit of the documents sought. Fed. R. Civ. P. 26(b)(1).

(2)      Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶ 3. Specifically, the Court's order limited discovery from ICE Headquarters "concerning policy directives given to ICE-Boston." *Id*. at ¶ 3(a). To the extent this request seeks documents and communications that were not forwarded to ICE Boston by ICE Headquarters, Respondents object. Similarly, Respondents object to this request to the extent it does not comply with the particularity requirement for requesting documents pre-dating January 20, 2017. *Id* at 3(c).

(3)      (1)      In addition, this Request fails to designate/define the "things" requested with reasonable particularity as required by Rule 34(a)(1)(B).

**Response to Request for Production No. 44**

Consistent with these objections, Respondents will not produce any documents responsive to this request.

**Request for Production No. 45**
**All Documents and Things, including all Communications, between January 20, 2017 and the present in the possession of ICE Headquarters regarding the memorandum titled "Enforcement of the Immigration Laws to Serve the National Interest," issued by John Kelly on February 20, 2017. This request includes all responsive materials created since January 20, 2017. This request also includes, but is not limited to, materials related to the formulation, drafting, implementation, or alteration of the memorandum.**

**.Objections to Request for Production No. 45**

(1)     Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). Specifically, this request seeks all documents, and communications, in the possession of ICE Headquarters, relating to regarding the memorandum titled "Enforcement of the Immigration Laws to Serve the National Interest," issued by John Kelly on February 20, 2017, regardless of whether or not these documents, discussions, or deliberations were ever conveyed to ICE Boston ERO. This case is limited to the policies and practices of ICE Boston ERO, and to the extent this request seeks information that was never communicated to ICE Boston ERO, and therefore was unknown to ICE Boston ERO at the time ICE Boston ERO took action, or remains unknown to ICE Boston ERO, such documents and communications are irrelevant to the claims in this case and are not proportional to the needs of the case, such that the production of the requested documents represents a burden that is vastly outweighed by the non-germane benefit of the documents sought. Fed. R. Civ. P. 26(b)

(2)     Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶ 3. Specifically, the Court's order limited discovery from ICE Headquarters "concerning policy directives given to ICE-Boston." *Id*. at ¶ 3(a). To the extent this request seeks documents and communications internal to ICE Headquarters that were not forwarded to ICE Boston ERO, Respondents object. Similarly, Respondents object to this request to the extent it does not comply with the particularity requirement for requesting documents pre-dating January 20, 2017. *Id* at 3(c).

(3)     Respondents object to this request to the extent the request seeks documents protected from disclosure under an applicable privilege. Fed. R. Civ. P. 26(b)(1).

**Response to Request for Production No. 45**

        To the extent this request seeks information within the scope of discovery set by the Court, this request is duplicative to the following RFP: 17, 21, 27–28. Respondents have produced, or are in the process of producing, documents related to these numerous requests, in accordance with previously stated objections, which are reasserted here.

        To the extent documents responsive to these requests have been previously produced to the Petitioners, Respondents will not duplicate production efforts.

        To the extent this request essentially mirrors RFP 27–28, Respondents reassert their objections and responses here.

**Request for Production No. 46**
**All Documents and Things, including all Communications, between January 20, 2017 and April 20, 2017 in the possession of the Office of the Secretary of Homeland Security, including but not limited to the Secretary, Deputy**

**Secretary, DHS Chief of Staff, and Executive Secretary, regarding the memorandum titled "Enforcement of the Immigration Laws to Serve the National Interest," issued by John Kelly on February 20, 2017. This request also includes, but is not limited to, materials related to the formulation, drafting, implementation, or alteration of the memorandum.**

## Objections to Request for Production No. 46

(1)      Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). Specifically, this request seeks all documents and things, including communications, in the possession of the Office of the Secretary of Homeland Security relating the memorandum titled "Enforcement of the Immigration Laws to Serve the National Interest," issued by John Kelly on February 20, 2017, regardless of whether or not these documents, discussions, or deliberations were ever conveyed to ICE Boston ERO. This case is limited to the policies and practices of ICE Boston ERO, and to the extent this request seeks information that was never communicated to ICE Boston ERO, and therefore was unknown to ICE Boston ERO at the time ICE Boston ERO took action, or remains unknown to ICE Boston ERO, such documents and communications are irrelevant to the claims in this case and are not proportional to the needs of the case, such that the production of the requested documents represents a burden that is vastly outweighed by the non-germane benefit of the documents sought. Fed. R. Civ. P. 26(b)(1).

(2)      Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶ 3. Specifically, the Court's order limited discovery from ICE Headquarters "concerning policy directives given to ICE-Boston." *Id*. at ¶ 3(a). To the extent this request seeks documents and communications that were not forwarded to ICE Boston ERO by ICE Headquarters, Respondents object.

(3)      Respondents object to this request to the extent the request seeks documents protected from disclosure under an applicable privilege. Fed. R. Civ. P. 26(b)(1). In addition, this Request fails to designate/define the "things" requested with reasonable particularity as required by Rule 34(a)(1)(B).

## Response to Request for Production No. 46

Consistent with these objections, Respondents will not produce any documents responsive to this request.

