# Exhibit I

WILMERHALE

July 23, 2020

**Stephen Provazza**

**By E-mail**

+1 617 526 6000 (t)
+1 617 526 5000 (f)
stephen.provazza@wilmerhale.com

Mary Larakers
William H. Weiland
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
william.h.weiland@usdoj.gov
mary.l.larakers@usdoj.gov

Re:  *Calderon et al. v. McAleenan et al.*, No. 18-cv-10225-MLW (D. Mass.)

Dear Counsel,

     I am writing regarding deficiencies in Respondents' June 30, 2020 Corrected Responses and Objections to Petitioners' Second Set of Requests for Production (Nos. 41-49).

**Respondents' Refusal to Provide any Documentary Discovery from ICE Headquarters**

     There is no basis for Respondents' continued refusal to produce *any* documents or communications from ICE Headquarters beyond those sent or received by employees of ICE Boston ERO.  Respondents have objected to each request for documents from ICE Headquarters on the basis that it "seeks information that was never communicated to ICE Boston ERO, and therefore was unknown to ICE Boston ERO at the time ICE Boston ERO took action."  Respondents' Objections to Request for Production Nos. 41-43, 45, and 47.

     As an initial matter, it is unclear to us how Respondents can make this objection in good faith when Respondents have not even collected the sought-after documents to determine whether, in fact, the responsive information was communicated to ICE Boston ERO.  The mere fact that a document does not reflect correspondence with ICE Boston ERO does not mean that the subject matter of the document was not ultimately communicated to ICE Boston ERO. Respondents' objection is wholly inconsistent with Rule 26.

     Moreover, Respondents' contentions that ICE Headquarters materials are "outside the scope of this action" or are "outside the limitations set by the Court pertaining to the scope of discovery," *see*, *e.g.*, Respondents Objections to Request for Production No. 41, are incorrect.  In its August 28, 2019 Order, the Court ordered that "Petitioners may take discovery *from* ICE Headquarters *concerning* policy directives given to ICE-Boston." Dkt. 366 at 2 (emphasis added). At the August 27, 2019 hearing regarding these very issues, the Court declined to limit

July 23, 2020
Page 2

**WilmerHale**

discovery on this topic to only those materials actually transmitted to ICE Boston ERO. *See* Aug. 27, 2019 Hr'g Tr. (Dkt 371) at 60:7-21. Indeed, during that hearing the Court considered and rejected Respondents' objections to providing discovery from ICE Headquarters on the same bases provided in your June 30, 2020 Responses. Respondents' ongoing objections on this issue are in plain violation of the Court's order and Respondents' flat refusal to produce documents is in contempt of the Court's direct order to the contrary.

While Petitioners have made a good faith effort to resolve this dispute, Respondents' have been intransigent. We will move to compel production of these materials unless Respondents agree to drop this blanket objection to all of our Requests for Production and produce responsive documents. Further, in view of the fact that this issue has already been decided by the Court, Petitioners' motion may include a request for fees.

**Respondents' RFP Responses**

***First***, Request for Production Nos. 41 and 42 seek documents from ICE Headquarters "regarding Policy Directives that could have, did, or will affect ICE Boston ERO's policies or practices" related to the arrest, detention, or removal of class members or individuals present at USCIS facilities. Request for Production Nos. 41 and 42 simply tracks the scope of discovery set out by the Court's order and is limited to only those Policy Directives relevant to ICE Boston ERO's enforcement actions against individuals pursuing the Provisional Waiver process. These materials are relevant to Petitioners' Due Process, Administrative Procedures Act, and Equal Protection Clause claims, and are relevant to determining the scope of relief.

***Second***, Request for Production Nos. 43 and 45 seek documents regarding Executive Order 13768 and Secretary Kelly's February 20, 2017 implementing memorandum from ICE Headquarters. Respondents have already identified these documents as relevant Policy Directives given to ICE Boston ERO and which directly influenced ICE Boston EROs practice of taking enforcement actions against individuals pursuing the Provisional Waiver process.[1] Therefore, pursuant to the Court's August 28, 2019 Order, Respondents should produce all materials from ICE Headquarters concerning these Policy Directives. These materials are relevant to Petitioners' Due Process, Administrative Procedures Act, and Equal Protection Clause claims.

***Third***, Request for Production No. 44 seeks documents regarding Executive Order 13768 from the Office of the Secretary of Homeland Security from January 20, 2017 to March 20, 2017 and Request for Production No. 46 seeks documents regarding Secretary Kelly's February 20, 2017 memorandum implementing Executive Order 13768 from the Office of the Secretary of Homeland Security from January 20, 2017 to April 20, 2017. As noted above, Respondents have already identified these Policy Directives pursuant to which ICE Boston ERO carried out their arrests, detention, and removal of individuals pursuing the Provisional Waiver process. Therefore, these materials are directly relevant to Petitioners' Due Process, Administrative

---

[1] *See* Respondent Immigration and Customs Enforcement's Frist Supplemental Objections and Responses to Petitioner's' First Set of Requests for Interrogatories [Revised], Response to Interrogatory No. 2.

July 23, 2020
Page 3

WILMERHALE

Procedures Act, and Equal Protection Clause claims. Of particular import, Petitioners' Equal Protection claim is focused on the racial animus underlying the creation and implementation of these two documents; discovery into their creation is therefore relevant.

**Fourth**, Request for Production Nos. 47 and 48 seeks documents regarding the ICE Office of Public Affairs and USCIS External Affairs Directorate related to arrests at USCIS facilities. Petitioners are willing to limit this request to materials related to arrests at USCIS offices within the jurisdiction of ICE Boston ERO or to any policies, patterns, or practices that included such arrests. These materials relate to ICE and USCIS's public response to their practice of arresting individuals seeking immigration benefits at USCIS offices and are therefore relevant to Petitioners' Due Process, Administrative Procedures Act, and Equal Protection Clause claims.

**Fifth**, Request for Production No. 49 seeks communications between ICE and USCIS, including ICE Headquarters, related to Significant Incident Reports that involve facilitated apprehensions at USCIS offices. Petitioners are willing to limit this request to materials related to arrests at USCIS offices within the jurisdiction of ICE Boston ERO. These materials are related to actual arrests at USCIS offices and are therefore relevant to Petitioners' Due Process, Administrative Procedures Act, and Equal Protection Clause claims.

We will make ourselves available to meet and confer regarding these issues in order to attempt to resolve them without Court intervention. Please let us know if you are available on Friday, July 24, 2020 to discuss.

Sincerely,

*/s/ Stephen Provazza*

Stephen N. Provazza