# Exhibit J

WILMERHALE

August 10, 2020

**Stephen Provazza**

**By E-mail**

+1 617 526 6000 (t)
+1 617 526 5000 (f)
stephen.provazza@wilmerhale.com

Mary Larakers
William H. Weiland
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
mary.l.larakers@usdoj.gov
william.h.weiland@usdoj.gov


Re:   *Calderon et al. v. Wolf et al.*, No. 18-cv-10225-MLW (D. Mass.)

Dear Counsel,

      I am writing regarding our telephone call last Wednesday, July 29, 2020 to meet and confer regarding Respondents' June 30, 2020 Corrected Responses and Objections to Petitioners' Second Set of Requests for Production (Nos. 41-49).

**ICE Headquarters Discovery**

      Petitioners have made numerous attempts to resolve this dispute since the parties first conferred on this issue on November 8, 2019. Only recently, during our July 29, 2020 teleconference, did you inform us that Respondents have agreed to provide (1) notes, minutes, and memoranda from ICE Headquarters that contain records of conversations or communications with ICE Boston ERO regarding policy directives given to ICE Boston ERO, and (2) emails communicating policy directives to ICE Boston ERO that may not be reflected in ICE Boston ERO's own system.

      We agree that these materials are responsive to our Requests and are well within the scope of discovery already authorized by the Court's August 28, 2019 Order, Dkt. No. 366. In fact, these documents should have already been produced as responsive to Petitioners' Requests for Production. At the least, these documents should have been collected and reviewed to assure that their contents were captured and produced based on Respondents' assertion that "[a]ny alleged policy or practice would be captured in documents or communications sent to or by these [proposed custodians]." Respondents' Responses and Objections to Petitioners' First Set of Requests for Production, at 4.

August 10, 2020
Page 2

**WILMERHALE**

In addition to the materials identified by Respondents, the Court's Order authorized "discovery *from* ICE Headquarters *concerning* policy directives given to ICE-Boston." Dkt. No. 366 at 2 (emphasis added). Although the Court noted some of the most obviously relevant categories of documents during our hearing on this issue, *see* Aug. 27, 2019 Hr'g Tr. (Dkt. No. 371), the Order *did not* limit discovery to only documents reflecting a direct communication with ICE Boston as Respondents have asserted. Consistent with the Court's Order, and in an effort to compromise with Respondents, Petitioners have stated their position with respect to each implicated Request for Production below.

**Specific Requests for Production**

During our July 29, 2020 telephone call, the parties discussed Request for Production Nos. 41-49, including Petitioners' offer to narrow Request Nos. 47-49. *See* July 23, 2020 letter. In an attempt to resolve the remaining disputes regarding Petitioners' Second Set of Requests for Production, we agree to narrow the requests as follows. For purposes of these requests and unless otherwise specified, Petitioners agree to limit custodians at ICE Headquarters to the individuals within the direct reporting line from ICE Boston ERO, up to and including the Director of ICE, and those ICE Headquarters officials that Respondents identify as having custody of communications with ICE Boston ERO regarding such Policy Directives.

- **Request for Production No. 41**: Petitioners agree to limit this Request to documents and communications in the possession of ICE Headquarters regarding Policy Directives that were communicated to ICE Boston ERO regarding the arrest, detention, or removal of class members that reflect (1) the communication of those Policy Directives, (2) the rescission of those Policy Directives, or (3) discussions of ICE Boston ERO's implementation of those Policy Directives. Such documents may include, but are not limited to, internal ICE Headquarters communications assessing ICE Boston ERO's implementation of such Policy Directives, discussing media or other scrutiny caused by ICE Boston ERO's implementation of Policy Directives, or discussing ICE Boston ERO employees' performance in carrying out those Policy Directives.

