# Exhibit K

| | |
|---|---|
| **From:** | ▮▮▮▮▮▮▮▮ |
| **To:** | WH ACLU MA Calderon Class Action; MSegal@aclum.org; Adriana Lafaille; Kathleen Gillespie; Provazza, Stephen; Costello, Matthew |
| **Cc:** | ▮▮▮▮▮▮▮▮ |
| **Subject:** | Calderon: Discovery matters (as of 24 Aug 20) |
| **Date:** | Monday, August 24, 2020 9:34:36 AM |
| **Attachments:** | List of HQ custodians - Calderon.pdf |

**EXTERNAL SENDER**

Counsel,

Please see below with regard to the several matters discussed pertaining to discovery in this case. If I have missed anything, please add it as a continuation of this e-mail, so we may have one coherent string reflecting our communications.

### 1. HQ custodians:

Please see attached list of individuals who were in Boston ERO's chain of command. Respondents propose to look for responsive documents from these custodians as listed below with regard to Petitioners' Second Set of RFPs 41 and 42.

### 2. RFPs:

RFP 41: ICE will search for and produce responsive documents from the listed ICE ERO custodians regarding the arrest, detention, or removal of class members that discussions of ICE Boston ERO's implementation of those Policy Directives that were never communicated to ERO Boston, and thus not otherwise produced to Plaintiffs.

RFP 42: ICE will search for and produce responsive documents from the listed ICE ERO custodians regarding arrests at USCIS facilities that reflect ( discussions of ICE Boston ERO's implementation of those Policy Directives that were never communicated to ERO Boston, and thus not otherwise produced to Plaintiffs.

RFP 43: In order to respond appropriately, Respondents require clarification of Petitioners' use of the ambiguous and vague term "particular," as quoted here: "(1) with final orders of removal who do not otherwise fall into one of the other enumerated priorities in the Feb 20, 2017 memorandum from Secretary Kelly, Enforcement of the Immigration Laws to Serve the National Interest,(2) of a particular race or racial group, or (3) of a particular national origin."

RFP 44: Respondents maintain their objections to this RFP.

RFP 45: In order to respond appropriately, Respondents require clarification of Petitioners' use

of the ambiguous and vague term "particular," as quoted here: "(1) with final orders of removal who do not otherwise fall into one of the other enumerated priorities, (2) of a particular race or racial group, or (3) of a particular national origin."

RFP 46: Respondents maintain their objections to this RFP.

RFP 47: Respondents maintain their objections to this RFP.

RFP 48: Respondents maintain their objections to this RFP.

RFP 49: USCIS confirms that all responsive SIRs generated by USCIS have been collected and reviewed for production, the final few being included in the upcoming production set expected to be provided to Petitioners by August 26, 2020. ICE confirms that no responsive SIRs were generated by ERO Boston related to arrests at USCIS during the timeframe of August 29, 2016 until present.

3. **30(b)(6) depositions:**

    a. Allotted Time. Respondents agree to Petitioners' proposal to limit the collective time for all 30(b)(6) depositions to 14 hours total, so long as no deposition will be required to run longer than 7 hours, and only 1 deposition will be taken per day. Respondents also agree that these depositions will not count against the 10 depositions allotted to Petitioners for fact witnesses. Respondents request clarification how Petitioners intend to apportion these 14 hours, if they intend to do so.

    b. Topics.

Topics 20 and 21: ICE confirms that the response to Petitioners' Interrogatories 4 and 5 are complete.

Topic 22: Please confirm that amendment of Respondents' Interrogatory Response #3 to cover ERO Boston's POCR practices pre-summer of 2018 will satisfy this topic.

