# Exhibit N

12/17/2019 Case 1:18-cv-10225-MLW Document 568-14 Filed 11/30/20 Page 2 of 6
Vol 13 Part B Chapter 02 - For Official Use Only

For Official Use Only



## PART B – INTER-AGENCY COORDINATION

### Chapter 2: Subjects with Outstanding Warrants or Removal Orders

This guidance is for all Field Operations Directorate offices encountering a subject with active warrants or final orders of removal, deportation, or exclusion.

**A. Background**

<u>1. Routine Encounters</u>

During daily operations, USCIS officers routinely encounter subjects with active warrants and/or final orders of removal, deportation, or exclusion. USCIS shares a responsibility for enforcing the immigration laws of the United States and coordinates with other DHS components as well as other federal, state, and local Law Enforcement Agencies (LEAs) to enhance the safety and security of our nation. (**Note**: See May 31, 2016 USCIS-ICE MOA, *Coordination of ICE Operational Visits to USCIS Facilities*. The MOA states in relevant part: "ICE may request to utilize a USCIS facility to conduct authorized enforcement activities when addressing emergent matters of national security, public safety, marriage fraud, asylum, fraud, or other types of immigration benefit fraud"; and "ICE may visit USCIS facilities for the questioning, detaining, and/or arrest of a person of interest.")

<u>2. Accurate Public Perception</u>

USCIS is the public face of our immigration laws within the United States, adjudicating millions of benefit requests and meeting face-to-face with hundreds of thousands of individuals every year. (**Note**: For the purposes of these procedures, USCIS is including all requests in the term "benefit request" or "immigration benefit request," although the request may not be for an immigration benefit. For example, Deferred Action for Childhood Arrivals (DACA) is solely an exercise of prosecutorial discretion by DHS and not an immigration benefit; however would fit under the definition of "benefit request" for purposes of this CHAP update.)

We strive to maintain both the public perception and the day-to-day reality of fairness and consistency as we fulfill our mission to administer immigration benefits and support our law enforcement partners. To that end, Field Operations Directorate must have a standard approach to dealing with the public that treats all individuals with dignity and respect, and ensures that the interests of USCIS and its stakeholders are considered.

<u>3. Scheduling</u>

USCIS only schedules interviews for pending benefit requests. USCIS will not schedule an interview for an alien who does not have a benefit request pending that needs an interview, nor will USCIS schedule an interview solely for the purpose of an arrest. Scheduling decisions may take into account the fact of the active warrant or final order of removal, deportation, or exclusion, and the intent of the LEA to effect the apprehension. In the absence of an active benefit request, USCIS does not schedule an interview to facilitate the apprehension of an alien by a LEA.

<u>4. Detaining a Subject</u>

Under no circumstances will USCIS field office employees detain subjects. A detention or arrest must be executed by appropriate law enforcement personnel.

**B. Active Warrants - Field Office**
<u>1. Identification of Active Warrant & Requirement to Notify Local Leadership</u>

When a field office identifies an active warrant while processing a case with an open benefit request, the ISO (Immigration Services Officer) will identify all active benefit requests and immediately contact their Supervisory Immigration Services Officer (SISO) (or the next supervisor in the chain of command, if their immediate supervisor is unavailable). **Note**: When an FDNS Immigration Officer (IO) identifies an active warrant on such a case, he or she should also immediately contact a SISO, either directly or through his or her Supervisory IO (SIO), per local procedure.

The SISO will evaluate the warrant and inform the District Director (DD) and/or Field Office Director (FOD) (per local procedure) of the possible apprehension by law enforcement.

- The SISO will keep the DD/FOD up to date on developments throughout the process.
- In all circumstances related to an apprehension by law enforcement, the SISO, any local FDNS IO, and/or Field Security Manager (FSM) (and/or co-located ICE office) assisting with the case will work together to communicate any ongoing action or contact with the Originating Agency (ORI) or local LEA to the FOD/DD.

<u>2. Contact with the Originating Agency (ORI)</u>

The SISO will coordinate contact with the ORI per local operating procedures in order to determine the LEA's intent with respect to the warrant.

