# Exhibit P

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, *et al.*, | No. 1:18-cv-10225-MLW |
| Petitioners-Petitioners, | |
| v. | |
| KEVIN K. McALEENAN[1], *et al.*, | |
| Respondents-Respondents. | |

## RESPONDENTS' RESPONSES AND OBJECTIONS TO PETITIONERS' FIRST SET OF REQUESTS FOR INTERROGATORIES [REVISED]

COMES NOW Respondent Kevin K. McAleenan, in his official capacity as Acting Secretary of Homeland Security, Respondent Matthew T. Albence, in his official capacity as Director, U.S. Immigration and Customs Enforcement, Respondent Marcos Charles, in his official capacity as Acting Field Office Director, Enforcement and Removal Operation, Boston Field Office, and Donald J. Trump, in his official capacity as President ("Respondents"), by and through counsel, and provide the following responses to Petitioners First Set of Requests for Production of Documents and Things, subject to the accompanying objections, without waiving and expressly preserving all such objections. Respondents' objections are based on information known to Respondents at this time, and are made without prejudice to additional objections should Respondents subsequently identify additional grounds for objection. Respondents also submit these responses subject to: (a) any objections as to competency, relevancy, materiality, privilege, and admissibility of any of the responses; and (b) the right to object to other discovery procedures involving and relating to the subject matter of the requests herein.

Respondents specifically reserve the right to make further objections as necessary to the extent that additional issues arise as to the meaning of and/or information sought by discovery.

Respondents have not completed their investigation of the facts underlying this case, have not completed their discovery, and have not completed their preparation for trial. Therefore,

---

[1] On April 10, 2019, Kevin K. McAleenan assumed responsibility as Acting Secretary of the Department of Homeland Security, automatically substituting for former Secretary Kirstjen M. Nielsen, as a party. Fed. R. Civ. P. 25(d).

1

- Any enforcement action against an identified *Calderon* class member must be approved by the Assistant Field Office Director (AFOD) responsible for the office or program. If the AFOD is unavailable, the decision will be raised to the Deputy Field Office Director (DFOD).
- After an AFOD has approved an enforcement action against a *Calderon* class member, the detention decision must be made at the DFOD level.
- All removals of *Calderon* class member must be approved by a DFOD or by the Field Office Director (FOD).

.

Regarding the request asking how an Officer becomes aware of a "person's participation in the Provisional Waiver Process, and what information about said person is available to that officer," Boston ERO seeks to identify *Calderon* class members to the extent possible prior to taking enforcement action on the subject. An ERO Officer may learn of *Calderon* class membership through several means: (1) when the alien or his/her attorney alleges the alien is a *Calderon* class member via filing of a stay application, Form I-246 or other written communication to ERO; (2) after review of DHS databases indicating an alien with a final order of removal has a pending or approved Form I-130, filed on their behalf by a U.S. citizen spouse; (3) during review of the Alien File (A-file) as such file may contain a pending or approved Form I-130, filed on the alien's behalf by a U.S. citizen spouse; (4) during an in-person interview with the alien or his/her attorney, such as when the alien checks-in with ICE pursuant to the requirements of an Order of Supervision or (5) upon notification by ICE OPLA Boston who may learn of such information through the course of immigration court proceedings or immigration court filings. Pertinent information available to the Officer includes evidence that the filed petition or waiver was received by USCIS, and if reviewing the physical A-file, any evidence the alien submitted with the relevant visa petition or waiver application.

### INTERROGATORY NO. 5 [19-21]

State whether and how, prior to August 20, 2018, Respondents considered a person's Participation in the Provisional Waiver Process in deciding whether to take Enforcement Action or adjudicating a stay of removal in the Boston ICE ERO and state the complete basis for that contention. Your response should identify and describe, without limitation, any Communications or Documents (including any trainings or training materials) relating to Your contention, how a person's Participation in the Provisional Waiver Process is considered when determining whether to take Enforcement Action or adjudicate an application for a stay of removal for that person, how an officer came to know of an individual's Participation in the Provisional Waiver Process, and what information about said person was available to that officer. Your response to this Interrogatory should also include the person most knowledgeable about this topic.

### ICE Response:

Respondents object to this interrogatory as overbroad because this request seeks information not applicable to *Calderon* class members and information beyond the use and control of Boston

10

ERO. Subject to and without waiving the foregoing objections and the general objections, Respondents respond as follows:

Regarding the request for the identification and description of "any Communications or Documents (including any trainings or training materials)," prior to August 20, 2018, ICE will provide responsive documents as Plaintiffs have requested this information in request for production No.1, 20-23, 35.

Regarding the request asking how Boston ERO considered a "person's Participation in the Provisional Waiver Process...when determining whether to take Enforcement Action or adjudicate an application for a stay of removal for that person," prior to August 20, 2018, Boston ERO complied with Executive Order 13768, *Enhancing Public Safety in the Interior of the United States* and Secretary Kelly's memorandum implementing Executive Order 13768, *Enforcement of the Immigration Laws to Serve the National Interest* (February 20, 2017). In accordance with that memorandum, Boston ERO did not exempt classes or categories of removable aliens from potential enforcement. However, as a general matter, Boston ERO reviewed applicable DHS databases and pertinent physical files prior to making an individualized determination on an alien's application for a stay of removal, Form I-246, and/or whether Boston ERO would take an enforcement action against the alien. However, the mere fact that an alien had a pending Form I-130, I-212, or I-601A did not and would not, by itself, exempt an alien from potential enforcement action.

Regarding the request asking how an Officer becomes aware of a "person's participation in the Provisional Waiver Process, and what information about said person is available to that officer," prior to August 20, 2018, an ERO Officer could have learned of the pursuit of pending petitions or waivers: (1) when the alien or his/her attorney provides evidence of the filed petition or waiver in the stay application, Form I-246,or in any other manner; (2) after review of DHS databases indicating an alien has a pending or approved petition or waiver; (3) during review of the A-file showing a pending or approved petition or waiver; (4) during an in-person interview with the alien or his/her attorney, such as when the alien checks-in with ICE pursuant with his/her Order of Supervision. Pertinent information available to the Officer could have been evidence of the filed stay application, or visa petition, or that a waiver was received by ICE or USCIS, respectively, and if reviewing the physical A-file, any evidence the alien submitted with the relevant visa petition, waiver or stay application.

**INTERROGATORY NO. 6 [22]**

Describe any activities or Communications by employees of USCIS District 01 (and as much of USCIS District 02 as includes Hartford, Connecticut and St. Albans, Vermont) to support Boston ICE ERO's detention or removal of individuals participating in any step of the Provisional Waiver Process. Your response should identify and describe, without limitation, any Communications or Documents within USCIS relating to the Boston ICE ERO's interactions with individuals involved in any step of the Provisional Waiver Process. Your response should also identify and describe, without limitation, any Communications or Documents between USCIS employees and Boston ICE ERO employees relating to the Boston ICE ERO's efforts to arrest, detain, or remove any individuals involved in any step of the Provisional Waiver Process.

## CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 33(b) and the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing interrogatory responses number 1 through 12 are true and correct to the best of my knowledge, information, and belief.

Executed on this ___ day of November 2019, in Boston, Massachusetts.

Marcos Charles
Acting Director
Boston Field Office
U.S. Immigration and Customs Enforcement