UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON JIMENEZ )
AND LUIS GORDILLO, ET AL., )
individually and on behalf of all )
others similarly situated, )
)
    Petitioners-Plaintiffs, )
)
        v. ) C.A. No. 18-10225-MLW
)
CHAD WOLF, ET AL., )
)
    Respondents-Defendants. )

### MEMORANDUM AND ORDER

WOLF, D.J.                                           January 27, 2021

This case arises from a change in the Department of Homeland Security ("DHS") policies and practices pursuant to former President Donald Trump's Executive Order 13768. See Amended Complaint (Docket No. 27) at ¶52.

On December 28, 2020, the court ordered the parties to confer and report whether this case should be stayed in view of foreseeable possible changes to DHS policies and practices after President Joseph Biden took office on January 20, 2021. See Dkt. No. 577. Petitioners support a stay of at least 120 days. See Joint Status Report (Docket No. 578) at 1-2. Respondents oppose any stay. See id. at 2-3.

It appears that this case may now, or soon, be moot. On January 20, 2021, President Joseph Biden issued an executive order revoking Executive Order 13768, and ordering that "the Secretary

of Homeland Security . . . and the heads of any other relevant executive departments and agencies (agencies) shall review any agency actions developed pursuant to Executive Order 13768 and take action, including issuing revised guidance. . ." <u>Executive Order on the Revision of Civil Immigration Enforcement Policies and Priorities</u> (Jan. 20, 2021), available at https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/executive-order-the-revision-of-civil-immigration-enforcement-policies-and-priorities/#content. Concurrently, DHS issued a memorandum implementing a 100-day pause on certain removals to permit a comprehensive review of its enforcement policies and procedures. <u>See</u> <u>Memorandum: Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities</u> (Jan. 20, 2021), available at https://www.dhs.gov/sites/default/files/publications/21_0120_enforcement-memo_signed.pdf.

In any event, it is appropriate to stay this case. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254-55 (1936). "A stay is appropriate where it is 'likely to conserve judicial and party time, resources, and energy.'" <u>Bank of Am., N.A. v. WRT Realty, L.P.</u>, 769 F. Supp. 2d 36, 39 (D. Mass. 2011)

2

(quoting Diomed, Inc. v. Total Vein Solutions, *40 LLC, 498 F.Supp.2d 385, 387 (D. Mass. 2007)). It is in the interest of judicial economy and the efficient management of the court's docket to stay this case for 120 days to permit the parties to confer and report whether this case has been settled or become moot.

In view of the foregoing, it is hereby ORDERED that:

1. The parties shall, by May 22, 2021, confer and report on whether this case is settled or should be dismissed as moot.

2. This case is otherwise STAYED.

_____
UNITED STATES DISTRICT JUDGE