# EXHIBIT A

**CLASS SETTLEMENT AGREEMENT**

This Class Settlement Agreement is entered into by and in between all parties in the above entitled Action, namely:  Plaintiffs Lilian Pahola Calderon Jimenez, Luis Gordillo, Oscar Rivas, Celina Rivera, Lucimar de Souza, Sandro de Souza, Carmen Sanchez, Deng Gao, and Amy Chen, on behalf of themselves and all Class Members, and Respondents Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security (DHS), Patrick Lechleitner, Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement (ICE), Todd Lyons, Field Office Director, ICE, and Joseph R. Biden, President of the United States, in their official capacities, (collectively, the "Parties"), by and through their counsel.  The Parties enter into this Agreement as of the date executed by all Parties, and it is effective upon satisfaction of the Effective Date provisions in Section VII(A).

**RECITALS**

WHEREAS:

On April 10, 2018, Plaintiffs filed in the U.S. District Court for the District of Massachusetts a petition for writ of habeas corpus and class complaint for injunctive and declaratory relief against Respondents in this Action, *Calderon et al. v. Mayorkas,* 1:18-cv-10225, on behalf of themselves and all others similarly situated.  Plaintiffs brought four counts on behalf of the proposed class, alleging that Respondents' detention and threats of detention against class members (1) violated the Immigration and Nationality Act and its applicable regulations; (2) violated their rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution; (3) were motivated by animus based on race and national origin in violation of the Equal Protection Clause of the U.S. Constitution; and (4) were arbitrary and capricious under the Administrative Procedure Act.

On May 17, 2019, the Court certified two classes under Federal Rule of Civil Procedure 23(b)(2).  For the purposes of Counts One, Three, and Four of the Complaint, the Court certified a class of "Any United States citizen and his or her noncitizen spouse who (1) has a final order of removal and has not departed the United States under that order; (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative, filed by the United States citizen spouse; (3) is not 'ineligible' for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is within the jurisdiction of Boston Immigration and Customs Enforcement - Enforcement and Removal Operations ('ICE-ERO') field office (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine)."  For the purposes of Count Two of the Complaint, the Court certified a class of "Any United States citizen and his or her noncitizen spouse who (1) has a final order of removal and has not departed the United States under that order; (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative, and conditionally approved I-212, Application for Permission to Reapply for Admission into the United States after Deportation or Removal; (3) is not 'ineligible' for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is within the jurisdiction of Boston Immigration and Customs Enforcement – Enforcement and Removal Operations (ICE-ERO) field office (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine)."

The Parties have conducted discussions and arms-length negotiations with a view toward settling all matters in dispute.  The Parties believe this Agreement is a fair, adequate, and reasonable

CONFIDENTIAL
FINAL (5/9/24)

settlement of this Action and have arrived at this Agreement after extensive arms-length negotiations.  Class Counsel have concluded that the terms and conditions of this Agreement are in the best interests of Plaintiffs and the Class Members.  Furthermore, this Agreement is in the public interest, as it avoids further diversion of private and governmental resources to adversarial action.  After taking into account these factors, as well as the risks of further litigation, the Parties agreed to settle in the manner and upon the terms set forth in this Agreement.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among the Parties, through their respective attorneys, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e), in consideration of the benefits flowing to the Parties from this Agreement, that this Agreement constitutes a full, fair, and complete settlement of this Action, upon and subject to the following terms and conditions:

I. **DEFINITIONS:**

   A. "This **Action**" means the civil action captioned, *Calderon et al. v. Mayorkas*, 1:18-cv-10225, in the United States District Court for the District of Massachusetts.

   B. "This **Agreement**" means this Settlement Agreement.

   C. **"Noncitizen Class Member" or "Noncitizen Class Members"** means any noncitizen spouse of a U.S. citizen who (1) has a final order of removal and has not departed the United States under that order, (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative filed by the U.S. citizen spouse, (3) is not ineligible for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi), and (4) resides or is detained within the jurisdiction of Boston ICE ERO (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine).

