# EXHIBIT B

# NOTICE OF PROPOSED SETTLEMENT AND HEARING IN LAWSUIT CHALLENGING ICE ARRESTS AND ORDERS OF REMOVALS FOR NONCITIZENS PURSUING PROVISIONAL WAIVER PROCESS

*Calderon, et al. v. Mayorkas, et al.*, Case No. 18-10225-MLW (D. Mass.)

## Background

This notice is to inform you of a proposed settlement agreement in the class action lawsuit, *Calderon, et al. v. Mayorkas, et al.*, Case No. 18-10225-MLW.  You are receiving this notice because you have been identified as a member of the proposed settlement class.  This notice explains the proposed settlement agreement and your rights to be heard before the federal court decides whether to approve the settlement.  **This notice is only for your information, and you are not required to take any action as a result of this notice.**

The proposed settlement agreement resolves a lawsuit that was brought in February 2018 by a class of U.S. citizens and their noncitizen spouses who have final orders of removal and reside in Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, or Maine.  The settlement impacts the ways that couples who are in the class may seek lawful status for the noncitizen spouse, and what happens if U.S. Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations ("ICE ERO Boston") want to take action against the noncitizen spouse.

The Court has now preliminarily approved a settlement agreement in this lawsuit.  The Court has scheduled a fairness hearing on _____ **(date) at** _____ **EST** to consider whether the settlement agreement is fair, reasonable, and adequate.  The hearing will occur before the Honorable Mark L. Wolf at the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, MA 02210 in Courtroom 2.  **You are not required to attend the fairness hearing, unless you would like to object to the settlement agreement using the procedures described below.**

After the fairness hearing, if the Court approves the settlement agreement, the settlement agreement will go into effect and you may begin to use its provisions.

## Class Definition

If you are in a marriage where one spouse is a U.S. citizen and the other spouse is a noncitizen, then you are likely a class member if you meet the following criteria:

(1) The noncitizen spouse is subject to a final order of removal and has not left the U.S. under that order;
(2) The U.S. citizen spouse has filed an I-130 Petition for Alien Relative with USCIS, and the application is pending or has been approved; and
(3) The noncitizen spouse resides in Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, or Maine; or the noncitizen spouse is in ICE detention in one of these states.

**Proposed Settlement Agreement**

The following description is a summary of the key points of the proposed settlement agreement.

- a) <u>Motions to Reopen</u>:  For requests received by ICE within two years after this settlement goes into effect, ICE will presumptively join a noncitizen class member's Motion to Reopen and Dismiss their removal proceedings if the noncitizen class member includes required documentation with their Motion, such as a declaration of the noncitizen's intention to pursue lawful status through their U.S. citizen spouse or consular process abroad.  ICE may only decline to join a motion to reopen and dismiss for a class member if ICE determines that the noncitizen (1) is a threat to public safety (typically due to serious criminal conduct); (2) is a threat to national security; or (3) has engaged in serious immigration benefit fraud or is a repeat immigration violator.  If ICE does not find one of these conditions to be true, ICE will join a motion to reopen and dismiss removal proceedings for which the required documentation has been provided.

- b) <u>Enforcement Actions</u>:  For two years after this settlement goes into effect, ICE ERO Boston cannot arrest, detain, or seek to remove a noncitizen class member, or require the noncitizen class member to leave the United States, unless a Deputy Field Office Director at ICE (or someone with equivalent or higher authority) has decided that the noncitizen poses a threat to public safety or national security.  The ICE official must also consider the noncitizen's eligibility to seek lawful status under the provisional waiver process.  Finally, in cases where ICE seeks to transfer a detained class member outside of New England, ICE can only do so if ICE ERO Boston has already complied with the procedures required by the settlement and determined that the noncitizen's removal from the United States is appropriate.

In the event of a dispute about compliance with the settlement, the settlement provides a conflict resolution process that class members must use before the dispute may be brought to a federal court.

This class action does not contain any claim for monetary damages, and thus this settlement does not award any monetary payments under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

Finally, during the two-year term of this agreement, class members cannot bring claims that a noncitizen's arrest, detention, or removal unlawfully interferes with their rights to pursue lawful status by way of their marriage to a U.S. citizen spouse and the provisional waiver process, but instead are limited to the conflict resolution and enforcement procedures provided by this agreement with regard to any such claims.

**For Further Information**

THIS IS MERELY A SUMMARY OF THE PROPOSED AGREEMENT.  A copy of the complete proposed Settlement Agreement is available at the following website: [_____].

You may also obtain a copy of the agreement by emailing _____ or writing to class counsel at:

ACLU of Massachusetts
Attn: _____
[_____]

If you have any questions about the proposed Settlement Agreement or would like to discuss with class counsel, you may call [_____] prior to _____ (date).

**Options for Class Members**

Class members have two options in relation to the Settlement Agreement.

(1) You may do nothing, and you will remain a class member. You will be entitled to the benefits of this agreement and bound by the terms set out in the agreement if it is approved by the Court under Rule 23(b)(2); ***or***

(2) You may object to the settlement agreement, if you follow the process described below. If you do not make objections following the process below, you will be deemed to have waived your objections.

**Procedures for Objections and Fairness Hearing**

You may ask the Court to reject the proposed Settlement Agreement by filing an objection. You cannot ask the Court to order a different settlement—the Court can only approve or reject the settlement. Objections must be sent in writing according to the instructions below:

(1) Clearly identify your full name, your spouse's name, you or your spouse's A Number, and the case and number (*Calderon, et al. v. Mayorkas, et al.*, Case No. 18-10225-MLW).
(2) Clearly state the reason for your objection, including any legal or factual support. You may include supporting papers or documents.
(3) Submit the written materials to the Court by mailing them **on or before _____ (deadline date)** to:

Clerk of the Court, U.S. District Court for the District of Massachusetts
Attention: *Calderon, et al. v. Mayorkas, et al.*, Case No. 18-10225-MLW
1 Courthouse Way
Boston, MA 02210

You may also attend or appear at the fairness hearing on _____ (date), either in-person or through your own attorney. If you appear through your own attorney, you are responsible for paying any legal fees that that attorney charges you.

To appear at the fairness hearing, you or your attorney must file a Notice of Intent to Appear **on or before _____ (date ten days before Fairness Hearing)**. The Notice must identify the case, state your name and address, and explain why you want to appear in court.

3