UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs-Petitioners,<br><br>v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>    Defendants-Respondents. | )<br>)<br>)<br>)<br>)<br>)  No. 18-cv-10225-MLW<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                              October 18, 2024

On October 17, 2024, the parties filed a Joint Motion for Preliminary Approval of Settlement Agreement (the "Motion"), and a Joint Memorandum and a Declaration in support of it. Dkt. Nos. 652, 653, 654. These submissions raise questions that require discussion and possibly further briefing. The questions that the court wishes to discuss at an October 23, 2024 hearing by videoconference include, but may not be limited to, the following.

Although the parties do not reference the applicable standard, the Federal Rules of Civil Procedure require that for the court to preliminarily approve a proposed class action settlement the parties must show "that the court will likely be

able to" approve the proposal under Rule 23(e)(2). F. R. Civ. P. 23(e)(1)(B)(i).

> In their Memorandum, the parties state that:
>
> > The Settlement Agreement [] considers the impact of the Supreme Court's decision in Garland v. Aleman-Gonzalez, 596 U.S. 543 (2022), which relates to the availability of class-wide injunctive relief and was decided during the parties' negotiations. While the parties do not necessarily share the same view of the application of Aleman-Gonzalez in the settlement context or otherwise, they agree the Settlement Agreement has been drawn to comply with any limitations that the case may impose.

Dkt. 653 at 7. The parties shall be prepared to explain their views concerning the implications of Aleman-Gonzalez for the proposed settlement, and the impact, if any, of State of Texas, et al. v. United States Department of Homeland Security et al., No. 6:24-cv-00306 (E.D. Tex., Aug. 26, 2024). See Dkt. No 653 at 7-8.

The court has certified a Federal Rule of Civil Procedure Rule 23(b)(2) class of petitioners. Dkt. No. 653 at 5 (citing Dkt. No. 253 at 2). In discussing their proposed notice to class members, the parties state that:

> the Parties' proposed settlement should be approved because the suggested form and method of class notice satisfy due process in that it "inform[s] class members of their rights to exclude themselves from the settlement and not to be bound by any judgment that subsequently issues from final approval." Meaden, 2023 WL 3529762 at *4.

Id. at 14; see also id. at 16. However, the proposed Notice does not state that class members have a right to opt out of the

2

settlement. See Dkt. No 654-2. Nor should it because members of a Rule 23(b)(2) class do not have a right to opt out. See Wright, Miller, & Kane, Federal Practice and Procedure, Civil 3d §1789 at 553-54 ("the judgment in a class action will include by its terms all the class members except those in a Rule 23(b)(3) action."); §1786 at 489 ("[m]ost courts have expressly limited the mandatory notice in [Rule 23(c)(2)(B)] to actions brought under Rule 23(b)(3)"). Meaden is not to the contrary because in that case the class was certified pursuant to Rule 23(b)(3). Meaden, 2023 WL 3529762 at *1.

Similarly, the parties mistakenly state that "class members are entitled to receive the best notice practicable." Id. at 14. This is the standard for notice when a Rule 23(b)(3) class has been certified. See F.R. Civ. P. 23(c)(2)(b). For a Rule 23(b)(2) class, if notice is justified, "the court must direct notice in a reasonable manner to all class members...." Rule 23(e)(1)(B). This Notice may be in any form the court finds "appropriate." F.R. Civ. P. 23(c)(2)(A). It does not necessarily have to include all of the information required to be in a notice to members of a Rule 23(b)(3) class under Rule 23(c)(2)(B). However, the parties should be prepared to address whether the proposed notice and means of providing it satisfies the applicable standards.

In addition, the court would benefit from an oral explanation of the proposed settlement. The parties should be prepared to

discuss, among other things: the approximate number of class members; the meaning of the requirement that ICE Boston ERO not take any enforcement action against class members without "tak[ing] into consideration the noncitizen's eligibility to seek lawful status through the provisional waiver process," Dkt. No. 653 at 8; and their best estimate of how many disputes the court may be required to resolve.

Accordingly, it is hereby ORDERED that:

1. A hearing to address the foregoing issues concerning the Motion and possibly others shall be held on October 23, 2024 at 11:00 a.m. EST.

2. To accommodate counsel for Respondents, the hearing will be held by videoconference.

3. Any request to reschedule the October 23, 2024 hearing shall be filed by October 21, 2024. If granted, the tentative November 19, 2024 date for the hearing to decide whether the proposed settlement should be preliminarily approved may be jeopardized.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE