UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*,

Individually and on behalf of all others similarly situated,

        Plaintiffs-Petitioners,

v.

ALEJANDRO MAYORKAS, *et al.*,

        Defendants-Respondents.

C.A. No. 18-10225-MLW

**ORDER GRANTING THE PARTIES'**
**JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**
**AND NOTICE OF SETTLEMENT AND FAIRNESS HEARING**

Upon consideration of the parties' Joint Motion for Preliminary Approval of the Settlement Agreement and Notice of Settlement and Fairness Hearing (the "Motion," Dkt. No. 652), and for the reasons more fully explained at the October 25, 2024 hearing, it is hereby ORDERED that:

    1.    The Settlement Agreement, attached as Exhibit A to the Slater Declaration in Support of the Motion (Dkt. No. 654-1), is PRELIMINARILY APPROVED, as the Court finds that it "will likely be able to" approve the Settlement Agreement as fair, reasonable, and adequate as required by Federal Rule of Civil Procedure 23(e)(2). Fed. R. Civ. P. 23(e)(1)(B)(i). If the Court grants final approval of the Settlement Agreement and allows the parties' request to dismiss this case with prejudice under Federal Rule of Civil Procedure 41(a)(2), the Court will retain jurisdiction to enforce the provisions of the Settlement Agreement for the period provided in the Settlement Agreement. *See Disability Law Ctr. v. Massachusetts Dep't of Corr.*, 960 F.

Supp. 2d 271, 274, 278-79 (D. Mass. 2012) ("The Supreme Court recognized in *Kokkonen* [*v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-382 (1994)] that a United States district court may retain jurisdiction to enforce the provisions of a private settlement agreement even as it dismisses the litigation that the settlement resolves."). The Settlement Agreement provides that motions to enforce its Sections II or III may be brought only on behalf of an individual named plaintiff or class member, and that the Court shall not enter an order requiring compliance with either of these provisions concerning categories of noncitizen class members. It is, therefore, lawful. *See generally Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022).

2. The Notice of Settlement and Fairness Hearing ("Settlement Notice"), attached hereto as Exhibit 1, is appropriate as required by Federal Rules of Civil Procedure 23(c)(2)(A) and 23(e)(1)(B) and APPROVED.

3. The Court finds that the proposed method of disseminating the Settlement Notice is reasonable and, therefore, satisfies Federal Rule of Civil Procedure 23(e)(1)(B).

4. The Settlement Notice shall be distributed in the following manner:

  a. By Respondents to non-detained class members who have checked in with Boston Immigration and Customs Enforcement – Enforcement and Removal Operations ("ICE Boston ERO") and who ICE Boston ERO reported to class counsel during the months of October 2022 through November 2024. This notice shall be provided no later than thirty days after the date of this Order and class counsel provides translations of the final, Court-approved notice to counsel for Respondents[1];

---

[1] Class counsel anticipates that such translations will be finalized by approximately November 8, 2024, if the Settlement Notice has been approved by the Court by November 6, 2024.

    b.    By Respondents to class members who check in with ICE Boston ERO or are in detention in ICE Boston ERO's custody, beginning one business day after class counsel provides the translations of the final, Court-approved notice to counsel for Respondents, until December 27, 2024;

    c.    By Petitioners through publication of the Settlement Agreement on the public website of the ACLU of Massachusetts; and

    d.    By Petitioners through distribution of the Settlement Notice to: (i) immigration lawyers in the jurisdiction of the ICE Boston ERO who have represented known class members; (ii) nonprofit organizations in New England with a focus on immigrant assistance, including legal service providers who are members of the Massachusetts Immigration Coalition and similar organizations and groupings of organizations in other states in New England who are likely to have class members as clients; and (iii) members of the American Immigration Lawyers' Association ("AILA") bar in the jurisdiction of the ICE Boston ERO.

5.    The Settlement Notice shall be translated by class counsel and distributed by the parties in Spanish, Portuguese, Haitian Creole, and Chinese.

6. The following schedule jointly proposed by the parties is APPROVED:

| Event | Date |
|---|---|
| Deadline for parties to distribute notice to potential class members | December 5, 2024 (except as provided in ¶¶ 4.a and 4.b, above) |
| Deadline for class members to file objections to the Settlement Agreement | January 3, 2025 |
| Deadline for the parties to file a Joint Motion for Final Settlement Approval and Memorandum in Support of the Motion | January 8, 2025 |
| Final Approval Hearing | January 16, 2025, 1:00 p.m. ET |

Any of these deadlines may be altered by the court for good cause.

Dated: November 4, 2024

Hon. Mark L. Wolf
United States District Judge