UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>Defendants-Respondents. | C.A. No. 18-10225-MLW<br><br>**DECLARATION OF ADRIANA LAFAILLE IN SUPPORT OF THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT** |

I, Adriana Lafaille, declare as follows:

    1.    I am an attorney at the American Civil Liberties Union Foundation of Massachusetts, Inc. ("ACLUM") and co-counsel for the class in this matter.

    2.    This declaration provides information about class counsel's efforts to provide notice of the proposed settlement agreement that the Court preliminarily approved in its November 4, 2024 Order. *See* ECF No. 664-1. That Order also approved the class notice and the parties' notice plan, and established a December 5, 2024 deadline for class counsel to provide notice under the plan.

    3.    Class counsel hired an external translation vendor, which on November 12, 2024 provided certified translations of the Notice and the preliminarily-approved Settlement Agreement in Spanish, Portuguese, Haitian Creole, and Simplified Chinese. That day, class counsel provided these translations to government counsel so that Immigration and Customs

Enforcement (ICE) could initiate its own process to directly provide notice to certain class members who were detained or had checked in with ICE in the preceding two years.

4.     On November 7, 2024, ACLUM added a page to its website providing information about the *Calderon* settlement and copies of the Notice and preliminarily-approved Settlement Agreement. *See* aclum.org/calderonsettlement. All translations of the Notice and the Settlement Agreement were added to the website on November 12, 2024, when they became available. There have been more than five hundred views of this website since its inception.

5.     Between November 4 and December 5, 2024, class counsel endeavored to notify large numbers of immigration lawyers about the settlement. As provided for in the notice plan approved by the Court, class counsel sent notice to three primary groups that included many attorneys and service providers who would be likely to have contact with potential class members. In my emails to each of these groups, I provided a summary of the agreement, information about the objection procedure, a link to our *Calderon* settlement website, and links to the Notice and to the proposed Settlement Agreement in English and in each of the languages into which it is translated.

6.     First, I emailed notice of the proposed settlement to the leadership of the American Immigration Lawyers' Association (AILA) New England chapter, who sent it to an email list of approximately 900 members in Massachusetts, Maine, New Hampshire, Vermont, and Rhode Island on December 4, 2024. Because Connecticut has a separate AILA chapter, I also emailed notice of the settlement to the leadership and certain members of AILA's Connecticut chapter, which caused notice to be emailed to members of the Connecticut chapter of AILA on December 3, 2024.  Class counsel Kathleen Gillespie posted notice about the settlement on a 500-member private Facebook group for AILA attorneys on December 3, 2024.

And at my request, a panelist at the AILA New England conference on November 11, 2024 made an announcement and showed a PowerPoint slide about the settlement to a room of approximately 40 immigration attorneys.

7. Second, on December 2, 2024, I emailed notice of the settlement to the "Immigration Coalition" (IMCO), a group of immigration legal service providers with an email list maintained by the Massachusetts Law Reform Institute. That email lists consists of about 372 members in Massachusetts, Maine, New Hampshire, Vermont, and Connecticut. I made an in-person announcement about the settlement at a meeting of approximately 60 IMCO members on November 14, 2024. (I later gave a presentation in more detail about the settlement at IMCO's December meeting, although that longer presentation was outside the notice period.)

8. Third, on December 2, 2024, I emailed a list of approximately 80 attorneys who represented various class members who were either detained or checked in to ICE pursuant to their Orders of Supervision. The attorneys' names and contact information were provided to class counsel in ICE's monthly reporting on class member detentions and check-ins since June 2019.

9. In addition to the notification of these three overlapping groups of immigration attorneys that was required by the Court-ordered notice plan, I made additional efforts during and after the notice period to ensure that notice was disseminated broadly.

10. For example, I distributed information about the proposed settlement to ACLU affiliates in the five other New England states and asked for their help in distributing it. Through these efforts, I am aware that information about the proposed settlement was sent to coalitions in Maine and Connecticut, to a group of Northern New England attorneys (covering Maine, New

Hampshire and Vermont), as well as to specific organizations providing legal services in Maine, New Hampshire, Vermont, Rhode Island, and Connecticut.

11. I also directly emailed additional attorneys and organizations about the settlement. These included direct emails to contacts at the International Institute of New England (IINE) and the Massachusetts Immigrant and Refugee Advocacy Coalition (MIRA)—two organizations specifically mentioned by the Court at the October 25, 2024 hearing, ECF No. 665 at 53—to make sure that they were aware of the settlement. Both had received notice of the settlement already through the notification efforts above. In addition to these two organizations, I also directly emailed other organizations and attorneys who I believed might represent impacted clients, including the heads of two law firms who previously submitted declarations stating that their firms represented significant numbers of putative class members. *See* ECF No. 47-A; ECF No. 47-B (declarations from immigration attorneys in support of numerosity during class certification briefing).

12. The class notice provides ACLUM's address, as well as a dedicated phone number (857-347-5511) and email address (calderonclass@aclum.org). I have directly responded to a few attorneys, noncitizens, and family members who sought information about the settlement through these means.

13. As of the date of this declaration, I am unaware of any objections that have been filed regarding the Settlement Agreement.

I declare under penalty of perjury that, to the best of my knowledge and belief, the facts set forth above are true and correct.

Executed this 8th day of January, 2025 in Massachusetts.

/s/ Adriana Lafaille
Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza
Suite 850
Boston, MA 02108
(617) 482-3170
alafaille@aclum.org