UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., Individually and on Behalf of All Others Similarly Situated,

Plaintiffs-Petitioners,

v.

ALEJANDRO MAYORKAS, et al.,

Defendants-Respondents.

No. 18-cv-10225-MLW

ORDER

January 16, 2025

On January 16, 2025, in this class action, a hearing was held on the parties' Joint Motion for Final Approval of the Settlement Agreement (Dkt. No. 670) (the "Motion").[1] For the reasons explained in detail at the January 16, 2025 hearing and briefly summarized in this Order, the court has found that the proposed settlement is fair, reasonable and adequate as required by Federal Rule of Civil

[1] The parties are plaintiffs Lilian Pahola Calderon Jimenez, Luis Gordillo, Sandro De Souza, Carmen Sanchez, Oscar Rivas, Celina Rivera Rivas, Lucimar De Souza, Sergio Francisco, Deng Gao, Amy Chen, and others similarly situated, and defendants, in their official capacities, the Secretary of Homeland Security, the Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement's Boston Field Office Director, Immigration and Customs Enforcement's Enforcement and Removal Office's Boston Field Office Director, the Superintendent of Suffolk County Correctional Facility, the Sheriff of Suffolk County, and the President of the United States.

Procedure 23(e)(2). Therefore, the Motion is being allowed and this case is being dismissed with prejudice. Pursuant to Federal Rule of Civil Procedure 41(a)(2) the court is retaining jurisdiction to enforce the Settlement Agreement.

On April 10, 2018, Petitioners filed a petition for writ of habeas corpus and class complaint for injunctive and declaratory relief, alleging that the defendants' detention and threats of detention concerning class members: (1) violated the Immigration and Nationality Act ("INA") and its applicable regulations; (2) violated their rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution; (3) were motivated by animus based on race and national origin in violation of the Equal Protection Clause of the U.S. Constitution; and (4) were arbitrary and capricious under the Administrative Procedure Act. With regard to detained class members, plaintiffs alleged violations of the INA and its regulations (Count 5) and the Due Process Clause (Count 6). See ECF No. 27 ¶¶ 112-36.

On May 17, 2019, for the purposes of Counts One, Three, and Four of the Complaint, the court certified the following class under Federal Rule of Civil Procedure 23(b)(2): "Any United States citizen and his or her noncitizen spouse who: (1) has a final order of removal and has not departed the United States under that order; (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative, filed by the United States citizen spouse; (3)

is not 'ineligible' for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is within the jurisdiction of Boston Immigration and Customs Enforcement - Enforcement and Removal Operations ('ICE-ERO') field office (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine)." ECF No. 253.[2]

On January 27, 2021, the court stayed this case and ordered the parties to confer and report on whether the case was settled or should be dismissed as moot. See ECF No. 586. In May 2024, the parties executed the Settlement Agreement, which the United States Department of Justice approved in August 2024. See ECF No. 654-1.

The parties jointly moved for preliminary settlement approval on October 17, 2024. ECF No. 652. The court conducted a hearing on that motion on October 25, 2024. ECF No. 665. At the conclusion of the October 25, 2024 hearing, and by order of November 4, 2024,

[2] For the purposes of Count Two of the Complaint, the court certified a sub-class of "Any United States citizen and his or her noncitizen spouse who: (1) has a final order of removal and has not departed the United States under that order; (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative, and conditionally approved I-212, Application for Permission to Reapply for Admission into the United States after Deportation or Removal; (3) is not 'ineligible' for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and (4) is within the jurisdiction of Boston Immigration and Customs Enforcement - Enforcement and Removal Operations (ICE-ERO) field office (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine)." ECF No. 253. The Settlement Agreement provides the same relief for all class members, without regard to membership in the sub-class.

the court granted preliminary approval of the Settlement Agreement. Id.; ECF No. 664. Pursuant to the Preliminary Approval Order, the class was notified of the terms of the proposed Settlement Agreement, of their right to object, and their right to be heard at the January 16, 2025 Final Approval Hearing to determine, among other things, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate. ECF No. 664-1. No objections to the Settlement Agreement were filed.

The court has considered the Motion, the record in this case, and the arguments of the parties at the Final Approval Hearing on January 16, 2025. For the reasons described in detail at that hearing, the court concludes that the Settlement Agreement is fair, reasonable, and adequate in accordance with Rule 23(e)(2) of the Federal Rules of Civil Procedure for the following reasons:

1. The class representatives and class counsel have adequately represented the class;

2. The Settlement Agreement was negotiated in good faith and at arm's length after extensive discovery;

3. The relief provided for the class is adequate; and

4. The Settlement Agreement treats class members equitably relative to each other.

The court further finds that:

5. A Notice of the Settlement Agreement in an appropriate form approved by the court was provided to class members in a reasonable manner. See F. R. Civ. P. 23(C)(2)(A) and (e)(1)(B). More specifically, the Notice was provided: (i) by the defendants to non-detained class members who previously checked in with ICE Boston ERO and who were reported to class counsel during the months of October 2022 through November 2024; (ii) by the defendants to class members who checked in with ICE Boston ERO or were in ICE Boston ERO's custody from November 13, 2024 to December 27, 2024; (iii) by plaintiffs through publication on the public website of the ACLU of Massachusetts; and (iv) by plaintiffs through distribution to broad lists of immigration attorneys. ECF No. 664.

6. The Settlement Agreement is consistent with 8 U.S.C. § 1252(f)(1) and Garland v. Aleman-Gonzalez, 596 U.S. 543 (2022).

Therefore, it is hereby ORDERED that:

1. The Settlement Agreement is incorporated into this Final Approval Order.

2. The case is DISMISSED WITH PREJUDICE. Pursuant to Federal Rule of Civil Procedure 41(a)(2), the court retains jurisdiction to enforce the provisions of the Settlement Agreement pursuant to the terms of enforcement set forth in Section VI of the Settlement Agreement for the period provided in Section VII of the Settlement Agreement. See Disability Law Ctr. v. Massachusetts Dep't of Corr.,

960 F. Supp. 2d 271, 274, 278-79 (D. Mass. 2012) ("The Supreme Court recognized in Kokkonen [v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-382 (1994)] that a United States district court may retain jurisdiction to enforce the provisions of a private settlement agreement even as it dismisses the litigation that the settlement resolves.").

3. The parties shall bear their own fees and costs in accordance with Section VIII of the Settlement Agreement.

4. The motions which are Docket Nos. 49, 229, 302, 548, 560, and 566 are DENIED as MOOT.

UNITED STATES DISTRICT JUDGE