UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA **CALDERON JIMENEZ**,
and LUIS **GORDILLO**, *et al.*,
*individually and on behalf of all those similarly situated*,

    *Plaintiffs-Petitioners*,

v.

ALEJANDRO **MAYORKAS**, *et al.*,
*in their official capacities*,

    *Defendants-Respondents*.

Civil Action No.
18-cv-10225-MLW

Leave to reply granted
on June 16, 2025

## JOHN A. HAWKINSON'S REPLY IN SUPPORT OF HIS MOTION TO UNSEAL LOBBY CONFERENCE TRANSCRIPTS

Undersigned thanks this court for the privilege of reply.

Defendant-Respondents do not address that the procedural requirements for sealing have not been met — nor could they realistically oppose them. If this court does not grant the motion to unseal, it is "required" to "make specific findings to facilitate appellate review." *In re Providence Journal Co.*, 293 F.3d 1, 15 (1st Cir. 2002).

The gravamen of Defendant-Respondents' opposition to unsealing is that so doing might "risk undermining the Court's ability to conduct candid discussions with the parties in the future cases — thereby chilling open and productive dialogue between the parties and the Court." Defendants' Response, ECF No. 689 at 4,5. But this is an equity that belongs chiefly to Plaintiff-Petitioners — who do not oppose unsealing — not to Defendant-Respondents.

Although neither side "prevailed" in this litigation in the sense of achieving a final

judgment, it is clear the Plaintiff-Petitioners as represented by class counsel gained substantially from the Settlement compared to the *status quo ex ante*. If indeed unsealing these transcripts would risk damaging their ability to negotiate future settlements, that would injure the interest of class counsel (an institutional repeat player) more than it would injure the Government, and Plaintiff-Petitioners would oppose the unsealing — yet they do not oppose it[1].

Recognizing that undersigned has no direct information about the contents of the sealed lobby conference transcripts, unlike the parties and the court, undersigned observes that the public and future litigants may well benefit from understanding the scope and contours of these lobby conferences. Class litigation in the immigration space is peculiarly bound up with jurisdictional bars and channeling provisions that make settlement more likely than it might ordinarily be. And a good public understanding of the procedural process that lead to a settlement in this case should help to inform future litigants on both sides. That understanding redounds to the public benefit.

The Government further argues that the chilling effect would extend to adjudication under the Settlement Agreement, but again, Plaintiff-Petitioners do not oppose and this is their equity. And because settlement adjudication is manifestly top of mind for class counsel (the first public settlement dispute having been recently raised to the court, cf. ECF Nos. 690, 691), it's clear any chilling effects on settlement were considered.

More likely than chilling future dispute resolution, transparency here ought to assist in the resolution of both future litigation as well as settlement adjudication. "Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman."[2]

---

[1] Undersigned has confirmed, subsequent to the Government's opposition to unsealing, with class counsel that Plaintiff-Petitioners continue to not oppose the unsealing of these lobby conference transcripts.
[2] Brandeis, Louis D. "What Publicity Can Do." *Harper's Weekly*, December 20, 1913.

Turning to some specifics of the Defendant-Respondents' arguments:

The Government suggests "Intervenor has no legitimate role in seeking access to these sealed discussions." Defendants' Response, ECF No. 689 at 1. [emphasis added] But of course that is wrong. Undersigned, a news reporter, stands in the shoes of the public interest in seeking open and transparent court processes. "The public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch." *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987).

It could well be that the balance of equities favors continued sealing (with a finding in support), but that does not impugn the undersigned's *role*.

"Intervenor seeks access to transcripts containing information that was sensitive enough for this Court to seal." Defendants' Response at 3. Again, there is no finding in the record that the information was sensitive enough to seal — Defendant-Respondents offer no support for that. Instead, the logical conclusion is that proceedings took place as a lobby conference prophylactically, with the expectation that sensitive information *might* arise. And furthermore, even if the information were sensitive in 2018 or 2019, that is no showing that it is sensitive in 2025 — or in perpetuity.

Defendant-Respondents allege "there are no less restrictive means for this Court to have achieved its goal of facilitating frank conversation about sensitive matters between the Parties except for by sealing the transcripts." *Id.* at 5. But they then contradict themselves in their final full paragraph: "should this Court be inclined to unseal any portion of the lobby transcripts, Defendants respectfully request that the Court allow Defendants to propose redactions." *Id.* at 7. Both cannot be true. Redactions are obviously a less restrictive means, and again, Defendant-Respondents conflate that state of play at the time of the lobby conference with that of the present.

