UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>      Plaintiffs-Petitioners,<br><br>    v.<br><br>KRISTI NOEM, *et al.*,<br><br>      Defendants-Respondents. | No. 18-cv-10225-MLW |

## JOINT STATUS REPORT

On July 23, 2025, this Court ordered the parties to confer and report by July 31, 2025, on whether they had resolved their dispute or, alternatively, to propose a schedule for any requested discovery, briefing, and hearing. ECF No. 696. The Court further instructed the parties to identify the Deputy Field Office Director ("DFOD") who made the decisions at issue, the persons he or she discussed those decisions with, and potential hearing witnesses. *Id*. On July 31, 2025, the parties requested a one-day extension to continue their conferral and collection of the requested information (ECF No. 698), which the Court granted. ECF No. 699.

The parties have conferred and report that they have not reached an agreement to resolve this dispute. The parties have responded to the Court's order below, and make further submission with regard to proposed scheduling and discovery.

I.  **Witnesses**

    A.  **Petitioners' Position**

Petitioners' position is that, at a minimum, the testimony of the DFOD(s) who made the relevant determinations is necessary, including but not limited to Acting DFOD John P. Charpentier and Assistant Field Office Director Keith M. Chan, whom the Government identifies below. Petitioners propose to report to the Court regarding any additional potential witnesses within one week of receiving the Government's forthcoming submission.

    B.  **Respondents' Position**

The scope of this Court's review under the Settlement Agreement is limited to determining whether ICE considered Mr. Batista's pursuit of a provisional waiver and made its decision that Mr. Batista is a public safety risk: (1) in good faith, and (2) based on the facts in Mr. Batista's case. *See* ECF No. 654-1 at 4-5. Respondents believe this Court can resolve this matter on the parties' written submissions and respectfully request this Court defer a determination on whether a hearing is necessary until after the Court reviews Respondents' opposition to Petitioners' motion to enforce. Should this Court determine that a hearing is necessary, Respondents submit that the only appropriate witness is DFOD Charpentier that made the decision to remove Mr. Batista in June and August 2025 based on his determination that Mr. Batista is a public safety risk after consideration of the materials Mr. Batista submitted in support of his release. Moreover, the conversations the DFOD may have had with other ICE officials prior to his decision to remove Mr. Batista are protected, at minimum, by the deliberative process privilege. Respondents reserve the right to further object to Petitioners' proposed witnesses.

II.  **The Officials Involved in Decision-Making Regarding Mr. Batista**

Acting DFOD John P. Charpentier and Assistant Field Office Director Keith M. Chan, acting as DFOD in DFOD Charpentier's absence, made the decisions regarding Mr. Batista.

Keith M. Chan made the decision to remove Mr. Batista in April 2025. John P. Charpentier made the decision to continue to detain Mr. Batista and remove Mr. Batista in June 2025 and August 2025[1] during the meet and confer process and after considering the materials in support of his release. Other than counsel, DFOD Charpentier discussed the decisions regarding Mr. Batista with Assistant Field Office Director Keith M. Chan.

### III. Proposed Schedule for Briefing

The parties propose the following schedule for briefing Petitioners' motion to enforce:

1. Respondents will file an Opposition to Petitioners' Motion to Enforce by August 7, 2025, along with a declaration from DFOD Charpentier. Should the Court order Respondents to provide more than the information Respondents have agreed to provide below, particularly with regard to Petitioners' proposals in Section V.A(2)-(3) below, Respondents request that this Court extend this deadline until August 22, 2025 to allow Respondents time to prepare its submission and gather information. Petitioners object to this request for additional time, noting that the additional requested information is not burdensome to include and produce.

2. Petitioners will file a reply brief seven days after Respondents file their opposition. Along with their Reply brief, Petitioners will submit a proposed list of witnesses. Respondents reserve the right to object to Petitioners' proposed witnesses.

---

[1] Petitioners' position: To the extent that Respondents are claiming that any decision concerning Mr. Batista's detention and removal after the filing of the Motion to Enforce on July 22, 2025, constitutes a legitimate "determination" under the terms of the Settlement Agreement, Petitioners disagree.

IV.   **Proposed Dates for Hearing**

   A.   **Petitioners' Position**

   Petitioners believe that a hearing would benefit the Court and parties, including by providing an opportunity to ask questions and receive clarification regarding ICE's decision-making process and the record before ICE when making the determination to remove Mr. Batista.

