```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

LILIAN PAHOLA CALDERON                )
JIMENEZ and LUIS GORDILLO,             )
et al.,                                )
                                       )
Individually and on Behalf             )
of All Others Similarly                )
Situated,                              )
                                       )  No. 18-cv-10225-MLW
     Plaintiffs-Petitioners,           )
                                       )
          v.                           )
                                       )
KRISTI NOEM, et al.,                   )
                                       )
     Defendants-Respondents.           )

                      MEMORANDUM AND ORDER

WOLF, D.J.                                          August 8, 2025

     As discussed at the August 6, 2025 hearing, it is hereby ORDERED that:

     1.  Respondents shall, by August 14, 2025:

     (a). File a memorandum in support of their opposition to petitioner Guilherme Batista Armondes' Motion to Enforce Settlement Agreement (Dkt. No. 690) (the "Motion"). The memorandum shall, among other things, address:

> (i). Whether the court should consider the August 2025 decision to detain and remove petitioner, which was made after the Motion was filed, was made in good faith or whether the court should decide instead whether the June 2025 decision was made in good faith.

(ii). Whether a hearing at which the court would hear testimony is necessary or appropriate.

(iii). Whether the deliberative process privilege and/or law enforcement privilege applies to any communications with either Immigration and Customs Enforcement ("ICE") Acting Deputy Field Office Director John P. Charpentier or Assistant Field Office Director Keith M. Chan concerning Mr. Batista. See, e.g., In re Subpoena Duces Tecum, 145 F.3d 1422, 1424 (D.C. Cir. 1998); Texaco Puerto Rico, Inc. v. Dept. of Consumer Affairs, 60 F.3d 867, 884 (1st Cir. 1995); In re Pharmaceutical Indus. Average Wholesale Price Litig., 254 F.R.D. 35 (D. Mass. 2008); United States v. Tsarnaev, 968 F.3d 24 (1st Cir. 2020), rev'd on other grounds 142 S. Ct. 1024 (2022).

(iv). The definition of "good faith" as the term is used in Part III(A) of the Settlement Agreement (Dkt. No. 654-1). See, e.g., Kaufman v. Comm'r of Internal Revenue, 784 F.3d 56, 70 (1st Cir. 2015).

(v). Whether the Federal Rules of Evidence would apply at any evidentiary hearing on the Motion. See Fed. R. Evid. 1101.

(vi). Whether the court's decision on the Motion will be appealable.[1]

(b). File accurate, complete, and truthful affidavits under oath of Mr. Chan and Mr. Charpentier addressing, among other relevant matters[2]:

(i). Each person with whom he communicated concerning Mr. Batista before deciding in April, June, and/or August 2025 that Mr. Batista posed a threat to public safety.

(ii). Summarizing each such communication.

(iii). His reasoning for each decision that Mr. Batista posed a threat to public safety.

(iv). Whether he had been informed or learned before making his decision that any ICE or other official wanted to increase the number of aliens detained and/or removed, including but not limited to whether the Boston Office of ICE had been given a quota for removals.

(c). Identify and provide petitioner with the records and other information which Mr. Chan and Mr. Charpentier considered in

---

[1] Counsel for the parties shall confer concerning the issues described in Sections 1(a)(i)-(vi) hereinabove and report in their submissions whether or not they have reached an agreement concerning any or all of them.

[2] All affiants are reminded that any failure to provide accurate, complete, and truthful information in his or her sworn affidavit could constitute civil contempt and/or criminal contempt prosecutable by the court pursuant to Fed. R. Crim. P. 42. All counsel are reminded of their duties under Fed. R. Civ. P. 11(b).

April 2025, in June 2025, and in August 2025 in making each decision to detain Mr. Batista for removal, and any document or any other record of any communication described in Sections 1(b)(i) and (ii) hereinabove.

(d). The names of each potential witness that may be called at any hearing on the Motion that may be conducted.

2. Petitioner shall, by August 21, 2025, file:

(a). A memorandum replying to respondents' submissions, addressing, among other things, the issues described in paragraph 1 hereinabove.

(b). Accurate, complete, and truthful affidavits providing evidence of any factual contentions on which petitioner relies.

(c). Any documents on which the petitioner relies in support of the Motion.

(d). The names of each potential witness that may be called at any hearing on the Motion that may be conducted.

3. If necessary, a hearing on the Motion will begin at 10:15 a.m. on September 3, 2025, and continue day to day until concluded. Petitioner, Mr. Chan, and Mr. Charpentier, and each other potential witness shall be present.[3] As petitioner is in ICE custody,

---

[3] Counsel shall promptly inform the potential witnesses of the August 6, 2025 Sequestration Order (Dkt. No. 702).

4

respondents shall make the arrangements necessary for him to appear.

    4.   The parties shall order the transcript of the August 6, 2025 hearing on an expedited basis.

/s/ Mark L. Wolf<br>
UNITED STATES DISTRICT JUDGE