UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON )
JIMENEZ and LUIS GORDILLO, )
et al., )
 )
Individually and on Behalf )
of All Others Similarly )
Situated, )
 )  No. 18-cv-10225-MLW
    Plaintiffs-Petitioners, )
 )
           v. )
 )
KRISTI NOEM, et al., )
 )
    Defendants-Respondents. )

MEMORANDUM AND ORDER

WOLF, D.J.                                                  August 26, 2025

    In view of the parties' responses to the August 7, 2025 Order, for the reasons explained below, it is hereby ORDERED that:

    1. The Settlement Agreement in this case requires that decisions that a class member poses a threat to public safety must be made in good faith and be based on the facts in the class member's case. See Dkt. No. 654-1, §III.A. The parties' submissions place in genuine dispute whether the decisions that plaintiff-petitioner Guilherme Batista Almondes poses a threat to public safety were made by defendants-respondents in the manner required by the Settlement Agreement.

    Therefore, a hearing on the Motion to Enforce (Dkt. No. 690) at which testimony will be heard shall begin at 1:00 p.m. on

September 3, 2025, and continue day to day until concluded.[1] Immigration and Customs Enforcement ("ICE") Acting Deputy Field Office Director John P. Charpentier and Assistant Deputy Field Office Director Keith M. Chan shall be present to testify. Mr. Batista and ICE Deportation Officers Lynne L. Borges and Kyle S. Johnson shall also be available to testify if necessary.

All potential witnesses shall be informed of the August 6, 2025 Sequestration Order (Dkt. No. 702).

ICE shall, by August 27, 2025, confirm that it has as ordered on August 7, 2025, made the arrangements necessary for Mr. Batista to be at the hearing. See Dkt. No. 706 at 4-5.

Counsel for Mr. Batista shall, by August 27, 2025, confirm that they have arranged for a Portuguese interpreter to provide simultaneous translation for him, and coordinate with Deputy Clerk John Flemings to assure that the necessary equipment is available and operating.

2. The parties and the court agree that the Federal Rules of Evidence apply to the hearing. See Respondent's Opposition, Dkt. No. 710, at 15; Petitioner's Reply, Dkt. No. 713, at 19; Fed. R. Evid. 1101(a)-(b). However, as the parties also agree, the Rules do not apply at administrative proceedings and, therefore, would

---

[1] In the August 7, 2025 Order the court stated that if necessary the hearing would begin on September 3, 2025 at 10:15 a.m.

not have limited the facts that ICE considered when making its decisions regarding Mr. Batista. See Johnson v. Boston Public Schools, 906 F.3d 182, 192 (1st Cir. 2018).

Mr. Batista has filed reports in the media that Acting ICE Director Caleb Vitello, Secretary of Homeland Security Kristi Noem, White House Deputy Chief of Staff Stephen Miller, White House Advisor Tom Homan and other officials were during the relevant period directing or urging ICE employees to increase the number of aliens arrested and/or removed from the United States. See, e.g., Exhibits to Cox Declaration (Dkt. No. 714) M at 1; N at 1; O at 1; P; Q at 3. Such statements would not be hearsay because they would not be offered for the truth of the matters asserted. See Fed. R. Evid. 801(c)(2); Coyne v. Taber Partners I, 53 F.3d 454, 461 n.6 (1st Cir. 1995). They would be relevant to, among other things, the issue of whether the decisions that Mr. Batista poses a threat to public safety were made in good faith, based only on the facts of his case. See Fed. R. Evid. 401. Therefore, the court finds, subject to possible reconsideration, that such evidence will be admissible at the hearing.

If defendants-respondents wish to object to the admission of such evidence, they shall, by August 28, 2025, at 9:30 a.m., file an objection and a supporting memorandum. Plaintiff shall respond to any objection by August 29, 2025, at 9:30 a.m.

3. Defendants-respondents have redacted some information from their filings and discovery provided to Mr. Batista based solely on the common law deliberative process privilege. In order to be protected from disclosure pursuant to that privilege, information or material must be both "predecisional" and "deliberative." Texaco Puerto Rico, Inc. v. Dep't of Consumer Affs., 60 F.3d 867, 884 (1st Cir. 1995).

However, the privilege is qualified and discretionary. Id. at 885. Therefore, even if a document satisfies the criteria for protection under the deliberative process privilege, nondisclosure is not "automatic." Id. As the District of Columbia Circuit has held, "the privilege is not properly asserted . . . when a plaintiff's cause of action turns on the government's intent." In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency, 145 F.3d 1422, 1424 (D.C. Cir.), on reh'g in part, 156 F.3d 1279 (D.C. Cir. 1998). The First Circuit has similarly held that "where the documents sought may shed light on alleged government malfeasance the privilege is routinely denied." Texaco Puerto Rico, Inc., 60 F.3d at 885 (internal quotation and citation omitted). Whether the government acted in good faith and decided that Mr. Batista poses a danger based only on the facts of his case as the Settlement Agreement requires are at the heart of the issues to be decided by the court. Therefore, it appears that the

4

deliberative process privilege does not protect the information defendant-respondents have redacted based on that privilege.

Nevertheless, in deciding how to exercise its discretion the court should consider "among other things, the interests of the litigants, society's interest in the accuracy and integrity of factfinding, and the public's interest in honest, effective government." Texaco Puerto Rico, Inc., 60 F.3d at 885. Therefore, in order to make a more fully informed decision, the court will consider, in camera, the information redacted by defendants-respondents based on deliberative-process privilege. Accordingly, defendants-respondents shall, by 9:30 a.m. on August 28, 2025, file, ex parte and under seal, each previously-redacted document submitted to the court, including by Mr. Batista, without the redactions made solely on the basis of the asserted deliberative process privilege, and shall identify each portion of the document they seek to protect from disclosure, meaning identify previously redacted information.

UNITED STATES DISTRICT JUDGE