UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs-Petitioners,<br><br>    v.<br><br>KRISTI NOEM, *et al.*,<br><br>    Defendants-Respondents. | No. 18-cv-10225-MLW |

**PETITIONERS' RESPONSE TO RESPONDENTS' OBJECTION AND
MEMORANDUM IN SUPPORT THEREOF**

Pursuant to the Court's August 26, 2025 Memorandum and Order (ECF No. 717), and in connection with Petitioners' pending Motion to Enforce the Settlement Agreement (ECF No. 690),[1] Petitioners hereby respond to Respondents' Objection to the Admission of Evidence and Memorandum in Support Thereof (ECF No. 723), filed on August 28, 2025.

As the Court stated in its August 26, 2025 Memorandum and Order, media reports describing statements by Acting ICE Director Caleb Vitello, White House Advisor Tom Homan, and other officials, urging or instructing ICE employees to increase detentions and removals, would be admissible at a hearing on the Motion to Enforce because they are not hearsay. Dkt No. 717 at 3. Specifically, they are not hearsay because those statements, though made out of court, would not be "offer[ed] in evidence *to prove the truth of the matter asserted*." Fed. R.

---

[1] The parties have resolved their dispute concerning the Motion to Enforce, and Mr. Batista has been released from ICE custody. The parties' Joint Stipulation and Notice of Withdrawal, filed on August 28, 2025, is pending before the Court. ECF No. 725.

Evid. 801(c) (emphasis added); *see also United States v. Cruz-Diaz*, 550 F.3d 169, 176 (1st Cir. 2008) ("Out-of-court statements offered not to prove the truth of the matter asserted but merely to show context—such as a statement offered for the limited purpose of showing what effect the statement had on the listener—are not hearsay."); *Coyne v. Taber Partners I*, 53 F.3d 454, 461 n.6 (1st Cir. 1995) (news article was admissible "to establish that the hotel's management knew or should have known of the volatile nature of the labor protest").

At any hearing on the Motion to Enforce, Petitioners would not seek to—because they do not need to—prove that ICE has actually instituted quotas for detentions and removals. Instead, at issue in Petitioners' Motion to Enforce is whether ICE's determinations that class member Guilherme Batista Armondes poses a threat to public safety were made in good faith based on the facts of his case, as required by the Settlement Agreement. ECF No. 691. A central point of contention is whether Deputy Field Office Director Charpentier and Assistant Field Office Director Chan's decisions were improperly affected by well-publicized national immigration policies in reaching their conclusions. Both Mr. Charpentier and Mr. Chan have admitted that they were "aware of the [Trump] Administration's desires and efforts to increase enforcement of the immigration laws … and to effectuate removal orders." ECF No, 710-1 ¶ 22; ECF No. 710-2 ¶ 16. At a hearing on the Motion, Petitioners would offer media reports for the limited purposes of (1) showing that the Administration statements reported therein were publicized and (2) exploring during the examinations of Mr. Charpentier and Mr. Chan whether those statements, or similar statements, influenced their respective determinations that Mr. Batista poses a threat to public safety, which, in turn, bears on the issue of whether ICE made its determinations in good faith. Therefore, this Court should overrule Respondents' objection and admit the offered media reports into evidence as non-hearsay for those limited purposes.

2

Respectfully submitted this 29th day of August, 2025.

*Counsel for the Petitioners*

<u>/s/ Jonathan A. Cox</u>
Kevin S. Prussia (BBO # 666813)
Jonathan A. Cox (BBO # 687810)
Christina Luo (BBO # 705590)
Peter H. Merritt (BBO # 711435)
Caitlyn N. Galvin (BBO # 715167)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
kevin.prussia@wilmerhale.com
jonathan.cox@wilmerhale.com
christina.luo@wilmerhale.com
peter.merritt@wilmerhale.com
caitlyn.galvin@wilmerhale.com

Adriana Lafaille (BBO # 680210)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza
Suite 850
Boston, MA 02108
(617) 482-3170
alafaille@aclum.org

Kathleen M. Gillespie (BBO # 661315)
Attorney at Law
6 White Pine Lane
Lexington, MA 02421
(339) 970-9283
kathleenmgillespieesq@gmail.com

## CERTIFICATE OF SERVICE

      I, Kevin Prussia, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>Dated:</u>  August 29, 2025

/s/ *Jonathan A. Cox*
Jonathan A. Cox (BBO # 687810)