```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

LILIAN PAHOLA CALDERON )
JIMENEZ and LUIS GORDILLO, )
et al., )
 )
Individually and on Behalf )
of All Others Similarly )
Situated, )
 ) No. 18-cv-10225-MLW
   Plaintiffs-Petitioners, )
 )
             v. )
 )
KRISTI NOEM, et al., )
 )
   Defendants-Respondents. )

MEMORANDUM AND ORDER

WOLF, D.J.                                              August 29, 2025

On August 28, 2025, the court received several submissions in response or relating to the August 26, 2025 Memorandum and Order (Dkt. No. 717) (the "Order"). Two of them relate to issues that may recur if there are motions in the future that the court must resolve pursuant to the Settlement Agreement (Dkt. No. 654-1). Therefore, although the hearing scheduled to begin on September 3, 2025 is no longer necessary and is being cancelled, the court is briefly addressing the potentially recurring issues now.

In response to paragraph 2 of the Order, respondents filed an objection to the admission of reports in the media that during the relevant period various high federal

officials were directing or urging Immigration and Customs Enforcement ("ICE") to increase the number of aliens arrested and/or removed from the United States. Petitioner filed a response. Dkt. No. 727.

While the Federal Rules of Evidence would have applied if the September 3, 2025 hearing were conducted, the court continues to find that such media reports would not constitute inadmissible hearsay. Rather, they would have been admissible because they would not have been offered for the truth of the matter asserted but rather to determine whether the ICE officials who decided petitioner Guilherme Batisa Almondes poses a threat to public safety knew about the media reports and considered them in violation of their contractual duty under the Settlement Agreement to base their decisions to detain and remove petitioner solely based on the facts of his case. See Coyne v. Taber Partners I, 53 F.3d 454, 461 n.6 (1st Cir. 1995).

As the First Circuit wrote in Coyne,

> Taber argues that this article is hearsay evidence that should be excluded from consideration. This argument overlooks that plaintiff did not offer the article for the truth of the matter asserted, but, rather, as tending to establish that the [defendant] hotel's management knew or should have known of the volatile nature of the labor protest. The proffer was admissible for this purpose. See, e.g., Price v. Rochford, 947 F.2d 829, 833 (7th Cir. 1991) (deeming newspaper articles admissible because plaintiff "did not offer the articles to

2

prove that he was in bankruptcy, only that he was <u>reported</u> to have been in bankruptcy") (emphasis in original); <u>see generally</u> Fed. R. Evid. 801(c) (defining hearsay as "a statement . . . offered in evidence to prove the truth of the matter asserted").

<u>Id.</u>; <u>see also</u> <u>United States v. Cruz-Diaz</u>, 550 F.3d 169, 176 (1st Cir. 2008) (citing <u>United States v. Bailey</u>, 270 F.3d 83, 87 (1st Cir. 2001) in which the court noted that a statement "offered to show the effect of the words spoken on the listener (<u>e.g.</u>, to supply a motive for the listener's action") is not hearsay).

The conclusion that the media reports would not be hearsay is not inconsistent with the First Circuit's decision on which respondent's objection relies because in that case the court found that a newspaper article was "hearsay, inadmissible at the trial to establish the truth of the reported facts." <u>Horta v. Sullivan</u>, 4 F.3d 2, 8 (1st Cir. 1993).

On August 28, 2025, pursuant to paragraph 3 of the Order, respondents also filed, <u>ex parte</u> and under seal, unredacted copies of emails that had been redacted solely on an asserted deliberative process privilege. Dkt. Nos. 724, 724-1. Applying the principles explained in paragraph 3 of the Order, the court finds that the deliberative process privilege does not protect the emails from disclosure and that they include

some statements about which petitioner's counsel may have questioned the ICE witnesses if the September 3, 2025 hearing was not being cancelled.

On August 28, 2025, respondents also filed a Supplemental Declaration of Deputy Field Office Director Charpentier. See Dkt. Nos. 726 and 726-1.

Finally, on August 28, 2025, petitioners and respondents filed a Joint Stipulation and Notice of Withdrawal Regarding Petitioner's Motion to Enforce Settlement Agreement (Dkt. No. 725) (the "Stipulation"). Pursuant to the Stipulation, Mr. Batista was released from custody. Id. at 1, n.1. In addition, ICE agreed, among other things, that it would "not re-arrest, detain, or attempt to remove Mr. Batista unless he is charged with a new criminal offense filed after August 28, 2025, relating to alleged criminal conduct not previously known to ICE that reflects a threat to public safety or national security." Id. at 1. As the Stipulation resolves all matters in dispute with respect to Mr. Batista, the parties jointly request that the court deem the pending motion to enforce withdrawn or deny it as moot, and not conduct the hearing scheduled to begin on September 3, 2025.

The court is granting this requested relief and retaining jurisdiction to enforce the provisions of the Stipulation regardless of whether Mr. Batista remains a

4

member of the class in this case. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994) (holding that a United States District Court may retain jurisdiction to enforce the provisions of a private settlement agreement even if it dismisses the litigation that the settlement resolves); Disability Law Center v. Massachusetts Dep't of Corr., 960 F. Supp. 2d 271, 274, 278-79 (D. Mass. 2012) (same).

In view of the foregoing, it is hereby ORDERED that:

1. The Motion to Enforce the Settlement Agreement (Dkt. No. 690) is DISMISSED AS MOOT.

2. The hearing scheduled to begin on September 3, 2025 is CANCELLED.

3. Pursuant to Fed. R. Civ. P. 41(a)(2) this court shall retain jurisdiction to enforce the provisions of the Stipulation regardless of whether Mr. Batista continues to be a member of the class in this case.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE