UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ and LUIS GORDILLO, et al., <br><br> Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Defendants-Respondents. | No. 18-cv-10225-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                          September 16, 2025

John A. Hawkinson has filed a Motion to Intervene for the Limited Purpose of Unsealing Lobby Conference Transcripts. Dkt. No. 682. Mr. Hawkinson also filed a Motion to Unseal Lobby Conference Transcripts (Dkt. No. 685) and a supporting memorandum (Dkt. No. 683) (together the "Motion to Unseal").[1] Mr. Hawkinson represented that Plaintiffs-Petitioners have no opposition to the Motion to Unseal. Dkt. No. 682 at 1. The Defendants-Respondents filed a Response in Opposition to the Motion to Unseal. Dkt. No. 689. Mr. Hawkinson filed a reply. Dkt. No. 697.

---

[1] Mr. Hawkinson also filed a Motion to File Electronically (Dkt. No. 684), which is now moot.

Mr. Hawkinson's Motion to Intervene for the limited purpose of seeking unsealing is being allowed. For the reasons discussed below and in the Government's Opposition, and the Motion to Unseal is being denied.

I.  LEGAL STANDARDS

"Courts have long recognized that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." United States v. Kravetz, 706 F.3d 47, 52 (1st Cir. 2013) (citing In re Providence Journal, 293 F.3d 1, 9 (1st Cir. 2002) (quoting Siedle v. Putnam Inv., Inc., 147 F.3d 7, 10 (1st Cir. 1998))). "This recognition is embodied in two related but distinct presumptions of public access to judicial proceedings and records: a common-law right of access to 'judicial documents,' and a First Amendment right of access to certain criminal proceedings and materials submitted therein." Id.

The First Amendment establishes certain rights in criminal proceedings. See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 (1980); Courthouse News Serv. v. Quinlan, 32 F.4th 15, 20 (1st Cir. 2022). Whether the First Amendment requires disclosure of "judicial documents" turns on "experience and logic." See id. at 53-55 (citing Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8-9 (1986)). Courts consider whether the judicial records at issue "have historically been open to the press and general public"

and "whether public access plays a significant positive role in the functioning of the particular process in question." See id.

As the First Circuit has written concerning the common-law right:

> In <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589 (1978), the Supreme Court acknowledged that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." <u>Id.</u> at 597 (footnotes omitted). The privilege extends, in the first instance, to "materials on which a court relies in determining the litigants' substantive rights." <u>Anderson v. Cryovac, Inc.</u>, 805 F.2d 1, 13 (1st Cir. 1986).

<u>F.T.C. v. Standard Fin. Mgmt. Corp.</u>, 830 F.2d 404, 408 (1st Cir. 1987). This means that, under the common law, "the presumption that the public has a right to see and copy judicial records attaches to those documents which properly come before the court in the course of an adjudicatory proceeding and which are relevant to the adjudication." <u>Id.</u> at 412-13; <u>see also</u> <u>Anderson</u>, 805 F.2d at 13; <u>Kravetz</u>, 706 F.3d at 56 (A "judicial record" is a document "submitted by the parties to aid in the adjudication" of an issue before the court that is "meant to impact the court's disposition of substantive rights.").

"[T]he right to inspect and copy judicial records is not absolute." <u>Nixon</u>, 435 U.S. at 598; <u>see also</u> <u>Standard Fin. Mgmt. Corp.</u>, 830 F.2d at 410. "Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat

3

access." Seidle, 147 F.3d at 10 (citing Standard Fin. Mgmt. Corp., 830 F.2d at 410).

"This presumption is more easily overcome than the constitutional right of access; when the first amendment is not implicated, '[t]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" Anderson, 805 F.2d at 13 (quoting Nixon, 435 U.S. at 597, and citing In re Reporters Committee for Freedom of the Press, 773 F.2d 1325, 1340 (D.C. Cir. 1985) (trial court's "eminently reasonable action" unquestionably lawful "[i]n the absence of some overriding constitutional command to provide access"), and McCoy v. Providence Journal Co., 190 F.2d at 765 ("[t]raditionally, courts have exercised the power to impound their records when circumstances warranted such action")).

II. DISCUSSION

Mr. Hawkinson, who describes himself as a "freelance news reporter writing for Cambridge Day," requests, pursuant to Fed. R. Civ. P. 5.2(d), that the court unseal the transcripts of seven lobby conferences based on the common law right to judicial records and the First Amendment. See Dkt. No. 683. Among other things, Mr. Hawkinson notes that some of the lobby conference attendees, particularly Todd Lyons, currently the Acting Director of Immigration Customs and Enforcement, are now in prominent

4

positions in the current administration, and that "the public deserves access to this case to better understand the Government's policy choices, actions and enforcement priorities with respect to immigration policy." Id. at 1-2.

Mr. Hawkinson has not made the required showing that the common law presumption applies to the transcripts at issue. Those transcripts do not contain the record of any judicial decisions, all of which are a matter of public record. Nor do the transcripts contain legal argument or discussion of evidence to "aid in the adjudication" of an issue before the court or that was meant to impact the court's disposition of "the litigant's substantive rights." Kravetz, 706 F.3d at 56.

Rather, the sealed transcripts of the lobby conferences contain discussions primarily concerning scheduling. In the course of discussing scheduling, the court directed the parties to confer to narrow the issues for the court to decide, including urging the parties to confer regarding the scope of discovery, the issues to be briefed, and what witnesses and evidence would be necessary. There is also some discussion regarding the conditions for release of particular Petitioners, whose names were not to be disclosed pursuant to the Protective Order in this case. The transcripts relate to the court's role in management of the proceedings, which, unlike "judicial records" "play[s] no role in the adjudication process." Id. at 54 (distinguishing "judicial records" from

materials that "relate merely to the judge's role in management of the trial").

Moreover, even if the transcripts are "judicial records," the court's interest in encouraging frank and candid discussions among the parties to narrow the issues before the court outweighs any public right to disclosure in this case.

As indicated earlier, the First Amendment guarantees to the public "the right to attend criminal trials," see Richmond Newspapers, Inc., 448 U.S. at 580. "Neither [the First Circuit] nor the Supreme Court has recognized any right under the First Amendment of access to documents filed in civil cases." Courthouse News Serv., 32 F.4th at 20. However, the First Circuit has indicated that "there is a qualified First Amendment right in the public to access to newly filed complaints." Id. There may be First Amendment right of public access to additional documents in civil cases. See id. at 20 n.8. However, assuming without deciding that such a right exists, it is outweighed by the considerations that have persuaded the court that the common law presumption of public access in civil cases does not give Mr. Hawkinson a right to the transcripts at issue in this case.

In view of the foregoing, it is hereby ORDERED that:

1. The Motion to Intervene for the Limited Purpose of Unsealing Lobby Conference Transcripts (Dkt. No. 682) is ALLOWED.

6

2.  The Motion to Unseal Lobby Conference Transcripts (Dkt. No. 685) is DENIED.

3.  The Motion to File Electronically (Dkt. No. 684) is DENIED as MOOT.

                                   /s/ Mark L. Wolf
                                   UNITED STATES DISTRICT JUDGE