UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*,

Individually and on behalf of all others similarly situated,

    Plaintiffs-Petitioners,

v.

KRISTI NOEM, *et al.*,

    Defendants-Respondents.

No. 18-cv-10225-PBS

**MEMORANDUM IN SUPPORT OF PETITIONER
MIGUEL ANGEL COELLO FARFAN'S
<u>MOTION TO ENFORCE SETTLEMENT AGREEMENT</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND ..................................................................................................................2

III. PROCEDURAL HISTORY ..................................................................................................4

    A. The Class Action and Settlement Agreement ...........................................................4

    B. Attempts to Resolve this Dispute...............................................................................6

IV. DISCUSSION .......................................................................................................................7

V. CONCLUSION .....................................................................................................................9

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Disability L. Ctr. v. Mass. Dep't of Corr.*,
    960 F. Supp. 2d 271 (D. Mass. 2012) ....................................................................................... 5

**Federal Statutes**

8 U.S.C. § 1225(b)(1)(A) ............................................................................................................... 8

28 U.S.C. § 1651(a) ....................................................................................................................... 2

**Regulations**

8 C.F.R. § 212.7(e)(4) ................................................................................................................ 4, 8

**Other Authorities**

Federal Rule of Civil Procedure 23(b)(2) ...................................................................................... 4

Federal Rule of Civil Procedure 23(e)(2) ...................................................................................... 5

I.     INTRODUCTION

Counsel for Mr. Miguel Angel Coello Farfan ("Mr. Coello") brings this motion to enforce the Settlement Agreement in this case on behalf of class member Miguel Angel Coello Farfan. The Settlement Agreement requires that, before Immigrations and Customs Enforcement ("ICE") may take an enforcement action against a class member, ICE must consider the individualized facts specific to each class member's case and determine, in good faith, that the class member ***currently poses*** a threat to public safety or national security. ECF No. 654-1 at 4-5. In cases involving criminal history that is followed by years of rehabilitation, that good-faith decision-making cannot consist of simply pointing to the old criminal conduct and assuming that someone who was once charged and/or convicted of particular offenses poses a threat ***today***. But that is what appears to be occurring.

In the case of Mr. Coello, ICE has determined that he poses a threat to public safety and decided to remove him based on a conviction from 2014, for which Mr. Coello received a full and absolute pardon by the State of Connecticut. Ex. C at 85. Mr. Coello submitted extensive documentation regarding his contributions and connection to the community. *See* Ex. B, C. Even after the meet-and-confer process was initiated under the Settlement and ICE was provided additional evidence of Mr. Coello's situation including information about the pardon process, which ICE had requested, ICE declined to release Mr. Coello. Ex. A at 5.

With regard to Mr. Coello, the evidence before ICE shows that he is dedicated to his work, his faith, and his family. Because ICE's decision to remove him does not reflect good-faith decision-making based on individual facts as required under the Settlement Agreement, the Court should order Mr. Coello's release and enjoin further enforcement action against him unless it is based on new evidence that he poses a threat to public safety or national security. Counsel additionally requests that the Court order that Mr. Coello not be moved from

1

Massachusetts pending resolution of this motion to enforce. *See* 28 U.S.C. § 1651(a); *see also, e.g.*, ECF No. 32.

II.     BACKGROUND

Mr. Coello has lived in Connecticut with his family for the past 22 years. Ex. B at 24. In 2009, Mr. Coello was arrested after allegations were made against him. *Id*. Mr. Coello has maintained his innocence of this allegation. *Id.* In a statement submitted to ICE, Mr. Coello states that his sister-in-law asked for money in exchange for dropping the allegation. *Id.* Mr. Coello's wife corroborated this account. Ex. B at 27. Mr. Coello refused to pay. *Id.* at 24. He was found guilty of the charges on April 15, 2010, and sentenced to jail. After serving 26 months in jail, his case was overturned on appeal. *Id.*

Mr. Coello subsequently accepted a plea to lesser charges in February 2014. *Id.* In April 2024, the State of Connecticut granted Mr. Coello a full and absolute pardon. Ex. C at 85. The attorney that represented Mr. Coello in his pardon proceedings stated that it is very rare for the Connecticut Board of Pardons to grant pardons in cases involving sexual offenses, and exceedingly rarer for the Board to grant a pardon in the case of an individual who had a prior sex related conviction and steadfastly denied committing the offense. Ex. B at 43. The Connecticut Board of Pardons believed that Mr. Coello "was not a danger to the community, but a proven asset to his family, colleagues, and community at large." *Id.*

In August 2025, Mr. Coello was detained by ICE and transferred to the Strafford County Department of Corrections, where he remains to date. On September 23, 2025, counsel for Mr. Coello submitted a packet of documents to counsel for the Department of Homeland Security ("DHS") via email requesting to file a Joint Motion to Reopen in this case. On October 11, 2025, a supplemental request with additional documents was sent to the JMTR email address and

2

Hartford DHS counsel via email. That request remains pending.

