## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*,

Individually and on behalf of all others similarly situated,

      Plaintiffs-Petitioners,

    v.

KRISTI NOEM, *et al.*,

      Defendants-Respondents.

No. 18-cv-10225-PBS

## MOTION TO RECONSIDER SCHEDULUING ORDER REGARDING MR. COELLO'S MOTION TO ENFORCE (ECF NO. 749)

On November 24, 2025, Plaintiffs moved to enforce the Settlement Agreement on behalf of Mr. Coello. ECF No. 748. In their motion, they requested that this Court expedite the briefing schedule and require Defendants respond to the motion by December 3, 2025. *Id.* This Court granted their request. ECF No. 754. Defendants now move to reconsider the Court's order and request until December 9, 2025, to respond to Plaintiff's motion. For the reasons that follow, Defendants' motion is supported by good cause and will aid in this Court's resolution of this matter. *See Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22-23 (1st Cir. 1985) (Breyer, J.) (noting a court's inherent power to provide relief from its decisions "as justice requires").

1. Plaintiffs did not confer with counsel for Defendants regarding their request to expedite the briefing schedule as required by Local Rule 7.1. This request further surprised undersigned counsel for the government because she was still discussing counsel for Mr. Coello's request that ICE agree to a temporary stay of removal while they moved to enforce the

Settlement Agreement with Immigration and Customs Enforcement (ICE). Historically, the parties have worked together to agree to a briefing schedule that allowed each party sufficient time to appropriately brief the issues presented to the Court. *See* ECF Nos. 700, 746.

2. Undersigned counsel for the government will be out of the country beginning on November 27, 2025, and will not return to the office until December 8, 2025.

3. Counsel for the government must respond to another motion to enforce on behalf of two other class members by December 12, 2025.

4. Several employees of ICE, including the primary attorney for ICE assigned to this case and the Deputy Field Office Director (DFOD) who made the decision in Mr. Coello's case, with whom counsel for the government needs to confer regarding this motion are on leave beginning November 26, 2025 and will not return to the office until December 1, 2025.

5. Mr. Coello's motion alleges that ICE has not determined in good faith that Mr. Coello is a public safety risk. ECF No. 749. However, ICE informs undersigned counsel that the DFOD has carefully considered the facts in Mr. Coello's case and determined that he poses a public safety risk.[1] *See* Exhibit A. Undersigned counsel is further informed that the DFOD made this decision after considering several packets of information submitted by Mr. Coello's counsel. ECF No. 749. Indeed, although not required by the Settlement Agreement, ICE agreed to voluntarily stay Mr. Coello's removal while it allowed counsel to submit *additional* evidence on Mr. Coello's behalf responding to ICE's description of

---

[1] As of the time of this filing, the government has not received a copy or sufficient description of the exhibits Mr. Coello has sought to file under seal to determine what those documents are. Defendants have therefore filed a redacted copy of Exhibit A in the event this exhibit is one of Plaintiffs' sealed exhibits.

the reasons it intended to remove Mr. Coello (Exhibit A). Therefore, contrary to Mr. Coello's allegations, the DFOD has carefully considered Mr. Coello's case on multiple occasions and determined that he is a public safety risk. The DFOD would like sufficient time to draft a comprehensive declaration in support of Defendants' opposition to Mr. Coello's motion explaining his good faith decision to this Court.

6. Allowing the government until December 9, 2025 (a one-day extension under the Local Rule 7.1) to respond to this motion is not only reasonable, but will aid in this Court's resolution of this motion.

7. This brief extension will not prejudice Mr. Coello because this Court has ordered that he not be removed while this motion is pending. ECF No. 752.

8. Pursuant to Local Rule 7.1 Defendants have conferred with counsel for Mr. Coello who had indicated they oppose this motion.

For the foregoing reasons, Defendants respectfully request that this Court reconsider its order requiring Defendants to respond to Mr. Coello's motion to enforce by December 3, 2025 and allow Defendants up to and including December 9, 2025 to respond to Mr. Coello's motion.

Respectfully submitted this 25th day of November, 2025.

| | |
|---|---|
| BRETT A. SHUMATE<br>Acting Assistant Attorney General<br><br>ELIANIS N. PEREZ<br>Assistant Director | /s/ *Mary L. Larakers*<br>MARY L. LARAKERS<br>Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 353-0396<br>(202) 305-7000 (facsimile)<br>Mary.l.larakers@usdoj.gov |

## **LOCAL RULE 7.1 CERTIFICATION**

I, Mary Larakers, certify that pursuant to L.R. 7.1(a)(2), counsel for Defendants conferred with counsel for Plaintiffs, who oppose this motion.

                                                  /s/ *Mary L. Larakers*
                                                  Mary L. Larakers
Dated: November 25, 2025                Senior Litigation Counsel