UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
LILIAN PAHOLA CALDERON JIMENEZ and )
LUIS GORDILLO, et al.,          )
individually and on behalf of all )
others similarly situated,      )
                                )     Civil Action
        Plaintiffs-Petitioners, )     No. 18-cv-10225-PBS
                                )
v.                              )
                                )
KRISTI NOEM, et al.,            )
                                )
        Defendants-Respondents. )
_____ )
```

**ORDER**

January 23, 2026

Saris, J.

Class counsel has moved to enforce the class action settlement agreement in this case on behalf of Gilberto Alves da Silva. Class counsel argues that the settlement agreement bars Mr. da Silva's removal from the United States while his joint motion to reopen and dismiss his removal proceedings ("JMTR") is pending in immigration court. Class counsel also asserts that Defendants have violated the settlement agreement's reporting provision. After hearing, the Court allows the motion with respect to Mr. da Silva's removal and reserves ruling with respect to the reporting provision.

The class action settlement agreement was approved on January 16, 2025, by another judge of this Court who has since retired.

1

The agreement settled claims that Defendants were unlawfully removing certain noncitizen spouses of U.S. citizens who were trying to obtain lawful permanent residence through a process authorized by statute and regulation that allowed the noncitizens to primarily remain in the United States. The settlement agreement defines the class to include:

> any noncitizen spouse of a U.S. citizen who (1) has a final order of removal and has not departed the United States under that order, (2) is the beneficiary of a pending or approved I-130, Petition for Alien Relative filed by the U.S. citizen spouse, (3) is not ineligible for a provisional waiver under 8 C.F.R. § 212.7(e)(4)(i) or (vi), and (4) resides or is detained within the jurisdiction of [U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations in Boston ("Boston ERO")] (comprising Massachusetts, Rhode Island, Connecticut, Vermont, New Hampshire, and Maine).

Dkt. 654-1 ¶ I(C).[1] Under the agreement, class members are protected from certain ICE enforcement actions unless ICE

---

[1] An I-130 petition is "a visa petition that a U.S. citizen or legal permanent resident may file on behalf of an alien relative as the first step in that relative's application for [lawful permanent residence]." Lee v. Barr, 975 F.3d 69, 72 (1st Cir. 2020). Once the I-130 petition is approved, the noncitizen generally must apply for an immigrant visa at a consular office abroad. See Teles de Menezes v. Rubio, 156 F.4th 1, 3-4, 4 n.2 (1st Cir. 2025). If a noncitizen who is in the United States unlawfully and has a final removal order leaves the country for consular processing, however, he would be ineligible for a visa on certain inadmissibility grounds. See 8 U.S.C. § 1182(a)(9)(A)-(B). The provisional waiver mechanism permits a noncitizen applying for an immigrant visa via this process to seek a waiver of some of these inadmissibility grounds while remaining within the United States, which, in turn, means that the noncitizen must travel abroad only briefly to secure his visa. See Jimenez v. Nielsen,

determines that a specific class member poses a threat to public safety or national security.

As relevant here, the settlement agreement also establishes a process for class members to eliminate their final removal orders via a JMTR before an immigration court or the Board of Immigration Appeals ("BIA"). Class members may submit a request that meets certain requirements to ICE's Office of the Principal Legal Advisor ("ICE OPLA") seeking ICE OPLA's consent to a JMTR. See Dkt. 654-1 ¶ II(B). The settlement agreement provides that:

> ICE OPLA attorneys who receive requests to join motions to reopen and dismiss will review each request on a case-by-case basis and will presumptively join motions to reopen and dismiss filed by Noncitizen Class Members who comply with the requirements in Section II(B) [for a JMTR request] and demonstrate they are prima facie eligible for either (a) consular processing utilizing the Form I-601A, or (b) adjustment of status. ICE OPLA attorneys may decline to join a motion to reopen for a Noncitizen Class Member who has met the requirements of this paragraph and II(B) if ICE determines, in its sole discretion based on an assessment of the totality of the facts and circumstances, that an individual (1) is a threat to public safety, typically because of serious criminal conduct; (2) is a threat to national security; or (3) has engaged in serious immigration benefit fraud or is a repeat immigration violator.

Id. ¶ II(A). A JMTR is the primary means by which many class members may eliminate their final removal orders because a JMTR is not subject to certain limitations on motions to reopen filed by a noncitizen alone. See 8 C.F.R. §§ 1003.2(c)(3)(iii),

---

334 F. Supp. 3d 370, 377-78 (D. Mass. 2018) (describing the provisional waiver process).

1003.23(b)(4)(iv). And without final removal orders, class members may more easily pursue lawful permanent residence as the spouse of a U.S. citizen while remaining primarily within the country.

Mr. da Silva, a citizen of Brazil and a class member, resides in Everett, Massachusetts. He has a final removal order entered in absentia by an immigration court in Texas. Mr. da Silva is married to a U.S. citizen, who filed a I-130, Petition for Alien Relative, on his behalf. U.S. Citizenship and Immigration Services approved that petition in December 2024.

On or about December 16, 2025, ICE detained Mr. da Silva while he was traveling in Florida and was stopped for speeding. Besides this speeding ticket, Mr. da Silva has no other criminal record. He is currently detained at the Florida Soft Side South Detention Facility in Ochopee, Florida, also known as "Alligator Alcatraz." On December 19, Mr. da Silva's attorney submitted a request pursuant to the settlement agreement seeking ICE OPLA's consent to a JMTR. ICE OPLA agreed to the request, and Mr. da Silva's JMTR was filed in immigration court on January 8, 2026.

