

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
District Court Section
(202) 353-0396
*Washington, D.C. 20044*

---

**VIA CM/ECF**                                      May 20, 2026

The Honorable Patti B. Saris
United States District Court, District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

     Re:    *Calderon Jimenez, et al. v. Mullin, et al.,* No. 1:18-cv-10225-PBS
             Oral Argument scheduled for May 22, 2026, at 11:00AM
             Response to Plaintiffs' April 14, 2026, Letter

Honorable Judge Saris:

Defendants-Appellants respectfully submit this response to Class Counsel's April 14, 2026, letter (ECF No. 825). In their letter, Class Counsel stated that the Settlement Agreement does not place the burden of proof on any party, rather it "relies on the Court to take the measures it deems appropriate to determine whether the Agreement has been violated as to a particular class member." ECF No. 825 at 1. Class counsel stated they "misspoke" in a previous hearing when class counsel stated that "Petitioners 'have the obligation to show a lack of good faith.'" *Id.* at n.1, ECF No. 785 at 28:22-23.

Plaintiffs were correct in their statement before this court (ECF No. 785 at 28:22-2): they carry the burden of proof. The Settlement Agreement provides that a class member "may move to enforce the terms of this Agreement through a Motion to Enforce, subject to the provisions in Section VI(A)." ECF No. 654-1 at 6-7. The Agreement provides the method by which enforcement of its terms may be brought in the U.S. District Court for the District of Massachusetts. *Id.* A party filing the motion ordinarily carries the burden of proof. *See* L.R.7.1(b)(1) ("A party filing a motion shall at the same time file a memorandum of reasons, including citations of

supporting authorities, *why the motion should be granted*.") (emphasis added). That the Agreement is silent on which party bears the burden of proof in a motion to enforce *brought by a class member* is inconsequential—the general rule plainly applies.

As to Plaintiffs' complaint that the motion before the Court "operates in an environment of information asymmetry", ECF No. 825 at 2, it has no bearing on who carries the burden of proof. In these motions to enforce, as in an action under the Administrative Procedure Act ("APA"), a movant challenges an agency action: the Deputy Field Office Director's ("DFOD") decision to remove the movant. In response, as in an action under the APA, the agency provides an administrative record on which this Court can make its determination. This process is sufficient and proportional to determining whether the DFOD made his decision in good faith.

Respectfully submitted,


BRETT A. SHUMATE
Assistant Attorney General

MATTHEW SEAMON
Assistant Director

MARY L. LARAKERS (Texas Bar # 24093943)
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 353-4419
(202) 305-7000 (facsimile)
mary.l.larakers@usdoj.gov

/s/ *Susan Ansari*
SUSAN ANSARI
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-5537
Susan.ansari2@usdoj.gov

2

## CERTIFICATE OF SERVICE

I, Susan Ansari, Trial Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Susan Ansari*
Susan Ansari

Dated: May 20, 2026                                            Trial Attorney