# EXHIBIT 1

application fee. Requests for re-parole will be determined on a case-by-case basis and parole is not guaranteed based on this Settlement Agreement. If the *Ms. L.* Settlement Class member or Qualifying Additional Family Member's re-parole request is approved, the applicant may apply for employment authorization pursuant to 8 C.F.R. § 274a.12(c)(11) to align with the period of re-parole. USCIS will also exempt the filing fee for one Form I-765 renewal application for employment authorization, with no fee waiver application required, based on a period of re-parole granted under this settlement for *Ms. L.* Settlement Class members and Qualifying Additional Family Members.

In cases where *Ms. L.* Settlement Class members' and Qualifying Additional Family Members' parole applications pursuant to this Settlement Agreement are denied by USCIS, USCIS will not use the denial of the parole application as the sole basis for referring the case for any enforcement action or issuance of an NTA. In all cases, USCIS will exercise its discretion on a case-by-case basis to determine whether issuance of an NTA or referral for enforcement action is necessary, weighing all aggravating and mitigating factors, including the harm caused by family separation.

2. *Further Immigration Relief*

DHS will create a single dedicated email inbox overseen by the Family Reunification Task Force, where certain immigration related requests can be sent, unless otherwise noted in the Settlement Agreement or in filing instructions provided by DHS.

a. Procedures for *Ms. L.* Settlement Class Members in the United States to Apply for Asylum with USCIS

The government will provide the opportunity for *Ms. L.* Settlement Class members who are in the United States to file affirmative asylum applications with USCIS and have those applications adjudicated or have preexisting affirmative asylum applications already filed with USCIS adjudicated, according to the following terms. USCIS will provide filing instructions for *Ms. L.* Settlement Class members consistent with the terms of this Settlement Agreement. *Ms. L.* Settlement Class members must comply with any such filing guidance and other procedures provided by USCIS. Asylum applications will be adjudicated on a case-by-case basis and approval of the application is not guaranteed based on this Settlement Agreement. USCIS retains its discretion to grant, deny, dismiss, or refer applications to EOIR under 8 U.S.C. § 1158, INA § 208; 8 C.F.R. § 208.14.

All properly filed and complete asylum applications filed by *Ms. L.* Settlement Class members with USCIS on or before the deadlines specified in Section IV.C.3., shall qualify for an extraordinary circumstances exception under 8 U.S.C. § 1158(a)(2)(D), INA § 208(a)(2)(D); 8 C.F.R. §§ 208.4(a)(5), 1208.4(a)(5) and will be found to have been filed within a reasonable period given the circumstances under 8 C.F.R. §§ 208.4(a)(5), 1208.4(a)(5) for purposes of the statutory one-year filing deadline requirement under 8 U.S.C. § 1158(a)(2)(B), INA § 208(a)(2)(B). The date USCIS receives the properly filed and complete asylum application is considered the date the asylum application is filed. 8 C.F.R. § 208.4(a)(2)(ii).

*Ms. L*. Settlement Class members may submit written requests for expedited processing of their asylum applications to the asylum office with jurisdiction over their asylum application, consistent with the guidance for making expedite requests for an asylum application at https://www.uscis.gov/forms/filing-guidance/how-to-make-an-expedite-request and https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling. Requests for expedited processing are considered on a case-by-case basis and in light of workload priorities. DHS will instruct the asylum offices to consider membership in the *Ms. L.* Settlement Class as a favorable factor in any requests to expedite the interview.

USCIS will provide training to all relevant Asylum Division staff, including Asylum Officers, Training Officers, Supervisory Asylum Officers (SAOs), and relevant operational staff, on the *Ms. L.* litigation and the terms of this Settlement Agreement, and will remind officers of the relevant lesson plans to consult on issues potentially specific or germane to *Ms. L*. Settlement Class members. Among other topics, this training will address the unique and continuing effects of the trauma of forced family separation, which may affect *Ms. L*. Settlement Class members' demeanor and/or the ability to recall traumatic facts during an asylum interview, CFI/RFI, and/or immigration court hearing. The guidance shall instruct that Asylum Officers should account for the unique trauma of family separation when assessing matters such as credibility and the level of detail and consistency it is reasonable to expect in an applicant's testimony.

The training will also include a summary of asylum statutes, regulations, and case law that may be relevant to potential *Ms. L*. Settlement Class members' claims, including those claims involving a fear of persecution connected to forced family separation by the U.S. Government through the Zero Tolerance Policy and its associated policies and practices. The training will include a reminder to officers that *Ms. L*. Settlement Class members may present claims based on any of the five statutorily protected grounds, including membership in a particular social group (PSG). Whether *Ms. L*. Settlement Class members can establish past persecution or a well-founded fear of future persecution on account of membership in a PSG will depend on the factual circumstances that exist in the *Ms. L*. Settlement Class member's country of citizenship and the *Ms. L*. Settlement Class member's specific circumstances. Consistent with asylum law, the determination of whether a *Ms. L*. Settlement Class member has been persecuted or has a well-founded fear of future persecution on account of membership in a PSG must be conducted on an individualized basis, based on the particular facts presented in each case.

Within 75 days of the filing of the motion for preliminary approval of the Settlement Agreement, USCIS will share the non-privileged portions of the training materials with Class Counsel, under any necessary protective orders. Class Counsel will then have 21 days to return comments and feedback on the training to the government. USCIS will take Class Counsel's comments and feedback into consideration in finalizing the training and will share a final copy of the non-privileged portions of the training materials with Class Counsel.

*Ms. L*. Settlement Class members' affirmative asylum applications will be reviewed by a centralized group of SAOs or Asylum Officers detailed as SAOs, prior to any denial or referral to EOIR. Such officers will receive the training described above. In addition, USCIS Asylum Division Headquarters will conduct randomized pre-service review on a subset of *Ms. L.* Settlement Class members' asylum application decisions (grants, denials, dismissals, and referrals

to EOIR) on a rolling basis and offer additional guidance and calibration sessions to the field as deemed appropriate following review of such cases.

USCIS will identify the affirmative asylum applications filed by *Ms. L.* Settlement Class members pending before USCIS as of the final approval of the settlement, including affirmative applications filed by *Ms. L.* Settlement Class members over whom USCIS has initial jurisdiction as an Unaccompanied Child pursuant to 8 U.S.C. § 1158(b)(3)(C), INA § 208(b)(3)(C). Adjudication of such pending asylum applications will be governed by the procedures for USCIS asylum adjudications set forth in the Settlement Agreement.

If USCIS denied or referred to EOIR a *Ms. L.* Settlement Class member's affirmative asylum application prior to the Effective Date, USCIS will reopen the asylum application following the *Ms. L.* Settlement Class member's request, subject to the deadlines specified in Section IV.C.3., and adjudicate the asylum application pursuant to the procedures for asylum adjudications set forth in this Settlement Agreement. This requirement does not apply to subsequent denials or referrals to EOIR of a *Ms. L.* Settlement Class member's affirmative asylum application if the application was adjudicated pursuant to the procedures set forth in this Settlement Agreement. This paragraph includes Unfiled NTAs; see further information in Section IV.C.2.e. below. If the NTA was filed and docketed with the immigration court, the procedures set forth in Section IV.C.2.b. below will apply; USCIS will reopen and adjudicate such an asylum application after the *Ms. L.* Settlement Class member requests reopening from USCIS only if EOIR has dismissed or terminated the INA § 240 removal proceedings, consistent with Section IV.C.2.c, below. Additional and specific provisions concerning *Ms. L.* Settlement Class members in particular removal postures are set forth below.

b. Dismissal or Termination, Recalendaring/Dismissal or Termination, and Reopening/Dismissal or Termination of INA § 240 Removal Proceedings for *Ms. L.* Settlement Class Members

All requests for DHS to join or, where applicable, non-oppose motions or appeals discussed in this subsection will be adjudicated on a case-by-case basis. DHS's decision whether to join or not oppose a motion may be influenced by information unknown to USCIS at the time of the parole adjudication or by the *Ms. L.* Settlement Class member's actions after he or she was granted parole by USCIS, if applicable. DHS will ensure that the email addresses or mailboxes to be used for the submission of requests for DHS to join or not oppose motions discussed in this subsection are posted on its public facing page on ICE.gov, and will reference the required information to be included when submitting such requests (e.g., identifying in the subject line that the noncitizen is a *Ms. L.* Settlement Class member). DHS will endeavor to prioritize its review and handling of any properly submitted request, subject to any staffing or resource constraints.

*Ms. L.* Settlement Class members requesting that USCIS reopen a previously denied or referred asylum application who are in INA § 240 removal proceedings, whose removal proceedings were not previously dismissed or terminated, may submit a request to the applicable ICE OPLA field location that DHS agree to the filing of a joint motion to dismiss or terminate or a joint motion to recalendar and dismiss or terminate the removal proceedings before the immigration judge or the Board of Immigration Appeals (BIA), where applicable. DHS will review

properly submitted requests on a case-by-case basis and agree to the filing of a joint motion to dismiss or terminate, or a joint motion to reopen and dismiss or terminate the INA § 240 proceedings without prejudice if DHS determines that such action is appropriate as a matter of prosecutorial discretion. When determining if prosecutorial discretion is appropriate, DHS will take into consideration the fact that the individual is a *Ms. L*. Settlement Class member and was granted parole. DHS's agreement to the filing of such motions will also be contingent on the *Ms. L.* Settlement Class member being neither potentially subject to nor having been found to be subject to a statutory bar to asylum pursuant to 8 U.S.C. § 1158(b)(2)(A)(i)-(v), INA § 208(b)(2)(A)(i)-(v) due to information unknown to USCIS at the time of the parole adjudication or by the *Ms. L.* Settlement Class member's actions after he or she was granted parole by USCIS. The immigration judge's grant of a joint motion to dismiss or terminate shall not reflect an adjudication on the merits of the *Ms. L.* Settlement Class member's removability.

For *Ms. L.* Settlement Class members who are in consolidated INA § 240 removal proceedings with Qualifying Additional Family Members, the request submitted to DHS that it agree to the filing of a joint motion to dismiss or terminate, a non-opposition or joint motion to recalendar and dismiss or terminate, or a joint motion to reopen and dismiss or terminate INA § 240 removal proceedings without prejudice may include Qualified Additional Family Members who are in the consolidated INA § 240 removal proceeding with the *Ms. L.* Settlement Class member. Any filings submitted to the Immigration Court must comply with EOIR, Imm Ct. Practice Manual, Ch. 5.1(a). To the extent the *Ms. L.* Settlement Class member's INA § 240 proceedings have a hearing date docketed before the immigration court before the deadlines set forth in Section IV.C.3, *infra*, DHS will review requests submitted no earlier than 90 days prior to the *Ms. L.* Settlement Class member's scheduled master calendar or merits hearing on a case-by-case basis. DHS will review requests submitted by all other *Ms. L.* Settlement Class members as soon as practicable. DHS will agree to join or not oppose the filing of a motion to dismiss or terminate, or a motion to recalendar and dismiss or terminate, or a motion to reopen and dismiss or terminate that includes the *Ms. L.* Settlement Class members' Qualifying Additional Family Members if DHS determines such action is appropriate as a matter of prosecutorial discretion. DHS's agreement or non-opposition to the filing of such motions will also be contingent on the *Ms. L.* Settlement Class member and Qualifying Additional Family Member being neither potentially subject to nor having been found to be subject to a statutory bar to asylum pursuant to 8 U.S.C. § 1158(b)(2)(A)(i)-(v), INA § 208(b)(2)(A)(i)-(v) due to information unknown to USCIS at the time of adjudication of the parole application or by the *Ms. L.* Settlement Class member's or Qualified Additional Family Member's actions after he or she was granted parole by USCIS. The immigration judge's grant of a joint motion to dismiss or terminate shall not reflect an adjudication on the merits of the *Ms. L.* Settlement Class member's or Qualifying Additional Family Member's removability.

The Immigration Court (or, in some instances, the BIA) has sole discretion whether to grant or deny such motions. The motion should explain that it is not in DHS's interest to continue the case, because the individual is a *Ms. L*. Settlement Class member, and that dismissal or termination is being sought under this Settlement Agreement. Should an immigration judge deny a motion to dismiss or terminate or reopen an order under this provision, DHS will consider, on a case-by-case basis, joining or not opposing a motion to the Immigration Court to reconsider the denial and/or filing a statement of non-opposition in any appeal to the BIA of such a denial. EOIR will advise

adjudicators about the terms of this Settlement Agreement as it concerns EOIR and in a manner that is consistent with the independent judgment and discretion exercised by immigration judges and appellate immigration judges.

*Ms. L.* Settlement Class members described in this Section who have a pending petition for review of their INA § 240 proceedings orders under 8 U.S.C. § 1252, INA § 242, should coordinate with Class Counsel and the Department of Justice ("DOJ") attorney assigned to the petition for review, to ensure that the relevant circuit courts of appeals can enter appropriate orders remanding or dismissing the petitions. The Government's expectation is that, absent unusual circumstances, DOJ will agree to a motion for remand or dismissal, if requested by the *Ms. L.* Settlement Class member.

Requests to DHS to join motions to dismiss or terminate, reopen and dismiss or terminate, or remand from the BIA and dismiss or terminate INA § 240 proceedings under this Settlement Agreement must be submitted in accordance with the deadlines specified in Section IV.C.3.

c. <u>Procedures for *Ms. L.* Settlement Class Members with Terminated or Dismissed INA § 240 Removal Proceedings Who Filed a Prior Asylum Application</u>

For those *Ms. L.* Settlement Class members:

i. Whose INA § 240 proceedings are terminated or dismissed;
ii. Who already filed an asylum application directly with EOIR or with USCIS that USCIS then referred or sent to EOIR (both referred to as a "prior asylum application"); and
iii. Who subsequently properly file a new complete asylum application with USCIS or request that USCIS reopen their prior asylum application subject to the deadlines specified in Section IV.C.3:

USCIS agrees:

- To use the initial filing date of the prior asylum application, as defined above, for purposes of affirmative asylum interview scheduling, and will apply the scheduling priorities in place at the time of scheduling.
- To use the initial filing date of the prior asylum application, as defined above, for adjudicating EAD applications filed under 8 C.F.R. § 274a.12(c)(8) (pending asylum applications), if the *Ms. L.* Settlement Class member seeks an initial or renewal (c)(8) EAD after the new asylum application has been completed and properly filed with USCIS or reopened by USCIS.
- To inform EOIR that the individual is a *Ms. L.* Settlement Class member and is entitled to any applicable relief under this Settlement Agreement when subsequently referring *Ms. L.* Settlement Class members' asylum applications to EOIR for adjudication in INA § 240 proceedings, if applicable.

*Ms. L.* Settlement Class members described in this subsection must comply with any specific filing guidance or reopening procedures provided by USCIS for both the asylum application and EAD application.

For purposes of this subsection, Section IV.C.2.c, the date USCIS receives the subsequent properly filed and complete asylum application or receives the request to reopen the prior asylum application is considered the date the asylum application is filed, or the date reopening is requested.

For purposes of verifying immigration status information for benefit-granting agencies, and notwithstanding USCIS's agreement above, the USCIS Systematic Alien Verification for Entitlements Program (SAVE) will not reflect that an asylum application is pending if a benefits-granting agency queries SAVE during the period between dismissal or termination of INA § 240 proceedings and the date when the *Ms. L.* Settlement Class member properly files or requests reopening of an asylum application with USCIS pursuant to this Settlement Agreement.

d. <u>Procedures For *Ms. L.* Settlement Class Members Who Are in Expedited Removal or Reinstatement Proceedings or Have Expedited or Reinstated Removal Orders</u>

Following the Effective Date, *Ms. L.* Settlement Class members who have:

i. Pending expedited removal proceedings or reinstatement proceedings (including those pending a credible fear determination or a reasonable fear determination from USCIS, and those in withholding-only proceedings under 8 C.F.R. § 1208.2(c)(2)(i)); or
ii. Final expedited removal orders or reinstated orders of removal (including those with a negative credible fear determination or negative reasonable fear determination from USCIS or such determination that was affirmed by EOIR)

may request the DHS component that issued the charging document or removal order to exercise its prosecutorial discretion to cancel the pending proceeding or rescind the removal order. DHS, upon conducting an individualized review, will grant the request if it determines that such action is appropriate as a matter of discretion and the *Ms. L.* Settlement Class member is neither potentially subject to nor been found to be subject to a statutory bar to asylum pursuant to 8 U.S.C. § 1158(b)(2)(A)(i)-(v), INA § 208(b)(2)(A)(i)-(v). DHS will ensure that the email addresses or mailboxes to be used for the submission of such requests are posted on its public facing websites, and will reference the required information to be included when submitting such requests (e.g., identifying in the subject line of the email that the noncitizen is a *Ms. L.* Settlement Class member). DHS will endeavor to prioritize its review and handling of any properly submitted requests, subject to any staffing or resource constraints.

For those *Ms. L.* Settlement Class members in withholding-only proceedings, upon rescission of the *Ms. L.* Settlement Class member's reinstatement order, DHS will file, not oppose, or join a motion to terminate such proceedings before the Immigration Court or BIA.

Upon rescission of the unexecuted reinstatement or expedited removal order, and, if applicable, termination of withholding-only proceedings, the *Ms. L.* Settlement Class member shall

have the opportunity to apply for asylum with USCIS pursuant to Section IV.C.2.a., above. *Ms. L.* Settlement Class members whose reinstated orders of removal have been rescinded may request that DHS join or not oppose a properly filed motion to reopen the prior removal order that served as the basis for the reinstated order and dismiss the removal proceeding in which that order was originally entered where: (1) the *Ms. L.* Settlement Class member was previously denied asylum in INA § 240 removal proceedings; (2) the *Ms. L.* Settlement Class member was not found to be subject to a statutory bar to asylum pursuant to 8 U.S.C. § 1158(b)(2)(A)(i)-(v), INA § 208(b)(2)(A)(i)-(v); (3) the prior asylum application was denied after the separation that renders the noncitizen a *Ms. L.* Settlement Class member occurred; and (4) DHS determines such action is appropriate as a matter of prosecutorial discretion. Requests will be adjudicated on a case-by-case basis, and approval or agreement may by affected due to information unknown to USCIS at the time of parole adjudication or actions since the individual was granted parole by USCIS.

e. Procedures for *Ms. L.* Settlement Class Members with an Unfiled NTA

USCIS will adjudicate asylum applications for *Ms. L.* Settlement Class members filed pursuant to the terms of this Settlement Agreement if USCIS has jurisdiction over the application pursuant to 8 C.F.R. § 208.2(a), notwithstanding the existence of an Unfiled NTA. However, *Ms. L.* Settlement Class members with an Unfiled NTA as of the Effective Date of the Settlement Agreement may request that the DHS component that issued the NTA exercise its prosecutorial discretion to cancel the NTA. The DHS component, upon conducting an individualized review, will grant the request and cancel the NTA if it determines that such action is appropriate as a matter of discretion and that the *Ms. L.* Settlement Class member is neither potentially subject to nor been found to be subject to a statutory bar to asylum pursuant to 8 U.S.C. § 1158(b)(2)(A)(i)-(v), INA § 208(b)(2)(A)(i)-(v). Cancellation of the NTA is not guaranteed and may be affected due to information unknown to USCIS at the time of parole adjudication under the terms of this Settlement Agreement or actions since the individual was granted parole, if at all, by USCIS.

f. Provision of Procedural Protections for *Ms. L.* Settlement Class Members in Pending 240 Removal Proceedings

EOIR will be advised concerning the rights of *Ms. L.* Settlement Class members under this Settlement Agreement as they pertain to EOIR. For *Ms. L.* Settlement Class members in INA § 240 removal proceedings who elect to proceed with their asylum claims in immigration court in lieu of seeking termination or dismissal of their removal proceedings under this Settlement Agreement, and who have pending asylum applications that were properly filed with the immigration court on or before the two years after their Settlement Class Member Confirmation Date, shall qualify for an extraordinary circumstances exception under 8 U.S.C. § 1158(a)(2)(D), INA § 208(a)(2)(D); 8 C.F.R. §§ 208.4(a)(5), 1208.4(a)(5) and will be found to have filed their asylum applications within a reasonable period given the circumstances under 8 C.F.R. §§ 208.4(a)(5), 1208.4(a)(5) for purposes of the statutory one-year filing deadline requirement under 8 U.S.C. § 1158(a)(2)(B), INA § 208(a)(2)(B).