**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| LILIAN PAHOLA CALDERON JIMENEZ, and LUIS GORDILLO, *et al.*,<br><br>Individually and on behalf of all others similarly situated,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Defendants-Respondents. | ) | No. 1:18-cv-10225-PBS |

**DEFENDANTS' STATUS REPORT**

On October 16, 2026, this Court ordered the Defendants to file a status report by October 23, 2026, providing this Court with the name of the agency that signed Ms. Nathalya Alves da Silva's Expedited Removal Order. The Court did so because although Plaintiff stated she had a final order of removal, she did not attach a signed, final expedited removal order to their motion to enforce. *See* ECF Nos. 841, 844-2. And, at the hearing on October 16, 2026, neither party knew what DHS entity signed the final order of removal alleged to exist.

Following the Court's order, Defendants asked the National Record Center to look for a completed Form I-850, Notice and Order of Expedited Removal in Ms. Alves da Silva A-file. The National Record Center informed Defendants the only Form I-850, Notice and Order of Expedited Removal they could find in the A-file is the one attached to Plaintiff's ECF No. 844-2 at Exh. A. Based on the following information, it appears that Ms. Alves da Silva does not have a final, expedited removal order or any other final removal order. The bottom portion of the Form I-860 titled "Order of Removal Under Section 235(b)(1)" would need to be filled out, indicating

supervisory concurrence, and proper service on the alien, which requires signatures by both the supervisory officer and the alien, for there to be a final removal order. *See* 8 C.F.R. §§ 235.15(b)(2)(i)(B), 235.3(b)(7). Therefore, it is Defendant's position that Ms. Alves da Silva does *not* have a removal order of any kind and is therefore not a Class Member.

On October 21, 2026, counsel for Defendants made class counsel aware of their position, based on their records check, that Ms. Alves da Silva does not have a final removal order. The parties then conferred on the impact of this discovery on Ms. Alves da Silva's motion to enforce. Given that this Court has indicated it does not intend to rule on this issue soon, the parties will continue to confer on Ms. Alves da Silva's status, despite it being apparent that she does not have a final removal order and is therefore not a Class Member.

The parties are conferring on the impact of this finding on the pending motion to enforce (ECF No. 841). It is Defendants' position based on their records check that Ms. Alves da Silva does not presently have a final order of removal, cannot be removed absent a final removal order, and is therefore not a Class Member at all.

Respectfully submitted this 23rd day of October, 2026.

BRETT A. SHUMATE
Assistant Attorney General

MATTHEW P. SEAMON
Assistant Director

MARY L. LARAKERS
Senior Litigation Counsel

/s/ *Susan Ansari*
SUSAN ANSARI
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-5537
Susan.ansari2@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Susan Ansari, Trial Attorney, hereby certify that this document is filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and further that paper copies will be sent to those indicated as non-registered participants.

/s/ *Susan Ansari*
Susan Ansari
Trial Attorney

Dated: October 23, 2026