### Request for Production No. 47
**All Documents and Things, including all Communications, between January 20, 2017 and the present involving the ICE Office of Public Affairs (including Documents and Things sent to or received from the Press Secretary in Washington, D.C.) discussing arrests at USCIS facilities.**

## Objections to Request for Production No. 47

(1)      Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). First, this request seeks all documents and things, including communications involving ICE Public Affairs from January 20, 2017 until present, discussing arrests at USCIS facilities, regardless of whether or not these documents, discussions, or deliberations were ever conveyed to ICE Boston  ERO or whether the arrests involve *Calderon* class members. This case is limited to the policies and practices of ICE Boston ERO, and to the extent this request seeks information that was never communicated to ICE Boston  ERO, and therefore was unknown to ICE Boston ERO at the time ICE Boston ERO took action, or remains unknown to ICE Boston ERO, such documents and communications are irrelevant to the claims in this case and are not proportional to the needs of the case, such that the production of the requested documents represents a burden that is vastly outweighed by the non-germane benefit of the documents sought. Fed. R. Civ. P. 26(b). Second, the ICE Office of Public Affairs does not make enforcement decisions. Documents in the sole possession of the ICE Office of Public Affairs have no direct impact on ICE Boston ERO's decision to arrest, detain or remove any *Calderon* class member and are irrelevant and not proportional to the needs of the case. Third, this request seeks information outside the jurisdiction of ICE Boston ERO, which is irrelevant and not proportional to the needs of the case. Fourth, to the extent ICE Office of Public Affairs provided a formal response to media inquiries, Plaintiffs may obtain said responses through the exercise of due diligence by searching publicly available media sources.

(2)      Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶ 3.

(3)      Respondents object to this request to the extent the request seeks documents protected from disclosure under an applicable privilege. Fed. R. Civ. P. 26(b)(1). In addition, this Request fails to designate/define the "things" requested with reasonable particularity as required by Rule 34(a)(1)(B).

## Response to Request for Production No. 47

To the extent this request seeks information within the scope of discovery set by the Court, this request is duplicative to the following RFP: 2–10, 15–16, 18, 20–21, 24–25. Respondents have produced, or are in the process of producing, documents related to these numerous requests, in accordance with previously stated objections, which are reasserted here.

To the extent documents responsive to these requests have been previously produced to the Petitioners, Respondents will not duplicate production efforts.

**Request for Production No. 48**

**All Documents and Things, including all Communications, between January 20, 2017 and the present involving the USCIS External Affairs Directorate, discussing arrests at USCIS facilities.**

**Objections to Request for Production No. 48**

(1)     Respondents object to this request to the extent the request seeks documents that are not relevant to the claims and defenses in this litigation, is not proportional to the needs of the case, and represents a burden that does not outweigh the benefit of the documents sought. Fed. R. Civ. P. 26(b)(1). First, this request seeks all documents and things, including communications involving USCIS External Affairs Directorate from January 20, 2017 until present, discussing arrests at USCIS facilities, regardless of whether or not these documents, discussions, or deliberations were ever conveyed to ICE Boston ERO or implicate *Calderon* class members. This case is limited to the policies and practices of ICE Boston  ERO, and to the extent this request seeks information that was never communicated to ICE Boston ERO, and therefore was unknown to ICE Boston ERO at the time ICE Boston ERO took action, or remains unknown to ICE Boston  ERO, such documents and communications are irrelevant to the claims in this case and are not proportional to the needs of the case, such that the production of the requested documents represents a burden that is vastly outweighed by the non-germane benefit of the documents sought. Fed. R. Civ. P. 26(b). Second, the USCIS External Affairs Directorate does not make enforcement decisions for ICE. Documents in the sole possession of the USCIS External Affairs Directorate have no direct impact on the arrest, detention or removal of any *Calderon* class member and are irrelevant and not proportional to the needs of the case. Third, this request seeks information outside the jurisdiction of ICE Boston ERO, which is irrelevant and not proportional to the needs of the case. Fourth, to the extent USCIS External Affairs Directorate provided a formal response to media inquiries, Plaintiffs may obtain said responses through the exercise of due diligence by searching publicly available media sources.

(2)     Respondents object to this request to the extent the request seeks documents from outside the limitations set by the Court pertaining to the scope of discovery to be conducted in this case. ECF No. 366 at ¶ 3.

(3)     Respondents object to this request to the extent the request seeks documents protected from disclosure under an applicable privilege. Fed. R. Civ. P. 26(b)(1). In addition, this Request fails to designate/define the "things" requested with reasonable particularity as required by Rule 34(a)(1)(B).

(4)     Respondents object to this request to the extent it seeks Documents and Things from U.S. Citizenship and Immigration Services ("USCIS") that are irrelevant to the certified class, not proportional to the needs of the case considering the claims actually raised in the Amended Complaint, and therefore beyond the scope of discovery authorized by Fed. R. Civ. P.  26(b(1) and by the Court.

Respectfully submitted,


ANDREW E. LELLING
United States Attorney

EVE PIEMONTE
Assistant United States Attorney

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

ELIANIS N. PEREZ
Assistant Director

MARY L. LARAKERS
Trial Attorney

WILLIAM H. WEILAND
(MA BBO # 661433)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-0770
Facsimile: (202) 305-7000
E-mail: william.h.weiland@usdoj.gov

*Counsel for Respondents*

**CERTIFICATE OF MAILING**

I hereby certify that on June 30, 2020, I, William H. Weiland, served a copy of the foregoing, via email, to Petitioners' / Plaintiffs' counsel.

William H. Weiland
Trial Attorney

Dated: June 30, 2020

15