- **Request for Production No. 42**: Petitioners agree to limit this Request to documents and communications in the possession of ICE Headquarters regarding Policy Directives that were communicated to ICE Boston ERO regarding arrests at USCIS facilities that reflect (1) the communication of those Policy Directives, (2) the rescission of those Policy Directives, or (3) discussions of ICE Boston ERO's implementation of those Policy Directives. Such documents may include, but are not limited to, internal ICE Headquarters communications assessing ICE Boston ERO's implementation of such Policy Directives, discussing media or other scrutiny caused by ICE Boston EROs implementation of Policy Directives, or discussing ICE Boston ERO employees' performance in carrying out those Policy Directives.

August 10, 2020
Page 3

**WilmerHale**

- **Request for Production No. 43**: Petitioners agree to limit this Request to documents and communications from January 20, 2017 to September 30, 2018 in the possession of ICE Headquarters regarding ICE Boston ERO's implementation of Executive Order 13768 as it relates to individuals (1) with final orders of removal who do not otherwise fall into one of the other enumerated priorities, (2) of a particular race or racial group, or (3) of a particular national origin.

- **Request for Production No. 44**: Petitioners agree to limit this request to documents and communications in the possession of the Office of the Secretary of Homeland Security, including but not limited to the Secretary, Deputy Secretary, DHS Chief of Staff, and Executive, from January 20, 2017 to February 20, 2017 regarding the purpose for, and motivations behind, formulating, drafting, or implementing Executive Order 13768 as they relate to a particular race, racial group, national origin, or animus based on race, racial group, or national origin.

- **Request for Production No. 45**: Petitioners agree to limit this Request to documents and communications from February 20, 2017 to September 30, 2018 in the possession of ICE Headquarters regarding ICE Boston ERO's implementation of Secretary Kelly's February 20, 2017 memorandum implementing Executive Order 13768 as it relates to individuals (1) with final orders of removal who do not otherwise fall into one of the other enumerated priorities, (2) of a particular race or racial group, or (3) of a particular national origin.

- **Request for Production No. 46**: Petitioners agree to limit this request to documents and communications in the possession of the Office of the Secretary of Homeland Security, including but not limited to the Secretary, Deputy Secretary, DHS Chief of Staff, and Executive, from January 20, 2017 to March 20, 2017 regarding the purpose for, and motivations behind, formulating, drafting, or implementing Secretary Kelly's February 20, 2017 memorandum implementing Executive Order 13768 as they relate to a particular race, racial group, national origin, or animus based on race, racial group, or national origin. This would include any responsive materials relied on by the Secretary when drafting the February 20, 2017 memorandum.

- **Request for Production No. 47:** Petitioners agree to limit this request to documents and communications in the custody of the local or headquarters-based ICE Office of Public Affairs, discussing arrests at USCIS offices in the jurisdiction of ICE Boston ERO and any policies, patterns, or practices that included such arrests.

- **Request for Production No. 48**: Petitioners agree to limit this request documents and communications in the custody of the local or national USCIS External Affairs Directorate, including any employees based at USCIS Headquarters, discussing arrests at USCIS offices in the jurisdiction of ICE Boston ERO and any policies, patterns, or practices that included such arrests.

August 10, 2020
Page 4

WilmerHale

Regarding **Request for Production No. 49**, you indicated that because Significant Incident Reports ("SIRs") are created by the local USCIS office, all SIRs for facilitated apprehensions at USCIS offices in ICE Boston ERO's jurisdiction would have originated at the local USCIS office.  Therefore, you stated it was your expectation that any SIR regarding such an arrest would have been included in your prior productions.  If you can confirm that all SIRs for facilitated apprehensions that took place between January 20, 2017 and September 21, 2018 at USCIS offices in the jurisdiction of ICE Boston ERO were created by the local USCIS office, we believe that would resolve any dispute as to this Request.

All of these requests seek documents that are plainly relevant to Petitioners' claims and to the scope of relief in this case.  We are willing to discuss these proposals by phone, but ask that you respond to each of our proposals in writing.

Respondents have also agreed to identify a list of ICE Headquarters custodians they propose to collect from in anticipation of producing the documents you identified during our July 29, 2020 phone call.  Please provide that list by Friday, August 14, 2020.

Sincerely,

*Stephen Provazza*

Stephen N. Provazza