Topic 23: Please confirm that Petitioners do not intend to amend this request. We understand that you seek that the deponent speak on behalf of DHS as a whole and you expect the deponent to be prepared to testify about events and conversations that occurred at DHS regardless of whether these conversation or events included ICE or ICE ERO Boston

    c. Designees:

To confirm, Respondents have designated the following individuals as 30(b)(6) deponents, as

indicated below:

- ▇▇▇▇▇▇ – ICE. Topics 1-7, 11, 13, 14 (ICE Boston POCR), 15-18. Please note, ▇▇▇▇ will not be able to speak to USCIS N11 practices for topic 6. Accordingly, Respondents have designated a witness from USCIS for this portion of this topic.
- ▇▇▇▇▇▇ – ICE. Topics 12-14 (ICE HQ POCR).
- ▇▇▇▇▇▇ – ICE. Topic 10.
- ▇▇▇▇▇▇ – USCIS. Topics 6, 8. Please note, ▇▇▇▇▇▇ will not be able to speak to ICE Boston practices for topic 6. Accordingly, Respondents have designated a witness from ICE Boston for this portion of this topic.

    d. <u>Sequestration order relief.</u> Respondents will draft a joint motion, requesting these 30(b)(6) witnesses be relieved from the prohibition on discussing this case with other potential witnesses, so as to be able to prepare for these 30(b)(6) depositions. Respondents anticipate providing that draft NLT August 26, 2020.

**4. <u>Discovery from SDDOs:</u>**

    a. <u>Custodians</u>. Respondents have identified just over 160,000 potentially responsive documents from 31 SDDO custodians covering the date range of July 29, 2016 until October 1, 2019. In order to minimize unnecessary burdens of production, Respondents agree to provide a list of 10 SDDO's whose records they will review for documented responsive to Petitioners RFPs. Respondents will provide this list no later than August 26, 2020.

    b. <u>Timeline</u>. Until the parties settle upon the total number of SDDOs whose records will be searched for potentially responsive documents, it is difficult to forecast the timeline upon which documents production from these sources will be able to be completed. However, Respondents agree to prioritize SDDO Graham's documents, with a targeted completion date of September 8, 2020. If Petitioners agree to limit production to the 10 SDDOs identified by Respondents, as noted in para

**5. <u>Reopening USCIS depositions</u>:**

Respondents note that the USCIS 30(b)(6) deponent will be able prepared to discuss the CHAP, weighing against the need to recall Director Riordan**.** However, Respondents are willing to further discuss the reopening of Dir. Riordan's deposition for the limited purpose of questioning him about this document, if Petitioners agree to a reasonable limit on the time they will need to do so. Respondents acknowledge Petitioners reservation of the right to reopen the deposition of ▇▇▇▇▇▇ as well, and are willing to discuss that further should Petitioners so wish.

6. **Case milestones:**

    a. Respondents will not be able to process the voluminous SDDO discovery Petitioners seek from the SDDOs in the 30 days Petitioners propose. If Petitioners agree to limit discovery to 10 SDDOs, Respondents believe they will be able to complete document production by October 30, 2020. Respondents are willing to prioritize discovery, as identified by Petitioners in order to facilitate Petitioners preparations.

    b. Respondents will seek an extension of current case deadlines, as with the court regarding case deadlines, as outlined below:

|  | **Scheduling Order, Dkt. No. 538** | **Proposed Deadline** |
|---|---|---|
| Close of document production | September 25, 2020 | October 30, 2020 |
| Close of fact discovery | September 25, 2020 | December 15, 2020 |
| Joint report concerning settlement and summary judgment motions | October 16, 2020 | January 15. 2021 |
| Status conference regarding Rule 56 motions | November 2020 (Date TBD) | February 2021 (Date TBD) |

    Please advise if Petitioners intend to oppose this request.



Best,

▉

▉▉▉▉▉▉▉▉▉▉
Trial Attorney

United States Department of Justice
Office of Immigration Litigation – District Court Section
███████████████████████████████████████
P: ███████████ ; F: ███████████
███████████████████████

This email and any attachments thereto may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by email or telephone and delete or destroy the original transmission and any copies (electronic or paper).