- The SISO may contact the ORI directly, through local FDNS, through the FSM, or through a co-located ICE office.
- Contact with the ORI may be facilitated through other government intermediaries (such as the FPS Battle Creek Mega Center).
- Local FDNS and the FSM (and/or co-located ICE office) will provide support as appropriate and necessary.

If the ORI expresses an interest in detaining or apprehending the individual, the SISO will coordinate per local office procedure.

- Local office procedure may require the SISO to hand-off the coordination lead to local FDNS, the FSM, or a more senior manager. If so, the SISO will be included in communications with the LEA.

- In order for the ORI to effect a timely apprehension, it is important for them to understand that USCIS has NO authority to detain the individual.

3. Declination by ORI

If the ORI determines not to act on the active warrant:

- The SISO, local FDNS IO, or FSM will notify the FOD/DD of the ORI or LEA decision.

- The SISO will document the LEA decision not to act with a brief memo-to-file, stating the basis for the active warrant, the ORI, and the reason (if given) for the LEA's decision. Clearly mark the memo "**FOUO: Law Enforcement Sensitive**" and place it on the right side of the A-File.

4. Adjudication of Active Benefit Requests

If an interview is scheduled, the SISO must evaluate any pending benefit requests in the A-file and direct the ISO to thoroughly review the A-file in advance of the interview.

Pending immigration requests should be adjudicated at the end of the interview if possible, taking into account the charges underlying the active warrant.

If the ISO cannot make a final decision under existing policies, the SISO must prepare a memo-to-file outlining the review of the case and the recommended follow-up action(s), such as NOID, NOIR, RFE, or an RFA to HQ FOD.

The SISO must concur with any action taken at the end of the interview.

5. LEA Apprehension at USCIS Offices

To ensure public Safety, when an LEA decides to apprehend an individual, the field office must:

- Inform the LEA that USCIS has no authority to detain subjects;

- Request that the LEA apprehend the individual in a controlled environment, such as an ISO interview room, if doing so in a USCIS facility;

- Request that the LEA escort the individual from the building if doing so in a USCIS facility, if at all possible;

- Request that the LEA use the least obtrusive means possible—consistent with public and officer safety—to apprehend the individual outside a USCIS facility on property a reasonable person would believe is in, on, or adjacent to a USCIS facility.

The DD (or the FOD, if so delegated):

- Will determine scheduling based on local conditions in the field office.

- As a reminder, under no circumstances will a field office detain an individual.
    - The field office will honor requests to reschedule per local and USCIS guidance.

6. Apprehension by LEAs

When the law enforcement agent(s) arrive at the office, the SISO will notify the FOD/DD per local procedure.

If it is the LEA's intent to apprehend the individual at a USCIS facility, the ORI/other LEA must:

- Conduct its apprehension in a secure location out of view of the public, such as an ISO interview room,

- Escort the individual from the building, out of public view, if at all possible.

If the individual is taken into custody outside of the USCIS facility, but on USCIS property, property immediately adjacent to USCIS property, or where a reasonable person would believe is in, on, or adjacent to a USCIS facility, the ORI/other LEA should:

- Use the least obtrusive means possible—consistent with public and officer safety—to effect the apprehension.

7. Significant Incident Report (SIR) for LEA Apprehensions

The field office will complete a SIR to document the LEA apprehension after the individual has been apprehended by the ORI or a local LEA representative.

The narrative in the SIR must include a brief timeline, the basis for the warrant, and any other significant information, such as a description of the apprehension and any ORI/other LEA interaction with the public.

- Complete a SIR if the arrest occurred on field/district office property or immediately adjacent to the property or where a reasonable person would believe is on or adjacent to a USCIS facility.

- The narrative **must not** contain any information that can be used to identify any specific USCIS employee. Terms such as "USCIS personnel" or "USCIS management" can be used in place of names and identifying titles in order to shield individual USCIS employees and contractors from the risk of harassment or retaliation.

8. FDNS-DS

The IO assisting with the case will open the appropriate CME in FDNS-DS, if one does not already exist in DS.

The SISO and ISO will work with the IO to document the LEA apprehension in FDNS DS.

The IO will document in FDNS-DS any local FDNS activities supported by FDNS and the hours expended.

### C. Active Warrants - NBC

When NBC identifies that an active warrant exists, the NBC BCU:

- Will **NOT** send a NLETS message for the beneficiary/derivative of an I-360 (VAWA)

- Will send an NLETS message to the ORI, with the exception of some non-extradites involving traffic citations. List the appropriate field office TECS POC's: 1) name; and 2) phone number for coordination between the field office and the LEA. **Use the template, below, in all caps.** (Template conforms to the NaBISCOP – Section V, Part K, Step 4C.)

    I AM AN OFFICER WITH U.S. CITIZENSHIP & IMMIGRATION SERVICES. THE FOLLOWING DATA IS FORWARDED TO YOU IN RESPONSE TO AN NCIC WARRANT ENTERED BY YOUR ORI. IMPORTANT: THE SUBJECT IS NOT IN CUSTODY. THIS MESSAGE IS BEING SENT FOR NOTIFICATION PURPOSES ONLY. SUBJECT IS APPLYING FOR AN IMMIGRATION BENEFIT. IF ADDITIONAL ACTION OR INFORMATION IS NEEDED, PLEASE CONTACT THE LOCAL USCIS POC(S). THE USCIS POC(S) IS ###### at (###)###-####. REFERENCE A#. THIS NOTICE RELATES TO NIC#W12345678, FBI#ABC12345DE, OFF: Burglary, NAME: Doe, John, DOB: 01/01/1990, SSN# XXX-XX-1234, SEX: M, RACE: W. THE FOLLOWING INFO WAS SUPPLIED ON THE SUBJECT'S IMMIGRATION FILING – ADDRESS: 123 Main St, Anytown, US 12345, PHONE# 123-456-7890. REMARKS: NONE. SENT BY: ISO Smith PHONE# 123-456-7890. END OF MESSAGE

- Will not share interview scheduling information with the Record owner/ORI. NBC allows the respective field offices to provide scheduling information in order to ensure that the field office POCs can de-conflict with law enforcement as appropriate and per procedure.

    - **Note:** This also serves to minimize the chances of the adverse consequences that can result from an LEA unilaterally effecting an apprehension in—or immediately outside of—a USCIS facility without our knowledge.

- Will not contact the field offices via phone regarding warrants, **unless** the hit involves armed and dangerous subjects.

    - If an FCO so requests, NBC may email that FCO in advance of an interview.

- Will place a unique coversheet on the physical A-files to flag the A-file to indicate that it involves a TECS hit. This coversheet is further annotated if it involves a warrant or a Subject of a Current Investigation.

    - **Note**: There is no current provision for this flag within ELIS except for notes under the Risk & Fraud tab.

- Will include the details of the BCU's communication with the LEA in question with the TECS Resolution Memo.

- Will also include in the resolution memorandum in the file, the text of the NLETS message sent to the ORI.

### D. Final Orders of Removal - Field Office

<u>1. Identification of Final Orders of Removal & Notification of DD/FOD:</u>

- When a field office identifies a Final Order of Removal while processing a case with an open benefit request, the ISO will identify all open benefit requests and immediately contact their SISO (or the next supervisor in the chain of command, if the immediate supervisor is unavailable). When an FDNS IO identifies a Final Order on such a case, he or she should also immediately contact a SISO, either directly or through the SIO, per local procedure.

- For certain military naturalizations, INA 329 places the adjudication of Applications for Naturalization (Form N-400) under the jurisdiction of USCIS.

- The SISO will evaluate the Final Order and inform the DD and/or FOD (per local procedure) of the possible LEA action.

- The SISO will keep the DD/FOD up to date on developments throughout the case processing.

- In all circumstances related to an action by law enforcement at a USCIS facility, the SISO, any local FDNS IO and/or FSM (and/or co-located ICE office) assigned to the case will work together to communicate to the FOD/DD any ongoing action by, or contact with, ICE ERO.

<u>2. Contact with ICE ERO</u>

The SISO will coordinate contact with the ICE ERO per local operating procedures.

- The SISO may contact the ERO directly, through local FDNS, through the FSM, or through a co-located ICE office.

- Local FDNS and the FSM (and/or co-located ICE office) will provide support as appropriate and necessary.

If ICE ERO expresses an intent to detain the individual, the SISO will follow local office procedure.

- Local office procedure may require the SISO to hand-off the POC duties to local FDNS, the FSM, or a more senior manager. If so, the SISO will be included in making all arrangements.

    - ICE ERO must understand that USCIS has NO authority to detain the individual.

<u>3. Determination by ICE ERO to Take No Action</u>

If ICE ERO determines not to act on the active warrant:

- The SISO, local FDNS IO, or FSM will notify the FOD/DD that ICE ERO has determined not to act.

- The SISO will document ICE's determination with a brief memo-to-file, stating the basis for the Final Order, the ICE ERO office, and the reason (if given) for ICE's determination. Clearly mark the memo "**FOUO: Law Enforcement Sensitive**" and place it on the right side of the A-file.

- The ISO will adjudicate per existing policies and procedures, and will evaluate the impact of the Final Order on eligibility and USCIS jurisdiction.

4. Adjudication of Open Benefit Requests

In all cases involving a Final Order of Removal, and working closely with the SISO, the ISO will attempt to render a legally sufficient decision on any pending benefit request(s) before the individual is apprehended by law enforcement.

- The SISO must evaluate any pending benefit requests in the A-file and direct the ISO to thoroughly review the A-file in advance of the interview.

When possible, the ISO will not continue the case, but make a final decision at the end of the scheduled interview, taking into account the effect of the Final Order.

- If the ISO cannot make a final decision under existing policies, the supervisor must prepare a memo-to-file outlining the review of the case and the recommended follow-up action(s), such as NOID, NOIR, RFE, or an RFA to HQ FOD.

The SISO must concur with any action taken at the end of the interview.

5. ICE Apprehension at USCIS Offices

**Note**: USCIS-ICE MOA, *Coordination of ICE Operational Visits to USCIS Facilities*.

When ICE agent(s) arrive at the office, the SISO will notify the FOD/DD per local procedure.

If the individual must be taken into custody in the field office or district office, or other USCIS facility, ICE must:

- Do so in a secure location out of view of the public, such as an ISO interview room,
- Escort the subject from the building out of public view, if at all possible.

If the subject is taken into custody outside of the field office or district office proper, but on USCIS property, property immediately adjacent to USCIS property, or where a reasonable person would believe is in, on, or adjacent to a USCIS facility, ICE should:

- Use the least obtrusive means possible—consistent with public and officer safety—to effect the apprehension.

6. Significant Incident Report (SIR) for ICE Apprehensions

The field office will complete a SIR to document the ICE apprehension after the individual has been apprehended by ICE ERO.

- The narrative in the SIR must include:
  - a brief timeline;
  - the basis for the Final Order; and
  - any other significant information, such as how the apprehension was effected and any ICE interaction with the public.

- A SIR should be completed if the arrest occurred on field office or district office property, immediately adjacent to the property, or where a reasonable person would believe is on or adjacent to a USCIS facility.

- The narrative **must not** contain any information that can be used to identify any specific USCIS employee. Terms such as "USCIS personnel" or "USCIS management" can be used in place of names and identifying titles in order to shield individual USCIS employees and contractors from the risk of harassment or retaliation.

7. FDNS-DS Actions

The IO assisting with the case will open the appropriate CME in FDNS-DS, if one does not already exist.

The SISO and ISO will work with the IO to document the ICE apprehension in FDNS-DS.

The IO will document in FDNS-DS any local FDNS activities supported by FDNS, and the hours expended.

**E. Actions by NBC Background Check Unit (BCU)**

When NBC identifies an unexecuted Final Order at any point of case processing (whether by TECS hit or EOIR record reflecting an order without proof of removal), the NBC BCU will:

- Send ICE ERO a weekly spreadsheet with NBC BCU's encounters of absconders or subjects with an unexecuted Final Order of Removal.

- Place coversheet on the physical files to flag the file to indicate that it involves a Final Order. This coversheet is further annotated if it involves a Subject of a Current Investigation.
  - **Note**: There is no current provision for this flag within ELIS except for notes under the Risk & Fraud tab.

- If identified from a TECS hit, update the TECS resolution memo with this data and include any additional relevant information discovered as a result of research conducted.

**Note**: NBC BCU will rarely communicate with ICE about any specific interview date and time, instead deferring such coordination to the respective field office.

*Current as of December 4, 2019*