   D. **"Class Member" or "Class Members"** means any U.S. citizen and his or her noncitizen spouse who (1) has a final order of removal and has not departed the United States under that order, (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative filed by the U.S. citizen spouse, (3) is not ineligible for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi), and (4) resides or is detained within the jurisdiction of Boston ICE ERO (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine).

   E. **"Enforcement Action" or "Enforcement Actions"** means:

      1. Boston ERO's arrest of a specific individual(s) whose identity is known to Boston ERO prior to the arrest, or Boston ERO's initial decision to keep an arrested individual in detention;

      2. Boston ERO's decision to continue the detention of an individual in ICE detention after (a) the Post Order Custody Review Process or (b) Boston ERO learns that the individual is a Class Member;

  3. Boston ERO's command that an individual depart the United States other than to attend an immigrant visa interview after the approval of a Form I-601A, Application for Provisional Unlawful Presence Waiver; or

  4. the removal of an individual.

F. **"DFOD-level Officer"** means the Deputy Field Office Director, Field Office Director, or someone with higher or equivalent authority acting in the capacity of a Deputy Field Office Director.

G. **"Boston ICE ERO" or "Boston ERO"** means U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) assigned to the Boston jurisdiction comprised of Massachusetts, Maine, Vermont, New Hampshire, Connecticut, and Rhode Island.

H. **"ICE OPLA" or "OPLA"** means ICE, Office of the Principal Legal Advisor (OPLA).

I. **"USCIS"** means U.S. Citizenship and Immigration Services.

J. **"Court"** shall mean the U.S. District Court for the District of Massachusetts.

K. **"Plaintiffs' Counsel" or "Class Counsel"** means WilmerHale, American Civil Liberties Union of Massachusetts, and Kathleen Gillespie.

L. **"Defendants' Counsel"** means the United States Department of Justice, Civil Division, Office of Immigration Litigation – District Court Section.

M. **"Party" or "Parties"** means Plaintiffs and Defendants.

N. **"Named Plaintiffs"** means Lilian Pahola Calderon Jimenez, Luis Gordillo, Lucimar de Souza, Sandro de Souza, Carmen Sanchez, Oscar Rivas, Celina Rivera Rivas, Deng Gao, and Amy Chen.

O. **"Plaintiffs"** means Named Plaintiffs and Class Members.

P. **"Defendants"** means Patrick Lechleitner, Senior Official Performing the Duties of the Director of ICE; Alejandro Mayorkas, Secretary, Department of Homeland Security; Todd Lyons, Field Office Director, Immigration and Customs Enforcement; and Joseph R. Biden, President of the United States.

Q. **"ICE ERO"** means U.S. Immigrations and Customs Enforcement, Enforcement and Removal Operations.

II. **MOTIONS TO REOPEN**

 A. ICE OPLA attorneys who receive requests to join motions to reopen and dismiss will review each request on a case-by-case basis and will presumptively join

CONFIDENTIAL
FINAL (5/9/24)

motions to reopen and dismiss filed by Noncitizen Class Members who comply with the requirements in Section II(B) *and* demonstrate they are *prima facie* eligible for either (a) consular processing utilizing the Form I-601A, or (b) adjustment of status. ICE OPLA attorneys may decline to join a motion to reopen for a Noncitizen Class Member who has met the requirements of this paragraph and II(B) if ICE determines, in its sole discretion based on an assessment of the totality of the facts and circumstances, that an individual (1) is a threat to public safety, typically because of serious criminal conduct; (2) is a threat to national security; or (3) has engaged in serious immigration benefit fraud or is a repeat immigration violator.

B. Requests to join motions to reopen and dismiss filed by Noncitizen Class Members shall comply with the following requirements:

1. The request shall include a copy of the Form I-130 filed with USCIS by a U.S. citizen spouse and proof of residence in either Massachusetts, Maine, Connecticut, New Hampshire, Rhode Island or Vermont;

2. The request shall include (a) a copy of a completed Form I-601A with supporting documentation that the Noncitizen Class Member intends to file, or (b) evidence of eligibility to adjust status and a copy of completed Form I-485 with supporting documentation that the Noncitizen Class Member intends to file;

3. The request shall include a declaration from the Noncitizen Class Member attesting to (a) an intention to depart the United States to consular process after the Form I-601A is approved by USCIS, or (b) an intention to apply for adjustment of status with USCIS; and

4. The request should identify the requester as a Class Member, must be filed with the OPLA field location having jurisdiction over the Class Member's removal order, and must comply with any applicable standard operating procedures of the specific OPLA field location, including but not limited to completing a background check or standardized form.

C. ICE OPLA will consider Noncitizen Class Members who have *in absentia* removal orders in accordance with Section II(A). ICE OPLA will not reject a request to join a motion to reopen and dismiss based on potential inadmissibility under Immigration and Nationality Act (INA) § 212(a)(6)(B).

III. **ENFORCEMENT ACTIONS**

A. Boston ERO will take Enforcement Actions against Named Plaintiffs or Noncitizen Class Members only after both (a) considering the Form I-130 visa petition filed on their behalf by their U.S. citizen spouse, the noncitizen's eligibility to file a Form I-212, and their eligibility to file a Form I-601A, and (b) determining, in good faith and based on the facts in the Noncitizen Class Member's case, that the Noncitizen Class Member poses a threat to public safety or threat to national security. Boston

      ERO will consider subsections (a) and (b) under this paragraph at each Enforcement Action for a known Class Member.

  **B.**  Boston ERO will designate an employee to serve as the point of contact for Named Plaintiffs and Noncitizen Class Members who wish to submit a Form I-246, Application for a Stay of Deportation or Removal, be placed on an order of supervision, and/or obtain evidence of their compliance with orders of supervision. ICE shall provide evidence of a Noncitizen Class Member's compliance with their order of supervision if requested by the Noncitizen Class Member.

  **C.**  Boston ERO will not remove a Named Plaintiff or Noncitizen Class Member from the United States, or direct a class member to depart the United States, unless a DFOD-level Officer has approved the removal or departure direction after providing the consideration and making the determination required by Section III(A).

  **D.**  Boston ERO will continue to determine whether a noncitizen is a Class Member based on information available to Boston ERO in its electronic systems during initial custody determinations and post-order custody determinations.

  **E.**  Any decision to arrest, initially detain, or continue to detain a Noncitizen Class Member, including those Noncitizen Class Members who are discovered to be Noncitizen Class Members after their initial detention decision, shall be approved by a DFOD-level Officer after the consideration and the determination required by Section III(A).

  **F.**  The arrest of a Named Plaintiff or Noncitizen Class Member made by Boston ERO to enforce the immigration laws of the United States at a USCIS office or Application Support Center in Boston ERO's jurisdiction shall be approved in writing by the Boston ERO Field Office Director unless exigent circumstances prevent prior written approval in which case verbal approval is permissible. Agreement to this term shall not be construed in any way as a concession that arrests at a USCIS office in furtherance of a legitimate law enforcement efforts require additional process beyond the terms of this Agreement, or are otherwise subject to heightened review.

  **G.**  ICE ERO shall not transfer a Noncitizen Class Member, who is in custody pursuant to ICE's authority to enforce the immigration laws of the United States, outside of the jurisdiction of Boston ERO unless Boston ERO has complied with the requirements of Section III(E), and a DFOD-level officer has determined that removal is appropriate under Section III(C). A transfer may not be for the purpose of avoiding the terms of this Agreement.

**IV.**   **NAMED PETITIONERS**

  **A.**  ICE agrees to join the motion to reopen and dismiss on behalf of Named Plaintiff Deng Gao that is attached as Schedule A to this agreement within 30 days after the Effective Date of the Agreement.

    B.    USCIS agrees to adjudicate Named Plaintiff Lucimar de Souza's Form I-601A, Receipt Number YSC2390028584, within thirty (30) days after the Effective Date of this Agreement except that, if USCIS issues a Request for Evidence, USCIS shall adjudicate the application within sixty (60) days of receiving a response to the Request for Evidence.

## V. REPORTING

    A.    Defendants shall notify Class Counsel of any Enforcement Action taken against a Named Plaintiff or Noncitizen Class Member, and of any decision to remove a Noncitizen Class Member, within five (5) business days after any such Enforcement Action. Such notification shall include the Noncitizen Class Member's (1) Name, (2) A Number, (3) Country of Citizenship, and (4) Counsel who has filed a G-28 with Boston ERO. In the case of any Named Plaintiff or Noncitizen Class Member arrested or detained by Boston ERO at USCIS or at an Application Support Center, this notification to Class Counsel shall also note the location of arrest or detention. No less than five (5) business days before the Named Plaintiff or Noncitizen Class Member will be removed or the date by which they have been instructed to depart, Defendants shall provide Class Counsel with a brief description of the consideration it completed under Section III(A) of this Agreement. Upon request by Class Counsel, Defendants will provide copies of the notice of post order custody review and the post order custody review decisions referenced in 8 C.F.R. § 241.4 for detained Noncitizen Class Members. All reporting under this section shall be covered by the Parties' Stipulated Protective Order (ECF No. 316).

## VI. ENFORCEMENT OF THIS AGREEMENT

    A.    Subject to Section VI(B), Named Plaintiffs or Class Members may move to enforce this Agreement through a Motion to Enforce brought in the U.S. District Court for the District of Massachusetts only after complying with the conflict resolution provisions in Section VI(C). Plaintiffs may move to enforce Sections II-III of this Agreement only on behalf of an individual Named Plaintiff or Class Member. The Court shall retain jurisdiction to order appropriate relief, including release, when ruling on a Motion to Enforce alleging that an individual Named Plaintiff or Class Member has been detained in violation of Section III after consideration of Defendants' response, if any, to such a motion.

    B.    The Court shall retain jurisdiction to enter orders regarding Section II and/or III of this Agreement only as applied to an individual Named Plaintiff or Noncitizen Class Member who complies with the conflict resolution procedures in Section VI(C). The parties agree that, for purposes of enforcing this Agreement, the Court shall not enter any order requiring compliance with the provisions of Sections II-III of this Agreement as applied to categories of Noncitizen Class Members. Any order requiring compliance with the provisions of Section III of this Agreement shall be limited to addressing the case of the specific Named Plaintiff or Noncitizen Class Member whose facts are before the Court. The Court

shall not have jurisdiction to enter orders regarding this Agreement that would violate 8 U.S.C. § 1252(f)(1).

    **C.**    **Conflict Resolution Procedures:**

        1.    In the event Plaintiffs believe Defendants have failed to comply with the terms of this Agreement, Plaintiffs shall raise the issue via written notice to Defendants as soon as practicable.

        2.    Defendants shall meet and confer with Plaintiffs regarding this issue within five (5) business days of the written notification if Defendants decide to detain or remove a Noncitizen Class Member, or else within ten (10) business days of the written notification for all other matters under this Agreement.

        3.    If the dispute cannot be resolved within five (5) business days for detention and removal matters, or ten (10) business days for all other matters, of the date of the meet and confer, Plaintiffs may move to enforce the terms of this Agreement through a Motion to Enforce, subject to the provisions in Section VI(A).

    **D.**    The parties shall endeavor in good faith to use the conflict resolution procedures set forth above in Section VI(C). However, in the case of a good faith dispute about whether the conflict resolution procedures have been adequately followed according to Section VI(C), such dispute shall not preclude Plaintiffs from bringing a Motion to Enforce under Section VI(A) and the Court may resolve, as a part of the Motion to Enforce, whether the Parties adequately complied with the conflict resolution procedures in Section VI(C). In a case where Plaintiffs have complied with the provisions of Section VI(C)(1) and Plaintiffs reasonably believe ICE will remove the Noncitizen Class Member in less than five (5) business days, Plaintiffs or a Noncitizen Class Member shall still initiate and participate in the conflict resolution procedures, but may simultaneously seek enforcement in Court unless ICE agrees to delay removal to permit the dispute to be resolved prior to removal.

**VII.**    **EFFECTIVENESS**

    **A.**    This Agreement shall become binding and effective ("Effective Date") after (1) the Parties have executed the Agreement, (2) the Court approves the Agreement as provided by Rule 23(e) of the Federal Rules of Civil Procedure, and (3) Plaintiffs have filed a motion to dismiss with prejudice filed in accordance with Section VII(C).

    **B.**    Except for Section II above, this Agreement will remain in effect for a period of two (2) years from the Effective Date. Section II shall remain in effect until ICE has responded to timely submitted requests to join in motions to reopen properly filed with ICE OPLA within two (2) years of the Effective Date and in compliance with Section II, by either joining corresponding motions to reopen, or declining to do so, after reviewing the individual facts and circumstances of the case.

    C.    Within five (5) business days of the Court's approval of this Agreement, Plaintiffs will file a motion to dismiss this Action with prejudice.

## VIII. ATTORNEYS' FEES AND COSTS

    A.    The Parties agree to bear their own costs and fees in this matter. Plaintiffs expressly waive any and all claims they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## IX. ADDITIONAL PROVISIONS

    A.    **Entire Agreement; No Oral Modification.** The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of this Agreement between the Parties relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend that this Agreement constitute the complete and exclusive statement of its terms as between the Parties, and that no extrinsic evidence whatsoever may be introduced in any judicial or other proceeding, if any, involving the interpretation of this Agreement. Any amendment or modification of this Agreement must be in a writing signed by Plaintiffs' Counsel and Defendants' Counsel.

    B.    **Advice of Counsel.** The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

    C.    **Binding Agreement.** This Agreement shall be binding upon and inure to the benefit of the Parties' respective heirs, successors, and assigns.

    D.    **No Waiver.** The waiver by any Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

    E.    **Requirement of Execution.** This Agreement shall be valid and binding as to the Plaintiffs and Defendants upon (1) signature by authorized representatives of Defendants, (2) signature as to form by an authorized representative of each of the law firms defined as Plaintiffs' Counsel, and (3) satisfaction of the "Effective Date" provisions of Section VII(A).

    F.    **Representations and Warranties.** Each signatory hereto represents and warrants that such person has authority to bind the Party for whom such person acts.

    G.    **Execution in Counterparts.** This Agreement shall become effective upon satisfaction of the Effective Date provisions of Section VII(A). The Parties may execute this Agreement in counterparts and/or by fax or electronic mail, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**H.** **Extensions of Time.** The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out the provisions of this Agreement.

**I.** **Choice of Law.** This Agreement shall be governed by and construed in accordance with the federal laws of the United States of America.

**J.** **No Concession.** This Agreement, whether or not executed, and any proceedings taken pursuant to it do not constitute any admission by Defendants of negligence or wrongdoing by Defendants and shall not be construed as a concession by Defendants as to any of Plaintiffs' or Class Members' claims in this action. Upon final approval by the Court of this Agreement, and except as otherwise provided herein, each Plaintiff and Class Member on behalf of themselves; their heirs, executors, administrators, representatives, attorneys, successors, assigns, agents, affiliates, and partners; and any persons they represent, agrees to release the United States of America and all Defendants, including their sub-agencies, officers, agents, current and former employees, and contractors from all of Plaintiffs' claims in this Action. Other than as specifically provided in Section IV(B), nothing in this Agreement shall be construed to dictate, control, or estop any USCIS or U.S. Department of State adjudication, process, determination, or result. Nothing in this Agreement shall alter, modify, or otherwise encumber Plaintiffs' existing privileges and freedoms, including the right to challenge their detention or removal or to seek a writ of habeas corpus, under the United States Constitution or any other laws or regulations of the United States or any state, except that any claim that a Noncitizen Class Member's arrest, detention, or removal unlawfully interferes with their rights to pursue lawful status by way of their marriage to a U.S. citizen spouse and the provisional waiver provided by 8 C.F.R. § 212.7(e) is limited to enforcement of the terms of this Agreement. Plaintiffs agree to the dismissal with prejudice of this Action according to the terms of this Agreement.

**K.** **Notices.** Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and shall be sent by email, as follows:

<u>If to Class Counsel:</u>

Kevin S. Prussia
Jonathan A. Cox
Allyson Slater
Christina Luo
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
kevin.prussia@wilmerhale.com
jonathan.cox@wilmerhale.com

allyson.slater@wilmerhale.com
christina.luo@wilmerhale.com

Adriana Lafaille
American Civil Liberties Union Foundation of Massachusetts, Inc.
One Center Plaza
Suite 850
Boston, MA 02108
(617) 482-3170
alafaille@aclum.org

Kathleen M. Gillespie
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283
kathleenmgillespieesq@gmail.com

If to Defendants' Counsel:

Mary L. Larakers
William H. Weiland
Department of Justice
Civil Division
Office of Immigration Litigation - District Court Section
mary.l.larakers@usdoj.gov
william.h.weiland@usdoj.gov

Each Party shall notify the other Party in accordance with this provision of any change to the foregoing persons or email addresses to which notices shall be sent.


**THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK**

CONFIDENTIAL
FINAL (5/9/24)

THEREFORE, all parties enter into and execute this Agreement by signing, and agree that it shall take effect as of the Effective Date as noted above.

**APPROVED AS TO FORM:**

*Counsel for the Respondents*

MERRICK B. GARLAND
Attorney General

ELIANIS N. PEREZ
Assistant Director

*/s/ Mary L. Larakers*
Mary L. Larakers (Texas Bar # 24093943)
Trial Attorney
U.S. Department of Justice,
Civil Division Office of Immigration Litigation,
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

William H. Weiland
Trial Attorney
U.S. Department of Justice,
Civil Division Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
william.h.weiland@usdoj.gov

*Counsel for the Petitioners*

Kevin S. Prussia (BBO # 666813)
Jonathan A. Cox (BBO # 687810)
Allyson Slater (BBO #704545)
Christina Luo (BBO # 705590)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
kevin.prussia@wilmerhale.com
jonathan.cox@wilmerhale.com
allyson.slater@wilmerhale.com
christina.luo@wilmerhale.com

Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza
Suite 850
Boston, MA 02108
(617) 482-3170
alafaille@aclum.org

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283
kathleenmgillespieesq@gmail.com

*Calderon-Jimenez, et al. v Mayorkas, et al.* 1:18-cv-10225-MLW
FINAL Settlement Agreement
Page 11 of 11

# SCHEDULE A

Christina Corbaci  
Corbaci Law, P.C.  
10 Tower Office Park, Suite 620  
Woburn, MA 01801

Office of Chief Counsel  
Department of Homeland Security  
26 Federal Plaza  
New York, NY 10278

**UNITED STATES DEPARTMENT OF JUSTICE**  
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**  
**IMMIGRATION COURT**  
**NEW YORK, NY**

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| Deng GAO ) | File No. A████████ |
| ) | |
| [AKA, if applicable] ) | |
| ) | |
| ) | |

**JOINT MOTION TO REOPEN AND DISMISS**

The U.S. Department of Homeland Security ("Department") and the Respondent hereby jointly move the Honorable Judge to grant this motion to reopen and dismiss these proceedings. After carefully reviewing the individual circumstances of this case, the Department and the Respondent submit that reasonable cause exists to reopen this case and dismiss, and that doing so is in the interest of justice. The Department acknowledges that the Respondent did not receive the notice of hearing, through no fault of his own, even though it was mailed to the correct address.

The time and numerical limitations applicable to motions to reopen removal proceedings filed by Respondents do not apply to jointly filed motions to reopen. 8 C.F.R. § 1003.2(c)(3)(iii). The Department may move for the dismissal of removal proceedings when, inter alia, the "circumstances of the case have changed after the notice to appear was issued to such an extent that continuation is no longer in the best interest of the government." *Id.* § 239.2(a)(7). Dismissal of proceedings is without prejudice to the respondent or the Department. *Id.* § 1239.2(c).

The Respondent is presently in the United States and is applying for an immigrant visa based on his marriage to a U.S. citizen, which will require him to consular process in China. U.S. Citizenship and Immigration Services ("USCIS") has determined that the Respondent's marriage is bona fide, and approved a Petition for Alien Relative (I-130) filed by the Respondent's spouse. USCIS has also determined that the Respondent merits a favorable exercise of discretion, and that his U.S. citizen family members would suffer extreme hardship if the Respondent were not permitted to live in the United States. USCIS accordingly granted the Respondent's applications for Permission to Reapply for Admission (I-212) and for a Provisional Unlawful Presence Waiver (I-601A).

The Department has determined that reopening this case will assist the Respondent in obtaining an immigrant visa and resuming his life in the United States with his U.S. citizen family. The Department is aware that, without such relief, the Respondents' U.S. citizen family will face the prospect of a prolonged separation and of suffering the hardships USCIS recognized in granting the I-601A waiver. Granting this motion will benefit the health and wellbeing of these family members and the interests of justice.

The resolution of the Respondent's case is also a component of a settlement agreement in the *Calderon v. Nielsen* litigation in the District of Massachusetts (18-cv-10225-MLW). Accordingly, allowing this motion serves the Department's interests in the continued exercise of its law enforcement discretion to achieve outcomes that align with the interests of the United States and its citizens.

For the foregoing reasons, the Department respectfully requests that this case be reopened and dismissed.

Respectfully submitted,

| For the Respondent: | For Department of Homeland Security: |
|---|---|
| _____ | <u>See attached letter.</u> |
| Christina A. Corbaci, Esq. | Office of Chief Counsel |
| EOIR ID ZX696872 | Department of Homeland Security |
| Corbaci Law, P.C. | 26 Federal Plaza |
| 10 Tower Office Park, Suite 620 | New York, NY 10278 |
| Woburn, MA 01801 | |

Date: _____



*Office of the Principal Legal Advisor*
**U.S. Department of Homeland Security**
26 Federal Plaza, Room 1130
New York, NY 10278
(212) 264-5916

**U.S. Immigration and Customs Enforcement**

_____, 2024

Christina A Corbaci, Esq
Corbaci Law, P.C.
10 Tower Office Park (Suite 620)
Woburn, MA 01801

      **RE:**    **GAO, DENG (A███████)**
              **JOINT MOTION TO REOPEN REQUEST**

Ms. Corbaci:

The United States Department of Homeland Security (Department) received your request, dated January 10, 2020, that the Department join a motion to reopen Mr. Gao's removal proceedings. After a careful and thorough review of your request, the Department agrees to join your motion to reopen for the SOLE purpose of dismissal without prejudice to allow your client to seek consular processing based on an approved I-130 visa petition from his U.S. citizen spouse.[1] It is the Department's understanding that you will submit the same motion with the Immigration Court. Please file your motion with the Immigration Court within **30 DAYS**, along with a copy of this letter.[2] Thank you for your cooperation in this matter.[3]

                                                               Very truly yours,

                                                          _____
                                                          Adam Feller
                                                          Senior Attorney

---

[1] Should USCIS deem the respondent ineligible for any future relief, the Department may seek to commence removal proceedings anew. *See generally* 8 C.F.R. § 1239.2(c) (providing that dismissal "shall be without prejudice to the alien or the Department of Homeland Security").

[2] Should EOIR dismiss proceedings, the present respondent is obligated to notify USCIS in writing of each change of address and new address within ten days from the date of such change pursuant to Section 265 of the Immigration and Nationality Act.

[3] The Department's agreement to this joint motion to reopen and dismiss makes no representations regarding deferred action or the issuance of work authorization.

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NEW YORK, NY

In the Matter of: Deng GAO                           A Number: A███████

**ORDER OF THE IMMIGRATION JUDGE**

Upon consideration of the parties' <u>Joint Motion to Reopen and Dismiss</u>, it is HEREBY ORDERED that:

[ ] Reasonable cause being found, the motion is GRANTED.

[ ] The motion is DENIED because _____

_____

_____          _____
Date                                     Immigration Judge


**<u>Certificate of Service</u>**

This document was served by: [M] Mail; [P] Personal Service; [O] Other: _____

To:  [ ] Alien; [ ] Alien c/o Custodial Officer; [ ] Alien's Atty/Rep.; [ ] DHS

Date: _____                  By: _____