3

Furthermore, Defendant-Respondents offer no specifics at all as to what information merits sealing. Indeed, they offer no generalities beyond the broad brush assertion that the entirety of the transcripts should be sealed (excepting their fallback argument, which is equally devoid of specifics). Instead, they characterize them as "discussions not appropriate for public disclosure." *Id* at 1 and 6. But that conclusory characterization is untethered to the record and unsupported in any way: not even by affidavit of counsel.

Defendant-Respondents make no effort to describe with particularity (the standard required in *In re Providence Journal* and its progeny) the type of information within the now-sealed transcripts that requires continued veiling from the public eye.

Defendant-Respondents suggest that the sealed transcripts may not be judicial records, and thus not entitled to the common law presumption of public access. But their argument proves too much.

> To start, Defendant-Respondent's quotation doesn't appear within the case they cite:
>> Here, the sealed lobby transcripts are not "judicial records" to which the common law presumption of public access applies. A "judicial record" is a document "submitted by the parties to aid in the adjudication" of an issue before the court that is "meant to impact the court's disposition of substantive rights." *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998).
>
> Defendants' Response, ECF No. 689 at 6.

Perhaps Defendant-Respondents intended to cite *United States v. Kravetz*, 706 F.3d 47, 56 (1st Cir. 2013), characterizing "advocacy memoranda, commonly submitted by the parties to the court in advance of sentencing" as "judicial records." Or "like substantive legal memoranda submitted to the court by parties to aid in adjudication of the matter of a defendant's innocence or guilt, sentencing memoranda are meant to impact the court's disposition of substantive rights." *Id.* Neither quite lines up with the quotation marks.

Regardless, in Defendant-Respondents telling, if it's not a document submitted, it's not a judicial record and not entitled to a presumption of access. But obviously that's nonsensical. A transcript of a hearing in open court is not a document submitted by the

4

parties, and it is entitled to a presumption of access.

Indeed, regardless of whether they are "judicial documents" and even regardless of the applicability of the First Amendment presumption of access, transcripts generally are accessible to the public and there needs to be a reason why they are sealed — a good reason. The Government offers none.

## CONCLUSION

Respectfully, for the reasons given above, most particularly the hefty significance of the Plaintiff-Petitioners' non-opposition, this court should unseal the lobby conference transcripts. If not, it must make a finding on the record to support appellate review.

## REQUEST FOR ORAL ARGUMENT

As the instant motion to unseal involves the multiple interests of both sides of the *v.*, the intervenor, and the court itself, it may well be worth devoting a few minutes of time to it where everyone is in the same room. Especially if Guilherme Batista Armondes' pending Motion to Enforce Settlement Agreement (ECF No. 690) may be set for oral argument. Pursuant to LR 7.1(d), undersigned hereby requests it.

(putative) INTERVENOR,
JOHN A. HAWKINSON, pro se    30 July 225

John A. Hawkinson
Box 397103
Cambridge, MA 02139-7103
617-797-0250
jhawk@alum.MIT.EDU

Dated: July 30, 2025

## CERTIFICATE OF SERVICE

I, John A. Hawkinson, do hereby certify that a true copy of the above document was served July 30, 2025, by electronic mail, having previously received written consent for electronic service pursuant to FRCP 5(b)(2)(E), to:

Jonathan A. Cox
*jonathan.cox@wilmerhale.com*

Kathleen M. Gillespie
*kathleenmgillespieesq@gmail.com*

Adriana Lafaille
*alafaille@aclum.org*

Mary Larakers
*mary.l.larakers@usdoj.gov*

Christina Luo
*christina.luo@wilmerhale.com*

Eve A. Piemonte
*eve.piemonte@usdoj.gov*

Kevin S. Prussia
*kevin.prussia@wilmerhale.com*

Michaela P. Sewall
*michaela.sewall@wilmerhale.com*

William Weiland
*william.h.weiland@usdoj.gov*

J. Max Weintraub
*jacob.weintraub@usdoj.gov*

John A. Hawkinson
July 30, 2025