   B.   **Respondents' Position:**

   Respondents submit that the matter may be decided on the Parties' written submissions and propose that this Court defer a determination on whether a hearing is necessary until after it reviews Respondents' opposition to Petitioners' motion to enforce.

   C.   **Scheduling**

   The parties have conferred and identified August 19, 2025, and the afternoon of September 3, 2025, as the two earliest dates at which counsel for both sides and DFOD Charpentier are available after the conclusion of the proposed briefing schedule.  The parties propose that any hearing occur on one of these dates, or at another date as soon as possible thereafter that is practicable for the Court.  Mr. Charpentier is unavailable on September 12.

V.   **Requested Discovery**

   The parties have agreed that, with the Respondents' August 7, 2025 submission, they will submit a declaration by DFOD Charpentier.  Respondents have agreed to describe and produce a record of the "facts in the Noncitizen Class Member's case," as provided in the Settlement Agreement, that DFOD Charpentier relied upon to make his determination that Mr. Batista should be removed from the United States because he is a public safety risk in June and August 2025.  Respondents agree to explain the reasoning behind the DFOD Charpentier's June and August 2025 decisions to remove Mr. Batista describing the "facts in the Noncitizen Class

4

Member's Case" the DFOD considered and explaining their significance to the DFOD's determination. Respondents have also identified the individual, apart from counsel, with whom DFOD Charpentier discussed the decision to continue to detain and remove Mr. Batista, *supra* at 2-3.[2]

### A.    Petitioners' Position

Petitioners ask the Court to order the Government to produce certain documents and provide certain information.

1. Petitioners request that the Government be ordered to address, in the declaration accompanying its August 7, 2025 submission, the identity of each ICE officer who made a determination that Mr. Batista posed a threat to public safety or national security justifying enforcement action, including but not limited to the DFOD-level officer(s) who made such determination in connection with Mr. Batista's (a) continued detention after he became a class member; (b) intended removal as determined in April 2025; (c) intended removal after Petitioners invoked the Settlement Agreement's dispute resolution procedures on June 25, 2025; and (d) intended removal after the Government's request for additional time to discuss Mr. Batista's case with ICE on July 15, 2025.

2. Petitioners additionally request that the Government be ordered to produce, concurrent with its August 7, 2025 submission, any written communications that led up to, formed part of, or transmitted the decisions relevant to Mr. Batista's removal. Petitioners exempt from this request any communications subject to attorney-client privilege.

---

[2] Respondents have also confirmed that there is no written or unwritten guidance or instruction that ICE officials have received (other than from counsel) with regard to the process for making determinations under the *Calderon* Settlement Agreement. Respondents represent that DFOD level officers at ICE Boston make individualized determinations under the Settlement Agreement, and DFOD Charpentier made an individualized determination in Mr. Batista's case based on the facts in his case.

5

3.  With regard to the second class member about whom the parties met and conferred prior to the filing of this motion, Petitioners request that the Government be required to provide the information and documents requested in items 1 and 2, above. ICE determined that this class member would be arrested and would remain detained—determinations that require a good-faith and fact-based determination that he presently poses a danger to the community—on the basis of a twelve-year-old drug offense for which he was subject only to probation. ICE reaffirmed that determination even after being provided with a packet of letters and other materials supporting his release as part of the parties' discussions of his case. ICE decided to release the class member only when Petitioners were just hours away from filing a motion to this Court. ICE's decision-making process with regard to that class member is relevant to the Court's understanding of whether it is making good-faith determinations under the Settlement. Finally, Petitioners request that Respondents provide the requested information on this class member concurrent with their August 7, 2025 submission, to allow the parties and the Court adequate time to evaluate its impact in advance of the hearing.

B.  **Respondents' Position**

Respondents will file a declaration to support their opposition to Petitioners' motion to enforce explaining DFOD Charpentier's good faith decision to remove Mr. Batista in June and August 2025 after he considered all the facts in Mr. Batista's case as described above, *supra* at 2-3, and below in paragraph 1.[3] Respondents propose that this Court defer ordering Respondents

---

[3] Respondents initially made the decision to remove Mr. Batista in April 2025. Through the meet and confer process, Petitioners submitted information in support of Mr. Batista's release that ICE considered before issuing a new "brief description of the consideration it completed" under the Settlement agreement in June 2025. After Respondents provided this new description, ICE was able to obtain the police report for Mr. Batista's arraignment for a domestic violence charge in 2020 that ICE had included in its April and June 2025 descriptions. Accordingly, ICE

6

to provide any additional information or discovery until after it reviews Respondents' opposition to Petitioners' motion. Nevertheless, Respondents respond to each of Petitioners' requests above as follows:

1. Respondents have already identified the DFODs who made the decisions under the Settlement Agreement to continue to detain and remove Mr. Batista, *supra* at 2-3, and believe this is sufficient.

2. Respondents object to this request. To the extent there are any "written communications that led up to, formed part of, or transmitted the decisions relevant to Mr. Batista's removal," Respondents expect that those communications would be largely protected by numerous privileges including the attorney-client privilege, deliberative process privilege and law enforcement privilege. It would also be unduly burdensome to search for, review for privilege, and produce any such communications by August 7, 2025—in less than a week. Discovery of these communications is not appropriate where the record should be limited to the "facts in [Mr. Batista's] case," as defined by the Settlement Agreement. This request is likewise not proportional to the needs of this dispute particularly where any questions not resolved by Respondents' opposition can be resolved in a hearing at which DFOD Charpentier testifies about his decision to remove Mr. Batista.

3. The other class member Petitioners mention in V.A(3) above and in their motion to enforce is not relevant to whether the DFOD made a good faith determination based on the facts in Mr. Batista's case that Mr. Batista is a public safety risk in June and August 2025.

---

issued a new "brief description of the consideration it completed" including the police report information on August 1, 2025. Petitioners disagree that any decision concerning Mr. Batista's detention and removal after the filing of the Motion to Enforce on July 22, 2025, constitutes a legitimate "determination" under the terms of the Settlement Agreement.

7

Petitioners began the meet and confer process before ICE made a determination to remove this other class member and ultimately, as a part of the meet and confer process, decided to release this class member. Accordingly, ICE does not agree to Petitioners' attempt to litigate a moot issue by providing the information requested regarding this class member. Moreover, it would be unduly burdensome for ICE to do so by August 7, 2025. To the extent Petitioners claim that this other class member's case is evidence that "ICE's decision with regard to Mr. Batista was not based on the individualized facts of his case, but on an apparent rule of thumb," ECF No. 691 at 9, that is incorrect. Respondents' opposition will explain there is no "rule of thumb" and the DFOD made an individualized determination to remove Mr. Batista from the United States because he is a public safety risk based on the facts in his case. Petitioners are not entitled to discovery outside the record of the facts in Mr. Batista's case especially at this juncture before Respondents have had an opportunity to substantively respond to Petitioners' veiled allegations of bad faith. Therefore, Respondents urge this Court to deny Petitioners' request for information regarding this other class member as irrelevant and not proportional to the needs of this dispute. Alternatively, Respondents propose that this Court defer ordering Respondents to produce additional information regarding the other class member until it reviews Respondents' opposition. Finally, should this Court deem information related to this class member relevant to whether ICE made a good faith determination in Mr. Batista's case, Respondents propose that this Court define the scope of any relevant information regarding this class member for the parties to address at a hearing as opposed to in Respondents' opposition.

* * *

The parties thank the Court for its continued attention to this matter.

Respectfully submitted this 1st day of August, 2025.

| *Counsel for the Respondents* | *Counsel for the Petitioners* |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General | */s/ Jonathan A. Cox*<br>Kevin S. Prussia (BBO # 666813)<br>Jonathan A. Cox (BBO # 687810) |
| MATTHEW P. SEAMON<br>Senior Litigation Counsel | Christina Luo (BBO # 705590)<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP |
| */s/ Mary L. Larakers*<br>Mary L. Larakers (Texas Bar # 24093943)<br>Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 353-4419<br>(202) 305-7000 (facsimile)<br>mary.l.larakers@usdoj.gov | 60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br>kevin.prussia@wilmerhale.com<br>jonathan.cox@wilmerhale.com<br>christina.luo@wilmerhale.com |
| | Adriana Lafaille (BBO # 680210)<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF MASSACHUSETTS, INC.<br>One Center Plaza<br>Suite 850<br>Boston, MA 02108<br>(617) 482-3170<br>alafaille@aclum.org |
| | Kathleen M. Gillespie (BBO # 661315)<br>Attorney at Law<br>6 White Pine Lane<br>Lexington, MA 02421<br>(339) 970-9283<br>kathleenmgillespieesq@gmail.com |