Letters submitted to ICE show that his family has suffered emotionally since his detention and would struggle considerably if he were removed. Ex. B, C. On October 23, 2025, ICE informed Class Counsel of its intent to remove Mr. Coello and on October 27, 2025, Class Counsel initiated the Calderon Settlement Agreement conflict resolution procedures. Ex. A at 16-17. Counsel for the Government indicated they would consider additional documentation regarding Mr. Coello's innocence of the underlying events that had led to his prior conviction, and they requested more information regarding how the Connecticut Board of Pardons made their decision.

The Parties agreed to a 2-week time period for Mr. Coello to gather and submit new documentation. The new packet of information was submitted on November 14, 2025. Ex. B at 9. This packet contains a letter from Mr. Coello's pardon attorney explaining the Mr. Coello's pardon proceedings; a letter from Mr. Coello's sister-in-law stating that she does not think Mr. Coello should be deported and she does not oppose a pardon, additional letters from Mr. Coello's family, a statement from Mr. Coello, Mr. Coello's pardon application, and additional community support letters. Ex. B at 39. On November 24, 2025, counsel for the Government indicated that ICE had declined to change their decision to remove Mr. Coello, thereby implying that they still consider Mr. Coello a threat to public safety. Though a request was made for ICE to provide their reasoning, Petitioner's counsel has not yet received any update on why they made this decision. Ex. A.

Petitioner's counsel had requested ICE provide notice of its intent to remove Mr. Coello following ICE's review of the additional documentation, but ICE has not agreed to provide Mr. Coello or his counsel with notice. Ex. A at 4-6. For this reason, Petitioner's counsel is filing this motion urgently, the same day that ICE rendered their decision, to respectfully request Mr.

3

Coello not be transferred out of this jurisdiction while the Court reviews his request.

## III.    PROCEDURAL HISTORY

### A.    The Class Action and Settlement Agreement

This case began in February 2018 with a petition for writ of habeas corpus by named plaintiff Lilian Calderon, who was arrested at a USCIS office where she had appeared for her I-130 interview with her U.S. citizen husband.  *See* ECF No. 1.  The case became a putative class action in April 2018, and on May 17, 2019, the Court certified the following class under Federal Rule of Civil Procedure 23(b)(2) for the purpose of Counts One, Three, and Four of the complaint: "Any United States citizen and his or her noncitizen spouse who: (1) has a final order of removal and has not departed the United States under that order; (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative, filed by the United States citizen spouse; (3) is not 'ineligible' for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi); and 4 is within the jurisdiction of Boston Immigration and Customs Enforcement - Enforcement and Removal Operations ('ICE-ERO') field office (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine)." ECF No. 677 at 2-3.[1]  This same class definition applies to the Settlement Agreement.  ECF No. 654-1 at 2.

On January 16, 2025, this Court approved the Parties' proposed Settlement Agreement after finding it to be fair, reasonable, and adequate in accordance with Rule 23(e)(2).  ECF No. 677 at 4.  The Court retained jurisdiction to enforce the provisions of the Settlement Agreement. *Id*. at 5-6 (citing *Disability L. Ctr. v. Mass. Dep't of Corr.*, 960 F. Supp. 2d 271, 274, 278-79 (D. Mass. 2012)).

Section III(E) of the Settlement Agreement states that "[a]ny decision to arrest, initially

---

[1] For Count Two of the complaint, the Court certified a sub-class not relevant to the dispute here. The relief provided in the Settlement Agreement is the same for all class members, regardless of membership in this sub-class.

detain, or continue to detain a Noncitizen Class Member, including those Noncitizen Class Members who are discovered to be Noncitizen Class Members after their initial detention decision, shall be approved by a [Deputy Field Office Director ("DFOD")]-level Officer after the consideration and the determination required by Section III(A)." ECF No. 654-1 at 5. Similarly, a decision to remove a class member also requires approval by a DFOD-level officer "after providing the consideration and making the determination required by Section III(A)." *Id.* Section III(A), in turn, requires Boston ICE ERO, before taking an enforcement action, to both (a) consider the noncitizen class member's I-130 petition and their eligibility to file Forms I-212 and I-601A, and (b) "determine[e], ***in good faith*** and based on the facts in the Noncitizen Class Member's case, that the Noncitizen Class Member ***poses a threat to public safety or threat to national security***." *Id*. at 4-5 (emphasis added). This consideration must be made "at each Enforcement Action for a known Class Member," which includes the initial arrest, decisions to continue detention, and the decision to remove a class member. *Id*. at 2-5.

B.     Attempts to Resolve this Dispute

Under the Conflict Resolution Procedures outlined in Section VI(C) of the Settlement Agreement, class counsel have raised and discussed concerns with Respondents about ICE's determinations with respect to Mr. Coello. Negotiations were not successful, as ICE has indicated it has declined to change its decision with respect to Mr. Coello. Ex. A.

IV.    DISCUSSION

Rather than make a good-faith and individualized determination of ***current*** threat to public safety, ICE has evidently made a determination that Mr. Coello automatically poses a danger merely because of his past criminal charges, regardless of the age of those charges, his full and absolute pardon, and his demonstrated family and community support. In doing so, the Government has failed to meet its obligations under Section III(A) of the Settlement Agreement

5

to individually consider "the facts in the Noncitizen Class Member's Case." ECF No. 654-1 at 4.

Mr. Coello received a full pardon from the State of Connecticut and thus has zero criminal history. The documents he submitted demonstrate that Mr. Coello does not pose a threat to public safety. Mr. Coello has lived in the United States since 1993 and has gained a large support network in his community. His children express their full support of their father and testify that their father has been an active and invaluable support to them throughout their lives. Ex. B, C. Both children live in New England and are anxiously awaiting their father's return home. *Id.* His wife has stood by his side and expresses her unwavering support. *Id.* Mr. Coello submitted evidence including his pardon application and a letter from the attorney who represented him at his pardon hearing.

Mr. Coello's pardon attorney explains that he has been an attorney for 50 years and has represented many people on pardon matters. *Id.* He explains that before agreeing to take on a pardon request case, he does extensive research into the underlying events that occurred and will only take a case if he believes, in good faith, that the person has a realistic chance of succeeding. *Id.* The attorney explains that in his review of Mr. Coello's case, he found that although Mr. Coello accepted the misdemeanor disposition, there was no formal acknowledgment of the accuracy of factual allegations, yet the court still accepted the plea agreement. *Id.*

The attorney states that the Connecticut Board of Pardons has only granted pardons in cases involving sexual offenses in the "rarest occasions", and even rarer, when an individual denies committing the offense. *Id.* Mr. Coello steadfastly denied the underlying charges in his pardon application, yet the CT Board of Pardons "obviously believed that the man appearing before them in 2024 was not a danger to the community, but a proven asset to his family, colleagues, and community at large." *Id.*

These facts are not indicative of a good-faith determination that Mr. Coello **currently**

6

poses a threat to public safety or national security. On the contrary, the facts before ICE support the opposite conclusion. The only reasonable inference is that, in deciding to pursue Mr. Coello's removal, ICE has determined that his past criminal charges automatically render him a danger irrespective of anything that Mr. Coello has done since that time. The Settlement Agreement does not permit such a blanket determination. Instead, it requires ICE to make a "good faith" determination of whether Mr. Coello *currently* poses any threat, based on the facts *specific* to his case. See ECF No. 654-1 at 4-5. Those facts show that he is a father, husband, and diligent businessman and worker who does not have a criminal conviction on his record. And because ICE has not acted based on good-faith consideration of these facts, the Settlement Agreement authorizes this Court to enter appropriate remedies, including release from detention. See ECF No. 654-1 at 6-7.

## V. CONCLUSION

For the foregoing reasons, counsel respectfully requests that this Court enforce the Settlement Agreement as to Mr. Coello, order the Government to release him from ICE custody so that he can be reunited with his U.S. citizen spouse, U.S. citizen children, and community, and enjoin any further enforcement action against him unless it is based on new evidence that he poses a threat to public safety or national security. Counsel also requests that, pending resolution of this motion, the Court order that Mr. Coello not be moved outside of the jurisdiction of Boston ERO. Due to the urgent nature of this filing, counsel will supplement the record with additional arguments in its reply brief.

Respectfully Submitted this 24th day of November, 2025.

*Counsel for the Petitioner*

/s/ *Rachel Lerman*
Clinical Fellow
Medical-Legal Partnership Clinic
Yale Law School
127 Wall Street
New Haven, CT 06511
Email: rachel.lerman@yale.edu
Phone: (203) 903-1505

*Awaiting pro hac vice admission*

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

  Pursuant to Local Rule 7.1, the undersigned certifies that counsel for Petitioner Miguel Angel Coello Farfan conferred with counsel for Respondents and attempted in good faith to narrow or resolve the issues that are subject of this motion to enforce the Settlement Agreement. Specifically, the Parties have followed the Conflict Resolution Procedures outlines by Section VI(C) of the Settlement Agreement but have been unable to resolve their disputes with respect to Mr. Coello.

Dated: November 24, 2025

/s/ *Rachel Lerman*
Clinical Fellow
Medical-Legal Partnership Clinic
Yale Law School
127 Wall Street
New Haven, CT 06511
Email: rachel.lerman@yale.edu
Phone: (203) 903-1505