It is undisputed that Mr. da Silva is a class member. The parties disagree, however, as to whether the settlement agreement permits the government to remove Mr. da Silva while his JMTR is pending in immigration court. Defendants argue that the settlement agreement imposes no bar on Mr. da Silva's removal because he was arrested and detained in Florida and the settlement agreement only

restricts ICE's removal of individuals within Boston ERO's jurisdiction. Class counsel disagrees, contending that ICE's removal of Mr. da Silva would vitiate his right under the settlement agreement to seek elimination of his removal order via a JMTR.

Federal common law governs the adjudication of a motion to enforce a settlement agreement in "a case like this one, arising under federal law and brought in federal court."[2] Commonwealth Sch., Inc. v. Commonwealth Acad. Holdings LLC, 994 F.3d 77, 85 (1st Cir. 2021). "[F]ederal common law incorporates general principles of contract . . . law." InterGen N.V. v. Grina, 344 F.3d 134, 144 (1st Cir. 2003); see Nault v. United States, 517 F.3d 2, 4 (1st Cir. 2008) (explaining that courts apply "the same basic rules that govern the interpretation of ordinary contracts" when construing a settlement agreement). Courts applying federal common law "are normally 'free to borrow from state law,' absent any conflict between federal interests and the borrowed state law." Commonwealth Sch., 994 F.3d at 85 (quoting McCarthy v. Azure, 22 F.3d 351, 356 (1st Cir. 1994)).

The Court concludes that the removal of a class member with a pending JMTR request before ICE OPLA or a pending JMTR in an immigration court or the BIA violates the settlement agreement's

---

[2] The settlement agreement in this case also contains a choice-of-law provision selecting federal law. See Dkt. 654-1 ¶ IX(I).

implied covenant of good faith and fair dealing, regardless of where the class member is arrested or detained within the United States. "Every contract imposes upon each party a duty of good faith and fair dealing in its performance . . . ." Restatement (Second) of Contracts § 205 (Am. L. Inst. 1981); see SMS Fin. Recovery Servs., LLC v. Samaritan Senior Vill., Inc., 142 F.4th 39, 48 (1st Cir. 2025). This duty "provides 'that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" Axis Ins. Co. v. Barracuda Networks, Inc., 160 F.4th 1, 10 (1st Cir. 2025) (quoting Anthony's Pier Four, Inc. v. HBC Assocs., 583 N.E.2d 806, 820 (Mass. 1991)). The implied covenant of good faith and fair dealing also requires "faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." Restatement (Second) of Contracts § 205 cmt. a; see SMS Fin., 142 F.4th at 48 (explaining that a breach of the implied covenant "occurs when one party violates the reasonable expectations of the other" (quoting Robert & Ardis James Found. v. Meyers, 48 N.E.3d 442, 449 (Mass. 2016))).

Allowing ICE to remove a class member with a pending JMTR request before ICE OPLA or a pending JMTR in immigration court or the BIA would destroy the class member's right to benefit from the JMTR provision in the settlement agreement. The purpose of the JMTR provision is to provide a mechanism for class members to

6

eliminate their final removal orders, thereby removing an obstacle to their pursuit of lawful permanent residence. Executing a class member's removal order while he is trying to use this mechanism to eliminate that same removal order plainly eviscerates the class member's ability to secure a benefit contemplated by the settlement agreement. The JMTR provision creates a justifiable expectation among class members that while one division within ICE is either considering joining or affirmatively supporting an effort to eliminate a removal order, a different division within ICE will not render that effort meaningless by executing that order.

Defendants' arguments to the contrary are unpersuasive. Their primary argument is that the parties intended the settlement agreement to protect class members from ICE enforcement actions only within Boston ERO's jurisdiction and that Mr. Da Silva chose to relinquish that protection when he voluntarily traveled to Florida. The Court takes no position on whether the settlement agreement limits ICE's authority to arrest or detain class members outside of Boston ERO's jurisdiction, an issue class counsel has not raised in this motion. But the duty to consider class members' requests for, and to presumptively join, JMTRs under the settlement agreement is imposed on ICE OPLA generally and is not restricted to Boston ERO's jurisdiction. This national obligation undermines Defendants' argument that the settlement agreement offers no protection whatsoever outside of Boston ERO's jurisdiction. And

7

given that the clear purpose of the JMTR provision is to provide a mechanism for class members to eliminate their removal orders, the implied covenant of good faith and fair dealing imposes a broad obligation on Defendants not to undermine that process by simultaneously executing the removal orders.

The government also contends that the settlement agreement does not expressly require ICE to stay a class member's removal while he pursues a JMTR and that class counsel could have negotiated for such a term to be included in the agreement. While it is true that the implied covenant "cannot be used to 'create rights and duties not otherwise provided for in the existing contractual relationship,'" Axis Ins. Co., 160 F.4th at 10 (quoting Ayash v. Dana-Farber Cancer Inst., 822 N.E.2d 667, 684 (Mass. 2005)), "a party may breach the covenant of good faith and fair dealing without breaching any express term of that contract," Doe v. Brandeis Univ., 177 F. Supp. 3d 561, 612 (D. Mass. 2016). To protect class members' reasonable expectations and allow them to secure the fruits of the contract, the settlement agreement implicitly forbids ICE from removing a class member with a pending JMTR request before ICE OPLA or a pending JMTR in immigration court or the BIA.

Accordingly, da Silva's motion to enforce the settlement agreement (Dkt. 793) is **ALLOWED** with respect to his removal. Mr. da Silva shall not be removed from the United States while his

8

JMTR is pending in immigration court, unless the decision to remove him is based on new evidence that he poses a threat to public safety or national security. Defendants shall make efforts to expedite the resolution of Mr. da Silva's JMTR in immigration court. This order is without prejudice to Mr. da Silva moving for release from custody. The Court **RESERVES** ruling on the motion with respect to the reporting provision in the settlement agreement.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge